# EXHIBIT B

AO 440 (Del Rev 10/01) Summons in a Civil Action

# United States District Court

_____   District of   _____**DELAWARE**_____

PRISM TECHNOLOGIES LLC,

                Plaintiff,

     v.

VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC.,
COMPUTER ASSOCIATES INTERNATIONAL, INC., and
JOHNSON & JOHNSON,

                Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:  05-214

TO:     Johnson & Johnson
        c/o Secretary of State of the State of Delaware
        John G. Townsend Building, Duke of York Street
        Dover, DE  19901

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
302-655-5000 (phone)
302-658-6395 (fax)

an answer to the complaint which is hereby served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint  An answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service

PETER T. DALLEO

CLERK

Beth ____

(By) DEPUTY CLERK

4-12-05

DATE

583627v1

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | April 12, 2005 |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| Edward Jones | Process Server |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served: Secretary of State of Delaware, John G. Townsend Bldg, Duke of York Street Dover DE 19901. Service Accepted by P. Johnson at 4:00 p.m.

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on    4/12/05
             Date

                         Edward Jones I
                         *Signature of Server*

                         32 Loockerman Sq Ste 109 Dover DE 19904
                         *Address of Server*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRISM TECHNOLOGIES LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. _____ 0 5 - 2 1 4 |
| v. | ) | |
| | ) | |
| VERISIGN, INC., RSA SECURITY, INC., | ) | |
| NETEGRITY, INC., COMPUTER | ) | **JURY TRIAL DEMANDED** |
| ASSOCIATES INTERNATIONAL, INC., | ) | |
| and JOHNSON & JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff Prism Technologies LLC, for its Complaint against defendants VeriSign, Inc.,

RSA Security, Inc., Netegrity, Inc., Computer Associates International, Inc., and Johnson &

Johnson, states and alleges as follows:

### Nature of Action

1.      This is an action for patent infringement under the Patent Laws of the United

States, Title 35, United States Code, §§ 101 *et seq.*

### Parties

2.      Plaintiff Prism Technologies LLC ("Prism") is a Nebraska corporation, having its

principal place of business at 14707 California Street, Suite 5, Omaha, Nebraska.

3.      On information and belief, defendant VeriSign, Inc. is a Delaware corporation

having its principal place of business at 487 E. Middlefield Road, Mountain View, California.

583516v1

4.    On information and belief, defendant VeriSign is in the business of making, using, selling, or offering for sale computer programming products, information retrieval products, prepackaged software products and computer peripheral equipment, including identity and access management ("IAM") products in Delaware and elsewhere in the United States. Defendant VeriSign's IAM products include, but are not limited to, its Go Secure suite of applications and related hardware and software products and its Unified Authentication solution and related hardware and software products.

5.    On information and belief, defendant RSA Security, Inc. ("RSA") is a Delaware corporation having its principal place of business at 174 Middlesex Turnpike, Bedford, Massachusetts.

6.    On information and belief, defendant RSA is in the business of making, using, selling, or offering for sale computer programming products, information retrieval products, prepackaged software products and computer peripheral equipment, including IAM products in Delaware and elsewhere in the United States. Defendant RSA's IAM products include, but are not limited to, its ClearTrust software solutions and related hardware and software products.

7.    On information and belief, defendant Netegrity, Inc. is a Delaware corporation having its principal place of business at 201 Jones Road, Waltham, Massachusetts.

8.    On information and belief, defendant Computer Associates International, Inc. is a Delaware corporation having its principal place of business at One Computer Associates Plaza, Central Islip, NY.

9.    On information and belief, defendant Netegrity, Inc. is a subsidiary of defendant Computer Associates International, Inc. These defendants are collectively referred to as "CA" in this Complaint.

10. On information and belief, defendant CA is in the business of making, using, selling, or offering for sale computer programming products, information retrieval products, prepackaged software products and computer peripheral equipment, including IAM products in Delaware and elsewhere in the United States. Defendant CA's IAM products include, but are not limited to, its SiteMinder software solutions and related hardware and software products.

11. On information and belief, defendant Johnson & Johnson ("JNJ") is a New Jersey corporation having its principal place of business at One Johnson & Johnson Plaza, New Brunswick, New Jersey 08933.

12. On information and belief, defendant JNJ is in the business of health care services, which business it conducted and continues to conduct in this judicial district. On information and belief, JNJ uses in Delaware and elsewhere in the United States computer programming products, information retrieval products, prepackaged software products and computer peripheral equipment, including IAM products. The IAM products that defendant JNJ uses include, but are not limited to, SafeNet iKey hardware and software products, Oracle database and advanced security software products, Microsoft IIS Web Server software products, and JNJ Web Server Agent software.

### Jurisdiction and Venue

13. On information and belief, defendants VeriSign, RSA, and CA are incorporated in this judicial district. On information and belief, within this judicial district, defendants VeriSign, RSA, CA, and JNJ transacted and continue to transact business, contracted and continue to contract business, and regularly solicited and continue to regularly solicit business, including by making, using, selling, or offering for sale computer programming products, information

583516v1

3

retrieval products, prepackaged software products and computer peripheral equipment, including

IAM products.

    14.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1338(a).

    15.    Venue is proper under 28 U.S.C. §§ 1391(b), (c) and 1400(b).

**United States Patent No. 6,516,416**

    16.    On February 3, 2003, the United States Patent and Trademark Office duly and

legally issued United States Patent No. 6,516,416 ("the '416 patent") (attached as Exhibit 1

pursuant to D. Del. L.R. 3.2), entitled "Subscription Access System For Use With An Untrusted

Network." Prism owns the '416 patent.

**Count for Patent Infringement of U.S. Patent No. 6,516,416**

    17.    Prism incorporates Paragraphs 1 through 16.

    18.    On information and belief, defendants VeriSign, RSA, and CA have infringed and

continue to infringe, and/or have induced others to infringe, and/or have sold products or services

that have no substantial non-infringing use and that contributed to the infringement of (under

35 U.S.C. §§ 271(a), (b), and/or (c)) one or more claims of the '416 patent by making, using,

offering to sell, or selling computer programming products, information retrieval products,

prepackaged software products and computer peripheral equipment, including IAM products

(and including but not limited to the IAM products identified in Paragraphs 4, 6, and 10 of this

Complaint) and will continue to do so unless enjoined by this Court.

    19.    On information and belief, defendant JNJ has infringed and continues to infringe

one or more claims of the '416 patent by using computer programming products, information

retrieval products, prepackaged software products and computer peripheral equipment, including

IAM products (and including but not limited to the IAM products identified in Paragraph 12 of this Complaint) and will continue to do so unless enjoined by this Court.

**Jury Trial**

20.    Prism requests a jury trial as to all issues in this action that are triable by jury.

**Prayer for Relief**

WHEREFORE, Prism prays for the entry of judgment in favor of Prism and against VeriSign, RSA, CA, and JNJ and requests that Prism be granted the following relief:

A.    Entry of a permanent injunction enjoining VeriSign, RSA, CA, and JNJ, their officers, agents, servants, and employees, and those persons acting in active concert or participation with any of them, from infringing the '416 patent pursuant to 35 U.S.C. § 283;

B.    Award of damages sufficient to compensate Prism for defendant VeriSign's infringement of the '416 patent, in an amount not less than a reasonable royalty, pursuant to 35 U.S.C. § 284;

C.    Award of damages sufficient to compensate Prism for defendant RSA's infringement of the '416 patent, in an amount not less than a reasonable royalty, pursuant to 35 U.S.C. § 284;

D.    Award of damages sufficient to compensate Prism for defendant CA's infringement of the '416 patent, in an amount not less than a reasonable royalty, pursuant to 35 U.S.C. § 284;

E.    Award of damages sufficient to compensate Prism for defendant JNJ's infringement of the '416 patent, in an amount not less than a reasonable royalty, pursuant to 35 U.S.C. § 284;

F.    Award of prejudgment interest, pursuant to 35 U.S.C. § 284;

G.    A post-judgment equitable accounting of damages for the period of infringement

of the '416 patent following the period of damages established at trial;

H.    Award of Prism's costs of suit, pursuant to 35 U.S.C. § 284; and

I.    Such further relief as this Court deems appropriate.

THE BAYARD FIRM

Dated: April 11, 2005

*[signature]*

Richard D. Kirk (rk0922)
222 Delaware Avenue
Suite 900
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com
ATTORNEYS FOR PLAINTIFF PRISM
TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C.  20006
(202) 775-0725

EXHIBIT A

US006516416B2

(12) **United States Patent**
Gregg et al.

(10) Patent No.: **US 6,516,416 B2**
(45) Date of Patent: *Feb. 4, 2003

(54) **SUBSCRIPTION ACCESS SYSTEM FOR USE WITH AN UNTRUSTED NETWORK**

(75) Inventors: **Richard L. Gregg**, Omaha, NE (US); **Sandeep Giri**, Omaha, NE (US); **Timothy C. Goeke**, Elkhorn, NE (US)

(73) Assignee: **Prism Resources**, Omaha, NE (US)

(*) Notice: This patent issued on a continued prosecution application filed under 37 CFR 1.53(d), and is subject to the twenty year patent term provisions of 35 U.S.C. 154(a)(2)

Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: 08/872,710

(22) Filed: **Jun. 11, 1997**

(65) **Prior Publication Data**

US 2002/0002688 A1 Jan. 3, 2002

(51) Int. Cl.[7] .................................... H04L 9/00
(52) U.S. Cl. ....................... 713/201; 705/51
(58) Field of Search ..................... 380/25, 21, 49, 380/30; 713/202, 201, 200; 705/54, 51

(56) **References Cited**

U.S. PATENT DOCUMENTS

5,629,980 A * 5/1997 Stefik et al. ............... 705/54

| | | | | |
|---|---|---|---|---|
| 5,677,953 A | * | 10/1997 | Dolphin | 380/4 |
| 5,708,780 A | * | 1/1998 | Levergood et al. | 709/229 |
| 5,765,152 A | * | 6/1998 | Erickson | 707/9 |
| 6,006,332 A | * | 12/1999 | Rabne et al. | 713/201 |

* cited by examiner

Primary Examiner—Matthew Smithers
(74) Attorney, Agent, or Firm—Greer, Burns & Crain, Ltd.

(57) **ABSTRACT**

A system and method is disclosed for controlling access to computer resources using an untrusted network. The system preferably uses a hardware key connected to each subscriber client computer and adds software to the subscriber client computer and to the existing server computer. A clearinghouse is provided to store client and server identification data, including demographic data, including URL data, usage data and billing information. The clearinghouse authenticates the subscriber and server computers before an operating session occurs. For every new client session, a login mechanism requires the client computer to supply appropriate identification data, including a digital identification generated by the hardware key. The login parameters are verified by the clearinghouse and a session is then started. The system is adapted to protect preselected content from being printed or copied by a client using a web browser. The system architecture permits a geographical distributed system of multiple subscriber client computers, multiple server computers and multiple clearinghouses which can interact with each other.

**31 Claims, 24 Drawing Sheets**





FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6



FIG. 16



FIG. 7

FIG. 8

FIG. 9

FIG. 10



FIG. 11

FIG. 12



FIG. 13



FIG. 14

FIG. 15