IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC ) <br> ) <br> Plaintiff, ) <br> ) <br> v ) <br> ) <br> VERISIGN, INC., RSA SECURITY, INC., ) <br> NETEGRITY, INC., COMPUTER ) <br> ASSOCIATES INTERNATIONAL, INC., ) <br> and JOHNSON & JOHNSON, ) <br> ) <br> Defendants ) <br> ) | Civil Action No. 05-214-JJF <br><br> JURY TRIAL DEMANDED |

## DEFENDANT RSA SECURITY INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant RSA Security Inc ("RSA") answers the allegations of the Plaintiff's Complaint for Patent Infringement ("Complaint") and asserts counterclaims as follows.

**Nature of Action**

1. No answer is required to the allegations contained in paragraph 1 of the Complaint, which merely state conclusions of law

**Parties**

2. RSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. No answer is required to the allegations contained in paragraph 3 of the Complaint as they are directed to a defendant other than RSA.

RLF1-2884207-1

4	No answer is required to the allegations contained in paragraph 4 of the Complaint as they are directed to a defendant other than RSA

5	RSA admits the allegations in paragraph 5 of the Complaint.

6.	RSA is without knowledge or information sufficient to form a belief as to the plaintiff's allegations concerning "computer programming products, information retrieval products, prepackaged software products and computer peripheral equipment" or "IAM products," as these are terms that the plaintiff has not defined   RSA admits that it sells, and offers for sale, products and services that are focused on helping customers protect and manage identities and information access   Some of these products and services may be described as providing "Identity and Access Management" or "IAM" capabilities.  RSA sells, and offers for sale, the RSA ClearTrust® Web access management solution in Delaware and elsewhere in the United States

7.	No answer is required to the allegations contained in paragraph 7 of the Complaint as they are directed to a defendant other than RSA.

8	No answer is required to the allegations contained in paragraph 8 of the Complaint as they are directed to a defendant other than RSA.

9.	No answer is required to the allegations contained in paragraph 9 of the Complaint as they are directed to a defendant other than RSA

10	No answer is required to the allegations contained in paragraph 10 of the Complaint as they are directed to a defendant other than RSA

11	No answer is required to the allegations contained in paragraph 11 of the Complaint as they are directed to a defendant other than RSA

12. No answer is required to the allegations contained in paragraph 12 of the Complaint as they are directed to a defendant other than RSA.

### Jurisdiction and Venue

13. RSA admits that it is incorporated in Delaware and that it does business in Delaware and elsewhere. RSA is without knowledge or information sufficient to form a belief as to the plaintiff's allegations concerning "computer programming products, information retrieval products, prepackaged software products and computer peripheral equipment" or "IAM products," as these are terms that the plaintiff has not defined. No answer is required to the remaining allegations as they are directed to defendants other than RSA.

14. No answer is required to the allegations contained in paragraph 14 of the Complaint, which merely state conclusions of law.

15. No answer is required to the allegations contained in paragraph 15 of the Complaint, which merely state conclusions of law.

### United States Patent No. 6,516,416

16. RSA denies that U.S. Patent No. 6,516,416 ("the '416 patent") was issued by the United States Patent and Trademark Office on Feb. 3, 2003. RSA admits that a copy of the '416 patent is attached to the Complaint as Exhibit 1. RSA denies that the patent was duly and legally issued. RSA is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the ownership of the '416 patent.

### Count for Patent Infringement of U.S. Patent No. 6,516,416

17. RSA incorporates its responses to paragraphs 1-16 of the Complaint

18  RSA denies the allegations contained in paragraph 18 of the Complaint as they relate to RSA  No answer is required to the remaining allegations contained in paragraph 18 as they are directed to defendants other than RSA

19  No answer is required to the allegations contained in paragraph 19 as they are directed to a defendant other than RSA

## Jury Trial

20.  No answer is required to the request for jury trial contained in paragraph 20 of the Complaint.

## Prayers for Relief

No answer is required to the plaintiff's Prayers for Relief  RSA denies infringement and denies that Prism Technologies LLC is entitled to any damages or equitable relief from RSA.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

21.   Prism Technologies LLC ("Prism") is not entitled to any relief against RSA because RSA is not infringing and has not infringed any of the claims of the '416 patent

### SECOND AFFIRMATIVE DEFENSE

22.   One or more of the claims of the '416 patent are invalid under one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 102, 103 and 112

### THIRD AFFIRMATIVE DEFENSE

23.   The '416 patent is unenforceable against RSA because of estoppel, laches, and/or other applicable equitable doctrines

## COUNTERCLAIMS

Counterclaim plaintiff RSA Security Inc for its counterclaims against Prism Technologies LLC alleges as follows:

## PARTIES

1       RSA Security Inc ("RSA") is a Delaware corporation having its principal place of business at 174 Middlesex Turnpike, Bedford, Massachusetts

2       On information and belief, Prism Technologies LLC ("Prism") is a Nebraska corporation, having its principal place of business at 14707 California Street, Suite 5, Omaha, Nebraska

## JURISDICTION AND VENUE

3       This Court has subject matter jurisdiction over this action pursuant to 28 U S C §§ 1331, 1338(a), and 2201

4       Prism is subject to personal jurisdiction in this District

5       Venue for this action is proper in this District pursuant to 28 U S C §§ 1391 and 1400(b)

## FACTS

6       Upon information and belief, Prism claims to be the owner of all rights, title, and interest in the '416 patent

7       Prism has accused RSA of infringement of the '416 patent

8       The claims of the '416 patent are invalid, unenforceable, and/or not infringed by RSA directly, by inducement, or contributorily

9       Prism's allegations give rise to a case of actual controversy within the jurisdiction of this Court, pursuant to 28 U S C §§ 2201 and 2202

## COUNT ONE
### (Non-Infringement of the '416 patent)

10. RSA repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein

11. RSA is not infringing and has not infringed, directly, by inducement, or contributorily, any claim of the '416 patent

12. To resolve the legal and factual questions raised by Prism and to afford relief from the uncertainty and controversy that Prism's allegations have precipitated, RSA is entitled to a declaratory judgment that it does not infringe on any claim of the '416 patent

## COUNT TWO
### (Invalidity of the '416 patent)

13. RSA repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein

14. One or more claims of the '416 patent are invalid under one or more sections of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102, 103, and 112

15. To resolve the legal and factual questions raised by Prism and to afford relief from the uncertainty and controversy that Prism's accusations have precipitated, RSA is entitled to a declaratory judgment that one or more claims of the '416 patent are invalid

## COUNT THREE
### (Unenforceability of the '416 patent)

16. RSA repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein

17. The '416 patent is unenforceable against RSA because of estoppel, laches, and/or other applicable equitable doctrines

RLF1-2884207-1

18.     To resolve the legal and factual questions raised by Prism and to afford relief from the uncertainty and controversy that Prism's accusations have precipitated, RSA is entitled to a declaratory judgment that one or more of the claims of the '416 patent are unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, RSA Security Inc. requests entry of judgment in its favor and against Prism as follows:

A.      Adjudge that RSA has not infringed the '416 patent and/or that such patent is invalid and/or unenforceable, and enter a declaratory judgment to that effect;

B.      Dismiss Prism's Complaint with prejudice, denying all relief to Prism;

C.      Enter an order finding that this is an exceptional case and award RSA its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

D.      Award RSA such other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Defendant and Counterclaim Plaintiff RSA Security Inc. demands a trial by jury on all issues so triable.

/s/ *signature*
Frederick L. Cottrell, III (#2555)
Alyssa M. Schwartz (#4351)
Richards, Layton & Finger, P.A.
One Rodney Square
Post Office Box 551
Wilmington, DE 19899
Telephone: (302) 651-7700
cottrell@rlf.com
schwartz@rlf.com

Attorneys for RSA Security Inc.

Of Counsel:

William F. Lee
David B. Bassett
Donald R. Steinberg
Mark D. Selwyn
Gregory P. Teran
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

June 6, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2005, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

### VIA HAND DELIVERY

Patricia Smink Rogowski, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Richard D. Kirk, Esquire
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899

Steven J. Balick, Esquire
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

I hereby certify that on June 6, 2005, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

Dirk D. Thomas, Esquire
Robins, Kaplan, Miller & Ciresi, LLP
1801 K Street, N.W., Suite 1200
Washington, DE 20006

John MiMatteo, Esquire
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

Edward F. Mannino, Esquire
Jason Snyderman, Esquire
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

Frank C. Cimino, Esquire
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

_____
Alyssa M. Schwartz (#4351)
schwartz@rlf.com

RLF1-2874383-1