IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRISM TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 05-214-JJF |
| VERISIGN, INC., RSA SECURITY, INC., | ) | |
| NETEGRITY, INC., COMPUTER | ) | |
| ASSOCIATES INTERNATIONAL, INC., | ) | |
| AND JOHNSON & JOHNSON SERVICES, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**JOHNSON & JOHNSON SERVICES, INC.'S ANSWER AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Defendant Johnson & Johnson Services, Inc. ("JJSI"), by and through its undersigned counsel, files its Answer and Counterclaims to Plaintiff's First Amended Complaint for Patent Infringement and Demand for Jury Trial ("the Complaint") filed by Plaintiff Prism Technologies LLC ("Prism"). Defendant Johnson & Johnson Services, Inc. denies infringing any valid and enforceable claim of U.S. Patent No. 6,516,416 and responds to Plaintiff's allegations as follows:

I. ANSWER

Specific responses corresponding to the Plaintiff's averments are set forth below, but JJSI denies all averments of the Complaint except as otherwise specifically admitted, qualified, or denied herein.

1. JJSI admits that Prism's cause of action purports to be one for patent infringement under the laws of the United States.

2. Upon information and belief, JJSI admits the allegations in Paragraph 2 of the Complaint.

3. JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

4. JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint.

5. JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

6. JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.

7. JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8. JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9. JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, except admits that the Complaint purports to collectively refer to Netegrity, Inc. and Computer Associates International, Inc. as "CA."

10. JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11. JJSI admits the allegations in Paragraph 11 of the Complaint.

12. JJSI denies the allegations in Paragraph 12 of the Complaint, except: JJSI admits that it is in the business of networking and computing services and that its networking and computer services are available to users within this judicial district; JJSI admits that users of its networking and computing services are able to use in Delaware and elsewhere in the United States products to retrieve information, "prepackaged software products," as JJSI understands that term, and computer peripheral equipment; and JJSI admits that it uses SafeNet iKey hardware and software products, Oracle database products, and Microsoft IIS Web Server products.

13. JJSI is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 13 concerning defendants other than JJSI. JJSI denies those allegations in Paragraph 13 of the Complaint concerning JJSI, except: JJSI admits that it has made available and makes available for use within this judicial district "information retrieval products," as JJSI understands that term, "prepackaged software products," as JJSI understands that term, and computer peripheral equipment.

14. JJSI admits that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegation that this Court has jurisdiction under 28 U.S.C. § 1332.

15. JJSI denies the allegations of Paragraph 15 of the Complaint, except: JJSI is without knowledge or information regarding the residency and activities of the other Defendants sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint regarding whether or not venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

16. JJSI denies the allegations in Paragraph 16 of the Complaint, except admits that a copy of United States Patent No. 6,516,416, entitled "Subscription Access System for Use with an Untrusted Network" ("the '416 patent") appears to be attached as Exhibit 1 to the Complaint.

17. JJSI reasserts and restates its responses to the allegations in Paragraphs 1 through 16 of the Complaint as if fully set forth herein.

18. JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19. JJSI denies the allegations of Paragraph 19 of the Complaint.

20. The statements in Paragraph 20 of the Complaint are not allegations to which a response is necessary.

## II.   DEFENSES

JJSI asserts the following defenses to the Complaint:

21. Prism is not entitled to any relief against JJSI because JJSI has not infringed and is not infringing any of the claims of the '416 patent.

22. The claims of U. S. Patent No. 6,516,416 are invalid for failure to meet the conditions of patentability of Title 35 of the U.S. Code, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

23. There may be additional defenses to the cause of action alleged by Prism that are currently unknown to JJSI. JJSI reserves the right to amend its Answer to allege additional defenses in the event discovery of other information indicates they are appropriate.

### III. COUNTERCLAIMS

**Parties**

24. Counterclaimant Johnson & Johnson Services, Inc. ("JJSI"), is a corporation organized under the laws of the state of New Jersey, with an office and principal place of business located at One Johnson & Johnson Plaza, New Brunswick, New Jersey.

25. On information and belief, counterclaim defendant Prism Technologies LLC ("Prism") is a corporation organized under the laws of Nebraska with its principal place of business located at 14707 California Street, Suite 5, Omaha, Nebraska.

**Jurisdiction and Venue**

26. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

27. Prism is subject to personal jurisdiction in this District.

28. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**Facts**

29. Upon information and belief, Prism claims to be the owner of all rights, title, and interest in the '416 patent.

30. Prism has accused JJSI of infringement of the '416 patent.

31. The claims of the '416 patent are invalid and/or not infringed by JJSI directly, contributorily, or by inducement.

32. Prism's allegations give rise to a case of actual controversy within the jurisdiction of this Court, pursuant to U.S.C. §§ 2201 and 2202.

## Count One (Declaratory Relief Regarding Non-infringement)

33. JJSI repeats and realleges the allegations of Paragraphs 24 through 32 as if fully set forth herein.

34. JJSI is not infringing and has not infringed any claim of the '416 patent directly, contributorily, or by inducement.

35. To resolve the legal and factual questions raised by Prism and to afford relief from the uncertainty and controversy that Prism's allegations have caused, JJSI is entitled to a declaratory judgment that it does not infringe any claim of the '416 patent.

## Count Two (Declaratory Relief Regarding Invalidity)

36. JJSI repeats and realleges the allegations of Paragraphs 24 through 32 as if fully set forth herein.

37. One or more claims of the '416 patent are invalid under one or more sections of Title 35 of the U.S. Code, including without limitation 35 U.S.C. §§ 102, 103, and 112.

38. To resolve the legal and factual questions raised by Prism and to afford relief from the uncertainty and controversy that Prism's allegations have caused, JJSI is entitled to a declaratory judgment that one or more claims of the '416 patent are invalid.

**Exceptional Case**

39.    This is an exceptional case under 35 U.S.C. § 285 and JJSI is entitled to recover from Prism JJSI's attorneys' fees and costs incurred in connection with this action.

WHEREFORE, Johnson & Johnson Information Services, Inc. respectfully requests that this Court:

(a)    enter a judgment declaring that JJSI has not infringed any claim of U.S. Patent No. 6,516, 416;

(b)    enter a judgment declaring that each claim of U.S. Patent No. 6,516,416 is invalid;

(c)    enter a judgment declaring that this is an exceptional case and award Johnson & Johnson Services, Inc. its reasonable attorneys' fees and costs; and

(d)    award such other and further relief to Johnson & Johnson Services, Inc. as this Court deems just and proper.

IV.    DEMAND FOR JURY TRIAL

Defendant and Counterclaim-Plaintiff Johnson & Johnson Services, Inc. demands a trial by jury on all issues so triable.

        ASHBY & GEDDES

        */s/ John G. Day*

        _____
        Steven J. Balick (I.D. #2114)
        John G. Day (I.D. #2403)
        222 Delaware Avenue, 17th Floor
        P.O. Box 1150
        Wilmington, DE 19899
        (302) 654-1888
        sbalick@ashby-geddes.com
        jday@ashby-geddes.com

        *Attorneys for Defendant Johnson & Johnson*

*Of Counsel:*

John M. DiMatteo
Neal K. Feivelson
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8130

Dated: July 12, 2005
159384.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2005, the attached **JOHNSON & JOHNSON SERVICES, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** was served upon the below-named counsel at the address and in the manner indicated:

| | |
|---|---|
| Richard D. Kirk, Esquire<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899 | HAND DELIVERY |
| Dirk D. Thomas, Esquire<br>Robin, Kaplan, Miller & Ciresi, LLP<br>1801 K Street, N.W., Suite 1200<br>Washington, DC 20006 | VIA FEDERAL EXPRESS |
| Patricia S. Rogowski, Esquire<br>Connolly Bove Lodge & Hutz LLP<br>The Nemours Building<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899 | HAND DELIVERY |
| Jason A. Snyderman, Esquire<br>Akin Gump Strauss Hauer & Feld LLP<br>One Commerce Square<br>2005 Market Street<br>Suite 2200<br>Philadelphia, PA 19103-7013 | VIA FEDERAL EXPRESS |
| Frank C. Cimino, Jr., Esquire<br>Akin Gump Strauss Hauer & Feld LLP<br>Robert S. Strauss Building<br>1333 New Hampshire Avenue, N.W.<br>Washington, DC 20036-1564 | VIA FEDERAL EXPRESS |

| | |
|---|---|
| Frederick L. Cottrell, III, Esquire<br>Richards Layton & Finger<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE  19899 | HAND DELIVERY |
| William F. Lee, Esquire<br>Wilmer Cutler Pickering Hale & Dorr LLP<br>60 State Street<br>Boston, MA  02109 | VIA FEDERAL EXPRESS |
| Kate Hutchins, Esquire<br>Wilmer Cutler Pickering Hale & Dorr<br>399 Park Avenue<br>New York, NY  10022 | VIA FEDERAL EXPRESS |
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon LLP<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE  19899 | HAND DELIVERY |
| Samir Bhavsar, Esquire<br>Baker Botts LLP<br>2001 Ross Avenue<br>Dallas, TX  75201-2980 | VIA FEDERAL EXPRESS |
| David M. Schlitz, Esquire<br>Baker Botts LLP<br>The Warner<br>1299 Pennsylvania Avenue, NW<br>Washington, DC  20004-2400 | VIA FEDERAL EXPRESS |

/s/ John G. Day

John G. Day