# CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

**Patricia Smink Rogowski**
Partner
Admitted in DE and PA
Phone: (302) 658-9141
FAX (302) 658 5614
E-MAIL: progowski@cblh.com
REPLY TO: Wilmington DE Office

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

WEB www.cblh.com

October 11, 2005

**By E-File**
The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

Re:   <u>**Prism Technologies LLC v. VeriSign, Inc.** *et al.*; **C.A. No. 05-214**</u>

Dear Judge Farnan:

      We represent VeriSign Inc. in the above-referenced action and write jointly on behalf of all defendants regarding defendants' proposed Rule 16 Scheduling Order. While the parties have reached agreement on some issues, we could not resolve all our differences. The parties therefore agreed to submit letters to the Court outlining our respective positions. Defendants request that the Court schedule argument with regard to the scheduling positions outlined below.

      Attached to this letter is a chart comparing the parties' two proposed schedules. See Exhibit A. The scheduling order proposed by plaintiff Prism Technologies LLC ("Prism") and the scheduling order proposed jointly by the defendants are both attached as Exhibits B and C, respectively.

*Claim Construction and Summary Judgment*

      The major differences between the parties is the timing of a *Markman* hearing, and the ability of the parties to seek early summary judgment. Defendants are aware that in some cases Your Honor has scheduled an early *Markman* hearing, and for reasons described below, defendants believe this case warrants such treatment. In addition, defendants believe that the same circumstances favor the option of filing early summary judgment motions, to be governed by Your Honor's standard briefing procedures for those motions. To facilitate this process, defendants respectfully request the Court to order a *Markman* briefing process over the next three months, with a *Markman* hearing to be scheduled sometime at the end of January 2006, or as close to that date as Your Honor's schedule permits. Under defendants' proposal, the *Markman* briefing process would be conducted concurrently with on-going fact discovery.

      Plaintiff Prism is opposed to that approach, on grounds defendants submit are purely strategic, in view of the different nature of the parties' businesses and resulting discovery obligations. Prism appears to be a small company with no significant operations and no assets other than the patent it has asserted against the defendants, and likely has little discovery to provide to defendants. Therefore, while incurring little or no costs of its own,

The Honorable Joseph J. Farnan, Jr.
October 11, 2005
Page 2

Prism's proposed schedule would lock the five defendants into protracted and expensive litigation, even if early discovery confirms, as defendants expect, that Prism does not have a basis for asserting infringement.

Prism's Complaint does not include any factual basis for alleging infringement of the defendants' accused products. Defendants are unaware of any plausible explanation as to how, under any reasonable interpretation of the claims, the products Prism has accused infringe the patent in suit. Defendants have served contention interrogatories seeking to learn the bases for Prism's infringement claims. If, as defendants expect, the responses to those interrogatories confirm the lack of sufficient factual underpinning to support Prism's allegations of infringement, the defendants should be permitted pursuant to the scheduling order to file motions for summary judgment before the close of discovery.

It is important to note that defendants are *not* advocating that plaintiff be precluded from conducting relevant fact discovery necessary to develop its case. Rather, defendants suggest that while that fact discovery is ongoing, the claim construction process also be underway, and that if it becomes apparent through discovery that there is an insufficient factual basis for Prism's infringement claims, the defendants have the opportunity to file early summary judgment motions, rather than be forced to incur significant additional (and unwarranted) discovery expenses. For the same reason, an early claim construction process is warranted.

*Expert Discovery*

Defendants believe the expert discovery period should be linked to the Court's *Markman* ruling rather than the close of fact discovery (as Prism proposes), and are aware that Your Honor has recently adopted this approach in at least one other case. After the Court issues its ruling, expert reports can be prepared with the Court's claim interpretation in hand. This will remove the necessity for experts to opine on alternative theories based on the parties' competing claim interpretations, reducing the burden to all. Therefore, defendants propose that immediately following the Court's *Markman* ruling, the parties shall agree on a date for the exchange of opening expert reports. Defendants advocate a schedule whereby rebuttal reports are filed thirty days after opening expert reports (as opposed to fourteen days suggested by Prism) with a window of time for expert discovery beginning fourteen days after rebuttal reports are due (Prism suggests six) and continuing for sixty days thereafter, in view of the number of parties in this case.

*Length of Depositions*

Prism seeks to limit defendants' depositions of fact witnesses to a total of ten hours for all five defendants (2 hours per defendant), except for the inventors, who can be deposed for a total of fourteen (14) hours for all defendants (2.8 hours per defendant). As with the timing of the *Markman* hearing, defendants view plaintiff's position on this issue as strategic only. Having sued five defendants, plaintiff seeks to deprive each of those defendants of hours they would otherwise be entitled to if they had been sued in separate actions.

Defendants suggest that plaintiffs shall have ten hours for one 30(b)(6) deposition from each defendant (regardless of how many witnesses are required) and that defendants be limited to seven hours for each fact deposition sought by any single defendant and a total of twenty-one hours for any depositions sought by multiple defendants. By allowing a maximum of twenty-one hours per witness, each defendant will be permitted five hours and fifteen minutes of examination time, nearly two hours less than what is ordinarily permitted by Fed. R. Civ. P. 30.

While defendants do not intend to depose Prism's witnesses any longer than necessary, the depositions should not be limited as Prism proposes. Plaintiff should not obtain a discovery advantage simply because it decided to name multiple defendants in this suit.

### *Notice of Reliance Upon Advice of Counsel as a Defense to Willfulness*

Defendants believe the deadline to notify Prism of any reliance upon advice of counsel should be directly linked to the Court's ruling on claim construction. As a practical matter, defendants likely will not be in a position to make an informed decision about whether to rely on advice of counsel as a defense to willfulness until after the claims are construed. Thus, defendants suggest that such a deadline be set immediately following the Court's *Markman* ruling with a reasonable period of time for additional discovery on issues relating to that election should it come after the close of fact discovery. This timing would cause no prejudice to plaintiff, since there will be few witnesses on this issue, and they will not overlap with other areas of testimony in the case.

### *35 U.S.C. § 282 Disclosures*

Contrary to standard practice and without any justification, Prism wishes to force defendants to serve upon Prism all information required by 35 U.S.C. § 282, including all theories of invalidity and all defenses relating to noninfringement or any other matter, by March 10, 2006, approximately one month prior to the close of fact discovery, rather than one month before trial.

Prism's counsel has failed to articulate any basis for why these defendants should be forced to disclose all their defenses earlier in this case than what is required by statute and in any other case. Defendants therefore believe it is unnecessary to include any reference to § 282 in the parties' scheduling order.

The Honorable Joseph J. Farnan, Jr.
October 11, 2005
Page 4

**Conclusion**

      Defendants appreciate that some of our proposed concepts for deadlines have been applied by Your Honor in a minority of the Court's patent cases. However, defendants believe that the particular facts alleged in the Complaint, coupled with statements made by Prism's counsel, support defendants' proposed schedule. Defendants' proposal permits Prism to fully develop its case while at the same time permitting defendants, and the Court, to ferret out baseless claims that should be dismissed. As stated above, the defendants jointly request that the Court schedule argument so that the parties can be more fully heard on this issue.

Respectfully,

/s/ Patricia S. Rogowski
Patricia Smink Rogowski

Enclosure

cc: Jason Snyderman, Esquire (by fax)
     Frank Cimino, Esquire (by fax)
     Richard D. Kirk Esquire (by hand)
     Frederick L. Cottrell, III, Esquire (by hand)
     Richard L. Horwitz, Esquire (by hand)
     Steven J. Balick, Esquire (by hand)
     Dirk D. Thomas, Esquire (by fax)
     David M. Schlitz, Esquire (by fax)
     John DiMatteo, Esquire (by fax)
     Gregory P. Teran, Esquire (by fax)
     Samir A. Bhavsar, Esquire (by fax)