# EXHIBIT C

Case 1:05-cv-00214-JJF    Document 58-4    Filed 10/11/2005    Page 1 of 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>VERISIGN, INC., RSA SECURITY, INC., )<br>NETEGRITY, INC., COMPUTER ASSOCIATES )<br>INTERNATIONAL, INC., and JOHNSON & )<br>JOHNSON SERVICES, INC. )<br>)<br>Defendants ) | Civil Action No. 05-214-JJF |

**JOINT PROPOSED RULE 16 SCHEDULING ORDER**

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by September 29, 2005, the information required by Fed. R. Civ. P. 26(a)(1), D. Del. LR 16.2 and by October 31, 2005, the information required by the Default Standards for Discovery of Electronic Documents ("E-Discovery").

2. **Joinder of Other Parties and Amendment of the Pleadings.** All motions to join other parties or to amend the pleadings shall be filed on or before April 7, 2006.

3. **Fact Discovery.**

    (a) Exchange and completion of all other factual discovery shall be commenced so as to be completed by April 7, 2006.

(b) Maximum of 30 interrogatories, including contention interrogatories, may be served by one party on any adverse party in the litigation.

(c) Maximum of 25 requests for admission may be served by one party on any adverse party in the litigation.

(d) Maximum of 10 depositions by Plaintiff relating to each Defendant (including 3rd party depositions) and 10 depositions by each Defendant (including 3rd party depositions), excluding expert depositions. Each fact deposition taken by Plaintiff shall be limited to one (1) day of seven (7) hours of testimony with the exception of 30(b)(6) depositions. Plaintiff shall be limited to one 30(b)(6) deposition of each party, each lasting no more than ten (10) hours of testimony and, if practicable, scheduled on consecutive days. Each fact deposition taken by a single Defendant (*i.e.*, other Defendants do not wish to take that deposition) shall be limited to seven (7) hours of testimony, and each deposition that multiple Defendants wish to take shall be limited to twenty-one (21) hours of testimony collectively for all Defendants and, if practicable, scheduled on consecutive days. The parties agree to use reasonable efforts to coordinate scheduling of depositions (*i.e.*, the depositions will be scheduled on an agreeable date so that counsel for all parties that have questions for the witness shall have the opportunity to attend and question the witness) to try to avoid any situation where a witness will be deposed more than once in this action in his or her capacity as an individual and once in this action in his or her capacity as a 30(b)(6) witness, if so designated.

(e) Willfulness Issues. After the Court's Markman ruling, the parties agree to negotiate in good faith a schedule for Defendants to elect to rely upon legal advice of

2

counsel as a defense to Plaintiff's charge of willful infringement, and any necessary discovery relating to that election.

(f)    Status conferences are scheduled for December 9, 2005 and March 24, 2006 to resolve any ongoing discovery issues that may need to be raised.

4.    **Discovery Disputes.**

(a)    A party seeking discovery which the opposing party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1.  Said motion shall not exceed a total of four (4) pages.  An Answer to the Rule 37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the motion.  No reply is permitted.

(b)    All papers shall set forth in a plain and concise manner the issue(s) in dispute, the party's position on the issue(s), and the reasons for the party's position.

(c)    Upon receipt of the Answer, the movant shall notify Chambers by e-mail at jjf_civil@ded.uscourts.gov that the dispute is ready for decision.

(d)    Upon receipt of the movant's e-mail, the Court will determine whether a conference is necessary and advise the parties accordingly.

(e)    There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

5.    **Claim Construction.**

(a)    A Markman hearing shall be conducted in accordance with the following schedule:

3

| Activity | Date |
|---|---|
| Serve list of terms/phrases on opposing party. | November 4, 2005. |
| Serve proposed claim interpretation for each term and/or phrase in list. | November 18, 2005. |
| Negotiate in good faith to narrow list of disputed claim terms and/or phrases, and file a Joint Statement with the Court that identifies all disputed claim terms and the parties' proposed interpretations. | December 2, 2005. |
| Opening Briefs on Claim Construction. | December 16, 2005. |
| Responsive Briefs on Claim Construction. | January 13, 2006. |

(b)    Any party that relies on expert declarations shall make that expert available for deposition within two weeks after the filing of the brief to which the declaration was attached.

(c)    A *Markman* Hearing shall be held on _____

6.    **Expert Discovery, and Case Dispositive Motions.**

(a)    A period of expert discovery will commence after the Court's Markman ruling. After such ruling, the parties will negotiate in good faith a schedule for expert discovery. Reports by retained experts required under Fed. R. Civ. P. 26(a)(2) on any issue on which the party bears the burden of proof shall be served first, with service of rebuttal reports to follow 30 days later.

4

      (b)     A period of expert depositions shall follow expert reports. Any party desiring to depose an expert witness shall notice said deposition to be taken no earlier than 14 days after service of rebuttal reports and no later than 60 days after service of rebuttal reports. The parties agree to use reasonable efforts to coordinate scheduling of expert depositions (*i.e.*, the depositions will be scheduled on an agreeable date so that counsel for all parties that have questions for the witness shall have the opportunity to attend and question the witness) to try to avoid any situation where any expert witness will be deposed more than once in this action. The parties agree to negotiate in good faith reasonable limits on the length of expert depositions after reports have been served as the parties will be in a better position to determine appropriate limits at that time.

      (c)     Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief at any time, unless such motion depends on a disputed claim term or phrase, in which case said motion shall not be served and filed until after the Court's Markman ruling. Briefing shall be pursuant to D. Del. LR 7.1.2. The Court will issue a separate Order regarding procedures for filing summary judgment motions.

7.    **Applications by Motion.**

      (a)     Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk

of the Court for the Court's review and signing. The Court will not consider facsimile transmissions or applications and requests submitted by letter or in a form other than a motion.

        (b)     No facsimile transmissions will be accepted.

        (c)     No telephone calls shall be made to Chambers.

        (d)     Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

8.    **Pretrial Conference.** After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

Date:_____        _____
                                                                     JOSEPH J. FARNAN, JR.
                                                                     United States District Judge