# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

October 11, 2005

**VIA E-FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, Delaware 19801

    Re: *Prism Technologies LLC v. VeriSign, Inc., et al.*
          Civil Action No. 05-214-JJF

Dear Judge Farnan:

    This firm represents Plaintiff Prism Technologies LLC ("Prism"). We write regarding the Rule 16 Scheduling Conference and to submit Prism's attached Proposed Scheduling Order. The Defendants in this matter will also collectively submit a letter along with their proposed scheduling order. Prism and the Defendants have conferred via teleconferences held on September 15, 2005 and September 26, 2005, and through several telephone calls. Although the parties have reached agreement regarding many issues, several issues of disagreement remain.

    We now seek the Court's guidance regarding the following issues:

    (1) Paragraph 3(d) addresses depositions. The parties disagree as to the time limit for depositions taken by multiple Defendants and the requirement that the deposition be held on consecutive days. Prism proposes that the multiple Defendants coordinate depositions so that Prism's witnesses appear once for a deposition (except in instances where a deponent appears as an individual and a 30(b)(6) witness) – not on separate occasions for each of the four (4) party Defendants. Therefore, Prism proposes to present each (non-inventor) fact witness and each 30(b)(6) witness once for ten (10) hours of testimony with the requirement that the deposition be held on consecutive days. Defendants can split the time as they chose. Prism proposes that the inventors of the patent-in-suit be deposed for fourteen (14) hours on consecutive days, again with the Defendants splitting the time as they chose.

    The Defendants propose that they collectively be allowed to depose Prism's fact witnesses and Rule 30(b)(6) designees for twenty-one (21) hours, and, only *if*

604584v1

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
October 11, 2005
Page 2

*practicable*, on consecutive days. Prism disagrees because it should not be required to produce a deponent on different days, potentially for each Defendant if the schedule is not practical for one of the Defendants. Defendants also propose to limit Prism to one Rule 30(b)(6) deposition of each Defendant. Prism objects to an arbitrary limit on the number of Rule 30(b)(6) depositions that it can take in this matter.

(2)  Paragraphs 3(e) and (f) address expert discovery. Prism proposes that expert reports and rebuttal reports be due on a date certain (May 12, 2006 and May 26, 2006 respectively). Similarly, Prism proposes that expert depositions be held between June 2, 2006 and July 28, 2006. Prism proposes that expert depositions be limited to seven (7) hours, except for experts testifying for or about multiple Defendants, in which case the expert deposition shall be allocated a maximum of fourteen (14) hours on consecutive days.

Defendants propose that expert discovery be delayed until the Court issues its *Markman* ruling on claim construction. At that point, Defendants propose that the parties coordinate scheduling of expert depositions and negotiate the limits on the length of expert depositions, as opposed to setting a consecutive-day requirement for any testimony over seven (7) hours. Prism objects to delaying expert discovery since it will delay getting this matter ready for trial. (See also Prism's position regarding the *Markman* briefing schedule in paragraph 6 below).

(3)  Paragraph 3(g) addresses the issue of willful infringement. Prism proposes a date certain (February 24, 2006) for each Defendant to elect and notify Prism whether each Defendant will rely on the advice of counsel as a defense to Prism's claim of willful infringement. Prism will need discovery related to Defendants' election and therefore proposes that the election precede the close of fact discovery. Defendants propose waiting until the Court issues its *Markman* ruling and then further negotiate its election. Prism objects to Defendants' proposal since it will delay getting this matter ready for trial by setting piecemeal discovery schedules.

(4)  Paragraph 4 addresses information required by 35 U.S.C. § 282. Prism proposes that any prior art that Defendants intend to rely upon to challenge the validity of the patent-in-suit be disclosed by March 10, 2006 (one month before the close of fact discovery) so that Prism may seek discovery on any prior art defense while fact discovery is underway.

(5)  Paragraph 6 addresses case dispositive motions. Prism proposes to limit the filing of case dispositive motions until a date certain (August 28, 2006) as per the Court's standard scheduling order in patent cases. Defendants, however, propose filing dispositive motions at any time, except for dispositive motions depending on disputed claim terms, which would be delayed until after the Court's *Markman* ruling. (See also Prism's position regarding the *Markman* briefing schedule in paragraph 6 below).

604584v1

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
October 11, 2005
Page 2

      (6)  Paragraph 7 addresses claim construction and the *Markman* hearing. Prism proposes that *Markman* briefing be held after fact discovery so that all issues regarding claim interpretation can be fully developed before briefing. The Defendants propose that *Markman* briefing and hearing be held during fact discovery and before expert discovery so that the expert reports could reflect the Court's construction. The Defendants request that the Court set a date to issue its *Markman* ruling. Consequently, Defendants tie the dates for expert discovery, case dispositive motions, and elections for advice of counsel defenses to the date of the Court's *Markman* ruling. Prism proposes that the parties proceed with discovery without impinging on this Court's schedule.

      Prism respectfully requests that the Court set a hearing (either telephonically or in person) to resolve these differences in the parties' proposed schedules.

      Respectfully submitted,

Richard D. Kirk (rk0922)

Enclosure
cc:    Clerk of Court (via e-filing)
        Jason Snyderman, Esquire (by e-mail)
        Frank C. Cimino, Esquire (by e-mail)
        Gregory P. Teran, Esquire (by e-mail)
        David M. Schlitz, Esquire (by e-mail)
        Kevin Meek, Esquire (by e-mail)
        John M. DiMatteo, Esquire (by e-mail)
        Robert A. Auchter, Esquire (by e-mail)
        Patricia Smink Rogowski, Esquire (by e-mail)
        Frederick L. Cottrell III, Esquire (by e-mail)
        Richard L. Horwitz, Esquire (by e-mail)
        Steven Balick, Esquire (by e-mail)
31244-1

604584v1