IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>VERISIGN, INC., RSA SECURITY, INC., )<br>NETEGRITY, INC., COMPUTER ASSOCIATES )<br>INTERNATIONAL, INC., and JOHNSON & )<br>JOHNSON SERVICES, INC. )<br>)<br>Defendants ) | Civil Action No. 05-214-JJF |

## PLAINTIFF'S PROPOSED RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by September 29, 2005, the information required by Fed. R. Civ. P. 26(a)(1), D. Del. LR 16.2 and by October 31, 2005, the information required by the Default Standards for Discovery of Electronic Documents ("E-Discovery").

2. **Joinder of Other Parties and Amendment of the Pleadings.** All motions to join other parties or to amend the pleadings shall be filed on or before April 7, 2006.

3. **Discovery.**

   (a) Exchange and completion of all other factual discovery shall be commenced so as to be completed by April 7, 2006.

604585v1

(b) Maximum of 30 interrogatories, including contention interrogatories, may be served by one party on any adverse party in the litigation.

(c) Maximum of 25 requests for admission may be served by one party on any adverse party in the litigation.

(d) Maximum of 10 depositions by Plaintiff of each Defendant and 10 depositions by each Defendant, excluding expert depositions. Each fact deposition taken by Plaintiff shall be limited to one (1) day of seven (7) hours with the exception of 30(b)(6) depositions, which may extend to ten (10) hours on consecutive days. Each fact deposition taken by any one of the Defendants shall be limited to ten (10) hours on consecutive days, except depositions of the inventors, which shall each be limited to fourteen (14) hours of testimony on consecutive days, with the following condition: the parties agree to coordinate scheduling of depositions (i.e. the depositions will be scheduled on an agreeable date so that counsel for all parties that have questions for the witness shall have the opportunity to attend and question the witness) so that no witness will be deposed more than once in this action in his or her capacity as an individual and once in this action in his or her capacity as a 30(b)(6) witness, if so designated.

(e) Reports by retained experts required under Fed. R. Civ. P. 26(a)(2) on any issue on which the party bears the burden of proof shall be served by May 12, 2006, and rebuttal reports shall be served by May 26, 2006.

(f) Any party desiring to depose an expert witness shall notice said deposition to be taken no earlier than June 2, 2006, and no later than July 28, 2006. The parties agree to coordinate scheduling of expert depositions (i.e. the depositions will be scheduled on an agreeable date so that counsel for all parties that have questions for the witness shall have

the opportunity to attend and question the witness) so that no expert witness will be deposed more than once in this action. Each expert deposition shall be limited to seven (7) hours, except for experts testifying for or about multiple Defendants, in which case the expert deposition shall be a maximum of fourteen (14) hours.

(g) Willfulness Issues. If a Defendant intends to rely upon legal advice of counsel as a defense to Plaintiff's charge of willful infringement, each Defendant shall make this election by February 24, 2006, and shall produce the information and documents relating to the advice of counsel defense to Plaintiff by February 24, 2006.

(h) Status conferences are scheduled for December 9, 2005 and March 24, 2006 to resolve any ongoing discovery issues that may need to be raised.

4. On or before March 10, 2006, each Defendant shall serve on Plaintiff the information required by 35 U.S.C. § 282.

5. **Discovery Disputes.**

(a) A party seeking discovery which the opposing party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1. Said motion shall not exceed a total of four (4) pages. An Answer to the Rule 37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the motion. No reply is permitted.

(b) All papers shall set forth in a plain and concise manner the issue(s) in dispute, the party's position on the issue(s), and the reasons for the party's position.

(c) Upon receipt of the Answer, the movant shall notify Chambers by e-mail at jjf_civil@ded.uscourts.gov that the dispute is ready for decision.

(d) Upon receipt of the movant's e-mail, the Court will determine whether a conference is necessary and advise the parties accordingly.

(e) There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

6. **Case Dispositive Motions.** Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before August 28, 2006. Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. The Court will issue a separate Order regarding procedures for filing summary judgment motions.

7. **Claim Construction.**

(a) Each party shall serve a list of terms and/or phrases for which they request the opposing party's claim interpretation on or before March 10, 2006.

(b) Each party shall serve its proposed claim interpretation for each term and/or phrase identified by the opposing party in 7(a) above on March 24, 2006.

(c) The parties shall negotiate in good faith to narrow any disputes to arrive at a list of disputed terms for Markman on or before March 31, 2006.

(d) On April 14, 2006, the parties shall file a Joint Statement with the Court, which includes a list of all disputed claim terms and the parties' proposed interpretations.

(e) Plaintiff and Defendants shall file with the Court and serve upon each other their Opening Briefs on Claim Construction on or before April 28, 2006.

(f) Plaintiff and Defendants shall file with the Court and serve upon each other their Responsive Briefs on Claim Construction on or before May 19, 2006.

  (g) Any party that relies on expert declarations shall make that expert available for deposition within two weeks after the filing of the brief to which the declaration was attached.

  (h) A *Markman* Hearing shall be held on _____.

8. **Applications by Motion.**

  (a) Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider facsimile transmissions or applications and requests submitted by letter or in a form other than a motion.

  (b) No facsimile transmissions will be accepted.

  (c) No telephone calls shall be made to Chambers.

  (d) Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

9. **Pretrial Conference.** After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

  The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

Date:_____        _____
                                    JOSEPH J. FARNAN, JR.
                                    United States District Judge