IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC,

        Plaintiff,

    v.

VERISIGN, INC., RSA SECURITY, INC.,
NETEGRITY, INC., COMPUTER
ASSOCIATES INTERNATIONAL, INC., and
JOHNSON & JOHNSON SERVICES, INC.,

        Defendants.

Civil Action No. CA 05-214 JJF
Jury Trial Demanded

**DEFENDANT VERISIGN INC.'S MOTION TO COMPEL PLAINTIFF PRISM
TECHNOLOGIES, INC. TO PROVIDE THE PLAIN AND ORDINARY MEANING OF
CERTAIN DISPUTED CLAIM TERMS**

March 15, 2006

Patricia Smink Rogowski
Delaware Bar ID 2632
CONNOLLY, BOVE, LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
PO Box 2207
Wilmington DE 19899
Telephone : (302) 658-9141
Fax: (302) 658-5614

*Attorneys for Defendant VeriSign Inc.*

*Of Counsel:*

Edward F. Mannino
Jason A. Snyderman
AKIN GUMP STRAUSS HAUER & FELD LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103
Telephone: (215) 965-1200
Fax: (215) 965-1210

Frank C. Cimino, Jr.
Daniel Yonan
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564
Telephone: (202) 887-4000
Fax: (202) 887-4288

**<u>TABLE OF CONTENTS</u>**

TABLE OF AUTHORITIES………………………………………………………..i

I.    INTRODUCTION……………………………………………………....1

II.   FACTS……………………………………………………………….2

III.  ARGUMENT……………………………………...…………………...…..3

## <u>TABLE OF AUTHORITIES</u>

### Cases

*Carver v. Veldyne Acoustics, Inc.,*
    202 F.R.D. 273 (W.D. Wash. 2001)……………………………………………3,4

*Searfoss v. Pioneer Consolidated Corp.,*
    374 F.3d 1142 (Fed. Cir. 2004)………………………………………………3

*Tex. Digital Sys., Inc. v. Telegenix, Inc.,*
    308 F.3d 1193 (Fed. Cir. 2002)………………………………………………4

*Vivid Tech., Inc. v. American Science & Engineering, Inc.,*
    200 F.3d 795 (Fed. Cir. 1999)………………………………………………..3

### Statutes and Rules

Fed. R. Civ. P. 11 ....................................................................................................... 3

Fed. R. Civ. P. 26....................................................................................................... 1

Fed. R. Civ. P. 37....................................................................................................... 1

D. Del. L. R. 37.1....................................................................................................... 1

ii

## INTRODUCTION

Defendant VeriSign, Inc. ("VeriSign") requests, pursuant to FED. R. CIV. P. 26 and 37(a), LOCAL RULE 37.1, and Discovery Dispute Procedures (¶4),[1] an order compelling Prism Technologies LLC ("Plaintiff" or "Prism") to provide a full and complete response to Interrogatory No. 13, within seven (7) days, and award VeriSign all costs associated with bringing this motion.

VeriSign's Interrogatory No. 13 specifically requests that Prism, the patentee, supply what Prism believes the plain and ordinary meanings are for a select group of asserted claim terms, which for over four months now, Prism has refused to do. Despite repeated attempts by VeriSign to resolve the issue, the parties still remain at an impasse.

## FACTS

This patent infringement suit was filed on April 11, 2005, and Prism asserted, *inter alia*, that VeriSign infringed claims 1 and 24 of United States Patent No. 6,516,416 ("the '416 patent"). VeriSign served its First Set of Interrogatories on Prism and, in Interrogatory No. 1, asked that Prism supply claim interpretations for a group of "bolded" terms and phrases from claims 1 and 24. *See* Exh. A, VeriSign's Interrog. No. 1 (9/15/05). To facilitate a response, VeriSign provided a blank claim chart that listed these bolded terms and phrases it believed would be in dispute, alongside empty columns for Prism to provide its interpretations and citations to supporting evidence. *See id.* In response, Prism asserted "[t]he terms of at least claims 1 and/or 24 of the '416 patent should be given their plain and ordinary meaning." *See* Exh. B, Prism's Res. and Obj. to Int. No. 1 (10/24/05). However, instead of defining what the

---

[1] Although a Rule 16 scheduling order has not yet been adopted in this matter, VeriSign has followed the requirements for discovery motions provided in Hon. Judge Farnan's proposed scheduling orders for patent cases.

plain and ordinary meaning should be, Prism incorporated its own chart that only mirrored the language of claims 1 and 24, *undefined*, against a VeriSign product. *See id.* (emphasis added).[2]

VeriSign requested that Prism construe the bolded terms identified by VeriSign's first interrogatory. *See* Exh. C, ltr. from J.Snyderman to A.Bahou at p.1 (11/8/05). VeriSign explained that the phrase "plain and ordinary meaning" simply refers to a method of interpreting claims, and is not itself an actual interpretation. *Id.* Prism replied, again, that because the plain and ordinary meaning governed any construction, it was under no obligation to provide any further interpretation. *See* Exh. D, ltr. from A.Bahou to J.Snyderman at p.1 (11/23/05). Moreover, Prism attempted to shift the burden to VeriSign stating that it was now VeriSign's responsibility—not Prism's—to provide any additional interpretations if it did not agree to the universal plain and ordinary meaning of each term. *See id.* (emphasis added).

VeriSign provided the legal authority for its position and explained that it was entitled to any meaning Prism attached to each bolded claim term, because Prism should have already defined each term as part of its pre-filing requirements. *See* Exh. E, ltr. from D.Yonan to A.Bahou at p.1 (1/4/06). Again, Prism adamantly maintained it had no obligation to define any terms because the plain and ordinary meaning governed any possible construction. *See* Exh. F, ltr. from A.Bahou to D.Yonan at p.1 (1/20/06).[3]

In a final "good faith" attempt to resolve the dispute, VeriSign served an altogether new interrogatory that asked Prism to supply what it contended the plain and ordinary meaning was

---

[2] For reasons unknown, Prism provided the plain and ordinary meaning for three (3) disputed means plus function elements of claims 1 and 24, and set forth the corresponding structures, however, neglected to provide any interpretations for the remaining claim terms—which is one basis for bringing this motion.

[3] Prism contended that its proposed procedural schedule provides an opportunity for all parties to exchange disputed claim terms and constructions. However, VeriSign is requesting Prism's *contentions* at this stage, and not its final interpretations, which are dictated by the proposed schedule. These initial contentions are needed in order to begin preparing for depositions.

for a *narrowed-list* of nineteen (19) claim terms, along with any support for its interpretations. *See* Exh. G, VeriSign's 2nd Set of Interrogatories (No. 13) (1/26/06). VeriSign did this to avoid having to seek relief from the Court, and to help narrow the possible terms in dispute. *See* Exh. H, ltr. from D.Yonan to A.Bahou at p.2 (1/26/06). Again, Prism refused to provide any meaningful response. *See* Exh. I, Res. by Prism to VeriSign's 2nd Set of Interrog, No. 13 (2/24/06). Now, for the first time, Prism also objected to the Request as premature—almost 11 months into the case. *See id.*

## ARGUMENT

VeriSign's Int. No. 13 seeks Prism's contentions as to the meaning of several claim terms—the most basic discovery in a patent infringement case. *See Vivid Tech., Inc. v. American Science & Engineering, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999) ("It is routine case management to require litigants to identify the aspects of their case that are material to the dispute."). Prism should have developed a basis for its infringement allegations before filing this lawsuit. *See* FED. R. CIV. P. 11. That is, Prism should have first attributed a certain meaning to the terms of claims 1 and 24, and then compared these construed claims to VeriSign's allegedly infringing products to determine they infringe. *See Searfoss v. Pioneer Consolidated Corp.*, 374 F.3d 1142, 1148 (Fed. Cir. 2004). Prism cannot withhold its infringement contentions simply because it believes each claim term has a plain and ordinary meaning that it argues VeriSign already knows. *Carver v. Veldyne Acoustics, Inc.*, 202 F.R.D. 273, 274 (W.D. Wash. 2001) ("[Defendant] is entitled to know what led [plaintiffs] to file their patent infringement suit.") (attached as Exh. J). This position is without merit, unless Prism is prepared to accept and not dispute the plain and ordinary meaning VeriSign proffers. Moreover, this exact posture has been rejected before.

In *Carver*, the defendant's interrogatory sought to "know how the [plaintiffs] construe the claim language in order to determine infringement." *Id.* at 274. The *Carver* plaintiffs responded in the same way as Prism, stating only that "the claims should be construed according to their plain meaning by people skilled in the relevant art [*i.e.*, the plain and ordinary meaning]." *Id.* at 274-75. The Court held that this "answer is deficient and in no way resembles a complete answer regarding claim construction," and ordered the patentee to provide a complete response to the interrogatory. *Id.* The *Carver* decision compels a similar finding here. *See also, e.g., Tex. Digital Sys., Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1202 (Fed. Cir. 2002) (the phrase 'ordinary meaning' refers to a method of interpreting claims and is not in-and-of-itself a specific claim interpretation) (internal citations omitted).

Simply put, Prism cannot have it both ways—alleging infringement on one hand while at the same time refusing to provide an actual construction. Accordingly, this Court should grant the Defendant's motion compelling Prism to completely answer VeriSign's Int. No. 13, within seven (7) days of an order granting this motion, and award VeriSign all costs associated with bringing this motion.

Dated: March 15, 2006

By: _____

*Attorneys for Defendant VeriSign Inc.*

Patricia Smink Rogowski
Delaware Bar ID 2632
CONNOLLY, BOVE, LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
PO Box 2207
Wilmington DE 19899
Telephone : (302) 658-9141
Fax: (302) 658-5614


*Of Counsel:*

Edward F. Mannino                         Frank C. Cimino, Jr.
Jason A. Snyderman                        Daniel Yonan
AKIN GUMP STRAUSS HAUER & FELD LLP        AKIN GUMP STRAUSS HAUER & FELD LLP
One Commerce Square, Suite 2200           Robert S. Strauss Building
2005 Market Street                        1333 New Hampshire Avenue, NW
Philadelphia, PA 19103                    Washington, DC 20036-1564
Telephone: (215) 965-1200                 Telephone: (202) 887-4000
Fax: (215) 965-1210                       Fax: (202) 887-4288

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2006, I electronically filed DEFENDANT VERISIGN INC.'S MOTION TO COMPEL PLAINTIFF PRISM TECHNOLOGIES, INC. TO PROVIDE THE PLAIN AND ORDINARY MEANING OF CERTAIN DISPUTED CLAIM TERMS with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
rkirk@bayardfirm.com

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza- Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Frederick L. Cottrell, III
Alyssa Schwartz
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899-0551
cottrell@rlf.com
schwartz@rlf.com

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE  19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

I hereby certify that on March 15, 2006, I electronically mailed the document(s) to the following non-registered participants:

Dirk D. Thomas, Esquire
Robins, Kaplan, Miller & Ciresi, LLP
1801 K Street, N.W., Suite 1200
Washington, DC 20006
PrismCounsel@rkmc.com

John DiMatteo
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY  10019-6099
PrismLitigation-JJSI@willkie.com

David M. Schlitz
Baker Botts LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400
DLDallasPrismLitigationCA-
Netegrity@BakerBotts.com

Gregory P. Teran
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA 02109
RSAPrismLitigation@wilmerhale.com

Samir A. Bhavsar
Baker Botts LLP
2001 Ross Avenue
Dallas, TX 75201-2980
DLDallasPrismLitigationCA-
Netegrity@BakerBotts.com

By: _____
    Patricia Smink Rogowski (DE Bar #2632)
    Connolly Bove Lodge & Hutz LLP
    P.O. Box 2207
    1007 N. Orange Street
    Wilmington, DE 19899
    (302) 658-9141
    progowski@cblh.com

400470_3.DOC