IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC. and JOHNSON AND JOHNSON,<br><br>Defendants. | C.A. No. 05-214-JJF<br>**JURY TRIAL DEMANDED** |

**DEFENDANT VERISIGN, INC.'S FIRST SET OF INTERROGATORIES TO
PLAINTIFF PRISM TECHNOLOGIES LLC (NOS. 1 - 10)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant VeriSign, Inc. ("VeriSign") requests that Plaintiff Prism Technologies LLC ("Prism") answer the following interrogatories fully and separately in writing under oath by an officer or other agent of Prism authorized to give answers on its behalf. Answers to these interrogatories must be served within the time prescribed by the Federal Rules of Civil Procedure. The following definitions and instructions apply.

## INTERROGATORIES

**INTERROGATORY NO. 1.**

With reference to the claim charts attached as Exh. A, in which the first column lists the claim elements and/or steps of independent claims 1, 19 and 24 of the '416 patent, complete the second column by stating Plaintiff's claim interpretation contentions for each element and/or step (set forth in each row of Exh. A), as a whole, as well as for each specifically bolded and quoted word and/or phrase, and complete the third column by stating all basis and support for those contentions, including citing all portions of the specification and prosecution history, and identifying and describing all other evidence, if any, that Plaintiff believes supports its contentions. If Plaintiff contends that any of the claim elements are means-plus-function elements construed pursuant to 35 U.S.C. §112 paragraph 6, so state and provide plaintiff's contention as to the function to be performed and the identity of the corresponding structure in the specification for performing it, and the scope of equivalents, if any. If Plaintiffs contend that any claim element that includes the word "means" is *not* means-plus-function (as it is presumed to be under the law), state all basis and evidence for this contention.

**INTERROGATORY NO. 2.**

For each claim of the '416 patent that Plaintiff contends is infringed by VeriSign, identify each activity, product, device, part, or system manufactured, imported, used or sold by VeriSign that, according to Plaintiff, embodies, is covered by, makes use of, or otherwise practices any claim of the patent-in-suit and, with reference to Plaintiff's claim interpretation contentions provided in response to Interrogatory No. 1, state with particularity the basis for each of Plaintiff's contentions as to how each asserted claim of the patent-in-suit is infringed, either

9

Exhibit A
Plaintiff's Response To VeriSign's Interrogatory No. 1

| Claim 1 of the '416 Patent | Plaintiff's Claim Interpretation | Plaintiff's Support and Evidence |
|---|---|---|
| A "system" for controlling the operation of and access to "selected computer resources" of at least a "first server computer" by at least one "subscriber client computer" via an "untrusted network" in an "operating session", "without necessarily controlling access to other computer resources" provided by the first server computer and by "other server computers" and "nonsubscriber client computers", comprising: | | |
| "clearinghouse means" for "storing" "identity data of said first server computer" and the "identity data of each of said subscriber client computers"; | | |
| "server software means" installed on said first server computer "adapted to forward its identity data and identity data of each subscriber client computer to said clearinghouse means" at the "beginning of an operating session" in which "access to" "selected computer resources" of said first server computer is requested; | | |
| "client software means" installed on each of said "subscriber client computers" "adapted to forward its identity data to said first server computer" at the "beginning of an operating session" in which "access to" "selected computer resources" is requested; | | |
| at least one "hardware key" "connected to" the "subscriber client computer" said key being "adapted to generate" a "predetermined" "digital identification", which "identification is part of said identity data"; | | |
| said "server software means" installed on the first server computer being "adapted to selectively request" the "subscriber client computer" "to forward" said "predetermined" "digital identification" to the first server computer "to thereby confirm" that said hardware key is "connected to" said subscriber client | | |

1

Exhibit A
Plaintiff's Response To VeriSign's Interrogatory No. 1

| | | |
|---|---|---|
| computer; | | |
| said "**clearinghouse means**" being "**adapted to authenticate the identity of said subscriber client computer**" responsive to a request for selected computer resources of said first server computer by a "**subscriber client computer**"; | | |
| said "**clearinghouse means**" being "**adapted to authenticate the identity of said first server computer**" responsive to said "**subscriber client computer**" making the request for selected computer resources of said first server computer; and | | |
| said "**clearinghouse means**" being "**adapted to permit access**" to said selected computer resources responsive to "**successful initial authentication**" of said first server computer and of "**said subscriber client computer making first request**". | | |

2

Exhibit A
Plaintiff's Response To VeriSign's Interrogatory No. 1

| Claim 19 of the '416 Patent | Plaintiff's Claim Interpretation Position | Plaintiff's Support and Evidence |
|---|---|---|
| A "system" for controlling the operation of and access to "selected computer resources" of at least a "first server computer" by at least one "subscriber client computer" via an "untrusted network" in an "operating session", "without necessarily controlling access to other computer resources" provided by the first server computer and by "other server computers" and "nonsubscriber client computers", and each of said subscriber client computers has a "standard browser application" for "browsing" the untrusted network, comprising; | | |
| "clearinghouse means" for "storing" "identity data of said first server computer" and the "identify data of each of said subscriber client computers"; | | |
| "server software means" installed on said first server computer "adapted to forward its identity data and identify data of each subscriber client computer to said clearinghouse means" at the "beginning of an operating session" in which "access to" "selected computer resources" of said first server computer is requested; and, | | |
| "client software means" installed on each of said "subscriber client computers" "adapted to forward its identity data to said first server computer" at the "beginning of an operating session" in which "access to" "selected computer resources" is requested; | | |
| said "clearinghouse means" being "adapted to authenticate the identity of said subscriber client computer" responsive to a request for selected computer resources of said first server computer by a "subscriber client computer"; | | |

3

Exhibit A
Plaintiff's Response To VeriSign's Interrogatory No. 1

| | | | |
|---|---|---|---|
| said "clearinghouse means" being "adapted to authenticate the identity of said first server computer" responsive to said "subscriber client computer" making the request for selected computer resources of said first server computer. | | | |
| said "clearinghouse means" being "adapted to permit access" to said selected computer resources responsive to "successful initial authentication" of said first server computer and of "said subscriber client computer making said request"; | | | |
| said "server software means" installed on the first server computer being "adapted to designate specific resource content as being protected and to provide predetermined protection data identifying said resource content as being protected" when said data is transmitted to one of said "subscriber client computers" responsive to a request for said resource content; | | | |
| said "client software means" installed on each of said "subscriber client computers" being "adapted to monitor" said data defining a "hierarchical system of protection" and "selectively" "disable" "predetermined" "application functions" of the "standard browser application" "previously installed" on said "subscriber client computer" for said "designated specific resources content". | | | |

4

Exhibit A
Plaintiff's Response To VeriSign's Interrogatory No. 1

| Claim 24 of the '416 Patent | Plaintiff Claim Interpretation Position | Plaintiff's Support and Evidence |
|---|---|---|
| A "method" of controlling access to "selected computer resources" of at least a "first server computer" by at least one "subscriber client computer" via an "untrusted network" during an "operating session", "without necessarily controlling access to other computer resources" provided by the first server computer and by "other server computers" and "nonsubscriber client computers", comprising the steps of: | | |
| "registering identity data of said first server computer and the identity data of each of said subscriber client computers" and "storing the registered identity data" in a "clearinghouse means" "associated with" said first server computer and said "subscriber client computers"; | | |
| requiring a "subscriber client computer" to forward "its identity data" to said "clearinghouse means" at the "beginning an operating session" in which access to "selected computer resources" is requested; | | |
| requiring a "subscriber client computer" to forward a "pre-determined" "digital identification" to said first server computer "to thereby confirm" that a "hardware key" is "connected" to said "subscriber client computer"; | | |
| attempting to "authenticate" the identity of said "subscriber client computer" from said "clearinghouse means" "responsive" to a request for "selected computer resources" of said first server computer by a "subscriber client computer"; | | |
| attempting to "authenticate" the "identity of said first server computer" from said "clearinghouse means" responsive to said "subscriber client computer" making the request for "selected computer resources"; and | | |
| "permitting access" to said "selected computer resources" "responsive" to "successful initial authentication" of said "first server computer" and of said "subscriber | | |

| | |
|---|---|
| | "client computer" making said request. |

Exhibit A
Plaintiff's Response To VeriSign's Interrogatory No. 1

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC. and JOHNSON AND JOHNSON,<br><br>Defendants. | C.A. No. 05-214-JJF<br>**JURY TRIAL DEMANDED** |

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that on September 15, 2005, true and correct copies of DEFENDANT VERISIGN, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF PRISM TECHNOLOGIES LLC (NOS. 1-40) and DEFENDANT VERISIGN, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF PRISM TECHNOLOGIES LLC (NOS. 1-10) were served on the attorneys of record at the following addresses specified below:

Richard D. Kirk (By Hand)
The Bayard Firm
22 Delaware Avenue
Suite 900
Wilmington, DE 19899

Gregory P. Teran (First Class Mail)
Wilmer Cutler Pickering Hale & Dorr LLP
60 State Street
Boston, MA 02109

Dirk D. Thomas (First Class Mail)
Robins, Kaplan, Miller & Ciresi, LLP
1801 K Street, N.W.
Suite 1200
Washington, D.C. 20006-1307

David M. Schlitz (First Class Mail)
Baker Botts LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2450

John DiMatteo (First Class Mail)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

Richard L. Horwitz (By Hand)
Potter Anderson & Corroon
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899.

Frederick L. Cottrell, III (By Hand)
Richards Layton & Finger
One Rodney Square
920 North King Street,
Wilmington, DE 19801

Steven J. Balick (By Hand)
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899.

Dated: September 15, 2005

*Of Counsel*

Edward F. Mannino
Jason A. Snyderman
AKIN GUMP STRAUSS HAUER & FELD LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103
Telephone: (215) 965-1200
Fax: (215) 965-1210

Frank C. Cimino
Jin-Suk Park
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564
Telephone: (202) 887-4000
Fax: (202) 887-4288

By: /s/ Patricia S. Rogowski

Patricia Smink Rogowski
Delaware Bar ID 2632
The Nemours Building
1007 North Orange Street
PO Box 2207
Wilmington DE 19899
Telephone : (302) 658-9141
Fax: (302) 658-5614

*Attorneys for Defendant, VeriSign, Inc.*