IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>Defendants. | Civil Action No. 05-214 JJF |

**PLAINTIFF PRISM TECHNOLOGIES LLC'S OBJECTIONS AND RESPONSES TO DEFENDANT VERISIGN, INC.'S FIRST SET OF INTERROGATORIES (Nos. 1-10)**

Plaintiff Prism Technologies LLC ("Prism") provides the following responses and objections to VeriSign, Inc.'s ("VeriSign") First Set of Interrogatories. Prism will supplement these responses as required by the Federal Rules of Civil Procedure and the Local Rules and Orders of this Court.

## GENERAL OBJECTIONS

For its General Objections, Prism objects to VeriSign's interrogatories, instructions and definitions as follows. Prism hereby incorporates its definitions as set forth in its Revised First Set of Document Requests to VeriSign.

A.  Prism objects to these interrogatories to the extent they impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, or the Orders of this Court. Prism does not consider itself bound by VeriSign's instructions and definitions.

606362v1

claim construction by the Court in this case. Therefore, Prism specifically reserves its right to change, modify, or otherwise supplement the claim constructions presently asserted.

I.   Prism objects to these interrogatories on the grounds that discovery has just begun and Prism has not completed its investigation of all facts relating to Defendants' infringement of the patent-in-suit or its formulation of its contentions with respect to such issues. Therefore, Prism specifically reserves its right to change, modify, or otherwise supplement its allegations based on discovery to be obtained from the Defendants or its own investigation.

J.   Prism objects to these interrogatories to the extent that they call for premature expert discovery.

K.   To the extent not objected above, Prism incorporates by reference its objections to VeriSign's First Set of Document Requests.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

With reference to the claim charts attached as Exh. A, in which the first column lists the claim elements and/or steps of independent claims 1, 19 and 24 of the '416 patent, complete the second column by stating the Plaintiff's claim interpretation contentions for each element and/or step (set forth in each row of Exh. A), as a whole, as well as for each specifically bolded and quoted word and/or phrase, and complete the third column by stating all basis and support for those contentions, including citing all portions of the specification and prosecution history, and identifying and describing all other evidence, if any, that Plaintiff believes supports its contentions. If Plaintiff contends that any of the claim elements are means-plus-function elements construed pursuant to 35 U.S.C. § 112 paragraph 6, so state and provide plaintiff's contention as to the function to be performed and the identity of the corresponding structure in the specification for performing it, and the scope of equivalents, if any. If Plaintiffs contend that any claim element that includes the word "means" is *not* means-plus-function (as it is presumed to be under the law), state all basis and evidence for this contention.

### RESPONSE TO INTERROGATORY NO. 1:

Prism incorporates its general objections, and specifically its General Objections A, C, E, H, I, and J. Prism specifically objects to the "scope of equivalents" inasmuch as Defendants'

have not yet responded to discovery and the potential scope of equivalents is dependent, in part, on the structure and operation of the accused devices. At present, Prism asserts that the asserted claims read literally on the accused products and services, but reserves its rights to allege infringement by equivalent as discovery or the Court's claim constructions may require. Prism objects to this interrogatory as a premature contention interrogatory. Prism has not completed its investigation of all facts or its formulation of all contentions with respect to such issues. Prism objects to this interrogatory as overly broad and unduly burdensome to the extent it seeks information regarding claims that are not asserted or at issue in this case, specifically claim 19. Prism objects to this interrogatory to the extent it calls for subject matter not relevant to a claim or defense of any party, not reasonably calculated to lead to the discovery of admissible evidence, or as otherwise imposing obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, or the Orders of this Court.

Subject to and without waiving these objections, Prism responds as follows. The terms of at least claims 1 and/or 24 of the '416 patent should be given their plain and ordinary meaning. Prism incorporates herein its response to Interrogatory No. 2 to provide its disclosure of how the plain and ordinary meaning of the claim terms read on the presently accused products. The following means plus function elements of claims 1 and 24 have the functions specifically recited in the claim for that means plus function element. The structure embodying the means plus function element is identified below. Prism reserves its right to change, modify, or otherwise supplement its contentions regarding the structure that embodies each means clause.

### Clearinghouse Means

The corresponding structure of the claimed "clearinghouse means" is the clearinghouse database server 56 and the user authentication daemon 58. *See* '416 patent, col. 6, line 66 to col. 7, line 9.

### Server Software Means

The corresponding structure of the claimed "server software means" is that portion of the session manager 52, *see* '416, patent col. 7, lines 49-50, that operates in conjunction with the user authentication daemon 58 to forward the identity data of the first server computer and the subscriber client computer to said clearinghouse means. The server software means also includes the "access key validator" block (as shown in Fig. 3, at reference number 34) which requests the subscriber client computer to forward its digital identification to the first server to confirm the presence of a hardware key.

### Client Software Means

The corresponding structure of the "client software means" includes that portion of the subscriber software 36 that is adapted to forward the identity data of the client computer to said first server computer at the beginning of an operating session.

### INTERROGATORY NO. 2:

For each claim of the '416 patent that Plaintiff contends is infringed by VeriSign, identify each activity, product, device, part, or system manufactured, imported, used or sold by VeriSign that, according to Plaintiff, embodies, is covered by, makes use of, or otherwise practices any claim of the patent-in-suit and, with reference to Plaintiff's claim interpretation contentions provided in response to Interrogatory No. 1, state with particularity the basis for each of Plaintiff's contentions as to how each asserted claim of the patent-in-suit is infringed, either literally or under the doctrine of equivalents, directly (under 35 U.S.C. § 271(a)) or indirectly (under 35 U.S.C. § 271 (b) or § 271 (c)) by VeriSign.

## RESPONSE TO INTERROGATORY NO. 2:

Prism incorporates its general objections, and specifically its General Objections A, C, E, H, I, and J. Prism objects to this interrogatory as a premature contention interrogatory. Prism has not, as yet, had the opportunity to conduct meaningful discovery to determine the full extent of products made, used, sold, and/or offered for sale by VeriSign that infringe the '416 patent. Since discovery is ongoing and VeriSign has not yet responded to Prism's discovery requests, Prism reserves the right to change, modify, or otherwise supplement its current infringement contentions, including identifying additional products and/or services offered by VeriSign that infringe one or more claims of the '416 patent.

Subject to and without waiving these objections, Prism responds as follows. Prism alleges, to date, that the VeriSign's Unified Authentication Solution meets all the elements of at least claims 1 and/or 24.

| US Patent #6,516,416 | VeriSign's Solution |
|---|---|
| 1.) A system for controlling the operation of and access to selected computer resources of at least a first server computer by at least one subscriber client computer via an untrusted network in an operating session, without necessarily controlling access to other computer resources provided by the first server computer and by other server computers and nonsubscriber client computers, comprising: | The VeriSign Certificate Validation Module (CVM) installed on a Web Server provides the functions of the first server. The CVM communicates with the subscriber client computer (an operating session) using the Internet (an untrusted network) to control access to selected computer resources. A subscriber client computer is used to access computer resources controlled by the CVM. Both subscriber client computers and nonsubscriber client computers can also access resources not controlled by the CVM on the Web Server (first server). Both subscriber client computers and nonsubscriber client computers can also access other Web Servers (e.g.. www.yahoo.com).[1,2] |
| 1a.) clearinghouse means for storing identity data | The clearinghouse means consists of the |

---

[1] *VeriSign Authentication Services*, VeriSign, Inc, 2000 (P 032680-032708).
[2] *VeriSign Unified Authentication - The Next Generation of Strong Authentication*, VeriSign, Inc., 2004 (P 032709-032726).

606362v1

- 6 -

| US Patent #6,516,416 | VeriSign's Solution |
|---|---|
| of said first server computer and the identity data of each of said subscriber client computers; | VeriSign hosted ATLAS OCSP Responder and the ATLAS Central Authoritative Database.[3] The identity data of the CVM (first server) and each subscriber client are stored in the ATLAS Central Authoritative Database. The identity data of the first server is an X.509 digital certificate. The identity data of the subscriber client is a X.509 digital certificate stored on the hardware key (VeriSign Unified Authentication USB Token or third party Smart Card). |
| 1b.) server software means installed on said first server computer adapted to forward its identity data and identity data of each subscriber client computer to said clearinghouse means at the beginning of an operating session in which access to selected computer resources of said first server computer is requested; | The CVM (first server) signs an OCSP request with its identity data and forwards the OCSP request containing the subscriber client computer identity data to the ATLAS OCSP Responder (clearinghouse means) at the beginning of an operating session when resources controlled by the CVM are requested by the subscriber client computer.[4,5] |
| 1c.) client software means installed on each of said subscriber client computers adapted to forward its identity data to said first server computer at the beginning of an operating session in which access to selected computer resources is requested; | VeriSign Personal Trust Agent (PTA) software is the client software means installed on each of said subscriber client computers.[6] The PTA software forwards the identity data (X.509 digital certificate) stored on the USB Token or Smart Card to the CVM at the beginning of an operating session when computer resources controlled by the CVM are requested by the subscriber client computer.[7] |
| 1d.) at least one hardware key connected to the subscriber client computer, said key being adapted to generate a predetermined digital identification, which identification is part of said identity data; | The VeriSign Unified Authentication USB Token or third party Smart Card is the hardware key which is connected to the subscriber client computer's USB port or by a Smart Card reader. A X.509 digital certificate (predetermined digital identification) can be stored on Token or Smart Card. The digital certificate comprises the subscriber identity data.[8,9] |

---

[3] *ATLAS – The Advanced Transaction Look-up and Signaling Platform*, VeriSign, Inc., January 23, 2003 (P 032727-032742).
[4] *Managed PKI Certificate Validation and Parsing Guide*, VeriSign, Inc., 2002, pp. 73-76 (P 032823-032826).
[5] *RFC 2560 – X.509 Internet Public Key Infrastructure Online Certificate Status Protocol – OCSP*, IETF, June 1999, pg. 7 (P 032851).
[6] *Mobile Notebook Security*, Alex Deacon, Trust Services Architect, Verisign, Inc., Intel Corporation, September 9-12, 2002, pp. 11-17 (P 032876-032882).
[7] *Certificate Validation Module (CVM) User's Guide*, VeriSign, Inc., 2000 (P 032893-032970).
[8] *VeriSign Authentication Services*, VeriSign, Inc, 2000 (P 032680-032708).

606362v1

- 7 -

| US Patent #6,516,416 | VeriSign's Solution |
|---|---|
| **1e.)** said server software means installed on the first server computer being adapted to selectively request the subscriber client computer to forward said predetermined digital identification to the first server computer to thereby confirm that said hardware key is connected to said subscriber client computer; | The CVM (first server) can selectively request the identity data from the subscriber client computer. This is accomplished by setting a session timeout in the Web Server. The CVM monitors the Web Server timeout event. Upon the firing of the timeout event, the CVM request the identity data from the subscriber client computer.[10] |
| **1f.)** said clearinghouse means being adapted to authenticate the identity of said subscriber client computer responsive to a request for selected computer resources of said first server computer by a subscriber client computer; | The ATLAS OCSP Responder (clearinghouse) is adapted to authenticate the identity of said subscriber client computer responsive to a request for selected computer resources controlled by the CVM (first server) by a subscriber client computer.[11] |
| **1g.)** said clearinghouse means being adapted to authenticate the identity of said first server computer responsive to said subscriber client computer making the request for selected computer resources of said first server computer; and, | Upon receiving the signed OCSP request message from the CVM, the ATLAS OCSP Responder decrypts the OCSP request message using the identity data of the first server stored in the ATLAS Central Authoritative Database thereby authenticating the identity of the first server.[12] |
| **1h.)** said clearinghouse means being adapted to permit access to said selected computer resources responsive to successful initial authentication of said first server computer and of said subscriber client computer making first request. | The ATLAS OCSP Responder (clearinghouse) permits access to computer resources controlled by the CVM (first server) upon successful initial authentication of both the CVM (first server) and the subscriber client computer. |
| **24.)** A method of controlling access to selected computer resources of at least a first server computer by at least one subscriber client computer via an untrusted network during an operating session, without necessarily controlling access to other computer resources provided by the first server computer and by other server computers and nonsubscriber client computers, comprising the steps of: | The VeriSign Certificate Validation Module (CVM) installed on a Web Server provides the functions of the first server. The CVM communicates with the subscriber client computer (an operating session) using the Internet (an untrusted network) to control access to selected computer resources. A subscriber client computer is used to access computer resources controlled by the CVM. Both subscriber client computers and nonsubscriber client computers can also access resources not |

---

[9] *VeriSign Unified Authentication - The Next Generation of Strong Authentication*, VeriSign, Inc., 2004 (P 032709-032726).
[10] *E-Mail from Mike Olsen (VeriSign) to Rick Gregg*, VeriSign, Inc., January 26, 2005 (P 032971).
[11] *Managed PKI Certificate Validation and Parsing Guide*, VeriSign, Inc., 2002, pp. 73-76 (P 032823-032826).
[12] *E-Mail from Mike Olsen (VeriSign) to Rick Gregg*, VeriSign, Inc., January 26, 2005 (P 032971).

| US Patent #6,516,416 | VeriSign's Solution |
|---|---|
| | controlled by the CVM on the Web Server (first server). Both subscriber client computers and nonsubscriber client computers can also access other Web Servers (e.g. www.yahoo.com).[13,14] |
| 24a.) registering identity data of said first server computer and the identity data of each of said subscriber client computers and storing the registered identity data in a clearinghouse means associated with said first server computer and said subscriber client computers; | The clearinghouse means consists of the VeriSign hosted ATLAS OCSP Responder and the ATLAS Central Authoritative Database.[15] The identity data of the CVM (first server) and each subscriber client are stored in the ATLAS Central Authoritative Database. The identity data of the first server is an X.509 digital certificate. The identity data of the subscriber client is a X.509 digital certificate stored on the hardware key (VeriSign Unified Authentication USB Token or third party Smart Card). |
| 24b.) requiring a subscriber client computer to forward its identity data to said clearinghouse means at the beginning of an operating session in which access to selected computer resources is requested; | VeriSign Personal Trust Agent (PTA) software is the client software means installed on each of said subscriber client computers.[16] The PTA software forwards the identity data (X.509 digital certificate) stored on the USB Token or Smart Card to the CVM at the beginning of an operating session when computer resources controlled by the CVM are requested by the subscriber client computer.[17] |
| 24c.) requiring a subscriber client computer to forward a predetermined digital identification to said first server computer to thereby confirm that a hardware key is connected to said subscriber client computer; | The VeriSign Unified Authentication USB Token or third party Smart Card is the hardware key, which is connected to the subscriber client computer's USB port or by a Smart Card reader. A X.509 digital certificate (predetermined digital identification) can be stored on Token or Smart Card. The digital certificate comprises the subscriber identity data.[18,19] The Personal Trust Agent (PTA) software is installed on the |

---

[13] *VeriSign Authentication Services*, VeriSign, Inc, 2000 (P 032680-032708).
[14] *VeriSign Unified Authentication - The Next Generation of Strong Authentication*, VeriSign, Inc., 2004 (P 032709-032726).
[15] *ATLAS – The Advanced Transaction Look-up and Signaling Platform*, VeriSign, Inc., January 23, 2003 (P 032727-032742).
[16] *Mobile Notebook Security*, Alex Deacon, Trust Services Architect, Verisign, Inc., Intel Corporation, September 9-12, 2002, pp. 11-17 (P032876-032882).
[17] *Certificate Validation Module (CVM) User's Guide*, VeriSign, Inc., 2000 (P 032893-032970).
[18] *VeriSign Authentication Services*, VeriSign, Inc, 2000 (P 032680-032708).
[19] *VeriSign Unified Authentication - The Next Generation of Strong Authentication*, VeriSign, Inc., 2004 (P 032709-032726).

| US Patent #6,516,416 | VeriSign's Solution |
|---|---|
|  | subscriber client computer and forwards the digital certificate to the CVM (first server). The CVM confirms that the hardware key is connected.[20] |
| **24d.)** Attempting to authenticate the identity of said subscriber client computer from said clearinghouse means responsive to a request for selected computer resources of said first server computer by a subscriber client computer; | The VeriSign hosted ATLAS OCSP Responder (clearinghouse) authenticates the identity of the subscriber client computer responsive to a request for selected computer resources of the CVM (first server) by a subscriber client computer.[21] |
| **24e.)** attempting to authenticate the identity of said first server computer from said clearinghouse means responsive to said subscriber client computer making the request for selected computer resources; and, | Upon receiving the signed OCSP request message from the CVM, the ATLAS OCSP Responder decrypts the OCSP request message using the identity data of the first server stored in the ATLAS Central Authoritative Database thereby authenticating the identity of the first server.[22,23] |
| **24f.)** permitting access to said selected computer resources responsive to successful initial authentication of said first server computer and of said subscriber client computer making said request. | The ATLAS OCSP Responder (clearinghouse) permits access to computer resources controlled by the CVM (first server) upon successful initial authentication of both the CVM (first server) and the subscriber client computer. |

## INTERROGATORY NO. 3:

Describe in detail when Plaintiff first became aware of and/or first had knowledge of each activity, product, device, system and/or equipment identified in response to Interrogatory No. 2; identify each person who had such knowledge; describe the circumstances under which each such person first became aware of and acquired such knowledge; and describe all facts, documents and things that refer and/or relate to this knowledge.

## RESPONSE TO INTERROGATORY NO. 3:

Prism incorporates its general objections, and specifically its General Objections A, B, C, D, E, and I. Subject to and without waiving these objections, Prism responds that Richard L.

---

[20] *Mobile Notebook Security*, Alex Deacon, Trust Services Architect, Verisign, Inc., Intel Corporation, September 9-12, 2002, pp. 11-17 (P 032876-032882).
[21] *Managed PKI Certificate Validation and Parsing Guide*, VeriSign, Inc., 2002, pp. 73-76 (P 032823-032826).
[22] *E-Mail from Mike Olsen (VeriSign) to Rick Gregg*, VeriSign, Inc., January 26, 2005 (P 032971).
[23] *RFC 2560 – X.509 Internet Public Key Infrastructure Online Certificate Status Protocol – OCSP*, IETF, June 1999, pg. 7 (P 032851).

606362v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-214 JJF |
| ) | |
| VERISIGN, INC., RSA SECURITY, INC., ) | |
| NETEGRITY, INC., COMPUTER ) | |
| ASSOCIATES INTERNATIONAL, INC., ) | |
| and JOHNSON & JOHNSON SERVICES, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that, on October 24, 2005, copies of 1) Prism Technologies LLC's Objections and Responses to Defendant VeriSign's First Set of Requests for the Production of Documents and Things (Nos. 1-40); and 2) Prism Technologies LLC's Objections and Responses to Defendant VeriSign's First Set of Interrogatories (Nos. 1-10) were served as shown:

**BY EMAIL AND BY HAND:**

Frederick L. Cottrell, III, Esq.
Alyssa M. Schwartz, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

606309v1

BY EMAIL AND U.S. MAIL:

| | |
|---|---|
| John DiMatteo, Esq.<br>Willkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York, NY 10019-6099 | William Lee, Esq.<br>Wilmer Cutler Hale & Dorr LLP<br>60 State Street<br>Boston, MA 02109 |
| Jason Snyderman, Esq.<br>Akin Gump Strauss Hauer & Feld LLP<br>One Commerce Square, Suite 2200<br>2005 Market Street<br>Philadelphia, PA 19103 | Frank C. Cimino, Esq.<br>Akin Gump Strauss Hauer & Feld LLP<br>Robert S. Strauss Building<br>1333 New Hampshire Avenue, NW<br>Washington, DC 20036-1564 |
| David M. Schlitz<br>Baker Botts L.L.P.<br>1299 Pennsylvania Avenue, NW<br>Washington, DC 20004-2400 | Samir A. Bhavsar<br>Jeffrey D. Baxter<br>Baker Botts L.L.P.<br>2001 Ross Avenue<br>Dallas, TX 75201-2980 |

THE BAYARD FIRM

October 24, 2005

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com

ATTORNEYS FOR PLAINTIFF PRISM TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 775-0725

606309v1