# AKIN GUMP
# STRAUSS HAUER & FELD LLP
Attorneys at Law

JASON A. SNYDERMAN
215.965.1229/fax: 215.965.1210
jsnyderman@akingump.com

November 8, 2005

**Via First Class Mail & E-Mail**

André J. Bahou, Esquire
Robins, Kaplan, Miller & Ciresi L.L.P.
Suite 1200
1801 K Street, N.W.
Washington, DC 20006-1307

Re:  *Prism Technologies LLC v. VeriSign, Inc., et al.*
     **Civil Action No. 1:05-CV-00214-JJF**

Dear Mr. Bahou:

We are in receipt of Prism Technologies LLC's Objections and Responses to VeriSign's First Set of Interrogatories and Requests for Production of Documents and Things. Among other things, many of Prism's responses are incomplete or unresponsive. Furthermore, Prism asserts inappropriate and baseless objections. This letter is our good faith attempt to identify specific concerns in hopes that Prism will supplement its responses.

## INTERROGATORIES

Interrogatory No. 1

Interrogatory No. 1 seeks, *inter alia*, Prism's claim interpretation contentions and the support from the intrinsic record for those contentions. Prism improperly states that "at least claims 1 and/or 24 of the '416 patent should be given their plain and ordinary meaning." Prism cannot simply state that claims should be given their "ordinary meaning" without providing its contention of what it believes the "ordinary meaning" of the term should be. The phrase "ordinary meaning" refers to a method of interpreting a claim and is not itself a specific claim interpretation. Prior to filing suit, Prism was obligated to conduct an adequate pre-Complaint investigation after which it must have identified specific products that it concluded infringed its claims based on Prism's claim interpretation. VeriSign is entitled to know what Prism contends is the ordinary meaning of the claim terms, and all evidence Prism has that support this contentions of the ordinary meaning. Please supplement Prism's response by completing the chart attached at Exhibit A to VeriSign's interrogatories.

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

André J. Bahou, Esquire
November 8, 2005
Page 2

Interrogatory No. 5

Interrogatory No. 5 seeks, *inter alia*, prior art located in any prior art search or otherwise brought to Prism's attention and how and when Prism learned of such art. Prism states that any prior art not identified on the face of the '416 patent or its certificate of correction was not known by Prism until after the patent was issued. However, Prism fails to identify any such art or how it came to Prism's attention and when. Please supplement this response accordingly.

Interrogatory No. 8

Interrogatory No. 8 asks about Prism's attempts to license, sell, commercialize or transfer rights to the '416 patent. Prism states that it has developed commercial embodiments for three entities but does not provide any description as to what those embodiments were or when they were developed. Moreover, Prism fails to describe any attempts to license, sell or transfer rights to the '416 patent or to deny that any such attempts were made. Please supplement this response accordingly.

Improper Use of Fed. R. Civ. P. 33(d)

In response to Interrogatory Nos. 3, 4, 5, 7 and 8, Prism fails to specify, by category and location, where in its document production any answers to these interrogatories can be found. Instead, Prism cites to Fed. R. Civ. P. 33(d) to support its position that "the information sought is contained within Prism's document production and the burden of extracting the requested information is substantially equal for VeriSign as it is for Prism." Rule 33(d) does not permit a responding party to avoid answers by imposing on the interrogating party a mass of business records from which the answers cannot be ascertained from a person unfamiliar with them. Rather, Rule 33(d) specifically requires that a response "shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." See Fed. R. Civ. P. 33(d). Considering that you have advised that there exists 19 boxes and another 19 tapes of electronically stored data, Prism is obligated under Rule 33(d) to specify where in this mass of records the responses to these interrogatories can be found. Accordingly, please identify by Bates-number ranges the precise pages from where the answers to these interrogatories may be derived.

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

André J. Bahou, Esquire
November 8, 2005
Page 3

## DOCUMENT REQUESTS

Because Prism has stated that it will produce responsive documents and things to all but one of the Requests in VeriSign's First Set of Requests for Production of Documents and Things, VeriSign reserves its right to raise deficiencies relating to Prism's responses until an appropriate protective order is in place and Prism produces documents and things for review.

With regard to Prism's response to Request No. 36 (the only Request to which Prism has not agreed to provide responsive documents and things), Prism's response that this Request seeks the same material as Request No. 35 is incorrect. Request No. 35 seeks documents relating to *Prism's* attempts to assign, transfer, convey, license, mortgage, place a lien on or grant a security interest in the patent-in-suit or related patents. Request No. 36 seeks documents relating to inquiries, offers, requests, proposals, or negotiations *from others* to effectuate the same result. While documents responsive to one Request may also be responsive to the other, some documents may only be responsive to one. Accordingly, please provide documents responsive to Request No. 36 that may not be responsive to Request No. 35.

Please provide supplemental responses that address the concerns expressed in this letter.

Very truly yours,

Jason A. Snyderman

JAS/jlh
cc:

| | |
|---|---|
| Gregory P. Teran, Esquire | (e-mail & regular mail) |
| Kevin Meck, Esquire | (e-mail & regular mail) |
| Frank C. Cimino, Esquire | (e-mail & regular mail) |
| David M. Schiltz, Esquire | (e-mail & regular mail) |
| John M. DiMatteo, Esquire | (e-mail & regular mail) |
| Robert A. Auchler, Esquire | (e-mail & regular mail) |
| Richard D. Kirk, Esquire | (e-mail & regular mail) |
| Patricia Smink Rogowski, Esquire | (e-mail & regular mail) |
| Frederick L. Cottrell III, Esquire | (e-mail & regular mail) |
| Richard L. Horwitz, Esquire | (e-mail & regular mail) |
| Steven Balick, Esquire | (e-mail & regular mail) |

7497259.1

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

André J. Bahou, Esquire
November 8, 2005
Page 4


bcc:   Andrea Vavonese, Esquire (via facsimile)