# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

SUITE 1200
1801 K STREET, N.W.
WASHINGTON, D.C. 20006-1307
TEL: 202-775-0725  FAX: 202-223-8604
www.rkmc.com

ATTORNEYS AT LAW

ANDRÉ J. BAHOU
(202) 736-2707

November 23, 2005

**VIA E-MAIL AND REGULAR MAIL**

Jason Snyderman, Esquire
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA  19103

    Re:    *Prism Technologies LLC v. VeriSign, Inc., et al.*
             Civil Action No. 1:05-cv-00214-JJF

Dear Mr. Snyderman:

     This letter responds to your letter of November 8, 2005. Although we disagree with your contentions regarding Prism's responses, we make this good faith effort to respond to your request for more information.

## INTERROGATORIES

Interrogatory No. 1

     VeriSign requested, *inter alia*, that Prism provide its claim interpretation contentions, the function performed by any means-plus-function claim elements, and the corresponding structure in the specification for performing the function of the means elements. Subject to and without waiving its objections, Prism properly responded that the asserted claim terms should be given their plain and ordinary meaning. If VeriSign contends otherwise, it is VeriSign's responsibility to show that some other interpretation of these claim terms is required. "[A] party wishing to alter the meaning of a clear claim term must overcome the presumption that the ordinary and accustomed meaning is the proper one, demonstrating why such an alteration is required." *See K-2 Corp. v. Salomon S.A.*, 191 F.3d 1356, 1362-63 (Fed. Cir. 1999). Prism has no obligation to paraphrase the words that appear in the claim. Prism has already provided a claim chart showing how it reads the asserted claims on the accused products.

DC1 45677928.1

ATLANTA · BOSTON · LOS ANGELES · MINNEAPOLIS · NAPLES · SAINT PAUL  WASHINGTON, D.C.

Jason Snyderman, Esquire
November 23, 2005
Page 2

Additionally, Prism provided the terms that it contends are means-plus-function claim elements and the corresponding structure with exemplary citations to the patent specification. Contrary to your contention, we have fully complied with our obligation to answer your interrogatory.

Interrogatory No. 5

VeriSign requested, *inter alia*, all prior art (excluding the "references cited" on the face of the '416 patent) that Prism is aware of with respect to the patent-in-suit. Prism responded, subject to and without waiving its objections, by stating that all known, relevant, non-cumulative prior art to the '416 patent has been identified in the related pending U.S. Patent Application No. 10/230,638. This prior art was not known, to the best of Prism's knowledge, to any person having any obligation under 37 C.F.R. 1.56 until after the issuance of the '416 patent. Prism objects to the request and interrogatory as seeking information or documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Without waiving our objections or privilege, Prism became aware of additional references during the prosecution of the related pending U.S. Patent Application No. 10/230,638. That prior art is listed in the publicly available file wrapper in the pending U.S. Patent Application No. 10/230,638. Further, pursuant to Fed. R. Civ. Pro. 33(d), Prism states that the information sought is contained within Prism's document production and the burden of extracting the requested information is substantially equal for VeriSign as it is for Prism.

Interrogatory No. 8

VeriSign requested, *inter alia*, Prism's attempts to license, sell or otherwise commercialize the rights to the '416 patent. Subject to and without waiving its objections, Prism responded that to the extent they exist, non-privileged documents describing any attempt to license, sell, transfer, or otherwise commercialize the asserted subject matter of the '416 patent will be produced in response to VeriSign's First Set of Requests for the Production of Documents and Things to Plaintiff Prism Technologies LLC Nos. (1-40). Pursuant to Fed. R. Civ. Pro. 33(d), Prism states that the information sought is contained within Prism's document production and the burden of extracting the requested information is substantially equal for VeriSign as it is for Prism. Once the document production is exchanged more detail as to the description of the commercial embodiments will be available in at least documents P 009165-229. Further, Prism has approached at least RSA Security, Inc., First Data Corp., Amazon.com, Inc., and American Express to provide information regarding the asserted subject matter of the '416 patent.

Proper Use of Fed. R. Civ. P. 33(d)

Prism's responses to Interrogatories Nos. 3, 4, 5, 7, and 8, provide sufficient answers. Prism merely points VeriSign to the forthcoming document production for additional support to the interrogatories already answered.

Jason Snyderman, Esquire
November 23, 2005
Page 3

## DOCUMENT REQUESTS

In response to VeriSign's document request No. 36, Prism referred VeriSign to its response to request No. 35, in which, Prism stated that it would produce responsive documents, subject to and without waiving its objections. Further for your convenience, Prism incorporates its General Objections as stated in its response to VeriSign's First Set of Requests for the Production of Documents and Things. Specifically, Prism objects to Document Request No. 36 to the extent it seeks documents protected by the attorney client privilege and the work product doctrine. Prism further objects to Document Request No. 36 as overly broad, unduly burdensome and not relevant to the claim or defense of the parties to the extent it seeks "all" documents, which could potentially incorporate documents not leading to the discovery of admissible evidence. Prism also objects to Document Request No. 36 as being vague with respect to the term "attempted," " any security interest" and "related patents." Subject to and without waiving these objections, Prism will produce responsive documents to the extent they exist and are identified after a reasonable search of Prism's files.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

*A.J. Bahou*

André J. Bahou

cc: Robert A. Auchter, Esquire (via e-mail)
Richard D. Kirk, Esquire (via e-mail)
Gregory P. Teran, Esquire (via e-mail)
Kevin Meek, Esquire (via e-mail)
Frank C. Cimino, Esquire (via e-mail)
David M. Schlitz, Esquire (via e-mail)
John M. DiMatteo, Esquire (via e-mail)
Patricia Smink Rogowski, Esquire (via e-mail)
Frederick L. Cottrell III, Esquire (via e-mail)
Richard L. Horwitz, Esquire (via e-mail)
Steven Balick, Esquire (via e-mail)

DC1 45677928.1