# AKIN GUMP
## STRAUSS HAUER & FELD LLP
Attorneys at Law

DANIEL E. YONAN
202.887.4497/fax: 202.887.4288
dyonan@akingump.com

January 4, 2006

**Via E-Mail**

André J. Bahou, Esquire
Robins, Kaplan, Miller & Ciresi L.L.P.
Suite 1200
1801 K Street, N.W.
Washington, DC  20006-1307

     Re:    *Prism Technologies LLC v. VeriSign, Inc., et al.*
               **Civil Action No. 1:05-CV-00214-JJF**

Dear Mr. Bahou:

     This letter partially responds to your letter of November 23, 2005.  For at least the reasons provided below, if you do not supplement your claim interpretations in response to VeriSign's Interrogatory No. 1, you will leave us no other choice than to raise this matter with the Court.

     Prism's position that it does not need to provide claim interpretation contentions for claims 1 and 24 (or support for those contentions) because each is given its 'plain and ordinary' meaning is incorrect.  See, *e.g.*, *Carver v. Velodyne Acoustics*, *Inc.*, 202 F.R.D. 273, 274-75 (W.D. Wash. 2001).  Simply saying you are construing the terms by their "plain and ordinary meaning" discloses your methodology and not your construction.  VeriSign is entitled to know what meaning you attach to the claim terms.

     Before any infringement analysis, the claims are *first* construed and then, *secondly*, the construed claims are compared to the accused device to determine the presence of each element.  Presumably, during your pre-filing investigation, you *first* construed the terms of claims 1 and 24, and *then* compared those construed elements to the accused VeriSign product.  However, all VeriSign has received is a chart that "mapped" the language of claims 1 and 24 to an alleged VeriSign product.  You did not undertake the two-step procedure required by the law, and you certainly have not given VeriSign your construction of the claim terms.

     Prism cannot have it both ways—alleging infringement on one hand, yet skipping an essential step of initial construction.  As we remind Prism, relying on the 'plain and ordinary' meaning as the construction is simply a *method* of interpreting a claim, and not itself a claim



André J. Bahou, Esquire
January 4, 2006
Page 2

interpretation.  *See*, *e.g.*, *Tex. Digital Sys., Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1202 (Fed. Cir. 2002) ("It has long been recognized … that dictionaries, encyclopedias and treatises are particularly useful resource to assist the court in determining the ordinary and customary meaning of claim terms.").

      Prism's citation to *K-2 Corp. v. Salomon S.A.*, 191 F.3d 1356, 1362-63 (Fed. Cir. 1999) is misguided.  There, the Federal Circuit expressly recognized that the ordinary meaning of a claim term "will often be in dispute, irrespective of the clarity of the terms used."  *Id.* at 1365.  Moreover, that specific issue of claim construction on appeal was *reviewed* by the Federal Circuit to see if the District Court afforded the wrong interpretation as a matter of law, and the starting step in that review of claim construction is whether the terms are to be given their ordinary meaning.  *See id.* at 1362-63.  It is not the final step, and the Federal Circuit examined the construction to determine whether it was the ordinary meaning.

      Here, VeriSign is entitled to know what Prism's current position on a select number of claim terms is, as a predicate to determining whether the parties have a dispute.  *See Vivid Tech., Inc. v. American Science and Engineering, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999) ("It is routine case management to require litigants to identify the aspects of their case that are material to the dispute.").  We ask that Prism complete the chart originally provided as Attachment A to VeriSign's 1st Set of Interrogatories, served on September 15, 2005, that highlights a select group of terms in claims 1 and 24 that could potentially be in dispute, and the support for each construction.

      Very truly yours,

Daniel E. Yonan