# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

SUITE 1200
1801 K STREET, N.W.
WASHINGTON, D.C. 20006-1307
TEL: 202-775-0725 FAX: 202-223-8604
www.rkmc.com

ATTORNEYS AT LAW

ANDRÉ J. BAHOU
(202) 736-2707

January 20, 2006

**VIA E-MAIL**

Daniel E. Yonan, Esquire
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue. N.W.
Washington, D.C. 20036-1564

    Re:    *Prism Technologies LLC v. VeriSign, Inc., et al.*
           Civil Action No. 1:05-cv-00214-JJF

Dear Mr. Yonan:

    This letter responds to your letter of January 4, 2006. We disagree with your contentions and are not persuaded by any authority that you cite. In VeriSign's Interrogatory No. 1, you requested that Prism state its claim interpretation for "each element and/or step (set forth in each row of Exh. A [attached thereto]), as a whole, as well as for each specifically bolded and quoted word and/or phrase...." Prism answered that the terms of the asserted claims 1 and/or 24 of U.S. Patent No. 6,516,416 ("the '416 patent") should be given their plain and ordinary meaning. Further, Prism provided a claim chart showing how the asserted claims read on the accused products when interpreted according to their plain and ordinary meaning. We have no further obligation to paraphrase the claims.[1] Rather, it is VeriSign's burden to now state whether it disputes whether any term should be given its plain meaning.

    Your citation to *Vivid Techs., Inc. v. American Science and Engineering, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999) supports our position. In your letter you quoted *Vivid Techs.* for the proposition that "It is routine case management to require litigants to identify the aspects of their case that are material to the dispute." Additionally the preceding sentence before your quote

---

[1] *See also* Standing Scheduling Order of Chief Judge Sue L. Robinson, United States District Court for the District of Delaware at 5, "Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary dictionary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning."

DC1 45679843.1

ATLANTA · BOSTON · LOS ANGELES · MINNEAPOLIS · NAPLES · SAINT PAUL · WASHINGTON, D.C.

Daniel E. Yonan, Esquire
January 20, 2006
Page 2

supports Prism – "…only those terms need be construed that are in controversy, and only to the extent necessary to resolve the controversy." *Id.* (citing *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997) (claim construction is for "resolution of disputed meanings")). Prism has stated its position regarding the interpretation of the asserted claims. VeriSign should now state its dispute and state which claim terms that it contends should not be given their plain and ordinary meaning. If VeriSign does not dispute that each asserted claim term should be given its plain meaning, then there is no dispute.

      Moreover, in light of the parties' proposed scheduling orders pending before the Court, your statement that you have "no other choice than to raise this matter with the Court" is not well taken. Under either of the parties' proposed scheduling orders, the parties propose a specific procedure for claim construction. If the Court accepts our proposed procedure, you would be obligated to serve a list of terms and/or phrases for which you request the opposing party's claim construction. Surely you would not serve a list disputing *each and every* term of the asserted claims. Further, the Defendants' proposal (although somewhat vague) also states that an activity of claim construction would be to "Serve list of terms/phrases on opposing party." (*See* letter from P. Rogowski to The Honorable Joseph J. Farnan, Jr. dated October 11, 2005, at Exhibit C, pages 3-4). Presumably your proposal means you would serve a list of disputed terms. This procedure should be followed.

      Please call me with any questions.

      Sincerely,

      ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

      André J. Bahou

AJB/cam

Enclosures

cc:    Robert A. Auchter, Esquire

DC1 45679843.1