# AKIN GUMP
## STRAUSS HAUER & FELD LLP
Attorneys at Law

**DANIEL E. YONAN**
202.887.4497/fax: 202.887.4288
dyonan@akingump.com

January 26, 2006

**Via E-Mail and Hand Delivery**

André J. Bahou, Esquire
Robins, Kaplan, Miller & Ciresi L.L.P.
Suite 1200
1801 K Street, N.W.
Washington, DC  20006-1307

  Re: *Prism Technologies LLC v. VeriSign, Inc., et al.*
     **Civil Action No. 1:05-CV-00214-JJF**

Dear Mr. Bahou:

  In response to your letter of January 20, Prism still lacks justification for failing to provide the 'plain and ordinary' meaning for a number of previously-identified claim terms that VeriSign believes may be in dispute.  As indicated in our earlier letters, the plain and ordinary meaning is nothing more than a manner for interpreting claim terms, and not an actual claim construction that Prism can assert to 'get out' of providing any independent construction.[1]

  In both proposed scheduling orders, both sides agreed in good-faith to come to an agreement as to what terms were actually disputed.  Even though the order has not yet been entered, VeriSign took the first step and provided to Prism a list of terms for construction that it believed may be in dispute.  *See* "specifically bolded" terms of Exh. A to VeriSign's First Set of Interrogatories.  Prism responded that the terms should be given their plain and ordinary meaning, and because of this, withheld any construction since it had "no further obligation to paraphrase the claims."  *See* 9/15/05 and 1/20/06 ltrs. from AJB to DEY.  We are not asking you to paraphrase the claims.  You are obligated to provide what you contend the plain and ordinary meanings of these potentially disputed terms are.

---

[1] The authority in VeriSign's earlier letter pointed out Prism's position is incorrect.  Your response did not cite anything contrary.  While you attempted to distinguish *Vivid Techs., Inc.* v. *American Science and Engineering, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999), the cited portion (and Judge Robinson's Standing Scheduling Order) only suggests that terms *already* in controversy need to be construed.  VeriSign does not disagree.  However, the parties to this suit will never reach a point of determining what is in actual controversy if Prism fails to construe any terms and instead generically states the plain and ordinary meaning applies.

**AKIN GUMP**
**STRAUSS HAUER & FELD** LLP
*Attorneys at Law*

André J. Bahou, Esquire
January 26, 2006
Page 2

     In a final good-faith attempt, VeriSign is serving with this letter its Second Set of Interrogatories. Our Request No. 13 asks for *what* Prism actually contends or believes the plain and ordinary meaning is for nineteen (19) possibly disputed claim terms. If Prism's response is adequate, it will help narrow the list of terms in dispute. If Prism's response is inadequate, *e.g.*, Prism does not provide what the plain and ordinary meaning is for each term, VeriSign will seek relief from the Court.

                              Very truly yours,

                              Daniel E. Yonan

Attachment:
VeriSign's Second Set of Interrogatories Nos. 11-13