IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>           Plaintiff,<br><br>     v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>           Defendants. | Civil Action No. CA 05-214 JJF |

**RESPONSE OF PLAINTIFF PRISM TECHNOLOGIES LLC TO VERISIGN INC.'S MOTION TO COMPEL PLAINTIFF PRISM TECHNOLOGIES LLC TO PROVIDE THE PLAIN AND ORDINARY MEANING OF CERTAIN DISPUTED CLAIM TERMS**

March 22, 2006

Richard D. Kirk, Esq. (#0922)
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
(302) 655-5000

*Attorneys for Plaintiff Prism Technologies LLC*

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Jason R. Buratti, Esq.
Andre J. Bahou, Esq.
Aziz Burgy, Esq.
ROBINS, KAPLAN, MILLER & CIRESI LLP
1801 K Street, N.W.
Washington, D.C. 20006
(202) 775-0725

620985v1

## TABLE OF CONTENTS

**INTRODUCTION** ................................................................................................................... 1

**FACTS** ..................................................................................................................................... 1

**ARGUMENT** .......................................................................................................................... 3

**CONCLUSION** ...................................................................................................................... 5

# TABLE OF AUTHORITIES

## Cases

*Carver v. Veldyne Acoustics, Inc.*,
   202 F.R.D. 273 (W.D. Wash. 2001) ............................................................................. 4

*K-2 Corp. v. Salomon S.A.*,
   191 F.3d 1356 (Fed. Cir. 1999) .................................................................................... 2

*Markman v. Westview Instruments, Inc.*,
   517 U.S. 370 (1996) ..................................................................................................... 3

## Statutes

FED. R. CIV. P. 26 and 37(a) ................................................................................................ 1

LOCAL RULE 37.1 ................................................................................................................ 1

# INTRODUCTION

Plaintiff Prism Technologies LLC ("Prism") submits this response, pursuant to FED. R. CIV. P. 26 and 37(a), LOCAL RULE 37.1, and Discovery Dispute Procedures (¶ 4),[1] in opposition to Defendant VeriSign, Inc.'s ("VeriSign") motion to compel Prism to provide the plain and ordinary meaning of certain disputed claim terms listed in VeriSign's Interrogatory No. 13. Prism respectfully requests that the Court deny VeriSign's motion.

# FACTS

Prism filed this patent infringement action on April 11, 2005 against several defendants including VeriSign. Prism asserts, among other things, that VeriSign infringes claims 1 and 24 of United States Patent No. 6,516,416 ("the '416 patent"). On October 11, 2005, Prism and the Defendants[2] each submitted a proposed procedural schedule (and a proposed scheduling order) outlining the parties' position on and timing for claim construction and other matters. *See* Ex. A., Letter from P. Rogowski to Judge Farnan at 1-2, exs. A-C (10/11/05). Notwithstanding the lack of an issued Rule 16 Scheduling Order, the parties have exchanged and responded to interrogatories and document requests.

In Interrogatory No. 1 of VeriSign's First Set of Interrogatories, VeriSign asked Prism to provide its claim constructions for various claim terms.[3] *See* Ex. C, VeriSign's First Set of Interrogatories, Inter. No. 1 (9/15/05). In response, Prism identified the terms it contends are means-plus-functions claim elements and the corresponding structure and answered that "[t]he terms of at least claims 1 and/or 24 of the '416 patent should be given their plain and

---

[1] Although a Rule 16 Scheduling Order has not yet been entered in this case, Prism follows Hon. Judge Farnan's proposed scheduling orders for patent cases.
[2] The Defendants submitted a joint proposed procedural schedule and scheduling order.

ordinary meaning." *See* Ex. D, Prism's Obj. and Res. to VeriSign's First Set of Interrogatories, Inter. No. 1 at 3-5 (10/24/05). Prism also incorporated by reference its response to Interrogatory No. 2: detailed claim charts showing the factual basis for asserting infringement of claims 1 and 24 by *VeriSign's* products. *See* Ex. D at 4, 6-10.

VeriSign subsequently asked Prism to supplement its response by providing specific claim interpretations. *See* Ex. E, Letter from J. Snyderman to A. Bahou at 1 (11/8/05). Prism responded by stating that the asserted claim terms should be given their plain and ordinary meaning and if VeriSign contends otherwise, then it should show that some other interpretation is required, citing *K-2 Corp. v. Salomon S.A.*, 191 F.3d 1356, 1362-63 (Fed. Cir. 1999). *See* Ex. F, Letter from A. Bahou to J. Snyderman at 1-2 (11/23/05).

VeriSign then threatened to raise the matter with the Court. *See* Ex. G, Letter from D. Yonan to A. Bahou at 1 (1/4/06). Prism replied by citing page 5 of the Standing Scheduling Order of Chief Judge Sue L. Robinson of the United States District Court for the District of Delaware and stated that Prism has no further obligation to paraphrase the claims and it is VeriSign's burden to now state whether it disputes whether any term should be given its plain meaning. *See* Ex. H, Letter from A. Bahou to D. Yonan at 1 (1/20/06). VeriSign failed to respond as to whether it disputed the ordinary and accustomed meaning of any of the claim terms. Prism also advised VeriSign that the issue of claim construction is properly addressed under the procedures recited in the parties' proposed scheduling orders pending before the Court (which was submitted to the Court by VeriSign's local counsel on October 11, 2005). *Id.* at 2.

---

[3] VeriSign's Interrogatory No. 13, which is the subject of the motion to compel, is similar to Interrogatory No. 1 in that it seeks Prism's plain and ordinary meaning of certain claim terms from claims 1 and/or 24. *See* Ex. B, VeriSign's Second Set of Interrogatories, Inter. No. 13 (1/26/06).

620985v1

2

Both Prism and other Defendants agree that claim construction is properly addressed in accordance with the proposed scheduling order. For example, Computer Associates Int'l, Inc. objected to one of Prism's interrogatories requesting claim interpretations by stating "CA will provide such information **at the appropriate date as required by the Court's Scheduling Order.**" *See* Ex. I, Computer Associates' Ans. and Obj. to Prism's Rev. First Set of Interrogatories, Inter. No. 3 at 8; *see also* Ex. J, RSA's Res. to Prism's Rev. First Set of Interrogatories, Inter. No. 3 at 6 (objecting as premature and relying on the parties' proposed scheduling orders submitted to the Court for schedules regarding claim construction briefing).

## ARGUMENT

Claim construction is a legal determination within the province of the court. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). The District of Delaware has special procedures for unifying and streamlining the timing of claim construction. Here, VeriSign's motion to compel is without merit because the parties' proposed procedural schedule and proposed Rule 16 Scheduling Order submitted to the Court by VeriSign's local counsel provide the time line for claim construction. *See* Ex. A at 1-2, exs. A-C. The procedural schedule *proposed by VeriSign* (as well as Prism) provides specific due dates for events associated with a Markman Hearing including:

- Serve List of Terms/Phrases on opposing party;
- **Serve proposed claim interpretation for each term and/or phrase on list;**
- **Negotiate in good faith to narrow list of disputed claim terms and/or phrases;**
- **File joint statement with the Court listing all disputed claim terms and/or phrases and the parties' proposed interpretations;**
- Simultaneous opening briefs on claim construction;
- Simultaneous responsive briefs on claim construction; and

- Markman hearing.

*See* Ex. A at ex. A (emphases added). Although there is disagreement between Prism and the Defendants about the timing of claim construction, the proposed procedural schedules still account for the process.[4] *Id.* Similarly, the proposed scheduling orders (incorporating the proposed procedural schedules) submitted by the parties, including VeriSign, set due dates for these same events. *See* Ex. A at exs. B-C, ¶ 7 and ¶ 5 respectively. Thus, VeriSign's motion to compel is premature at best and should be denied.

*Carver v. Veldyne Acoustics, Inc.*, 202 F.R.D. 273, 274 (W.D. Wash. 2001), cited by VeriSign, is inapposite. *Carver* does not address a scheduling order that includes timing for claim construction, and the patentee there did not provide detailed claim charts. *Id.* at 274. Prism did, and VeriSign did not argue otherwise.

Requiring Prism to further respond to VeriSign's interrogatories directed to claim construction even though such procedures are expressly outlined in the proposed procedural schedules and scheduling orders would unduly prejudice Prism. These submissions to the Court already provide a framework for resolving claim construction issues.

Furthermore, VeriSign has objected and refused to fully respond to Prism's interrogatory seeking claim constructions. *See* Ex. K, VeriSign's Res. to Prism's Rev. First Set of Interrogatories, Inter. No. 3 at 8 (10/27/05) (objecting to Inter. No. 3, in part, as "**premature** to the extent it seeks expert opinion prior to the **Court ordered expert discovery phase**.") (emphases added). Thus, it is VeriSign that seeks to have it both ways—requesting Prism to answer an interrogatory about infringement on one hand while at the same

---

[4] The parties are contemplating submitting a revised proposed procedural schedule and plan to discuss this issue on a conference call scheduled for Friday, March 24, 2006.

620985v1

4

time refusing to provide a detailed answer to a contention interrogatory regarding claim interpretation.

## CONCLUSION

For the foregoing reasons, Prism asks that the Court deny VeriSign's motion to compel.

March 22, 2006

/s/ Richard D. Kirk
Richard D. Kirk, Esq. (#0922)
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, DE  19899
(302) 655-5000

*Attorneys for Plaintiff Prism Technologies LLC*

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Jason R. Buratti, Esq.
Andre J. Bahou, Esq.
Aziz Burgy, Esq.
ROBINS, KAPLAN, MILLER & CIRESI LLP
1801 K Street, N.W.
Washington, D.C.  20006
(202) 775-0725

620985v1

5

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on March 22, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Frederick L. Cottrell, III, Esq.
Alyssa M. Schwartz, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document were sent by hand on March 22, 2006 to the above counsel and by first-class mail to the below counsel:

John DiMatteo, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

William Lee, Esq.
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA 02109

Jason Snyderman, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

Frank C. Cimino, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

587422v1

| | |
|---|---|
| David M. Schlitz<br>Baker Botts L.L.P.<br>1299 Pennsylvania Avenue, NW<br>Washington, DC  20004-2400 | Samir A. Bhavsar<br>Jeffrey D. Baxter<br>Baker Botts L.L.P.<br>2001 Ross Avenue<br>Dallas, TX  75201-2980 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

587422v1