# EXHIBIT A

OCT. 11. 2005  4:16PM                                                    NO. 3468   P.  4/24



**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

WEB www.cblh.com

Patricia Smink Rogowski
Partner
Admitted in DE and PA
Phone: (302) 658-9141
FAX (302) 658 5614
E-MAIL: progowski@cblh.com
REPLY TO: Wilmington DE Office

October 11, 2005

**By E-File**
The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

Re:    **Prism Technologies LLC v. VeriSign, Inc. et al.; C.A. No. 05-214**

Dear Judge Farnan:

    We represent VeriSign Inc. in the above-referenced action and write jointly on behalf of all defendants regarding defendants' proposed Rule 16 Scheduling Order. While the parties have reached agreement on some issues, we could not resolve all our differences. The parties therefore agreed to submit letters to the Court outlining our respective positions. Defendants request that the Court schedule argument with regard to the scheduling positions outlined below.

    Attached to this letter is a chart comparing the parties' two proposed schedules. See Exhibit A. The scheduling order proposed by plaintiff Prism Technologies LLC ("Prism") and the scheduling order proposed jointly by the defendants are both attached as Exhibits B and C, respectively.

*Claim Construction and Summary Judgment*

    The major differences between the parties is the timing of a *Markman* hearing, and the ability of the parties to seek early summary judgment. Defendants are aware that in some cases Your Honor has scheduled an early *Markman* hearing, and for reasons described below, defendants believe this case warrants such treatment. In addition, defendants believe that the same circumstances favor the option of filing early summary judgment motions, to be governed by Your Honor's standard briefing procedures for those motions. To facilitate this process, defendants respectfully request the Court to order a *Markman* briefing process over the next three months, with a *Markman* hearing to be scheduled sometime at the end of January 2006, or as close to that date as Your Honor's schedule permits. Under defendants' proposal, the *Markman* briefing process would be conducted concurrently with on-going fact discovery.

    Plaintiff Prism is opposed to that approach, on grounds defendants submit are purely strategic, in view of the different nature of the parties' businesses and resulting discovery obligations. Prism appears to be a small company with no significant operations and no assets other than the patent it has asserted against the defendants, and likely has little discovery to provide to defendants. Therefore, while incurring little or no costs of its own,

The Honorable Joseph J. Farnan, Jr.
October 11, 2005
Page 2

Prism's proposed schedule would lock the five defendants into protracted and expensive litigation, even if early discovery confirms, as defendants expect, that Prism does not have a basis for asserting infringement.

Prism's Complaint does not include any factual basis for alleging infringement of the defendants' accused products. Defendants are unaware of any plausible explanation as to how, under any reasonable interpretation of the claims, the products Prism has accused infringe the patent in suit. Defendants have served contention interrogatories seeking to learn the bases for Prism's infringement claims. If, as defendants expect, the responses to those interrogatories confirm the lack of sufficient factual underpinning to support Prism's allegations of infringement, the defendants should be permitted pursuant to the scheduling order to file motions for summary judgment before the close of discovery.

It is important to note that defendants are *not* advocating that plaintiff be precluded from conducting relevant fact discovery necessary to develop its case. Rather, defendants suggest that while that fact discovery is ongoing, the claim construction process also be underway, and that if it becomes apparent through discovery that there is an insufficient factual basis for Prism's infringement claims, the defendants have the opportunity to file early summary judgment motions, rather than be forced to incur significant additional (and unwarranted) discovery expenses. For the same reason, an early claim construction process is warranted.

*Expert Discovery*

Defendants believe the expert discovery period should be linked to the Court's *Markman* ruling rather than the close of fact discovery (as Prism proposes), and are aware that Your Honor has recently adopted this approach in at least one other case. After the Court issues its ruling, expert reports can be prepared with the Court's claim interpretation in hand. This will remove the necessity for experts to opine on alternative theories based on the parties' competing claim interpretations, reducing the burden to all. Therefore, defendants propose that immediately following the Court's *Markman* ruling, the parties shall agree on a date for the exchange of opening expert reports. Defendants advocate a schedule whereby rebuttal reports are filed thirty days after opening expert reports (as opposed to fourteen days suggested by Prism) with a window of time for expert discovery beginning fourteen days after rebuttal reports are due (Prism suggests six) and continuing for sixty days thereafter, in view of the number of parties in this case.

*Length of Depositions*

Prism seeks to limit defendants' depositions of fact witnesses to a total of ten hours for all five defendants (2 hours per defendant), except for the inventors, who can be deposed for a total of fourteen (14) hours for all defendants (2.8 hours per defendant). As with the timing of the *Markman* hearing, defendants view plaintiff's position on this issue as strategic only. Having sued five defendants, plaintiff seeks to deprive each of those defendants of hours they would otherwise be entitled to if they had been sued in separate actions.

OCT. 11. 2005  4:16PM

NO. 3468   P. 6/24

The Honorable Joseph J. Farnan, Jr.
October 11, 2005
Page 3

Defendants suggest that plaintiffs shall have ten hours for one 30(b)(6) deposition from each defendant (regardless of how many witnesses are required) and that defendants be limited to seven hours for each fact deposition sought by any single defendant and a total of twenty-one hours for any depositions sought by multiple defendants. By allowing a maximum of twenty-one hours per witness, each defendant will be permitted five hours and fifteen minutes of examination time, nearly two hours less than what is ordinarily permitted by Fed. R. Civ. P. 30.

While defendants do not intend to depose Prism's witnesses any longer than necessary, the depositions should not be limited as Prism proposes. Plaintiff should not obtain a discovery advantage simply because it decided to name multiple defendants in this suit.

### Notice of Reliance Upon Advice of Counsel as a Defense to Willfulness

Defendants believe the deadline to notify Prism of any reliance upon advice of counsel should be directly linked to the Court's ruling on claim construction. As a practical matter, defendants likely will not be in a position to make an informed decision about whether to rely on advice of counsel as a defense to willfulness until after the claims are construed. Thus, defendants suggest that such a deadline be set immediately following the Court's *Markman* ruling with a reasonable period of time for additional discovery on issues relating to that election should it come after the close of fact discovery. This timing would cause no prejudice to plaintiff, since there will be few witnesses on this issue, and they will not overlap with other areas of testimony in the case.

### 35 U.S.C. § 282 Disclosures

Contrary to standard practice and without any justification, Prism wishes to force defendants to serve upon Prism all information required by 35 U.S.C. § 282, including all theories of invalidity and all defenses relating to noninfringement or any other matter, by March 10, 2006, approximately one month prior to the close of fact discovery, rather than one month before trial.

Prism's counsel has failed to articulate any basis for why these defendants should be forced to disclose all their defenses earlier in this case than what is required by statute and in any other case. Defendants therefore believe it is unnecessary to include any reference to § 282 in the parties' scheduling order.

The Honorable Joseph J. Farnan, Jr.
October 11, 2005
Page 4


*Conclusion*

　　Defendants appreciate that some of our proposed concepts for deadlines have been
applied by Your Honor in a minority of the Court's patent cases. However, defendants
believe that the particular facts alleged in the Complaint, coupled with statements made by
Prism's counsel, support defendants' proposed schedule. Defendants' proposal permits Prism
to fully develop its case while at the same time permitting defendants, and the Court, to ferret
out baseless claims that should be dismissed. As stated above, the defendants jointly request
that the Court schedule argument so that the parties can be more fully heard on this issue.


　　　　　　　　　　　　　　　　　　Respectfully,

　　　　　　　　　　　　　　　　　　*Patricia A. Rogowski*
　　　　　　　　　　　　　　　　　　Patricia Smink Rogowski



Enclosure

cc:　　Jason Snyderman, Esquire (by fax)
　　　　Frank Cimino, Esquire (by fax)
　　　　Richard D. Kirk Esquire (by hand)
　　　　Frederick L. Cottrell, III, Esquire (by hand)
　　　　Richard L. Horwitz, Esquire (by hand)
　　　　Steven J. Balick, Esquire (by hand)
　　　　Dirk D. Thomas, Esquire (by fax)
　　　　David M. Schlitz, Esquire (by fax)
　　　　John DiMatteo, Esquire (by fax)
　　　　Gregory P. Teran, Esquire (by fax)
　　　　Samir A. Bhavsar, Esquire (by fax)

# EXHIBIT A

**EXHIBIT A**

| Event | Prism Proposal | Joint Defense Proposal |
|---|---|---|
| **Fact Discovery** | | |
| Rule 26(a)(1) Pre-Discovery Initial Disclosures | September 29, 2005 | September 29, 2005 |
| Compliance with Default Standard for Electronic Discovery | October 31, 2005 | October 31, 2005 |
| Notice of reliance on advice of counsel as defense to charge of willful infringement | February 24, 2006 | An agreed upon date after the Court's ruling on claim construction |
| Joinder of Other Parties and Amendment of Pleadings | April 7, 2006 | April 7, 2006 |
| Completion of Fact Discovery | April 7, 2006 | April 7, 2006 |
| **Markman Proceedings** | | |
| Serve List of Terms/Phrases on opposing party | March 10, 2006 | November 4, 2005 |
| Serve proposed claim interpretation for each term and/or phrase on list | March 24, 2006 | November 18, 2005 |
| Negotiate in good faith to narrow list of disputed claim terms and/or phrases. | March 31, 2006 | December 2, 2005 |
| File joint statement with the Court listing all disputed claim terms and/or phrases and the parties' proposed interpretations | April 14, 2006 | December 2, 2005 |
| Simultaneous opening briefs on claim construction | April 28, 2006 | December 16, 2005 |
| Simultaneous responsive briefs on claim construction | May 19, 2006 | January 13, 2006 |
| Markman hearing | At the Court's discretion | At the Court's discretion |
| **Expert Discovery** | | |
| Expert reports on any issue on which the party bears the burden of proof | May 12, 2006 | An agreed upon date after the Court's ruling on claim construction |
| Rebuttal expert reports | May 26, 2006 | 30 days after opening expert reports |
| Expert depositions | June 2, 2006-July 28, 2006 | 14-60 days after rebuttal expert reports are served |
| **Dispositive Motions** | | |
| Filing of case dispositive motions | August 28, 2006.  No motion may be filed more than ten (10) days from this date | Can be filed at any time unless such a motion turns on a disputed claim term in which |

|  | without leave of court | case no such motion could be filed until after the Court's ruling on claim construction. |
|---|---|---|
| Briefing schedule | Pursuant to D. Del. L.R. 7.1.2 | Pursuant to D. Del. L.R. 7.1.2 |
| **Status Conferences** | December 9, 2005 and March 24, 2006 | December 9, 2005 and March 24, 2006 |

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 05-214-JJF |
| ) | |
| VERISIGN, INC., RSA SECURITY, INC., ) | |
| NETEGRITY, INC., COMPUTER ASSOCIATES ) | |
| INTERNATIONAL, INC., and JOHNSON & ) | |
| JOHNSON SERVICES, INC. ) | |
| ) | |
| Defendants ) | |

## JOINT PROPOSED RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by September 29, 2005, the information required by Fed. R. Civ. P. 26(a)(1), D. Del. LR 16.2, and by October 31, 2005, the information required by the Default Standard for Discovery of Electronic Documents ("E-Discovery").

2. **Joinder of Other Parties and Amendment of the Pleadings.** All motions to join other parties or to amend the pleadings shall be filed on or before April 7, 2006.

3. **Discovery.**

    (a) Exchange and completion of all other factual discovery shall be commenced so as to be completed by April 7, 2006.

(b)     Maximum of 30 interrogatories, including contention interrogatories, may be served by one party on any adverse party in the litigation.

(c)     Maximum of 25 requests for admission may be served by one party on any adverse party in the litigation.

(d)     Maximum of 10 depositions by Plaintiff of each Defendant and 10 depositions by each Defendant, excluding expert depositions. Each fact deposition taken by Plaintiff shall be limited to one (1) day of seven (7) hours with the exception of 30(b)(6) depositions, which may extend to ten (10) hours on consecutive days. Each fact deposition taken by any one of the Defendants shall be limited to ten (10) hours on consecutive days, except depositions of the inventors, which shall each be limited to fourteen (14) hours of testimony on consecutive days, with the following condition: the parties agree to coordinate scheduling of depositions (i.e. the depositions will be scheduled on an agreeable date so that counsel for all parties that have questions for the witness shall have the opportunity to attend and question the witness) so that no witness will be deposed more than once in this action in his or her capacity as an individual and once in this action in his or her capacity as a 30(b)(6) witness, if so designated.

(e)     Reports by retained experts required under Fed. R. Civ. P. 26(a)(2) on any issue on which the party bears the burden of proof shall be served by May 12, 2006, and rebuttal reports shall be served by May 26, 2006.

(f)     Any party desiring to depose an expert witness shall notice said deposition to be taken no earlier than June 2, 2006, and no later than July 28, 2006. The parties agree to coordinate scheduling of expert depositions (i.e. the depositions will be scheduled on an agreeable date so that counsel for all parties that have questions for the witness shall have

2

the opportunity to attend and question the witness) so that no expert witness will be deposed more than once in this action. Each expert deposition shall be limited to seven (7) hours, except for experts testifying for or about multiple Defendants, in which case the expert deposition shall be a maximum of fourteen (14) hours.

(g)    Willfulness Issues. If a Defendant intends to rely upon legal advice of counsel as a defense to Plaintiff's charge of willful infringement, each Defendant shall make this election by February 24, 2006, and shall produce the information and documents relating to the advice of counsel defense to Plaintiff by February 24, 2006.

(h)    Status conferences are scheduled for December 9, 2005 and March 24, 2006 to resolve any ongoing discovery issues that may need to be raised.

4.    On or before March 10, 2006, each Defendant shall serve on Plaintiff the information required by 35 U.S.C. § 282.

5.    **Discovery Disputes.**

(a)    A party seeking discovery which the opposing party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1. Said motion shall not exceed a total of four (4) pages. An Answer to the Rule 37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the motion. No reply is permitted.

(b)    All papers shall set forth in a plain and concise manner the issue(s) in dispute, the party's position on the issue(s), and the reasons for the party's position.

(c)    Upon receipt of the Answer, the movant shall notify Chambers by e-mail at jjf_civil@ded.uscourts.gov that the dispute is ready for decision.

DCl 45675576.2

(d)    Upon receipt of the movant's e-mail, the Court will determine whether a conference is necessary and advise the parties accordingly.

(e)    There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

6.    **Case Dispositive Motions.**  Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before August 28, 2006.  Briefing shall be pursuant to D. Del. LR 7.1.2.  No case dispositive motion may  be filed more than ten (10) days from the above date without leave of the Court.  The Court will issue a separate Order regarding procedures for filing summary judgment  motions.

7.    **Claim Construction.**

(a)    Each party shall serve a list of terms and/or phrases for which they request the opposing party's claim interpretation on or before March 10, 2006.

(b)    Each party shall serve its proposed claim interpretation for each term and/or phrase identified by the opposing party in 7(a) above on March 24, 2006.

(c)    The parties shall negotiate in good faith to narrow any disputes to arrive at a list of disputed terms for Markman on or before March 31, 2006.

(d)    On April 14, 2006, the parties shall file a Joint Statement with the Court, which includes a list of all disputed claim terms and the parties' proposed interpretations.

(e)    Plaintiff and Defendants shall file with the Court and serve upon each other their Opening Briefs on Claim Construction on or before April 28, 2006.

(f)    Plaintiff and Defendants shall file with the Court and serve upon each other their Responsive Briefs on Claim Construction on or before May 19, 2006.

4

DCI 45675576.2

    (g)    Any party that relies on expert declarations shall make that expert available for deposition within two weeks after the filing of the brief to which the declaration was attached.

    (h)    A *Markman* Hearing shall be held on _____.

8.    **Applications by Motion.**

    (a)    Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider facsimile transmissions or applications and requests submitted by letter or in a form other than a motion.

    (b)    No facsimile transmissions will be accepted.

    (c)    No telephone calls shall be made to Chambers.

    (d)    Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

9.    **Pretrial Conference.** After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

DC1 45675576.2

Date:_____         _____
                                     JOSEPH J. FARNAN, JR.
                                     United States District Judge

6

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC                        )
                                              )
            Plaintiff                         )
                                              )
v.                                            )    Civil Action No. 05-214-JJF
                                              )
VERISIGN, INC., RSA SECURITY, INC.,           )
NETEGRITY, INC., COMPUTER ASSOCIATES          )
INTERNATIONAL, INC., and JOHNSON &            )
JOHNSON SERVICES, INC.                        )
                                              )
            Defendants                        )

## JOINT PROPOSED RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court

having conducted a scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR

16.2(a) and (b),

IT IS ORDERED that:

1.      **Pre-Discovery Disclosures.** The parties will exchange by September 29, 2005,

the information required by Fed. R. Civ. P. 26(a)(1), D. Del. LR 16.2 and by October 31, 2005, the

information required by the Default Standards for Discovery of Electronic Documents ("E-

Discovery").

2.      **Joinder of Other Parties and Amendment of the Pleadings.** All motions to

join other parties or to amend the pleadings shall be filed on or before April 7, 2006.

3.      **Fact Discovery.**

        (a)     Exchange and completion of all other factual discovery shall be

commenced so as to be completed by April 7, 2006.

DC1 456755762

(b)    Maximum of 30 interrogatories, including contention interrogatories, may be served by one party on any adverse party in the litigation.

(c)    Maximum of 25 requests for admission may be served by one party on any adverse party in the litigation.

(d)    Maximum of 10 depositions by Plaintiff relating to each Defendant (including 3rd party depositions) and 10 depositions by each Defendant (including 3rd party depositions), excluding expert depositions. Each fact deposition taken by Plaintiff shall be limited to one (1) day of seven (7) hours of testimony with the exception of 30(b)(6) depositions. Plaintiff shall be limited to one 30(b)(6) deposition of each party, each lasting no more than ten (10) hours of testimony and, if practicable, scheduled on consecutive days. Each fact deposition taken by a single Defendant (i.e., other Defendants do not wish to take that deposition) shall be limited to seven (7) hours of testimony, and each deposition that multiple Defendants wish to take shall be limited to twenty-one (21) hours of testimony collectively for all Defendants and, if practicable, scheduled on consecutive days. The parties agree to use reasonable efforts to coordinate scheduling of depositions (i.e., the depositions will be scheduled on an agreeable date so that counsel for all parties that have questions for the witness shall have the opportunity to attend and question the witness) to try to avoid any situation where a witness will be deposed more than once in this action in his or her capacity as an individual and once in this action in his or her capacity as a 30(b)(6) witness, if so designated.

(e)    Willfulness Issues. After the Court's Markman ruling, the parties agree to negotiate in good faith a schedule for Defendants to elect to rely upon legal advice of

DC1 48675576.2

counsel as a defense to Plaintiff's charge of willful infringement, and any necessary discovery relating to that election.

(f)     Status conferences are scheduled for December 9, 2005 and March 24, 2006 to resolve any ongoing discovery issues that may need to be raised.

4.     **Discovery Disputes.**

(a)     A party seeking discovery which the opposing party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1. Said motion shall not exceed a total of four (4) pages. An Answer to the Rule 37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the motion. No reply is permitted.

(b)     All papers shall set forth in a plain and concise manner the issue(s) in dispute, the party's position on the issue(s), and the reasons for the party's position.

(c)     Upon receipt of the Answer, the movant shall notify Chambers by e-mail at jjf_civil@ded.uscourts.gov that the dispute is ready for decision.

(d)     Upon receipt of the movant's e-mail, the Court will determine whether a conference is necessary and advise the parties accordingly.

(e)     There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

5.     **Claim Construction.**

(a)     A Markman hearing shall be conducted in accordance with the following schedule:

3

| Activity | Date |
|---|---|
| Serve list of terms/phrases on opposing party. | November 4, 2005. |
| Serve proposed claim interpretation for each term and/or phrase in list. | November 18, 2005. |
| Negotiate in good faith to narrow list of disputed claim terms and/or phrases, and file a Joint Statement with the Court that identifies all disputed claim terms and the parties' proposed interpretations. | December 2, 2005. |
| Opening Briefs on Claim Construction. | December 16, 2005. |
| Responsive Briefs on Claim Construction. | January 13, 2006. |

(b)     Any party that relies on expert declarations shall make that expert available for deposition within two weeks after the filing of the brief to which the declaration was attached.

(c)     A *Markman* Hearing shall be held on _____

6.     **Expert Discovery, and Case Dispositive Motions.**

(a)     A period of expert discovery will commence after the Court's Markman ruling. After such ruling, the parties will negotiate in good faith a schedule for expert discovery. Reports by retained experts required under Fed. R. Civ. P. 26(a)(2) on any issue on which the party bears the burden of proof shall be served first, with service of rebuttal reports to follow 30 days later.

4

(b)    A period of expert depositions shall follow expert reports. Any party desiring to depose an expert witness shall notice said deposition to be taken no earlier than 14 days after service of rebuttal reports and no later than 60 days after service of rebuttal reports. The parties agree to use reasonable efforts to coordinate scheduling of expert depositions (*i.e.*, the depositions will be scheduled on an agreeable date so that counsel for all parties that have questions for the witness shall have the opportunity to attend and question the witness) to try to avoid any situation where any expert witness will be deposed more than once in this action. The parties agree to negotiate in good faith reasonable limits on the length of expert depositions after reports have been served as the parties will be in a better position to determine appropriate limits at that time.

(c)    Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief at any time, unless such motion depends on a disputed claim term or phrase, in which case said motion shall not be served and filed until after the Court's Markman ruling. Briefing shall be pursuant to D. Del. LR 7.1.2. The Court will issue a separate Order regarding procedures for filing summary judgment motions.

7.    **Applications by Motion.**

(a)    Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk

DC1 45675576.2                                    5

of the Court for the Court's review and signing.  The Court will not consider facsimile transmissions or applications and requests submitted by letter or in a form other than a motion.

        (b)     No facsimile transmissions will be accepted.

        (c)     No telephone calls shall be made to Chambers.

        (d)     Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at jjf_civil@ded.uscourts.gov.  The e-mail shall provide a short statement describing the emergency.

        8.     **Pretrial Conference.**  After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

        The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference.  If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

Date:_____          _____
                                                    JOSEPH J. FARNAN, JR.
                                                  United States District Judge

DC1 45675576.2

OCT. 11. 2005  4:16PM                                    NO. 3468   P. 1/24



## CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

Patricia Smink Rogowski
Partner
Admitted in DE and PA
TEL (302) 658 9141
FAX (302) 658 5614
EMAIL progowski@cblh.com
REPLY TO Wilmington Office

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

WEB www.cblhlaw.com

## Facsimile Cover Sheet

| To: | Facsimile: |
|---|---|
| Jason Snyderman, Esquire | 215-965-1210 |
| Frank Cimino, Esquire | 202-887-4288 |
| Dirk D. Thomas, Esquire | 202-223-8604 |
| David M. Schlitz, Esquire | 703-836-2021 |
| John DiMatteo, Esquire | 212-728-8111 |
| Gregory P. Teran, Esquire | 617-526-5000 |
| Samir A. Bhavsar, Esquire | 214-953-6503 |

**From:**    Patricia Smink Rogowski         **Date:** October 11, 2005

**Re:**    Prism Technologies LLC v. Verisign Inc., et al.
C.A. No. 05-214-JJF

**Message:**

**Total Pages:**  24   (including cover sheet)         **Client/Matter:** 13421*1

### RECEPTION PROBLEMS — PLEASE CALL 302/658-9141

Note:  This message may contain privileged and/or confidential information;
if you receive it in error, please call the number directly above and return the
message to the sender at the address at the top of the page.  The firm will
reimburse you for postage.

## Other Documents

1:05-cv-00214-JJF Prism Technologies LLC v. Verisign Inc. et al

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Rogowski, Patricia entered on 10/11/2005 at 2:01 PM EDT and filed on 10/11/2005

**Case Name:**      Prism Technologies LLC v. Verisign Inc. et al
**Case Number:**    1:05-cv-214
**Filer:**
**Document Number:** 58

**Docket Text:**
Letter to Hon. Joseph J. Farnan, Jr. from Patricia S. Rogowski for all Defendants regarding Rule 16 Scheduling Order. (Attachments: # (1) Exhibit A# (2) Exhibit B# (3) Exhibit C)(Rogowski, Patricia)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=10/11/2005] [FileNumber=110661-0
] [177c2bb5b34b40e0d34ef847c8a5f260f62af1fb523f473000bb426edd2040f901c
cae932d1cdbc52f9b57c49ff7aba3b657845343d7fa4b3dfe085302eed093]]
**Document description:** Exhibit A
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=10/11/2005] [FileNumber=110661-1
] [5b43c180bdbe0d50ecd291c2fa62cbd7ba4b442b457615a34e54ca53ba52f691908
e42144696d0b8d7490c758c8101e6bd2dcf2d61ea836487ea47b24b1c3538]]
**Document description:** Exhibit B
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=10/11/2005] [FileNumber=110661-2
] [c6ff8d6fe320f373062e59f28e3412e37226e87a3754dc680c9038019ec606e077c
223eba9ada2176b645a1962f2d12ca624d2a12a8836dd3b0a478f8350049c]]
**Document description:** Exhibit C
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=10/11/2005] [FileNumber=110661-3
] [b0491b9a294ac04bfcc210f025d6f470456948bed53a24b30ef6f5d1146e999944c
801bb21082509cdb7e49ce4454890119cc378e4fe48bb540dbd79b2b6148d]]

**1:05-cv-214 Notice will be electronically mailed to:**

Robert Auchter    raauchter@rkmc.com,

Andre J. Bahou    ajbahou@rkmc.com,

Jeffrey D. Baxter    jeff.baxter@bakerbotts.com,

Samir A. Bhavsar    samir.bhavsar@bakerbotts.com,

Jason R. Buratti    jrburatti@rkmc.com,

Frederick L. Cottrell , III    cottrell@rlf.com

John G. Day    jday@ashby-geddes.com, sbalick@ashby-geddes.com;mkipp@ashby-geddes.com;dfioravanti@ashby-geddes.com;nlopez@ashby-geddes.com

Richard L. Horwitz    rhorwitz@potteranderson.com, dmoore@potteranderson.com;nmcmenamin@potteranderson.com;achin@potteranderson.com;mbaker@

Richard D. Kirk    bankserve@bayardfirm.com, rkirk@bayardfirm.com

David Ellis Moore    dmoore@potteranderson.com, ntarantino@potteranderson.com

Patricia Smink Rogowski    progowski@cblh.com, vmurphy@cblh.com

David M. Schlitz    david.schlitz@bakerbotts.com,

Alyssa M. Schwartz    schwartz@rlf.com

**1:05-cv-214 Notice will be delivered by other means to:**

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

PRISM TECHNOLOGIES LLC,

Plaintiff,

v.

VERISIGN, INC., RSA SECURITY,
INC., NETEGRITY, INC., COMPUTER
ASSOCIATES INTERNATIONAL, INC.
and JOHNSON AND JOHNSON,

Defendants.

C.A. No. 05-214-JJF
**JURY TRIAL DEMANDED**

**DEFENDANT VERISIGN, INC.'S SECOND SET OF INTERROGATORIES TO
PLAINTIFF PRISM TECHNOLOGIES LLC (NOS. 11 - 13)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant VeriSign,

Inc. ("VeriSign") requests that Plaintiff Prism Technologies LLC ("Prism") answer the following

interrogatories fully and separately in writing under oath by an officer or other agent of Prism

authorized to give answers on its behalf. Answers to these interrogatories must be served within

the time prescribed by the Federal Rules of Civil Procedure. The definitions and instructions

from VeriSign's First Set of Interrogatories apply and are hereby incorporated by reference.

## INTERROGATORIES

## INTERROGATORY NO. 11

Identify everyone that has actually implemented the VeriSign Unified Authentication solution in the manner you allege, as described in the chart supporting Prism's Response to VeriSign's Interrogatory No. 2, served on October 24, 2005, and the basis for Prism's belief.

## INTERROGATORY NO. 12

Identify and describe any investigation of VeriSign's customers that was performed prior to the filing of this suit.

## INTERROGATORY NO. 13

For each of the following claim terms (from claims 1 and/or 24), provide what Prism contends is the plain and ordinary meaning of each term and separately identify the basis for Prism's meaning, citing to supporting evidence:

- subscriber
- subscriber client computer
- first server computer
- operating session
- at the beginning of an operating session
- hardware key
- connected
- generate
- predetermined

- digital identification
- selectively request
- confirm
- responsive to
- identity data
- part of said identity data
- being adapted
- authenticate
- permit access
- associated with

Dated: January 26, 2006

*Of Counsel*

Edward F. Mannino
Jason A. Snyderman
AKIN GUMP STRAUSS HAUER & FELD LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103
Telephone: (215) 965-1200
Fax: (215) 965-1210

Patricia Smink Rogowski
Delaware Bar ID 2632
The Nemours Building
1007 North Orange Street
PO Box 2207
Wilmington DE 19899
Telephone : (302) 658-9141
Fax: (302) 658-5614

*Attorneys for Defendant, VeriSign, Inc.*

By: _____

Frank C. Cimino
Daniel E. Yonan
Jin-Suk Park
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564
Telephone: (202) 887-4000
Fax: (202) 887-4288

3

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2006, a true and correct copy of the foregoing DEFENDANT VERISIGN, INC.'S SECOND SET OF INTERROGATORIES TO PLAINTIFF PRISM TECHNOLOGIES LLC (NOS. 11 - 13) was caused to be served on the following by Hand or via First Class Mail:

Richard D. Kirk (First Class Mail & E-mail)
The Bayard Firm
22 Delaware Avenue
Suite 900
Wilmington, DE 19899

Gregory P. Teran (First Class Mail & E-mail)
Wilmer Cutler Pickering Hale & Dorr LLP
60 State Street
Boston, MA 02109

John DiMatteo (First Class Mail & E-mail)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

Richard L. Horwitz (First Class Mail & E-mail)
Potter Anderson & Corroon
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899.

Dirk D. Thomas (Hand & E-mail)
Andre J. Bahou
Robins, Kaplan, Miller & Ciresi, LLP
1801 K Street, N.W.
Suite 1200
Washington, D.C. 20006-1307

David M. Schlitz (First Class Mail & E-mail)
Baker Botts LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2450

Frederick L. Cottrell, III (First Class Mail & E-mail)
Richards Layton & Finger
One Rodney Square
920 North King Street,
Wilmington, DE 19801

Steven J. Balick (First Class Mail & E-mail)
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899.

By: _____
Quinn Cassidy
Paralegal

4