# EXHIBIT E

# AKIN GUMP
# STRAUSS HAUER & FELD LLP
Attorneys at Law

JASON A. SNYDERMAN
215.965.1229/fax: 215.965.1210
jsnyderman@akingump.com

November 8, 2005

**Via First Class Mail & E-Mail**

André J. Bahou, Esquire
Robins, Kaplan, Miller & Ciresi L.L.P.
Suite 1200
1801 K Street, N.W.
Washington, DC 20006-1307

Re:   *Prism Technologies LLC v. VeriSign, Inc., et al.*
      **Civil Action No. 1:05-CV-00214-JJF**

Dear Mr. Bahou:

We are in receipt of Prism Technologies LLC's Objections and Responses to VeriSign's First Set of Interrogatories and Requests for Production of Documents and Things. Among other things, many of Prism's responses are incomplete or unresponsive. Furthermore, Prism asserts inappropriate and baseless objections. This letter is our good faith attempt to identify specific concerns in hopes that Prism will supplement its responses.

## INTERROGATORIES

Interrogatory No. 1

Interrogatory No. 1 seeks, *inter alia*, Prism's claim interpretation contentions and the support from the intrinsic record for those contentions. Prism improperly states that "at least claims 1 and/or 24 of the '416 patent should be given their plain and ordinary meaning." Prism cannot simply state that claims should be given their "ordinary meaning" without providing its contention of what it believes the "ordinary meaning" of the term should be. The phrase "ordinary meaning" refers to a method of interpreting a claim and is not itself a specific claim interpretation. Prior to filing suit, Prism was obligated to conduct an adequate pre-Complaint investigation after which it must have identified specific products that it concluded infringed its claims based on Prism's claim interpretation. VeriSign is entitled to know what Prism contends is the ordinary meaning of the claim terms, and all evidence Prism has that support this contentions of the ordinary meaning. Please supplement Prism's response by completing the chart attached at Exhibit A to VeriSign's interrogatories.

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

André J. Bahou, Esquire
November 8, 2005
Page 2

Interrogatory No. 5

Interrogatory No. 5 seeks, *inter alia*, prior art located in any prior art search or otherwise brought to Prism's attention and how and when Prism learned of such art. Prism states that any prior art not identified on the face of the '416 patent or its certificate of correction was not known by Prism until after the patent was issued. However, Prism fails to identify any such art or how it came to Prism's attention and when. Please supplement this response accordingly.

Interrogatory No. 8

Interrogatory No. 8 asks about Prism's attempts to license, sell, commercialize or transfer rights to the '416 patent. Prism states that it has developed commercial embodiments for three entities but does not provide any description as to what those embodiments were or when they were developed. Moreover, Prism fails to describe any attempts to license, sell or transfer rights to the '416 patent or to deny that any such attempts were made. Please supplement this response accordingly.

Improper Use of Fed. R. Civ. P. 33(d)

In response to Interrogatory Nos. 3, 4, 5, 7 and 8, Prism fails to specify, by category and location, where in its document production any answers to these interrogatories can be found. Instead, Prism cites to Fed. R. Civ. P. 33(d) to support its position that "the information sought is contained within Prism's document production and the burden of extracting the requested information is substantially equal for VeriSign as it is for Prism." Rule 33(d) does not permit a responding party to avoid answers by imposing on the interrogating party a mass of business records from which the answers cannot be ascertained from a person unfamiliar with them. Rather, Rule 33(d) specifically requires that a response "shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." See Fed. R. Civ. P. 33(d). Considering that you have advised that there exists 19 boxes and another 19 tapes of electronically stored data, Prism is obligated under Rule 33(d) to specify where in this mass of records the responses to these interrogatories can be found. Accordingly, please identify by Bates-number ranges the precise pages from where the answers to these interrogatories may be derived.

AKIN GUMP
STRAUSS HAUER & FELD LLP
━━━━━━━━━ Attorneys at Law

André J. Bahou, Esquire
November 8, 2005
Page 3

## DOCUMENT REQUESTS

Because Prism has stated that it will produce responsive documents and things to all but one of the Requests in VeriSign's First Set of Requests for Production of Documents and Things, VeriSign reserves its right to raise deficiencies relating to Prism's responses until an appropriate protective order is in place and Prism produces documents and things for review.

With regard to Prism's response to Request No. 36 (the only Request to which Prism has not agreed to provide responsive documents and things), Prism's response that this Request seeks the same material as Request No. 35 is incorrect. Request No. 35 seeks documents relating to *Prism's* attempts to assign, transfer, convey, license, mortgage, place a lien on or grant a security interest in the patent-in-suit or related patents. Request No. 36 seeks documents relating to inquiries, offers, requests, proposals, or negotiations *from others* to effectuate the same result. While documents responsive to one Request may also be responsive to the other, some documents may only be responsive to one. Accordingly, please provide documents responsive to Request No. 36 that may not be responsive to Request No. 35.

Please provide supplemental responses that address the concerns expressed in this letter.

Very truly yours,

*[signature]*

Jason A. Snyderman

JAS/jlh
cc: Gregory P. Teran, Esquire        (e-mail & regular mail)
    Kevin Meck, Esquire              (e-mail & regular mail)
    Frank C. Cimino, Esquire         (e-mail & regular mail)
    David M. Schiltz, Esquire        (e-mail & regular mail)
    John M. DiMatteo, Esquire        (e-mail & regular mail)
    Robert A. Auchler, Esquire       (e-mail & regular mail)
    Richard D. Kirk, Esquire         (e-mail & regular mail)
    Patricia Smink Rogowski, Esquire (e-mail & regular mail)
    Frederick L. Cottrell III, Esquire (e-mail & regular mail)
    Richard L. Horwitz, Esquire      (e-mail & regular mail)
    Steven Balick, Esquire           (e-mail & regular mail)

7497259.1

# EXHIBIT F

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

SUITE 1200
1801 K STREET, N.W.
WASHINGTON, D.C. 20006-1307
TEL: 202-775-0725 FAX: 202-223-8604
www.rkmc.com

ATTORNEYS AT LAW

ANDRÉ J. BAHOU
(202) 736-2707

November 23, 2005

**VIA E-MAIL AND REGULAR MAIL**

Jason Snyderman, Esquire
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

    Re: *Prism Technologies LLC v. VeriSign, Inc., et al.*
         Civil Action No. 1:05-cv-00214-JJF

Dear Mr. Snyderman:

This letter responds to your letter of November 8, 2005. Although we disagree with your contentions regarding Prism's responses, we make this good faith effort to respond to your request for more information.

## INTERROGATORIES

Interrogatory No. 1

VeriSign requested, *inter alia*, that Prism provide its claim interpretation contentions, the function performed by any means-plus-function claim elements, and the corresponding structure in the specification for performing the function of the means elements. Subject to and without waiving its objections, Prism properly responded that the asserted claim terms should be given their plain and ordinary meaning. If VeriSign contends otherwise, it is VeriSign's responsibility to show that some other interpretation of these claim terms is required. "[A] party wishing to alter the meaning of a clear claim term must overcome the presumption that the ordinary and accustomed meaning is the proper one, demonstrating why such an alteration is required." *See K-2 Corp. v. Salomon S.A.*, 191 F.3d 1356, 1362-63 (Fed. Cir. 1999). Prism has no obligation to paraphrase the words that appear in the claim. Prism has already provided a claim chart showing how it reads the asserted claims on the accused products.

Jason Snyderman, Esquire
November 23, 2005
Page 2

Additionally, Prism provided the terms that it contends are means-plus-function claim elements and the corresponding structure with exemplary citations to the patent specification. Contrary to your contention, we have fully complied with our obligation to answer your interrogatory.

Interrogatory No. 5

VeriSign requested, *inter alia*, all prior art (excluding the "references cited" on the face of the '416 patent) that Prism is aware of with respect to the patent-in-suit. Prism responded, subject to and without waiving its objections, by stating that all known, relevant, non-cumulative prior art to the '416 patent has been identified in the related pending U.S. Patent Application No. 10/230,638. This prior art was not known, to the best of Prism's knowledge, to any person having any obligation under 37 C.F.R. 1.56 until after the issuance of the '416 patent. Prism objects to the request and interrogatory as seeking information or documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Without waiving our objections or privilege, Prism became aware of additional references during the prosecution of the related pending U.S. Patent Application No. 10/230,638. That prior art is listed in the publicly available file wrapper in the pending U.S. Patent Application No. 10/230,638. Further, pursuant to Fed. R. Civ. Pro. 33(d), Prism states that the information sought is contained within Prism's document production and the burden of extracting the requested information is substantially equal for VeriSign as it is for Prism.

Interrogatory No. 8

VeriSign requested, *inter alia*, Prism's attempts to license, sell or otherwise commercialize the rights to the '416 patent. Subject to and without waiving its objections, Prism responded that to the extent they exist, non-privileged documents describing any attempt to license, sell, transfer, or otherwise commercialize the asserted subject matter of the '416 patent will be produced in response to VeriSign's First Set of Requests for the Production of Documents and Things to Plaintiff Prism Technologies LLC Nos. (1-40). Pursuant to Fed. R. Civ. Pro. 33(d), Prism states that the information sought is contained within Prism's document production and the burden of extracting the requested information is substantially equal for VeriSign as it is for Prism. Once the document production is exchanged more detail as to the description of the commercial embodiments will be available in at least documents P 009165-229. Further, Prism has approached at least RSA Security, Inc., First Data Corp., Amazon.com, Inc., and American Express to provide information regarding the asserted subject matter of the '416 patent.

Proper Use of Fed. R. Civ. P. 33(d)

Prism's responses to Interrogatories Nos. 3, 4, 5, 7, and 8, provide sufficient answers. Prism merely points VeriSign to the forthcoming document production for additional support to the interrogatories already answered.

DC1 45677928.1

Jason Snyderman, Esquire
November 23, 2005
Page 3

## DOCUMENT REQUESTS

In response to VeriSign's document request No. 36, Prism referred VeriSign to its response to request No. 35, in which, Prism stated that it would produce responsive documents, subject to and without waiving its objections. Further for your convenience, Prism incorporates its General Objections as stated in its response to VeriSign's First Set of Requests for the Production of Documents and Things. Specifically, Prism objects to Document Request No. 36 to the extent it seeks documents protected by the attorney client privilege and the work product doctrine. Prism further objects to Document Request No. 36 as overly broad, unduly burdensome and not relevant to the claim or defense of the parties to the extent it seeks "all" documents, which could potentially incorporate documents not leading to the discovery of admissible evidence. Prism also objects to Document Request No. 36 as being vague with respect to the term "attempted," " any security interest" and "related patents." Subject to and without waiving these objections, Prism will produce responsive documents to the extent they exist and are identified after a reasonable search of Prism's files.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

*A.J. Bahou*

André J. Bahou

cc:   Robert A. Auchter, Esquire (via e-mail)
      Richard D. Kirk, Esquire (via e-mail)
      Gregory P. Teran, Esquire (via e-mail)
      Kevin Meek, Esquire (via e-mail)
      Frank C. Cimino, Esquire (via e-mail)
      David M. Schlitz, Esquire (via e-mail)
      John M. DiMatteo, Esquire (via e-mail)
      Patricia Smink Rogowski, Esquire (via e-mail)
      Frederick L. Cottrell III, Esquire (via e-mail)
      Richard L. Horwitz, Esquire (via e-mail)
      Steven Balick, Esquire (via e-mail)

DC1 45677928.1

**EXHIBIT G**

# AKIN GUMP
## STRAUSS HAUER & FELD LLP
Attorneys at Law

DANIEL E. YONAN
202.887.4497/fax: 202.887.4288
dyonan@akingump.com

January 4, 2006

**Via E-Mail**

André J. Bahou, Esquire
Robins, Kaplan, Miller & Ciresi L.L.P.
Suite 1200
1801 K Street, N.W.
Washington, DC 20006-1307

Re: *Prism Technologies LLC v. VeriSign, Inc., et al.*
**Civil Action No. 1:05-CV-00214-JJF**

Dear Mr. Bahou:

This letter partially responds to your letter of November 23, 2005. For at least the reasons provided below, if you do not supplement your claim interpretations in response to VeriSign's Interrogatory No. 1, you will leave us no other choice than to raise this matter with the Court.

Prism's position that it does not need to provide claim interpretation contentions for claims 1 and 24 (or support for those contentions) because each is given its 'plain and ordinary' meaning is incorrect. *See, e.g., Carver v. Velodyne Acoustics, Inc.*, 202 F.R.D. 273, 274-75 (W.D. Wash. 2001). Simply saying you are construing the terms by their "plain and ordinary meaning" discloses your methodology and not your construction. VeriSign is entitled to know what meaning you attach to the claim terms.

Before any infringement analysis, the claims are *first* construed and then, *secondly*, the construed claims are compared to the accused device to determine the presence of each element. Presumably, during your pre-filing investigation, you *first* construed the terms of claims 1 and 24, and *then* compared those construed elements to the accused VeriSign product. However, all VeriSign has received is a chart that "mapped" the language of claims 1 and 24 to an alleged VeriSign product. You did not undertake the two-step procedure required by the law, and you certainly have not given VeriSign your construction of the claim terms.

Prism cannot have it both ways—alleging infringement on one hand, yet skipping an essential step of initial construction. As we remind Prism, relying on the 'plain and ordinary' meaning as the construction is simply a *method* of interpreting a claim, and not itself a claim

AKIN GUMP
STRAUSS HAUER & FELD L.L.P.
▬▬▬▬▬▬▬ Attorneys at Law

André J. Bahou, Esquire
January 4, 2006
Page 2

interpretation. *See, e.g., Tex. Digital Sys., Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1202 (Fed. Cir. 2002) ("It has long been recognized ... that dictionaries, encyclopedias and treatises are particularly useful resource to assist the court in determining the ordinary and customary meaning of claim terms.").

Prism's citation to *K-2 Corp. v. Salomon S.A.*, 191 F.3d 1356, 1362-63 (Fed. Cir. 1999) is misguided. There, the Federal Circuit expressly recognized that the ordinary meaning of a claim term "will often be in dispute, irrespective of the clarity of the terms used." *Id.* at 1365. Moreover, that specific issue of claim construction on appeal was *reviewed* by the Federal Circuit to see if the District Court afforded the wrong interpretation as a matter of law, and the starting step in that review of claim construction is whether the terms are to be given their ordinary meaning. *See id.* at 1362-63. It is not the final step, and the Federal Circuit examined the construction to determine whether it was the ordinary meaning.

Here, VeriSign is entitled to know what Prism's current position on a select number of claim terms is, as a predicate to determining whether the parties have a dispute. *See Vivid Tech., Inc. v. American Science and Engineering, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999) ("It is routine case management to require litigants to identify the aspects of their case that are material to the dispute."). We ask that Prism complete the chart originally provided as Attachment A to VeriSign's 1st Set of Interrogatories, served on September 15, 2005, that highlights a select group of terms in claims 1 and 24 that could potentially be in dispute, and the support for each construction.

Very truly yours,

Daniel E. Yonan

# EXHIBIT H

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

ATTORNEYS AT LAW

SUITE 1200
1801 K STREET, N.W.
WASHINGTON, D.C. 20006-1307
TEL: 202-775-0725  FAX: 202-223-8604
www.rkmc.com

ANDRÉ J. BAHOU
(202) 736-2707

January 20, 2006

**VIA E-MAIL**

Daniel E. Yonan, Esquire
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue. N.W.
Washington, D.C. 20036-1564

    Re:   *Prism Technologies LLC v. VeriSign, Inc., et al.*
           Civil Action No. 1:05-cv-00214-JJF

Dear Mr. Yonan:

    This letter responds to your letter of January 4, 2006. We disagree with your contentions and are not persuaded by any authority that you cite. In VeriSign's Interrogatory No. 1, you requested that Prism state its claim interpretation for "each element and/or step (set forth in each row of Exh. A [attached thereto]), as a whole, as well as for each specifically bolded and quoted word and/or phrase...." Prism answered that the terms of the asserted claims 1 and/or 24 of U.S. Patent No. 6,516,416 ("the '416 patent") should be given their plain and ordinary meaning. Further, Prism provided a claim chart showing how the asserted claims read on the accused products when interpreted according to their plain and ordinary meaning. We have no further obligation to paraphrase the claims.[1] Rather, it is VeriSign's burden to now state whether it disputes whether any term should be given its plain meaning.

    Your citation to *Vivid Techs., Inc. v. American Science and Engineering, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999) supports our position. In your letter you quoted *Vivid Techs.* for the proposition that "It is routine case management to require litigants to identify the aspects of their case that are material to the dispute." Additionally the preceding sentence before your quote

---

[1] *See also* Standing Scheduling Order of Chief Judge Sue L. Robinson, United States District Court for the District of Delaware at 5, "Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary dictionary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning."

DC1 45679843.1

Daniel E. Yonan, Esquire
January 20, 2006
Page 2

supports Prism – "…only those terms need be construed that are in controversy, and only to the extent necessary to resolve the controversy." *Id.* (citing *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997) (claim construction is for "resolution of disputed meanings")). Prism has stated its position regarding the interpretation of the asserted claims. VeriSign should now state its dispute and state which claim terms that it contends should not be given their plain and ordinary meaning. If VeriSign does not dispute that each asserted claim term should be given its plain meaning, then there is no dispute.

Moreover, in light of the parties' proposed scheduling orders pending before the Court, your statement that you have "no other choice than to raise this matter with the Court" is not well taken. Under either of the parties' proposed scheduling orders, the parties propose a specific procedure for claim construction. If the Court accepts our proposed procedure, you would be obligated to serve a list of terms and/or phrases for which you request the opposing party's claim construction. Surely you would not serve a list disputing *each and every* term of the asserted claims. Further, the Defendants' proposal (although somewhat vague) also states that an activity of claim construction would be to "Serve list of terms/phrases on opposing party." (*See* letter from P. Rogowski to The Honorable Joseph J. Farnan, Jr. dated October 11, 2005, at Exhibit C, pages 3-4). Presumably your proposal means you would serve a list of disputed terms. This procedure should be followed.

Please call me with any questions.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

*A.J. Bahou*

André J. Bahou

AJB/cam

Enclosures

cc:   Robert A. Auchter, Esquire

DC1 45679843.1