# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC.,<br>NETEGRITY, INC., COMPUTER<br>ASSOCIATES INTERNATIONAL, INC.,<br>and JOHNSON & JOHNSON,<br><br>Defendants. | Civil Action No. 05-214 |

### DEFENDANT RSA SECURITY INC.'S
### RESPONSES TO PLAINTIFF PRISM TECHNOLOGIES LLC'S
### (REVISED) FIRST SET OF INTERROGATORIES

Defendant RSA Security Inc. ("RSA") submits the following responses to Plaintiff Prism Technologies LLC's ("Prism") Revised First Set Of Interrogatories.

### GENERAL OBJECTIONS AND RESPONSES

A.   RSA incorporates by reference its objections and responses to Prism's First Set of Rule 34 Requests for Production of Documents and Things to RSA.

B.   RSA objects to each interrogatory to the extent it seeks information that is protected from disclosure by the work product doctrine, the attorney-client privilege, or by any other applicable privilege or discovery immunity (collectively, "privileged"). The inadvertent supplying of any privileged information or communications shall not constitute a waiver of such protection.

C.   RSA objects to each interrogatory, and to Prism's Definitions and Instructions, to the extent they purport to impose upon RSA any obligation beyond those imposed by the Federal

Rules of Civil Procedure and this Court's Local Rules, including but not limited to any interrogatory that exceeds the scope of Federal Rules of Civil Procedure 26 and 33.

      D.     RSA objects to each interrogatory to the extent it seeks information not relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

      E.     RSA objects to any aspect of Prism's definition of "RSA," "Defendant," "you," or "your" in its Revised First Set of Requests for Documents and Things, incorporated by Prism by reference in its Interrogatories, as vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence, to the extent the definition purports to include any person or entity other than the RSA Security Inc. or its officers, directors, or employees. In responding to these interrogatories, RSA interprets "RSA," "Defendant," "you," or "your" to mean only RSA Security Inc. and its officers, directors, or employees.

      F.     RSA objects to each interrogatory to the extent it seeks information that is not known or available to RSA.

      G.     Neither these General Objections and Responses, nor the Specific Responses set forth below, are an admission relative to the existence of any information sought, to the relevance or admissibility of any response, or to the truth or accuracy of any statement or characterization contained in any particular interrogatory.

      H.     The Specific Responses set forth below are based upon information now available to RSA after having made a diligent search. RSA has responded to these interrogatories to the best of its present ability. However, fact investigation and trial preparation are continuing, and RSA reserves the right to revise, correct, add to, supplement, modify or clarify its responses pursuant to Federal Rule 26(e) in any manner it deems appropriate. Moreover, these responses are made without prejudice to RSA's right to present at trial additional evidence or witnesses as may be discovered or produced.

## SPECIFIC RESPONSES

**INTERROGATORY NO. 1:**

For each of the following categories (a) - (e), identify the three (3) most knowledgeable individuals (from the timeframe of 1996 to present) and describe the nature of the information possessed by each such individual:

(a) the design of the products identified in Prism's Rule 34 Request No. 1 to RSA, including but not limited to the system architecture and source code;

(b) the development of the products identified in Prism's Rule 34 Request No. 1 to RSA, including but not limited to the system architecture and source code;

(c) the operation and implementation of the products identified in Prism's Rule 34 Request No. 1 to RSA, including but not limited to the system architecture and source code;

(d) sales by unit and revenue, both in the U.S. and internationally, of the products identified in Prism's Rule 34 Request No. 1 to RSA;

(e) the profit, both gross and net, generated by sales of the products identified in Prism's Rule 34 Request No. 1 to RSA.

**RESPONSE TO INTERROGATORY NO. 1:**

RSA objects to this interrogatory as overly broad and unduly burdensome, to the extent that it calls for an identification of three persons "most knowledgeable" concerning the stated Topics or purports to require RSA to compare the knowledge of its employees to determine who is the "most knowledgeable." RSA objects to this interrogatory to the extent it calls for information concerning "the nature of the information possessed by each such individual" that is protected by the attorney-client privilege and/or the work product doctrine. RSA objects to this interrogatory to the extent it calls for information concerning accused products and/or services

3

prior to February 4, 2003, the date on which the patent in suit issued. RSA objects to this interrogatory to the extent it calls for information concerning accused products and/or services unrelated to any use within, sale within, offer for sale within, or importation into the United States.

Subject to and without waiving its objections, RSA responds as follows:

Prism's Rule 34 Request No. 1 specifically identifies only one alleged RSA product or service: "ClearTrust Authentication Suite." Prism's definition of "ClearTrust Authentication Suite" is vague and ambiguous. RSA provides identity and access management capabilities through its RSA ClearTrust® solution, which includes web access management, authentication policy management, and user privilege management. RSA responds with respect to RSA ClearTrust® only. The following individuals are presently believed to have knowledge pertaining to RSA ClearTrust®:

- Design, development, operation and implementation of RSA ClearTrust®: Stan Swiniarski.
- Sales, revenue, and profit generated from RSA ClearTrust®: David Stack.

Pursuant to Fed. R. Civ. P. 33(d), RSA states that information sought by this interrogatory is contained within RSA's production of documents and the burden of extracting the requested information is substantially equal for Prism as it is for RSA.

**INTERROGATORY NO. 2:**

Identify each Identity and Access Management software or hardware product that Defendant made, used, sold, offered for sale, or imported into the United States since 1996.

**RESPONSE TO INTERROGATORY NO. 2:**

RSA objects to Prism's definition of "Identity and Access Management" as ambiguous, in that "system," "resources," "advanced authentication," "strong authentication," "USB tokens," "Smart Cards," and "digital identification" are undefined.

Subject to and without waiving its objections, RSA responds as follows:

RSA provides identity and access management capabilities through its RSA ClearTrust® solution, which includes web access management, authentication policy management, and user privilege management. RSA ClearTrust® web access management solution is designed to facilitate web single sign-on, while protecting access to web-based applications and resources through the management of user identities and their access rights. RSA has offered ClearTrust® since September 2001.

Since its inception in 1986 as Security Dynamics Technologies, Inc., RSA has provided numerous products and services that facilitate user identification and authentication, with an initial emphasis on solutions for secure remote access to enterprise networks (RSA SecurID® technology). RSA offers and has offered for years numerous products and services that may be used to protect and manage access to computer-based information resources. Pursuant to Fed. R. Civ. P. 33(d), RSA states that information sought by this interrogatory is contained within RSA's production of documents, including without limitation RSA's annual reports to the SEC on Form 10-K from 1996-2004, and the burden of extracting the requested information is substantially equal for Prism as it is for RSA.

**INTERROGATORY NO. 3:**

To the extent that you contend that any product identified in Prism's Rule 34 Request No. 1 to RSA does not infringe either claim 1 or claim 24 of the '416 patent, state the basis for that contention and provide a detailed claim chart specifically identifying what claim element(s) you

5

contend is (are) not met, and provide RSA's contentions regarding the interpretation of each claim element that you assert is not met, including an identification of all intrinsic or extrinsic evidence upon which RSA relies to support such claim interpretations.

**RESPONSE TO INTERROGATORY NO. 3:**

RSA objects to this interrogatory as premature. The parties have submitted proposed Scheduling Orders to the Court that provide various schedules for claim construction briefing. Discovery in this case has recently commenced, and Prism has yet to produce documents or things such as extrinsic evidence that may be relevant to claim construction.

Subject to and without waiving its objections, RSA responds as follows:

Prism's Rule 34 Request No. 1 specifically identifies only one alleged RSA product or service: "ClearTrust Authentication Suite." Prism's definition of "ClearTrust Authentication Suite" is vague and ambiguous. RSA provides identity and access management capabilities through its RSA ClearTrust® solution, which includes web access management, authentication policy management, and user privilege management. RSA responds with respect to RSA ClearTrust® only. RSA ClearTrust® does not contain each and every limitation of claims 1 and 24 of the patent in suit either literally or under the doctrine of equivalents. At least the following limitations are absent from RSA ClearTrust® under any reasonable interpretation of the claims:

Claim 1:

- clearinghouse means for storing identity data of said first server computer and the identity data of each of said subscriber client computers;

- server software means installed on said first server computer adapted to forward its identity data and identity data of each subscriber client computer to said clearinghouse means at the beginning of an operating session in which access to selected computer resources of said first server computer is requested;

- client software means installed on each of said subscriber client computers adapted to forward its identity data to said first server computer at the beginning of an operating session in which access to selected computer resources is requested;

6

- at least one hardware key connected to the subscriber client computer, said key being adapted to generate a predetermined digital identification, which identification is part of said identity data

- said server software means installed on the first server computer being adapted to selectively request the subscriber client computer to forward said predetermined digital identification to the first server computer to thereby confirm that said hardware key is connected to said subscriber client computer

- said clearinghouse means being adapted to authenticate the identity of said subscriber client computer responsive to a request for selected computer resources of said first server computer by a subscriber client computer;

- said clearinghouse means being adapted to permit access to said selected computer resources responsive to successful initial authentication of said first server computer and of said subscriber client computer making first request.

Claim 24:

- registering identity data of said first server computer and the identity data of each of said subscriber client computers and storing the registered identity data in a clearinghouse means associated with said first server computer and said subscriber client computers;

- requiring a subscriber client computer to forward its identity data to said clearinghouse means at the beginning of an operating session in which access to selected computer resources is requested;

- requiring a subscriber client computer to forward a predetermined digital identification to said first server computer to thereby confirm that a hardware key is connected to said subscriber client computer;

- attempting to authenticate the identity of said subscriber client computer from said clearinghouse means responsive to a request for selected computer resources of said first server computer by a subscriber client computer;

- permitting access to said selected computer resources responsive to successful initial authentication of said first server computer and of said subscriber client computer making said request.

Additional limitations may also be absent depending on the Court's interpretation of the claims. RSA expressly reserves the right to amend this response to identify additional missing limitations. Pursuant to Rule 33(d), RSA will produce documents containing extrinsic evidence that may be relevant to the construction of terms in Claims 1 and 24.

**INTERROGATORY NO. 4:**

To the extent that you contend that any claim of the '416 patent is invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112, or for any other reason, state the basis for your contention, including at least the following:

(i) For each claim of the '416 patent that you contend or may contend is invalid, identify the exact prior art reference or references on which you rely to support such contention and state the facts and basis on which you contend that such reference constitutes prior art to the '416 patent;

(ii) For each claim of the '416 patent that you contend is invalid as anticipated under 35 U.S.C. § 102, provide a claim chart identifying the exact structure or step disclosed in the allegedly invalidating prior art reference, or allegedly invalidating prior art knowledge and/or activity, that you contend meets each element or limitation of the allegedly invalid patent claim(s);

(iii) For each claim of the '416 patent that you contend is invalid for obviousness under 35 U.S.C. § 103, identify the exact combination of prior art references (or single reference) that you contend renders the claim obvious, identify where each element or limitation of the patent claim appears in the cited combination of prior art references, and identify any evidence or facts upon which you may rely to show a motivation to combine the prior art references in the manner you assert.

(iv) For each claim of the '416 patent that you contend is invalid under 35 U.S.C. § 102(g), identify the inventor, the date of conception, the date of reduction to practice, and all facts and evidence on which you will rely to establish diligence under § 102(g) by the alleged prior inventor(s).

8

(v)  For each claim of the '416 patent that you contend is invalid under 35 U.S.C. § 112, state the term(s) or elements) that you contend are indefinite or fail to find support in the '416 patent disclosure and state the statutory basis for your contention and identify any facts or evidence on which you may rely to prove any such contention.

**RESPONSE TO INTERROGATORY NO. 4:**

RSA objects to Prism's Interrogatory 4 as consisting of five separate subparts, each of which shall be considered a separate Interrogatory. RSA objects to this interrogatory as premature. The parties have submitted proposed Scheduling Orders to the Court that provide various schedules for claim construction briefing and expert discovery, both of which will be pertinent to issues of invalidity. Discovery in this case has recently commenced, and Prism has yet to produce documents or things that may provide extrinsic evidence relevant to claim construction and/or evidence of prior art relevant to the invalidity of the patent in suit.

Subject to and without waiving its objections, RSA responds as follows:

Claims 1 and 24 of the patent in suit are obvious in view of the prior art of record during prosecution. In addition, these claims are anticipated and/or obvious in view of the following prior art references: U.S. Patents Nos. 5,590,199 (Krajewski et al.); 6,553,492 (Hosoe); 5,841,970 (Tabuki); 5,761,309 (Ohashi et al.); 5,081,676 (Chou et al.); 5,222,133 (Chou et al.); G. Gaskell, M. Warner, "Improved Security For Smart Card Use In DCE," Open Software Foundation RFC 71.0, February 1995; Charlie Lai, Gennady Medvinsky, & B. Clifford Neuman, "Endorsements, Licensing, and Insurance for Distributed System Services," Proc. 2nd ACM Conf. On Computer And Communications Security 170, 173 (1994); M. Krajewski, J. Chipchak, "Applicability of Smart Cards to Network User Authentication", Computing Systems, Vol. 7., No. 1, Winter 1994; J. Pato, "Using Pre-Authentication to Avoid Password Guessing Attacks",

9

Open Software Foundation RFC 26.0, June 1993; Jay E. Israel & Theodore A. Linden, Authentication in Office System Internetworks, 1 <u>ACM Transactions In Office Info. Sys.</u> 193, 194 (1983).

**INTERROGATORY NO. 5:**

If you contend that the '416 patent is unenforceable for any reason, please state the basis for that contention and identify any facts that support that contention.

**RESPONSE TO INTERROGATORY NO. 5:**

Subject to and without waiving its objections, RSA responds as follows:

RSA presently contends that the patent in suit is unenforceable due to prosecution laches, based on dilatory, unreasonable and unexplained delays in its 6-year prosecution. RSA reserves the right to amend its response to this Interrogatory based on documents and information acquired during the discovery process.

**INTERROGATORY NO. 6:**

If you assert as a defense in this action that Plaintiff's damages are limited by any theory of laches or equitable estoppel, please state the basis for that contention and identify any facts that support such contention.

**RESPONSE TO INTERROGATORY NO. 6:**

Subject to and without waiving its objections, RSA responds as follows:

RSA presently makes no contention that damages should be limited due to laches or equitable estoppel.

**INTERROGATORY NO. 7:**

If you contend that your infringement, if any, has not been willful or does not continue to be willful, state the basis for your contention and (i) state the date on which RSA first became aware of the '416 patent (or any United States patent application or patent related thereto), and

state the date on which RSA first became aware of Prism Resources, Inc. or Prism Technologies LLC, and (ii) identify all documents, persons and other evidence on which you rely to establish the date on which you first became aware of the '416 patent (or any United States patent application or patent related thereto) and the date on which you first became aware of Prism Resources, Inc. or Prism Technologies LLC.

**RESPONSE TO INTERROGATORY NO. 7:**

Subject to and without waiving its objections, RSA responds as follows:

RSA incorporates by reference its responses to Prism's Interrogatories 3, 4, and 5. RSA is presently unaware of any evidence suggesting that RSA or any of its employees were aware of the '416 patent, Prism Resources, Inc., or Prism Technologies LLC until the day RSA was served with Prism's Complaint.

**INTERROGATORY NO. 8:**

State your basis for the allegations in paragraphs 11, 12, 14, 15, 17, and 18 of RSA's Counterclaim on the date that Counterclaim was filed.

**RESPONSE TO INTERROGATORY NO. 8:**

Subject to and without waiving its objections, RSA incorporates by reference its responses to Prism's Interrogatories 3, 4, and 5. Prism's accusations in its Complaint have created uncertainty and controversy for which RSA seeks relief by means of declaratory judgment.

**INTERROGATORY NO. 9:**

Identify each witness you expect to testify at trial and the substance of each witness's anticipated testimony.

11

**RESPONSE TO INTERROGATORY NO. 9:**

RSA objects to Prism's request for a description of the "substance" of any witness's anticipated testimony as vague, ambiguous, and calling for information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving its objections, RSA responds as follows:

RSA incorporates by reference its present and subsequent disclosures under Fed. R. Civ. P. 26(a)(1) - 26(a)(3), applicable Local Rules and Court Orders, and any amendments thereto.

**INTERROGATORY NO. 10:**

Assuming that RSA is found liable for infringing the '416 patent, please state your contentions regarding the amount of damages to which Plaintiff is entitled under 35 U.S.C. § 284.

**RESPONSE TO INTERROGATORY NO. 10:**

RSA objects to this interrogatory as calling for speculation. RSA denies infringement and contends that Prism Technologies LLC is entitled to <u>no</u> damages from RSA. RSA reserves the right to rebut and impeach any evidence or testimony propounded by Prism as alleged proof of damages owed to Prism by RSA.

\* \* \*

AS TO MATTERS KNOWN OR AVAILABLE TO RSA:

I, Michelle B. Rosenberg, declare that I am an employee of RSA Security Inc., which is the defendant in the above-entitled action. I have been authorized to make this verification on its behalf.

I have read the foregoing Responses to Plaintiff Prism Technologies LLC's (Revised) First Set Of Interrogatories ("Responses"). To the extent that I have personal knowledge, the facts stated in the Responses are true and correct. Insofar as the facts contained in the Responses are based on a composite of information from different sources known or available to RSA, I am informed and believe that they are true and correct.

Signed and sworn to under the pains and penalties of perjury upon information and belief on this 28th day of October, 2005.

*Michelle B. Rosenberg*
Michelle B. Rosenberg

AS TO OBJECTIONS:

---

Frederick L. Cottrell, III (#2555)
Alyssa M. Schwartz (#4351)
Richards, Layton & Finger, P.A.
One Rodney Square
Post Office Box 551
Wilmington, DE 19899
Telephone: (302) 651-7700
cottrell@rlf.com
schwartz@rlf.com

Of Counsel:

William F. Lee (*pro hac vice*)
David B. Bassett (*pro hac vice*)
Mark D. Selwyn (*pro hac vice*)
Gregory P. Teran (*pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

October 28, 2005

AS TO MATTERS KNOWN OR AVAILABLE TO RSA:

I, Michelle B. Rosenberg, declare that I am an employee of RSA Security Inc., which is the defendant in the above-entitled action. I have been authorized to make this verification on its behalf.

I have read the foregoing Responses to Plaintiff Prism Technologies LLC's (Revised) First Set Of Interrogatories ("Responses"). To the extent that I have personal knowledge, the facts stated in the Responses are true and correct. Insofar as the facts contained in the Responses are based on a composite of information from different sources known or available to RSA, I am informed and believe that they are true and correct

Signed and sworn to under the pains and penalties of perjury upon information and belief on this _____ day of October, 2005.

_____
Michelle B. Rosenberg


AS TO OBJECTIONS:

_____
Frederick L. Cottrell, III (#2555)
Alyssa M. Schwartz (#4351)
Richards, Layton & Finger, P.A.
One Rodney Square
Post Office Box 551
Wilmington, DE 19899
Telephone: (302) 651-7700
cottrell@rlf.com
schwartz@rlf.com

Of Counsel:

William F. Lee (*pro hac vice*)
David B. Bassett (*pro hac vice*)
Mark D. Selwyn (*pro hac vice*)
Gregory P. Teran (*pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

October 28, 2005