# THE BAYARD FIRM
A T T O R N E Y S

222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Zip Code For Deliveries: 19801

ⅲ MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(Fax) 302-658-6395
Writer's Direct Access

(302) 429-4208
rkirk@bayardfirm.com

May 24, 2006

**VIA E-FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, Delaware 19801

    Re:  *Prism Technologies LLC v. VeriSign, Inc., et al.*
           Civil Action No. 05-214-JJF

Dear Judge Farnan:

    As requested by the Court in the May 11, 2006 Order, plaintiff Prism Technologies LLC ("Prism") submits its deposition discovery plan described below and summarized in the table that appears at the end of this letter. Prism assumes that the Defendants will present the same deposition plan as submitted in their letter to the Court on October 11, 2006 [D.I. 58] and addresses Defendants' earlier proposed deposition plan in this letter.

### Time Limits for Fact Depositions and Requirement for Consecutive Days

    Prism proposes that the multiple Defendants coordinate depositions so that each of Prism's witnesses appear only once for a deposition and not on separate occasions for each of the four (4) party Defendants. Each (non-inventor) fact witness and each 30(b)(6) witness will be presented once for ten (10) hours of testimony to be taken on consecutive days. Defendants can allocate the time amongst themselves in whatever manner they chose. Prism proposes that the inventors of the patent-in-suit be deposed for a maximum of fourteen (14) hours on consecutive days, again with the Defendants allocating the time as they chose.

    The Defendants propose that they collectively be allowed to depose Prism's fact witnesses and Rule 30(b)(6) designees for twenty-one (21) hours, and, only *if practicable*, on consecutive days. Prism objects to producing each of its fact and 30(b)(6) witnesses for three full days of testimony. This case relates to one patent and Prism has asserted only two independent claims from that patent. The relevant deposition testimony can be obtained in significantly less than three days. Prism's witnesses should

626433v1

THE BAYARD FIRM

not be subjected to marathon depositions so that each Defendant can ask effectively the same questions. Prism also objects to producing its witnesses on multiple occasions rather than on consecutive days as there is no reason, with sufficient advance planning and notice, that the depositions cannot be completed in one setting.

Defendants also propose to limit Prism to one Rule 30(b)(6) deposition of each Defendant. Prism objects to an arbitrary and unreasonable limit on the number of 30(b)(6) depositions that will result in dramatically reduced efficiency and increased costs as Prism will likely be forced to notice multiple individual depositions and require judicial intervention if, as is often the case, the relevance and need for additional deposition topics becomes apparent during discovery. In addition, Defendants have offered no basis for this arbitrary and one-sided limit on 30(b)(6) depositions.

### Time Limits for Expert Depositions and Requirement for Consecutive Days

Prism proposes that expert depositions be limited to seven (7) hours, except for experts testifying for or about multiple Defendants, in which case the expert deposition shall be allocated a maximum of fourteen (14) hours on consecutive days. Prism believes that this limitation on expert depositions is and will appropriately limit the expense of expert time. This case relates to one patent and Prism is only seeking a reasonable royalty measure of damages, not lost profits. Thus, the issues on which experts are expected to testify can easily be addressed in the time limits that Prism suggests.

### Willful Infringement

Prism proposes a date certain (July 11, 2006) for each Defendant to elect and notify Prism whether each Defendant will rely on the advice of counsel as a defense to Prism's claim of willful infringement. Because Prism will need discovery related to each Defendants' election, the election should precede the close of fact discovery. Defendants' proposal to wait until the Court issues its *Markman* ruling and then further negotiate their election is an unnecessary and unjustifiable delay. Each defendant has presumably already obtained advice of counsel (if it intends to do so) and decided whether it will rely on that advice; this Court's *Markman* ruling will not alter those decisions. In addition, Defendants' proposal needlessly complicates trial preparation by setting piecemeal and indeterminate discovery schedules.

626433v1

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
May 24, 2006
Page 2

**Table Outlining Prism's Deposition Plan**

| Fact Depositions |
| --- |
| Depositions taken by Prism of Defendants |
| **Limit:** 10 depositions of opposing party, not including 30(b)(6) depositions or 3rd party depositions<br>**Time:** 1 day, 7 hours |
| Depositions taken by Defendants of Prism |
| **Limit:** 10 depositions of opposing party, not including 30(b)(6) depositions or 3rd party depositions<br>**Fact Witnesses:**<br>Time: 10 hours on consecutive days<br>**Inventors:**<br>Time: 14 hours on consecutive days<br>**30(b)(6) Witnesses:**<br>10 hours on consecutive days |
| **Expert Depositions** |
| Depositions taken by Defendants of Prism's Experts |
| Time: 1 day, 7 hours, except when testifying regarding multiple Defendants then maximum of 14 hours |
| **Willfulness** |
| Prism proposes election by July 11, 2006 before close of fact discovery |

Respectfully submitted,

*[signature]*

Richard D. Kirk (rk0922)

cc:   Clerk of Court (via e-filing with courtesy copy by hand)
      Counsel in accordance with the attached certificate and agreed service protocol

626433v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on May 24, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Frederick L. Cottrell, III, Esq.
Alyssa M. Schwartz, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document were sent by hand on May 24, 2006 to the above counsel and by first-class mail to the below counsel:

John DiMatteo, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

William Lee, Esq.
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA 02109

Jason Snyderman, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

Frank C. Cimino, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

587422v1

<table>
<tr><td>

David M. Schlitz  
Baker Botts L.L.P.  
1299 Pennsylvania Avenue, NW  
Washington, DC  20004-2400

</td><td>

Samir A. Bhavsar  
Jeffrey D. Baxter  
Baker Botts L.L.P.  
2001 Ross Avenue  
Dallas, TX  75201-2980

</td></tr>
</table>

<u>/s/ Richard D. Kirk (rk0922)</u>
Richard D. Kirk

587422v1