IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 05-214-JJF |
| ) | |
| VERISIGN, INC., RSA SECURITY, INC., ) | |
| NETEGRITY, INC., COMPUTER ) | |
| ASSOCIATES INTERNATIONAL, INC., and ) | |
| JOHNSON & JOHNSON SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S DEPOSITION PLAN**

Pursuant to the Court's Order of May 11, 2006, Defendants VeriSign, Inc., RSA Security, Inc., Netegrity, Inc., Computer Associates International, Inc., and Johnson & Johnson Services, Inc. (collectively, "Defendants") jointly submit the following Opposition to Plaintiff Prism Technologies LLC's ("Plaintiff") Deposition Plan.

Much of Plaintiff's deposition plan appears to be in opposition to Defendants' previous discovery plan, which was initially proposed over seven months ago. The Defendants, however, have now offered a different deposition plan. The new plan submitted by Defendants takes into account documents and interrogatory responses produced by Plaintiff that were not available when the Defendants proposed their previous plan. As a result, many of the comments in Plaintiff's premature opposition are misdirected and off point.

First, Plaintiff improperly seeks to overly restrict the Defendants without imposing the same restrictions on its own discovery. Just because Plaintiff opted to sue

five defendants in one case does not mean each of the Defendant Groups[1] should unfairly be limited to less than what it would be entitled to under the Federal or Local Rules of Court.

Second, Plaintiff's Plan would leave each Defendant Group with only 2.5 hours to depose non-inventor fact and Rule 30(b)(6) witnesses, 3.5 hours for each inventor, and 3.5 hours for experts testifying regarding multiple defendants. Not only are these restrictions far more onerous than the Rules would permit if each Defendant were sued separately, they will not permit Defendants to adequately develop their defenses, especially with regard to issues that will necessarily be unique to each individual Defendant (*i.e.*, non-infringement, damages, *etc.*).

## I. PLAINTIFF'S PLAN GIVES PLAINTIFF AN UNFAIR ADVANTAGE

Plaintiff proposes no limit on the overall number of depositions. Rather, Plaintiff's Plan allows 10 depositions of each party, not including Rule 30(b)(6) or third party depositions. *See* Plaintiff's Plan at 2. Plaintiff is a small company with few employees. Thus, there are necessarily a limited number of potential deponents. On the other hand, the Defendants are all large companies which, under Plaintiff's Plan, would each be subjected to having to defend 10 employee depositions *in addition* to limitless Rule 30(b)(6) designees and depositions of third-parties such as customers, suppliers, *etc*. Plaintiff should not be permitted to take 50 or more depositions while only having to defend a few. At a minimum, Plaintiff should be bound by the Federal Rules which

---

[1] Computer Associates International, Inc. purchased Netegrity Inc., and thus Computer Associates and Netegrity may be treated as a single defendant group with respect to this deposition plan. Thus, there are four Defendant Groups: (i) Computer Associates and Netegrity; (ii) RSA Security, Inc.; (iii) Verisign, Inc.; and (iv) Johnson & Johnson Services, Inc.

allow *a maximum* of 10 depositions which would include one Rule 30(b)(6) witness (regardless of the number of topics identified) and third-party deponents.

Defendants' Plan is more equitable. Defendants propose placing a reasonable limit on Plaintiff's Rule 30(b)(6) depositions, both by number of depositions and by hours. Plaintiff should be limited to one seven-hour Rule 30(b)(6) deposition of each Defendant Group on topics relating to damages, one seven-hour Rule 30(b)(6) deposition of each Defendant Group on topics relating to infringement (including each Defendant's accused products), and one seven-hour Rule 30(b)(6) deposition on topics relating to invalidity. Defendants' Plan similarly identifies specific Rule 30(b)(6) topics and appropriately reduces the time where issues common to all Defendants are involved (*i.e.*, 4 hours per Defendant Group for pre-filing investigations; 5 hours per Defendant Group for invalidity; 6 hours per Defendant Group for damages). Any party may insist on presenting a witness to testify in both his or her individual capacity and as a 30(b)(6) representative on consecutive days as opposed to multiple occasions, but the witness must be made available for the total time that is allocated for the witness's individual deposition and that is allocated for the 30(b)(6) deposition.

## II.   PLAINTIFF'S HOURLY RESTRICTIONS ARE UNFAIR

Plaintiff's Plan states that all of Plaintiff's fact and Rule 30(b)(6) witnesses be deposed for a total of 10 hours (2.5 hours per Defendant Group), all inventors for a total of 14 hours (3.5 hours per Defendant Group), and all experts for 7 hours unless that expert testifies regarding multiple Defendants in which case a total of 14 hours (3.5 per Defendant Group) is permitted. These restrictions not only fall well below the hours each Defendant would be entitled to use under the Federal and Local Rules, they simply do not

3

permit any Defendant adequate time to develop critical issues in the case. For example, on an issue such as infringement, where each Defendant may have very unique defenses, a Defendant should not be unfairly limited to only 2.5 hours of deposition testimony. Compounding an already unfair limitation, should Plaintiff opt to designate the same individual to testify on multiple Rule 30(b)(6) topics, Plaintiff's proposed 10 hour cap per witness would give each Defendant even less time to develop critical issues in the case.

With respect to experts, Plaintiff's hourly restrictions are similarly unfair. While Plaintiff's 14 hour limitation makes sense with respect to issues that are the same for each Defendant (claim construction, invalidity, inequitable conduct, *etc.*), it is grossly unfair for issues unique to particular defendants (*i.e.*, non-infringement, damages, *etc.*). Under Plaintiff's Plan, assuming Plaintiff will have a single expert witness testify with respect to infringement against all four Defendant Groups, each Defendant Group will have 3.5 hours to depose that expert, half the time it would normally be entitled under the Federal Rules. In contrast, because Defendants will likely have separate expert witnesses testifying as to non-infringement for each Defendant's accused product, Plaintiff will have the full 7 hours to depose each Defendant's expert on non-infringement. There is simply no justification for Plaintiff to have twice as much time as any Defendant to depose an infringement expert. Each Defendant should have at least 7 hours to depose any expert testifying with respect to each issue that is particular to the different Defendants, such as infringement and damages. More time than 7 hours per issue may be required, depending on the scope of Plaintiff's Rule 26(a)(2) disclosures.

### III. WILLFUL INFRINGEMENT

While the Court's May 16, 2006 Order did not ask the parties to submit proposals regarding deadlines to notify Plaintiff of a Defendant's intent to rely upon an opinion of counsel, Plaintiff nonetheless opted to include such a date in its submission. Prism has asked the Court to order each of the Defendants to "elect and notify Prism" as to whether it will rely on an opinion of counsel as a defense to willfulness no later than July 11, 2006 — months before claim construction briefing and argument. This request should be rejected.

The decision whether to waive the attorney client privilege is of great significance to each of the Defendants, and should be informed by, among other things, the Court's construction of disputed claim terms. Prism has not provided any reason why discovery specific to reliance on advice of counsel would be more efficiently conducted during fact discovery on other issues. Indeed, in at least one recent case, the Court bifurcated trial on willfulness and postponed discovery concerning advice of counsel until after the conclusion of trial on infringement and invalidity. E.g., Corning Inc. et al. v. SRU Biosystems LLC et al., No. 03-633 (Aug. 13, 2003 Conf. Tr. at 11, attached hereto as Ex. A). Defendants anticipate requesting similar bifurcation by separate motion, and respectfully request that the Court not schedule any "election and notification" date until, at the earliest, four weeks after the Court's decision on claim construction.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| David M. Schlitz<br>BAKER BOTTS L.L.P.<br>1299 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004-2400<br>Tel: (202) 639-7700<br><br>Samir A. Bhavsar<br>Jeffrey D. Baxter<br>BAKER BOTTS L.L.P.<br>2001 Ross Avenue<br>Dallas, TX 75201-2980<br>Tel: (214) 953-6500<br><br>Dated: May 31 2006 | By: */s/ Richard L. Horwitz*<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>Tel: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br><br>*Attorney for Defendants*<br>*Netegrity, Inc. and*<br>*Computer Associates International, Inc.* |
| OF COUNSEL: | ASHBY & GEDDES |
| John M. DiMatteo<br>Neal K. Feivelson<br>Leslie M. Spencer<br>WILLKIE FARR & GALLAGHER LLP<br>787 Seventh Avenue<br>New York, NY 10019-6099<br>Tel: (212) 728-8000 | By: */s/ John G. Day*<br>Steven J. Balick (# 2114)<br>John G. Day (#2403)<br>222 Delaware Avenue, 17th Floor<br>P.O. Box 1150<br>Wilmington, Delaware 19899<br>Tel: (302) 654-1888<br>sbalick@ashby-geddes.com<br>jday@ashby-geddes.com<br><br>*Attorneys for Defendant*<br>*Johnson & Johnson Services Inc.* |

| OF COUNSEL: | RICHARDS, LAYTON & FINGER, P.A. |
|---|---|
| William F. Lee<br>David B. Bassett<br>Mark D. Selwyn<br>Gregory P. Teran<br>WILMER CUTLER PICKERING<br>    HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Tel: (617) 526-6000 | By: */s/ Alyssa M. Schwartz*<br>Frederick L. Cottrell, III (#2555)<br>Alyssa M. Schwartz (#4351)<br>One Rodney Square<br>Post Office Box 551<br>Wilmington, DE 19899<br>Tel: (302) 651-7700<br>cottrell@rlf.com<br>schwartz@rlf.com<br><br>*Attorneys for Defendant*<br>*RSA Security Inc.* |

| OF COUNSEL | CONNOLLY BOVE LODGE & HUTZ LLP |
|---|---|
| Edward F. Mannino<br>Jason A. Snyderman<br>AKIN GUMP STRAUSS<br>    HAUER & FELD LLP<br>One Commerce Square, Suite 2200<br>2005 Market Street<br>Philadelphia, PA 19103<br>Tel: (215) 965-1200<br><br>Frank C. Cimino<br>Daniel E. Yonan<br>Jin-Suk Park<br>AKIN GUMP STRAUSS<br>    HAUER & FELD LLP<br>Robert S. Strauss Building<br>1333 New Hampshire Avenue, NW<br>Washington, DC 20036-1564<br>Tel: (202) 887-4000 | By: */s/ Patricia Smink Rogowski*<br>Patricia Smink Rogowski (#2632)<br>The Nemours Building<br>1007 North Orange Street<br>PO Box 2207<br>Wilmington DE 19899<br>Tel: (302) 658-9141<br>progowski@cblh.com<br><br>*Attorneys for Defendant, VeriSign, Inc.* |

734587

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

     I, Richard L. Horwitz, hereby certify that on May 31, 2006, the attached document was hand-delivered on the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF.

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
P. O. Box 25130
Wilmington, DE 19899-5130

     I hereby certify that on May 31, 2006, I have Electronically Mailed the documents to the following non-registered participants:

Dirk D. Thomas
Robert A. Auchter
Kenneth A. Freeling
Jason R. Buratti
André J. Bahou
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, Suite 1200
Washington, DC 20006
PrismCounsel@rkmc.com

                                                     /s/ *Richard L. Horwitz*
                                                     Richard L. Horwitz
                                                     David E. Moore
                                                     Potter Anderson & Corroon LLP
                                                     Hercules Plaza – Sixth Floor
                                                     1313 North Market Street
                                                     P.O. Box 951
                                                     Wilmington, DE 19899-0951
                                                     (302) 984-6000
                                                     rhorwitz@potteranderson.com
                                                     dmoore@potteranderson.com

680022