IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>　　　　　Defendants. | C. A. No. 05-214 JJF |

**PLAINTIFF PRISM TECHNOLOGIES LLC'S
OPPOSITION & RESPONSE TO
<u>DEFENDANTS' JOINT DEPOSITION PLAN</u>**

Plaintiff Prism Technologies LLC ("Prism") provides the following opposition and response to Defendants' Joint Deposition Plan submitted on May 24, 2006. [D.I. 116].

The Defendants request an unreasonable amount of time to conduct the requested depositions and make no commitment to coordinate the depositions so that Prism's witnesses do not appear multiple times. With the proper planning, however, the Defendants should be able to coordinate each deposition, minimize the overlapping questions, and limit the deposition time to a reasonable amount.

Defendants give no reason why they should not be required to conduct the depositions of Prism's witnesses on consecutive days. Further, Defendants have not shown why each fact

626830v1

witness or 30(b)(6) witness (per major topic)[1] could not be deposed within ten (10) hours of testimony on consecutive days, or that each inventor could not provide the relevant testimony within fourteen (14) hours on consecutive days.

Nonetheless, Defendants recognize that common topics will save time during each deposition. Thus, for each deposition the Defendants should coordinate the depositions such that they are to be held on consecutive days, coordinate the common topics, have one Defendant question the witness, and then split the remaining time amongst the Defendant Groups.[2]

Regarding timing proposed by Defendants, Prism agrees that all depositions of fact witnesses shall be completed by November 9, 2006, provided that each Defendant has substantially completed its document production at a reasonable time before August 11.[3] Prism does not, however, agree that depositions can only commence after August 11, 2006. Prism believes that each party should be permitted to proceed with depositions forthwith.

## **PRISM'S DEPOSITIONS OF DEFENDANTS AND RELATED WITNESSES**

Prism proposes that it be allowed to take up to 10 depositions for each Defendant Group, inclusive of 30(b)(6) depositions and third party depositions.[4] In short, Prism proposes adhering to the limits set in Fed. R. Civ. P. 30(a)(2)(A) regarding the number of depositions and Rule 30(d)(2) regarding the duration of depositions, unless the Court authorizes exceeding those limits for good cause shown.

---

[1] The major topics that Defendants request are damages, infringement, pre-filing investigation, and invalidity.
[2] Prism accepts the Defendants' grouping of Computer Associates International, Inc. with Netegrity, Inc. because Netegrity, Inc. recently merged with Computer Associates International, Inc. Therefore, Prism's response assumes four Defendants: (i) Computer Associates and Netegrity; (ii) RSA Security, Inc.; (iii) VeriSign, Inc.; and (iv) Johnson & Johnson Services, Inc.
[3] Johnson & Johnson Services, Inc., to date, has produced less than 1200 pages of documents, while each of the other Defendants have produced over 100,000 pages of documents.
[4] Prism recognizes an error in its previous letter to the Court of May 24, 2006 [D.I. 115], and hereby retracts the statement limiting the depositions to ten, not including 30(b)(6) depositions or third party depositions. Instead, Prism intended and should have stated that the depositions are limited to 10, including 30(b)(6) depositions and third party depositions.

626830v1

## DEFENDANTS' DEPOSITIONS OF PRISM AND RELATED WITNESSES

1.  **Inventors**.  Prism disagrees that each Defendant Group should be allowed to depose the three inventors (Richard L. Gregg, Sandeep Giri, and Timothy C. Goeke) of U.S. Patent No. 6,516,416 for twenty (20) hours each.  Considering that this case relates to one patent, and Prism has only asserted two independent claims from that patent, the relevant deposition testimony can be obtained in significantly less than three days.  Prism proposes that Mr. Richard L. Gregg, who is currently an officer of Prism and the lead inventor of the patent-in-suit be deposed for fourteen (14) hours of testimony on consecutive days as set forth in its opening letter.  Prism, however, does not control the other inventors, Sandeep Giri and Timothy C. Goeke, since neither is currently employed by Prism.  However, Prism will cooperate with the Defendants to secure the attendance of the other inventors at a deposition, which Prism also proposes be limited to no more than 14 hours of testimony on consecutive days.

2.  **30(b)(6) Depositions of Prism.**

    a.  <u>30(b)(6) Witness on damages</u>.  This topic is more appropriate for expert reports, expert depositions, and contention interrogatories but not for Prism's fact witnesses.  To the extent that Defendants attempt to inquire about Prism's products that incorporate the invention, the Defendants' time should be greatly limited because Prism is not seeking lost profits as a measure of damages.  Prism is entitled to a reasonable royalty for the use of its invention and is not seeking lost profits. Each Defendant Group needs to question the designated witness regarding only the facts that are relevant to the determination of a reasonable royalty.  Most importantly, Prism's damages issues are common to all Defendant Groups and should be limited to one day of testimony lasting no more than 7 hours.

    b.  <u>30(b)(6) Witness on infringement and pre-filing investigation</u>. Again, these topics are more appropriate for expert reports, expert depositions, and contention interrogatories and not for Prism's fact witnesses.[5] Prism also objects to the extent that Defendants seek testimony that is protected by the work-product doctrine and/or attorney-client privilege. Defendants request 28 hours of deposition testimony from Prism regarding infringement and 16 hours of deposition testimony regarding its pre-filing investigation. Six days (44 hours) of deposition testimony regarding these infringement topics is unreasonable and unduly burdensome.

    c.  <u>30(b)(6) Witness on invalidity</u>. As with the damages and infringement topics listed above, the issues of invalidity are more appropriate for expert reports, expert depositions, and contention interrogatories. To the extent that any of the inventors of the patent-in-suit have knowledge of facts that the Defendants believe may be relevant to their invalidity and/or unenforceability contentions, those facts can be obtained during the inventor's respective depositions.

  **3.**  **Prism's Current and Former Employees, Officers, And Directors.**
Defendants request 21 hours (3 days) of deposition of Prism's current or former employees. Once more, the testimony of each employee, officer, or director will elicit the same information about Prism. This testimony is the same, regardless of each Defendant. To the extent that each Defendant Group needs individual time, the Defendants should be able to depose these witnesses in 10 total hours of testimony, allocating time among each Defendant as they choose.

  **4.**  **Prism's Former Customers.** Prism has no control over its former customers and this Court may not have jurisdiction over those customers. Therefore, Prism believes that it is

---

[5] To the extent that the Court permits depositions on these topics, Prism should also be allowed to take a 30(b)(6) deposition of Defendants on their non-infringement contentions and on their respective invalidity and/or unenforceability contentions.

626830v1

premature to set limits on such deposition testimony before those former customers have been served with subpoenas and the Court with jurisdiction over such former customers have been identified.

5. **Prosecuting Attorneys.**  Defendants seek to depose the '416 patent prosecuting attorney for a total of 7 hours to be shared jointly among the Defendants.  Although Prism does not intend to waive any privilege, the Defendants' proposal of 7 hours of deposition testimony is reasonable.

The Defendants, however, should not be allowed to depose the prosecuting attorneys of the ongoing continuation application.  Prism asserts all applicable privileges regarding that continuation application.  Furthermore, that application has no bearing on the Defendant's past infringement of the '416 patent-in-suit.

6. **Fairfield Resources International, Inc.**  Prism agrees to a reasonable time, limited to 7 hours shared jointly among the Defendants, for deposing Fairfield Resources.  However, Prism does not control Fairfield Resources and cannot make any representations regarding the appearance of Fairfield Resources at a deposition that may be noticed by the Defendants.

7. **Third Party Depositions Relating to Prior Art Systems and Methods.**  Prism accepts the Defendants' proposal to limit each third party deposition to a total of 7 hours.

8. **CA and Netegrity's (collectively CA) Customers.**  Prism agrees that CA should be allowed 16 hours to depose its customers, assuming that CA cannot get the relevant information otherwise.  But any such depositions should count against the limit of ten (10) depositions for CA/Netegrity.  Prism may also seek depositions of CA's (or other Defendants') customers.

**9.    JJSI's Suppliers.**  Prism recognizes that JJSI may desire 28 hours to depose its suppliers regarding the accused hardware and software products.  But such depositions should count against the limit of ten (10) depositions for JJSI.  Prism may also seek depositions of JJSI's suppliers.

## CONCLUSION

Prism requests that each deposition of its fact witnesses be held on consecutive days so that its witnesses  (or witnesses who were associated with Prism sometime in the past) are not required to appear on four (4) separate occasions to be deposed by each of the Defendants. Similarly, with the proper coordination among the Defendants, Prism requests that the deposition time be limited to a reasonable amount and not unduly extended due to duplicative and repetitive questions from each of the Defendants.  Prism proposes that the total number of fact depositions taken by each Defendant (including 30(b)(6) and third party depositions) be limited to a maximum of 10, excluding expert depositions.  Prism proposes that it be limited to 10 fact depositions against each Defendant, including 30(b)(6) depositions and third party depositions.

The Defendants should be able to depose Prism's 30(b)(6) witness in 10 hours on each of the topics that they propose, should be able to depose other fact witnesses (i.e. non-inventor) within 10 hours of testimony, and should be able to depose each '416 inventor in 14 hours on consecutive days.  Prism, likewise, will limit its deposition time to 7 hours for each 30(b)(6) major topic, limit depositions of other fact witnesses to 7 hours, and limit third party depositions to 7 hours each.

- 7 -

                                                                                  THE BAYARD FIRM

May 31, 2006                                              /s/ Richard D. Kirk (rk0922)
                  `                                             222 Delaware Avenue, Suite 900
                                                         Wilmington, Delaware 19899-5130
                                                         (302) 655-5000
                                                         rkirk@baryardfirm.com
                                                         ATTORNEYS FOR PLAINTIFF,
                                                          PRISM TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Aziz Burgy, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C.  20006
(202) 775-0725

626830v1