IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>              Plaintiff,<br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>              Defendants. | Civil Action No. 05-214 JJF |

**PLAINTIFF PRISM TECHNOLOGIES LLC'S MOTION TO
COMPEL DEFENDANT JOHNSON & JOHNSON SERVICES, INC.
TO PRODUCE DOCUMENTS AND THINGS**

July 7, 2006

                                        THE BAYARD FIRM
                                        Richard D. Kirk (rk0922)
                                        222 Delaware Avenue, Suite 900
                                        Wilmington, Delaware 19899
                                        (302) 655-5000
                                        rkirk@bayardfirm.com

                                        ATTORNEYS FOR PLAINTIFF PRISM
                                        TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Aziz Burgy, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 775-0725

629535v1

## INTRODUCTION

Plaintiff Prism Technologies LLC ("Prism") moves, pursuant to Fed.R.Civ.P. 26 and 37(a), Local Rule 37.1, and the Dispute Resolution Procedures of ¶4(a) of the Scheduling Order (D.I. 109) for an Order compelling defendant Johnson & Johnson Services, Inc. ("JJSI") to produce all responsive documents and things requested by Prism's Rule 34 requests for documents and things.

## FACTS

Prism filed a patent infringement suit against multiple defendants, including Johnson & Johnson Services, Inc. ("JJSI"), on April 11, 2005.[1] Prism alleges that JJSI's Identity and Access Management ("IAM") solution incorporating, among other things, SafeNet iKey software and hardware products, infringes Prism's U.S. Patent No. 6,516,416. To support its infringement allegation, Prism provided a detailed infringement claim chart identifying specific infringing components in response to JJSI's Interrogatory No. 3.[2] Prism then served Rule 34 Requests upon JJSI seeking responsive documents and things. Prism served three sets of Rule 34 Requests; the first on September 20, 2005,[3] the second on January 10, 2006,[4] and the third on February 15, 2006.[5]

When no documents whatsoever were produced by JJSI, even though all of the other parties, including Prism, had already begun document production, Prism inquired about JJSI's document production on February 15, 2006.[6] JJSI finally produced a smattering of documents on February 22, 2006, five months after service of Prism's first set of Rule 34 Requests.[7] In that

---

[1] Prism filed an amended complaint on June 22, 2005.
[2] Prism's Objections and Responses to JJSI's First Set of Interrogatories, Interrogatory No. 3, December 2, 2005, Ex. 1, attached to Affidavit of Aziz Burgy (hereinafter, "Burgy Aff.").
[3] Prism's Revised First Set of Rule 34 Requests to JJSI, September 20, 2005, Ex. 2, Burgy Aff.
[4] Prism's Second Set of Rule 34 Requests to JJSI, January 10, 2006, Ex. 3, Burgy Aff.
[5] Prism's Third Set of Rule 34 Requests to JJSI, February 15, 2006, Ex. 4, Burgy Aff.
[6] Letter from A. Burgy to N. Feivelson, dated February 15, 2006, Ex. 5, Burgy Aff.
[7] Letter from L. Spencer to A. Burgy, dated February 22, 2006, Ex. 6, Burgy Aff.

629535v1

1

production, JJSI produced merely 1,154 pages of documents.[8] As might be expected from this limited production, JJSI failed to produce many highly relevant documents, plainly responsive to Prism's requests. For instance, JJSI failed to produce one set of its IAM software, relevant SafeNet iKey software and hardware instructional manuals, organizational charts, and financial documents related to its procurement and implementation of its IAM solution.

Believing JJSI's document production to be incomplete, Prism wrote to JJSI and inquired about whether JJSI intended to supplement its production.[9] JJSI ignored Prism's request and with no response to its letter after approximately six weeks, Prism again wrote JJSI. Prism noted JJSI's incomplete production and identified a few examples of specific requests where the production was deficient.[10] Shortly thereafter, JJSI responded that it was continuing to search for responsive documents and would update its discovery responses and/or document production.[11] Notwithstanding this representation, JJSI did nothing for another six weeks, forcing Prism to send JJSI yet another letter on June 19, 2006 asking JJSI to provide, by June 23, 2006, a reasonable date certain by which it will supplement its document production. JJSI again refused to respond to Prism's inquiry. As a result, Prism requested a meet and confer in order to resolve the dispute. On June 30, 2006, counsel for both parties met and conferred. At that time, JJSI refused to commit to a reasonable date certain as to JJSI's allegedly forthcoming supplemental document production. Counsel for JJSI also admitted that it was withholding certain documents pursuant to third-party confidentiality agreements.[12] In addition, counsel for JJSI also indicated an unwillingness to produce certain documents because they are publicly available.[13]

---

[8] *Id.*
[9] Letter from A. Burgy to N. Feivelson, dated March 28, 2006, Ex. 7, Burgy Aff.
[10] Letter from A. Burgy to N. Feivelson, dated May 10, 2006, Ex. 8, Burgy Aff.
[11] Letter from N. Feivelson to A. Burgy, dated May 12, 2006, Ex. 9, Burgy Aff.
[12] Burgy Aff. ¶ 16.
[13] Burgy Aff. ¶ 17.

629535v1

## ARGUMENT

I. **JJSI Has Failed To Produce Documents Commensurate With Its Promises As Well As With Prism's Rule 34 Requests.**

JJSI has had almost a year to locate, review, and produce documents, yet has produced only one box holding 1,154 pages. JJSI has failed to comply with the vast majority of Prism's document requests, whereas Prism and the other defendants involved have produced a substantial volume of documents. Prism made its documents available for inspection to all the defendants on November 2, 2005[14] and subsequently produced copies of these documents to JJSI[15] (and the other defendants) after agreeing with all of the defendants on the format of the document production.[16] Currently, the 45,432 pages of documents that Prism has produced substantially completes its production. Similarly, the other defendants in this case have also substantially completed their productions: defendant CA/Netegrity produced 123,766 pages of documents; defendant RSA produced 167,292 pages of documents; and defendant VeriSign produced 229,363 pages of documents.

In stark contrast, JJSI has only produced 1,154 pages of, at best, tangentially relevant documents to date.[17] JJSI's document production is plainly inadequate. *See Novartis Pharms. Corp. v. Abbott Labs.*, 203 F.R.D. 159, 164 (D. Del. 2001) (holding that an initial production of documents that fails to include documents relevant to the original requests are "inadequate"). By its own admission, counsel for JJSI stated in the meet and confer on June 30, 2006 that JJSI is still in the process of locating additional relevant documents, including organizational charts, cost savings reports, and e-mails,[18] all of which were requested in Prism's Rule 34 Requests. This delay is inexcusable, particularly as JJSI and its counsel have sufficient resources to identify,

---

[14] Letter from A. Bahou to J. Snyderman et al., dated November 2, 2005, Ex. 10, Burgy Aff.
[15] Letter from A. Bahou to N. Feivelson, dated January 19, 2006, Ex. 11, Burgy Aff.
[16] Letter from A. Bahou to J. Snyderman et al., dated December 6, 2005, Ex. 12, Burgy Aff.
[17] Letter from L. Spencer to A. Burgy, dated February 22, 2006, Ex. 6, Burgy Aff.

629535v1

3

collect, and produce responsive documents and have had several months to do so.

Counsel for JJSI also admitted that it is withholding documents pursuant to third-party confidentiality agreements, yet refuse to produce those agreements.[19]  To the extent JJSI is withholding responsive documents because they are third-party documents, it is acting improperly because these documents are within JJSI's possession and must be produced.[20]  Similarly, just because the documents are subject to a confidentiality agreement does not shield them from discovery.[21]  Counsel for JJSI also indicated an unwillingness to produce responsive documents that are publicly available.[22]  Again, JJSI's position is untenable.  Although Prism could conceivably find some of those documents on the internet, for example, documents downloaded from the internet are incapable of being readily coordinated with the actual model numbers, versions, etc. of the software and hardware components that JJSI uses with its IAM system.[23]  More importantly, courts have unambiguously held that JJSI's exact objection is an improper basis for objecting to and refusing to produce documents pursuant to a Rule 34 request.[24]

JJSI has failed to fully produce documents responsive to the following Rule 34 Requests: 6-11, 13-14, 22, 29, and 31-42.  If JJSI has no responsive documents pursuant to those Requests, then it should supplement its responses and objections and state so.  If JJSI has responsive documents, it should be ordered to produce those documents immediately.

## CONCLUSION

For the foregoing reasons, Prism asks that the Court grant its motion to compel.

---

[18] Burgy Aff. ¶ 18.
[19] Burgy Aff. ¶ 16.
[20] *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197 (1958) (holding that documents owned by a third person but possessed by a party are within the party's control).
[21] *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 684-85 (D. Kan. 2004) (overruling objection to production of information and documents based on confidentiality).
[22] Burgy Aff. ¶ 17.
[23] It is not unreasonable to assume that JJSI would object to downloaded documents on evidentiary grounds.
[24] *E.g., St. Paul Reinsurance Co. v. Commercial Financial Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000).

629535v1

4

July 7, 2006

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (#922)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com

ATTORNEYS FOR PLAINTIFF
PRISM TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Aziz Burgy, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 775-0725

629535v1

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>　　　　　　Defendants. | Civil Action No. 05-214 JJF |

**LOCAL RULE 7.1.1 STATEMENT IN SUPPORT OF PLAINTIFF PRISM TECHNOLOGIES LLC'S MOTION TO COMPEL DEFENDANT JOHNSON & JOHNSON SERVICES, INC. TO PRODUCE DOCUMENTS AND THINGS**

The undersigned attorney for plaintiff, Prism Technologies LLC ("Prism") hereby states, pursuant to Local Rule 7.1.1, that Prism's attorneys have made a reasonable effort to reach agreement with opposing counsel on the matters set forth in Plaintiff Prism Technologies LLC's Motion to Compel Defendant Johnson & Johnson Services, Inc. to Produce Documents and Things, but that agreement was not forthcoming.

　　　　　　　　　　　　　　　　　　　　　THE BAYARD FIRM

July 7, 2006

　　　　　　　　　　　　　　　　　　　　　/s/ Richard D. Kirk
　　　　　　　　　　　　　　　　　　　　　Richard D. Kirk (#922)
　　　　　　　　　　　　　　　　　　　　　222 Delaware Avenue, Suite 900
　　　　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19899
　　　　　　　　　　　　　　　　　　　　　(302) 655-5000
　　　　　　　　　　　　　　　　　　　　　rkirk@bayardfirm.com

　　　　　　　　　　　　　　　　　　　　　ATTORNEYS FOR PLAINTIFF
　　　　　　　　　　　　　　　　　　　　　PRISM TECHNOLOGIES LLC

629548v1

1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on July 7, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Frederick L. Cottrell, III, Esq.
Alyssa M. Schwartz, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document were sent by hand on July 7, 2006 to the above counsel and by first-class mail to the below counsel:

John DiMatteo, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

William Lee, Esq.
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA 02109

Jason Snyderman, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

Frank C. Cimino, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

587422v1


| | |
|---|---|
| David M. Schlitz<br>Baker Botts L.L.P.<br>1299 Pennsylvania Avenue, NW<br>Washington, DC 20004-2400 | Samir A. Bhavsar<br>Jeffrey D. Baxter<br>Baker Botts L.L.P.<br>2001 Ross Avenue<br>Dallas, TX 75201-2980 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

587422v1