**EXHIBIT 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VERISIGN, INC., RSA SECURITY, INC.,<br>NETEGRITY, INC., COMPUTER<br>ASSOCIATES INTERNATIONAL, INC.,<br>and JOHNSON & JOHNSON SERVICES,<br>INC.,<br><br>　　　　　Defendants. | Civil Action No. 05-214 JJF |

**PLAINTIFF PRISM TECHNOLOGIES LLC'S SECOND SET OF
RULE 34 REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO
DEFENDANT JOHNSON & JOHNSON SERVICES, INC.**

Pursuant to Federal Rule of Civil Procedure 34 and the Local Rules of this judicial district, Plaintiff Prism Technologies LLC ("Prism") requests that Defendant Johnson & Johnson Services, Inc. ("JJSI") produce the documents and things requested herein at the law offices of Robins, Kaplan, Miller & Ciresi L.L.P., 1801 K Street, N.W., Washington, D.C. 20006, or some other location as may be agreed to between the parties, within thirty (30) days of service of these Rule 34 requests. JJSI should produce the responsive documents as they are kept in the usual course of business or organize and label them to correspond with the document requests to which they are responsive. If no responsive documents and things exist for a particular Rule 34 request, JJSI shall so state in writing. If responsive documents and things for a particular Rule 34 request have already been produced, Prism requests that JJSI so state in writing.

If JJSI withholds from production any documents and things on the basis of a claim of attorney-client privilege or work product immunity, Prism requests that JJSI provide to Prism a

613820v1

list separately identifying each withheld document or thing and specifying: (1) the identity of all persons who prepared and signed the document; (2) the identity of all persons designated as addressees; (3) the identity of all persons who received any copy of the document; (4) the date of the document; (5) the subject matter of the document; (6) the type of document (memorandum, pamphlet, report, etc.); (7) for each disclosure outside of JJSI's officers and contract employees, the identification and production number of any and all confidentiality agreements that govern the disclosure; and (8) the basis for withholding the document.

If JJSI comes into possession, custody, or control of responsive documents and things between the time of service of these Rule 34 Requests and trial, Prism requests that JJSI supplement its production by promptly producing such documents.

## DEFINITIONS

A. "The '416 patent" or "patent-in-suit" refers to United States Patent No. 6,516,416, entitled "Subscription Access System For Use With An Untrusted Network." "Intrinsic evidence" shall mean all documents within the publicly available prosecution history file for the '416 patent. "Extrinsic evidence" shall mean all documents or testimony not found in the publicly available prosecution file history for the '416 patent.

B. "Identity and Access Management" shall mean software and hardware intended to identify users in a system (employees, customers, contractors, etc.) and control their access to resources within that system by associating user rights and restrictions with the established identity, including but not limited to Web single sign-on (SSO), advanced authentication, and/or strong authentication used with USB tokens, Smart Cards, and/or digital identification.

C. "SafeNet iKey" or "SafeNet iKey Authentication Suite" refers to JJSI's suite of managed authentication and security services, and the related software and hardware, that perform Identity and Access Management.

D. "JJSI," "Defendant," "you," or "your" refers to Johnson & Johnson Services, Inc., its officers, employees, counsel, agents, consultants, and representatives and includes joint ventures and other legal entities which are wholly or partially owned or controlled by Johnson & Johnson Services, Inc., either directly or indirectly, and the officers, employees, counsel, agents, consultants, and representatives of these divisions, subsidiaries, and joint ventures.

E. The term "person" refers to natural persons, organizations, firms, corporations, and other legal entities, whether or not in the employ of plaintiff, and the acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

F. To "identify" a person means to state the person's name, occupation, job title, and current business address, or if unknown, the last-known business and home address. Unless it otherwise appears from the context, a request for identity or to identify a person relates to all persons in such category or classification.

G. The term "document" has the meaning prescribed for "documents and things" in Fed. R. Civ. P. 34(a) and includes the original and every non-identical copy or reproduction in the possession, custody or control of JJSI.

H. To "identify" any document or thing means:

i. to provide a brief description of such documents sufficient to support a request under Rule 34;

    ii.    to state the custodian of the document or the thing by name, job title, employer, and address;

    iii.    to state the place where the document or thing may be inspected; and

    iv.    if a copy of the document has been previously supplied to defendants to so state and to specifically identify the previously supplied copy by reference to production numbers or other identifying information.

I.    Unless it otherwise appears from the context, a request for identity of a person relates to all persons in such classification or category.

J.    In construing these Requests, the singular shall include the plural, and the plural shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of these requests all information that might otherwise be construed to be outside their scope.

## RULE 34 REQUESTS

33.    All documents and things referring to, relating to, or comprising any confidentiality agreement with anyone outside JJSI that obligates JJSI to maintain in confidence the SafeNet iKey Authentication Suite software, instructional manuals, or related documents necessary to install, maintain, execute, or operate the SafeNet iKey Authentication Suite.

January 10, 2006

                                    THE BAYARD FIRM
                                    /s/ Richard D. Kirk
                                    Richard D. Kirk (rk0922)
                                    222 Delaware Avenue, Suite 900
                                    Wilmington, Delaware 19899-5130
                                    (302) 655-5000
                                    rkirk@bayardfirm.com

                                    ATTORNEYS FOR PLAINTIFF PRISM
                                    TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 775-0725

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>Defendants. | Civil Action No. CA 05-214 JJF |

**PLAINTIFF'S THIRD SET OF RULE 34 REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS TO
<u>DEFENDANT JOHNSON & JOHNSON SERVICES, INC.</u>**

Pursuant to Federal Rule of Civil Procedure 34 and the Local Rules of this judicial district, Plaintiff Prism Technologies LLC ("Prism") requests that Defendant Johnson & Johnson Services, Inc. ("JJSI") produce the documents and things requested herein at the law offices of Robins, Kaplan, Miller & Ciresi L.L.P., 1801 K Street, N.W., Washington, D.C. 20006, or some other location as may be agreed to between the parties, within thirty (30) days of service of these Rule 34 requests. JJSI should produce the responsive documents as they are kept in the usual course of business or organize and label them to correspond with the document requests to which they are responsive. If no responsive documents and things exist for a particular Rule 34 request, JJSI shall so state in writing. If responsive documents and things for a particular Rule 34 request have already been produced, Prism requests that JJSI so state in writing.

If JJSI withholds from production any documents and things on the basis of a claim of attorney-client privilege or work product immunity, Prism requests that JJSI provide to Prism a

617585v1

list separately identifying each withheld document or thing and specifying: (1) the identity of all persons who prepared and signed the document; (2) the identity of all persons designated as addressees; (3) the identity of all persons who received any copy of the document; (4) the date of the document; (5) the subject matter of the document; (6) the type of document (memorandum, pamphlet, report, etc.); (7) for each disclosure outside of JJSI's officers and contract employees, the identification and production number of any and all confidentiality agreements that govern the disclosure; and (8) the basis for withholding the document.

If JJSI comes into possession, custody, or control of responsive documents and things between the time of service of these Rule 34 Requests and trial, JJSI should supplement its production by promptly producing such documents in accordance with the requirements of the Federal Rules of Civil Procedure.

## DEFINITIONS

A.  "Identity and Access Management" shall mean software and hardware intended to identify users in a system (employees, customers, contractors, etc.) and control their access to resources within that system by associating user rights and restrictions with the established identity, including but not limited to Web single sign-on (SSO), advanced authentication, and/or strong authentication used with USB tokens, Smart Cards, and/or digital identification.

B.  "SafeNet iKey" or "SafeNet iKey Authentication Suite" refers to JJSI's suite of managed authentication and security services, and the related software and hardware, that perform Identity and Access Management.

C.  "JJSI," "Defendant," "you," or "your" refers to Johnson & Johnson Services, Inc., its officers, employees, counsel, agents, consultants, and representatives and includes joint ventures and other legal entities which are wholly or partially owned or controlled by Johnson &

Johnson Services, Inc , either directly or indirectly, and the officers, employees, counsel, agents, consultants, and representatives of these divisions, subsidiaries, and joint ventures.

D.  The term "person" refers to natural persons, organizations, firms, corporations, and other legal entities, whether or not in the employ of plaintiff, and the acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

E.  To "identify" a person means to state the person's name, occupation, job title, and current business address, or if unknown, the last-known business and home address. Unless it otherwise appears from the context, a request for identity or to identify a person relates to all persons in such category or classification.

F.  The term "document" has the meaning prescribed for "documents and things" in Fed. R. Civ. P. 34(a) and includes the original and every non-identical copy or reproduction in the possession, custody or control of JJSI.

G.  In construing these Requests, the singular shall include the plural, and the plural shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of these requests all information that might otherwise be construed to be outside their scope.

## RULE 34 REQUESTS

34.  One set of each Identity and Access Management software and software code and/or device used by JJSI, including but not limited to JJSI's SafeNet iKey Authentication Suite.

35.  All instructional manuals or training manuals for each of the products identified in or within the scope of Request No. 34 above.

36. All documents related to the design, creation, writing, and/or composing of each of the products identified in or within the scope of Request No. 34 above.

37. All documents that reflect the programming code, system architecture, or hardware implementation of each of the products identified in or within the scope of Request No. 34 above.

38. All marketing, pricing, advertising, projections, market studies, cost savings reports, value-added reports, licenses, memoranda of understanding, agreements, royalty payments, promotional documents, or audio-visual aids relating to or referring to any Identity and Access Management software and hardware products, including but not limited to the products identified in or within the scope of Request No. 34 above, whether the information originated from JJSI or from another entity.

39. All documents that reflect inter-company transfer charges, inter-company commissions, or any other type of revenue, since 1996, whether inside or outside the United States, for each product identified in or within the scope of Request No. 34.

40. All documents that reflect cost savings since 1996, whether inside or outside the United States, for each product or system identified in or within the scope of Request No. 34 on a monthly, quarterly, and annual basis, or on whatever timeframe JJSI keeps records of data.

41. All documents, including but not limited to technical and marketing studies and minutes of meetings, that relate or refer to JJSI's decision(s) to use any Identity and Access Management software or hardware, including those identified in or within the scope of Request No. 34 above.

42. Representative corporate organization charts for JJSI, including parents, subsidiaries, affiliates, divisions, wholly-owned business entities, predecessors or successors,

sufficient to show: (a) the general organization of JJSI and each such parent, subsidiary, affiliate, division, wholly-owned business entity, predecessor or successor; (b) the names, addresses and telephone numbers of each past and present corporate officer and director of JJSI and each such parent, subsidiary, affiliate, division, wholly-owned business entity, predecessor, or successor; and (c) the detailed organization of each department, section, or group of JJSI responsible for designing, developing, testing, manufacturing, exporting, importing, distribution, marketing, advertising, selling, or using Identify and Access Management software and hardware, including the products identified in or within the scope of Request No. 34 above.

THE BAYARD FIRM

February 15, 2006

Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899-5130
rkirk@bayardfirm.com
(302) 655-5000

ATTORNEYS FOR PLAINTIFF PRISM TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Aziz Burgy, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 775-0725

**EXHIBIT 5**

**ROBINS, KAPLAN, MILLER & CIRESI** L.L.P.

ATTORNEYS AT LAW

SUITE 1200
1801 K STREET, N.W.
WASHINGTON, DC 20006-1307
TEL: 202-775-0725 FAX: 202-223-8604
www.rkmc.com

AZIZ BURGY
202-736-2705

February 15, 2006

**VIA E-MAIL and FIRST CLASS MAIL**

Neal Feivelson, Esq.
Willkie Farr & Gallagher LLP
The Equitable Center
787 Seventh Avenue
New York, NY 10019-6099

    Re:   *Prism Technologies LLC v. VeriSign, Inc., et al.*
           Civil Action No. 1:05-cv-00214-JJF

Dear Mr. Feivelson:

    As you know, Prism made a substantive document production to Johnson & Johnson Services, Inc. on January 19, 2006. On January 25, 2006, JJSI indicated that it would begin its document production, on a rolling basis, in about two weeks. It is now over two weeks and we have received no documents from JJSI. Every other defendant in this case has already produced documents, and we are not aware of any reason why JJSI has not done so as well. To that end, please let us know when we can expect JJSI's document production.

                  Sincerely,

                  ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

                  Aziz Burgy

AB/grj

cc:   Robert A. Auchter, Esquire

**EXHIBIT 6**

# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

February 22, 2006

**VIA FEDEX**

Aziz Burgy, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
Suite 1200
1801 K Street, N.W.
Washington, DC 20006-1307

Re:   Prism Technologies LLC v. Verisign, Inc., et al., D. Del.,
      Civil Action No. 05-214-JJF

Dear Aziz:

Enclosed is a CD-ROM containing JJSI's production numbered JJ000001-JJ001154 in Tagged Image File Format together with respective load files.

This entire production is designated "HIGHLY CONFIDENTIAL," "TRIAL COUNSEL'S EYES ONLY Pursuant to Local Rule 26.2." Accordingly, at least until the parties agree on an appropriate protective order, and such order is entered in this case, disclosure should be limited to trial counsel who have entered an appearance. Such counsel is under an obligation to keep the production documents confidential and to use them only for purposes of litigating this case.

If you have any questions, please feel free to contact me directly.

Sincerely,

*Leslie M. Spencer*
Leslie M. Spencer

Enclosure

cc:   Neal K. Feivelson, Esq.