IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 05-214-JJF |
| | ) |
| VERISIGN, INC., RSA SECURITY, INC., | ) |
| NETEGRITY, INC., COMPUTER | ) |
| ASSOCIATES INTERNATIONAL, INC., and | ) |
| JOHNSON & JOHNSON SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT JOHNSON & JOHNSON SERVICES, INC.'S OPPOSITION TO
PLAINTIFF PRISM TECHNOLOGIES LLC'S MOTION TO COMPEL**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendant Johnson & Johnson Services, Inc.*

*Of Counsel:*

John M. DiMatteo
Neal K. Feivelson
Leslie M. Spencer
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8130

Dated: July 14, 2006

This suit involves a patent related to secure access to subscription services via the Internet, U.S. Patent No. 6,516,416 (the "'416 patent" or "subscription access patent"). Prism Technologies LLC's ("Prism") sued Johnson & Johnson ("JNJ") for infringement of the subscription access patent based on JNJ's use of off-the-shelf hardware and software products for controlling access to its proprietary network. JNJ procures these off-the-shelf security products from vendors, such as Microsoft and SafeNet, that are not party to this suit.

Prism apparently singled out JNJ -- one of any number of Fortune 500 companies that use off-the-shelf digital security products -- in an effort to bootstrap a narrow patent on Internet subscription access into exclusionary rights as against all manner of digital security products and their end-users. Prism's over-reaching suit -- and accompanying discovery -- should be narrowed to its proper scope now before the parties incur the significant (and potentially wasteful) expense of unnecessary depositions and third-party discovery. Its motion to compel should be denied.

## BACKGROUND

On April 11, 2005, Prism sued JNJ and four software vendors for infringement of its subscription access patent (D.I. 1). Prism accused JNJ of infringement for use of off-the-shelf digital security hardware and software products. Prism later amended its complaint to name Johnson & Johnson Services, Inc. ("JJSI") as a defendant, in place of JNJ (D.I. 30). JJSI is the JNJ entity responsible for procuring and maintaining JNJ's digital security products.

On May 10, 2006, the Court issued a Rule 16 scheduling order (D.I. 109). Prior to this time, the parties exchanged initial discovery requests and some documents. The scheduling order set a deadline for document production of August 11, 2006. It did not set a date for completion of depositions.

It is undisputed that JJSI began producing documents to Prism on February 22, 2006, months before the scheduling order issued. This production included documents that described JNJ's third-party digital security products and identified vendors such as Microsoft and SafeNet. The day the scheduling order issued Prism wrote JJSI to inquire about production of JNJ organization charts and "cost savings" documents. Ex. 8, Burgy Decl. (D.I. 136). At that time, Prism did not ask about JNJ's third-party software and hardware products. On May 12, 2006, JJSI replied that its search for organization charts and "cost savings" documents was continuing, and that it would update its discovery accordingly. Id., Ex. 9. Prism followed up on June 19 requesting a "date certain" for JJSI's supplemental production. Spencer Decl., Ex. A. (filed herewith).

On June 30, 2006, the parties held a telephonic meet and confer in which JJSI agreed to supplement its production and discovery responses with regard to user training materials, organization charts, cost-saving studies and emails. Spencer Decl., Exs. B, C and ¶ 6. However, JJSI objected to producing third-party end-user training materials from its vendors, pending review of applicable licensing or confidentiality agreements. Spencer Decl., ¶ 6. To assist Prism in obtaining publicly available end-user materials from these vendors, counsel agreed to produce version information regarding JNJ's third party digital security products. Id.. Prism also demanded that JJSI provide copies of third-party digital security products. Spencer Decl., ¶ 7. JJSI again objected. Id. Rather, JJSI agreed to produce relevant third-party licenses and confidentiality provisions. Spencer Decl., Ex. F.

A week later, on July 7, 2006, JJSI produced over 6,000 pages of documents (Spencer Decl., Ex. D and ¶ 8), including user training materials and cost data as discussed at the June 30 meet and confer. That same evening Prism filed its motion to compel. Spencer Decl., ¶

2

9. In a July 10 teleconference, JJSI asked Prism to reconsider its motion. Spencer Decl., ¶ 10. JJSI repeated this request by letter on July 12 and via telephone on July 13. Spencer Decl., Ex. F, ¶ 11. While acknowledging resolution of most issues, Prism continued to demand copies of digital security products supplied by JNJ's vendors. Spencer Decl., Ex. G, ¶ 12.

## ARGUMENT

Contrary to Prism's assertions in its motion to compel, the parties' only real dispute is on discovery of the third-party confidential products that JNJ uses. Prism's discovery requests -- and the instant motion to compel -- seek copies of off-the-shelf security products that JNJ obtains under license from third-parties. Yet Prism has made no attempt to obtain such discovery through other, less burdensome means. It has not subpoenaed a single one of JNJ's vendors, nor offered any reason why it could not have sued these vendors in the first instance along with the other software vendors in this case. Apparently, Prism has not even attempted to purchase a copy of the third-party products it seeks, which it might do at no greater cost than JJSI would incur to procure licensed copies and produce them. In short, Prism has made no showing of need.

JJSI has never refused production of materials otherwise responsive to Prism's discovery requests. JJSI participated in the parties' June 30 meet-and-confer in good faith, and agreed to supplement its discovery. Spencer Decl. ¶ 6. A week later, JJSI produced over 6000 pages of documents directly responsive to most of the other requests nominally at issue in Prism's motion to compel: Requests Nos. 6-11, 13-14, 22, 29, and 31-42. Id., Exs. D, F, G.

Prism cites no authority whereby JJSI is obligated to produce any and all third-party confidential materials in its possession -- in particular, security software -- to a potential competitor. Indeed, Courts have held the contrary. Am. Standard, Inc. v. Pfizer, Inc., 828 F.2d

3

734, 741 (Fed. Cir. 1987) ("Courts have presumed that disclosure to a competitor is more harmful"; denying disclosure of third-party confidential materials); Mannington Mills, Inc. v. Armstrong World Indus., Inc., 206 F.R.D. 525, 532 (D. Del. 2002) ("Where proof of relevance *or* need is not established, discovery is properly denied.") (quoting Am. Standard, 828 F.2d at 734) (emphasis in original). See also U.S. v. Fed'n. of Physicians and Dentists, 63 F. Supp. 2d 475, 479-480 (D. Del. 1999) (J. Farnan) (confidential financial data).

## CONCLUSION

For the reasons stated above, JJSI respectfully requests that the motion to compel be denied in all respects.

ASHBY & GEDDES

/s/ *Steven J. Balick*
_____
Steven J. Balick (ID #2114)
John G. Day (ID #2403)
Tiffany Geyer Lydon (ID #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Of Counsel:*

John M. DiMatteo
Neal K. Feivelson
Leslie M. Spencer
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000

*Attorneys for Defendant Johnson & Johnson Services Inc.*

Dated: July 14, 2006

171282.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of July, 2006, the attached **DEFENDANT JOHNSON & JOHNSON SERVICES, INC.'S OPPOSITION TO PLAINTIFF PRISM TECHNOLOGIES LLC'S MOTION TO COMPEL** was served upon the below-named counsel at the address and in the manner indicated:

| | |
|---|---|
| Richard D. Kirk, Esquire<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE  19899 | HAND DELIVERY |
| Dirk D. Thomas, Esquire<br>Robin, Kaplan, Miller & Ciresi, LLP<br>1801 K Street, N.W., Suite 1200<br>Washington, DC  20006 | VIA ELECTRONIC MAIL |
| Patricia S. Rogowski, Esquire<br>Connolly Bove Lodge & Hutz LLP<br>The Nemours Building<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, DE  19899 | HAND DELIVERY |
| Jason A. Snyderman, Esquire<br>Akin Gump Strauss Hauer & Feld LLP<br>One Commerce Square<br>2005 Market Street<br>Suite 2200<br>Philadelphia, PA  19103-7013 | VIA ELECTRONIC MAIL |
| Frank C. Cimino, Jr., Esquire<br>Akin Gump Strauss Hauer & Feld LLP<br>Robert S. Strauss Building<br>1333 New Hampshire Avenue, N.W.<br>Washington, DC  20036-1564 | VIA ELECTRONIC MAIL |

| | |
|---|---|
| Frederick L. Cottrell, III, Esquire<br>Richards Layton & Finger<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899 | **HAND DELIVERY** |
| William F. Lee, Esquire<br>Wilmer Cutler Pickering Hale & Dorr LLP<br>60 State Street<br>Boston, MA 02109 | **VIA ELECTRONIC MAIL** |
| Kate Hutchins, Esquire<br>Wilmer Cutler Pickering Hale & Dorr<br>399 Park Avenue<br>New York, NY 10022 | **VIA ELECTRONIC MAIL** |
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon LLP<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE 19899 | **HAND DELIVERY** |
| Samir Bhavsar, Esquire<br>Baker Botts LLP<br>2001 Ross Avenue<br>Dallas, TX 75201-2980 | **VIA ELECTRONIC MAIL** |
| David M. Schlitz, Esquire<br>Baker Botts LLP<br>The Warner<br>1299 Pennsylvania Avenue, NW<br>Washington, DC 20004-2400 | **VIA ELECTRONIC MAIL** |

*/s/ Steven J. Balick*

Steven J. Balick

156751.1