## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRISM TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 05-214-JJF |
| VERISIGN, INC., RSA SECURITY, INC., | ) | |
| NETEGRITY, INC., COMPUTER | ) | |
| ASSOCIATES INTERNATIONAL, INC., and | ) | |
| JOHNSON & JOHNSON SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DECLARATION OF LESLIE M. SPENCER IN SUPPORT OF
### DEFENDANT JOHNSON & JOHNSON SERVICES, INC.'S OPPOSITION TO
### PLAINTIFF PRISM TECHNOLOGIES LLC'S MOTION TO COMPEL

1.    I am an associate of the law firm of Willkie Farr & Gallagher LLP,

attorneys for Defendant Johnson & Johnson Services, Inc. ("JJSI").

2.    I submit this declaration in support of JJSI's Opposition To Plaintiff Prism

Technologies LLC's ("Prism's") July 7, 2006 Motion to Compel.

3.    On June 19, 2006, Aziz Burgy sent a letter to Neal Feivelson requesting a

"date certain" for JJSI's supplemental production.  See attached Exhibit A.

4.    In a June 29 e-mail from Aziz Burgy to Neal Feivelson, Prism sent a

follow-up request for a meet and confer.  See attached Exhibit B.

5.    JJSI responded the same day in an e-mail and letter from David D. Lee to

Aziz Burgy.  See attached Exhibit C.

6.    On June 30, 2006, the parties held a telephonic meet and confer.  I was in

attendance.  Counsel for JJSI agreed to supplement its discovery regarding user training

materials, organization charts, cost-saving studies and emails.  Counsel further agreed to produce

version information regarding the third party software and hardware products used by Johnson &

Johnson ("JNJ") for digital security. However, Counsel objected to producing end-user training

materials supplied to JNJ by its third-party digital security vendors, pending review of JNJ's

licensing and confidentiality obligations.

       7.     JJSI's counsel similarly objected to Prism's demand that JJSI provide

copies of software and hardware products supplied by JNJ's digital security vendors.

       8.     The parties had no further communications until the afternoon of July 7,

2006, when I sent a letter via e-mail to alert Prism's counsel of JJSI's production that day of over

6,000 pages of documents. See attached Exhibit D.

       9.     Later, on the evening of July 7, 2006, Prism filed its motion to compel.

       10.     On Monday, July 10, 2006, I called Prism's counsel regarding

reconsideration of its motion in light of JJSI's July 7 production and willingness to further

cooperate. But Prism continued to demand, among other things, copies of third-party hardware

and software products supplied by JNJ's digital security vendors. See attached Exhibit E (July

10, 2006 letter from Aziz Burgy to Leslie Spencer.)

       11.     Two days prior to filing this opposition, JJSI repeated its request for Prism

to reconsider its motion, including by letter on July 12 and via telephone on July 13. See

attached Exhibit F (July 12, 2006 letter from Leslie Spencer to Aziz Burgy.)

       12.     Prism did not agree to withdraw its motion and continues to demand third-

party software and hardware products supplied by JNJ's vendors. See attached Exhibit G (July

13, 2006 letter from Aziz Burgy to Leslie Spencer.)

       13.     To-date, Prism has not produced machine-readable versions of its own

Internet subscription access software.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Leslie M. Spencer, Esq.

Executed this 14th day of July, 2006 at New York, New York.