Issued By The

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

Prism Technologies LLC.,

### SUBPOENA IN A CIVIL CASE

Case No. 05-214-JJF
District of Delaware

vs.

VeriSign, Inc., RSA Security, Inc.,
Netegrity, Inc., Computer Associates International,
Inc., and Johnson and Johnson Services, Inc.

To:    **American Express Co.**
**111 8th Ave.**
**New York, NY 10011-5201**

c/o Registered Agent
CT Corp. System
111 8th Ave.
New York, NY 10011-5201

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure at the taking of a deposition in the above case.

| PLACE | DATE AND TIME |
|---|---|
| | |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| **AKIN GUMP STRAUSS HAUER & FELD, LLP** **1333 New Hampshire Avenue, N.W.** **Washington, DC 20036** *See* Attachment "A" for *Subpoena duces tecum* | **AUGUST 4, 2006** |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (indicate if attorney for Plaintiff or Defendant) | DATE |
|---|---|
| Attorney for Defendant VeriSign, Inc. | 7/17/06 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

# PROOF OF SERVICE

| SERVED | Date @ 11:40p 07-18-06 | Place | 111 Eighth Avenue New York, NY 10011 |
|---|---|---|---|

| SERVED on (Print Name) | Manner of Service |
|---|---|
| Paula Kash, Process Specialist | Authorized to accept |

| SERVED by (Print Name) | Title |
|---|---|
| Otis Osborne | Private Process Server |

# DECLARATION OF SERVER

I Declare under penalty of perjury under the law of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____7/20/06_____
            Date

Signature of Server

**CAPITOL PROCESS SERVICES**
Address of Server 1827 18TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 667-0050

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i)  fails to allow reasonable time for compliance;

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure or privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>VERISIGN, INC., RSA SECURITY, INC.,<br>NETEGRITY, INC., COMPUTER<br>ASSOCIATES INTERNATIONAL, INC.,<br>and JOHNSON & JOHNSON SERVICES,<br>INC.,<br><br>            Defendants. | **Civil Action No. CA 05-214 JJF**<br>**Jury Trial Demanded** |

## VERISIGN'S SUBPOENA DUCES TECUM
## TO AMERICAN EXPRESS

TO:    American Express, Co.
       111 8th Ave.
       New York, NY 10011-5201

c/o    CT Corp. System
       111 8th Ave.
       New York, NY 10011-5201

**TAKE NOTICE:**  Pursuant to FED. R. CIV. P. 45, and upon the application for issuance of the subpoena made by the Defendant VeriSign, Inc., ("VeriSign"),

**YOU ARE HEREBY ORDERED** to produce at the office of AKIN GUMP STRAUSS HAUER & FELD, LLP, 1333 NEW HAMPSHIRE AVE, N.W., WASHINGTON, D.C., 20036, on August 4, 2006, at 9:00 a.m., or at some other time and place agreed upon, all of the documents and things in your possession, custody or control which are listed and described in *infra*.  Such production will be for the purpose of inspection and copying, as desired.

## ATTACHMENT "A"

<u>**DEFINITIONS**</u>

A.      "American Express," "you," or "your" means American Express, Inc., and all past or present predecessors, subsidiaries, parents, and affiliates thereof, and including but not limited to all past or present officers, directors, partners, employees, agents, representatives, attorneys, or other persons or entities acting or purporting to act on behalf of American Express.

B.      "Prism" means the Plaintiff Prism Technologies LLC, and all past or present predecessors, subsidiaries, parents, and affiliates thereof, such as Prism Resources Inc., and including but not limited to all past or present officers, directors, partners, employees, agents, representatives, attorneys, or other persons or entities acting or purporting to act on behalf of Prism, such as Richard L. Gregg, Sandeep Giri, Timothy C. Goeke.

C.      "VeriSign" means the Defendant VeriSign, Inc.

D.      The term "'416 patent" means U.S. Patent No. 6,516,416, entitled *Subscription Access System for Use with an Untrusted Network*, which was filed on June 11, 1997 and issued to Prism on February 4, 2003.

E.      The term "secure access technology" refers to any technology that controls access to computer resources. This term includes, but is not limited to, the "Internet Subscription Access," or "ISA" product developed by Prism, which typically contained one or any combination of the following software components: ISA Subscriber Software, ISA Server Software, ISA Site Administration Software, ISA Clearinghouse Server Software, and/or ISA Subscriber Administration Software.

F.    The term "document" is used herein in its broadest sense under FED. R. CIV. P. 34 and applicable case law.  Electronic mail is included within the definition of the term "document."  The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the use of those terms in FED. R. EVID. 1001.  A draft or non-identical copy is a separate document within the meaning of the term "document."

G.    "Publication" means any form of information or data distributed, made available to third parties without confidentiality restrictions, or made publicly available, including but not limited to any printed or electronic documents, such as articles, product specifications and datasheets, marketing materials or advertisements, published U.S. or foreign applications for patents, published U.S. or foreign patents, and documents available online or over any form of communication network.

H.    "Communication" means any document or message received by, transmitted to, conveyed to, or delivered to you from any person or entity or from you to any person or entity, including but not limited to electronic mail and oral communications reduced to writing.

I.    The term "relating to" means referring to, relating to, with respect to, regarding, reflecting, discussing, constituting, mentioning, pertaining to, alluding to, or associated with.

J.    The terms "and" or "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request any document, thing, or other information that might otherwise be construed to be outside of the scope of such request.

## INSTRUCTIONS

1.    The subpoena duces tecum applies to all documents in your possession, custody or control as of the date of service of this subpoena or coming into your possession, custody, or control prior to the date of the production.

2.    If you contend that you are entitled to withhold from production the whole or any part of any responsive documents on the basis of the attorney-client privilege, the work product doctrine, or other grounds, you shall, for each such document:

      a.    describe the nature of the document (e.g., letter, memorandum, electronic mail, etc.);

      b.    state the date of the document;

      c.    identify the sender, author, and all recipients of the document;

      d.    summarize the subject matter of the document;

      e.    state the number of pages of the document; and

      f.    state the basis on which you content you are entitled to withhold the document from production.

3.    If any documents are considered "Confidential," "Attorneys' Eyes Only," or "Highly Confidential" as defined in the protective order, *see attached* ("Protective Order"), such Documents should be produced subject to the terms and provisions of the Protective Order.

## DOCUMENTS REQUESTED

1.    Documents sufficient to describe any relationship or communication between Prism and American Express, including but not limited to any employee of American Express, since 1996.

2.    Documents sufficient to describe or identify any product designed or developed by Prism for American Express, since 1996, that relates to any secure access technology, including but not limited to any ISA product(s).

3.    Any non-disclosure or confidentiality agreements signed by American Express that relate to any Prism secure access technology, including but not limited to any ISA product(s).

4.    Documents sufficient to describe or identify any publication related to any Prism secure access technology, including but not limited to any ISA product(s).

5.    Any documents, drafts, subsequent versions, or other information relating to an ISA Product Functional Specification provided to American Express by Prism.

6.    Documents relating to the first sale or offer for sale between Prism and American Express, for any secure access technology, including but not limited to any ISA product(s).

7.    Documents sufficient to describe amounts paid by American Express to Prism for any secure access technology, including but not limited to any ISA product(s), such as requests for purchase, bids, purchase orders, invoices, receipts, and billing or accounting summaries.

8.    Documents sufficient to describe the architecture, design, testing, and development of any Prism secure access technology, such as any ISA product(s), including but not limited to technical documents and specifications, descriptions,

schematics, diagrams, flow charts, data sheets, layouts, depictions, photographs, simulations, test results, notes and note books, manuals, and journals.

9.    Documents relating to and including source code, object code, pseudo code, flow diagrams and charts, design specifications and notes, functional specifications and notes, white papers, hardware and software notes and descriptions, program code, or firmware, for any Prism secure access technology, including but not limited to any ISA product.

10.    Any documents relating to the '416 patent.

11.    Any documents relating to this suit, *Prism Technologies, Inc. v. VeriSign, Inc. et al.*, Civil Action No. 05-214 JJF (D. Del. 2005).

Dated: July 17, 2006

Edward F. Mannino                          Patricia Smink Rogowski
Jason A. Snyderman                         Delaware Bar ID 2632
AKIN GUMP STRAUSS HAUER & FELD LLP         The Nemours Building
One Commerce Square, Suite 2200            1007 North Orange Street
2005 Market Street                         PO Box 2207
Philadelphia, PA 19103                     Wilmington DE 19899
Telephone: (215) 965-1200                  Telephone : (302) 658-9141
Fax: (215) 965-1210                        Fax: (302) 658-5614


By: _____

Frank C. Cimino
Daniel E. Yonan
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564
Telephone: (202) 887-4000
Fax: (202) 887-4288

*Attorneys for Defendant, VeriSign, Inc.*

**PROTECTIVE ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC

Plaintiff,

v.

VERISIGN, INC., RSA SECURITY, INC.,
NETEGRITY, INC., COMPUTER
ASSOCIATES INTERNATIONAL, INC.,
and JOHNSON & JOHNSON SERVICES,
INC.,

Defendants.

Civil Action No. CA 05-214 JJF

## STIPULATED JOINT PROTECTIVE ORDER

WHEREAS Plaintiff Prism Technologies LLC ("Prism") and Defendants VeriSign, Inc.,
RSA Security, Inc., Netegrity Inc., Computer Associates International, Inc., and Johnson &
Johnson Services, Inc. (collectively the "Parties") believe that certain information encompassed
by discovery requests made in this Action may constitute trade secrets or other confidential
research, development or commercial information within the meaning of Rule 26(c) of the
Federal Rules of Civil Procedure ("Rule 26") or Local Rules of the Court; and

WHEREAS the Parties have mutually agreed that it would serve their respective interests
to conduct discovery under a protective order pursuant to Rule 26(c);

IT IS HEREBY ORDERED that:

1.   This Protective Order shall apply to all information, documents and things subject to
discovery in this Action and within the possession, custody or control of the Parties, their parent,
subsidiaries, affiliates or other related entities, and believed by a party or its related entity or non-
party to contain trade secrets or other confidential research, development and/or commercial
information within the meaning of Rule 26(c) (hereafter "Confidential Material" or "Attorneys'
Eyes Only Material"), including, without limitation, testimony adduced at deposition upon oral
examination or upon written questions, answers to interrogatories, documents produced,
information obtained from inspection of premises or things, answers to requests for admission,
information disclosed pursuant to subpoena under Rule 45 of the Federal Rules of Civil
Procedure ("Rule 45"), and all other discovery taken pursuant to the Federal Rules of Civil
Procedure and the Local Civil Rules of the United States District Court for the District of
Delaware. As used herein, "Action" shall mean the above-styled litigation; "opposing party"

shall mean, with respect to Plaintiff, any of the Defendants, and with respect to any of the Defendants, the Plaintiff.

2.  In determining the scope of information which a party may designate as its "Confidential" or "Attorneys' Eyes Only Material," each party agrees that designations of information as "Confidential" or "Attorneys' Eyes Only Material" and responses to requests to permit further disclosure of "Confidential" or "Attorneys' Eyes Only Material" shall be made in good faith.

3.  Nothing in this Protective Order shall preclude any party from disclosing or using, in any matter or for any purpose, any information which (i) is public knowledge; (ii) was lawfully in the receiving party's possession prior to being designated as Confidential or Attorney's Eyes Only Material in this Action; or (iii) was obtained from a third party having the apparent right to disclose such information without restriction or obligation of confidentiality.  Such restrictions and obligations shall not be deemed to prohibit discussions regarding any Confidential or Attorney's Eyes Only Material with any person if said person already has or obtains legitimate possession thereof without restriction or obligation of confidentiality.

4.  This Protective Order also applies to any documents or other materials exchanged or produced pursuant to any alternative dispute resolution proceeding or testimony adduced at trial only if such proceedings are sealed pursuant to this protective order at the introduction of such testimony, matters in evidence filed under seal and all other information which the producing party designates as Confidential Material or Attorneys' Eyes Only pursuant to paragraph 5 of this Protective Order.

5.  The producing party shall label or mark each document and thing that it deems to be Confidential Material with the legend "CONFIDENTIAL."  Each document and thing a producing party deems to be Attorneys' Eyes Only Material shall be marked "ATTORNEYS' EYES ONLY" or in the alternative, "HIGHLY CONFIDENTIAL."  Throughout this Protective Order, any reference to "ATTORNEYS' EYES ONLY" shall be a synonymous reference to "HIGHLY CONFIDENTIAL."

(a)    "Confidential Material" as referenced in this Order includes all information that a designating party reasonably and in good faith believes constitutes or discloses trade secret or other confidential research, development, or commercial information.

(b)    "Attorneys' Eyes Only" as referenced in this Order shall be limited to Confidential Material regarding current products, products in development, or non-public financial information including, but not limited to, sales and/or profits of the accused infringing products.

(c)    If a document is designated "Confidential" or "Attorneys' Eyes Only," such notations shall be placed on every page of each document designated, or in the case of tangible objects, on a label or tag attached to the objects or the container of the objects.

6.  The designation of Confidential Material or Attorneys' Eyes Only Material shall be understood to encompass not only the material expressly designated, but also any information derived therefrom, and all copies, recordings, abstracts, excerpts, analyses, and summaries

2

thereof, as well as testimony and oral conversation derived therefrom and related thereto. However, nothing in this Protective Order shall bar or otherwise restrict any outside counsel or in-house counsel from discussing this Action or rendering legal advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of Confidential Material or Attorneys' Eyes Only Material, provided that in rendering such advice or in otherwise communicating with his or her client, such counsel shall not make any disclosure of Confidential Material or Attorneys' Eyes Only Material to any person not entitled to have access to it.

7.    The labeling or marking of a document with the designation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be made when a copy of the document or thing is provided to the receiving party. Any such designation that is inadvertently omitted may be corrected by written notification to counsel for the receiving party, and the receiving party shall thereafter mark and treat the materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and such material shall be subject to this Protective Order as if it had been initially so designated. If, prior to receiving such notice, the receiving party has disseminated the Confidential or Attorneys' Eyes Only Material to individuals not authorized to receive it hereunder, it shall make every reasonable effort to retrieve the Confidential or Attorneys' Eyes Only Material or to otherwise assure that the recipient(s) maintain the confidentiality of the Confidential or Attorneys' Eyes Only Material, but shall have no other responsibility or obligation in respect to the information disseminated.

8.    In the case of deposition upon oral examination or written questions, such testimony shall be deemed "Attorneys' Eyes Only" until the expiration of thirty (30) days after the deposition. Pages or entire transcripts of testimony given at a deposition or hearing may be designated as Confidential Material or Attorneys' Eyes Only by an appropriate statement either at the time of the giving of such testimony or by written notification within thirty (30) days after the deposition.

9.    In the event that the producing party elects to produce material for inspection pursuant to Federal Rule of Civil Procedure 34(b), no designation need be made prior to the inspection. For purposes of the inspection, all material shall be considered Attorneys' Eyes Only and inspected only by those persons permitted access to Attorneys' Eyes Only. Prior to furnishing copies of inspected material, the producing party shall have an opportunity to label the material with a "Confidential" or "Attorneys' Eyes Only" marking.

10.    In the absence of express written permission from the producing party or an Order of this Court, a receiving party shall not disclose or show any Confidential or Attorneys' Eyes Only Material, including material previously produced as confidential, to any person, nor shall the form or substance of the contents thereof be disclosed to or discussed with any person, other than the following (subject to the limitations identified in this paragraph):

(a)    The United States District Court for the District of Delaware and its officers;

(b)    The receiving party's outside counsel of record (including local and trial counsel), including partners, associates and employees of such counsel of

record, including any member of the support staff assisting such counsel, subject to the provisions of Paragraph 13;

(c) The receiving party's independent experts, consultants, or investigators (collectively, referred to hereinafter as "experts") who have been expressly retained or sought to be retained for the purpose of this Action by the receiving party, but subject to and only after compliance with the provisions of Paragraphs 13 and 14 below; and with disclosure only to the extent necessary to perform such work;

(d) Up to three of the receiving party's designated in-house counsel, but only for information disclosed by an opposing party, each of whom shall be identified by written notice served on all other Parties to this Action, and subject to the provisions of Paragraphs 13 and 14

(e) Not more than four (4) individuals who are officers, directors or employees of the receiving party who are deemed necessary by counsel of record for the receiving party for the prosecution or defense or settlement of this Action, each of whom shall comply with the provisions of Paragraphs 13 and 14 below, but such individuals are entitled only to information disclosed by an opposing party. Further, any officer, director, employee, agent, or other representative of a party who is not qualified under this paragraph to receive Confidential Material but to whom Confidential Material was inadvertently disclosed, whether by it being belatedly designated Confidential Material or otherwise, is bound by the terms of this Protective Order.

(f) Court reporters taking testimony involving such Confidential Material and their support personnel,

(g) Litigation support services (including copy services, graphics services, coding and/or scanning services, electronic discovery services, translation services and jury consultants), paralegal assistants, stenographic, clerical or other staff working under the direct supervision of outside, or designated in-house counsel whose duties and responsibilities require access to Confidential Material.

11. In the absence of written permission from the producing party or an Order of this Court, no Attorneys' Eyes Only Material, including material previously produced as Attorneys' Eyes Only, shall be shown, nor shall the form or substance of the contents thereof be disclosed to or discussed with, any person other than those individuals identified in Paragraphs 10a, 10b, 10c, 10d, 10f and 10g. Persons identified in 10e shall not have access to information designated as Attorneys' Eyes Only.

12. In the event that any non-party shall be called upon, by subpoena or otherwise, to provide or produce documents or information considered to disclose or contain Confidential or Attorneys' Eyes Only Material, such non-party may designate documents or information as Confidential or Attorneys' Eyes Only material in the manner set forth in this Order and these designations shall be treated in the same manner as if made by a party, provided that the non-

4

party must agree that this Court shall have exclusive jurisdiction to entertain and decide any motion brought pursuant to this Order challenging the status of the information so designated by the non-party or otherwise to enforce the provisions of this Order with respect to such non-party. Any third party discovery from under Rule 45 (document, deposition, or otherwise) shall be conducted on an outside counsel only basis (including local and trial counsel), unless the third party agrees in writing that persons other than outside counsel may have access to Confidential or Attorneys' Eyes Only Material.

13. During the pendency of this Action and for a period of one year following its full and final conclusion (including appeals) as to each party, any person who receives any Attorneys' Eyes Only Material shall not directly or indirectly assist or participate in the drafting, filing, or prosecution of any part of any patent application claiming priority to the patent-in-suit (U.S. Pat. No. 6,516,416), or any parent, continuation, continuation-in-part, division, reissue, reexamination or foreign counterpart of the patent-in-suit. This provision, however, does not limit or restrict Prism's obligation to notify the USPTO of the existence of this patent litigation, prior art cited during this Action, or any invalidity contention made by any of the Defendants that would give rise to a duty to disclose information to the USPTO.

14. Counsel desiring to disclose Confidential or Attorneys' Eyes Only Material to experts, in-house counsel or non-attorney individuals referred to in Paragraphs 10c-10e and 11 above shall first obtain a signed undertaking, in the form of Exhibit A attached hereto, from each such party representative or expert, and such counsel shall retain in his/her files the original of each such signed undertaking. A copy of the proposed undertaking shall be forwarded to opposing counsel, and with respect to experts, shall be accompanied by a current curriculum vitae. The curriculum vitae should specify prior expert testimony for the past five years, and any previous or current relationship with any Party to the Action. No Confidential Material shall be disclosed to such party representative or expert until after the expiration of a ten (10) business day period commencing with the receipt by opposing counsel of a copy of the proposed undertaking and, for experts, a curriculum vitae, provided, however, that if during that ten (10) business day period opposing counsel makes an objection to such disclosure, there shall be no disclosure of Confidential or Attorneys' Eyes Only Material to such party representative or expert, except by mutual agreement of the Parties or further order of the Court.

15. Confidential or Attorneys' Eyes Only Material shall not be made available to any person otherwise qualified to receive such information under the terms of this Protective Order until he or she shall have first received, read and agreed to be bound by this Order.

16. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Protective Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Rule 26(c).

17. To the extent that any Confidential or Attorneys' Eyes Only Material subject to this Protective Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses Confidential or Attorneys' Eyes Only Material, shall be filed under seal (by the filing

5

party) with the Clerk of the Court in an envelope marked "CONFIDENTIAL INFORMATION FILED UNDER SEAL."

18. Nothing herein shall restrict any person who is qualified to receive Confidential or Attorneys' Eyes Only Material from making working copies, abstracts, digests or analyses of such information for use in connection with this Action and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Protective Order. Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this Action, provided that access to such information, in whatever form stored or reproduced, shall be limited to persons qualified to receive such information.

19. Nothing in this Protective Order shall require disclosure of material which a party contends is protected from disclosure by the attorney-client privilege or the attorney work product immunity or any other applicable privilege. This shall not preclude any party from moving the Court for an Order directing the disclosure of such material.

20. The acceptance by a party of documents or things designated as Confidential or Attorneys' Eyes Only Material shall not constitute an agreement, admission or concession, or permit an inference, that the material(s) are in fact properly the subject for protection under Rule 26(c), or some other basis. Documents and things designated as Confidential or Attorney Eyes' Only Material shall be treated in accordance with the provisions of this Protective Order, except that any party may at any time seek an Order from the Court determining that specified information or categories of information are not properly designated, provided that prior to making such a motion the Parties shall meet and confer in good faith to resolve any differences over the designation. On such a motion, the party asserting confidentiality shall have the burden of proving that the Confidential or Attorneys' Eyes Only Material in question is protectable under Rule 26(c) or some other basis. A party shall not be obligated to challenge the propriety of a designation at the time made, and failure to do so shall not preclude subsequent challenge. Should any party (or non-party) seek an Order from the Court to determine whether specified information or categories of information are not properly designated as Confidential or Attorneys' Eyes Only Material, the claimed designation shall remain operative and respected by all the Parties and non-parties pending the Court's ruling.

21. Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege, provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production. Such inadvertently produced documents or information, including all copies thereof, shall be returned to the producing party immediately upon request. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned, provided, however, that the receiving party may move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact of the inadvertent production. In the event of any disclosure of

6

Confidential or Attorneys' Eyes Only Material other than in the manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify counsel for the party or non-party whose Confidential or Attorneys' Eyes Only Material is at issue of all the pertinent facts, and make every effort to prevent further unauthorized disclosure including retrieving all copies of the Confidential or Attorneys' Eyes Only Material from the recipient(s) thereof and securing the agreement of the recipients not to further disseminate the Confidential or Attorneys' Eyes Only Material in any form. Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

22. The recipient of any Confidential or Attorneys' Eyes Only Material shall maintain such information in a secure and safe place, and shall exercise at least the same standard of due and proper care in handling the Confidential or Attorneys' Eyes Only Material as is exercised by the recipient with respect to its own Confidential or Attorneys' Eyes Only Material and to confidential and proprietary information of a similar nature, but in no event less than reasonable care. Each recipient of any Confidential or Attorneys' Eyes Only Material hereby agrees to be subject to the jurisdiction of this Court for purposes of the implementation and enforcement of this Protective Order.

23. This Protective Order shall not prevent the Parties from applying to the Court for relief therefrom, or from applying to the Court for further or additional relief by way of protective orders or otherwise, or from agreeing between themselves, subject to approval of the Court, to modifications of this Protective Order.

24. Confidential and Attorneys' Eyes Only Material shall be used solely for the purposes of this Action, subject to the provisions of this Protective Order and any further Order regarding confidentiality as the Court may enter. Confidential and Attorneys' Eyes Only Material shall not be used for any purpose other than this Action.

25. In the event that a party desires to provide access to or disseminate Confidential or Attorneys' Eyes Only Material to any person not entitled to access under this Protective Order, it may move the Court for an order that such person be given access thereto if the Parties cannot, after negotiating in good faith, agree to such additional access or dissemination.

26. In the event that any Confidential or Attorneys' Eyes Only Material is used in any court proceeding in connection with this litigation, it shall not lose its designated status through such use if that proceeding is under seal, and the parties shall take all steps reasonably required to protect its status during such use.

27. Within sixty (60) days after the final conclusion of this Action, including any appeals, all Confidential and Attorneys' Eyes Only Material produced by any party, and all copies of such information, shall be returned to the producing party, or counsel of record shall certify in writing that such material has been destroyed. However, counsel of record may retain, subject to the confidentiality provisions of this Protective Order, a copy of all correspondence, pleadings, motion papers, discovery responses, deposition, trial transcripts and exhibits, legal memoranda and work product.

DC1 4568JB37 1

28. This Protective Order shall survive the final termination of this Action with respect to any retained Confidential or Attorneys' Eyes Only Material.

29. If a party wishes to use Confidential or Attorneys' Eyes Only Material at the deposition of any witness not entitled to have access to such Confidential or Attorneys' Eyes Only Material (for instance if the information may be revealed or referred to in a question that will be put to the witness at a deposition upon oral examination or Confidential or Attorneys' Eyes Only Material will be used as exhibits during examination), such party shall so obtain the consent of the party producing the Confidential or Attorneys' Eyes Only Material, in advance [where possible], and the failure of the examining attorney to obtain such consent shall not be grounds for delaying the deposition or progress of the deposition, without the consent of all persons attending or scheduled to attend the deposition. No consent is necessary if the witness is the author or recipient of the Confidential or Attorneys' Eyes Only Material. The witness shall abide by the terms of this Protective Order.

30. No copy of any transcript of any deposition which is designated, in part or in whole, as Confidential or Attorneys' Eyes Only Material in accordance with paragraph 8 shall be furnished by any court reporter to any person other than to counsel of record and counsel for a non-party if the furnished transcript is of the non-party's own deposition (and further in accordance with paragraph 10 above). If any transcript or portions thereof are designated as Confidential or Attorneys' Eyes Only Material are to be filed with the Court, the transcript or relevant portions thereof shall be filed with the Court under seal in accordance with paragraph 17.

STIPULATED AND AGREED this _12th_ day of _May_ , 2006.

Attorneys for Prism Technologies L.L.C.

*Of Counsel:*                                     By: _Richard D. Kirk_

Dirk D. Thomas                                       Richard D. Kirk (J.D. #rk0922)
Robert A Auchter                                     The Bayard Firm
Jason R. Buratti                                     222 Delaware Avenue, Suite 900
Andre J. Bahou                                       Wilmington, DE 19899
Robins, Kaplan, Miller & Ciresi, L.L.P.             Telephone: (302) 655-5000
1801 K Street, N.W., Suite 1200                     Fax: (302) 658-6395
Washington, D.C. 20006                              rkirk@bayardjirm.com
Telephone: (202) 736-0725
Fax: (202) 223-8604

8

Attorneys for VeriSign, Inc.

*Of Counsel:*

Edward F. Mannino
Jason Snyderman
Akin Gump Strauss Hauer & Feld LLP
2005 Market Street, Suite 2200
Philadelphia, P A  19103
Telephone: (215) 965-1200
Fax: (215) 965-1210

Frank C. Cimino, Jr.
Daniel E. Yonan
Jin-Suk Park
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036-1564
Telephone: (202) 887-4020
Fax: (202) 887-4288

By: _Patricia S Rogowski_

Patricia Smink Rogowski (J.D. #2632)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE  19801
Telephone: (302) 658-9141
Fax: (302) 658-05614
progowski@cblh.com

Attorneys for RSA Security, Inc.

*Of Counsel:*

William Lee
Gregory P. Teran
David Bassett
Mark Selwyn
Wilmer Cutler Pickering Hale and Dorr
 LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

By: _[signature]_

Frederick L. Cottrell III (J.D. #2555)
Alyssa Schwartz (J.D. #4351)
Richard Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE  19801
Telephone: (302) 651-7509
Fax: (302) 658-6541
cottrell@rlf.com
schwartz@rlf.com

9

**Attorneys for Netegrity Inc. and**
**Computer Associates International, Inc.**

*Of Counsel:*

    David M. Schlitz
    Baker Botts LLP
    1299 Pennsylvania Avenue, N.W.
    Washington, D.C. 20004-2400
    Telephone: (202) 639-7700
    Fax: (202) 639-7832

    Kevin Meek
    Jeffrey D. Baxter
    Samir A. Bhavsar
    Baker Botts LLP
    2001 Ross Avenue
    Dallas, TX 75201-2980
    Telephone: (214) 953-6500
    Fax: (214) 953-6503

By: _____

    Richard L. Horwitz (J.D. #2246)
    David E. Moore (J.D. #3983)
    Potter Anderson & Corroon LLP
    1313 N. Market Street
    Wilmington, DE 19899-0951
    Telephone: (302) 984-6000
    Fax: (302) 658-1192
    horwitz@potteranderson.com
    dmoore@potteranderson.com

**Attorneys for Johnson & Johnson**
**Services, Inc.**

*Of Counsel:*

    John M. DiMatteo
    Neal Feivelson
    Willkie Farr & Gallagher LLP
    787 Seventh Avenue
    New York, NY 10019-6099
    Telephone: (212) 728-8000
    Fax: (212) 728-8111

By: _____

    Steven J. Balick (J.D. #2114)
    John G. Day (J.D. #2403)
    Ashby & Geddes
    222 Delaware Avenue
    Wilmington, DE 19899
    Telephone: (302) 654-1888
    Fax: (302) 654-2067
    sbalick ashby-geddes.com
    jday@ashby-geddes.com

**SO ORDERED:**

Dated: ___May _15_, 2006___

_____
UNITED STATES DISTRICT COURT JUDGE

10

DCI 45683837.1

## EXHIBIT A TO JOINT PROTECTIVE ORDER

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC

      Plaintiff,

    v.

VERISIGN, INC., RSA SECURITY, INC.,
NETEGRITY, INC., COMPUTER
ASSOCIATES INTERNATIONAL, INC.,
and JOHNSON & JOHNSON SERVICES,
INC.,

      Defendants.

Civil Action No. CA 05-214 JJF

## DECLARATION

I, _____, declare as follows:

1.    My present address is: _____

_____

2.    My present occupation or job description is: _____

_____

3.    My present employer is: _____

_____

    4.    I have received a copy of the Joint Protective Order ("Order") entered into the above action. I have carefully read and understand the provisions of the Order.

    5.    I will comply with all of the provisions of the Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use except for the purposes of this action, any Confidential Material or Attorneys' Eyes Only Material that I receive in this action.

    6.    I submit to the jurisdiction of this Court for the purposes of enforcement of this Order.

DCI 45683837.1

Date: _____          _____
                                          Print Name

                                          _____
                                          Signature