## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRISM TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C. A. No. 05-214-JJF |
| VERISIGN, INC., RSA SECURITY, INC., | ) | |
| NETEGRITY, INC., COMPUTER ASSOCIATES | ) | |
| INTERNATIONAL, INC., and JOHNSON & | ) | |
| JOHNSON SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SUBPOENA DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendant Computer Associates International, Inc. ("Computer Associates") have

served or will serve the attached subpoena duces tecum on Office of the General Counsel,

Department of the Army, 7701 Telegraph Road, Alexandria, VA 22315-3860.

OF COUNSEL

David M. Schlitz
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
Tel: 202-639-7700

Samir A. Bhavsar
Jeffrey D. Baxter
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, TX 75201-2980
Tel: 214-953-6500

Dated: August 14, 2006

745852

POTTER ANDERSON & CORROON LLP

By: _/s/ David E. Moore_____
　　Richard L. Horwitz (#2246)
　　David E. Moore (#3983)
　　Hercules Plaza, 6th Floor
　　1313 N. Market Street
　　P.O. Box 951
　　Wilmington, DE 19899-0951
　　Tel: 302-984-6000
　　rhorwitz@potteranderson.com
　　dmoore@potteranderson.com

*Attorneys for Defendant Netegrity, Inc. and*
*Computer Associates International, Inc.*

OAO88  (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

**SUBPOENA IN A CIVIL CASE**

PRISM TECHNOLOGIES LLC

V.

VERISIGN, INC., RSA SECURITY, INC.,
NETEGRITY INC., COMPUTER
ASSOCIATES INTERNATIONAL, INC.,
and  JOHNSON & JOHNSON

**PENDING IN THE
DISTRICT OF DELAWARE**

Case Number:[1]    **05-214-JJF**

> Office of the General Counsel
> Department of the Army
> 7701 Telegraph Road
> Alexandria, VA  22315-3860

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case on the topics set forth in

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

X    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Exhibit A attached hereto.**

| PLACE  Baker Botts LLP 2001 Ross Avenue Dallas, TX  75201-2980 | DATE AND TIME  **August 25, 2006** |
|---|---|

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*    **Attorney for Defendant Computer Associates Intl., Inc.** | August 11, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**Jeffery D. Baxter, Baker Botts, L.L.P., 2001 Ross Avenue, Dallas, TX  75201.  214.953.6791**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER _____

ADDRESS OF SERVER _____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duly and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may. upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B) If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the experts study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Exhibit A

# BAKER BOTTS LLP

2001 ROSS AVENUE
DALLAS, TEXAS
75201-2980

TEL +1 214.953.6500
FAX +1 214.953.6503
www.bakerbotts.com

AUSTIN
**DALLAS**
DUBAI
HONG KONG
HOUSTON
LONDON
MOSCOW
NEW YORK
RIYADH
WASHINGTON

August 11, 2006

Office of the General Counsel
Department of the Army
7701 Telegraph Road
Alexandria, VA 22315-3860

Jeffery D. Baxter
TEL +1 214.953.6791
FAX +1 214.661.4791
jeff.baxter@bakerbotts.com

Re:   *Prism Technologies LLC v. Verisign, Inc., et al.*, Civil Action No. 05-215 JJF, United States District Court for the District of Delaware

Dear Sir or Madam:

This letter is written on behalf of Defendant Computer Associates International, Inc. ("CA") in the above-captioned case, pursuant to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), which confirms the authority of the head of a Federal agency to control the release of official information, including documents. CA seeks permission to request documents from:

Department of the Army
7701 Telegraph Road
Alexandria, VA 22315-3860

On April 11, 2005, Prism Technologies LLC ("Prism") brought suit, *inter alia*, against CA for the alleged infringement of U.S. Patent No. 6,516,416 ("the '416 patent"). Through publicly available documents, CA has become aware that the Army uses or has used Netscape products in conjunction with the National Security Agency's Fortezza PC card to implement an identity access and management system. Press releases describing this system are attached. Accordingly, documents regarding your agency's use of Netscape products in conjunction with Fortezza are relevant to the validity of the '416 patent, as they may show that the claimed invention was known or used by others in this country prior to its invention by the inventors of the '416 patent.

The following information is supplied for your reference.

a.   <u>Identification of parties, their counsel, and the nature of the litigation.</u>

(1)   Case caption, docket number, and court.

*Prism Technologies LLC v. Verisign, Inc., RSA Security, Inc., Netegrity, Inc., Computer Associates International, Inc., and Johnson & Johnson Services. Inc.*, Civil Action No. 05-214 JJF, United States District Court for the District of Delaware.

**BAKER BOTTS** LLP

- 2 -                                                                August 11, 2006

(2)    Names, addresses, and phone numbers of CA's counsel.

      David M. Schlitz
      Baker Botts LLP
      1299 Pennsylvania Avenue, N.W.
      Washington, D.C. 20004-2400
      (202) 649-7802

      Samir A. Bhavsar
      Jeffery D. Baxter
      Baker Botts LLP
      2001 Ross Avenue, Suite 600
      Dallas, TX 75201-2980
      (214) 953-6500

(3)    Names, addresses, and phone numbers of Prism's counsel.

      Dirk D. Thomas
      Robert A. Auchter
      Kenneth A. Freeling
      Andre J. Bahou
      Aziz Burgy
      Robins, Kaplan, Miller & Ciresi, L.L.P.
      1801 K Street, N.W., Suite 1200
      Washington, D.C. 20006
      (202) 755-0725

      Richard D. Kirk
      The Bayard Firm
      222 Delaware Avenue, Suite 900
      Wilmington, DE 19899
      (302) 429-4208

(4)    Names, addresses, and phone numbers of co-defendants' counsel.

    (a)    Counsel for Verisign, Inc.

        Jason Snyderman
        Akin Gump Strauss Hauer & Feld LLP
        One Commerce Square, Suite 2200
        2005 Market Street
        Philadelphia, PA 19103
        (215) 965-1229

**BAKER BOTTS** LLP

- 3 -                                            August 11, 2006


          Daniel E. Yonan
          Akin Gump Strauss Hauer & Feld LLP
          Robert S. Strauss Building
          1333 New Hampshire Avenue, N.W.
          Washington, D.C. 20036-1564
          (202) 887-4497

          Patricia Smink Rogowski
          Connolly Bove Lodge & Hurz LLP
          The Nemours Building
          1007 North Orange Street
          Wilmington, DE 19801
          (302) 888-6201

(b) Counsel for RSA Security, Inc.

          Gregory P. Teran
          Wilmer Cutler Pickering Hale and Dorr LLP
          60 State Street
          Boston, MA 02109
          (617) 526-6574

          Frederick L. Cottrell, III
          Alyssa Schwartz
          Richards Layton & Finger
          One Rodney Square
          920 North King Street
          Wilmington, DE 19801
          (302) 651-7509

(c) Counsel for Johnson & Johnson Services, Inc.

          John D. Matteo
          Neal Feivelson
          Leslie Spencer
          Willkie Farr & Gallagher LLP
          The Equitable Center
          787 Seventh Avenue
          New York, NY 10019-6099
          (212) 728-8000

**BAKER BOTTS** LLP

- 4 -                                                                August 11, 2006

>   Steven Balick
>   John G. Day
>   Lauren E. Maguire
>   Ashby & Geddes
>   222 Delaware Avenue
>   Wilmington, DE 19899
>   (302) 654-1888

(d) Counsel for Netegrity, Inc.

>   David M. Schlitz
>   Baker Botts LLP
>   1299 Pennsylvania Avenue, N.W.
>   Washington, D.C. 20004-2400
>   (202) 649-7802
>
>   Samir A. Bhavsar
>   Jeffery D. Baxter
>   Baker Botts LLP
>   2001 Ross Avenue, Suite 600
>   Dallas, TX 75201-2980
>   (214) 953-6500

b.    Identification of Information Requested.

The documents requested by the attached subpoena *duces tecum* relate to and describe the Army's implementation of computers or systems for identifying users (*e.g.*, employees, customers, contractors, etc.) and controlling their access to resources within that system by associating rights and restrictions with the established identity. Such documents are relevant because they may constitute prior art or evidence of prior art to the alleged invention claimed in U.S. Patent No. 6,516,416.

c.    Description of Why the Information is Needed.

(1)    CA will use the information requested to establish that U.S. Patent No. 6,516,416 is invalid because a system as claimed in the '416 patent was known or used by others in this country before the invention thereof by the inventors of the '416 patent.

(2)    This matter is in the discovery phase, and trial has been set for May 2007.

**BAKER BOTTS** LLP

- 5 -                                        August 11, 2006

If there is any additional information you need from us concerning this request, please feel free to contact me. Thank you for your cooperation. We look forward to your response.

Very truly yours,

Jeffery D. Baxter

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRISM TECHNOLOGIES LLC | § § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action No. 05-214-JJF |
| VERISIGN, INC., RSA SECURITY, INC., NETEGRITY INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON | § § § § § | |
| Defendants | § § § | |
| | § | |

## DEFENDANT COMPUTER ASSOCIATES INTERNATIONAL, INC.'S
## SUBPOENA DUCES TECUM TO THE DEPARTMENT OF THE ARMY

TO:    Office of the General Counsel
       Department of the Army
       7701 Telegraph Road
       Alexandria, VA 22315-3860

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are required to produce all documents and things in your possession, custody, or control that meet each of the document requests listed below. The document must be produced at the offices of Baker Botts, L.L.P., 2001 Ross Avenue, Dallas, TX 75201-2980, on August 25, 2006, or at some other agreed time and place.

### DEFINITIONS

1.    "The '416 Patent" shall mean U.S. Patent No. 6,516,416.

2.    "Netscape" means the Netscape Communications Corporation, and all past or present predecessors, subsidiaries, parents, and affiliates thereof, and including but not limited to

all past or present officers, directors, partners, employees, agents, representatives, attorneys, or other persons or entities acting or purporting to act on behalf of Netscape.

3. The term "document" shall have the broadest possible meaning afforded under the Federal Rules of Civil Procedure and shall include, but not be limited to, every writing or record of any type that is in your possession, custody, or control and that is kept by electronic, photographic, mechanical, or other means. This includes email and other electronic documents. For purposes of these interrogatories, any document that contains a note, comment, addition, deletion, modification, or otherwise comprises a non-identical copy of another document shall be treated as a separate document subject to identification.

## INSTRUCTIONS

1. You are required to produce all responsive documents in your possession, custody, or control.

2. If any requested document was at one time in existence but is no longer in existence, or if you are aware of any requested document that you are unable to locate, then please specify for each such document:

  a) the identity of the document, including the number of pages, attachments, or appendices;

  b) the information contained in the document;

  c) the name of the writer, sender, or initiator of the document;

  d) the name of all recipients of the document (including the addressees and any indicated or blind copies);

  e) the date of the document;

  f) the date upon which the document ceased to exist or you were first unable to locate the document;

  g) the circumstances under which the document ceased to exist or you were unable to locate the document;

h)    the identity of each person having knowledge of the circumstances under which the document ceased to exist;

i)    the identity of each person in charge of the custody or control of the document; and

j)    the identity of each person having knowledge of the contents of the document.

3.    Any recipient of this request who withholds any requested documents by reason of a claim of privilege or attorney work product, or who objects to any part of this request for production, shall furnish a list identifying each such document for which the claim of privilege is made or to which the objection relates, together with the following information:

a)    the identity of the document, including the exact name and title of the document, the number of pages, attachments, or appendices to the document, and all serial or identification numbers appearing on the document;

b)    a general description of the document;

c)    the name of the writer, sender, or initiator of the document;

d)    the name of all recipients of the document (including the addressees and any indicated or blind copies);

e)    the date of the document;

f)    the request to which the document relates;

g)    the reason(s) for each objection or claim of privilege; and

h)    the identity of each person having knowledge of the actual basis, if any, on which the privilege or other ground for objection is based.

4.    These requests for production of documents are continuing requests. If, after producing the documents requested herein, you obtain or find further documents responsive to these requests, then you are required to produce such additional documents.

5.    If any documents are considered "Confidential," "Attorneys' Eyes Only," or "Highly Confidential" as defined in the attached Protective Order, such documents should be produced subject to the terms and provisions of the Protective Order.

## REQUESTS

Please produce the following documents:

1.    All concept of operations (Con Ops), proof of concept, plans, network diagrams, and reports relating to computer networks that performed authentication using FORTEZZA before June 11, 1997, where the documents either were publicly available before June 11, 1997 or include information about the networks that would not have been classified or confidential before June 11, 1997.

2.    All documents that describe the operations that client software, server software, databases, and other components performed to authenticate users or computers using FORTEZZA cards before June 11, 1997, where the documents either were publicly available before June 11, 1997 or include information about the networks that would not have been classified or confidential before June 11, 1997.

3.    All concept of operations (Con Ops), proof of concept, plans, network diagrams, and reports relating to the use of FORTEZZA in performing authentication in any Joint Warrior Interoperability Demonstration (JWID) before June 11, 1997, where the documents either were publicly available before June 11, 1997 or include information that would not have been classified or confidential before June 11, 1997.

4.    All document relating to networks, test beds, or other environments involved in testing or using of FORTEZZA to authenticate users or computers before June 11, 1997, including but not limited to network using Netscape's Enterprise Server, Proxy Server, Certificate Server, and/or Directory Server to perform authentication with FORTEZZA.

5. All concept of operations (Con Ops), proof of concept, plans, network diagrams, and reports before June 11, 1997 relating to IRE Fortezza Modem (Industrial Research Engineering), where the documents either were publicly available before June 11, 1997 or include information that would not have been classified or confidential before June 11, 1997.

POTTER ANDERSON & CORROON LLP

Dated: August 11, 2006

By: _____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Tel: 302-984-6000

OF COUNSEL

David M. Schlitz
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
Tel. 202-639-7700

Samir A. Bhavsar
Jeffery D. Baxter
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, TX 75201-2980
Tel: 214-953-6500

***Counsel for Defendant Computer Associates International, Inc.***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC

    Plaintiff

v.

VERISIGN, INC., RSA SECURITY, INC.,
NETEGRITY INC., COMPUTER
ASSOCIATES INTERNATIONAL, INC.,
and JOHNSON & JOHNSON SERVICES,
INC.,

    Defendants

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Civil Action No. 05-214-JJF

## DEFENDANT COMPUTER ASSOCIATES INTERNATIONAL, INC.'S STATEMENT OF THE NATURE AND RELEVANCE OF THE INFORMATION SOUGHT BY SUBPOENA *DUCES TECUM*

The documents requested by the attached subpoena *duces tecum* describe and/or relate to computer networks, client software, server software, databases, and/or other components that performed authentication using FORTEZZA prior to June 11, 1997. Such documents are relevant because they may constitute prior art or evidence of prior art to the alleged invention claimed in U.S. Patent No. 6,516,416, which Prism Technologies LLC ("Prism") is asserting against Computer Associates International, Inc. ("CA") and its co-defendants. Therefore, CA requests the production documents sufficient to describe computer networks, client software, server software, databases, and/or other components that performed authentication using FORTEZZA prior to June 11, 1997.

# ** Press Release **

U.S. DEPARTMENT OF DEFENSE SIGNS AGREEMENT FOR NETSCAPE CLIENT AND SERVER SOFTWARE

Global Agreement For Netscape Software To Serve Up To 2 Million Users

MOUNTAIN VIEW, Calif. (October 8, 1997) -- Netscape Communications Corporation (NASDAQ:NSCP) today announced that the U.S. Department of Defense (DoD) has initiated a major agreement for Netscape client and server software. This agreement involves multiyear options, resulting in a DoD-wide license covering potentially in excess of 2 million users. Specifically, DoD has licensed Netscape® client and Netscape server software to enhance the security capabilities across the DoD worldwide networks. Netscape software will be used to support comprehensive and cost-effective Intranet, Internet and Extranet solutions that enable DoD organizations to communicate, access and share information easily.

This license was acquired for the DoD by the Defense Information Systems Agency (DISA) by using the I-CASE contract with Logicon. The I-CASE contract is managed by the Standard Systems Center at Gunter Airforce base in Alabama.

Netscape?s agreement with DoD leverages the ability of Netscape Communicator and Netscape SuiteSpot servers to deliver the strong security capabilities the government requires including the meeting of US Government?s Federal Information Processing Standards Publications (FIPS PUBS) 140-1, "Security Requirements For Cryptographic Modules" (FIPS 140-1). As announced last month, Netscape is currently the only Internet software vendor to have products validated by the National Institute of Standards and Technology (NIST) for compliance with the FIPS 140-1 standard. In addition, DoD will take advantage of the Netscape products with FORTEZZA. By supporting the FORTEZZA hardware-enhanced cryptographic services, Netscape?s client and server versions allow for stronger user authentication and data encryption.

"DoD's decision to deploy Netscape software across desktops and servers to secure and enhance the networked environment clearly demonstrates the benefits of the cross-platform and scalable Internet capabilities our technology delivers," said Jim Barksdale, president and chief executive officer of Netscape Communications Corporation. "Netscape?s open standard software assures interoperability not only throughout DoD, but also with its contractors and partners worldwide. Through this agreement, Netscape will supply what is essentially the world?s largest enterprise with software that scales to meet the needs of millions of users, delivers interoperability and offers strong security features. This agreement enables DoD to provide its users with application access, collaboration and information sharing across its multiple organizations while maintaining required access controls."

With the execution of the new agreement, DISA will serve as the central point for assigning Netscape software licenses provided under this agreement throughout the DoD. DoD organizations should contact DISA's Enterprise Software License Program Office to discuss the terms of this agreement.

As the only certified FIPS 140-1 compliant Internet products validated by NIST, Netscape?s products provide more rigorous security standards than any other Web technology currently available. Deployment of the Netscape software ensures that government users are in compliance with this mandated standard for secure software cryptography. Netscape software with FORTEZZA delivers an even higher degree of assurance using the DoD approved FORTEZZA hardware standard for authentication and encryption. With the government-wide mandate in effect since June 30, 1997, that "all Federal agencies that use cryptographic-based security systems to protect unclassified information within computer and telecommunication systems" move to exclusively acquire and use products validated for FIPS 140-1 conformance, migration to Netscape products for

those covered by this license agreement is expected to move quickly.

Several organizations within DoD have already begun deploying applications and infrastructures based on Netscape technology, including Defense Information Systems Agency (DISA), Defense Logistics Agency (DLA), Defense Finance and Accounting Service (DFAS), the U.S. Air Force and the Office of the Secretary of Defense (OSD).

Netscape?s licensing agreement with DoD is another step in the "Netscape Everywhere" initiative, which is aimed at bringing Netscape technology to millions of new users in government agencies, schools, homes, and businesses. With Netscape?s emphasis on security, scalability, and open standards, the use of Netscape software as the common desktop technology enables government users to lower training costs and improve communications, enabling deployment of applications and tools that run across all vendors' hardware, operating systems and databases. The successful ?Netscape Everywhere? initiative already includes agreements to deliver more than 130 million copies of Netscape client software through leading books, magazines, networking products, communications software, Internet Service Providers and computer hardware bundles, as well as millions more to be distributed throughout enterprises.

Netscape Communications Corporation is a leading provider of open software for linking people and information over enterprise networks and the Internet. The company offers a full line of clients, servers, development tools and commercial applications to create a complete platform for next-generation, live online applications. Traded on NASDAQ under the symbol "NSCP," Netscape Communications Corporation is based in Mountain View, California. The Netscape Government Group, which exclusively serves federal, state and local governments, is based in Bethesda, Maryland.

Additional information on Netscape Communications Corporation is available on the Internet at http://home. Netscape.com, or by sending email to moreinfo@netscape.com. Corporate customers can call 415/937-2555, while government customers can call 301/571-3900 for more information.

Netscape, Netscape Navigator, and the Netscape N logo are registered trademarks of Netscape Communications Corporation in the United States and other countries. Other Netscape logos, product names, and service names are also trademarks of Netscape Communications Corporation, which may be registered in other countries.

---

**John Menkart**
(menk@netscape.com)
**Updated** (October 8, 1997)



## DISA buys 180,000 licenses for Navigator

July 8, 1996
*By Paul Constance*

The Defense Information Systems Agency has bought 180,000 licenses for the Netscape Navigator World Wide Web browser.

With the purchase, DISA aims to encourage adoption of the Defense Information Infrastructure Common Operating Environment. Copies of the software will be available for free to program managers building systems designed for compliance with the DII COE, DISA said in a statement.

"We're delighted," said Peter Thorpe, director of federal marketing for Netscape Communications Corp., Mountain View, Calif. "This establishes Netscape as the predominant platform of choice in DOD."

Thorpe said the $3.3 million DISA sale late last month was Netscape's largest in DOD, in terms of license numbers, although the company has received more valuable orders from the CIA and the National Security Agency.

DISA paid about $18 per copy of Netscape, which runs on Unix and all Microsoft Corp. operating systems. The purchase took place through the Integrated-Computer Aided Software Engineering (I-CASE) contract held by Logicon Inc. of Torrance, Calif. Logicon arranged for the sale through BTG Inc., Netscape's federal distributor in Vienna, Va.

The restructured I-CASE contract has become DISA's preferred vehicle for the commercial components of the COE. During the past month, DISA made large license purchases of Unix software interface products from TriTeal Corp. of Carlsbad, Calif., and Transarc Corp. of Pittsburgh through I-CASE. It also intends to distribute these copies free to COE developers.

"DISA won't have any trouble distributing the Netscape licenses," said Vince Steckler, Logicon's I-CASE marketing manager. He said the there is an enormous backlog of demand for Netscape products in DOD, and additional large license sales for the Web browser likely will take place this summer.

Thorpe said the DISA purchase includes a limited number of licenses for a version of Netscape adapted to process security features in NSA's Fortezza encryption card. NSA currently is testing Fortezza-enabled beta versions of Netscape's Navigator 2.0 and 3.0 products, along with the Netscape commerce server. Thorpe said he hoped these versions would be available for order by October.

Industry sources said the Fortezza version of Netscape probably will prove popular in DOD to catalog access to information within classified intranets. Fortezza features also would make Netscape compatible with the emerging Defense Message System.

The DISA purchase does not include licenses for Netscape's server products, but Thorpe said DOD's large user base would benefit from a recently announced change to the company's server pricing strategy. Instead of paying a flat rate for any one of Netscape's five principal server products, large organizations can now pay a low per-user fee for unlimited use of Netscape SuiteSpot, which bundles all five servers.

Thorpe said SuiteSpot pricing for DOD would be lower than the $69 per user list price for organizations with at least 1,000 Navigator licenses.

© 1996-2006 Post-Newsweek Media, Inc. All Rights Reserved.



Company Press Relations

# NETSCAPE PRODUCTS WITH FORTEZZA FACT SHEET

MOUNTAIN VIEW, Calif. (February 18, 1997) -- Netscape Communications Corporation is offering Netscape client and server products with <u>FORTEZZA</u> security services. Netscape products include Netscape Navigator 3.0 with FORTEZZA, Netscape Enterprise Server 2.0 with FORTEZZA and Netscape Proxy Server 2.0 with FORTEZZA. Each of these products provides a unique Web-based solution by integrating FORTEZZA security features in a commercially available, off-the-shelf package.

Netscape's products work with the FORTEZZA Crypto Card to invoke cryptographic services including data confidentiality, user authentication and data integrity. Support for FORTEZZA has been added to the Secure Sockets Layer (SSL) open protocol. SSL provides a straightforward method for adding encryption features to existing applications and network infrastructures. SSL is application protocol independent and provides the following features: (1) encryption capabilities for client and/or server communication which restricts unwanted access to the network; (2) authentication which uses certificates and digital signatures to verify the identity of parties in information exchanges and transactions; and (3) data integrity which allows the receiver of data to verify that it has not been modified in transit. Netscape products with FORTEZZA support the use of FORTEZZA with SSL as an enhanced alternative to software-based cryptographic mechanisms.

The FORTEZZA Crypto Card is one of the major components of the National Security Agency's MISSI program. MISSI is a network security initiative led by the National Security Agency in partnership with industry and standards organizations. MISSI's goal is to distribute an evolving set of solutions that provide secure interoperability. This goal is supported by a network security framework based on common security standards and protocols.

Netscape is working with information security specialist Litronic, Inc. and others to develop, integrate and support the FORTEZZA cryptographic interface. Litronic provided technical expertise for the implementation of FORTEZZA libraries and drivers. Litronic, Inc. is based in Costa Mesa, California and offers the software and hardware tools that organizations need to easily integrate hardware-strength cryptography into existing applications.

<u>Netscape products with FORTEZZA</u> can be ordered from Netscape Government Sales. You may contact a sales representative for product information and pricing at 415/937-3678. Netscape Navigator 3.0 with FORTEZZA will be available for Solaris 2.4 on SPARC, AIX 3.2.5 on RS/6000, Windows NT 3.51 with Service Pack 4 on Intel, Windows 3.1, Windows 95, and Macintosh System 7.5 on 68K and PowerPC. Netscape Enterprise Server 2.0 with FORTEZZA will be available for Solaris 2.4 on SPARC, AIX 3.2.5 on RS/6000, and Windows NT 3.51 with Service Pack 4 on Intel. Netscape Proxy Server 2.0 with FORTEZZA will be available for Solaris 2.4 on SPARC. Product availability is planned for the end of first quarter 1997.

Features and availability subject to change. Netscape, Netscape Communications Corporation, Netscape Navigator, Netscape Enterprise Server and Netscape Proxy  Server are trademarks of Netscape Communications Corporation. FORTEZZA is a registered trademark of the National Security Agency. All other product names are trademarks of their respective companies. Product information is available on the Internet at http://www.btg.com/fortezza.

Help | Site Map | How to Get Netscape Products | Advertise With Us | Add Site | Custom Browser Program

Autos | Business | Computing & Internet | Entertainment | Family | Games | Health | Lifestyles | Local | Netscape | Netscape Open Directory | News | Personal Finance | Real Estate | Research & Learn | Shopping | Small Business | Sports | Travel

© 1999 Netscape, All Rights Reserved. Legal & Privacy Notices
This site powered by Netscape SuiteSpot servers.



# NETSCAPE TO OFFER FORTEZZA CRYPTOGRAPHIC CAPABILITY FOR ITS SOFTWARE PRODUCTS

## UNDERSCORES COMPANY'S COMMITMENT TO US GOVERNMENT MARKET

MOUNTAIN VIEW, Calif. (October 10, 1995) -- Netscape Communications Corporation (NASDAQ: NSCP) announced today its intent to support the Fortezza security card, a security technology based on US government standard cryptography, as a low-cost upgrade capability for its Netscape Navigator client software and other Netscape products. The new capability will enhance Netscape's offerings for the US government market and enable the company to provide increased support for security services for World Wide Web-based tools and technology.

Developed by the National Security Agency, Fortezza PC card technology provides strong authentication and encryption services using US government standard cryptography, implemented in an industry-standard PCMCIA security token. Fortezza PC cards are being used in the Defense Message System (DMS), a new Department of Defense electronic messaging system; Intelink, the new US Government Intelligence Community search system based on Web technology, and in a number of other government systems.

"Fortezza is an important technology for major internal US government networks and for organizations needing Web-based technology with strong security," said Marc Andreessen, vice president of technology at Netscape. "Support of Fortezza technology will strengthen our position as a leading supplier of Web-based software products to the federal government. We can use the experience gained with Fortezza and the Secure Sockets Layer open protocol to implement support for additional cryptographic devices important to both the federal government and commercial markets."

Netscape expects to work with information security specialist Litronic Industries and others regarding the development, integration and support of the Fortezza cryptographic interface. Litronic provides technical expertise for the implementation of Fortezza libraries and drivers on a wide variety of platforms. California-based Litronic Industries designs, manufactures and markets information security products used to secure applications and data transmissions through the use of encryption technology.

Support for Fortezza has been added to Netscape's Secure Sockets Layer (SSL) open protocol. SSL provides a straightforward method for adding strong security to existing applications and network infrastructures. SSL is application protocol independent and provides encryption, which creates a secured channel to prevent others from tapping into the network; authentication, which uses certificates and digital signatures to verify the identity of parties in information exchanges and transactions; and message integrity, which ensures that messages cannot be altered en route. Netscape will upgrade Netscape Navigator and other Netscape products to support the use of Fortezza with SSL as an enhanced alternative to software-based cryptographic mechanisms.

"The US government is rapidly moving to World Wide Web and related open systems technology as an alternative to proprietary networks and applications," said Paul A. Strassmann, former director of defense information and principal deputy assistant secretary of defense, and currently distinguished visiting professor of

information warfare at the National Defense University. "Many federal agencies are adopting Fortezza technology as a means to secure network transactions over unclassified and classified networks. We are pleased to see Netscape provide support for Fortezza cryptographic cards in a commercial product based on open systems standards."

Netscape Communications Corporation is a premier provider of open software to enable people and companies to exchange information and conduct commerce over the Internet and other global networks. The company was founded in April 1994 by Dr. James H. Clark, founder of Silicon Graphics, Inc., a Fortune 500 computer systems company; and Marc Andreessen, creator of the NCSA Mosaic research prototype for the Internet. Traded on Nasdaq under the symbol "NSCP", Netscape Communications Corporation is based in Mountain View, California.

Netscape Communications, the Netscape Communications logo, Netscape, Netscape Commerce Server, Netscape Communications Server, Netscape Proxy Server and Netscape News Server are trademarks of Netscape Communications Corporation. NCSA Mosaic is a trademark of the University of Illinois. All other product names are trademarks of their respective companies.

Help   |   Site Map   |   How to Get Netscape Products   |   Advertise With Us   |   Add Site   |   Custom Browser Program

Autos   |   Business   |   Computing & Internet   |   Entertainment   |   Family   |   Games   |   Health   |   Lifestyles   |   Local   |   Netscape   |   Netscape Open Directory   |   News   |   Personal Finance   |   Real Estate   |   Research & Learn   |   Shopping   |   Small Business   |   Sports   |   Travel

© 1999 Netscape. All Rights Reserved. Legal & Privacy Notices
This site powered by Netscape SuiteSpot servers

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC

         Plaintiff,


    v.

VERISIGN, INC., RSA SECURITY, INC.,
NETEGRITY, INC., COMPUTER
ASSOCIATES INTERNATIONAL, INC.,
and JOHNSON & JOHNSON SERVICES,
INC.,

         Defendants.

Civil Action No. CA 05-214 JJF

## STIPULATED JOINT PROTECTIVE ORDER

    WHEREAS Plaintiff Prism Technologies LLC ("Prism") and Defendants VeriSign, Inc., RSA Security, Inc., Netegrity Inc., Computer Associates International, Inc., and Johnson & Johnson Services, Inc. (collectively the "Parties") believe that certain information encompassed by discovery requests made in this Action may constitute trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure ("Rule 26") or Local Rules of the Court; and

    WHEREAS the Parties have mutually agreed that it would serve their respective interests to conduct discovery under a protective order pursuant to Rule 26(c);

    IT IS HEREBY ORDERED that:

    1. This Protective Order shall apply to all information, documents and things subject to discovery in this Action and within the possession, custody or control of the Parties, their parent, subsidiaries, affiliates or other related entities, and believed by a party or its related entity or non-party to contain trade secrets or other confidential research, development and/or commercial information within the meaning of Rule 26(c) (hereafter "Confidential Material" or "Attorneys' Eyes Only Material"), including, without limitation, testimony adduced at deposition upon oral examination or upon written questions, answers to interrogatories, documents produced, information obtained from inspection of premises or things, answers to requests for admission, information disclosed pursuant to subpoena under Rule 45 of the Federal Rules of Civil Procedure ("Rule 45"), and all other discovery taken pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Delaware. As used herein, "Action" shall mean the above-styled litigation; "opposing party"

shall mean, with respect to Plaintiff, any of the Defendants, and with respect to any of the Defendants, the Plaintiff.

2. In determining the scope of information which a party may designate as its "Confidential" or "Attorneys' Eyes Only Material," each party agrees that designations of information as "Confidential" or "Attorneys' Eyes Only Material" and responses to requests to permit further disclosure of "Confidential" or "Attorneys' Eyes Only Material" shall be made in good faith.

3. Nothing in this Protective Order shall preclude any party from disclosing or using, in any matter or for any purpose, any information which (i) is public knowledge; (ii) was lawfully in the receiving party's possession prior to being designated as Confidential or Attorney's Eyes Only Material in this Action; or (iii) was obtained from a third party having the apparent right to disclose such information without restriction or obligation of confidentiality. Such restrictions and obligations shall not be deemed to prohibit discussions regarding any Confidential or Attorney's Eyes Only Material with any person if said person already has or obtains legitimate possession thereof without restriction or obligation of confidentiality.

4. This Protective Order also applies to any documents or other materials exchanged or produced pursuant to any alternative dispute resolution proceeding or testimony adduced at trial only if such proceedings are sealed pursuant to this protective order at the introduction of such testimony, matters in evidence filed under seal and all other information which the producing party designates as Confidential Material or Attorneys' Eyes Only pursuant to paragraph 5 of this Protective Order.

5. The producing party shall label or mark each document and thing that it deems to be Confidential Material with the legend "CONFIDENTIAL." Each document and thing a producing party deems to be Attorneys' Eyes Only Material shall be marked "ATTORNEYS' EYES ONLY" or in the alternative, "HIGHLY CONFIDENTIAL." Throughout this Protective Order, any reference to "ATTORNEYS' EYES ONLY" shall be a synonymous reference to "HIGHLY CONFIDENTIAL."

(a)    "Confidential Material" as referenced in this Order includes all information that a designating party reasonably and in good faith believes constitutes or discloses trade secret or other confidential research, development, or commercial information.

(b)    "Attorneys' Eyes Only" as referenced in this Order shall be limited to Confidential Material regarding current products, products in development, or non-public financial information including, but not limited to, sales and/or profits of the accused infringing products.

(c)    If a document is designated "Confidential" or "Attorneys' Eyes Only," such notations shall be placed on every page of each document designated, or in the case of tangible objects, on a label or tag attached to the objects or the container of the objects.

6. The designation of Confidential Material or Attorneys' Eyes Only Material shall be understood to encompass not only the material expressly designated, but also any information derived therefrom, and all copies, recordings, abstracts, excerpts, analyses, and summaries

thereof, as well as testimony and oral conversation derived therefrom and related thereto. However, nothing in this Protective Order shall bar or otherwise restrict any outside counsel or in-house counsel from discussing this Action or rendering legal advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of Confidential Material or Attorneys' Eyes Only Material, provided that in rendering such advice or in otherwise communicating with his or her client, such counsel shall not make any disclosure of Confidential Material or Attorneys' Eyes Only Material to any person not entitled to have access to it.

7. The labeling or marking of a document with the designation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be made when a copy of the document or thing is provided to the receiving party. Any such designation that is inadvertently omitted may be corrected by written notification to counsel for the receiving party, and the receiving party shall thereafter mark and treat the materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and such material shall be subject to this Protective Order as if it had been initially so designated. If, prior to receiving such notice, the receiving party has disseminated the Confidential or Attorneys' Eyes Only Material to individuals not authorized to receive it hereunder, it shall make every reasonable effort to retrieve the Confidential or Attorneys' Eyes Only Material or to otherwise assure that the recipient(s) maintain the confidentiality of the Confidential or Attorneys' Eyes Only Material, but shall have no other responsibility or obligation in respect to the information disseminated.

8. In the case of deposition upon oral examination or written questions, such testimony shall be deemed "Attorneys' Eyes Only" until the expiration of thirty (30) days after the deposition. Pages or entire transcripts of testimony given at a deposition or hearing may be designated as Confidential Material or Attorneys' Eyes Only by an appropriate statement either at the time of the giving of such testimony or by written notification within thirty (30) days after the deposition.

9. In the event that the producing party elects to produce material for inspection pursuant to Federal Rule of Civil Procedure 34(b), no designation need be made prior to the inspection. For purposes of the inspection, all material shall be considered Attorneys' Eyes Only and inspected only by those persons permitted access to Attorneys' Eyes Only. Prior to furnishing copies of inspected material, the producing party shall have an opportunity to label the material with a "Confidential" or "Attorneys' Eyes Only" marking.

10. In the absence of express written permission from the producing party or an Order of this Court, a receiving party shall not disclose or show any Confidential or Attorneys' Eyes Only Material, including material previously produced as confidential, to any person, nor shall the form or substance of the contents thereof be disclosed to or discussed with any person, other than the following (subject to the limitations identified in this paragraph):

        (a) The United States District Court for the District of Delaware and its officers;

        (b) The receiving party's outside counsel of record (including local and trial counsel), including partners, associates and employees of such counsel of

3

record, including any member of the support staff assisting such counsel, subject to the provisions of Paragraph 13;

(c) The receiving party's independent experts, consultants, or investigators (collectively, referred to hereinafter as "experts") who have been expressly retained or sought to be retained for the purpose of this Action by the receiving party, but subject to and only after compliance with the provisions of Paragraphs 13 and 14 below; and with disclosure only to the extent necessary to perform such work;

(d) Up to three of the receiving party's designated in-house counsel, but only for information disclosed by an opposing party, each of whom shall be identified by written notice served on all other Parties to this Action, and subject to the provisions of Paragraphs 13 and 14

(e) Not more than four (4) individuals who are officers, directors or employees of the receiving party who are deemed necessary by counsel of record for the receiving party for the prosecution or defense or settlement of this Action, each of whom shall comply with the provisions of Paragraphs 13 and 14 below, but such individuals are entitled only to information disclosed by an opposing party. Further, any officer, director, employee, agent, or other representative of a party who is not qualified under this paragraph to receive Confidential Material but to whom Confidential Material was inadvertently disclosed, whether by it being belatedly designated Confidential Material or otherwise, is bound by the terms of this Protective Order.

(f) Court reporters taking testimony involving such Confidential Material and their support personnel,

(g) Litigation support services (including copy services, graphics services, coding and/or scanning services, electronic discovery services, translation services and jury consultants), paralegal assistants, stenographic, clerical or other staff working under the direct supervision of outside, or designated in-house counsel whose duties and responsibilities require access to Confidential Material.

11. In the absence of written permission from the producing party or an Order of this Court, no Attorneys' Eyes Only Material, including material previously produced as Attorneys' Eyes Only, shall be shown, nor shall the form or substance of the contents thereof be disclosed to or discussed with, any person other than those individuals identified in Paragraphs 10a, 10b, 10c, 10d, 10f and 10g. Persons identified in 10e shall not have access to information designated as Attorneys' Eyes Only.

12. In the event that any non-party shall be called upon, by subpoena or otherwise, to provide or produce documents or information considered to disclose or contain Confidential or Attorneys' Eyes Only Material, such non-party may designate documents or information as Confidential or Attorneys' Eyes Only material in the manner set forth in this Order and these designations shall be treated in the same manner as if made by a party, provided that the non-

party must agree that this Court shall have exclusive jurisdiction to entertain and decide any motion brought pursuant to this Order challenging the status of the information so designated by the non-party or otherwise to enforce the provisions of this Order with respect to such non-party. Any third party discovery from under Rule 45 (document, deposition, or otherwise) shall be conducted on an outside counsel only basis (including local and trial counsel), unless the third party agrees in writing that persons other than outside counsel may have access to Confidential or Attorneys' Eyes Only Material.

13. During the pendency of this Action and for a period of one year following its full and final conclusion (including appeals) as to each party, any person who receives any Attorneys' Eyes Only Material shall not directly or indirectly assist or participate in the drafting, filing, or prosecution of any part of any patent application claiming priority to the patent-in-suit (U.S. Pat. No. 6,516,416), or any parent, continuation, continuation-in-part, division, reissue, reexamination or foreign counterpart of the patent-in-suit. This provision, however, does not limit or restrict Prism's obligation to notify the USPTO of the existence of this patent litigation, prior art cited during this Action, or any invalidity contention made by any of the Defendants that would give rise to a duty to disclose information to the USPTO.

14. Counsel desiring to disclose Confidential or Attorneys' Eyes Only Material to experts, in-house counsel or non-attorney individuals referred to in Paragraphs 10c-10e and 11 above shall first obtain a signed undertaking, in the form of Exhibit A attached hereto, from each such party representative or expert, and such counsel shall retain in his/her files the original of each such signed undertaking. A copy of the proposed undertaking shall be forwarded to opposing counsel, and with respect to experts, shall be accompanied by a current curriculum vitae. The curriculum vitae should specify prior expert testimony for the past five years, and any previous or current relationship with any Party to the Action. No Confidential Material shall be disclosed to such party representative or expert until after the expiration of a ten (10) business day period commencing with the receipt by opposing counsel of a copy of the proposed undertaking and, for experts, a curriculum vitae, provided, however, that if during that ten (10) business day period opposing counsel makes an objection to such disclosure, there shall be no disclosure of Confidential or Attorneys' Eyes Only Material to such party representative or expert, except by mutual agreement of the Parties or further order of the Court.

15. Confidential or Attorneys' Eyes Only Material shall not be made available to any person otherwise qualified to receive such information under the terms of this Protective Order until he or she shall have first received, read and agreed to be bound by this Order.

16. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Protective Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Rule 26(c).

17. To the extent that any Confidential or Attorneys' Eyes Only Material subject to this Protective Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses Confidential or Attorneys' Eyes Only Material, shall be filed under seal (by the filing

party) with the Clerk of the Court in an envelope marked "CONFIDENTIAL INFORMATION FILED UNDER SEAL."

18. Nothing herein shall restrict any person who is qualified to receive Confidential or Attorneys' Eyes Only Material from making working copies, abstracts, digests or analyses of such information for use in connection with this Action and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Protective Order. Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this Action, provided that access to such information, in whatever form stored or reproduced, shall be limited to persons qualified to receive such information.

19. Nothing in this Protective Order shall require disclosure of material which a party contends is protected from disclosure by the attorney-client privilege or the attorney work product immunity or any other applicable privilege. This shall not preclude any party from moving the Court for an Order directing the disclosure of such material.

20. The acceptance by a party of documents or things designated as Confidential or Attorneys' Eyes Only Material shall not constitute an agreement, admission or concession, or permit an inference, that the material(s) are in fact properly the subject for protection under Rule 26(c), or some other basis. Documents and things designated as Confidential or Attorney Eyes' Only Material shall be treated in accordance with the provisions of this Protective Order, except that any party may at any time seek an Order from the Court determining that specified information or categories of information are not properly designated, provided that prior to making such a motion the Parties shall meet and confer in good faith to resolve any differences over the designation. On such a motion, the party asserting confidentiality shall have the burden of proving that the Confidential or Attorneys' Eyes Only Material in question is protectable under Rule 26(c) or some other basis. A party shall not be obligated to challenge the propriety of a designation at the time made, and failure to do so shall not preclude subsequent challenge. Should any party (or non-party) seek an Order from the Court to determine whether specified information or categories of information are not properly designated as Confidential or Attorneys' Eyes Only Material, the claimed designation shall remain operative and respected by all the Parties and non-parties pending the Court's ruling.

21. Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege, provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production. Such inadvertently produced documents or information, including all copies thereof, shall be returned to the producing party immediately upon request. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned, provided, however, that the receiving party may move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact of the inadvertent production. In the event of any disclosure of

6

Confidential or Attorneys' Eyes Only Material other than in the manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify counsel for the party or non-party whose Confidential or Attorneys' Eyes Only Material is at issue of all the pertinent facts, and make every effort to prevent further unauthorized disclosure including retrieving all copies of the Confidential or Attorneys' Eyes Only Material from the recipient(s) thereof and securing the agreement of the recipients not to further disseminate the Confidential or Attorneys' Eyes Only Material in any form. Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

22. The recipient of any Confidential or Attorneys' Eyes Only Material shall maintain such information in a secure and safe place, and shall exercise at least the same standard of due and proper care in handling the Confidential or Attorneys' Eyes Only Material as is exercised by the recipient with respect to its own Confidential or Attorneys' Eyes Only Material and to confidential and proprietary information of a similar nature, but in no event less than reasonable care. Each recipient of any Confidential or Attorneys' Eyes Only Material hereby agrees to be subject to the jurisdiction of this Court for purposes of the implementation and enforcement of this Protective Order.

23. This Protective Order shall not prevent the Parties from applying to the Court for relief therefrom, or from applying to the Court for further or additional relief by way of protective orders or otherwise, or from agreeing between themselves, subject to approval of the Court, to modifications of this Protective Order.

24. Confidential and Attorneys' Eyes Only Material shall be used solely for the purposes of this Action, subject to the provisions of this Protective Order and any further Order regarding confidentiality as the Court may enter. Confidential and Attorneys' Eyes Only Material shall not be used for any purpose other than this Action.

25. In the event that a party desires to provide access to or disseminate Confidential or Attorneys' Eyes Only Material to any person not entitled to access under this Protective Order, it may move the Court for an order that such person be given access thereto if the Parties cannot, after negotiating in good faith, agree to such additional access or dissemination.

26. In the event that any Confidential or Attorneys' Eyes Only Material is used in any court proceeding in connection with this litigation, it shall not lose its designated status through such use if that proceeding is under seal, and the parties shall take all steps reasonably required to protect its status during such use.

27. Within sixty (60) days after the final conclusion of this Action, including any appeals, all Confidential and Attorneys' Eyes Only Material produced by any party, and all copies of such information, shall be returned to the producing party, or counsel of record shall certify in writing that such material has been destroyed. However, counsel of record may retain, subject to the confidentiality provisions of this Protective Order, a copy of all correspondence, pleadings, motion papers, discovery responses, deposition, trial transcripts and exhibits, legal memoranda and work product.

DC1 4568J837 1

28. This Protective Order shall survive the final termination of this Action with respect to any retained Confidential or Attorneys' Eyes Only Material.

29. If a party wishes to use Confidential or Attorneys' Eyes Only Material at the deposition of any witness not entitled to have access to such Confidential or Attorneys' Eyes Only Material (for instance if the information may be revealed or referred to in a question that will be put to the witness at a deposition upon oral examination or Confidential or Attorneys' Eyes Only Material will be used as exhibits during examination), such party shall so obtain the consent of the party producing the Confidential or Attorneys' Eyes Only Material, in advance [where possible], and the failure of the examining attorney to obtain such consent shall not be grounds for delaying the deposition or progress of the deposition, without the consent of all persons attending or scheduled to attend the deposition. No consent is necessary if the witness is the author or recipient of the Confidential or Attorneys' Eyes Only Material. The witness shall abide by the terms of this Protective Order.

30. No copy of any transcript of any deposition which is designated, in part or in whole, as Confidential or Attorneys' Eyes Only Material in accordance with paragraph 8 shall be furnished by any court reporter to any person other than to counsel of record and counsel for a non-party if the furnished transcript is of the non-party's own deposition (and further in accordance with paragraph 10 above). If any transcript or portions thereof are designated as Confidential or Attorneys' Eyes Only Material are to be filed with the Court, the transcript or relevant portions thereof shall be filed with the Court under seal in accordance with paragraph 17.

STIPULATED AND AGREED this _12th_ day of _May_ , 2006.

Attorneys for Prism Technologies L.L.C.

*Of Counsel:*

Dirk D. Thomas
Robert A Auchter
Jason R. Buratti
Andre J. Bahou
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
Telephone: (202) 736-0725
Fax: (202) 223-8604

By: _____

Richard D. Kirk (J.D. #rk0922)
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
Telephone: (302) 655-5000
Fax: (302) 658-6395
rkirk@bayardfirm.com

8

Attorneys for VeriSign, Inc.

*Of Counsel:*                      By:
Edward F. Mannino
Jason Snyderman                        Patricia Smink Rogowski (J.D. #2632)
Akin Gump Strauss Hauer & Feld LLP       Connolly Bove Lodge & Hutz LLP
2005 Market Street, Suite 2200            The Nemours Building
Philadelphia, P A 19103                 1007 North Orange Street
Telephone: (215) 965-1200            Wilmington, DE 19801
Fax: (215) 965-1210                   Telephone: (302) 658-9141
                                 Fax: (302) 658-05614
Frank C. Cimino, Jr.                 progowski@cblh.com
Daniel E. Yonan
Jin-Suk Park
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036-1564
Telephone: (202) 887-4020
Fax: (202) 887-4288

Attorneys for RSA Security, Inc.

*Of Counsel:*                      By:
William Lee
Gregory P. Teran                  Frederick L. Cottrell III (J.D. #2555)
David Bassett                     Alyssa Schwartz (J.D. #4351)
Mark Selwyn                     Richard Layton & Finger
Wilmer Cutler Pickering Hale and Dorr    One Rodney Square
  LLP                           920 North King Street
60 State Street                   Wilmington, DE 19801
Boston, MA 02109               Telephone: (302) 651-7509
Telephone: (617) 526-6000           Fax: (302) 658-6541
Fax: (617) 526-5000               cottrell@rlf.com
                                 schwartz@rlf.com

DC1 45683837.1

**Attorneys for Netegrity Inc. and
Computer Associates International, Inc.**

*Of Counsel:*

 David M. Schlitz
 Baker Botts LLP
 1299 Pennsylvania Avenue, N.W.
 Washington, D.C. 20004-2400
 Telephone: (202) 639-7700
 Fax: (202) 639-7832

 Kevin Meek
 Jeffrey D. Baxter
 Samir A. Bhavsar
 Baker Botts LLP
 2001 Ross Avenue
 Dallas, TX 75201-2980
 Telephone: (214) 953-6500
 Fax: (214) 953-6503

By: _____
 Richard L. Horwitz (J.D. #2246)
 David E. Moore (J.D. #3983)
 Potter Anderson & Corroon LLP
 1313 N. Market Street
 Wilmington, DE 19899-0951
 Telephone: (302) 984-6000
 Fax: (302) 658-1192
 horwitz@potteranderson.com
 dmoore@potteranderson.com

**Attorneys for Johnson & Johnson
Services, Inc.**

*Of Counsel:*

 John M. DiMatteo
 Neal Feivelson
 Willkie Farr & Gallagher LLP
 787 Seventh Avenue
 New York, NY 10019-6099
 Telephone: (212) 728-8000
 Fax: (212) 728-8111

By: _____
 Steven J. Balick (J.D. #2114)
 John G. Day (J.D. #2403)
 Ashby & Geddes
 222 Delaware Avenue
 Wilmington, DE 19899
 Telephone: (302) 654-1888
 Fax: (302) 654-2067
 sbalick ashby-geddes.com
 jday@ashby-geddes com

**SO ORDERED:**

Dated: _____ May   15  , 2006 _____

_____
UNITED STATES DISTRICT COURT JUDGE

DCI 45683837.1

EXHIBIT A TO JOINT PROTECTIVE ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>  Plaintiff,<br><br><br>  v.<br><br>VERISIGN, INC., RSA SECURITY, INC.,<br>NETEGRITY, INC., COMPUTER<br>ASSOCIATES INTERNATIONAL, INC.,<br>and JOHNSON & JOHNSON SERVICES,<br>INC.,<br><br>  Defendants. | Civil Action No. CA 05-214 JJF |

## **DECLARATION**

I, _____, declare as follows:

1.    My present address is: _____

_____.

2.    My present occupation or job description is: _____

_____.

3.    My present employer is: _____

_____

4.    I have received a copy of the Joint Protective Order ("Order") entered into the above action  I have carefully read and understand the provisions of the Order.

5.    I will comply with all of the provisions of the Order.  I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use except for the purposes of this action, any Confidential Material or Attorneys' Eyes Only Material that I receive in this action.

6.    I submit to the jurisdiction of this Court for the purposes of enforcement of this Order.

DCI 45683837 1

Date: _____          _____
                                         Print Name


                                         _____
                                         Signature

DCI 4568383371

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on August 14, 2006, the attached document was

hand-delivered on the following persons and was electronically filed with the Clerk of the Court

using CM/ECF which will send notification of such filing(s) to the following and the document

is available for viewing and downloading from CM/ECF.

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
P. O. Box 25130
Wilmington, DE 19899-5130

Frederick L. Cottrell, III
Alyssa M. Schwartz
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, DE 19899-0551

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
P. O. Box 1150
Wilmington, DE 19899

I hereby certify that on August 14, 2006, I have Electronically Mailed the documents to

the following non-registered participants:

Dirk D. Thomas
Robert A. Auchter
Kenneth A. Freeling
Jason R. Buratti
André J. Bahou
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, Suite 1200
Washington, DC 20006
PrismCounsel@rkmc.com

William F. Lee
David B. Bassett
Mark D. Selwyn
Gregory P. Teran
Wilmer Cutler Pickering Hale & Dorr
60 State Street
Boston, MA 02109
RSAPrismLitigation@wilmerhale.com

Edward F. Mannino
Jason A Snyderman
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103
VerisignPrism@akingump.com

Frank C. Cimino
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564
fcimino@akingump.com

John DiMatteo
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099
PrismLitigation-JJSI@willkie.com

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680022