IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>        Plaintiff,<br><br>        v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>        Defendants. | Civil Action No. 05-214-JJF |

**PLAINTIFF PRISM TECHNOLOGIES LLC'S SECOND MOTION TO COMPEL DEFENDANT JOHNSON & JOHNSON SERVICES, INC. TO PRODUCE DOCUMENTS AND THINGS**

Richard D. Kirk.(rk0922)
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, DE   19899
(302) 655-5000

*Attorneys for Plaintiff Prism Technologies LLC*

*Of Counsel:*

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Andre J. Bahou, Esq.
Aziz Burgy, Esq.
ROBINS, KAPLAN, MILLER & CIRESI LLP
1801 K Street, N.W.
Washington, D.C.   20006
(202) 775-0725

634347v1

## INTRODUCTION

Plaintiff Prism Technologies LLC ("Prism") moves this Court,[1] pursuant to FED. R. CIV. P. 26 and 37(a), as well as Local Rule 37.1, for an Order compelling defendant Johnson & Johnson Services, Inc. ("JJSI") to produce documents and things requested by Prism's Rule 34 requests for documents and things Nos. 1-4 and 33-37. Specifically, Prism requests that JJSI produce a copy of the software, software source code, and hardware (*i.e.*, Rainbow iKey hardware token) used in the accused infringing system and method, and to produce documents that describe the content and format of the queries and messages transmitted between the component parts of the accused infringing computer system/network. This information is relevant to Prism's claims of infringement in as much as the asserted claims of the '416 patent-in-suit require that specific information (termed "identity data") be transmitted between the component parts of the claimed system to authenticate a user of that system prior to permitting access to protected data and other protected computer resources.

## FACTS

Prism has requested, since September of 2005, documents and things that relate to JJSI's accused infringing system and how this system authenticates users who seek access to protected data and other computer resources.[2] JJSI's initial production of 1154 pages of documents in February 2005, however, was incomplete and, therefore, did not contain the information requested by Prism. As a result, Prism filed a motion to compel requesting JJSI to produce documents responsive to Prism's Rule 34 Requests.[3]

---

[1] As required under Civil Local Rule 7.1.1, counsel for Prism have made a reasonable effort to reach agreement with the opposing attorneys on the matters set forth in this Motion, but were unable to resolve these issues.
[2] *See, e.g.*, Plaintiff's First, Second, and Third Sets of Rule 34 Requests for the Production of Documents and Things to Defendant Johnson and Johnson Services, Inc., Requests Nos. 1-4 and 33-37, Ex. 1, Kirk Decl. 4.
[3] See Plaintiff Prism Technologies LLC's Motion to Compel Defendant Johnson & Johnson Services, Inc. to Produce Documents and Things filed July 7, 2006 (D.I. 135).

634347v1

When the Court granted Prism's motion to compel, it ordered JJSI to produce materials or specifically object to the requests if it was relying on any third-party confidentiality agreements as a basis for withholding any documents or things.[4] Thereafter, JJSI cited five third-party confidentiality agreements and argued that these agreements precluded JJSI from producing a copy of the software, software source code, and the hardware token used in the accused infringing system,[5] notwithstanding that this Court has entered a Protective Order governing the production of information deemed confidential by either the parties to the suit or third parties.

In addition to refusing to produce a copy of its software, software source code, and hardware token based on confidentiality objections, JJSI has failed to produce documents describing the message, data, and/or query flow between the various components of the accused system. JJSI has produced documents describing how a user interacts with the system, but has not produced documents describing how the components of the system interact with each other.[6] In an effort to deduce whether such documents exist, Prism served a Rule 30(b)(6) notice of deposition on JJSI asking it to designate a person able to testify on its behalf regarding the existence and location of such documents.[7] This notice set a deposition date of August 25, 2006.[8] JJSI refused to provide a witness on the noticed date and has yet to provide alternative dates.[9]

Counsel for Prism and JJSI held a meet and confer on August 24, 2006 in a last ditch effort to resolve the above-mentioned disputes but were unsuccessful. Since fact discovery in this case closes on November 2, 2006, Prism is once again forced to seek the Court's intervention with a second motion to compel.

---

[4] Memorandum Order dated July 21, 2006 (D.I. 155).
[5] Letter from Leslie Spencer to Andre Bahou of July 27, 2006, Ex. 2, Kirk Decl. 5.
[6] *See, e.g.,* Letter from Aziz Burgy to Leslie Spencer of August 2, 2006, Ex. 3, Kirk. Decl. 6.
[7] Plaintiff Prism Technologies LLC's Notice of Fed. R. Civ. P. 30(b)(6) Deposition of Johnson and Johnson Services, Inc., Ex. 4, Kirk Decl. 7.
[8] *Id.*
[9] E-mail from Leslie Spencer to Aziz Burgy of August 22, 2006, Ex. 5, Kirk Decl. 8.
634347v1

# ARGUMENT

## I. Prism Seeks Documents Describing the Information Transmitted Between the Components of JJSI's Identity and Access Management System.

The asserted claims of the '416 patent define the transmission of data between various computer components so as to authenticate a user and to authenticate certain of the component parts of the computer network prior to granting access to protected computer resources. For example, asserted claim 24 of the '416 patent requires that the "identity data" of a subscriber client computer (*i.e.*, a user's computer) be forwarded to a clearinghouse, and that the subscriber client computer be authenticated from the clearinghouse means.[10] JJSI has produced cursory, cartoon-based flow diagrams related to the flow of data in its accused infringing system.[11] Those diagrams, however, do not contain sufficient detail describing, for example, how, when, or in what order the transmission of data occurs. It is inconceivable that JJSI does not have documents that describe the content and timing of the message and data flow between the components of its accused infringing system. Prism asked JJSI to identify where, in the documents it has produced, that information exists.[12] JJSI could only point to an inaccessible website and a previously produced document titled "Public Key Infrastructure Application Developer's Guide," which document nowhere includes a description of the information sought.[13] Thus, Prism asks the Court to compel JJSI to produce detailed schematics, flow diagrams, and other documents describing the information transmitted between the components of JJSI's accused infringing PKI systems.

## II. The Court Should Overrule JJSI's Confidentiality Objection.

JJSI's refusal to produce a copy of the source code or software that runs the accused infringing PKI system is untenable. First, Prism has a need for the materials because the information is necessary for, among other things, Prism's expert to opine on infringement and rebut

---

[10] United States Patent No. 6,516,416 B2, Ex. 6 , Kirk. Decl. 9
[11] *See, e.g.,* Employee Remote Access Services: The Power to Connect, JJ001618-JJ001641 at 9-11, Ex. 7, Kirk Decl. 10.
[12] *E.g.*, e-mail from Aziz Burgy to Leslie Spencer of August 24, 2006, Ex. 8, Kirk Decl. 11; *see also* Ex. 3.

634347v1

3

assertions of non-infringement.[14] Prism's need for these materials is further accentuated if JJSI has no documents describing the content and flow of messages and queries used to authenticate users of the system. In instances where the invention resides, at least in part, in source code or other software, courts typically *require* the party defending a claim of patent infringement make available such information.[15]

Second, that documents are subject to a confidentiality agreement does not shield them from discovery.[16] Moreover, JJSI's concern for the confidentiality of these materials is unfounded because courts have routinely allowed discovery of such materials when there is a Protective Order in place, as in this case.[17] Importantly, none of the third parties with whom JJSI alleges to have confidentiality obligations would be able to provide the discovery sought, even if subpoenaed by Prism. JJSI acted as its own system integrator when implementing the accused infringing systems. Thus, only JJSI has access to the entirety of the accused infringing system, and only JJSI knows how the various components of that system operate together. The third party software suppliers did not provide JJSI with an integrated system.

## CONCLUSION

For the foregoing reasons, Prism asks that the Court grant its motion to compel.

---

[13] E-mail from Leslie Spencer to Aziz Burgy of August 24, 2006, Ex. 9, Kirk Decl. 12.
[14] *Centurion Indus., Inc. v. Warren Steurer & Associates*, 665 F.2d 323, 326 (10th Cir. 1981); *see also Medtronic Ave, Inc. v. Advanced Cardiovascular Sys.*, 2004 U.S. Dist. LEXIS 670, *6 (D. Del. 2004).
[15] For example, the Northern District of California requires that a defending party in a patent infringement suit produce "[s]ource code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects of elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) [infringement] chart." U.S. District Court for the Northern District of California, L.R. 3-4(a).
[16] *E.g., DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 684-85 (D. Kan. 2004) (overruling objection to production of information and documents based on confidentiality); *Grumman Aerospace Corp. v. Titanium Metals Corp. of America*, 91 F.R.D. 84, 87 (E.D.N.Y. 1981).
[17] *See, e.g., Truswal Systems Corp. v. Hydro-Air Engineering, Inc.*, 813 F.2d 1207 (Fed. Cir. 1987) (allowing discovery of non-party competitor information because of anticipated protective order); *see also Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 2005 U.S. Dist. LEXIS 10686, *11 (N.D. Ill. Apr. 28, 2005) (reasoning that protective order will ensure confidentiality of production of *accused infringer's software*) (emphasis added).
634347v1

                                                                                                          5

                                                                           THE BAYARD FIRM

                                                                           /s/ Richard D. Kirk (rk0922)
                                                                           222 Delaware Avenue, Suite 900
                                                                           Wilmington, DE  19899
                                                                           (302) 655-5000
                                                                           rkirk@bayardfirm.com

*Of Counsel:*
Dirk D. Thomas
Robert A. Auchter
Andre J. Bahou
Aziz Burgy
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 736-0725

634347v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>Defendants. | Civil Action No. 05-214 JJF |

**LOCAL RULE 7.1.1 STATEMENT IN SUPPORT OF
PLAINTIFF PRISM TECHNOLOGIES LLC'S SECOND MOTION TO COMPEL
DEFENDANT JOHNSON & JOHNSON SERVICES, INC.
TO PRODUCE DOCUMENTS AND THINGS**

The undersigned attorney for plaintiff, Prism Technologies LLC ("Prism") hereby states, pursuant to Local Rule 7.1.1, that Prism's attorneys have made reasonable efforts to reach agreement with opposing counsel on the matters set forth in Plaintiff Prism Technologies LLC's Second Motion To Compel Defendant Johnson & Johnson Services, Inc. to Produce Documents and Things but, (as set forth in the motion itself) agreement was not forthcoming.

August 28, 2006

THE BAYARD FIRM

/s/ Richard D. Kirk

Richard D. Kirk (#922)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com

ATTORNEYS FOR PLAINTIFF
PRISM TECHNOLOGIES LLC

629548v1

1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 28, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Frederick L. Cottrell, III, Esq.
Alyssa M. Schwartz, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document were sent by hand on August 28, 2006 to the above counsel and by first-class mail or overnight delivery as indicated to the below counsel:

*Via Federal Express*

John DiMatteo, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

William Lee, Esq.
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA 02109

Jason Snyderman, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

Frank C. Cimino, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

587422v1

| | |
|---|---|
| David M. Schlitz<br>Baker Botts L.L.P.<br>1299 Pennsylvania Avenue, NW<br>Washington, DC 20004-2400 | Samir A. Bhavsar<br>Jeffrey D. Baxter<br>Baker Botts L.L.P.<br>2001 Ross Avenue<br>Dallas, TX 75201-2980 |

<u>/s/ Richard D. Kirk (rk0922)</u>
Richard D. Kirk

587422v1