# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>           Plaintiff,<br><br>        v.<br><br>VERISIGN, INC., RSA SECURITY, INC.,<br>NETEGRITY, INC., COMPUTER<br>ASSOCIATES INTERNATIONAL, INC.,<br>and JOHNSON & JOHNSON SERVICES,<br>INC.,<br><br>          Defendants. | Civil Action No. 05-214 JJF |

**PLAINTIFF'S REVISED FIRST SET OF RULE 34 REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS TO
DEFENDANT JOHNSON & JOHNSON SERVICES, INC.**

      Pursuant to Federal Rule of Civil Procedure 34 and the Local Rules of this judicial

district, Plaintiff Prism Technologies LLC ("Prism") requests that Defendant Johnson & Johnson

Services , Inc. ("JJSI") produce the documents and things requested herein at the law offices of

Robins, Kaplan, Miller & Ciresi L.L.P., 1801 K Street, N.W., Washington, D.C. 20006, or some

other location as may be agreed to between the parties, within thirty (30) days of service of these

Rule 34 requests.  JJSI should produce the responsive documents as they are kept in the usual

course of business or organize and label them to correspond with the document requests to which

they are responsive.  If no responsive documents and things exist for a particular Rule 34 request,

JJSI shall so state in writing.  If responsive documents and things for a particular Rule 34 request

have already been produced, Prism requests that JJSI so state in writing.

      If JJSI withholds from production any documents and things on the basis of a claim of

attorney-client privilege or work product immunity, Prism requests that JJSI provide to Prism a

602122v1

list separately identifying each withheld document or thing and specifying: (1) the identity of all

persons who prepared and signed the document; (2) the identity of all persons designated as

addressees; (3) the identity of all persons who received any copy of the document; (4) the date of

the document; (5) the subject matter of the document; (6) the type of document (memorandum,

pamphlet, report, etc.); (7) for each disclosure outside of JJSI's officers and contract employees,

the identification and production number of any and all confidentiality agreements that govern

the disclosure; and (8) the basis for withholding the document.

If JJSI comes into possession, custody, or control of responsive documents and things

between the time of service of these Rule 34 Requests and trial, Prism requests that JJSI

supplement its production by promptly producing such documents.

## DEFINITIONS

A.     "The '416 patent" or "patent-in-suit" refers to United States Patent No. 6,516,416,

entitled "Subscription Access System For Use With An Untrusted Network." "Intrinsic

evidence" shall mean all documents within the publicly available prosecution history file for the

'416 patent. "Extrinsic evidence" shall mean all documents or testimony not found in the

publicly available prosecution history file for the '416 patent.

B.     "Identity and Access Management" shall mean software and hardware intended to

identify users in a system (employees, customers, contractors, etc.) and control their access to

resources within that system by associating user rights and restrictions with the established

identity, including but not limited to Web single sign-on (SSO), advanced authentication, and/or

strong authentication used with USB tokens, Smart Cards, and/or digital identification.

C.     "SafeNet iKey" or "SafeNet iKey Authentication Suite" refers to JJSI's suite of

managed authentication and security services, and the related software and hardware, that

602122v1

perform Identity and Access Management, including but not limited to Oracle database and advanced security software products, Microsoft IIS Web Server software products and JJSI Web Server Agent software.

D.    "JJSI," "Defendant," "you," or "your" refers to Johnson & Johnson Services, Inc., its officers, employees, counsel, agents, consultants, and representatives and includes joint ventures and other legal entities which are wholly or partially owned or controlled by Johnson & Johnson Services, Inc., either directly or indirectly, and the officers, employees, counsel, agents, consultants, and representatives of these divisions, subsidiaries, and joint ventures.

E.    The term "person" refers to natural persons, organizations, firms, corporations, and other legal entities, whether or not in the employ of plaintiff, and the acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.'

F.    To "identify" a person means to state the person's name, occupation, job title, and current business address, or if unknown, the last-known business and home address.  Unless it otherwise appears from the context, a request for identity or to identify a person relates to all persons in such category or classification.

G.    The term "document" has the meaning prescribed for "documents and things" in Fed. R. Civ. P. 34(a) and includes the original and every non-identical copy or reproduction in the possession, custody or control of JJSI.

H.    To "identify" any document or thing means:

     i.    to provide a brief description of such documents sufficient to support a
        request under Rule 34;

602122v1

- 3 -

    ii.    to state the custodian of the document or the thing by name, job title, employer, and address;

    iii.    to state the place where the document or thing may be inspected; and

    iv.    if a copy of the document has been previously supplied to defendants to so state and to specifically identify the previously supplied copy by reference to production numbers or other identifying information.

I.    Unless it otherwise appears from the context, a request for identity of a person relates to all persons in such classification or category.

J.    In construing these Requests, the singular shall include the plural, and the plural shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of these requests all information that might otherwise be construed to be outside their scope.

## RULE 34 REQUESTS

1.    One set of each Identify and Access Management software and software code and/or device made, offered for sale, designed, sold, distributed, leased, or supplied by JJSI, including but not limited to JJSI's SafeNet iKey Authentication Suite.

2.    All instructional manuals or training manuals for each of the products identified in or within the scope of Request No. 1 above.

3.    All documents related to the design, creation, writing, and/or composing of each of the products identified in or within the scope of Request No. 1 above.

4.    All documents that reflect the programming code or system architecture of each of the products identified in or within the scope of Request No. 1 above.

5.    All marketing, pricing, advertising, sales, sales projections, market studies, licenses, memoranda of understanding, agreements, royalty payments, promotional documents or audio-visual aids relating to or referring to any Identity and Access Management software and hardware products, including but not limited to the products identified in or within the scope of Request No. 1 above, whether the information originated from JJSI or from another entity.

6.    All of JJSI's annual and interim financial statements covering the years 1996 to the present, including but not limited to Annual Reports and all submissions made to the Securities and Exchange Commission.

7.    All documents that reflect gross and net sales and profit figures (by unit sales volume and by dollar sales volume) since 1996, whether inside or outside the United States, for each product identified in or within the scope of Request No. 1 on a monthly, quarterly, and annual basis, or on whatever timeframe JJSI regularly keeps records of data.

8.    All documents that refer to, relate to, or constitute a patent licensing or royalty agreement entered into by JJSI for any computer software or hardware product and/or patent since 1996.

9.    Documents sufficient to show the extent to which JJSI has made use of the invention of the patents identified in each patent licensing or royalty agreement entered into by JJSI for any computer software or hardware product and/or patent since 1996.

10.    All documents that refer to, relate to, reflect, or constitute the intellectual property licensing policies of JJSI since 1996.

11.    All documents that describe, refer, or relate to any royalty or license fees received or paid by JJSI with respect to any Identity and Access Management software or hardware product.

602122v1

- 5 -

12.     All documents that relate to pricing of the products identified in or within the scope of Request No. 1 above.

13.     All documents that refer, relate, or constitute written opinion(s) of counsel relating to the validity, infringement, or enforceability of the '416 patent.

14.     Any document referring or relating to the '416 patent.

15.     All prior art to the '416 patent and any other non-prior art documents that JJSI contends is relevant to the validity or infringement of the '416 patent or to the interpretation of any claim terms in the '416 patent.

16.     All documents identified in any study or evaluation of, or search for, prior art to the '416 patent.

17.     All documents and things that JJSI will offer during the trial.

18.     All documents that refer to, relate to, or constitute communications with any consultants retained to assist JJSI regarding this litigation.

19.     All documents that refer to, relate to, support, or refute any of the allegations, averments, denials, affirmative defenses and/or counterclaims in JJSI's Answer and Counterclaims.

20.     All documents referring or relating to Prism Resources, Inc. or Prism Technologies LLC.

21.     All documents considered, relied upon, referred to, or referenced in JJSI's responses to Prism's Interrogatories to JJSI.

22.     All confidentiality agreements that relate to the subject matter of this suit or that form any part of the basis of a claim of privilege for any information called for by any discovery request from Prism to JJSI.

23.    All documents referring or relating to any inventor of the '416 patent, including Richard L. Gregg, Timothy C. Goeke, and Sandeep Giri.

24.    All documents, including but not limited to technical and marketing studies and minutes of meetings, that relate or refer to JJSI's decision(s) to develop, design, test, manufacture, offer for sale, or sell or import any Identity and Access Management software or hardware, including those identified in or within the scope of Request No. 1 above.

25.    All documents that constitute, evidence, describe, pertain to, relate or refer to, any discussion, meeting or correspondence between JJSI and any customer, potential customer, competitor, or other person concerning the '416 patent, and the present lawsuit against Prism or any other lawsuit or administrative proceeding, anywhere in the world, involving the '416 patent.

26.    Product catalogs, price sheets, product manuals, specifications and descriptions for all Identity and Access Management software or hardware and devices sold or offered for sale by JJSI.

27.    Documents identifying by name and location any and all distributors to whom JJSI distributed or sold Identity and Access Management software or hardware and devices and the dates on which such sales or distributions were made.

28.    Documents which any expert you consulted or retained for this matter reviewed or relied upon when forming the bases for their expert opinions, whether asserted or not asserted in this matter, and all copies of any communications or reports developed by any such expert(s).

29.    All market studies, reports, business plans, forecasts, marketing plans or other documents concerning the market for Identity and Access Management software or hardware products and services including, but not limited to market size, market growth, market potentials and studies of the market size of competitors.

602122v1

30.    To the extent not already requested,  all documents referring or relating in any way to JJSI's policies, procedures, or other guidelines on licensing or cross-licensing of patents, patent applications or technology to or from others.

31.    Representative corporate organization charts for JJSI, including parents, subsidiaries, affiliates, divisions, wholly-owned business entities, predecessors or successors, sufficient to show:  (a) the general organization of JJSI and each such parent, subsidiary, affiliate, division, wholly-owned business entity, predecessor or successor; (b) the names, addresses and telephone numbers of each past and present corporate officer and director of JJSI and each such parent, subsidiary, affiliate, division, wholly-owned business entity, predecessor, or successor; and (c) the detailed organization of each department, section, or group of JJSI responsible for designing, developing, testing, manufacturing, exporting, importing, distribution, marketing, advertising, selling, or using Identify and Access Management software and hardware, including the products identified in or within the scope of Request No. 1 above.

32.    All documents that constitute, relate to, or refer to JJSI's document control and retention policies, including for its electronic documents.

THE BAYARD FIRM

September 20, 2005

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com

ATTORNEYS FOR PLAINTIFF PRISM
TECHNOLOGIES LLC

602122v1

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C.  20006
(202) 775-0725



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC

        Plaintiff,

       v.

VERISIGN, INC., RSA SECURITY, INC.,
NETEGRITY, INC., COMPUTER
ASSOCIATES INTERNATIONAL, INC.,
and JOHNSON & JOHNSON SERVICES,
INC.,

        Defendants.

Civil Action No. 05-214 JJF

### PLAINTIFF PRISM TECHNOLOGIES LLC'S SECOND SET OF
### RULE 34 REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO
### DEFENDANT JOHNSON & JOHNSON SERVICES, INC.

Pursuant to Federal Rule of Civil Procedure 34 and the Local Rules of this judicial

district, Plaintiff Prism Technologies LLC ("Prism") requests that Defendant Johnson & Johnson

Services, Inc. ("JJSI") produce the documents and things requested herein at the law offices of

Robins, Kaplan, Miller & Ciresi L.L.P., 1801 K Street, N.W., Washington, D.C. 20006, or some

other location as may be agreed to between the parties, within thirty (30) days of service of these

Rule 34 requests. JJSI should produce the responsive documents as they are kept in the usual

course of business or organize and label them to correspond with the document requests to which

they are responsive. If no responsive documents and things exist for a particular Rule 34 request,

JJSI shall so state in writing. If responsive documents and things for a particular Rule 34 request

have already been produced, Prism requests that JJSI so state in writing.

If JJSI withholds from production any documents and things on the basis of a claim of

attorney-client privilege or work product immunity, Prism requests that JJSI provide to Prism a

list separately identifying each withheld document or thing and specifying: (1) the identity of all persons who prepared and signed the document; (2) the identity of all persons designated as addressees; (3) the identity of all persons who received any copy of the document; (4) the date of the document; (5) the subject matter of the document; (6) the type of document (memorandum, pamphlet, report, etc.); (7) for each disclosure outside of JJSI's officers and contract employees, the identification and production number of any and all confidentiality agreements that govern the disclosure; and (8) the basis for withholding the document.

If JJSI comes into possession, custody, or control of responsive documents and things between the time of service of these Rule 34 Requests and trial, Prism requests that JJSI supplement its production by promptly producing such documents.

**DEFINITIONS**

A.    "The '416 patent" or "patent-in-suit" refers to United States Patent No. 6,516,416, entitled "Subscription Access System For Use With An Untrusted Network." "Intrinsic evidence" shall mean all documents within the publicly available prosecution history file for the '416 patent. "Extrinsic evidence" shall mean all documents or testimony not found in the publicly available prosecution file history for the '416 patent.

B.    "Identity and Access Management" shall mean software and hardware intended to identify users in a system (employees, customers, contractors, etc.) and control their access to resources within that system by associating user rights and restrictions with the established identity, including but not limited to Web single sign-on (SSO), advanced authentication, and/or strong authentication used with USB tokens, Smart Cards, and/or digital identification.

613820v1

C.    "SafeNet iKey" or "SafeNet iKey Authentication Suite" refers to JJSI's suite of managed authentication and security services, and the related software and hardware, that perform Identity and Access Management.

D.    "JJSI," "Defendant," "you," or "your" refers to Johnson & Johnson Services, Inc., its officers, employees, counsel, agents, consultants, and representatives and includes joint ventures and other legal entities which are wholly or partially owned or controlled by Johnson & Johnson Services, Inc., either directly or indirectly, and the officers, employees, counsel, agents, consultants, and representatives of these divisions, subsidiaries, and joint ventures.

E.    The term "person" refers to natural persons, organizations, firms, corporations, and other legal entities, whether or not in the employ of plaintiff, and the acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

F.    To "identify" a person means to state the person's name, occupation, job title, and current business address, or if unknown, the last-known business and home address. Unless it otherwise appears from the context, a request for identity or to identify a person relates to all persons in such category or classification.

G.    The term "document" has the meaning prescribed for "documents and things" in Fed. R. Civ. P. 34(a) and includes the original and every non-identical copy or reproduction in the possession, custody or control of JJSI.

H.    To "identify" any document or thing means:

      i.    to provide a brief description of such documents sufficient to support a request under Rule 34;

      ii.     to state the custodian of the document or the thing by name, job title,

            employer, and address;

      iii.    to state the place where the document or thing may be inspected; and

      iv.    if a copy of the document has been previously supplied to defendants to so

            state and to specifically identify the previously supplied copy by reference

            to production numbers or other identifying information.

     I.     Unless it otherwise appears from the context, a request for identity of a person

relates to all persons in such classification or category.

     J.     In construing these Requests, the singular shall include the plural, and the plural

shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively

or conjunctively so as to bring within the scope of these requests all information that might

otherwise be construed to be outside their scope.

## RULE 34 REQUESTS

     33.    All documents and things referring to, relating to, or comprising any

confidentiality agreement with anyone outside JJSI that obligates JJSI to maintain in confidence

the SafeNet iKey Authentication Suite software, instructional manuals, or related documents

necessary to install, maintain, execute, or operate the SafeNet iKey Authentication Suite.

January 10, 2006

                      THE BAYARD FIRM
                      /s/ Richard D. Kirk
                      Richard D. Kirk (rk0922)
                      222 Delaware Avenue, Suite 900
                      Wilmington, Delaware 19899-5130
                      (302) 655-5000
                      rkirk@bayardfirm.com

                      ATTORNEYS FOR PLAINTIFF PRISM
                      TECHNOLOGIES LLC

613820v1

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C.  20006
(202) 775-0725

613820v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC

      Plaintiff,

      v.

VERISIGN, INC., RSA SECURITY, INC.,
NETEGRITY, INC., COMPUTER
ASSOCIATES INTERNATIONAL, INC.,
and JOHNSON & JOHNSON SERVICES,
INC.,

      Defendants.

Civil Action No. CA 05-214 JJF

**PLAINTIFF'S THIRD SET OF RULE 34 REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS TO
DEFENDANT JOHNSON & JOHNSON SERVICES, INC.**

      Pursuant to Federal Rule of Civil Procedure 34 and the Local Rules of this judicial

district, Plaintiff Prism Technologies LLC ("Prism") requests that Defendant Johnson & Johnson

Services, Inc. ("JJSI") produce the documents and things requested herein at the law offices of

Robins, Kaplan, Miller & Ciresi L.L.P., 1801 K Street, N.W., Washington, D.C. 20006, or some

other location as may be agreed to between the parties, within thirty (30) days of service of these

Rule 34 requests. JJSI should produce the responsive documents as they are kept in the usual

course of business or organize and label them to correspond with the document requests to which

they are responsive. If no responsive documents and things exist for a particular Rule 34 request,

JJSI shall so state in writing. If responsive documents and things for a particular Rule 34 request

have already been produced, Prism requests that JJSI so state in writing.

      If JJSI withholds from production any documents and things on the basis of a claim of

attorney-client privilege or work product immunity, Prism requests that JJSI provide to Prism a

617585v1

list separately identifying each withheld document or thing and specifying: (1) the identity of all

persons who prepared and signed the document; (2) the identity of all persons designated as

addressees; (3) the identity of all persons who received any copy of the document; (4) the date of

the document; (5) the subject matter of the document; (6) the type of document (memorandum,

pamphlet, report, etc.); (7) for each disclosure outside of JJSI's officers and contract employees,

the identification and production number of any and all confidentiality agreements that govern

the disclosure; and (8) the basis for withholding the document.

If JJSI comes into possession, custody, or control of responsive documents and things

between the time of service of these Rule 34 Requests and trial, JJSI should supplement its

production by promptly producing such documents in accordance with the requirements of the

Federal Rules of Civil Procedure.

## DEFINITIONS

A.    "Identity and Access Management" shall mean software and hardware intended

to identify users in a system (employees, customers, contractors, etc.) and control their access to

resources within that system by associating user rights and restrictions with the established

identity, including but not limited to Web single sign-on (SSO), advanced authentication, and/or

strong authentication used with USB tokens, Smart Cards, and/or digital identification.

B.    "SafeNet iKey" or "SafeNet iKey Authentication Suite" refers to JJSI's suite of

managed authentication and security services, and the related software and hardware, that

perform Identity and Access Management.

C.    "JJSI," "Defendant," "you," or "your" refers to Johnson & Johnson Services, Inc.,

its officers, employees, counsel, agents, consultants, and representatives and includes joint

ventures and other legal entities which are wholly or partially owned or controlled by Johnson &

617585v1

- 2 -

Johnson Services, Inc., either directly or indirectly, and the officers, employees, counsel, agents, consultants, and representatives of these divisions, subsidiaries, and joint ventures.

D.      The term "person" refers to natural persons, organizations, firms, corporations, and other legal entities, whether or not in the employ of plaintiff, and the acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

E.      To "identify" a person means to state the person's name, occupation, job title, and current business address, or if unknown, the last-known business and home address.  Unless it otherwise appears from the context, a request for identity or to identify a person relates to all persons in such category or classification.

F.      The term "document" has the meaning prescribed for "documents and things" in Fed. R. Civ. P. 34(a) and includes the original and every non-identical copy or reproduction in the possession, custody or control of JJSI.

G.      In construing these Requests, the singular shall include the plural, and the plural shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of these requests all information that might otherwise be construed to be outside their scope.

## RULE 34 REQUESTS

34.      One set of each Identity and Access Management software and software code and/or device used by JJSI, including but not limited to JJSI's SafeNet iKey Authentication Suite.

35.      All instructional manuals or training manuals for each of the products identified in or within the scope of Request No. 34 above.

36.    All documents related to the design, creation, writing, and/or composing of each of the products identified in or within the scope of Request No. 34 above.

37.    All documents that reflect the programming code, system architecture, or hardware implementation of each of the products identified in or within the scope of Request No. 34 above.

38.    All marketing, pricing, advertising, projections, market studies, cost savings reports, value-added reports, licenses, memoranda of understanding, agreements, royalty payments, promotional documents, or audio-visual aids relating to or referring to any Identity and Access Management software and hardware products, including but not limited to the products identified in or within the scope of Request No. 34 above, whether the information originated from JJSI or from another entity.

39.    All documents that reflect inter-company transfer charges, inter-company commissions, or any other type of revenue, since 1996, whether inside or outside the United States, for each product identified in or within the scope of Request No. 34.

40.    All documents that reflect cost savings since 1996, whether inside or outside the United States, for each product or system identified in or within the scope of Request No. 34 on a monthly, quarterly, and annual basis, or on whatever timeframe JJSI keeps records of data.

41.    All documents, including but not limited to technical and marketing studies and minutes of meetings, that relate or refer to JJSI's decision(s) to use any Identity and Access Management software or hardware, including those identified in or within the scope of Request No. 34 above.

42.    Representative corporate organization charts for JJSI, including parents, subsidiaries, affiliates, divisions, wholly-owned business entities, predecessors or successors,

617585v1

sufficient to show: (a) the general organization of JJSI and each such parent, subsidiary, affiliate, division, wholly-owned business entity, predecessor or successor; (b) the names, addresses and telephone numbers of each past and present corporate officer and director of JJSI and each such parent, subsidiary, affiliate, division, wholly-owned business entity, predecessor, or successor; and (c) the detailed organization of each department, section, or group of JJSI responsible for designing, developing, testing, manufacturing, exporting, importing, distribution, marketing, advertising, selling, or using Identify and Access Management software and hardware, including the products identified in or within the scope of Request No. 34 above.

THE BAYARD FIRM

February 15, 2006

Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899-5130
rkirk@bayardfirm.com
(302) 655-5000

ATTORNEYS FOR PLAINTIFF PRISM
TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Aziz Burgy, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 775-0725

617585v1

- 5 -