# EXHIBIT 3

**ROBINS, KAPLAN, MILLER & CIRESI** L.L.P.

SUITE 1200
1801 K STREET, N.W.
WASHINGTON, D.C. 20006-1307
TEL: 202-775-0725 FAX: 202-223-8604
www.rkmc.com

ATTORNEYS AT LAW

AZIZ BURGY
202-736-2705

August 2, 2006

**VIA E-MAIL**

Leslie Spencer, Esq.
Willkie Farr & Gallagher LLP
The Equitable Center
787 Seventh Avenue
New York, NY 10019-6099

Re:   *Prism Technologies LLC v. VeriSign, Inc., et al.*
      Civil Action No. 1:05-cv-00214-JJF

Dear Ms. Spencer:

    I write in response to your letter of July 27, 2006. You state in your letter that JJSI is withholding certain documents from production responsive to Prism's Request Nos. 1, 29, and 33-42 on the basis of certain third-party confidentiality agreements. You further state that the relied upon third-party confidentiality agreements are themselves subject to confidentiality restrictions and, as such, JJSI objects to their disclosure even though they may be responsive to Prism's Requests Nos. 8-11, 22, and 33. Given the Protective Order entered in this case, we are unaware of any reason why JJSI is unable to produce documents and things subject to confidentiality agreements pursuant to the Protective Order.

    If JJSI is indeed withholding responsive documents and things, it is Prism's position that production of such documents or things are necessary to deduce how JJSI has implemented and configured its identity and access management solution (a.k.a. JJSI's public key infrastructure). Even though Prism may seek those materials from non-parties, that does not provide the needed information because the documents by themselves would not demonstrate how JJSI implemented and configured its identity and access management solution (JJSI's public key infrastructure). Nor is that necessary or consistent with discovery under the Federal Rules of Civil Procedure, as it would be less convenient, more burdensome, and more expensive to obtain it from another source, if it could even be so obtained. Additionally, JJSI has yet to produce documentation with sufficient detail for Prism to rebut JJSI's allegation of non-infringement as stated in JJSI's response to Prism's Interrogatory No. 3. In that interrogatory, JJSI denies that its accused system

Leslie Spencer, Esq.
August 2, 2006
Page 2

meets certain elements of the asserted claims but fails to describe how its system functions. Without a detailed description of the functionality of JJSI's accused systems and access to the software that runs that system, Prism is unable to rebut JJSI's unsubstantiated denials.

    Please confirm that JJSI is indeed withholding, based on its third-party confidentiality agreements, documents or things (*e.g.*, software, functional specifications, hardware, etc.) responsive to Prism's Requests, which refer, relate, or comprise JJSI's identity and access management solution (JJSI's public key infrastructure). If so, Prism will be filing a motion to compel the production of such information pursuant to the terms of the Protective Order entered in this case. If JJSI has not responded to this request within one week, we will assume that such materials are being withheld and will ask the Court to compel their production.

    We enclose a request for inspection of JJSI's accused infringing system pursuant to Fed. R. Civ. P. 34. Such inspection will be significantly more efficient if JJSI produces the documents and software that it is apparently withholding pursuant to its third-party confidentiality objection.

    Finally, we note that JJSI's production seems to still be incomplete. By way of example only, we note that JJSI has yet to produce various "recommended user materials" used in its identity and access management solution (JJSI's public key infrastructure) such as the "GDS 2.0 – The Power to Connect," "GDS 2.0 Getting Started," "iPassConnect," "Nortel VPN Client Overview," "How to Obtain a Hardware Certificate?," and "Do you know who I am?" videos (*See, e,g.*, JJ004182, JJ004211). To the extent those materials exist, please produce them and any other outstanding, responsive materials.

    Please call me if you have any questions or concerns.

                                Sincerely,

                                ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

                                Aziz Burgy

Enclosure

cc:    Robert A. Auchter, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>    Plaintiff,<br><br>    v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>    Defendants. | Civil Action No. CA 05-00214 JJF<br><br>**CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO STIPULATED PROTECTIVE ORDER** |

### PLAINTIFF PRISM TECHNOLOGIES LLC FIRST REQUEST FOR RULE 34 INSPECTION TO JOHNSON & JOHNSON SERVICES, INC.

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Prism Technologies LLC hereby requests that Defendant Johnson & Johnson Services, Inc. ("JJSI") permit the inspection of the computer systems requested herein, as they are operated in the normal course of JJSI's business. The inspection will begin on September 6, 2006 at 9:00 a.m. at JJSI Headquarters, or wherever the requested computer systems reside and/or are operated from and will continue day to day until completion.

### DEFINITIONS AND INSTRUCTIONS

A.    "The '416 patent" or "patent-in-suit" refers to United States Patent No. 6,516,416, entitled "Subscription Access System For Use With An Untrusted Network."

B.    "Identity and Access Management" shall mean any process or device by which access to computer resources is managed using a combination of advanced authentication, strong

authentication, and/or web-based single sign-on, including USB Tokens and/or Smart Cards and/or digital identification, and/or combination thereof.

C.      "JJSI," "Defendant," "you," or "your" refers to Johnson & Johnson Services, Inc., its officers, employees, counsel, agents, consultants, and representatives and includes joint ventures and other legal entities which are wholly or partially owned or controlled by Johnson & Johnson Services, Inc., either directly or indirectly, and the officers, employees, counsel, agents, consultants, and representatives of these divisions, subsidiaries, and joint ventures.

D.      The term "person" refers to natural persons, organizations, firms, corporations, and other legal entities, whether or not in the employ of plaintiff, and the acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.'

E.      To "identify" a person means to state the person's name, occupation, job title, and current business address, or if unknown, the last-known business and home address. Unless it otherwise appears from the context, a request for identity or to identify a person relates to all persons in such category or classification.

F.      The term "document" has the meaning prescribed for "documents and things" in Fed. R. Civ. P. 34(a) and includes the original and every non-identical copy or reproduction in the possession, custody or control of JJSI.

G.      To "identify" any document or thing means:

    i.     to provide a brief description of such documents sufficient to support a request under Rule 34;

    ii.    to state the custodian of the document or the thing by name, job title, employer, and address;

        iii.    to state the place where the document or thing may be inspected; and

        iv.    if a copy of the document has been previously supplied to defendants to so state and to specifically identify the previously supplied copy by reference to production numbers or other identifying information.

H.    In construing these Requests, the singular shall include the plural, and the plural shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of these requests all information that might otherwise be construed to be outside their scope.

## REQUEST FOR INSPECTION

**Request No. 1:**

Make available for inspection, review, photographing, testing, sampling or copying by Plaintiff and its expert Dr. Michael I. Shamos, the computer operations, records, programs, tapes, databases, systems, files, hardware, software, and manuals which demonstrate the configuration, implementation, use, and operation of JJSI's public key infrastructure ("the accused infringing system"), including but not limited to:

the SafeNet iKey 2000 Series token utilities and USB hardware tokens;

Nortel Networks Contivity VPN software;

Microsoft Windows 2000 Server software;

Microsoft Windows CryptoAPI middleware;

JJEDS Indentity Token Software interface;

Johnson & Johnson Enterprise Directory & Security (JJEDS); and

Microsoft Windows client software (including Internet Explorer).

This inspection shall be conducted at the location(s) where JJSI operates the accused infringing system. Prism requests that a person familiar with the operation of the computer systems be available to provide reasonable and necessary assistance in accessing, operating, and explaining these systems and their implementation.

**Request No. 2:**

Make available for inspection, review, photographing, testing, sampling or copying by Plaintiff and its expert Dr. Michael I. Shamos, the computer operations, records, programs, tapes, databases, systems, files, hardware, software, and manuals which demonstrate the configuration,

implementation, use, and operation of JJSI's Employee Access Services, including but not limited to the Global Dial Service 2.0.

This inspection shall be conducted at the location(s) where JJSI operates JJSI's Employee Access Services, including but not limited to the Global Dial Services 2.0. Prism requests that a person familiar with the operation of the computer systems be available to provide reasonable and necessary assistance in accessing, operating, and explaining these systems and their implementation.

THE BAYARD FIRM

August 2, 2006

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com

ATTORNEYS FOR PLAINTIFF PRISM TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
André J. Bahou, Esq.
Aziz Burgy, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 775-0725

DC1 45686970.1

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2006, true and correct copies of the foregoing document were caused to be served on the attorneys of record at the following addresses as indicated:

### VIA ELECTRONIC MAIL

Frederick L. Cottrell, III, Esq.
Alyssa M. Schwartz, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Richard L. Horvitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

John DiMatteo, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

William Lee, Esq.
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA 02109

Jason Snyderman, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

Frank C. Cimino, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

David M. Schlitz
Baker Botts L.L.P.
1299 Pennsylvania Avenue, NV?
Washington, DC 20004-2400

Samir A. Bhavsar
Jeffrey D. Baxter
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, TX 75201-2980

Aziz Burgy

DC1 45687003.1