IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>Defendants. | Civil Action No. 05-214-JJF |

**PLAINTIFF PRISM TECHNOLOGIES LLC'S
MOTION TO COMPEL DEFENDANT RSA SECURITY, INC.
TO PRODUCE DOCUMENTS AND THINGS**

THE BAYARD FIRM
Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, Suite 900
Wilmington, DE  19899
(302) 655-5000

*Attorneys for Plaintiff Prism Technologies LLC*

*Of Counsel:*

ROBINS, KAPLAN, MILLER & CIRESI LLP
Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Andre J. Bahou, Esq.
Aziz Burgy, Esq.
1801 K Street, N.W.
Washington, D.C.  20006
(202) 775-0725

634971v1

## BACKGROUND

Plaintiff Prism Technologies LLC ("Prism") moves this Court for an Order compelling defendant RSA Security, Inc. ("RSA") to produce documents and things requested by Prism's Rule 34 requests for documents and things Nos. 1-37.[1] Specifically, Prism requests that RSA produce accessible electronic documents responsive to Prism's Rule 34 requests. Prism also seeks sanctions and expenses associated with the filing of this motion.

On March 28, 2006, Prism asked RSA whether it had produced documents stored on electronic means.[2] By its own admission, RSA stated that it had not produced such documents, but agreed to do so provided that the parties come to an agreement on a reasonable list of custodians, search terms, and date ranges.[3] Thereafter, Prism provided RSA such a list in a good-faith attempt to narrow discovery.[4] On May 11, 2006, RSA attempted to shift its burden of conducting electronic discovery by objecting to Prism's list of custodians and search terms.[5] In the spirit of cooperation, however, Prism withdrew and narrowed some of its search terms but also objected to RSA's refusal to search based upon certain other terms.[6] Prism also informed RSA that if it did not agree to the revised list, then it would take the issue up with the Court.[7] Failing to timely respond to its letter, Prism again wrote RSA asking whether it would search its electronic files and produce responsive documents stored therein.[8] RSA agreed to Prism's revised search terms.[9] RSA also stated that it would follow-up with additional correspondence if Prism's revised

---

[1] Prism Technologies, LLC's First, Second, and Third Sets of Rule 34 Requests for Production of Documents and Things to RSA Security, Inc., Ex. 1, attached to the Declaration of Richard D. Kirk (hereinafter, "Kirk Decl.").
[2] Letter from Aziz Burgy to Gregory Teran of March 28, 2006, Ex. 2, Kirk Decl.
[3] Letter from Gregory Teran to Aziz Burgy of April 20, 2006, Ex. 3, Kirk Decl.
[4] Letter from Aziz Burgy to Gregory Teran of April 27, 2006, Ex. 4, Kirk Decl.
[5] Letter from Gregory Teran to Aziz Burgy of May 11, 2006, Ex. 5, Kirk Decl.
[6] Letter from Aziz Burgy to Gregory Teran of May 19, 2006, Ex. 6, Kirk Decl.
[7] Id.
[8] Letter from Aziz Burgy to Gregory Teran of June 20, 2006, Ex. 7, Kirk Decl.
[9] Letter from Gregory Teran to Aziz Burgy of June 23, 2006, Ex. 8, Kirk Decl.

634971v1

terms resulted in an unreasonable number of documents for review.[10]

Without any correspondence from RSA about the unreasonableness of its revised search terms and the parties' August 11, 2006 document production deadline quickly approaching,[11] Prism again reminded RSA about its electronic discovery obligations.[12] Despite Prism's reminder, the August 11, 2006 deadline passed with RSA having failed to supplement its document production with documents from its electronic files. On August 25, 2006, Prism notified RSA that if it did not produce those documents by August 28, 2006, then it would file a motion to compel with the Court on the following day.[13] That same day, RSA responded that it would produce such documents no later than September 1, 2006,[14] well after the date prescribed by the Court in its Rule 16 Scheduling Order. With that representation, Prism withheld filing its motion to compel.[15] But, September 1, 2006 passed without RSA producing anything. With the close of fact deposition discovery quickly approaching, Prism now files this motion to compel RSA to produce documents and also seeks expenses and sanctions associated with filing this motion.

## ARGUMENT

I.  **Prism's Request for Documents in Accessible Electronic Format is Reasonable.**

Electronic documents are no less subject to disclosure than paper records.[16] Discovery of such documents is also consistent with Delaware's Default Standard for Discovery of Electronic Documents, which states in relevant part that "[a]fter receiving requests for document production, the parties shall search their documents, other than those identified as limited accessibility

---

[10] *Id.*
[11] Pursuant to the Court's Rule 16 Scheduling Order, the parties were required to complete their respective document productions by August 11, 2006. Rule 16 Scheduling Order dated May 10, 2006 at 3(a), Ex. 9, Kirk Decl.
[12] Letter from Aziz Burgy to Gregory Teran of August 7, 2006, Ex. 10, Kirk Decl.
[13] Letter from Aziz Burgy to Gregory Teran of August 25, 2006, Ex. 11, Kirk Decl.
[14] Letter from Gregory Teran to Aziz Burgy of August 25, 2006, Ex. 12, Kirk Decl.
[15] *See* Letter from Aziz Burgy to Gregory Teran of August 31, 2006, Ex. 13, Kirk Decl.
[16] *McPeek v. Ashcroft*, 202 F.R.D. 31, 31, 34 (D.D.C. 2001) (declaring that, "during discovery, the producing party has an obligation to search available electronic systems for information demanded").

634971v1

electronic documents, and produce responsive electronic documents in accordance with Fed. R. Civ. P. 26(b)(2)."[17]

## II. RSA's Discovery Gamesmanship Should Not Be Countenanced.

RSA remains delinquent in its discovery obligations. The Court's Rule 16 Scheduling Order required the parties to complete their respective document productions by August 11, 2006.[18] RSA, however, has yet to produce documents stored on its accessible electronic files despite repeated promises that it would do so. RSA has known about its obligation to produce such documents since September 2005, which is when Prism propounded its first set of Rule 34 requests. RSA's failure to produce those documents is further egregious in view of Prism's own production. Specifically, Prism agreed to produce its documents stored in *inaccessible* electronic format. Prism produced such documents to all Defendants on May 19, 2006.[19]

## III. Prism Seeks Expenses and Sanctions Against RSA.

Prism seeks expenses, including attorneys' fees and sanctions against RSA pursuant to Fed. R. Civ. P. 37 and under the Court's inherent power because: 1) RSA failed to comply with the Court's Rule 16 Scheduling Order; and 2) RSA's delay unfairly and severely prejudices Prism.

First, had RSA complied with the discovery deadlines imposed by the Court, this motion would be unnecessary. Instead, RSA continues to delay its production even though it has known about its obligation to search for electronic documents since at least April 2006. Further, the Court's Scheduling Order expressly provides for a specific deadline for the completion of the parties' document productions. Having failed to comply with this deadline, RSA then promised Prism that it would produce the responsive documents stored in electronic means by September 1,

---

[17] Default Standard for Discovery of Electronic Documents ("E-Discovery").
[18] Ex. 9, Kirk Decl.
[19] Letter from Aziz Burgy to Danny Yonan of May 19, 2006, Ex. 14, Kirk Decl.

634971v1

3

2006.[20] Without so much as even a cover letter stating that its production was on the way, RSA again ignored its discovery obligations.

Second, RSA's delay unfairly and severely prejudices Prism because it unnecessarily cuts into Prism's deposition discovery period. This Court set August 11, 2006 as the date for the parties to complete document productions[21] and to begin fact discovery depositions.[22] Instead of beginning its review of RSA's forthcoming documents on August 11, 1006, Prism must now wait until sometime in September before it begins its review. Given that fact deposition discovery period ends on November 2, 2006, Prism will have less time to process and review RSA's remaining production and take the needed depositions of not only RSA deponents but also of the other three Defendants in this case as well as any non-parties it chooses to depose.

To the extent that RSA provides the requested discovery after the filing of this motion, Prism is still entitled to expenses.[23] Further, the award of expenses is mandatory unless the movant failed to confer with the respondent in good-faith prior to filing the motion or the losing party demonstrates that its conduct was "substantially justified," or if other circumstances render an award of expenses "unjust."[24] Here, Prism repeatedly reminded RSA of its electronic discovery obligations and recently informed RSA that it would be filing a motion to compel if RSA did not produce the requested discovery[25] to which RSA promised that it would do so by September 1, 2006.[26] Second, Prism is unaware of nor has RSA indicated any substantial justification for its refusal to comply with its discovery obligations. Finally, imposing expenses against RSA would not be unjust. Rather, it would reprimand RSA and/or its counsel for its continued obfuscation.

---

[20] Ex. 12, Kirk Decl.
[21] Ex. 9, Kirk Decl.
[22] Order dated July 21, 2006 at 1, Ex. 15, Kirk Decl.
[23] *Tuszkiewicz v. Allen-Bradley Co., Inc.*, 172 F.R.D. 396, 398 (E.D. Wis. 1997).
[24] *Dolquist v. Heartland Presbytery*, 221 F.R.D. 564 (D. Kan. 2004).
[25] Ex. 11, Kirk Decl.
[26] Ex. 12, Kirk Decl.

634971v1

4

                                                        THE BAYARD FIRM

                                                        <u>/s/ Richard D. Kirk (rk0922)</u>
                                                        Richard D. Kirk
                                                        Ashley B. Stitzer
                                                        222 Delaware Avenue, Suite 900
                                                        Wilmington, DE  19899
                                                        (302) 655-5000
                                                        <u>rkirk@bayardfirm.com</u>

*Of Counsel:*
ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.
Dirk D. Thomas
Robert A. Auchter
Andre J. Bahou
Aziz Burgy
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 736-0725

634971v1

                                                                                   5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>             Plaintiff,<br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC.,<br>NETEGRITY, INC., COMPUTER<br>ASSOCIATES INTERNATIONAL, INC.,<br>and JOHNSON & JOHNSON SERVICES,<br>INC.,<br><br>             Defendants. | Civil Action No. 05-214 JJF |

LOCAL RULE 7.1.1 STATEMENT IN SUPPORT OF
PLAINTIFF PRISM TECHNOLOGIES LLC'S
MOTION TO COMPEL RSA SECURITY, INC.
TO PRODUCE DOCUMENTS AND THINGS

The undersigned attorney for plaintiff, Prism Technologies LLC ("Prism") hereby states, pursuant to Local Rule 7.1.1, that Prism's attorneys have made reasonable efforts to reach agreement with opposing counsel on the matters set forth in Plaintiff Prism Technologies LLC's Motion To Compel Defendant RSA Security Inc. to Produce Documents and Things but, (as set forth in the motion itself ) agreement was not forthcoming.

September 5, 2006

THE BAYARD FIRM

/s/ Richard D. Kirk

Richard D. Kirk (#922)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com

ATTORNEYS FOR PLAINTIFF
PRISM TECHNOLOGIES LLC

629548v1

1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on September 5, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Frederick L. Cottrell, III, Esq.
Alyssa M. Schwartz, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document were sent by hand on September 5, 2006 to the above counsel and by first-class mail or overnight delivery as indicated to the below counsel:

*Via Federal Express*

John DiMatteo, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

William Lee, Esq.
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA 02109

Jason Snyderman, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

Frank C. Cimino, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

587422v1

| | |
|---|---|
| David M. Schlitz<br>Baker Botts L.L.P.<br>1299 Pennsylvania Avenue, NW<br>Washington, DC  20004-2400 | Samir A. Bhavsar<br>Jeffrey D. Baxter<br>Baker Botts L.L.P.<br>2001 Ross Avenue<br>Dallas, TX  75201-2980 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

587422v1