# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

PRISM TECHNOLOGIES LLC

      Plaintiff,

    v.

VERISIGN, INC., RSA SECURITY, INC.,
NETEGRITY, INC., COMPUTER
ASSOCIATES INTERNATIONAL, INC.,
and JOHNSON & JOHNSON SERVICES,
INC.,

      Defendants.

Civil Action No. 05-214 JJF

**NOTICE OF SERVICE**

PLEASE TAKE NOTICE that, on September 16, 2005, copies of 1) Plaintiff's First Set

of Rule 34 Requests for Production of Documents and Things to Defendant RSA Security, Inc.

and 2) Plaintiff's First Set of Interrogatories to Defendant RSA Security, Inc. and of this

NOTICE OF SERVICE were served as shown:

**BY EMAIL AND BY HAND:**

Frederick L. Cottrell, III, Esq.
Alyssa M. Schwartz, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

601766v1

**BY EMAIL AND U.S. MAIL:**

John DiMatteo, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY  10019-6099

William Lee, Esq.
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA  02109

Jason Snyderman, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA  19103

Frank C. Cimino, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

David M. Schlitz
Baker Botts L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC  20004-2400

Samir A. Bhavsar
Jeffrey D. Baxter
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, TX  75201-2980

THE BAYARD FIRM

September 16, 2005

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com

ATTORNEYS FOR PLAINTIFF PRISM
TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C.  20006

601766v1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC

Plaintiff,

v.

Civil Action No. CA 05-214 JJF

VERISIGN, INC., RSA SECURITY, INC.,
NETEGRITY, INC., COMPUTER
ASSOCIATES INTERNATIONAL, INC.,
and JOHNSON & JOHNSON SERVICES,
INC.,

Defendants.

## PLAINTIFF'S FIRST SET OF RULE 34 REQUESTS
## FOR PRODUCTION OF DOCUMENTS AND THINGS
## TO DEFENDANT RSA SECURITY, INC.

Pursuant to Federal Rule of Civil Procedure 34 and the Local Rules of this judicial

district, Plaintiff Prism Technologies LLC ("Prism") requests that Defendant RSA Security, Inc.

("RSA") produce the documents and things requested herein at the law offices of Robins,

Kaplan, Miller & Ciresi L.L.P., 1801 K Street, N.W., Washington, D.C. 20006, or some other

location as may be agreed to between the parties, within thirty (30) days of service of these

Rule 34 requests. RSA should produce the responsive documents as they are kept in the usual

course of business or organize and label them to correspond with the document requests to which

they are responsive. If no responsive documents and things exist for a particular Rule 34 request,

RSA shall so state in writing. If responsive documents and things for a particular Rule 34

request have already been produced, Prism requests that RSA so state in writing.

If RSA withholds from production any documents and things on the basis of a claim of

attorney-client privilege or work product immunity, Prism requests that RSA provide to Prism a

601759v1

list separately identifying each withheld document or thing and specifying: (1) the identity of all

persons who prepared and signed the document; (2) the identity of all persons designated as

addressees; (3) the identity of all persons who received any copy of the document; (4) the date of

the document; (5) the subject matter of the document; (6) the type of document (memorandum,

pamphlet, report, etc.); (7) for each disclosure outside of RSA's officers and contract employees,

the identification and production number of any and all confidentiality agreements that govern

the disclosure; and (8) the basis for withholding the document.

   If RSA comes into possession, custody, or control of responsive documents and things

between the time of service of these Rule 34 Requests and trial, Prism requests that RSA

supplement its production by promptly producing such documents.

**DEFINITIONS**

   A.  "The '416 patent" or "patent-in-suit" refers to United States Patent No. 6,516,416,

entitled "Subscription Access System For Use With An Untrusted Network."

   B.  "Identity and Access Management" shall mean any process or device by which

access to computer resources is managed using a combination of advanced authentication and/or

web-based single sign-on, including USB Tokens and/or Smart Cards and/or digital

identification, and/or combination thereof.

   C.  "ClearTrust" or "ClearTrust Authentication Suite" refers to RSA's suite of

manage authentication and security services, and the related software and hardware, that perform

Identity and Access Management.

   D.  "RSA," "Defendant," "you," or "your" refers to RSA Security, Inc., its officers,

employees, counsel, agents, consultants, and representatives and includes joint ventures and

other legal entities which are wholly or partially owned or controlled by RSA Security, Inc.,

601759v1

- 2 -

either directly or indirectly, and the officers, employees, counsel, agents, consultants, and representatives of these divisions, subsidiaries, and joint ventures.

      E.      The term "person" refers to natural persons, organizations, firms, corporations, and other legal entities, whether or not in the employ of plaintiff, and the acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.'

      F.      To "identify" a person means to state the person's name, occupation, job title, and current business address, or if unknown, the last-known business and home address. Unless it otherwise appears from the context, a request for identity or to identify a person relates to all persons in such category or classification.

      G.      The term "document" has the meaning prescribed for "documents and things" in Fed. R. Civ. P. 34(a) and includes the original and every non-identical copy or reproduction in the possession, custody or control of RSA.

      H.      To "identify" any document or thing means:

            i.      to provide a brief description of such documents sufficient to support a request under Rule 34;

            ii.      to state the custodian of the document or the thing by name, job title, employer, and address;

            iii.      to state the place where the document or thing may be inspected; and

            iv.      if a copy of the document has been previously supplied to defendants to so state and to specifically identify the previously supplied copy by reference to production numbers or other identifying information.

      I.      Unless it otherwise appears from the context, a request for identity of a person relates to all persons in such classification or category.

601759v1

J.      In construing these Requests, the singular shall include the plural, and the plural shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of these requests all information that might otherwise be construed to be outside their scope.

## RULE 34 REQUESTS

1.      One set of each Identify and Access Management software and software code and/or device made, offered for sale, designed, sold, distributed, leased, or supplied by RSA intended for use to authenticate web-based single sign-on, including but not limited to RSA's ClearTrust Authentication Suite.

2.      All documents and software, instructional manuals, or training manuals for each of the products identified in or within the scope of Request No. 1 above.

3.      All documents related to the design, creation, writing, and/or composing of each of the products identified in or within the scope of Request No. 1 above.

4.      All documents that reflect the programming code or manufacturing drawings of each of the products identified in or within the scope of Request No. 1 above.

5.      All marketing, pricing, advertising, sales, sales projections, market studies, licenses, memoranda of understanding, agreements, royalty payments, promotional documents or audio-visual aids relating to or referring to any Identity and Access Management software and hardware products, including but not limited to the products identified in or within the scope of Request No. 1 above, whether the information originated from RSA or from another entity.

6.      All of RSA's annual and interim financial statements covering the years 1996 to the present.

7.      All documents that reflect gross and net sales figures and distribution (by unit sales volume and by dollar sales volume) since 1996, whether inside or outside the United States,

601759v1

for each product identified in or within the scope of Request No. 1 on a monthly, quarterly, and annual basis, or on whatever timeframe RSA regularly keeps records of gross and net sales figures and distribution records.

8.    All documents that refer to, relate to, or constitute a patent licensing or royalty agreement entered into by RSA for any Identity and Access Management software or hardware since 1996.

9.    Documents sufficient to show the extent to which RSA has made use of the invention of the patents identified in each patent licensing or royalty agreement entered into by RSA for any Identity and Access Management software or hardware since 1996.

10.    All documents that refer to, relate to, or constitute patent licensing or royalty agreements or provisions thereof considered but not entered into by RSA for any Identity and Access Management software or hardware since 1996.

11.    All documents that refer to, relate to, reflect, or constitute the licensing policies of RSA for Identity and Access Management software or hardware since 1996.

12.    All documents that describe, refer, or relate to any royalty or license fees received or paid by RSA with respect to any Identity and Access Management software or hardware.

13.    All documents relating to the portion of the selling price that may be customary in the Identity and Access Management software or hardware industry, whether originating at RSA or from another entity, to allow for the use of Identity and Access Management software or hardware.

14.    All documents that relate to pricing of the products identified in or within the scope of Request No. 1 above.

15.    All documents that refer, relate, or constitute written opinion(s) of counsel relating to the validity, infringement, or enforceability of the '416 patent.

601759v1

- 5 -

16.    Any document referring or relating to the '416 patent.

17.    All prior art to the '416 patent.

18.    All documents identified in any study or evaluation of, or search for, prior art to the '416 patent.

19.    All documents that refer to or relate to any Identity and Access Management software or hardware products from 1996 to present.

20.    All documents and things that RSA will offer during the trial.

21.    All documents that refer to, relate to, or constitute communications with any consultants retained to assist RSA regarding this litigation.

22.    All documents that refer to, relate to, support, or refute any of the allegations, averments, denials, and affirmative defenses in RSA's Answer and Counterclaims.

23.    All documents that relate to or refer to the factual allegations set forth in RSA's Answer to the Complaint and Counterclaim.

24.    All documents that relate to or refer to the factual allegations set forth in RSA's Counterclaim.

25.    All documents that refer or relate to RSA's pre-filing investigation that support or refute the allegations made in Paragraphs 11,12, 14, 15, 17 and 18 of RSA's Counterclaim.

26.    All documents considered, relied upon, referred to, or referenced in RSA's responses to Prism's Interrogatories.

27.    All documents that refer to, relate to, or constitute communications among RSA personnel or between RSA personnel and any person or entity outside RSA that concern products identified in or within the scope of Request No. 1 above.

28.    All documents that refer or relate to the results of the analyses of any Identity and Access Management software or hardware identified in or within the scope of Request No. 1 above.

29.    All confidentiality agreements that relate to the subject matter of this suit or that form any part of the basis of a claim of privilege for any information called for by any discovery request from Prism to defendant.

30.    All documents referring or relating to any inventor of the '416 patent, including Richard L. Gregg, Timothy C. Goeke, and Sandeep Giri.

31.    All documents, including but not limited to technical and marketing studies and minutes of meetings, that relate or refer to RSA's decision(s) to develop, design, test, manufacture, offer for sale, or sell or import any Identity and Access Management software or hardware, including those identified in or within the scope of Request No. 1 above.

32.    All documents that constitute, evidence, describe, pertain to, relate or refer to, any discussion, meeting or correspondence between the RSA and any customer, potential customer, competitor, or other person concerning the '416 patent, and the present lawsuit against Prism or any other lawsuit or administrative proceeding, anywhere in the world, involving the '416 patent.

33.    All documents concerning licensing or royalty agreements, assignments, licensing policies of RSA, and attempts to enter into licensing or royalty agreements, or assignments, concerning any Identity and Access Management software or hardware.

34.    Documents relating to or constituting RSA's research and/or analysis of the market for the following:

      a.    Identity and Access Management software or hardware and devices; and

      b.    Training presentations and manuals describing the Identity and Access

Management software or hardware and devices.

35.    Product catalogs, price sheets, product manuals, specifications and descriptions for all Identity and Access Management software or hardware and devices sold or offered for sale by RSA.

36.    Documents identifying by name and location any and all distributors to whom RSA distributed or sold Identity and Access Management software or hardware and devices and the dates on which such sales or distributions were made.

37.    Documents which any expert you consulted or retained for this matter, reviewed or relied upon when forming the bases for their expert opinions, whether asserted or not asserted in this matter, and all copies of any communications or reports developed by any such expert(s).

38.    All market studies, reports, business plans, forecasts, marketing plans or other documents concerning the market for devices for Identity and Access Management software or hardware products and devices including, but not limited to market size, market growth, market potentials and studies of the market size of competitors.

39.    All documents referring or relating to the sales and marketing for software and hardware devices for Identity and Access Management, including but not limited to, product manuals, presentation materials, educational, and training materials for sales persons.

40.    To the extent not already requested, all documents referring or relating in any way to RSA's policies, procedures, or other guidelines on licensing or cross-licensing of patents, patent applications or technology to or from others.

41.    Representative corporate organization charts for RSA, including parents, subsidiaries, affiliates, divisions, wholly-owned business entities, predecessors or successors, sufficient to show:  (a) the general organization of RSA and each such parent, subsidiary, affiliate, division, wholly-owned business entity, predecessor or successor; (b) the names,

601759v1

- 8 -

addresses and telephone numbers of each past and present corporate officer and director of RSA and each such parent, subsidiary, affiliate, division, wholly-owned business entity, predecessor, or successor; and (c) the detailed organization of each department, section, or group of RSA responsible for designing, developing, testing, manufacturing, exporting, importing, distribution, marketing, advertising, selling, or using Identify and Access Management software and hardware, including the products identified in or within the scope of Request No. 1 above.

42.    All documents that constitute, relate to, or refer to RSA's document control and retention policies, including for its electronic documents.

THE BAYARD FIRM

September 16, 2005

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com

ATTORNEYS FOR PLAINTIFF PRISM TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C.  20006
(202) 775-0725

601759v1

- 9 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRISM TECHNOLOGIES LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-214 JJF |
| | ) | |
| VERISIGN, INC., RSA SECURITY, INC., | ) | |
| NETEGRITY, INC., COMPUTER | ) | |
| ASSOCIATES INTERNATIONAL, INC., | ) | |
| and JOHNSON & JOHNSON SERVICES, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that, on January 10, 2006, copies of 1) PLAINTIFF PRISM

TECHNOLOGIES LLC'S SECOND SET OF RULE 34 REQUESTS FOR PRODUCTION OF

DOCUMENTS AND THINGS TO DEFENDANT RSA SECURITY, INC.; and 2) PLAINTIFF

PRISM TECHNOLOGIES LLC'S SECOND SET OF RULE 34 REQUESTS FOR

PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT JOHNSON &

JOHNSON SERVICES, INC.; 3) PLAINTIFF PRISM TECHNOLOGIES LLC'S SECOND

SET OF RULE 34 REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO

DEFENDANT VERISIGN, INC. were served as shown:

**BY EMAIL AND BY HAND:**

| | |
|---|---|
| Frederick L. Cottrell, III, Esq. | Richard L. Horwitz, Esq. |
| Alyssa M. Schwartz, Esq. | David E. Moore, Esq. |
| Richards Layton & Finger | Potter Anderson & Corroon LLP |
| One Rodney Square | 1313 N. Market Street |
| P.O. Box 551 | Hercules Plaza, 6th Floor |
| Wilmington, DE 19801 | P.O. Box 951 |
| | Wilmington, DE  19899 |

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

**BY EMAIL AND U.S. MAIL:**

John DiMatteo, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY  10019-6099

William Lee, Esq.
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA  02109

Jason Snyderman, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA  19103

Frank C. Cimino, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

Samir A. Bhavsar
Jeffrey D. Baxter
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, TX  75201-2980

David M. Schlitz
Baker Botts L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC  20004-2400

January 10, 2006

THE BAYARD FIRM

/s/ Richard D. Kirk
Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899-5130
(302) 655-5000
rkirk@bayardfirm.com

ATTORNEYS FOR PLAINTIFF PRISM
TECHNOLOGIES LLC

613830v1

OF COUNSEL:
Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C.  20006
(202) 775-0725

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC

        Plaintiff,

    v.

VERISIGN, INC., RSA SECURITY, INC.,
NETEGRITY, INC., COMPUTER
ASSOCIATES INTERNATIONAL, INC.,
and JOHNSON & JOHNSON SERVICES,
INC.,

        Defendants.

Civil Action No. 05-214 JJF

---

### PLAINTIFF PRISM TECHNOLOGIES LLC'S SECOND SET OF
### RULE 34 REQUESTS FOR PRODUCTION OF DOCUMENTS
### <u>AND THINGS TO DEFENDANT RSA SECURITY, INC.</u>

Pursuant to Federal Rule of Civil Procedure 34 and the Local Rules of this judicial

district, Plaintiff Prism Technologies LLC ("Prism") requests that Defendant RSA Security, Inc.

("RSA") produce the documents and things requested herein at the law offices of Robins,

Kaplan, Miller & Ciresi L.L.P., 1801 K Street, N.W., Washington, D.C. 20006, or some other

location as may be agreed to between the parties, within thirty (30) days of service of these

Rule 34 requests. RSA should produce the responsive documents as they are kept in the usual

course of business or organize and label them to correspond with the document requests to which

they are responsive. If no responsive documents and things exist for a particular Rule 34 request,

RSA shall so state in writing. If responsive documents and things for a particular Rule 34

request have already been produced, Prism requests that RSA so state in writing.

If RSA withholds from production any documents and things on the basis of a claim of

attorney-client privilege or work product immunity, Prism requests that RSA provide to Prism a

613825v1

list separately identifying each withheld document or thing and specifying: (1) the identity of all persons who prepared and signed the document; (2) the identity of all persons designated as addressees; (3) the identity of all persons who received any copy of the document; (4) the date of the document; (5) the subject matter of the document; (6) the type of document (memorandum, pamphlet, report, etc.); (7) for each disclosure outside of RSA's officers and contract employees, the identification and production number of any and all confidentiality agreements that govern the disclosure; and (8) the basis for withholding the document.

If RSA comes into possession, custody, or control of responsive documents and things between the time of service of these Rule 34 Requests and trial, Prism requests that RSA supplement its production by promptly producing such documents.

## DEFINITIONS

A.     "The '416 patent" or "patent-in-suit" refers to United States Patent No. 6,516,416, entitled "Subscription Access System For Use With An Untrusted Network." "Intrinsic evidence" shall mean all documents within the publicly available prosecution history file for the '416 patent. "Extrinsic evidence" shall mean all documents or testimony not found in the publicly available prosecution file history for the '416 patent.

B.     "Identity and Access Management" shall mean software and hardware intended to identify users in a system (employees, customers, contractors, etc.) and control their access to resources within that system by associating user rights and restrictions with the established identity, including but not limited to Web single sign-on (SSO), advanced authentication, and/or strong authentication used with USB tokens, Smart Cards, and/or digital identification.

613825v1

- 2 -

C.    "ClearTrust" or "ClearTrust Authentication Suite" refers to RSA's suite of managed authentication and security services, and the related software and hardware, that perform Identity and Access Management.

D.    "RSA," "Defendant," "you," or "your" refers to RSA Security, Inc., its officers, employees, counsel, agents, consultants, and representatives and includes joint ventures and other legal entities which are wholly or partially owned or controlled by RSA Security, Inc., either directly or indirectly, and the officers, employees, counsel, agents, consultants, and representatives of these divisions, subsidiaries, and joint ventures.

E.    The term "person" refers to natural persons, organizations, firms, corporations, and other legal entities, whether or not in the employ of plaintiff, and the acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

F.    To "identify" a person means to state the person's name, occupation, job title, and current business address, or if unknown, the last-known business and home address.  Unless it otherwise appears from the context, a request for identity or to identify a person relates to all persons in such category or classification.

G.    The term "document" has the meaning prescribed for "documents and things" in Fed. R. Civ. P. 34(a) and includes the original and every non-identical copy or reproduction in the possession, custody or control of RSA.

H.    To "identify" any document or thing means:

      i.    to provide a brief description of such documents sufficient to support a request under Rule 34;

    ii.    to state the custodian of the document or the thing by name, job title, employer, and address;

    iii.    to state the place where the document or thing may be inspected; and

    iv.    if a copy of the document has been previously supplied to defendants to so state and to specifically identify the previously supplied copy by reference to production numbers or other identifying information.

I.    Unless it otherwise appears from the context, a request for identity of a person relates to all persons in such classification or category.

J.    In construing these Requests, the singular shall include the plural, and the plural shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of these requests all information that might otherwise be construed to be outside their scope.

## RULE 34 REQUESTS

33.    All documents and things referring to, relating to, or comprising any confidentiality agreement with any customer or anyone outside RSA with whom you have provided, sold, or otherwise distributed the ClearTrust Authentication Suite.

34.    To the extent not requested above, all documents and things referring to, relating to, or comprising any obligation of anyone outside RSA to maintain in confidence the ClearTrust Authentication Suite software, instructional manuals, or related documents necessary to install, maintain, execute, or operate the ClearTrust Authentication Suite.

January 10, 2006

THE BAYARD FIRM

/s/ Richard D. Kirk
Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899-5130
(302) 655-5000
rkirk@bayardfirm.com

ATTORNEYS FOR PLAINTIFF PRISM
TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C.  20006
(202) 775-0725

613825v1

- 5 -

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC

        Plaintiff,

v.

VERISIGN, INC., RSA SECURITY, INC.,
NETEGRITY, INC., COMPUTER
ASSOCIATES INTERNATIONAL, INC.,
and JOHNSON & JOHNSON SERVICES,
INC.,

        Defendants.

Civil Action No. CA 05-214 JJF

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that, on February 17, 2006, copies of Plaintiff's Third Set Of

Rule 34 Requests For Production Of Documents And Things To Defendant RSA Security, Inc.

were served as shown:

**BY EMAIL AND BY HAND:**

Frederick L. Cottrell, III, Esq.
Alyssa M. Schwartz, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

617856v1

**BY EMAIL AND U.S. MAIL:**

John DiMatteo, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY  10019-6099

William Lee, Esq.
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA  02109

Jason Snyderman, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA  19103

Frank C. Cimino, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

David M. Schlitz
Baker Botts L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC  20004-2400

Samir A. Bhavsar
Jeffrey D. Baxter
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, TX  75201-2980

THE BAYARD FIRM

February 17, 2006

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com

ATTORNEYS FOR PLAINTIFF PRISM
TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C.  20006
(202) 775-0725

617856v1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC

        Plaintiff,

    v.

VERISIGN, INC., RSA SECURITY, INC.,
NETEGRITY, INC., COMPUTER
ASSOCIATES INTERNATIONAL, INC.,
and JOHNSON & JOHNSON SERVICES,
INC.,

        Defendants.

Civil Action No. CA 05-214 JJF

## PLAINTIFF'S THIRD SET OF RULE 34 REQUESTS
## FOR PRODUCTION OF DOCUMENTS AND THINGS TO
## DEFENDANT RSA SECURITY, INC.

Pursuant to Federal Rule of Civil Procedure 34 and the Local Rules of this judicial

district, Plaintiff Prism Technologies LLC ("Prism") requests that Defendant RSA Security, Inc.

("RSA") produce the documents and things requested herein at the law offices of Robins,

Kaplan, Miller & Ciresi L.L.P., 1801 K Street, N.W., Washington, D.C. 20006, or some other

location as may be agreed to between the parties, within thirty (30) days of service of these

Rule 34 requests.  RSA should produce the responsive documents as they are kept in the usual

course of business or organize and label them to correspond with the document requests to which

they are responsive.  If no responsive documents and things exist for a particular Rule 34 request,

RSA shall so state in writing.  If responsive documents and things for a particular Rule 34

request have already been produced, Prism requests that RSA so state in writing.

If RSA withholds from production any documents and things on the basis of a claim of

attorney-client privilege or work product immunity, Prism requests that RSA provide to Prism a

617854v1

list separately identifying each withheld document or thing and specifying: (1) the identity of all

persons who prepared and signed the document; (2) the identity of all persons designated as

addressees; (3) the identity of all persons who received any copy of the document; (4) the date of

the document; (5) the subject matter of the document; (6) the type of document (memorandum,

pamphlet, report, etc.); (7) for each disclosure outside of RSA's officers and contract employees,

the identification and production number of any and all confidentiality agreements that govern

the disclosure; and (8) the basis for withholding the document.

If RSA comes into possession, custody, or control of responsive documents and things

between the time of service of these Rule 34 Requests and trial, Prism requests that RSA

supplement its production by promptly producing such documents.

## DEFINITIONS

A.    "The '416 patent" or "patent-in-suit" refers to United States Patent No. 6,516,416,

entitled "Subscription Access System For Use With An Untrusted Network."  "Intrinsic

evidence" shall mean all documents within the publicly available prosecution history file for the

'416 patent.  "Extrinsic evidence" shall mean all documents or testimony not found in the

publicly available prosecution file history for the '416 patent.

B.    "Identity and Access Management" shall mean software and hardware intended to

identify users in a system (employees, customers, contractors, etc.) and control their access to

resources within that system by associating user rights and restrictions with the established

identity, including but not limited to Web single sign-on (SSO), advanced authentication, and/or

strong authentication used with USB tokens, Smart Cards, and/or digital identification.

C.    "ClearTrust" or "ClearTrust Authentication Suite" refers to RSA's suite of managed authentication and security services, and the related software and hardware, that perform Identity and Access Management.

D.    "RSA," "Defendant," "you," or "your" refers to RSA Security, Inc., its officers, employees, counsel, agents, consultants, and representatives and includes joint ventures and other legal entities which are wholly or partially owned or controlled by RSA Security, Inc., either directly or indirectly, and the officers, employees, counsel, agents, consultants, and representatives of these divisions, subsidiaries, and joint ventures.

E.    The term "person" refers to natural persons, organizations, firms, corporations, and other legal entities, whether or not in the employ of plaintiff, and the acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

F.    To "identify" a person means to state the person's name, occupation, job title, and current business address, or if unknown, the last-known business and home address. Unless it otherwise appears from the context, a request for identity or to identify a person relates to all persons in such category or classification.

G.    The term "document" has the meaning prescribed for "documents and things" in Fed. R. Civ. P. 34(a) and includes the original and every non-identical copy or reproduction in the possession, custody or control of RSA.

H.    To "identify" any document or thing means:

        i.    to provide a brief description of such documents sufficient to support a request under Rule 34;

    ii.    to state the custodian of the document or the thing by name, job title, employer, and address;

    iii.    to state the place where the document or thing may be inspected; and

    iv.    if a copy of the document has been previously supplied to defendants to so state and to specifically identify the previously supplied copy by reference to production numbers or other identifying information.

I.    Unless it otherwise appears from the context, a request for identity of a person relates to all persons in such classification or category.

J.    In construing these Requests, the singular shall include the plural, and the plural shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of these requests all information that might otherwise be construed to be outside their scope.

## **RULE 34 REQUESTS**

35.    To the extent not already requested, all documents referring or relating in any way to RSA's partnership, business arrangement, or agreement with any entity to market, sell, use, manufacture, produce, or distribute hardware tokens, including but not limited to Universal Serial Bus ("USB") devices, Smart Cards and/or flash devices.

36.    To the extent not requested above in Request 35, all documents that refer or relate to RSA's partnership with any entity to manufacture, distribute, use, or sell USB mass-storage and flash devices.

37.    To the extent not requested above in Request 35 or 36, all documents that refer or relate to RSA's partnership with SanDisk Corporation or Aladdin Knowledge Systems, Ltd.,

including but not limited to agreements, communications, or negotiations to market, sell, use, manufacture, produce, or distribute hardware tokens such as USB devices, Smart Cards and/or flash devices.

THE BAYARD FIRM

February 17, 2006

Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899-5130
rkirk@bayardfirm.com
(302) 655-5000

ATTORNEYS FOR PLAINTIFF PRISM
TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Aziz Burgy, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C.  20006
(202) 775-0725

617854v1