# EXHIBIT 7

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

SUITE 1200
1801 K STREET, N.W.
WASHINGTON, D.C. 20006-1307
TEL: 202-775-0725  FAX: 202-223-8604
www.rkmc.com

ATTORNEYS AT LAW

AZIZ BURGY
202-736-2705

June 20, 2006

**VIA E-MAIL**

Gregory P. Teran, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA   02109

Re:     *Prism Technologies LLC v. VeriSign, Inc., et al.*
        Civil Action No. 1:05-cv-00214-JJF

Dear Greg:

I have yet to receive a response from you regarding my May 12, 2006 letter regarding designations of certain RSA software and hardware manuals and my May 19, 2006 letter regarding RSA's obligation to search its electronic files for relevant and responsive documents using Prism's proposed search terms. Since it has been over a month now, I ask that you please respond by the end of this week, or we will be forced to take these issues up with the court.

In response to your letter of yesterday, we believe that the Non-Disclosure Agreements from the May 24, 2006 Settlement Conference Call may be responsive to at least document request Nos. 56 and 60 propounded by Computer Associates International, Inc. in its First Set of Requests for Production of Documents and Things. Further, the Non-Disclosure Agreements may be responsive to document request Nos. 35 and 36 found in VeriSign Inc.'s First Set of Requests for the Production of Documents and Things.

If you maintain your objection to producing the Non-Disclosure Agreements, please state so in writing. Additionally, if your objection prevents us from producing the Agreement, we will notify the other Defendants of the basis for withholding the document and your objections.

Gregory P. Teran, Esq.
June 20, 2006
Page 2

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Aziz Burgy

AB/grj

cc:    Robert A. Auchter, Esquire

DC1 45685468.1

# **<u>EXHIBIT 8</u>**

WILMERHALE

Gregory P. Teran

+1 617 526 6574 (t)
+1 617 526 5000 (f)
gregory.teran@wilmerhale.com

**BY ELECTRONIC AND**
**FIRST-CLASS MAIL**

June 23, 2006

Aziz Burgy, Esquire
Robins, Kaplan, Miller & Ciresi LLP
1801 K Street, NW
Suite 1200
Washington, DC 20006

Re:    Prism Technologies LLC v. VeriSign, Inc., et al.
       Civil Action No. 1:05-cv-00214-JJF _____

Dear Aziz:

I write in response to your letter of June 20, 2006 as well as your letters of May 19 and May 12.

With regard to electronic searching of accessible electronic files, we agree to Prism's proposal to search the files of another RSA employee who was involved in the design, marketing, or sales of the accused products rather than Mr. Stack. While RSA stands by the objections described in my May 11, 2006 letter to several of the search terms, and do not believe that Prism's counterarguments are persuasive, in an effort to avoid dispute we will undertake to interrogate the accessible electronic files with the search terms reflected in the third column ("Prism's Position") of your May 19, 2006 letter. To the extent any of those terms results in an unreasonable number of documents for review, we will follow up with additional correspondence.

With regard to Attorneys' Eyes Only and/or Highly Confidential documents that were the subject of your May 12, 2006 letter, we note that many of the documents you identified indicate on their face that they are proprietary and confidential documents concerning current products that were furnished under license by RSA to its software licensees. We also note that at least one and possibly more of these documents appear to be drafts, e.g., RSA19012-19083, and we have no reason to believe such drafts were ever circulated outside of RSA. However, in an effort to avoid further dispute, we are re-designating approximately twenty of the older documents as confidential and will produce new TIFFs of these under separate correspondence. To the extent Prism has information suggesting that any of these documents are in the public domain, please

WILMERHALE

Aziz Burgy, Esquire
Robins, Kaplan, Miller & Ciresi LLP
June 23, 2006
Page 2

provide corresponding citations to copies in Prism's production, or other evidence where the public-domain versions may be found.

Best regards,

Gregory P. Teran

GPT:mam

# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC,         :
                                :
          Plaintiff,            :
                                :
     v.                         :   Civil Action No. 05-214-JJF
                                :
VERISIGN, INC., et al.,         :
                                :
          Defendants.           :

## RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

1.  **Pre-Discovery Disclosures.**  The parties have exchanged by **September 29, 2005** the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.  **Joinder of other Parties.**  All motions to join other parties shall be filed on or before **August 11, 2006**.

3.  **Discovery.**

(a) Exchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by **August 11, 2006**.

(b) Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the party which bears burden of proof no later than **thirty (30) days** after the Court's claim construction ruling; Rebuttal reports are due **thirty (30) days**

after opening reports.

       (c) Any party desiring to depose an expert witness shall notice and complete said deposition no later than thirty (30) days from receipt of said expert's report, unless otherwise agreed in writing by the parties or ordered by the Court.

    4. **Discovery Disputes.**

       (a) A party seeking discovery which the opposing party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1. Said motion shall not exceed a total of four (4) pages and must specify that the filing is pursuant to the Discovery Dispute procedures provided in this paragraph. An Answer to the Rule 37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the motion. No reply is permitted.

       (b) All papers shall set forth in a plain and concise manner the issue(s) in dispute, the party's position on the issue(s), and the reasons for the party's position.

       (c) Upon receipt of the Answer, the movant shall notify Chambers by e-mail at jjf_civil@ded.uscourts.gov that the dispute is ready for decision.

       (d) Upon receipt of the movant's e-mail, the Court will determine whether a conference is necessary and advise the parties accordingly.

       (e) There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

5.    **Amendment of the Pleadings.**    All motions to amend the pleadings shall be filed on or before **August 11, 2006.**

6.    **Case Dispositive Motions**.    Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before **January 29, 2007**.    Briefing shall be pursuant to D. Del. LR 7.1.2.    No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court.    The Court will issue a separate Order regarding procedures for filing summary judgment motions.

7.    **Markman.**    A Markman Hearing will be held on **Thursday, November 9, 2006 at 1:00 p.m.**    Parties shall exchange list of terms/phrases proposed for claim interpretation by **June 28, 2006.**    Parties shall exchange proposed claim interpretation for terms/phrases identified in June 28th exchange by **July 19, 2006.**    Negotiations to narrow list of disputed claim terms/phrases shall be completed by **July 26, 2006.**    Parties shall file a joint statement listing all disputed claim terms and/or phrases and the parties' proposed interpretations by **August 23, 2006.**    Parties opening claim construction briefs shall be filed by **September 22, 2006.**    Parties responsive claim construction briefs shall be filed by **October 13, 2006.**    The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

8.  **Applications by Motion.**

(a) Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995).  Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.  Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b) No facsimile transmissions will be accepted.

(c) No telephone calls shall be made to Chambers.

(d) Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov.  The e-mail shall provide a short statement describing the emergency.

9.  **Pretrial Conference and Trial.**

(a)  A Pretrial Conference will be held on **Tuesday, April 3, 2007 at 11:00 a.m.**, in Courtroom No. 4B on the 4th Floor, United States Courthouse, Boggs Federal Building, Wilmington, Delaware.

(b)  Trial will commence on **Tuesday, May 15, 2007 at 9:30 a.m.**

May _10_, 2006
DATE

UNITED STATES DISTRICT JUDGE

# **<u>EXHIBIT 10</u>**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

SUITE 1200
1801 K STREET, N.W.
WASHINGTON, D.C. 20006-1307
TEL: 202-775-0725  FAX: 202-223-8604
www.rkmc.com

ATTORNEYS AT LAW

**AZIZ BURGY**
**202-736-2705**

August 7, 2006

**VIA E-MAIL**

Gregory P. Teran, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA   02109

        Re:    *Prism Technologies LLC v. VeriSign, Inc., et al.*
               Civil Action No. 1:05-cv-00214-JJF

Dear Greg:

       I write regarding a few outstanding discovery items.

       First, as you know, Prism supplemented its response to RSA's Interrogatory No. 2 on July 10, 2006, identifying additional RSA identity and access management solutions in its claim chart, including but not limited to, Go ID Authentication Service, Validation Solution, Federated Identity Manager when integrated with ClearTrust, Sign-On Manager when integrated with ClearTrust, and SecurID Appliance bundled with Authentication Manager.  Please supplement, by August 11, 2006, your document production and interrogatory responses accordingly.  We also ask that RSA produce the corresponding software for those products.

       Second, please confirm that RSA's production of its accessible electronic documents will occur on August 11, 2006.

       Finally, please advise as to the status of RSA's search for the Administrator's Guide for RSA Authentication Manager 6.1.

DC1 45686684.1

A T L A N T A · B O S T O N · L O S  A N G E L E S · M I N N E A P O L I S · N A P L E S · S A I N T  P A U L   W A S H I N G T O N , D . C .

Gregory P. Teran, Esq.
August 7, 2006
Page 2

                              Sincerely,

                              ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

                              Aziz Burgy

AB/grj

cc:    Robert A. Auchter, Esquire

DCI 45685468.1

DCI 45686684.1