# EXHIBIT 11

**ROBINS, KAPLAN, MILLER & CIRESI** LLP

SUITE 1200
1801 K STREET, N.W.
WASHINGTON, D.C. 20006-1307
TEL: 202-775-0725 FAX: 202-223-8604
www.rkmc.com

ATTORNEYS AT LAW

**AZIZ BURGY**
202-736-2705

August 25, 2006

**VIA E-MAIL**

Gregory P. Teran, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA   02109

Re:    *Prism Technologies LLC v. VeriSign, Inc., et al.*
         Civil Action No. 1:05-cv-00214-JJF

Dear Greg:

I have yet to hear back from you regarding RSA's production of its accessible electronic documents. You agreed in your correspondence of June 23, 2006 that RSA would search for accessible electronic files with the search terms reflected in the third column of my May 19, 2006 letter. I wrote again on August 7, 2006 reminding you that we expected to receive RSA's production of accessible electronic files by August 11, 2006, which is when the parties were required to complete their document production per the Rule 16 Scheduling Order. To that end, if these documents, as well as the other items listed in my August 7, 2006 letter, are not produced by Monday, August 28, then we will file a motion to compel on Tuesday.

Please call me directly if you would like a meet and confer.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Aziz Burgy

AB/grj

cc:    Robert A. Auchter, Esquire

DC1 45687818.1

# **EXHIBIT 12**

WILMERHALE

Gregory P. Teran

+1 617 526 6574 (t)
+1 617 526 5000 (f)
gregory.teran@wilmerhale.com

**BY ELECTRONIC AND**
**FIRST-CLASS MAIL**

August 25, 2006

Aziz Burgy, Esquire
Robins, Kaplan, Miller & Ciresi LLP
1801 K Street, NW
Suite 1200
Washington, DC  20006

Re:    Prism Technologies LLC v. VeriSign, Inc., et al.
       Civil Action No. 1:05-cv-00214-JJF

Dear Aziz:

In response to your letter of August 25, 2006, RSA intends to produce relevant, non-privileged electronic files from the custodians previously identified by Prism using the search terms identified by Prism on or before September 1, 2006.  We do not believe a motion to compel is warranted, especially considering the substantial amount of documentation already produced by RSA prior to August 11 (including numerous electronic documents).  Indeed, Prism has already represented to the Court that it views RSA's pre-August production of nearly 170,000 pages of documents to be substantially complete, and this was before Prism moved to drop its damages claim against RSA, thus significantly limiting the scope of discovery.  (Prism Motion to Compel, July 7, 2006, at 3.)  Prism has reserved the right to engage in supplemental production of documents, and RSA likewise reserves the right to supplement its production.  To the extent Prism intends to file a motion to compel, RSA reserves the right to file a cross motion concerning Prism's discovery responses.  Several of these items were identified in my letter to Mr. Bahou on June 30, and have yet to be addressed.

With regard to Prism's request for software, to the extent Prism desires copies of executable code please indicate for which products executable code is requested, and RSA will produce samples immediately.  To the extent source code is desired, as indicated previously, RSA will only make source code available by inspection.

WILMERHALE

Aziz Burgy, Esquire
Robins, Kaplan, Miller & Ciresi LLP
August 25, 2006
Page 2

With regard to Prism's request for a copy of the Administrator's Guide for RSA Authentication
Manager 6.1, we believe at least a preliminary copy of the Authentication Agent Guide was
produced at RSA92582-92720, and are working to obtain a copy of the Administrator's Guide.
We expect to produce this by September 1. We note that extensive documentation on RSA
Authentication Manager 6.1 has already been produced.

Best regards,

Gregory P. Teran

GPT:mam

# EXHIBIT 13

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

SUITE 1200
1801 K STREET, N.W.
WASHINGTON, D.C. 20006-1307
TEL: 202-775-0725 FAX: 202-223-8604
www.rkmc.com

ATTORNEYS AT LAW

**AZIZ BURGY**
**202-736-2705**

August 31, 2006

**VIA E-MAIL**

Gregory P. Teran, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109

      Re:    *Prism Technologies LLC v. VeriSign, Inc., et al.*
               <u>Civil Action No. 1:05-cv-00214-JJF</u>

Dear Greg:

      I write in response to your letter of August 25, 2006.  Your contention that Prism's motion to compel is not warranted because RSA already produced a substantial volume of documents prior to August 11, 2006 is illogical.  The Court's Rule 16 Scheduling Order provides that the parties complete document production by August 11, 2006.  Considering that RSA knew of its obligation to produce electronic documents based on Prism's keyword searches as early as April 27, 2006,[1] its forthcoming production of such documents on September 1, 2006, well after the date prescribed by the Court, is not well-taken.  Instead of beginning its review of RSA's production of electronic documents on August 11, 2006, Prism must now begin its review on September 1, 2006 (or later depending on when and how the CD(s) is shipped).  RSA's delay unfairly and severely prejudices Prism because it unnecessarily cuts into Prism's deposition discovery period.

      With respect to Prism's request for executable code, we ask that RSA produce copies of RSA Federated Identity Manager, RSA SecurID software token software, RSA Authentication Utility, RSA Validation Solution (including the Validation Client and Validation Manager), and the software used in RSA's Go ID Authentication Service.

      As to your request that Prism update its discovery responses to items listed in you letter to Mr. Bahou on June 30, 2006, to the extent that Prism's responses need supplementing, we will do so.  Similarly, Prism asks that RSA supplement its discovery for those items (Interrogatory

---

[1] Letter from Aziz Burgy to Gregory P. Teran of April 27, 2006.

Gregory P. Teran, Esq.
August 31, 2006
Page 2

Nos. 2-4) identified in Mr. Bahou's letter of June 27, 2006 as well as the following
interrogatories:

**Interrogatory No. 1**

This interrogatory seeks the three most knowledgeable individuals at RSA regarding the
accused products. RSA has identified only two individuals and with respect to only ClearTrust.
There are no individuals listed for Authentication Manager or any of the additional accused
products that Prism added on July 10, 2006 in its supplemental infringement claim charts. Please
supplement accordingly.

**Interrogatory No. 7**

Please see P 038705 and supplement accordingly.

**Interrogatory No. 11**

Even though Prism has dropped its monetary damages against RSA, Prism still seeks
RSA's worldwide revenue for the accused products to the extent it may be used as a secondary
indicia of non-obviousness (*e.g.*, commercial success) to rebut RSA's obviousness allegation
under 35 U.S.C. § 103. To that end, please supplement RSA's worldwide sales for all the
accused products.

**Interrogatory No. 12**

Please supplement this interrogatory to reflect the RSA products that were added on July
10, 2006.

**Interrogatory No. 13**

This interrogatory seeks RSA's knowledge of the identity of entities, including but not
limited to customers, partners, or even RSA itself, who use the accused software products in
combination with Smart Cards, USB tokens, and digital certificates. To that end, please identify
the entities who use them in such a manner. Also, please supplement this interrogatory to reflect
the RSA products that were added on July 10, 2006.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Aziz Burgy

AB/grj

cc:    Robert A. Auchter, Esquire

DC1 45688032.1

# EXHIBIT 14

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

ATTORNEYS AT LAW

SUITE 1200
1801 K STREET, N.W.
WASHINGTON, D.C. 20006-1307
TEL: 202-775-0725  FAX: 202-223-8604
www.rkmc.com

AZIZ BURGY
202-736-2705

May 19, 2006

**VIA E-MAIL AND FIRST CLASS MAIL**

Daniel E. Yonan, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036-1564

    Re:    *Prism Technologies LLC v. VeriSign, Inc.*, et al.
             Civil Action No. 1:05-cv-00214-JJF

Dear Mr. Yonan:

    Enclosed is one 120GB HDD containing files from Prism's back-up tapes that were results of the keyword searches outlined in your letter of February 10, 2006.

    Please contact me if you have any questions.

          Sincerely,

          ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

          Aziz Burgy

Enclosure

cc:    Robert A. Auchter, Esquire (by e-mail)
      Jason Snyderman, Esquire (by e-mail)
      Frank C. Cimino, Esquire (by e-mail)
      Gregory P. Teran, Esquire (by e-mail)
      David M. Schlitz, Esquire (by e-mail)
      Kevin Meek, Esquire (by e-mail)
      John M. DiMatteo, Esquire (by e-mail)

DC1 45684311.1

ATLANTA · BOSTON · LOS ANGELES · MINNEAPOLIS · NAPLES · SAINT PAUL · WASHINGTON, D.C.

Daniel E. Yonan, Esq.
May 19, 2006
Page 2

      Patricia Smink Rogowski, Esquire (by e-mail)
      Frederick L. Cottrell III, Esquire (by e-mail)
      Richard L. Horwitz, Esquire (by e-mail)
      Steven Balick, Esquire (by e-mail)

# **<u>EXHIBIT 15</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC,           :
                                  :
          Plaintiff,              :
                                  :
     v.                           :    Civil Action No. 05-214-JJF
                                  :
VERISIGN, INC., et al.,           :
                                  :
          Defendants.             :

## ORDER

WHEREAS, the Scheduling Order does not address fact discovery depositions;

WHEREAS, the parties have submitted their proposals for fact discovery depositions;

WHEREAS, the Court has considered the parties' respective proposals;

IT IS HEREBY ORDERED that:

1.   Fact discovery depositions may commence on **August 11, 2006** and shall be completed by **November 2, 2006**.

2.   Each fact witness' deposition shall be held on consecutive days.

3.   Unless the parties agree otherwise, no deposition shall exceed the time provided by the Federal Rules of Civil Procedure, except that 30(b)(6) witnesses may be deposed for a total of 10 hours.

4.   Defendants, as a group, are permitted to depose a total of 35 fact discovery witnesses, including 30(b)(6) witnesses.

5.    Plaintiff is permitted to depose a total of 35 fact

discovery witnesses, including 30(b)(6) witnesses.

So Ordered.

July 21, 2006

UNITED STATES DISTRICT JUDGE