IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 05-214-JJF |
| ) | |
| VERISIGN, INC., RSA SECURITY, INC., ) | |
| NETEGRITY, INC., COMPUTER ASSOCIATES ) | |
| INTERNATIONAL, INC., and JOHNSON & ) | |
| JOHNSON SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

**COMPUTER ASSOCIATES INTERNATIONAL, INC.'S ANSWER
AND COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Defendant Computer Associates International, Inc. ("Computer Associates"), files this Answer to Plaintiff's Second Amended Complaint for Patent Infringement and Demand For Jury Trial and Counterclaims ("the Second Amended Complaint"), along with its defenses, denying infringement of any valid and enforceable claim of U.S. Patent No. 6,516,416 ("the '416 Patent").

## I. ANSWER

1. Admitted.

2. Computer Associates lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Second Amended Complaint, and therefore denies them.

3. The allegations in Paragraph 3 of the Second Amended Complaint are directed at a Defendant other than Computer Associates or Netegrity Inc. ("Netegrity"), and Computer Associates lacks sufficient information to form a belief as to the truth of

the allegations set forth in Paragraph 3 of the Second Amended Complaint, and therefore denies them.

4. The allegations in Paragraph 4 of the Second Amended Complaint are directed at the activities of a Defendant other than Computer Associates or Netegrity, and Computer Associates lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Second Amended Complaint, and therefore denies them.

5. The allegations in Paragraph 5 of the Second Amended Complaint are directed at a Defendant other than Computer Associates or Netegrity, and Computer Associates lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Second Amended Complaint, and therefore denies them.

6. The allegations in Paragraph 6 of the Second Amended Complaint are directed at the activities of a Defendant other than Computer Associates or Netegrity, and Computer Associates lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Second Amended Complaint, and therefore denies them.

7. Admitted that Netegrity is a Delaware corporation. The remaining allegation in Paragraph 7 is denied.

8. Admitted that Computer Associates is a Delaware corporation. Computer Associates admits that it has a principal place of business at One Computer Associates Plaza, in the State of New York, but denies its principal place of business is in Central Islip.

9. Admitted.

10. Computer Associates denies that it is in the business of making, using, selling or offering for sale computer programming products and computer peripheral equipment. Computer Associates further denies that it is in the business of making, using, selling or offering for sale "information retrieval products," as it understands that term, but admits that certain of its products include an information retrieval function as a part thereof. Computer Associates denies that it sells or offers to sell prepackaged software products. Computer Associates denies that it sells or offers to sell IAM products in Delaware and elsewhere in the United States. Computer Associates admits that its IAM products include, but are not limited to, SiteMinder software solutions and related software products. Computer Associates denies that its IAM products include hardware related to its SiteMinder software solutions. Computer Associates denies all of the allegations in Paragraph 10 to the extent they allege that Netegrity is currently conducting business activities.

11. The allegations in Paragraph 11 of the Second Amended Complaint are directed at a Defendant other than Computer Associates or Netegrity, and Computer Associates lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Second Amended Complaint, and therefore denies them.

12. The allegations in Paragraph 12 of the Second Amended Complaint are directed at the activities of a Defendant other than Computer Associates or Netegrity, and Computer Associates lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Second Amended Complaint, and therefore denies them.

13. Admitted that Computer Associates and Netegrity are incorporated in this judicial district. Computer Associates admits that within this district it has transacted and continues to transact business, contracted and continues to contract business, and solicited and continues to solicit business. It denies that it has or is selling or offering for sale prepackaged software products. Computer Associates admits that within this district it has transacted and continues to transact business, contracted and continues to contract business, and solicited and continues to solicit business for IAM products. Computer Associates denies that within this district it has transacted and continues to transact business, contracted and continues to contract business, and solicited and continues to solicit business with regard to computer programming products and computer peripheral equipment. Computer Associates further denies that within this district it has transacted and continues to transact business, contracted and continue to contract business, and solicited and continues to solicit business with regard to "information retrieval products," as it understands that term, but admits that certain of its products include an information retrieval function as a part thereof. Computer Associates admits that within this district Netegrity transacted business, contracted business and solicited business. Computer Associates denies that Netegrity has sold or offered for sale prepackaged software products. Computer Associates admits that within this district Netegrity transacted business, contracted business, and solicited business for IAM products. Computer Associates denies that within this district Netegrity transacted business, contracted business, and solicited business with regard to computer programming products, computer peripheral equipment or information retrieval products, as it understands that term. Computer Associates denies that Netegrity is continuing to conduct business in this

district. The remaining allegations in Paragraph 13 of the Second Amended Complaint are directed at the activities of Defendants other than Computer Associates or Netegrity, and Computer Associates lacks sufficient 4 information to form a belief as to the truth of the remaining allegations set forth in Paragraph 13 of the Second Amended Complaint, and therefore denies them.

14. Admitted that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Computer Associates lacks sufficient information to form a belief as to the truth of the remaining allegation in Paragraph 14.

15. Admitted that venue is proper under 28 U.S.C. § 1400(b) with regard to Computer Associates and Netegrity. Computer Associates lacks sufficient information regarding the residency and activities of the other Defendants to form a belief regarding whether or not venue under 28 U.S.C. § 1400(b) is proper with regard to the other Defendants, and therefore denies those allegations. Computer Associates admits that venue is proper under 28 U.S.C. § 1391 (c) with regard to Computer Associates and Netegrity. Computer Associates lacks sufficient information regarding the residency and activities of the other Defendants to form a belief regarding whether or not venue under 28 U.S.C. § 1391(c) is proper with regard to the other Defendants, and therefore denies those allegations. Computer Associates lacks sufficient information to form a belief as to the truth of the allegation that venue is proper under 28 U.S.C. § 1391(b), and therefore denies that allegation.

16. Computer Associates admits that the United States Patent and Trademark Office issued the '416 Patent and admits that on its face the '416 Patent has an issue date of February 4, 2003. Computer Associates denies that the '416 Patent is valid and

therefore denies that the United States Patent and Trademark Office legally issued the '416 Patent.

17. Computer Associates incorporates by reference and thereby reasserts its responses to Paragraphs 1-16.

18. Computer Associates denies all of the allegations in Paragraph 18 of the Second Amended Complaint to the extent they are directed to Computer Associates and/or Netegrity. To the extent the allegations in Paragraph 18 of the Second Amended Complaint are directed to the activities of the Defendants other than Computer Associates and Netegrity, Computer Associates lacks information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

19. The allegations in Paragraph 19 of the Second Amended Complaint are directed at the activities of a Defendant other than Computer Associates or Netegrity, and Computer Associates lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Second Amended Complaint, and therefore denies them.

20. Prism only seeks equitable relief against Computer Associates and Netegrity and therefore has no right to a jury trial with regard to its claims against Computer Associates and Netegrity. Computer Associates requests a trial by judge.

### PRAYER FOR RELIEF

Computer Associates denies that Prism is entitled to be awarded any of the relief sought in its prayer for relief against Computer Associates and/or Netegrity. Prism's prayer for relief with regard to Computer Associates and Netegrity should, therefore, be denied in its entirety and with prejudice, and Prism should take nothing therefore. With

respect to the other Defendants, Computer Associates is without sufficient information to form a belief as to whether Prism is entitled to the relief sought or any relief whatsoever, and on that basis denies the same.

## II. DEFENSES

Computer Associates asserts the following defenses to the Second Amended Complaint:

21. Prism has failed to state a claim upon which relief can be granted.

22. Computer Associates has not infringed (literally or by equivalents), contributed to the infringement of, or induced infringement of the '416 Patent.

23. The claims in the '416 Patent are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 3S of the United States Code, including, *inter alia*, §§ 101, 102, 103, and/or 112.

24. There may be additional defenses to the cause of action alleged by Prism that are currently unknown to Computer Associates. Therefore, Computer Associates reserves the right to amend this Answer to allege additional defenses in the event discovery of other information indicates they are appropriate.

## III. COUNTERCLAIMS[1]

### Parties

25. Counterclaimant Computer Associates International, Inc. ("Computer Associates"), is a corporation organized under the laws of the State of Delaware, with an

---

[1] Plaintiff is not entitled to a jury trial against Computer Associates, Inc., and, as such, Computer Associates International, Inc. has dropped the jury demand from its counterclaim.

office and principal place of business located at One Computer Associates Plaza, Islandia, New York 11749.

26. On information and belief, counterclaim defendant Prism Technologies LLC ("Prism") is a corporation organized and existing under the laws of Nebraska with its principal place of business at 14707 California Street, Suite 5, Omaha, Nebraska 68154.

## Jurisdiction and Venue

27. The counterclaims include claims for declaratory judgment of patent non infringement and patent invalidity, and jurisdiction is proper under the Federal Declaratory Act, 28 U.S.C. §§2201 and 2202, the Patent Laws of the United States, 36 U.S.C. § 100 *et seq.*, concerning actions related to patents, and 28 U.S.C. §§ 1331, 1332, and 1338.

28. Venue is proper in this Court under 28 U.S.C. § 1400(a).

## Count One - Declaratory Relief Regarding Non-Infringement

29. Based on the filing by Prism of this suit and Computer Associates' actual defenses, an actual controversy has arisen and now exists between the parties as to whether or not Computer Associates has directly and/or indirectly infringed any valid claim of U.S. Patent No. 6,516,416 ("the '416 Patent").

30. Pursuant to Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Computer Associates requests a declaration from the Court that Computer Associates has not infringed any valid claim of the '416 Patent, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents.

### Count Two - Declaratory Relief Regarding Invalidity

31. Based on the filing by Prism of this suit and Computer Associates' defenses, an actual controversy has arisen and now exists between the parties as to the validity of each of the claims of the '416 Patent.

32. Pursuant to Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Computer Associates requests a declaration from the Court that each of the claims of the '416 Patent are invalid for failure to comply with the provisions of the patent laws, 35 8 U.S.C. § 100 *et seq.*, including, but not limited to, one or more of 3S U.S.C. §§ 101, 102, 103, and/or 112.

### IV. EXCEPTIONAL CASE

33. This is an exceptional case under 35 U.S.C. § 285 and, as such, Computer Associates is entitled to recover from Prism, Computer Associates' attorneys' fees and costs incurred in connection with this action.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| David M. Schlitz<br>BAKER BOTTS L.L.P.<br>1299 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004-2400<br>Tel: 202-639-7700 | By: */s/ David E. Moore*<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951 |
| Samir A. Bhavsar<br>Jeffrey D. Baxter<br>BAKER BOTTS L.L.P.<br>2001 Ross Avenue<br>Dallas, TX 75201-2980<br>Tel: 214-953-6500 | Wilmington, DE 19899-0951<br>Tel: 302-984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com |
| Dated: September 7, 2006 | *Attorneys for Defendant*<br>*Computer Associates International, Inc.* |

749227

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

    I, David E. Moore, hereby certify that on September 7, 2006, the attached document was hand-delivered on the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
P. O. Box 25130
Wilmington, DE 19899-5130

Frederick L. Cottrell, III
Alyssa M. Schwartz
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, DE 19899-0551

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
P. O. Box 1150
Wilmington, DE 19899

    I hereby certify that on September 7, 2006, I have Electronically Mailed the documents to the following:

Dirk D. Thomas
Robert A. Auchter
Kenneth A. Freeling
Jason R. Buratti
André J. Bahou
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, Suite 1200
Washington, DC 20006
PrismCounsel@rkmc.com

William F. Lee
David B. Bassett
Mark D. Selwyn
Gregory P. Teran
Wilmer Cutler Pickering Hale & Dorr
60 State Street
Boston, MA 02109
RSAPrismLitigation@wilmerhale.com

| | |
|---|---|
| Edward F. Mannino<br>Jason A Snyderman<br>Akin Gump Strauss Hauer & Feld LLP<br>One Commerce Square, Suite 2200<br>2005 Market Street<br>Philadelphia, PA 19103<br>VerisignPrism@akingump.com | John DiMatteo<br>Willkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York, NY 10019-6099<br>PrismLitigation-JJSI@willkie.com |
| Frank C. Cimino<br>Akin Gump Strauss Hauer & Feld LLP<br>Robert S. Strauss Building<br>1333 New Hampshire Avenue, NW<br>Washington, DC 20036-1564<br>fcimino@akingump.com | |
| | /s/ David E. Moore<br>Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP<br>Hercules Plaza – Sixth Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>(302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com |

680022