IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>        Plaintiff,<br><br>        v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>        Defendants. | Civil Action No. 05-214 JJF |

**PLAINTIFF PRISM TECHNOLOGIES LLC'S
<u>NOTICE OF DEPOSITION OF VERISIGN, INC.</u>**

Please take notice that Plaintiff Prism Technologies LLC ("Prism"), pursuant to Fed. R. Civ. P. 30(b)(6), the Court's Scheduling Order, the Court's Order of July 21, 2006 regarding depositions, and the Local Rules of the Court, will take deposition upon oral examination of Defendant VeriSign, Inc. ("VeriSign"), through one or more of VeriSign's officers, directors, managing agents, or other authorized persons who are most knowledgeable about the topics listed in Schedule B, commencing on November 2, 2006 at VeriSign's offices at 487 E. Middlefield Road, Mountain View, CA 94043 or another mutually agreeable location.

The deposition will be taken by oral examination before an officer authorized by the laws of the United States to administer oaths, and will be recorded by stenographic and/or videographic and/or audiographic means. Prism reserves the right to use the videotape of the deposition at trial under Fed. R. Civ. P. 30(b)(2) and 32. The deposition will continue from day to day until concluded or as agreed to between the parties.

635581v1

In accordance with Fed. R. Civ. P. 30(b)(6), VeriSign is advised of its duty to designate one or more of its officers, directors or other persons to testify on its behalf with respect to the topics listed below. At least one week in advance of the date of deposition, VeriSign should (1) provide a written designation of the name(s) and position(s) of the person(s) designated to testify, and (2) produce, pursuant to Fed. R. Civ. P. 34, any documents reviewed or considered in preparation for the deposition, except those documents produced in response to Prism's discovery requests may be identified by production number.

September 11, 2006                                         THE BAYARD FIRM


                                                           /s/ Richard D. Kirk (rk0922)
                                                           Richard D. Kirk (rk0922)
                                                           Ashley B. Stitzer (as3891)
                                                           222 Delaware Avenue, Suite 900
                                                           Wilmington, Delaware 19899
                                                           (302) 655-5000
                                                           rkirk@bayardfirm.com
                                                           astitzer@bayardfirm.com

                                                           ATTORNEYS FOR PLAINTIFF
                                                           PRISM TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 775-0725

## SCHEDULE A

## DEFINITION AND INSTRUCTIONS

A. "The '416 patent" or "patent-in-suit" refers to United States Patent No. 6,516,416, entitled "Subscription Access System For Use With An Untrusted Network."

B. "Identity and Access Management" or "IAM" shall mean software and hardware intended to identify users in a system (employees, customers, contractors, etc.) and control their access to resources within that system by associating user rights and restrictions with the established identity, including but not limited to Web single sign-on (SSO), advanced authentication, and/or strong authentication used with USB tokens, Smart Cards, and/or digital identification.

C. "Go Secure" or "Go Secure Authentication Suite" refers to VeriSign's suite of managed authentication and security services, and the related software and hardware, that perform Identity and Access Management.

D. "Unified Authentication," "UA," or "Unified Authentication Suite" refers to VeriSign's suite of managed authentication and security services, and the related software and hardware, that perform Identity and Access Management.

E. "VeriSign Identity Protection" or "VIP" refers to VeriSign's suite of managed authentication and security services, and the related software and hardware, that perform Identity and Access Management.

F. "VeriSign," "Defendant," "you," or "your" refers to VeriSign, Inc., its officers, employees, counsel, agents, consultants, and representatives and includes joint ventures and other legal entities which are wholly or partially owned or controlled by

VeriSign, Inc., either directly or indirectly, and the officers, employees, counsel, agents, consultants, and representatives of these divisions, subsidiaries, and joint ventures.

G. The term "person" refers to natural persons, organizations, firms, corporations, and other legal entities, whether or not in the employ of plaintiff, and the acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

H. To "identify" a person means to state the person's name, occupation, job title, and current business address, or if unknown, the last-known business and home address. Unless it otherwise appears from the context, a request for identity or to identify a person relates to all persons in such category or classification.

I. The term "document" has the meaning prescribed for "documents and things" in Fed. R. Civ. P. 34(a) and includes the original and every non-identical copy or reproduction in the possession, custody or control of Computer Associates International, Inc. and Netegrity, Inc.

J. To "identify" any document or thing means:

    i. to provide a brief description of such documents sufficient to support a request under Rule 34;

    ii. to state the custodian of the document or the thing by name, job title, employer, and address;

    iii. to state the place where the document or thing may be inspected; and

    iv. if a copy of the document has been previously supplied to defendants to so state and to specifically identify the previously

supplied copy by reference to production numbers or other identifying information.

K. In construing these Topics, the singular shall include the plural, and the plural shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of these Topics all information that might otherwise be construed to be outside their scope.

L. The term "Accused Software Products" refers to the following VeriSign products used in IAM solutions, including:

    i. Unified Authentication;

    ii. Go Secure; and

    iii. VeriSign Identity Protection (a.k.a. "VIP").

M. The term "Accused Hardware Products" refers to the following VeriSign hardware tokens, smart cards, and Trusted Platform Module products used in IAM solutions, including:

    i. VeriSign Unified Authentication Token;

    ii. VeriSign Multipurpose Next-Generation Token;

    iii. VeriSign Secure Storage Token; and

    iv. VeriSign USB Token.

N. "Authentication" refers to the process of confirming the identity of an individual or organization, or to prove the ownership or integrity of specific information. *See, e.g.,* VERI 0018104.

O. "Authentication Services" refers to VeriSign's products and services that provide the foundation needed to establish identity and create trusted relationships in the digital world.

*See, e.g.,* VERI 0018105.

P. "In-Premise Validation" refers to VeriSign's validation model in which the authentication of the second factor is done through a token store located at [the enterprise's] site. *See, e.g.,* VERI 1596755.

Q. "VeriSign-Hosted Validation" refers to a validation model in which the authentication of the second factor is done through a token store located at VeriSign. *See, e.g.,* VERI 1596762.

## SCHEDULE B

## **DEPOSITION TOPICS**

1. VeriSign's sales, revenue, profit, and income for the Accused Software Products and the Accused Hardware Products.

2. VeriSign's pricing of the Accused Software Products and the Accused Hardware Products.

3. The gross and net sales figures and/or distribution (by unit sales volume and by dollar sales volume) since 2003, whether inside or outside the United States, for the Accused Software Products and the Accused Hardware Products on a monthly, quarterly, and annual basis, or on whatever timeframe VeriSign regularly keeps records of gross or net sales figures or distribution records.

4. The gross and net profits (by unit sales volume and by dollar sales volume) since 2003, whether inside or outside the United States, for the Accused Software Products and the Accused Hardware Products on a monthly, quarterly, and annual basis, or on whatever timeframe VeriSign regularly keeps records of gross or net profit figures or distribution records.

5. The gross and net revenue, profit, and income (by unit sales volume and by dollar sales volume) since 2003, generated by any of VeriSign's Authentication Service(s), including installations configured in the "In-Premise Validation" and/or "VeriSign-Hosted Validation" models.

6. Each marketing, pricing, advertising, sales, sales projection, market study, license, memorandum of understanding, agreement, royalty payment, promotional document, advertisement, or audiovisual aid relating to or referring to the Accused Software Products and/or the Accused Hardware Products since the time those products were first made by or for VeriSign.

7. VeriSign's licensing policies for the Accused Software Products and the Accused Hardware Products since 2003.

8. Each patent licensing or royalty agreement for IAM solutions dated in or after 2003 that VeriSign has in its possession, custody, or control.

9. The monetary or other valuation of each of VeriSign's patent licensing or royalty agreements for IAM solutions dated in or after 2003 that does not contain terms for royalty payments.

10. Any royalty or license fees received or paid by VeriSign since 2003 for IAM solutions.

11. VeriSign's policies regarding licensing its patents or other Intellectual Property, and its policies relating to taking of license under Intellectual Property owned by others.

12. VeriSign's marketing of the Accused Software Products and the Accused Hardware Products.

13. VeriSign's knowledge of and the identities of its customers, resellers, distributors, and business partners who have purchased, implemented, configured, integrated, and/or procured the Accused Software Products.

14. VeriSign's knowledge of and the identities of its customers, resellers, distributors, and business partners who have purchased, implemented, configured, integrated, and/or procured the Accused Software Products with Accused Hardware Products.

15. The generation of, purpose for, and the identification of the authors and/or contributors to VeriSign's proposals to potential customers to implement the Accused Software Products and Accused Hardware products, including for example document(s) bearing bates numbers VERI 0009709-9735, VERI 0009820-9839 (VeriSign's Solution for eBay, Inc.).

16. Installation, system integration, education, consulting, training, certification, customer support, and/or sales support provided by VeriSign for the Accused Software Products.

17. Installation, system integration, education, consulting, training, certification, customer support, reseller support, distributor support, business partner support, and/or sales support provided by VeriSign for the Accused Software Products used with the Accused Hardware Products.

18. The role, purpose, and involvement of VeriSign in the organization known as the "Initiative for Open Authentication" (a.k.a. OATH).

19. The role, purpose, and involvement of VeriSign in the organization known as the "Liberty Alliance Project."

20. The role and involvement of VeriSign or any of its business partners for purposes of marketing, advertising, promoting, selling, offer to sell, installing, integrating, implementing, managing, and/or third-party hosting of the Accused Software Products when used with the Accused Hardware Products.

21. The use of USB tokens, smart cards, and Trusted Platform Modules in the Strong Authentication market.

2

22. The growth of the use of USB tokens and/or smart cards in the Strong Authentication market as described in the "OATH Marketing Overview" VERI 0003849-3863.

23. VeriSign's expected growth in the authentication market, including the rationale and basis for projections incorporated in VERI 0040968-992.

24. VeriSign's strategy for growth in the security and authentication market, including the rationale and basis for statements in VERI 0043055-136, VERI 0043532-579.

25. Any customer or user group from which VeriSign seeks feedback regarding VeriSign's IAM solutions.

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on September 11, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Frederick L. Cottrell, III, Esq.
Alyssa M. Schwartz, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document were sent by hand on September 11, 2006 to the above counsel and by first-class mail or overnight delivery as indicated to the below counsel:

*Via Federal Express*

John DiMatteo, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

William Lee, Esq.
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA 02109

Jason Snyderman, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

Frank C. Cimino, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

587422v1

David M. Schlitz
Baker Botts L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC  20004-2400

Samir A. Bhavsar
Jeffrey D. Baxter
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, TX  75201-2980

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

587422v1