# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC,                )
                                       )
      Plaintiff,                       )
                                       )       **REDACTED PUBLIC VERSION**
     v.                               )
                                       )       Civil Action No. 05-214-JJF
VERISIGN, INC., RSA SECURITY, INC.,    )
NETEGRITY, INC., COMPUTER              )
ASSOCIATES INTERNATIONAL, INC., and    )
JOHNSON & JOHNSON SERVICES, INC.,      )
                                       )
      Defendants.                      )
                                       )

## DEFENDANT JOHNSON & JOHNSON SERVICES, INC.'S OPPOSITION TO PLAINTIFF PRISM TECHNOLOGIES LLC'S SECOND MOTION TO COMPEL

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendant Johnson & Johnson Services, Inc.*

*Of Counsel:*

John M. DiMatteo
Neal K. Feivelson
Leslie M. Spencer
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8130

Dated: September 13, 2006

To date, JJSI has produced more than 37,000 pages of documents, including system design specifications, architecture documents and flow diagrams. Prism's second motion to compel seeks a specific type of document -- documents detailing "the content and timing of message and data flow" -- that Prism surmises are in JJSI's possession based on nothing more than conjecture. (D.I. 215 at 3.) Yet Prism has not identified a single JJSI document that references such a document. Nor has Prism deposed a single JJSI witness to determine whether such documents exists, even though such a witness has been made available. Prism's second motion to compel is at best premature -- in reality, it is completely misguided because JJSI has produced the relevant documents.

Prism's instant motion also asks this Court to revisit its July 21, 2006 decision concerning disclosure of third-party software licensed by JJSI. Prism concedes that JJSI complied with the Court's Order by designating the agreements supporting its claim of confidentiality. (D.I. 215 at 2.) Yet Prism asks for a second bite at the apple. Prism's second motion to compel should be denied in all respects.

## **BACKGROUND**

Following a reasonable search, JJSI has produced over 37,000 pages of documents responsive to Prism's Rule 34 requests. The production includes flow diagrams, such as those identified in Prism's Rule 30(b)(6) notice (D.I. 216, Ex. 4), that depict information flows between the components of JJSI's identity token and remote access solution -- the allegedly infringing system. See attached exhibit 1 ("Ex. 1"). Other documents produced include system design specifications and architecture documents, such as the System Design Specification of the Johnson & Johnson Enterprise Directory and Security, and the Johnson & Johnson Enterprise Directory and Security (JJEDS) Public Key Infrastructure Application Developer's Guide.

On September 6, 2006, JJSI will produce a witness in response to Prism's 30(b)(6) notice served August 15. (D.I. 216, Ex. 4.) JJSI's designee, Thomas Bunt, is Director, World Wide Information Security, and among the persons most knowledgeable about JJSI's identity token and remote access solution. Contrary to Prism's assertions, JJSI never refused to produced this witness. On August 22, 2006, six days before Prism filed the instant motion, JJSI agreed to produce the witness. See Ex. 2. Contemporaneous with Prism's filing, JJSI offered September 6th as the deposition date. See Ex. 3.[1] In addition, JJSI agreed to provide a demonstration of its identity token and remote access solution.

Prism's instant motion also renews the request of its July 7 motion to compel for production of the third party software that JJSI licenses as part of its identity token and remote access solution, even though Prism concedes that JJSI has complied with this Court's July 27, 2006 Order concerning the requested software. (D.I. 215 at 2.)

## ARGUMENT

Prism cannot deny that JJSI has produced flow diagrams describing the information transmitted between components of its identity token and remote access solution. Its Rule 30(b)(6) notice identifies such flow documents. See Ex. 1. One such document, JJ004426, includes arrowed flows related to identity data transmission. Other documents detail the relevant data structures and how to access them. For example, the JJEDS Public Key Infrastructure Application Developer's Guide identifies the content of digital identity certificates and provides sample source code for accessing the certificates. See Ex. 4. Rather than explore the details

---

[1]    In preparation for the recently noticed 30(b)(6) deposition, JJSI identified an electronic repository with responsive documents largely duplicative of JJSI's prior productions. Out of an abundance of caution JJSI produced these duplicate documents to Prism last week.

underlying such documents with JJSI, Prism mocks the documents as "cartoon-like" and asks

this Court to order JJSI to produce different documents more to Prism's liking. (D.I. 215 at 3.)[2]

       Prism filed this motion to compel without pointing to a single JJSI document that

suggests the existence of the particular type of documents that Prism seeks. Nor has Prism

deposed a single JJSI witness to determine whether the documents exist, when six days prior to

Prism filing its motion, JJSI agreed to provide such a witness. See Ex. 2. That the documents

produced by JJSI do not satisfy Prism's expectations is no basis for a motion to compel.[3]

       Prism's motion also seeks a second bite at the apple concerning the third-party

software that JJSI licenses as part of its identity token and remote access solution. In response to

Prism's first motion to compel, on July 21, 2006, the Court ordered JJSI to "specifically object to

the requests by designating the agreements that support a claim of confidentiality." (D.I. 155.)

Prism does not deny that JJSI complied with this Order. (D.I. 215, at 2 and D.I. 216, Ex. 2.) Yet

Prism asks this Court to revisit its decision without identifying any new circumstances to justify

such a request.

       Instead Prism points to the protective order in this case. (D.I. 215 at 4.) But

Prism fails to cite to any provision of the protective order that specifically governs the

production by a party of documents that are covered by a confidentiality agreement with a third

party. Prism also argues that it cannot obtain the software directly from the third party suppliers.

But this argument also fails.

---

[2]    In any event, the asserted claims do not require the level of specificity that Prism seems to seek. The documents produced by JJSI provide as least as much detail as the specification and figures of Prism's patent. See, e.g., D.I. 216, Ex. 6, at FIGS. 1-3, 17.

[3]    Prism's complaints about a lack of "sufficient detail" are ironic given Prism's failure to provide detailed infringement contentions to JJSI. By Prism's own admission, the "clearinghouse" is central to its invention. (D.I. 215 at 3.) However, Prism has never articulated an infringement position with respect to this important claim element. Prism cites to the U.S. District Court for the Northern District of California Patent Local Rules 3-4 (D.I. 215 at 4, n.15), but omits the portion of the rules requiring "a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality."

Contrary to Prism's assertions, JJSI has not acted as a "system integrator."  JJSI merely installed third-party shrink wrap software from its suppliers.  It has not customized or changed the functionality of the third party software in any manner.  To any extent that Prism has shown a need for the requested software (and it has not), such software is available by subpoena.  Indeed, Prism has served a non-party subpoena upon SafeNet, Inc., the provider of JJSI's identity token and access software, for its software and hardware.  See Ex. 5.  There is no reason why Prism cannot similarly subpoena the other suppliers.

## CONCLUSION

For all the reasons stated above, JJSI respectfully requests that Prism's Second Motion to Compel be denied in all respects.

ASHBY & GEDDES

/s/ Steven J. Balick

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendant Johnson & Johnson Services, Inc.*

*Of Counsel:*

John M. DiMatteo
Neal K. Feivelson
Leslie M. Spencer
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY  10019-6099
(212) 728-8130

Dated:  September 5, 2006

4

# EXHIBIT 1

# REDACTED

# EXHIBIT 2

## Lee, David

| | |
|---|---|
| **From:** | Spencer, Leslie |
| **Sent:** | Tuesday, August 22, 2006 9:18 AM |
| **To:** | 'Burgy, Aziz'; PrismLitigation-JJSI |
| **Cc:** | PrismCounsel |
| **Subject:** | RE: Prism Technologies LLC v. VeriSign, Inc., et al. |

Aziz-

JJSI will not produce a witness this Friday for the 30(b)(6) deposition that Prism noticed last week.

We will work with Prism to set a mutually convenient time for this deposition, subject to JJSI's right to raise objections to the Deposition Topics.

Among other things, JJSI objects to the Deposition Topics to the extent that they (a) seek testimony or information protected by the attorney-client privilege, attorney work product doctrine or other immunity from disclosure, and (b) seek to impose any obligations different from, or in addition to, those set forth in the Federal Rules of Civil Procedure or in the Local Rules of the United States District Court for the District of Delaware.

As to location, we propose Willkie Farr's New York offices.

We will provide you dates of availability for JJSI's witness shortly.

Regards, Leslie.

> -----Original Message-----
> **From:** Burgy, Aziz [mailto:ABurgy@rkmc.com]
> **Sent:** Tuesday, August 22, 2006 2:50 PM
> **To:** PrismLitigation-JJSI
> **Cc:** PrismCounsel
> **Subject:** Prism Technologies LLC v. VeriSign, Inc., et al.
>
> >>>> Please read the confidentiality statement below <<<<
>
> Dear Leslie,
>
> Per my voicemail of yesterday, please confirm whether JJSI will be producing a witness for the 30(b)(6) deposition scheduled for this Friday.
>
>
> Thanks,
>
> Aziz
>
> **Aziz Burgy**
> Robins, Kaplan, Miller & Ciresi L.L.P.
> 1801 K Street, N.W.
> Suite 1200
> Washington, D.C. 20006-1307
> Office phone: (202) 736-2705
> Facsimile: (202) 223-8604
> E-mail address: aburgy@rkmc.com

☒ http://www.rkmc.com

---

Information contained in this e-mail transmission is privileged,
confidential and covered by the Electronic Communications
Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute,
or reproduce this transmission.

If you have received this e-mail transmission in error, please
notify us immediately of the error by return email and please
delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal
Revenue Service, any tax advice contained in this
communication (including any attachments) is not intended
to be used, and cannot be used, for purposes of (i) avoiding
penalties imposed under the U. S. Internal Revenue Code
or (ii) promoting, marketing or recommending to another
person any tax-related matter.

Thank you in advance for your cooperation.

Robins, Kaplan, Miller & Ciresi L.L.P.
http://www.rkmc.com

---

# EXHIBIT 3

## Lee, David

| | |
|---|---|
| **From:** | Spencer, Leslie |
| **Sent:** | Monday, August 28, 2006 6:27 PM |
| **To:** | 'Burgy, Aziz' |
| **Cc:** | PrismCounsel; PrismLitigation-JJSI |
| **Subject:** | RE: Prism v. VeriSign et al. |

Aziz-

Well before Prism filed its Second Motion to Compel this afternoon, you and I completed a teleconference in which JJSI agreed to provide its 30(b)(6) designee on September 6, 2006 and to provide a Rule 34 inspection on September 12 or 13, 2006. You indicated that you would confirm Prism's availability.

At no time during our teleconference did you indicate that Prism intended to file its motion today, or even raise other issues that Prism sought to resolve.

As a result, I must assume that you do not have authority to negotiate on behalf of Prism.

Please let me know who at Robins Kaplan or The Bayard Firm does have such authority.

Thank you,

Leslie M. Spencer
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
(212) 728-8782 Phone
(917) 836-9379 Mobile
(212) 728-9782 Fax
lspencer@willkie.com

-----Original Message-----
**From:** Burgy, Aziz [mailto:ABurgy@rkmc.com]
**Sent:** Monday, August 28, 2006 4:41 PM
**To:** PrismLitigation-JJSI
**Cc:** PrismCounsel
**Subject:** Prism v. VeriSign et al.

>>>> Please read the confidentiality statement below <<<<

Leslie,

Please confirm that September 6, 2006 at 9:00 a.m. works for the Rule 34 inspection of JJSI headquarters.

Also, we await your response regarding availability dates for JJSI's 30(b)(6) designee.

Thanks,

Aziz

9/5/2006

**Aziz Burgy**
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, N.W.
Suite 1200
Washington, D.C. 20006-1307
Office phone:  (202) 736-2705
Facsimile: (202) 223-8604
E-mail address: aburgy@rkmc.com

http://www.rkmc.com

Information contained in this e-mail transmission is privileged,
confidential and covered by the Electronic Communications
Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute,
or reproduce this transmission.

If you have received this e-mail transmission in error, please
notify us immediately of the error by return email and please
delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal
Revenue Service, any tax advice contained in this
communication (including any attachments) is not intended
to be used, and cannot be used, for purposes of (i) avoiding
penalties imposed under the U. S. Internal Revenue Code
or (ii) promoting, marketing or recommending to another
person any tax-related matter.

Thank you in advance for your cooperation.

Robins, Kaplan, Miller & Ciresi L.L.P.
http://www.rkmc.com

# EXHIBIT 4

**REDACTED**

# EXHIBIT 5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC

       Plaintiff,

    v.

VERISIGN, INC., RSA SECURITY, INC.,
NETEGRITY, INC., COMPUTER
ASSOCIATES INTERNATIONAL, INC.,
and JOHNSON & JOHNSON SERVICES,
INC.,

       Defendants.

Civil Action No. CA 05-214 JJF

## NOTICE OF SUBPOENA *DUCES TECUM*
## DIRECTED TO NON-PARTY SAFENET, INC.

**TO:**

Frederick L. Cottrell, III, Esq.
Alyssa M. Schwartz, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

John DiMatteo, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

William Lee, Esq.
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA 02109

Jason Snyderman, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

Frank C. Cimino, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

David M. Schlitz
Baker Botts L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400

Samir A. Bhavsar
Jeffrey D. Baxter
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, TX 75201-2980

PLEASE TAKE NOTICE that pursuant to Rules 34 and 45 of the Federal Rules of Civil

Procedure and the Local Rules, Plaintiff Prism Technologies, LLC, by and through its counsel,

will serve a subpoena *duces tecum* on SafeNet, Inc. ("SafeNet") to produce documents.

Attached hereto is a true and correct copy of the subpoena. As indicated in the subpoena,

SafeNet shall produce the documents or things called for by the topics of the attached Schedule

B on August 10, 2006.

THE BAYARD FIRM

July 27, 2006

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com

ATTORNEYS FOR PLAINTIFF PRISM
TECHNOLOGIES LLC

OF COUNSEL:
Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 775-0725

- 2 -

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

PRISM TECHNOLOGIES LLC,

      Plaintiff,

         v.

VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CA 05-214 JJF
Venued in the US District Court
for the District of Delaware

TO:    SafeNet, Inc. c/o The Corporation Trust Incorporated
       300 E Lombard St
       Baltimore, MD  21202

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached schedule(s).

| PLACE  SafeNet, Inc.<br>4690 Millenium Dr.<br>Belcamp, MD 21017<br>Or mutually agreed upon location | DATE AND TIME<br>**August 10, 2006**<br>**9:00 a.m.** |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify  Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| , Counsel for Plaintiff | July 27, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Aziz Burgy, Esq., Robins, Kaplan, Miller & Ciresi L.L.P., Suite 1200, 1801 K Street N.W., Washington, DC 20006, (202) 775-0725 (phone); (202) 223-8604 (fax)

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on reverse)

---

[1]  If action is pending in district other than district of issuance, state district under case number

AO 88 (Rev. 11/91) (Subpoena in a Civil Case)

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                      DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2)   (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service. serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3)   (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance;

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides. is employed or regularly transacts business in person. except that, subject to the provisions of clause (c) (3) (B)( iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held. or the demanding party to contest the claim

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden

(B) if a subpoena

(i)   requires disclosure of a trade secret or other confidential research. development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial. the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena. or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated. the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials. the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications. or things not produced that is sufficient to enable the demanding party to contest the claim

## SCHEDULE A

## INSTRUCTIONS AND DEFINITIONS

A.    "The '416 patent" or "patent-in-suit" refers to United States Patent No. 6,516,416, entitled "Subscription Access System For Use With An Untrusted Network."

B.    "Identity and Access Management" or "IAM" shall mean software and hardware intended to identify users in a system (*e g.*, employees, customers, contractors, etc.) and control their access to resources within that system by associating user rights and restrictions with the established identity, including but not limited to Web single sign-on (SSO), advanced authentication, and/or strong authentication used with USB tokens, Smart Cards, and/or digital identification.

C.    "Roadmap" refers to a document that details a program for future development, indicating what will be developed or implemented, and when.

D.    "Original Equipment Manufacturer" or "OEM" refers to a company that builds products or components which are used in products sold by another company.

E.    "VeriSign's Accused Products" refers to each and every IAM product Prism alleges VeriSign, Inc. made, used, sold, or offered to sell that infringes on the '416 patent, specifically including, but not limited to:

      a.    Unified Authentication;

      b.    GoSecure;

      c.    Verisign Identity Protection (a.k.a. VIP);

      d.    Verisign Unified Authentication Token;

      e.    VeriSign Multipurpose Next-Generation Token;

      f.    VeriSign Secure Storage Token; and

g.    VeriSign USB Token.

F.    "CA's Accused Products" refers to each and every IAM product Prism alleges Computer Associates International, Inc. and/or Netegrity, Inc. made, used, sold, or offered to sell that infringes on the '416 patent, specifically including, but not limited to:

a.    SiteMinder (now known as eTrust SiteMinder); and

b.    TransactionMinder (now known as eTrust TransactionMinder).

G.    "RSA's Accused Products" refers to each and every IAM product Prism alleges RSA Security, Inc. made, used, sold, or offered to sell that infringes on the '416 patent, specifically including, but not limited to:

a.    ClearTrust (now known as Access Manager);

b.    ClearTrust with Sign-On Manager;

c.    ClearTrust with Federated Identity Management;

d.    Validation Solution;

e.    Authentication Manager (a.k.a. ACE/Server and ACE/Agent);

f.    GO ID Authentication Service;

g.    RSA SecureID Appliance bundled with Authentication Manager;

h.    RSA SID800 Hardware Authenticator;

i.    RSA 5100 Smart Card;

j.    RSA 5200 Smart Card; and

k.    RSA 6100 USB Authenticator.

H.    "Defendant," "Defendants," "they," or "their" refers to VeriSign, Inc., Computer Associates International, Inc., Netegrity, Inc., RSA Security, Inc., and/or Johnson & Johnson Services, Inc., their officers, employees, counsel, agents, consultants, and representatives and

includes joint ventures and other legal entities which are wholly or partially owned or controlled by VeriSign, Inc., Computer Associates International, Inc., Netegrity, Inc., RSA Security, Inc., and/or Johnson & Johnson Services, Inc., either directly or indirectly, and the officers, employees, counsel, agents, consultants, and representatives of these divisions, subsidiaries, and joint ventures.

     I.     "Defendants' Accused Products" refers to each and every IAM product Prism alleges any of the Defendants made, used, sold, or offered to sell that infringes on the '416 patent, specifically including, but not limited to each and every product enumerated in VeriSign's Accused Products, CA's Accused Products, and RSA's Accused Products.

     J.     "Token" or "Hardware Token" refers to any USB token device, Smart Card, or other device capable of digital identification such as, but not limited to, the Aladdin eToken PRO, Aladdin eToken R2, Aladdin eToken NG-Flash, Aladdin eToken Pro (Smart Card), Aladdin eToken NG-OTP, Verisign Unified Authentication Token, VeriSign Multipurpose Next-Generation Token, VeriSign Secure Storage Token, VeriSign USB Token, SafeNet iKey 1000, SafeNet iKey 2032, SafeNet Smart Card Model 330, SafeNet Smart Card Model 330J, RSA SID800 Hardware Authenticator, RSA 5100 Smart Card, RSA 5200 Smart Card or RSA 6100 USB Authenticator.

     K.     "SafeNet, Inc.," "SafeNet," "you," or "your" refers to SafeNet, Inc., its officers, employees, counsel, agents, consultants, and representatives and includes joint ventures and other legal entities which are wholly or partially owned or controlled by SafeNet, either directly or indirectly, and the officers, employees, counsel, agents, consultants, and representatives of these divisions, subsidiaries, and joint ventures.

L.     The term "person" refers to natural persons, organizations, firms, corporations, and other legal entities, whether or not in the employ of SafeNet, and the acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

M.     To "identify" a person means to state the person's name, occupation, job title, and current business address, or if unknown, the last-known business and home address. Unless it otherwise appears from the context, a request for identity or to identify a person relates to all persons in such category or classification.

N.     The term "document" as used herein has the broad meaning prescribed for "documents or things" in Fed. R. Civ. P. 34(a) and includes the original and every non-identical copy or reproduction in the possession, custody or control of SafeNet.

O.     To "identify" any document or thing means:

    i.     to provide a brief description of such documents sufficient to support a request under Rule 34;

    ii.     to state the custodian of the document or the thing by name, job title, employer, and address;

    iii.     to state the place where the document or thing may be inspected; and

    iv.     if a copy of the document has been previously supplied to defendants to so state and to specifically identify the previously supplied copy by reference to production numbers or other identifying information.

P.     Unless it otherwise appears from the context, a request for identity of a person relates to all persons in such classification or category.

Q.    In construing these Requests, the singular shall include the plural, and the plural shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of these requests all information that might otherwise be construed to be outside their scope.

## CLAIMS OF PRIVILEGE

If you contend that you are entitled on the basis of any claim of privilege to withhold production of any documents requested herein, provide the following information with respect to each such document:   (1) the date; (2) author(s)/sender(s); (3) recipient(s), including copy recipients; and (4) general subject matter of the document.   The sender(s) and recipient(s) shall be identified by position and entity (corporation or firm, etc.) with which they are employed or associated.   If the sender or the recipient is an attorney or a foreign patent agent, he or she shall be so identified.

## SCHEDULE B

## REQUESTS FOR PRODUCTION

1.      Documents relating to or comprising SafeNet's Technology Partner Agreement with Netegrity, Inc. and/or Computer Associates International, Inc., including, but not limited to, any related communications between SafeNet and Netegrity, Inc. and/or Computer Associates International, Inc.

2.      Documents relating to or comprising the drafting, editing or publishing of "SiteMinder and iKey Integration Guide" including, but not limited to, any related communications between SafeNet and Netegrity, Inc. and/or Computer Associates International, Inc.

3.      Documents sufficient to describe SafeNet's product support, training, testing or implementation of its iKey product line with any IAM products, including, but not limited to, the Defendants' Accused Products.

4.      Documents sufficient to describe SafeNet's partnerships, business agreements, corporate alliances, or OEM arrangements with any of the Defendants and that relate to IAM products or solutions.

5.      Documents sufficient to describe the installation, configuration, implementation, or use of SafeNet's Hardware Tokens with any of the Defendants' Accused Products.

6.      Documents sufficient to describe the installation, configuration, implementation, support, training, testing or use of SafeNet's Hardware Tokens with Johnson & Johnson Services, Inc.'s Public Key Infrastructure including, but not limited to, any related communications between SafeNet and Johnson & Johnson Services, Inc.

7.     Documents sufficient to describe all instances where SafeNet has sold, offered to sell, marketed, or promoted its Hardware Tokens with any of the Defendants' Accused Products.

8.     One set of each piece of IAM software, software code, and/or Hardware Token sold or offered for sale by SafeNet that is capable of being used with, provisioned for use with, or designed to be used with any of the Defendants' Accused Products.

9.     Documents sufficient to identify each SafeNet customer who uses SafeNet's products with any of the Defendants' Accused Products.

10.     Documents sufficient to describe SafeNet's marketing of its Hardware Tokens, including, but not limited to, any potential user's cost savings, financial incentive, or return on investment (ROI) from using SafeNet Hardware Tokens with any IAM product.

DCI 45686814 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>Plaintiff,<br><br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>Defendants. | Civil Action No. CA 05-214 JJF |

**STIPULATED JOINT PROTECTIVE ORDER**

WHEREAS Plaintiff Prism Technologies LLC ("Prism") and Defendants VeriSign, Inc., RSA Security, Inc., Netegrity Inc., Computer Associates International, Inc., and Johnson & Johnson Services, Inc. (collectively the "Parties") believe that certain information encompassed by discovery requests made in this Action may constitute trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure ("Rule 26") or Local Rules of the Court; and

WHEREAS the Parties have mutually agreed that it would serve their respective interests to conduct discovery under a protective order pursuant to Rule 26(c);

IT IS HEREBY ORDERED that:

1. This Protective Order shall apply to all information, documents and things subject to discovery in this Action and within the possession, custody or control of the Parties, their parent, subsidiaries, affiliates or other related entities, and believed by a party or its related entity or non-party to contain trade secrets or other confidential research, development and/or commercial information within the meaning of Rule 26(c) (hereafter "Confidential Material" or "Attorneys' Eyes Only Material"), including, without limitation, testimony adduced at deposition upon oral examination or upon written questions, answers to interrogatories, documents produced, information obtained from inspection of premises or things, answers to requests for admission, information disclosed pursuant to subpoena under Rule 45 of the Federal Rules of Civil Procedure ("Rule 45"), and all other discovery taken pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Delaware. As used herein, "Action" shall mean the above-styled litigation; "opposing party"

shall mean, with respect to Plaintiff, any of the Defendants, and with respect to any of the Defendants, the Plaintiff.

2. In determining the scope of information which a party may designate as its "Confidential" or "Attorneys' Eyes Only Material," each party agrees that designations of information as "Confidential" or "Attorneys' Eyes Only Material" and responses to requests to permit further disclosure of "Confidential" or "Attorneys' Eyes Only Material" shall be made in good faith.

3. Nothing in this Protective Order shall preclude any party from disclosing or using, in any matter or for any purpose, any information which (i) is public knowledge; (ii) was lawfully in the receiving party's possession prior to being designated as Confidential or Attorney's Eyes Only Material in this Action; or (iii) was obtained from a third party having the apparent right to disclose such information without restriction or obligation of confidentiality. Such restrictions and obligations shall not be deemed to prohibit discussions regarding any Confidential or Attorney's Eyes Only Material with any person if said person already has or obtains legitimate possession thereof without restriction or obligation of confidentiality.

4. This Protective Order also applies to any documents or other materials exchanged or produced pursuant to any alternative dispute resolution proceeding or testimony adduced at trial only if such proceedings are sealed pursuant to this protective order at the introduction of such testimony, matters in evidence filed under seal and all other information which the producing party designates as Confidential Material or Attorneys' Eyes Only pursuant to paragraph 5 of this Protective Order.

5. The producing party shall label or mark each document and thing that it deems to be Confidential Material with the legend "CONFIDENTIAL." Each document and thing a producing party deems to be Attorneys' Eyes Only Material shall be marked "ATTORNEYS' EYES ONLY" or in the alternative, "HIGHLY CONFIDENTIAL." Throughout this Protective Order, any reference to "ATTORNEYS' EYES ONLY" shall be a synonymous reference to "HIGHLY CONFIDENTIAL."

(a)    "Confidential Material" as referenced in this Order includes all information that a designating party reasonably and in good faith believes constitutes or discloses trade secret or other confidential research, development, or commercial information.

(b)    "Attorneys' Eyes Only" as referenced in this Order shall be limited to Confidential Material regarding current products, products in development, or non-public financial information including, but not limited to, sales and/or profits of the accused infringing products.

(c)    If a document is designated "Confidential" or "Attorneys' Eyes Only," such notations shall be placed on every page of each document designated, or in the case of tangible objects, on a label or tag attached to the objects or the container of the objects.

6. The designation of Confidential Material or Attorneys' Eyes Only Material shall be understood to encompass not only the material expressly designated, but also any information derived therefrom, and all copies, recordings, abstracts, excerpts, analyses, and summaries

2

thereof, as well as testimony and oral conversation derived therefrom and related thereto. However, nothing in this Protective Order shall bar or otherwise restrict any outside counsel or in-house counsel from discussing this Action or rendering legal advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of Confidential Material or Attorneys' Eyes Only Material, provided that in rendering such advice or in otherwise communicating with his or her client, such counsel shall not make any disclosure of Confidential Material or Attorneys' Eyes Only Material to any person not entitled to have access to it.

7.  The labeling or marking of a document with the designation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be made when a copy of the document or thing is provided to the receiving party. Any such designation that is inadvertently omitted may be corrected by written notification to counsel for the receiving party, and the receiving party shall thereafter mark and treat the materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and such material shall be subject to this Protective Order as if it had been initially so designated. If, prior to receiving such notice, the receiving party has disseminated the Confidential or Attorneys' Eyes Only Material to individuals not authorized to receive it hereunder, it shall make every reasonable effort to retrieve the Confidential or Attorneys' Eyes Only Material or to otherwise assure that the recipient(s) maintain the confidentiality of the Confidential or Attorneys' Eyes Only Material, but shall have no other responsibility or obligation in respect to the information disseminated.

8.  In the case of deposition upon oral examination or written questions, such testimony shall be deemed "Attorneys' Eyes Only" until the expiration of thirty (30) days after the deposition. Pages or entire transcripts of testimony given at a deposition or hearing may be designated as Confidential Material or Attorneys' Eyes Only by an appropriate statement either at the time of the giving of such testimony or by written notification within thirty (30) days after the deposition.

9.  In the event that the producing party elects to produce material for inspection pursuant to Federal Rule of Civil Procedure 34(b), no designation need be made prior to the inspection. For purposes of the inspection, all material shall be considered Attorneys' Eyes Only and inspected only by those persons permitted access to Attorneys' Eyes Only. Prior to furnishing copies of inspected material, the producing party shall have an opportunity to label the material with a "Confidential" or "Attorneys' Eyes Only" marking.

10. In the absence of express written permission from the producing party or an Order of this Court, a receiving party shall not disclose or show any Confidential or Attorneys' Eyes Only Material, including material previously produced as confidential, to any person, nor shall the form or substance of the contents thereof be disclosed to or discussed with any person, other than the following (subject to the limitations identified in this paragraph):

(a) The United States District Court for the District of Delaware and its officers;

(b) The receiving party's outside counsel of record (including local and trial counsel), including partners, associates and employees of such counsel of

DC1 4568383? 1

record, including any member of the support staff assisting such counsel, subject to the provisions of Paragraph 13;

(c) The receiving party's independent experts, consultants, or investigators (collectively, referred to hereinafter as "experts") who have been expressly retained or sought to be retained for the purpose of this Action by the receiving party, but subject to and only after compliance with the provisions of Paragraphs 13 and 14 below; and with disclosure only to the extent necessary to perform such work;

(d) Up to three of the receiving party's designated in-house counsel, but only for information disclosed by an opposing party, each of whom shall be identified by written notice served on all other Parties to this Action, and subject to the provisions of Paragraphs 13 and 14

(e) Not more than four (4) individuals who are officers, directors or employees of the receiving party who are deemed necessary by counsel of record for the receiving party for the prosecution or defense or settlement of this Action, each of whom shall comply with the provisions of Paragraphs 13 and 14 below, but such individuals are entitled only to information disclosed by an opposing party. Further, any officer, director, employee, agent, or other representative of a party who is not qualified under this paragraph to receive Confidential Material but to whom Confidential Material was inadvertently disclosed, whether by it being belatedly designated Confidential Material or otherwise, is bound by the terms of this Protective Order.

(f) Court reporters taking testimony involving such Confidential Material and their support personnel,

(g) Litigation support services (including copy services, graphics services, coding and/or scanning services, electronic discovery services, translation services and jury consultants), paralegal assistants, stenographic, clerical or other staff working under the direct supervision of outside, or designated in-house counsel whose duties and responsibilities require access to Confidential Material.

11. In the absence of written permission from the producing party or an Order of this Court, no Attorneys' Eyes Only Material, including material previously produced as Attorneys' Eyes Only, shall be shown, nor shall the form or substance of the contents thereof be disclosed to or discussed with, any person other than those individuals identified in Paragraphs 10a, 10b, 10c, 10d, 10f and 10g. Persons identified in 10e shall not have access to information designated as Attorneys' Eyes Only.

12. In the event that any non-party shall be called upon, by subpoena or otherwise, to provide or produce documents or information considered to disclose or contain Confidential or Attorneys' Eyes Only Material, such non-party may designate documents or information as Confidential or Attorneys' Eyes Only material in the manner set forth in this Order and these designations shall be treated in the same manner as if made by a party, provided that the non-

party must agree that this Court shall have exclusive jurisdiction to entertain and decide any motion brought pursuant to this Order challenging the status of the information so designated by the non-party or otherwise to enforce the provisions of this Order with respect to such non-party. Any third party discovery from under Rule 45 (document, deposition, or otherwise) shall be conducted on an outside counsel only basis (including local and trial counsel), unless the third party agrees in writing that persons other than outside counsel may have access to Confidential or Attorneys' Eyes Only Material.

13. During the pendency of this Action and for a period of one year following its full and final conclusion (including appeals) as to each party, any person who receives any Attorneys' Eyes Only Material shall not directly or indirectly assist or participate in the drafting, filing, or prosecution of any part of any patent application claiming priority to the patent-in-suit (U.S. Pat. No. 6,516,416), or any parent, continuation, continuation-in-part, division, reissue, reexamination or foreign counterpart of the patent-in-suit. This provision, however, does not limit or restrict Prism's obligation to notify the USPTO of the existence of this patent litigation, prior art cited during this Action, or any invalidity contention made by any of the Defendants that would give rise to a duty to disclose information to the USPTO.

14. Counsel desiring to disclose Confidential or Attorneys' Eyes Only Material to experts, in-house counsel or non-attorney individuals referred to in Paragraphs 10c-10e and 11 above shall first obtain a signed undertaking, in the form of Exhibit A attached hereto, from each such party representative or expert, and such counsel shall retain in his/her files the original of each such signed undertaking. A copy of the proposed undertaking shall be forwarded to opposing counsel, and with respect to experts, shall be accompanied by a current curriculum vitae. The curriculum vitae should specify prior expert testimony for the past five years, and any previous or current relationship with any Party to the Action. No Confidential Material shall be disclosed to such party representative or expert until after the expiration of a ten (10) business day period commencing with the receipt by opposing counsel of a copy of the proposed undertaking and, for experts, a curriculum vitae, provided, however, that if during that ten (10) business day period opposing counsel makes an objection to such disclosure, there shall be no disclosure of Confidential or Attorneys' Eyes Only Material to such party representative or expert, except by mutual agreement of the Parties or further order of the Court.

15. Confidential or Attorneys' Eyes Only Material shall not be made available to any person otherwise qualified to receive such information under the terms of this Protective Order until he or she shall have first received, read and agreed to be bound by this Order.

16. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Protective Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Rule 26(c).

17. To the extent that any Confidential or Attorneys' Eyes Only Material subject to this Protective Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses Confidential or Attorneys' Eyes Only Material, shall be filed under seal (by the filing

DC1 45683837.1

party) with the Clerk of the Court in an envelope marked "CONFIDENTIAL INFORMATION FILED UNDER SEAL."

18. Nothing herein shall restrict any person who is qualified to receive Confidential or Attorneys' Eyes Only Material from making working copies, abstracts, digests or analyses of such information for use in connection with this Action and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Protective Order. Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this Action, provided that access to such information, in whatever form stored or reproduced, shall be limited to persons qualified to receive such information.

19. Nothing in this Protective Order shall require disclosure of material which a party contends is protected from disclosure by the attorney-client privilege or the attorney work product immunity or any other applicable privilege. This shall not preclude any party from moving the Court for an Order directing the disclosure of such material.

20. The acceptance by a party of documents or things designated as Confidential or Attorneys' Eyes Only Material shall not constitute an agreement, admission or concession, or permit an inference, that the material(s) are in fact properly the subject for protection under Rule 26(c), or some other basis. Documents and things designated as Confidential or Attorney Eyes' Only Material shall be treated in accordance with the provisions of this Protective Order, except that any party may at any time seek an Order from the Court determining that specified information or categories of information are not properly designated, provided that prior to making such a motion the Parties shall meet and confer in good faith to resolve any differences over the designation. On such a motion, the party asserting confidentiality shall have the burden of proving that the Confidential or Attorneys' Eyes Only Material in question is protectable under Rule 26(c) or some other basis. A party shall not be obligated to challenge the propriety of a designation at the time made, and failure to do so shall not preclude subsequent challenge. Should any party (or non-party) seek an Order from the Court to determine whether specified information or categories of information are not properly designated as Confidential or Attorneys' Eyes Only Material, the claimed designation shall remain operative and respected by all the Parties and non-parties pending the Court's ruling.

21. Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege, provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production. Such inadvertently produced documents or information, including all copies thereof, shall be returned to the producing party immediately upon request. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned, provided, however, that the receiving party may move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact of the inadvertent production. In the event of any disclosure of

6

Confidential or Attorneys' Eyes Only Material other than in the manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify counsel for the party or non-party whose Confidential or Attorneys' Eyes Only Material is at issue of all the pertinent facts, and make every effort to prevent further unauthorized disclosure including retrieving all copies of the Confidential or Attorneys' Eyes Only Material from the recipient(s) thereof and securing the agreement of the recipients not to further disseminate the Confidential or Attorneys' Eyes Only Material in any form. Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

22. The recipient of any Confidential or Attorneys' Eyes Only Material shall maintain such information in a secure and safe place, and shall exercise at least the same standard of due and proper care in handling the Confidential or Attorneys' Eyes Only Material as is exercised by the recipient with respect to its own Confidential or Attorneys' Eyes Only Material and to confidential and proprietary information of a similar nature, but in no event less than reasonable care. Each recipient of any Confidential or Attorneys' Eyes Only Material hereby agrees to be subject to the jurisdiction of this Court for purposes of the implementation and enforcement of this Protective Order.

23. This Protective Order shall not prevent the Parties from applying to the Court for relief therefrom, or from applying to the Court for further or additional relief by way of protective orders or otherwise, or from agreeing between themselves, subject to approval of the Court, to modifications of this Protective Order.

24. Confidential and Attorneys' Eyes Only Material shall be used solely for the purposes of this Action, subject to the provisions of this Protective Order and any further Order regarding confidentiality as the Court may enter. Confidential and Attorneys' Eyes Only Material shall not be used for any purpose other than this Action.

25. In the event that a party desires to provide access to or disseminate Confidential or Attorneys' Eyes Only Material to any person not entitled to access under this Protective Order, it may move the Court for an order that such person be given access thereto if the Parties cannot, after negotiating in good faith, agree to such additional access or dissemination.

26. In the event that any Confidential or Attorneys' Eyes Only Material is used in any court proceeding in connection with this litigation, it shall not lose its designated status through such use if that proceeding is under seal, and the parties shall take all steps reasonably required to protect its status during such use.

27. Within sixty (60) days after the final conclusion of this Action, including any appeals, all Confidential and Attorneys' Eyes Only Material produced by any party, and all copies of such information, shall be returned to the producing party, or counsel of record shall certify in writing that such material has been destroyed. However, counsel of record may retain, subject to the confidentiality provisions of this Protective Order, a copy of all correspondence, pleadings, motion papers, discovery responses, deposition, trial transcripts and exhibits, legal memoranda and work product.

DCI 456838371

28. This Protective Order shall survive the final termination of this Action with respect to any retained Confidential or Attorneys' Eyes Only Material.

29. If a party wishes to use Confidential or Attorneys' Eyes Only Material at the deposition of any witness not entitled to have access to such Confidential or Attorneys' Eyes Only Material (for instance if the information may be revealed or referred to in a question that will be put to the witness at a deposition upon oral examination or Confidential or Attorneys' Eyes Only Material will be used as exhibits during examination), such party shall so obtain the consent of the party producing the Confidential or Attorneys' Eyes Only Material, in advance [where possible], and the failure of the examining attorney to obtain such consent shall not be grounds for delaying the deposition or progress of the deposition, without the consent of all persons attending or scheduled to attend the deposition. No consent is necessary if the witness is the author or recipient of the Confidential or Attorneys' Eyes Only Material. The witness shall abide by the terms of this Protective Order.

30. No copy of any transcript of any deposition which is designated, in part or in whole, as Confidential or Attorneys' Eyes Only Material in accordance with paragraph 8 shall be furnished by any court reporter to any person other than to counsel of record and counsel for a non-party if the furnished transcript is of the non-party's own deposition (and further in accordance with paragraph 10 above). If any transcript or portions thereof are designated as Confidential or Attorneys' Eyes Only Material are to be filed with the Court, the transcript or relevant portions thereof shall be filed with the Court under seal in accordance with paragraph 17.

STIPULATED AND AGREED this *12th* day of *May*, 2006.

**Attorneys for Prism Technologies L.L.C.**

*Of Counsel:*

    Dirk D. Thomas
    Robert A. Auchter
    Jason R. Buratti
    Andre J. Bahou
    Robins, Kaplan, Miller & Ciresi, L.L.P.
    1801 K Street, N.W., Suite 1200
    Washington, D.C. 20006
    Telephone: (202) 736-0725
    Fax: (202) 223-8604

By: _____

    Richard D. Kirk (J.D. #rk0922)
    The Bayard Firm
    222 Delaware Avenue, Suite 900
    Wilmington, DE 19899
    Telephone: (302) 655-5000
    Fax: (302) 658-6395
    rkirk@bayardfirm.com

DCI 45683837 1

**Attorneys for VeriSign, Inc.**

*Of Counsel:*

        Edward F. Mannino
        Jason Snyderman
        Akin Gump Strauss Hauer & Feld LLP
        2005 Market Street, Suite 2200
        Philadelphia, P A  19103
        Telephone:  (215) 965-1200
        Fax:  (215) 965-1210

        Frank C. Cimino, Jr.
        Daniel E. Yonan
        Jin-Suk Park
        Akin Gump Strauss Hauer & Feld LLP
        1333 New Hampshire Avenue, N.W.
        Washington, D.C. 20036-1564
        Telephone:  (202) 887-4020
        Fax:  (202) 887-4288

By: _____
      Patricia Smink Rogowski (J.D. #2632)
      Connolly Bove Lodge & Hutz LLP
      The Nemours Building
      1007 North Orange Street
      Wilmington, DE  19801
      Telephone:  (302) 658-9141
      Fax:  (302) 658-05614
      progowski@cblh.com

**Attorneys for RSA Security, Inc.**

*Of Counsel:*

        William Lee
        Gregory P. Teran
        David Bassett
        Mark Selwyn
        Wilmer Cutler Pickering Hale and Dorr
         LLP
        60 State Street
        Boston, MA 02109
        Telephone: (617) 526-6000
        Fax: (617) 526-5000

By: _____
      Frederick L. Cottrell III (J.D. #2555)
      Alyssa Schwartz (J.D. #4351)
      Richard Layton & Finger
      One Rodney Square
      920 North King Street
      Wilmington, DE  19801
      Telephone:  (302) 651-7509
      Fax:  (302) 658-6541
      cottrell@rlf.com
      schwartz@rlf.com

9

**Attorneys for Netegrity Inc. and
Computer Associates International, Inc.**

*Of Counsel:*

    David M. Schlitz
    Baker Botts LLP
    1299 Pennsylvania Avenue, N.W.
    Washington, D.C. 20004-2400
    Telephone: (202) 639-7700
    Fax: (202) 639-7832

    Kevin Meek
    Jeffrey D. Baxter
    Samir A. Bhavsar
    Baker Botts LLP
    2001 Ross Avenue
    Dallas, TX 75201-2980
    Telephone: (214) 953-6500
    Fax: (214) 953-6503

By: _____
    Richard L. Horwitz (J.D. #2246)
    David E. Moore (J.D. #3983)
    Potter Anderson & Corroon LLP
    1313 N. Market Street
    Wilmington, DE 19899-0951
    Telephone: (302) 984-6000
    Fax: (302) 658-1192
    horwitz@potteranderson.com
    dmoore@potteranderson.com

**Attorneys for Johnson & Johnson
Services, Inc.**

*Of Counsel:*

    John M. DiMatteo
    Neal Feivelson
    Willkie Farr & Gallagher LLP
    787 Seventh Avenue
    New York, NY 10019-6099
    Telephone: (212) 728-8000
    Fax: (212) 728-8111

By: _____
    Steven J. Balick (J.D. #2114)
    John G. Day (J.D. #2403)
    Ashby & Geddes
    222 Delaware Avenue
    Wilmington, DE 19899
    Telephone: (302) 654-1888
    Fax: (302) 654-2067
    sbalick ashby-geddes.com
    jday@ashby-geddes.com

**SO ORDERED:**

Dated: _____     _____
                                               Judge

## EXHIBIT A TO JOINT PROTECTIVE ORDER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC

        Plaintiff,

     v.

VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,

        Defendants.

Civil Action No. CA 05-214 JJF

## DECLARATION

I, _____, declare as follows:

1.    My present address is: _____

_____.

2.    My present occupation or job description is: _____

_____.

3.    My present employer is: _____

_____

4.    I have received a copy of the Joint Protective Order ("Order") entered into the above action. I have carefully read and understand the provisions of the Order.

5.    I will comply with all of the provisions of the Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use except for the purposes of this action, any Confidential Material or Attorneys' Eyes Only Material that I receive in this action.

6.    I submit to the jurisdiction of this Court for the purposes of enforcement of this Order.

Date: _____

_____
Print Name

_____
Signature

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on July 28, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Frederick L. Cottrell, III, Esq.
Alyssa M. Schwartz, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document were sent by hand on July 28, 2006 to the above counsel and by first-class mail to the below counsel:

John DiMatteo, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

William Lee, Esq.
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA 02109

Jason Snyderman, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

Frank C. Cimino, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

David M. Schlitz
Baker Botts L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC  20004-2400

Samir A. Bhavsar
Jeffrey D. Baxter
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, TX  75201-2980


/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of September, 2006, the attached **REDACTED**

**PUBLIC VERSION OF DEFENDANT JOHNSON & JOHNSON SERVICES, INC.'S**

**OPPOSITION TO PLAINTIFF PRISM TECHNOLOGIES LLC'S SECOND MOTION**

**TO COMPEL** was served upon the below-named counsel at the address and in the manner

indicated:


Richard D. Kirk, Esquire                    HAND DELIVERY
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

Dirk D. Thomas, Esquire                     VIA FEDERAL EXPRESS
Robin, Kaplan, Miller & Ciresi, LLP
1801 K Street, N.W., Suite 1200
Washington, DC 20006

Patricia S. Rogowski, Esquire               HAND DELIVERY
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Jason A. Snyderman, Esquire                 VIA FEDERAL EXPRESS
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square
2005 Market Street
Suite 2200
Philadelphia, PA 19103-7013

Frank C. Cimino, Jr., Esquire               VIA FEDERAL EXPRESS
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564

Frederick L. Cottrell, III, Esquire                    HAND DELIVERY
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

William F. Lee, Esquire                    VIA FEDERAL EXPRESS
Wilmer Cutler Pickering Hale & Dorr LLP
60 State Street
Boston, MA  02109

Kate Hutchins, Esquire                    VIA FEDERAL EXPRESS
Wilmer Cutler Pickering Hale & Dorr
399 Park Avenue
New York, NY  10022

Richard L. Horwitz, Esquire                    HAND DELIVERY
Potter Anderson & Corroon LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899

Samir Bhavsar, Esquire                    VIA FEDERAL EXPRESS
Baker Botts LLP
2001 Ross Avenue
Dallas, TX  75201-2980

David M. Schlitz, Esquire                    VIA FEDERAL EXPRESS
Baker Botts LLP
The Warner
1299 Pennsylvania Avenue, NW
Washington, DC  20004-2400

*/s/ Tiffany Geyer Lydon*

_____

Tiffany Geyer Lydon