IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05-214-JJF |
| ) | |
| VERISIGN, INC., RSA SECURITY, INC., ) | |
| NETEGRITY, INC., COMPUTER ) | |
| ASSOCIATES INTERNATIONAL, INC., and ) | |
| JOHNSON & JOHNSON SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT JOHNSON & JOHNSON SERVICES, INC.'S ANSWER AND
COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Defendant Johnson & Johnson Services, Inc. ("JJSI"), by and through its undersigned counsel, answers Plaintiff's Second Amended Complaint for Patent Infringement and Demand for Jury Trial ("the Complaint") filed by Plaintiff Prism Technologies LLC ("Prism") by denying infringement of any valid and enforceable claim of U.S. Patent No. 6,516,416, and further denying all allegations of the Complaint except as otherwise specifically admitted or qualified herein as follows:

1. JJSI admits that Prism's cause of action purports to be one for patent infringement under Title 35 of the United States Code.

2. Upon information and belief, JJSI admits the allegations in Paragraph 2 of the Complaint.

3. JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore denies the allegations of Paragraph 3.

4. JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and therefore denies the allegations of Paragraph 4.

5. JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and therefore denies the allegations of Paragraph 5.

6. JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore denies the allegations of Paragraph 6.

7. JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and therefore denies the allegations of Paragraph 7.

8. JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and therefore denies the allegations of Paragraph 8.

9. JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and therefore denies the allegations of Paragraph 9, except: JJSI admits that the Complaint purports to collectively refer to Netegrity, Inc. and Computer Associates International, Inc. as "CA."

10. JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and therefore denies the allegations of Paragraph 10.

11. JJSI admits the allegations in Paragraph 11 of the Complaint.

12. JJSI denies the allegations in Paragraph 12 of the Complaint, except: JJSI admits that it provides networking and computing services; that at least some of its networking and computer services are available to users within this judicial district, in the State of Delaware and elsewhere in the United States; and that it has made available, and makes available, for use within this judicial district "information retrieval products," as JJSI understands that term, "prepackaged software products," as JJSI understands that term, and computer peripheral equipment. JJSI also admits that it has used, or uses, at least some SafeNet iKey hardware and software products, Oracle database products without use of Oracle's Advanced Security Option, and Microsoft IIS Web Server products.

13. JJSI is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 13 concerning defendants other than JJSI. JJSI denies those allegations in Paragraph 13 of the Complaint concerning JJSI, except: JJSI admits that it has made available, and makes available, for use within this judicial district "information retrieval products," as JJSI understands that term, "prepackaged software products," as JJSI understands that term, and computer peripheral equipment.

14. JJSI denies that it has committed any acts of patent infringement, whether in this judicial district or elsewhere, and denies all allegations in Paragraph 14 except: JJSI admits that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) over actions for patent infringement arising under Title 35 of the U.S. Code.

15. JJSI denies the allegations in Paragraph 15 of the Complaint.

16. JJSI denies the allegations in Paragraph 16 of the Complaint, except: JJSI admits that, a copy of United States Patent No. 6,516,416, entitled "Subscription Access System for Use with an Untrusted Network" ("the '416 patent") appears to be attached as Exhibit 1 to the Complaint.

17. JJSI reasserts and restates its responses to the allegations in Paragraphs 1 through 16 of the Complaint as if fully set forth herein.

18. JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and therefore denies the allegations of Paragraph 18.

19. JJSI denies the allegations of Paragraph 19 of the Complaint.

20. JJSI denies that Prism is entitled to a single jury trial as to all issues in this action that are triable by jury, and further responds that a bifurcated jury trial is appropriate in this action because Prism's Prayer for Relief seeks monetary and equitable relief against defendants JJSI and Verisign, Inc., but only equitable relief against defendants RSA Security, Inc., Netegrity, Inc. and Computer Associates International, Inc..

JJSI denies any and all allegations contained within Prism's "Prayer for Relief," and set forth in the paragraphs numbered (A)-(G) therein, and specifically denies that Prism is entitled to any relief, whether monetary or equitable in nature.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

21.     JJSI has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of any claim of the ''416 patent, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

22.     One or more claims of the '416 patent is invalid for failure to comply with the requirements of the Patent Laws of the United States, Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

### THIRD AFFIRMATIVE DEFENSE

23.     Prism failed to mark articles embodying the '416 patent and are barred, in whole or in part, from collecting damages for infringement prior to notice as required by 35 U.S.C. § 287(a).

24.     There may be additional defenses to the cause of action alleged by Prism that are currently unknown to JJSI. JJSI reserves the right to amend its Answer to allege additional defenses in the event discovery of other information indicates they are appropriate.

### COUNTERCLAIMS FOR DECLARATORY JUDGMENT

As and for its Counterclaims against Plaintiff and Counterclaim Defendant Prism Technologies LLC ("Prism"), Defendant and Counterclaim Plaintiff Johnson & Johnson Services, Inc. ("JJSI") states as follows:

**Parties**

25.     Counterclaim Plaintiff Johnson & Johnson Services, Inc. ("JJSI"), is a corporation organized under the laws of the state of New Jersey, with an office and principal place of business located at One Johnson & Johnson Plaza, New Brunswick, New Jersey.

26.     On information and belief, Counterclaim Defendant Prism Technologies LLC ("Prism") is a corporation organized under the laws of Nebraska with its principal place of business located at 14707 California Street, Suite 5, Omaha, Nebraska.

**Jurisdiction and Venue**

27.     JJSI seeks declarations of non-infringement and invalidity of United States Patent No. 6,516,416 ("the '416 patent"). These counterclaims arises under the Declaratory Judgment Act and the Patent Laws of the United States, more particularly under Title 28 U.S.C. §§ 2201 and 2202 and Title 35 U.S.C. §§ 100 et seq., respectively. This Court has jurisdiction pursuant to Title 28 U.S.C. §§ 1331, 1338 and 2201.

28.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a).

29.     Counterclaim Defendant Prism is subject to personal jurisdiction in this judicial district.

30.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**Background**

31.     On information and belief, on February 4, 2003, the United States Patent and Trademark Office issued the '416 patent, entitled "Subscription Access System for Use with an

Untrusted Network," to Richard L. Gregg, Sandeep Giri and Timothy C. Goeke, as inventors. Upon information and belief, Richard L. Gregg, Sandeep Giri and Timothy C. Goeke each assigned all rights, title, and interest in the '416 patent to Prism.

32. An actual and justiciable controversy exists between Counterclaim Plaintiff JJSI and Counterclaim Defendant Prism as to infringement and validity of the '416 patent, as evidenced, inter alia, by Plaintiff's Second Amended Complaint and Defendant JJSI's Answer in this action.

**Count One (Declaratory Relief Regarding Non-infringement)**

33. JJSI repeats and realleges the allegations of Paragraphs 25 through 32 as if fully set forth herein.

34. JJSI does not make, use, offer to sell, sell within the United States, or import into the United States, nor has it made, used, offer to sell or sold within the United States, or imported into the United States, any product, service or activity that infringes any valid claim of the '416 patent, either literally or under the doctrine of equivalents. Nor does JJSI induce others to infringe or contribute to the infringement, nor has it induced others to infringe or contributed to the infringement, any valid claim of the '416 patent, either literally or under the doctrine of equivalents.

35. To resolve the legal and factual questions raised by Prism and to afford relief from the uncertainty and controversy that Prism's allegations have caused, JJSI is entitled to a declaratory judgment that it is not infringing, and has not infringed, any valid claim of the '416 patent directly, contributorily or by inducement.

### Count Two (Declaratory Relief Regarding Invalidity)

36.     JJSI repeats and realleges the allegations of Paragraphs 25 through 32 as if fully set forth herein.

37.     One or more claims of the '416 patent is invalid for failure to comply with the requirements of the Patent Laws of the United States, Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

38.     To resolve the legal and factual questions raised by Prism and to afford relief from the uncertainty and controversy that Prism's allegations have caused, JJSI is entitled to a declaratory judgment that one or more claims of the '416 patent is invalid.

### Prayer for Relief

WHEREFORE, Counterclaim Plaintiff Johnson & Johnson Information Services, Inc. ("JJSI") requests entry of judgment against Prism and relief to be granted as follows:

(a)     An order and decree declaring that JJSI has not infringed any claim of U.S. Patent No. 6,516,416 (the '416 patent);

(b)     An order and decree declaring one or more claims of the '416 patent invalid;

(c)     An order and decree declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding JJSI its attorneys' fees and costs of this action; and

(d)     Such other and further relief to JJSI as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant and Counterclaim Plaintiff Johnson & Johnson Services, Inc. demands a trial by jury on all issues triable to a jury.

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendant
Johnson & Johnson Services Inc.*

*Of Counsel:*

John M. DiMatteo
Neal K. Feivelson
Leslie M. Spencer
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000

Dated: September 13, 2006
173126.1

# CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of September, 2006, the attached **DEFENDANT JOHNSON & JOHNSON SERVICES, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** was served upon the below-named counsel at the address and in the manner indicated:

| | |
|---|---|
| Richard D. Kirk, Esquire<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899 | HAND DELIVERY |
| Dirk D. Thomas, Esquire<br>Robin, Kaplan, Miller & Ciresi, LLP<br>1801 K Street, N.W., Suite 1200<br>Washington, DC 20006 | VIA FEDERAL EXPRESS |
| Patricia S. Rogowski, Esquire<br>Connolly Bove Lodge & Hutz LLP<br>The Nemours Building<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899 | HAND DELIVERY |
| Jason A. Snyderman, Esquire<br>Akin Gump Strauss Hauer & Feld LLP<br>One Commerce Square<br>2005 Market Street<br>Suite 2200<br>Philadelphia, PA 19103-7013 | VIA FEDERAL EXPRESS |
| Frank C. Cimino, Jr., Esquire<br>Akin Gump Strauss Hauer & Feld LLP<br>Robert S. Strauss Building<br>1333 New Hampshire Avenue, N.W.<br>Washington, DC 20036-1564 | VIA FEDERAL EXPRESS |

| | |
|---|---|
| Frederick L. Cottrell, III, Esquire<br>Richards Layton & Finger<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899 | <u>HAND DELIVERY</u> |
| William F. Lee, Esquire<br>Wilmer Cutler Pickering Hale & Dorr LLP<br>60 State Street<br>Boston, MA 02109 | <u>VIA FEDERAL EXPRESS</u> |
| Kate Hutchins, Esquire<br>Wilmer Cutler Pickering Hale & Dorr<br>399 Park Avenue<br>New York, NY 10022 | <u>VIA FEDERAL EXPRESS</u> |
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon LLP<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE 19899 | <u>HAND DELIVERY</u> |
| Samir Bhavsar, Esquire<br>Baker Botts LLP<br>2001 Ross Avenue<br>Dallas, TX 75201-2980 | <u>VIA FEDERAL EXPRESS</u> |
| David M. Schlitz, Esquire<br>Baker Botts LLP<br>The Warner<br>1299 Pennsylvania Avenue, NW<br>Washington, DC 20004-2400 | <u>VIA FEDERAL EXPRESS</u> |

*/s/ John G. Day*

_____

John G. Day