**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PRISM TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-214-JJF |
| | ) | |
| VERISIGN, INC., RSA SECURITY, INC., | ) | **JURY TRIAL DEMANDED** |
| NETEGRITY, INC., COMPUTER | ) | |
| ASSOCIATES INTERNATIONAL, INC. and | ) | |
| JOHNSON AND JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT VERISIGN, INC.'S SECOND AMENDED ANSWER,
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant VeriSign, Inc. ("VeriSign"), by and through its undersigned counsel, hereby

brings the within Answer, Affirmative Defenses and Counterclaims, and alleges as follows:

1.      Paragraph 1 of the Complaint contains conclusions of law to which no response is

required.  To the extent a response is deemed necessary, said allegations are denied.

2.      VeriSign is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 2 of the Complaint, and therefore denies same.

3.      VeriSign admits that it is a Delaware corporation and it has a principal place of

business at 487 Middlefield Road, Mountain View, California 94043.

4.      Paragraph 4 of the Complaint is admitted in part and denied in part.  VeriSign

admits that its products include Go Secure and Unified Authentication, and that it conducts

business in the U.S.  The remaining allegations in Paragraph 4 of the Complaint are denied.

5-12.   Paragraphs 5 through 12 of the Complaint are directed to other defendants thus

requiring no response from VeriSign.  To the extent a response to these paragraphs is deemed

necessary, because VeriSign lacks sufficient knowledge to form a basis as to the accuracy of the allegations, said allegations are denied.

13.    Paragraph 13 of the Complaint is admitted in part and denied in part. VeriSign admits that it is incorporated in this district and is doing business in this district, and is subject to personal jurisdiction in this district. The remaining allegations in paragraph 13 of the Complaint are denied.

14.    Paragraph 14 contains conclusions of law relating to jurisdiction to which no response is required. To the extent a response is deemed necessary, said allegations are denied.

15.    Paragraph 15 contains conclusions of law relating to venue to which no response is required. To the extent a response is deemed necessary, said allegations are denied.

16.    Paragraph 16 of the Complaint is admitted in part and denied in part. VeriSign admits that Exhibit 1 is a true and correct copy of U.S. Patent No. 6,516,416 B2 (the "'416 Patent"), entitled "Subscription Access System For Use With An Untrusted Network." The remaining allegations in paragraph 16 contain conclusions of law to which no response is required. To the extent a response is deemed necessary, said allegations are denied.

17.    Paragraph 17 of the Complaint is an incorporation paragraph to which no response is required. To the extent a response is deemed necessary, VeriSign incorporates its responses to paragraphs 1 through 16 herein.

18.    VeriSign denies that is has infringed any claim of the '416 Patent. With respect to the allegations directed to other defendants, because VeriSign lacks sufficient knowledge to form a basis as to the accuracy of the allegations, said allegations are denied.

19.     Paragraph 19 of the Complaint contains conclusions of law to which no response is required, and relate to another defendant thus requiring no response from VeriSign.  To the extent a response is deemed necessary, said allegations are denied.

20.     Paragraph 20 requests a jury trial requiring no response from VeriSign.  To the extent a response is deemed necessary, VeriSign also demands that this action be tried before a jury.

## AFFIRMATIVE DEFENSES

By way of affirmative defenses, VeriSign pleads as follows:

21.     Plaintiff fails to state a claim upon which relief can be granted.

22.     The '416 Patent is invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103 and 112.

23.     VeriSign has not infringed, either directly, contributorily, or by inducement, the claims of the patent in suit, either literally or under the doctrine of equivalents.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

25.     This is an action seeking declaratory judgments of (a) non-infringement by VeriSign, and (b) invalidity of U.S. Patent No. 6,516,416 B2 (the "'416 Patent").

26.     Jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1338(a) and upon the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) and because Prism Technologies LLC (hereinafter "Prism") has consented to venue in this district by filing the Complaint for infringement of the '416 Patent against VeriSign.

27.     VeriSign is a Delaware corporation having a place of business at 487 Middlefield Road, Mountain View, California 94043.  VeriSign sells products and services that support

critical infrastructures for the Internet and telecommunications networks, including its Go Secure

and Unified Authentication products and related hardware and software.

28.    On information and belief, Prism is a Nebraska corporation having its principal

place of business at 14707 California Street, Suite 5, Omaha, Nebraska.

29.    On information and belief, Prism, or one of its affiliated companies, is the

assignee of the '416 Patent by assignment from its alleged inventors Richard L. Gregg, Sandeep

Giri and Timothy C. Goeke.

30.    In view of the Complaint in this suit, an actual case or controversy exists between

Prism on one hand and VeriSign on the other hand over whether the '416 Patent is invalid and

not infringed.

### COUNT I

31.    The averments of Paragraphs 25 through 30 are realleged as if fully set forth

herein.

32.    On information and belief, the '416 Patent entitled "Subscription Access System

For Use With An Untrusted Network" was issued on February 4, 2003 naming as assignee Prism

Resources.

33.    Prism has accused VeriSign of infringing the '416 Patent, and an actual and

justiciable controversy exists between VeriSign and Prism with respect to the '416 Patent.

34.    VeriSign has not infringed and is not infringing, and has not induced or

contributed to and is not inducing or contributing to the infringement, of any claim of the '416

Patent, by its manufacture, sale, distribution, and marketing of its Go Secure or Unified

Authentication products or related hardware and software, or otherwise.

## COUNT II

35.    The averments of Paragraphs 25 through 34 are repeated and realleged as if fully set forth herein.

36.    The claims of the '416 Patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 102, 103 or 112, or one or more other provisions of Part II of Title 35 of the United States Code.

## PRAYER FOR RELIEF

WHEREFORE, counterclaim plaintiff, VeriSign Inc., prays for judgment in its favor and against counterclaim defendant Prism Technologies LLC that:

A.    The claims that VeriSign infringes Prism's '416 Patent be dismissed with prejudice in all respects and that Prism take nothing thereby;

B.    The '416 Patent be held invalid;

C.    Judgment be entered against Prism;

D.    The case be declared exceptional under the provisions of 35 U.S.C. § 285 and that judgment be granted awarding VeriSign its attorneys' fees and costs of suit (including expert fees); and

E.    Such other and further relief as the Court deems just and proper.

Of Counsel:

Edward F. Mannino, Esquire
Jason A. Snyderman, Esquire
AKIN GUMP STRAUSS HAUER & FELD LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103
Telephone: (215) 965-1200
Fax: (215) 965-1210

CONNOLLY BOVE LODGE & HUTZ LLP

By: _Patricia Smink Rogowski_
Patricia Smink Rogowski, Esquire
Delaware Bar ID 2632
The Nemours Building
1007 North Orange Street
PO Box 2207
Wilmington DE 19899
Telephone : (302) 658-9141
Fax: (302) 658-5614

Frank C. Cimino, Esquire                    Attorneys for Defendant, Verisign, Inc.
Daniel E. Yonan, Esquire
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564
Telephone: (202) 887-4000
Fax: (202) 887-4288

Dated: September 13, 2006

7398980 v1