# EXHIBIT C

LEXSEE 1999 U.S. APP. LEXIS 2796

BERG TECHNOLOGY, INC. AND BERG ELECTRONICS, INC., Plaintiffs-Appellants, v. FOXCONN INTERNATIONAL, INC., and HON HAI PRECISION INDUSTRY CO., LTD., Defendants-Appellees.

98-1324

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

1999 U.S. App. LEXIS 2796

February 23, 1999, Decided

**NOTICE:** [*1] RULES OF THE FEDERAL CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:**

Reported in Table Case Format at: *1999 U.S. App. LEXIS 26381.*

**DISPOSITION:** Affirmed.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff electronics company, assignee of two patents, appealed the order of the United States District Court for the Northern District of California granting summary judgment to defendants, electronics merchant and manufacture, in an action for patent infringement.

**OVERVIEW:** Plaintiff electronics company, the assignee of two United States patents, filed suit against defendant electronics merchant and defendant electronics manufacturer for patent infringement. The trial court granted summary judgment to defendants. On appeal, the trial court's order was affirmed. The court on appeal noted that a patent infringement analysis entailed two steps: to construe the patent claims asserted to be infringed, and to compare the properly construed claims to the allegedly infringing device. The court upheld the trial court's ultimate assessment of the evidence and found that no reasonable jury could have concluded that the allegedly infringing device met the limitation storage space substantially uninterrupted by a guide member, which was a necessary requirement to show infringement. Accordingly, the court affirmed the trial court's order.

**OUTCOME:** The trial court's order granting summary judgment to defendants, an electronics merchant and a manufacturer, was affirmed. The court held that no reasonable jury could have concluded, under the evidence presented, that defendants' device infringed upon plaintiff electronics company's patent.

**JUDGES:** Before MAYER, Chief Judge, RICH, and MICHEL, Circuit Judges.

**OPINION BY:** RICH

**OPINION:** RICH, Circuit Judge.

DECISION

Berg Electronics, Inc. is the assignee of U.S. Patent No. *5,324,204* (the '204 patent), and U.S. Patent No. *5,401,176* (the '176 patent), issued on a continuation of the application for the '204 patent, and licenses these patents exclusively to its wholly owned subsidiary Berg Technology, Inc. Berg Electronics, Inc. and Berg Technology, Inc. (collectively "Berg") appeal from the summary judgment of the United States District Court for the Northern District of California holding that the electrical connectors sold by Foxconn International, Inc. and manufactured by Hon Hai Precision Industry Co. (collectively "Foxconn") do not infringe any of the asserted claims, namely claims 1-5, 8, and 9 of Berg's '204 patent and claims 1-7, 10-17, and 19 of Berg's '176 patent.

Because no reasonable jury could conclude that the accused device meets the limitation "storage space substantially uninterrupted [*2] by a guide member," infringement cannot lie as a matter of law, and we affirm the district court's judgment.

BACKGROUND

The '204 patent and the '176 patent share the same written description and are directed to an electrical connector device used to connect storage devices, such as a memory card or a hard disk drive package, to a personal or laptop computer. One advantage of the invention is the versatility of the connector device which enables the device to accept either a single large-size hard disk drive package, or one or two smaller-sized memory cards.

The connector device disclosed in the '204 and '176 patents has an upper and a lower storage space. Each storage space has its own contact array and at least one of the upper or lower contact arrays can interchangeably connect to a memory card or a hard disk drive package. The upper and lower storage spaces are separated by a shallow guide member running along the side of the housing. The memory cards can fit into either the upper or the lower storage spaces. The larger hard disk drive package occupies both storage spaces. Because the shallow guide member does not intrude far into the storage space, the adjacent upper and [*3] lower storage spaces can together accept the larger hard disk drive package.

Claim 1 of the '204 patent is representative of the asserted claims and is reproduced below (emphasis added on the limitations at issue):

> 1. A connector device for selectively connecting at least one of a memory card and a hard disk drive package as a data storage device, comprising:
>
> a housing having a pair of opposing sidewalls defining a storage space of said housing, one end of said housing defining an insertion port for inserting said at least one data storage device into at least a portion of the storage space of said housing;
>
> a shallow guide member longitudinally extending along the inner side of at least one of the sidewalls of said housing to define at least upper and lower storage spaces within the storage space of said housing, the storage spaces of said housing being substantially uninterrupted by said shallow guide member; and
>
> a connector section coupled to the end of said housing opposite the insertion port, said connector section having upper and lower contact arrays disposed respectively in the upper and lower storage spaces of said housing for connecting with storage devices [*4] inserted in the respective storage spaces, at least one of said upper and lower contact arrays being adapted to interchangeably connect to both a memory card and a hard disk drive package, whereby said connector device is capable of accepting a memory card in each of the upper and lower storage spaces, or alternatively, a hard disk drive package that may occupy both storage spaces.

Although the underlined limitations vary slightly in each of the independent claims, (e.g., compare the "substantially uninterrupted" language of the '204 patent with the "substantially continuous and uninterrupted" language of the '176 patent) neither party contends that the differences will impact claim construction or the infringement analysis.

Foxconn's accused connector device has an upper and lower storage space and can hold a memory card in each of the storage spaces or a single hard disk drive package in both storage spaces. The Foxconn device differs, however, from the device disclosed in the '176 and '204 patents in that the Foxconn device contains a metal plate which extends completely between the side guide walls. The purpose of the metal plate is to house the mounting for an ejector [*5] mechanism. The metal plate is located between the upper and lower storage spaces and is formed with dependent flanges at each end which form part of the support structure for the side guide walls. The flanges extend longitudinally along the inner side of both sidewalls. Foxconn's accused device is pictured below.

[SEE FIGURE IN ORIGINAL]

In the infringement action filed against Foxconn, Foxconn filed a motion for summary judgment of non-infringement on the ground that its device does not meet two of the limitations present in each of the asserted claims, namely the "contact array" limitation and the "storage space substantially uninterrupted" limitation. The district court granted the motion. The court construed the "contact array" limitation as requiring a new contact array specifically adapted for interchangeable connection to the two types of memory storage devices and excluding contact arrays that were present in the prior art. Based on this construction, the court held that the Foxconn device did not infringe because its contact array was in the prior art and thus was not specifically "adapted" to accept either a card or a hard disk drive package.

The district court, at a [*6] Markman hearing, adopted Foxconn's interpretation of the claim limitation "storage spaces of said housing being substantially uninterrupted by said shallow guide member" as excluding

any device which has a guide member that extends completely between the side walls, thereby substantially interrupting the upper and lower storage spaces, contrary to the claim limitation.

Berg appeals. We have jurisdiction under *28 U.S.C. § 1295*(a)(1) (1994).

DISCUSSION

Summary judgment is appropriate when no genuine issue of material fact exists and judgment is proper as a matter of law. *Fed. R. Civ. P. 56(c)*. We review grants of summary judgment de novo. *Wang Labs., Inc. v. Mitsubishi Elec. Am., Inc., 103 F.3d 1571, 1577, 41 U.S.P.Q.2D (BNA) 1263, 1269 (Fed. Cir. 1997).*

An infringement analysis entails two steps. The first step is to construe the patent claims asserted to be infringed. The second step is to compare the properly construed claims to the accused device. *Markman v. Westview Instruments, Inc., 52 F.3d 967, 976, 34 U.S.P.Q.2D (BNA) 1321, 1326 (Fed. Cir. 1995)* (in banc), aff'd, *517 U.S. 370, 134 L. Ed. 2d 577, 116 S. Ct. 1384 (1996)*. Literal infringement is properly decided upon summary [*7] judgment when no reasonable jury could find that every limitation recited in the properly construed claim either is or is not found in the accused device. *Cole. v. Kimberly-Clark Corp., 102 F.3d 524, 532, 41 U.S.P.Q.2D (BNA) 1001, 1007 (Fed. Cir. 1996).*

Here, the issue of non-infringement turns on the proper interpretation of two claim limitations, namely, "contact arrays being adapted to interchangeably connect" and "storage spaces of said housing being substantially uninterrupted by said shallow guide member."

I. "Contact arrays being adapted to interchangeably connect"

Foxconn maintains that the district court correctly interpreted the claim limitation "contact arrays being adapted to interchangeably connect" as requiring a contact array that was not present in the prior art. Foxconn asserts that the word "adapted" includes the concept of adjustment or modification of the array known to the prior art such that there must be something different from the prior art. The district court opined that a device which uses preexisting contact arrays does not contain "contact arrays being adapted."

We disagree. There is nothing in either patent to indicate that the claims require a novel [*8] contact array. Nowhere in the written description does either patent state that the disclosed contact array is novel or has been specifically adapted from prior art contact arrays. Rather, the written description simply describes the contact array as a pin terminal array that can accept either a memory card or a hard disk drive. We decline to find that the claims require a novel contact array when the only contact array that is disclosed in the written description is not novel.

The patentee's use of the claim term "adapted to" does not change our conclusion. The term "adapted to" is often used in claim drafting to indicate "capable of." There is nothing in the claims, written description, or prosecution history to indicate a different meaning. That a claim element is old does not prevent a claim to a combination from being infringed.

Foxconn asserts that when Berg added the "adapted to" language to overcome the Tarver prior art reference, Berg added the additional limitation of a novel contact array. Tarver teaches a housing used to assemble a complete mini-computer. The Tarver device has spaces for accepting submodules such as a central processing unit, a fan, or a hard disk [*9] drive and a midplane member comprising connectors. The patent states that one type of connector is a 32-pin contact array.

During prosecution, Berg stated that although "Tarver appears to show upper and lower storage spaces within a single housing, Tarver never suggests that the upper and lower storage spaces be combined to form a single, larger storage space for accommodating larger submodules. . . . None of Tarver's submodules is designed to occupy more than a single sub-space within the housing" while the applicant's connector device is specifically designed to accept either memory cards in either the upper or lower storage space or both or a single hard disk drive package occupying both spaces.

Berg also stated that Tarver does not teach applicant's claimed feature "wherein 'at least one of [the] upper and lower contact arrays [is] adapted to interchangeably connect to both a memory card and a hard disk drive package.' To the contrary, the 'midplane' of Tarver provides a separate connector for each submodule. None of the connectors of Tarver is capable of interchangeably connecting to two different types of submodules."

We do not read the interchangeable capability of the [*10] contact array asserted by Berg during prosecution as requiring a new contact array that has never existed in the prior art. Rather, the capability simply requires a contact array that is selected so that it is connectable to both a memory card and a hard disk drive, so that the connector can receive those memory storage devices in the spaces that the structure of the connector defines to receive them. It is both the structure defining those spaces and the contact array selected to receive both of those devices that give the claimed combination the alternative capability that the Examiner found to be nonobvious.

Foxconn further asserts that we cannot adopt the patentee's claim interpretation because under that interpretation, the claims are invalid as anticipated by the Tarver reference. However, validity of the claim is not at issue on appeal and has not been fully briefed before us. The patentee has urged adoption of its claim interpretation and bears the risk that the claim may later be found invalid.

Thus, we conclude that the term "contact arrays adapted to interchangeably connect" requires contact arrays that are able to interchangeably connect to both a memory card and a hard [*11] disk drive package. Because the Foxconn device contains a contact array that is able to interchangeably connect to both a memory card and a hard disk drive package, the district court erred in finding the Foxconn device fails to meet this claim limitation.

This conclusion, however, does not end our analysis. Foxconn additionally asserts that the district court's finding of noninfringement should also be affirmed because its device lacks a storage space that is substantially uninterrupted by a guide member, as required by the claims.

II. "Storage spaces being substantially uninterrupted by said shallow guide member"

The claims require the connector device to have a shallow guide member that extends along the inner side of at least one of the sidewalls of the housing and defines the upper and lower storage spaces of the housing. The claims further require that the storage spaces of the housing be "substantially uninterrupted by said shallow guide member."

The district court adopted Foxconn's interpretation of this limitation at the Markman hearing and construed the limitation as excluding any device which has a guide member that extends completely between the side walls and [*12] thereby substantially interrupts the upper and lower spaces.

We conclude that the district court's interpretation was correct. Berg's argument, that "storage space substantially uninterrupted" means that the guide member does not so interrupt the storage spaces as to prevent a hard disk drive package from fitting into both storage spaces, is not persuasive.

The plain language of "substantially uninterrupted" means the lack of some type of structurally defined interruption; there is nothing in the claim itself which requires Berg's functional limitation.

The prosecution history also leads us to this construction. The Examiner required the addition of the whereby clause, "whereby said connector device is capable of accepting . . . a hard disk drive package that may occupy both storage spaces." ' *204 Col. 8,* lns. 38-42. If the "substantially uninterrupted" language had the functional meaning ascribed by Berg, then the whereby clause would be superfluous.

Further, during prosecution Berg distinguished the Lai prior art reference on the basis of the complete interruption of storage space by the Lai device's guide wall. Berg stated that Lai has a "common guide wall 34 [that] completely [*13] interrupts the area between consecutive storage spaces" and that "Lai does not teach or suggest Applicant's claimed use of 'shallow guide member' to define upper and lower storage spaces without substantially interrupting the overall storage space of the housing."

The only part of the Lai wall that completely interrupts the storage space is the part of the wall (34) that extends from the left side completely over to the right side of the storage space as the following figure shows:

[SEE FIGURE IN ORIGINAL]

Thus, during prosecution Berg defined a structure that extends completely from one side wall to the other side wall as completely interrupting the storage space. As a structure which completely interrupts must also substantially interrupt, a structure that extends completely from one side wall to the other side wall through the storage space must substantially interrupt the storage space.

We therefore conclude that the claims require a shallow guide member that extends longitudinally along the inner side of at least one of the sidewalls of said housing and defines the upper and lower storage spaces. The guide member cannot completely or substantially interrupt the storage space [*14] of the housing.

Summary judgment of no literal infringement is proper when no reasonable jury could find that every limitation recited in a properly construed claim is found in an accused device. See *Cole. v. Kimberly-Clark Corp., 102 F.3d 524, 532, 41 U.S.P.Q.2D (BNA) 1001, 1007 (Fed. Cir. 1996).*

As described above, all of the independent claims require that the storage space be substantially uninterrupted by a guide member. Inspection of the metal plate in the accused device shows that it constitutes a guide member as the arms of the metal plate form part of the guide member that extends longitudinally along the inner side of the guide walls and define the upper and lower storage spaces of the housing. The metal plate extends through the storage space from one side wall to the other thereby substantially interrupting the storage space.

Thus, because the Foxconn device contains a guide member which extends completely from one side wall to

the other side wall and substantially interrupts the storage space of the housing, the device fails to meet the claim limitation "storage space substantially uninterrupted by [a] shallow guide member." Accordingly, no reasonable jury could find that [*15] Foxconn's device meets all of the claim limitations and Foxconn's device cannot literally infringe the asserted claims as a matter of law. As Berg has not asserted that Foxconn's device infringes under the doctrine of equivalents, we do not reach this issue.