# EXHIBIT D

# Manual of
# PATENT
# EXAMINING
# PROCEDURE

## Original Eighth Edition, August 2001

 

## U.S. DEPARTMENT OF COMMERCE
## United States Patent and Trademark Office

The U.S. Patent and Trademark Office does not handle the sale of the Manual, distribution of notices and revisions, or change of address of those on the subscription list. Correspondence relating to existing subscriptions should be sent to the Superintendent of Documents at the following address:

        Superintendent of Documents           Telephone:   202-512-2267
        Mail List Section
        Washington, DC 20402

Inquiries relating to purchasing the Manual should be directed to:

        Superintendent of Documents           Telephone:   202-512-1800
        United States Government Printing Office
        Washington, DC 20402

Orders for reproduced copies of individual replacement pages or of previous revisions of the Manual should be sent to the following address:

        Commissioner of Patents and Trademarks    Telephone:   1-800-972-6382 or 703-308-9726
        Attention: Certification Branch
        Washington, DC 20231

Previous editions and revisions of the Manual are available on microfilm in the Patent Search Room.
The Manual is available on CD-ROM and on diskette from:

        U.S. Patent and Trademark Office        Telephone:   703-306-2600
        Office of Electronic Information Products and Services
        Washington, DC 20231

Employees of the U.S. Patent and Trademark Office should direct their requests for the Manual, replacement pages, notices, and revisions to the Patent Academy.           Telephone:   703-308-9660

Pursuant to the Patent and Trademark Office Efficiency Act (PTOEA) (Pub. L. 106-113, 113 Stat. 1501A-572), the head of the United States Patent and Trademark Office (USPTO) is the "Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office." The Director is assisted by the "Deputy Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office." The patent operations of the USPTO are now headed by the "Commissioner for Patents." The trademark operations of the USPTO are now headed by the "Commissioner for Trademarks." Under section 4741(b) of the PTOEA, any reference to the Commissioner of Patents and Trademarks, the Assistant Commissioner for Patents, or the Assistant Commissioner for Trademarks is deemed to refer to the Director, the Commissioner for Patents, or the Commissioner for Trademarks, respectively. See "Reestablishment of the Patent and Trademark Office as the United States Patent and Trademark Office" published in the *Federal Register* at 65 FR 17858 (Apr. 5, 2000), and in the *Official Gazette of the United States Patent and Trademark Office* at 1234 O.G. 41 (May 9, 2000).

Additions to the text of the Manual are indicated by arrows (><) inserted in the text.   Deletions are indicated by a single asterisk (*) where a single word was deleted and by two asterisks (**) where more than one word was deleted. The use of three or five asterisks in the body of the laws, rules, treaties, and administrative instructions indicates a portion of the law, rule, treaty, or administrative instruction which was not reproduced.

        First Edition, November 1949
        Second Edition, November 1953
        Third Edition, November 1961
        Fourth Edition, June 1979
        Fifth Edition, August 1983
        Sixth Edition, January 1995
        Seventh Edition, July 1998
        Eighth Edition, August 2001

# Foreword

This Manual is published to provide U.S. Patent and Trademark Office patent examiners, applicants, attorneys, agents, and representatives of applicants with a reference work on the practices and procedures relative to the prosecution of patent applications before the U.S. Patent and Trademark Office. It contains instructions to examiners, as well as other material in the nature of information and interpretation, and outlines the current procedures which the examiners are required or authorized to follow in appropriate cases in the normal examination of a patent application. The Manual does not have the force of law or the force of the rules in Title 37 of the Code of Federal Regulations.

A separate manual entitled "Trademark Manual of Examining Procedure" is published by the U.S. Patent and Trademark Office as a reference work for trademark cases.

Examiners will be governed by the applicable statutes, rules, decisions, and orders and instructions issued by the Commissioner and the Assistant Commissioners. Orders and Notices still in force which relate to the subject matter included in this Manual are incorporated in the text. Orders and Notices, or portions thereof, relating to the examiners' duties and functions which have been omitted or not incorporated in the text may be considered obsolete. Interference procedure not directly involving the Primary Examiner are not included in this Manual and, therefore, Orders and Notices relating thereto remain in force.

Subsequent changes in practice and other revisions will be incorporated in the form of substitute or additional pages for the Manual.

Suggestions for improving the form and content of the Manual are always welcome. They should be addressed to:

Box MPEP
Assistant Commissioner for Patents
Washington, DC 20231

that ingredients D+E were not essential to the claimed reaction product and concluded that claims directed to the reaction product of a subcombination A+B+C were not described (35 U.S.C. 112, first paragraph) in the application as filed. See also *In re Panagrossi*, 277 F.2d 181, 125 USPQ 410 (CCPA 1960).

# 2181    Identifying a 35 U.S.C. 112, Sixth Paragraph Limitation

This section sets forth guidelines for the examination of 35 U.S.C. 112, sixth paragraph "means or step plus function" limitations in a claim. These guidelines are based on the Office's current understanding of the law and are believed to be fully consistent with binding precedent of the Supreme Court, the Federal Circuit and the Federal Circuit's predecessor courts. These guidelines do not constitute substantive rule-making and hence do not have the force and effect of law.

The Court of Appeals for the Federal Circuit, in its *en banc* decision *In re Donaldson Co.*, 16 F.3d 1189, 29 USPQ2d 1845 (Fed. Cir. 1994), decided that a "means-or-step-plus-function" limitation should be interpreted in a manner different than patent examining practice had previously dictated. The *Donaldson* decision affects only the manner in which the scope of a "means or step plus function" limitation in accordance with 35 U.S.C. 112, sixth paragraph, is interpreted during examination. *Donaldson* does not directly affect the manner in which any other section of the patent statutes is interpreted or applied.

When making a determination of patentability under 35 U.S.C. 102 or 103, past practice was to interpret a "means or step plus function" limitation by giving it the "broadest reasonable interpretation." Under the PTO's long-standing practice this meant interpreting such a limitation as reading on any prior art means or step which performed the function specified in the claim without regard for whether the prior art means or step was equivalent to the corresponding structure, material or acts described in the specification. However, in *Donaldson,* the Federal Circuit stated:

> Per our holding, the "broadest reasonable interpretation" that an examiner may give means-plus-function language is that statutorily mandated in paragraph six. Accordingly, the PTO may not disregard the structure disclosed in the specification corresponding to such language when rendering a patentability determination.

## LANGUAGE FALLING WITHIN 35 U.S.C. 112, SIXTH PARAGRAPH

The USPTO must apply 35 U.S.C. 112, sixth paragraph in appropriate cases, and give claims their broadest reasonable interpretation, in light of and consistent with the written description of the invention in the application. See *Donaldson*, 16 F.3d at 1194, 29 USPQ2d at 1850 (stating that 35 U.S.C. 112, sixth paragraph "merely sets a limit on how broadly the PTO may construe means-plus-function language under the rubric of reasonable interpretation.' "). The Federal Circuit has held that applicants (and reexamination patentees) before the USPTO have the opportunity and the obligation to define their inventions precisely during proceedings before the PTO. See *In re Morris*, 127 F.3d 1048, 1056– 57, 44 USPQ2d 1023, 1029– 30 (Fed. Cir. 1997) (35 U.S.C. 112, second paragraph places the burden of precise claim drafting on the applicant); *Inre Zletz*, 893 F.2d 319, 322, 13 USPQ2d 1320, 1322 (Fed. Cir. 1989) (manner of claim interpretation that is used by courts in litigation is not the manner of claim interpretation that is applicable during prosecution of a pending application before the PTO); *Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1425, 44 USPQ2d 1103, 1107 (Fed. Cir. 1997) (patentee who had a clear opportunity to negotiate broader claims during prosecution but did not do so, may not seek to expand the claims through the doctrine of equivalents, for it is the patentee, not the public, who must bear the cost of failure to seek protection for this foreseeable alteration of its claimed structure). Applicants and reexamination patentees before the USPTO have an opportunity and obligation to specify, consistent with these guidelines, when a claim limitation invokes 35 U.S.C. 112, sixth paragraph.

A claim limitation will be interpreted to invoke 35 U.S.C. 112, sixth paragraph if it meets the following 3-prong analysis:

(A) the claim limitations must use the phrase "means for " or "step for ";

(B) the "means for " or "step for " must be modified by functional language; and

(C) the phrase "means for " or "step for " must not be modified by sufficient structure, material or acts for achieving the specified function.

With respect to the first prong of this analysis, a claim element that does not include the phrase "means for" or "step for" will not be considered to invoke 35 U.S.C. 112, sixth paragraph. If an applicant wishes to have the claim limitation treated under 35 U.S.C. 112, sixth paragraph, applicant must either: (A) amend the claim to include the phrase "means for" or "step for" in accordance with these guidelines; or (B) show that even though the phrase "means for" or "step for" is not used, the claim limitation is written as a function to be performed and does not recite sufficient structure, material, or acts which would preclude application of 35 U.S.C. 112, sixth paragraph. See *Watts v. XL Systems, Inc.*, 232 F.3d 877, 56 USPQ2d 1836 (Fed. Cir. 2000) (Claim limitations were held not to invoke 35 U.S.C. 112, sixth paragraph because the absence of the term "means" raised the presumption that the limitations were not in means-plus-function form, nor was the presumption rebutted.).

While traditional "means for" or "step for" language does not automatically make an element a means-(or step-) plus-function element, conversely, lack of such language does not prevent a limitation from being construed as a means-(or step-)plus-function limitation. See *Signtech USA, Ltd. v. Vutek, Inc.*, 174 F.3d 1352, 1356, 50 USPQ2d 1372, 1374– 75 (Fed. Cir.1999) ("ink delivery means positioned on ..." invokes 35 U.S.C. 112, sixth paragraph since the phrase "ink delivery means" is equivalent to "means for ink delivery"); *Al-Site Corp. v. VSI Int' l, Inc.*, 174 F.3d 1308, 1317-19, 50 USPQ2d 1161, 1166-67 (Fed. Cir. 1999) (although the claim elements "eyeglass hanger member" and "eyeglass contacting member" include a function, these claim elements do not invoke 35 U.S.C. 112, sixth paragraph because the claims themselves contain sufficient structural limitations for performing these functions); *Seal-Flex, Inc. v. Athletic Track and Court Construction*, 172 F.3d 836, 850, 50 USPQ2d 1225, 1234 (Fed. Cir. 1999) (Radar, J., concurring) ("claim elements without express step-plus-function language may nevertheless fall within 112 6 if they merely claim the underlying function without recitation of acts for performing that function...In general terms, the underlying function' of a method claim element corresponds to *what* that element ultimately accomplishes in relationship to what the other elements of the claim and the claim as a whole accomplish. Acts,' on the other hand, corre-

spond to *how* the function is accomplished...If the claim element uses the phrase step for,' then § 112, 6 is presumed to apply...On the other hand, the term step' alone and the phrase steps of' tend to show that § 112, 6 does not govern that limitation."); *Personalized Media Communications LLC v. ITC*, 161 F.3d 696, 703– 04, 48 USPQ2d 1880, 1886– 87 (Fed. Cir. 1998); *Mas-Hamilton Group v. LaGard Inc.*, 156 F.3d 1206, 1213, 48 USPQ2d 1010, 1016 (Fed. Cir. 1998) ("lever moving element for moving the lever" and "movable link member for holding the lever...and for releasing the lever" were construed as means-plus-function limitations invoking 35 U.S.C. 112, sixth paragraph since the claimed limitations were described in terms of their function not their mechanical structure); *Ethicon, Inc. v. United States Surgical Corp.*, 135 F.3d 1456, 1463, 45 USPQ2d 1545, 1550 (Fed. Cir. 1998) ("use of the word means 'gives rise to a presumption that the inventor used the term advisedly to invoke the statutory mandates for means-plus-function clauses' "); *O.I. Corp. v. Tekmar*, 115 F.3d 1576, 1583, 42 USPQ2d 1777, 1782 (Fed. Cir. 1997) (method claim that paralleled means-plus-function apparatus claim but lacked "step for" language did not invoke 35 U.S.C. 112, sixth paragraph). Thus, absent an express recitation of "means for" or "step for" in the limitation, the broadest reasonable interpretation will not be limited to "corresponding structure...and equivalents thereof." *Morris*, 127 F.3d at 1055, 44 USPQ2d at 1028 ("no comparable mandate in the patent statute that relates the claim scope of non-§ 112 paragarph 6 claims to particular matter found in the specification").

With respect to the second prong of this analysis, see *York Prod., Inc. v. Central Tractor Farm & Family Center*, 99 F.3d 1568, 1574, 40 USPQ2d 1619, 1624 (Fed. Cir. 1996) (holding that a claim limitation containing the term "means" does not invoke 35 U.S.C. 112, sixth paragraph if the claim limitation does not link the term "means" to a specific function). It must be clear that the element in the claims is set forth, at least in part, by the function it performs as opposed to the specific structure, material, or acts that perform the function. See also *Caterpillar Inc. v. Detroit Diesel Corp.*, 41 USPQ2d 1876, 1882 (N.D. Ind. 1996) (35 U.S.C. 112, sixth paragraph "applies to functional method claims where the element at issue sets forth a step for reaching a particular result, but not the spe-

cific technique or procedure used to achieve the result."); *O.I. Corp.*, 115 F.3d at 1582-83, 42 USPQ2d at 1782 (With respect to process claims, "[35 U.S.C. 112, sixth paragraph] is implicated only when steps *plus function* without acts are present…If we were to construe every process claim containing steps described by an 'ing' verb, such as passing, heating, reacting, transferring, etc., into a step-plus-function, we would be limiting process claims in a manner never intended by Congress." (Emphasis in original).). However, "the fact that a particular mechanism…is defined in functional terms is not sufficient to convert a claim element containing that term into a 'means for performing a specified function' within the meaning of section 112(6)." *Greenberg v. Ethicon Endo-Surgery, Inc.*, 91 F.3d 1580, 1583, 39 USPQ2d 1783, 1786 (Fed. Cir. 1996) ("detent mechanism" defined in functional terms was not intended to invoke 35 U.S.C. 112, sixth paragraph). See also *Al-Site Corp. v. VSI International Inc.*, 174 F.3d 1308, 1318, 50 USPQ2d 1161, 1166–67 (Fed. Cir. 1999) (although the claim elements "eyeglass hanger member" and "eyeglass contacting member" include a function, these claim elements do not invoke 35 U.S.C. 112, sixth paragraph because the claims themselves contain sufficient structural limitations for performing those functions). Also, a statement of function appearing only in the claim preamble is generally insufficient to invoke 35 U.S.C. 112, sixth paragraph. *O.I. Corp.*, 115 F.3d at 1583, 42 USPQ2d at 1782 ("[A] statement in a preamble of a result that necessarily follows from performing a series of steps does not convert each of those steps into step- plus-function clauses. The steps of 'passing' are not individually associated in the claims with functions performed by the steps of passing.").

With respect to the third prong of this analysis, see *Seal-Flex*, 172 F.3d at 849, 50 USPQ2d at 1234 (Radar, J., concurring) ("Even when a claim element uses language that generally falls under the step-plus-function format, however, 112 ¶ 6 still does not apply when the claim limitation itself recites sufficient acts for performing the specified function."); *Envirco Corp. v. Clestra Cleanroom, Inc.*, 209 F.3d 1360, 54 USPQ2d 1449 (Fed. Cir. 2000) (holding "second baffle means" does not invoke 35 U.S.C. 112, sixth paragraph, because the word "baffle" itself imparts structure and the claim further recites the structure of the baffle); *Rodime PLC v. Seagate Technology, Inc.*, 174 F.3d 1294, 1303–04, 50 USPQ2d 1429, 1435–36 (Fed. Cir. 1999) (holding "positioning means for moving" does not invoke 35 U.S.C. 112, sixth paragraph because the claim further provides a list of the structure underlying the means and the detailed recitation of the structure for performing the moving function removes this element from the purview of 35 U.S.C. 112, sixth paragraph); *Cole v. Kimberly-Clark Corp.*, 102 F.3d 524, 531, 41 USPQ2d 1001, 1006 (Fed. Cir. 1996) (holding "perforation means…for tearing" does not invoke 35 U.S.C. 112, sixth paragraph because the claim describes the structure supporting the tearing function (i.e., perforation)). In other cases, the Federal Circuit has held otherwise. See *Unidynamics Corp. v. Automatic Prod. Int'l*, 157 F.3d 1311, 1319, 48 USPQ2d 1099, 1104 (Fed. Cir. 1998) (holding "spring means" does invoke 35 U.S.C. 112, sixth paragraph). During examination, however, applicants have the opportunity and the obligation to define their inventions precisely, including whether a claim limitation invokes 35 U.S.C. 112, sixth paragraph. Thus, if the phrase "means for" or "step for" is modified by sufficient structure, material or acts for achieving the specified function, the USPTO will not apply 35 U.S.C. 112, sixth paragraph until such modifying language is deleted from the claim limitation.

It is necessary to decide on an element by element basis whether 35 U.S.C. 112, sixth paragraph applies. Not all terms in a means-plus-function or step-plus-function clause are limited to what is disclosed in the written description and equivalents thereof, since 35 U.S.C. 112, sixth paragraph applies only to the interpretation of the means or step that performs the recited function. See, e.g., *IMS Technology Inc. v. Haas Automation Inc.*, 206 F.3d 1422, 54 USPQ2d 1129 (Fed. Cir. 2000) (the term "data block" in the phrase "means to sequentially display data block inquiries" was not the means that caused the sequential display, and its meaning was not limited to the disclosed embodiment and equivalents thereof.). Each claim must be independently reviewed to determine the applicability of 35 U.S.C. 112, sixth paragraph, even where the application contains substantially similar process and apparatus claims. *O.I. Corp.*, 115 F.3d at 1583-1584, 42 USPQ2d at 1782 ("We understand that the steps in the method claims are essentially in

**2181**                    MANUAL OF PATENT EXAMINING PROCEDURE

the same language as the limitations in the apparatus claim, albeit without the 'means for' qualification…Each claim must be independently reviewed in order to determine if it is subject to the requirements of section 112, ¶ 6. Interpretation of claims would be confusing indeed if claims that are not means- or step-plus function were to be interpreted as if they were, only because they use language similar to that used in other claims that are subject to this provision.").

Accordingly, these guidelines provide applicants with the opportunity to either invoke or not invoke 35 U.S.C. 112, sixth paragraph based upon a clear and simple set of criteria.

Limitations that fall within the scope of 35 U.S.C. 112, sixth paragraph include:

(A) a jet driving device so constructed and located on the rotor as to drive the rotor . . . ["means" unnecessary]. The term "device" coupled with a function is a proper definition of structure in accordance with the last paragraph of 35 U.S.C. 112. The addition of the words "jet driving" to the term "device" merely renders the latter more definite and specific. *Ex parte Stanley*, 121 USPQ 621 (Bd. App. 1958);

(B) "printing means" and "means for printing" which would have the same connotations. *Ex parte Klumb*, 159 USPQ 694 (Bd. App. 1967). However, the terms "plate" and "wing," as modifiers for the structureless term "means," specify no function to be performed, and do not fall under the last paragraph of 35 U.S.C. 112;

(C) force generating means adapted to provide . . . . *De Graffenreid v. United States,* 20 Ct. Cl. 458, 16 USPQ2d 1321 (Ct. Cl. 1990);

(D) call cost register means, including a digital display for providing a substantially instantaneous display for . . . . *Intellicall Inc. v. Phonometrics, Inc.*, 952 F.2d 1384, 21 USPQ2d 1383 (Fed. Cir. 1992);

(E) reducing the coefficient of friction of the resulting film [step plus function; "step" unnecessary], *In re Roberts*, 470 F.2d 1399, 176 USPQ 313 (CCPA 1973); and

(F) raising the pH of the resultant pulp to about 5.0 to precipitate . . . . *Ex parte Zimmerley*, 153 USPQ 367 (Bd. App. 1966).

In the event that it is unclear whether the claim limitation falls within the scope of 35 U.S.C. 112, sixth

paragraph, a rejection under 35 U.S.C. 112, second paragraph may be appropriate.

**PROCEDURES FOR DETERMINING WHETHER THE WRITTEN DESCRIPTION ADEQUATELY DESCRIBES THE CORRESPONDING STRUCTURE, MATERIAL, OR ACTS NECESSARY TO SUPPORT A CLAIM LIMITATION WHICH INVOKES 35 U.S.C. 112, SIXTH PARAGRAPH**

If a claim limitation invokes 35 U.S.C. 112, sixth paragraph, it must be interpreted to cover the corresponding structure, materials, or acts in the specification and "equivalents thereof." See 35 U.S.C. 112, sixth paragraph. See also *B. Braun Medical, Inc. v. Abbott Lab.*, 124 F.3d 1419, 1424, 43 USPQ2d 1896, 1899 (Fed. Cir. 1997). If the written description fails to set forth the supporting structure, material or acts corresponding to the means- (or step-) plus-function, the claim may not meet the requirement of 35 U.S.C. 112, second paragraph:

> Although [35 U.S.C. 112, sixth paragraph] statutorily provides that one may use means-plus- function language in a claim, one is still subject to the requirement that a claim 'particularly point out and distinctly claim' the invention. Therefore, if one employs means-plus-function language in a claim, one must set forth in the specification an adequate disclosure showing what is meant by that language. If an applicant fails to set forth an adequate disclosure, the applicant has in effect failed to particularly point out and distinctly claim the invention as required by [35 U.S.C. 112, second paragraph].

*Donaldson*, 16 F.3d at 1195, 29 USPQ2d at 1850; see also *B. Braun Medical*, 124 F.3d at 1425, 43 USPQ2d at 1900; and *In re Dossel*, 115 F.3d 942, 946, 42 USPQ2d 1881, 1884–85 (Fed. Cir. 1997).

Whether a claim reciting an element in means- (or step-) plus-function language fails to comply with 35 U.S.C. 112, second paragraph because the specification does not disclose adequate structure (or material or acts) for performing the recited function is closely related to the question of whether the specification meets the description requirement in 35 U.S.C. 112, first paragraph. See *In re Noll*, 545 F.2d 141, 149, 191 USPQ 721, 727 (CCPA 1976) (unless the means-plus-function language is itself unclear, a claim limitation written in means-plus- function language meets the definiteness requirement in 35 U.S.C. 112, second paragraph so long as the specification meets the writ-

ten description requirement in 35 U.S.C. 112, first paragraph). However, 35 U.S.C. 112, sixth paragraph does not impose any requirements in addition to those imposed by 35 U.S.C. 112, first paragraph. See *In re Knowlton*, 481 F.2d 1357, 1366, 178 USPQ 486, 492–93 (CCPA 1973). Conversely, the invocation of 35 U.S.C. 112, sixth paragraph does not exempt an applicant from compliance with 35 U.S.C. 112, first and second paragraphs. See *Donaldson*, 16 F.3d at 1195, 29 USPQ2d at 1850; *Knowlton*, 481 F.2d at 1366, 178 USPQ at 493.

Under certain limited circumstances, the written description does not have to explicitly describe the structure (or material or acts) corresponding to a means- (or step-) plus-function limitation to particularly point out and distinctly claim the invention as required by 35 U.S.C. 112, second paragraph. See *Dossel*, 115 F.3d at 946, 42 USPQ2d at 1885. Under proper circumstances, drawings may provide a written description of an invention as required by 35 U.S.C. 112. *Vas-Cath, Inc. v. Mahurkar*, 935 F.2d 1555, 1565, 19 USPQ2d 1111, 1118 (Fed. Cir. 1991). Rather, disclosure of structure corresponding to a means-plus-function limitation may be implicit in the written description if it would have been clear to those skilled in the art what structure must perform the function recited in the means-plus-function limitation. See *Atmel Corp. v. Information Storage Devices Inc.*, 198 F.3d 1374, 1379, 53 USPQ2d 1225, 1228 (Fed. Cir. 1999) (stating that the "one skilled in the art" analysis should apply in determining whether sufficient structure has been disclosed to support a means-plus-function limitation and that the USPTO's recently issued proposed Supplemental Guidelines are consistent with the court's holding on this point); *Dossel*, 115 F.3d at 946–47, 42 USPQ2d at 1885 ("Clearly, a unit which receives digital data, performs complex mathematical computations and outputs the results to a display must be implemented by or on a general or special purpose computer (although it is not clear why the written description does not simply state 'computer' or some equivalent phrase.)"). However, the claims must still be analyzed to determine whether there exists corresponding adequate support for such claim under 35 U.S.C. 112, first paragraph. In considering whether there is 35 U.S.C. 112, first paragraph support for the claim limitation, the examiner must consider not only the original disclosure con-

tained in the summary and detailed description of the invention portions of the specification, but also the original claims, abstract, and drawings. See *In re Mott*, 539 F.2d 1291, 1299, 190 USPQ 536, 542–43 (CCPA 1976) (claims); *In re Anderson*, 471 F.2d 1237, 1240, 176 USPQ 331, 333 (CCPA 1973) (claims); *Hill-Rom Co. v. Kinetic Concepts, Inc.*, 243 F.3d 560, 54 USPQ2d 1437 (Fed. Cir. 2000) (unpublished) (abstract); *In re Armbruster*, 512 F.2d 676, 678–79, 185 USPQ 152, 153–54 (CCPA 1975) (abstract); *Anderson*, 471 F.2d at 1240, 176 USPQ at 333 (abstract); *Vas-Cath Inc. v. Mahurkar*, 935 F.2d at 1564, 19 USPQ2d at 1117 (drawings); *In re Wolfensperger*, 302 F.2d 950, 955–57, 133 USPQ 537, 541– 43 (CCPA 1962) (drawings).

Therefore, a means-(or step-) plus-function claim limitation satisfies 35 U.S.C. 112, second paragraph if: (A) the written description links or associates particular structure, materials, or acts to the function recited in a means- (or step-) plus-function claim limitation; or (B) it is clear based on the disclosure in the application that one skilled in the art would have known what structure, materials, or acts perform the function recited in a means- (or step-) plus-function limitation.

37 CFR 1.75(d)(1) provides, in part, that "the terms and phrases used in the claims must find clear support or antecedent basis in the description so that the meaning of the terms in the claims may be ascertainable by reference to the description." In the situation in which the written description only implicitly or inherently sets forth the structure, materials, or acts corresponding to a means- (or step-) plus-function, and the examiner concludes that one skilled in the art would recognize what structure, materials, or acts perform the function recited in a means- (or step-) plus-function, the examiner should either: (A) have the applicant clarify the record by amending the written description such that it expressly recites what structure, materials, or acts perform the function recited in the claim element; or (B) state on the record what structure, materials, or acts perform the function recited in the means- (or step-) plus-function limitation. Even if the disclosure implicitly sets forth the structure, materials, or acts corresponding to a means- (or step-) plus-function claim element in compliance with 35 U.S.C. 112, first and second paragraphs, the USPTO may still require the applicant to amend the

specification pursuant to 37 CFR 1.75(d) and MPEP § 608.01(o) to explicitly state, with reference to the terms and phrases of the claim element, what structure, materials, or acts perform the function recited in the claim element. See 35 U.S.C. 112, sixth paragraph ("An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts *described in the specification* and equivalents thereof." (emphasis added)); see also *B. Braun Medical*, 124 F.3d at 1424, 43 USPQ2d at 1900 (holding that "pursuant to this provision [35 U.S.C. 112, sixth paragraph], structure disclosed in the specification is 'corresponding' structure only if the specification or prosecution history clearly links or associates that structure to the function recited in the claim. This duty to link or associate structure to function is the *quid pro quo* for the convenience of employing 112, paragraph 6."); *Wolfensperger*, 302 F.2d at 955, 133 USPQ at 542 (just because the disclosure provides support for a claim element does not mean that the USPTO cannot enforce its requirement that the terms and phrases used in the claims find clear support or antecedent basis in the written description).

**SINGLE MEANS CLAIMS**

*Donaldson* does not affect the holding of *In re Hyatt*, 708 F.2d 712, 218 USPQ 195 (Fed. Cir. 1983) to the effect that a single means claim does not comply with the enablement requirement of 35 U.S.C. 112, first paragraph. As *Donaldson* applies only to an interpretation of a limitation drafted to correspond to 35 U.S.C. 112, sixth paragraph, which by its terms is limited to "an element in a claim to a combination," it does not affect a limitation in a claim which is not directed to a combination.

# 2182   Scope of the Search and Identification of the Prior Art

As noted in MPEP § 2181, in *In re Donaldson Co.*, 16 F.3d 1189, 29 USPQ2d 1845 (Fed. Cir. 1994) the Federal Circuit recognized that it is important to retain the principle that claim language should be given its broadest reasonable interpretation. This principle is important because it helps insure that the statutory presumption of validity attributed to each claim

of an issued patent is warranted by the search and examination conducted by the examiner. It is also important from the standpoint that the scope of protection afforded by patents issued prior to *Donaldson* are not unnecessarily limited by the latest interpretation of this statutory provision. Finally, it is important from the standpoint of avoiding the necessity for a patent specification to become a catalogue of existing technology. The specification need not describe the equivalents of the structures, material, or acts corresponding to the means- (or step-) plus-function claim element. See *In re Noll*, 545 F.2d 141, 149-50, 191 USPQ 721, 727 (CCPA 1976) ("The meaning of 'equivalents' is well understood in patent law, ... and an applicant need not describe in his specification the full range of equivalents of his invention.") (citation omitted). A patent specification need not teach, and preferably omits, what is well known in the art. *Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1384, 231 USPQ 81, 94 (Fed. Cir. 1986).

The *Donaldson* decision thus does not substantially alter examining practice and procedure relative to the scope of the search. Both before and after *Donaldson*, the application of a prior art reference to a means or step plus function limitation requires that the prior art element perform the identical function specified in the claim. However, if a prior art reference teaches identity of function to that specified in a claim, then under *Donaldson* an examiner carries the <u>initial</u> burden of proof for showing that the prior art structure or step is the same as or equivalent to the structure, material, or acts described in the specification which has been identified as corresponding to the claimed means or step plus function.

The "means or step plus function" limitation should be interpreted in a manner consistent with the specification disclosure. If the specification defines what is meant by the limitation for the purposes of the claimed invention, the examiner should interpret the limitation as having that meaning. If no definition is provided, some judgment must be exercised in determining the scope of the limitation. See, e.g., *B. Braun Medical, Inc. v. Abbott Labs*., 124 F.3d 1419, 1424, 43 USPQ2d 1896, 1900 (Fed. Cir. 1997) ("We hold that, pursuant to [35 U.S.C. 112, sixth paragraph], structure disclosed in the specification is 'corresponding' structure only if the specification or prosecution history clearly links or associates that structure to the func-