# EXHIBIT E

# Manual of PATENT EXAMINING PROCEDURE

Original Sixth Edition, January 1995
Latest Revision September 1995

 

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

Rev. 1, Sept. 1995

The Patent and Trademark Office does not handle the sale of the Manual, distribution of notices and revisions, or change of address of those on the subscription list. Correspondence relating to existing subscriptions should be sent to the Superintendent of Documents at the following address:

    Superintendent of Documents                                    Telephone: (202)512–2267
    Mail List Section
    Washington, D.C. 20402

Inquiries relating to purchasing the Manual should be directed to:

    Superintendent of Documents                                    Telephone: (202)512–1800
    United States Government Printing Office
    Washington, D.C. 20402

Orders for reproduced copies of individual replacement pages or of previous revisions of the Manual should be sent to the following address:

    Commissioner of Patents and Trademarks
    Attention: Certification Branch
    Washington, D.C. 20231

Previous editions and revisions of the Manual are available on microfilm in the Public Search Room.

The Manual is available on CD–ROM and on diskette from:

    U.S. Patent and Trademark Office                            Telephone: (703)308–0322
    Office of Electronic Information Products and Services
    Washington, D.C. 20231

Employees of the Patent and Trademark Office should direct their requests for the Manual, replacement pages, notices, and revisions to the Patent Academy.

Additions to the text of the Manual are indicated by arrows (> <) inserted in the text. Deletions are indicated by a single asterisk (*) where a single word was deleted and by two asterisks (**) where more than one word was deleted. The use of three or five asterisks in the body of the laws and rules indicates a portion of the law or rule which was not reproduced.

    First Edition, November 1949
    Second Edition, November 1953
    Third Edition, November 1961
    Fourth Edition, June 1979
    Fifth Edition, August 1983
    Sixth Edition, January 1995
        Revision 1, September 1995

## 2173.05(o)   Double Inclusion [R-1]

>While the concept that double inclusion of an element in members of a Markush group recited in a claim is, per se, objectionable and renders a claim indefinite is supported by some of the older cases like *Ex parte White*, 759 O.G. 783 (Bd. App. 1958) and *Ex parte Clark*, 174 USPQ 40 (Bd. App. 1971), other decisions clearly hold that there is no per se rule of indefiniteness concerning overlapping members where alternatives are recited in a claim -- e.g., members of a Markush group. *In re Kelly*, 305 F.2d 909, 134 USPQ 397 (CCPA 1962).

The facts in each case must be evaluated to determine whether or not the multiple inclusion of one or more elements in a claim gives rise to indefiniteness in that claim. The mere fact that a compound may be embraced by more than one member of a Markush group recited in the claim does not lead to any uncertainty as to the scope of that claim for either examination or infringement purposes. On the other hand, where a claim directed to a device can be read to include the same element twice, the claim may be indefinite. *Ex parte Kristensen*, 10 USPQ2d 1701 (Bd. Pat. App. & Inter. 1989).<

## 2173.05(p)   Claim Directed to Product-By-Process or Product and Process [R-1]

>*(a) Product-by-process*

There are many situations where claims are permissively drafted to include a reference to more than one statutory class of invention. A product-by-process claim, which is a product claim that defines the claimed product in terms of the process by which it is made, is proper. *In re Moeller*, 28 CCPA 932, 48 USPQ 542, 1941 C.D. 316; *In re Luck*, 177 USPQ 523 (CCPA 1973); *In re Steppan*, 156 USPQ 143 (CCPA 1967); and *In re Pilkington*, 162 USPQ 145 (CCPA 1969). A claim to a device, apparatus, manufacture, or composition of matter may contain a reference to the process in which it is intended to be used without being objectionable under 35 U.S.C. 112, second paragraph, so long as it is clear that the claim is directed to the product and not the process.

The fact that it is necessary for an applicant to describe his product in product-by-process terms does not prevent him from presenting claims of varying scope, *Ex parte Pantzer and Feier*, 176 USPQ 141 (Bd. App. 1972).

*(b) Product and process in the same claim*

A single claim which claims both an apparatus and the method steps of using the apparatus is indefinite under 35 U.S.C. 112, second paragraph. In *Ex parte Lyell*, 17 USPQ2d 1548 (Bd. Pat. App. & Inter. 1990), a claim directed to an automatic transmission workstand and the method steps of using it was held to be ambiguous and properly rejected under 35 U.S.C. 112, second paragraph.

Such claims should also be rejected under 35 U.S.C. 101 based on the theory that the claim is directed to neither a "process" nor a "machine," but rather embraces or overlaps two different statutory classes of invention set forth in 35 U.S.C. 101 which is drafted so as to set forth the statutory classes of invention in the alternative only. *Id.* at 1551.<

## 2173.05(q)   "Use" Claims [R-1]

>Attempts to claim a process without setting forth any steps involved in the process generally raises an issue of indefiniteness under 35 U.S.C. 112, second paragraph. For example, a claim which read: "A process for using monoclonal antibodies of claim 4 to isolate and purify human fibroblast interferon." was held to be indefinite because it merely recites a use without any active, positive steps delimiting how this use is actually practiced. *Ex parte Erlich*, 3 USPQ2d 1011 (Bd. Pat. App. & Inter. 1986).

Other decisions suggest that a more appropriate basis for this type of rejection is 35 U.S.C. 101. In *Ex parte Dunki*, 153 USPQ 678 (Bd. App. 1967), the Board held the following claim to be an improper definition of a process: "The use of a high carbon austenitic iron alloy having a proportion of free carbon as a vehicle brake part subject to stress by sliding friction." In *Clinical Products Ltd. v. Brenner*, 255 F.Supp. 131, 149 USPQ 475 (D.D.C. 1966), the district court held the following claim was definite, but that it was not a proper process claim under 35 U.S.C. 101: "The use of a sustained release therapeutic agent in the body of ephedrine absorbed upon polystyrene sulfonic acid."

Although a claim should be interpreted in light of the specification disclosure, it is generally considered