IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC,<br><br>    Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC.,<br>NETEGRITY, INC., COMPUTER<br>ASSOCIATES INTERNATIONAL, INC., and<br>JOHNSON & JOHNSON SERVICES, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)  C.A. No. 05-214-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT JOHNSON & JOHNSON SERVICES, INC.'S
SUPPLEMENTAL RESPONSE TO
<u>PLAINTIFF PRISM TECHNOLOGIES LLC'S SECOND MOTION TO COMPEL</u>**

On Thursday, September 21, 2006, by e-mail to the Court, Prism withdrew the portion of its second motion to compel seeking certain technical documents from JJSI. See attached exhibit A ("Ex. A"). Prism included in its September 21 e-mail a request for costs and fees for the withdrawn portion of the motion. JJSI submits this supplemental paper to briefly respond to Prism's improper and unjustified request for costs.

**<u>OPPOSITION TO REQUEST FOR COSTS</u>**

Prism filed its motion to compel without first making a good faith effort to obtain the requested discovery from JJSI and therefore is not entitled to an award of costs. See Fed. R. Civ. P. 37(4)(a). See also <u>Dobrich v. Walls</u>, No. 05,120 JJF, 2006 WL 2642218, at *5 (D. Del., Sept. 14, 2006) (J. Farnan); <u>Kiliszek v. Nelson, Watson, & Associates, LLC</u>, No. 3:04CV2604, 2006 WL 335788, at *9 (M.D.Pa., Feb. 14, 2006).

Prism moved to compel on Monday, August 28, 2006 (D.I. 215), only five days after it first informed JJSI that it believed "detailed query flow" documents were missing from

JJSI's production. See E-mail from Burgy (Aug. 23, 2006) (Ex. B, at 2-3). The very same day that Prism articulated its request for detailed flow documents, JJSI agreed to a meet and confer. See E-mail from Spencer (Aug. 23, 2006) (Ex. B, at 2). On Thursday, August 24, prior to the meet and confer, JJSI identified responsive materials in JJSI's production. See E-mail from Spencer (08/24/06) (Ex. B, at 1). When Prism explained during the meet and confer that it specifically sought different documents -- ones detailing the "the content and timing of message and data flow" -- JJSI agreed to search again for any such flow documents in its possession and to follow-up with Prism on Monday, August 28.

Without waiting for JJSI's response, Prism filed its motion the afternoon of Monday, August 28. That same afternoon, rather than alert JJSI of the filing, Prism conferred with JJSI about scheduling a 30(b)(6) deposition and an inspection. Prism did not (and never intended to) confer in good faith with JJSI concerning the detailed query flow documents it purportedly sought. This is because Prism planned to file its motion regardless of JJSI's response. Prism's true purpose was to attempt to cast JJSI in a negative light in order to bolster its renewed request for disclosure of the third-party software licensed by JJSI. Under these circumstances, Prism's request for costs cannot be justified. See Fed. R. Civ. P. 37(4)(a).

Further, as agreed at the August 24 meet and confer, JJSI conducted a follow-up search for detailed query flow documents. During this follow-up search, JJSI identified a large electronic repository that previously had not been searched. Within ten days, by overnight mail on September 1, 2006, JJSI made a supplemental production from this repository. See Letter from Spencer (Sept. 1, 2006) (Ex. C). As even Prism must concede, this supplemental production includes many duplicate documents. See Ex. A. Also, after a reasonable search, it appears that JJSI does not have the particularized flow documents that Prism supposedly sought.

That JJSI's search for the flow documents uncovered additional responsive materials does not justify Prism's request for costs. Had Prism waited for JJSI's response on August 28 (and the subsequent production), its motion to compel (and any costs) could have been avoided.

## CONCLUSION

For the reasons stated above and in JJSI's Opposition to Prism's Second Motion to Compel (D.I. 223, 242), JJSI respectfully requests that Prism's Second Motion to Compel, and its request for costs and fees, be denied in all respects.

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendant
Johnson & Johnson Services Inc.*

*Of Counsel:*

John M. DiMatteo
Neal K. Feivelson
Leslie M. Spencer
WILLKIE FARR & GALLAGHER
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000

Dated: September 25, 2006
173543.1

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September, 2006, the attached **DEFENDANT JOHNSON & JOHNSON SERVICES, INC.'S SUPPLEMENTAL RESPONSE TO PLAINTIFF PRISM TECHNOLOGIES LLC'S SECOND MOTION TO COMPEL** was served upon the below-named counsel at the address and in the manner indicated:

| | |
|---|---|
| Richard D. Kirk, Esquire<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899 | HAND DELIVERY |
| Dirk D. Thomas, Esquire<br>Robin, Kaplan, Miller & Ciresi, LLP<br>1801 K Street, N.W., Suite 1200<br>Washington, DC 20006 | VIA FEDERAL EXPRESS |
| Patricia S. Rogowski, Esquire<br>Connolly Bove Lodge & Hutz LLP<br>The Nemours Building<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899 | HAND DELIVERY |
| Jason A. Snyderman, Esquire<br>Akin Gump Strauss Hauer & Feld LLP<br>One Commerce Square<br>2005 Market Street<br>Suite 2200<br>Philadelphia, PA 19103-7013 | VIA FEDERAL EXPRESS |
| Frank C. Cimino, Jr., Esquire<br>Akin Gump Strauss Hauer & Feld LLP<br>Robert S. Strauss Building<br>1333 New Hampshire Avenue, N.W.<br>Washington, DC 20036-1564 | VIA FEDERAL EXPRESS |

| | |
|---|---|
| Frederick L. Cottrell, III, Esquire<br>Richards Layton & Finger<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE  19899 | HAND DELIVERY |
| William F. Lee, Esquire<br>Wilmer Cutler Pickering Hale & Dorr LLP<br>60 State Street<br>Boston, MA  02109 | VIA FEDERAL EXPRESS |
| Kate Hutchins, Esquire<br>Wilmer Cutler Pickering Hale & Dorr<br>399 Park Avenue<br>New York, NY  10022 | VIA FEDERAL EXPRESS |
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon LLP<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE  19899 | HAND DELIVERY |
| Samir Bhavsar, Esquire<br>Baker Botts LLP<br>2001 Ross Avenue<br>Dallas, TX  75201-2980 | VIA FEDERAL EXPRESS |
| David M. Schlitz, Esquire<br>Baker Botts LLP<br>The Warner<br>1299 Pennsylvania Avenue, NW<br>Washington, DC  20004-2400 | VIA FEDERAL EXPRESS |

/s/ *John G. Day*
_____
John G. Day