IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>           Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>           Defendants. | Civil Action No. 05-00214 JJF |

**PLAINTIFF PRISM TECHNOLOGIES LLC'S MOTION TO COMPEL DEFENDANT VERISIGN, INC. TO PRODUCE DOCUMENTS AND THINGS KNOWN AS PILOT TEST ACCOUNTS FOR THE ACCUSED PRODUCTS**

Plaintiff Prism Technologies LLC ("Prism") moves this Court pursuant to ¶4 of the Scheduling Order, Fed. R. Civ. P. 37(a), and LR 37.1 for an Order compelling Defendant VeriSign, Inc. ("VeriSign") to produce one *complete and operable* set of each of VeriSign's Unified Authentication ("UA"), Go Secure, and Identity Protection ("VIP") software and hardware products ("Accused Products") responsive to Prism's Document Request No. 1. Delaying almost a full year before producing the requested items, VeriSign produced *some* of Accused Products on August 4, 2006, but refuses to produce the Pilot Test Accounts, without which Prism cannot operate or evaluate the Accused Software and Hardware provided.

**FACTS**

Over a full year ago (September 20, 2005), Prism requested that VeriSign produce one set of each of the Accused Products, including the software and copies of source code.[1] Subject to certain objections, VeriSign stated that it would produce these documents relating to Unified Authentication and would supplement regarding Go Secure.[2] Both Prism and VeriSign[3] define "documents" to include electronic

---

[1] *See* Ex. 1, Kirk Decl., Prism's Revised First Set of Doc. Req., No. 1 (Sept. 20, 2005). Although Prism requested a copy of VeriSign's source code, VeriSign has refused to produce that source code. Prism has requested that VeriSign stipulate that VeriSign will not use the source code since it has refused to produce it. Prism, however, reserves its right to seek the source code if needed. *See* Ex. 2, Kirk Decl., Letter from A. Bahou to D. Yonan of Sept. 29, 2006, attaching requested Stipulation.

[2] *See* Ex. 3, Kirk Decl., VeriSign's Response to Prism's Revised First Set of Rule 34 Req., No. 1 (October 27, 2005). Prism supplemented its response on April 14, 2006 by also accusing VeriSign's Identity Protection

1

data, consistent with Fed. R. Civ. P. 34. In fact, VeriSign defines documents and electronic data to include computer programs, programming notes or instructions, output resulting from the use of any software program, and source code of all types.[4]

After six (6) months had passed, VeriSign failed to produce any software. On April 24, 2006, Prism requested that VeriSign address its deficient document production regarding Document Req. No. 1 and produce the software for each of the Accused Products.[5] In response to the dispute regarding Document Request No. 1, VeriSign stated it "intends to produce one (1) copy of each of its Accused Products to Prism."[6]

Prism again asked VeriSign for the status of its document production on June 2, 2006 and further renewed Prism's requests initiated on a teleconference of April 20, 2006.[7] On June 26, 2006[8] and June 27, 2006, Prism once more requested that VeriSign supplement its document production, "including but not limited to documents called for in Prism's Document Requests Nos. 1-5…."[9] In response, VeriSign stated on June 30 that it would respond as promptly as possible to Prism's requests of June 26 and 27.[10]

On August 4, 2006, VeriSign produced an incomplete version of its software.[11] Subject yet again to VeriSign's incomplete production, Prism was forced to ask VeriSign to supplement its production because it failed to produce certain versions of UA.[12] Moreover, VeriSign failed to produce all the software manuals for the Accused Products (Id. at 1-2), which would normally accompany software given to customers.

---

    product of infringement. See Ex.4, Kirk Decl., Prism's First Supplemental Response to VeriSign's Interrogatory No. 2 (April 14, 2006).
[3] See Ex. 5, Kirk Decl., VeriSign's First Set of Interrogs. to Prism, at Definitions ¶¶12-13 (Sept. 15, 2005); Ex. 6 Kirk Decl., VeriSign's First Set of Doc. Req. to Prism, Definitions and Instructions at 2 (Sept. 15, 2005); Ex. 1 Kirk Decl., Prism's Revised First Set of Doc. Req. to VeriSign, at Definition ¶H (Sept. 20, 2005).
[4] See Ex.5, Kirk Decl., VeriSign's First Set of Interrogs. to Prism, at Definition ¶13 (Sept. 15, 2005).
[5] See Ex. 7, Kirk Decl., Letter from A. Bahou to D. Yonan of April 24, 2006.
[6] See Ex. 8, Kirk Decl., Letter from D. Yonan to A. Bahou of May 11, 2006 (emphasis added).
[7] See Ex. 9, Kirk Decl., Letter from A. Bahou to D. Yonan of June 2, 2006.
[8] See Ex. 10, Kirk Decl., Letter from A. Bahou to D. Yonan of June 26, 2006.
[9] See Ex. 11, Kirk Decl., Letter from A. Bahou to D. Yonan of June 27, 2006.
[10] See Ex. 12, Kirk Decl., Letter from D. Yonan to A. Bahou of June 30, 2006.
[11] See Ex. 13, Kirk Decl., Letter from D. Yonan to A. Bahou of Aug. 4, 2006 (contains Confidential Information) (Although VeriSign transmitted the letter via e-mail on Aug. 4, it did not deliver the document production until Aug. 7).
[12] See Ex. 14, Kirk Decl., Letter from A. Bahou to D. Yonan of Aug. 29, 2006.

Because VeriSign was dilatory in its production, Prism could not know that it needed the Pilot Test Accounts until VeriSign produced its software. After August 4, 2006, the first date that VeriSign had produced any software, Prism recognized that VeriSign's software was inoperable without a "Pilot Account," which includes (1) a Registration or License File, (2) the Registration Authority Certificate, (3) an activated or commissioned token, and (4) a Service Password for the UA VeriSign-Hosted software.[13] Consequently, Prism requested the "Pilot Account" and "commissioned" tokens that were capable of being activated by the UA Service.[14] After several telephone conversations with Daniel Yonan, Esq. (counsel for VeriSign), Prism renewed its requests for the software and source code on August 31, 2006, as called for in its Document Request No. 1.[15] Mr. Yonan led Prism to believe that he was coordinating the production of the Pilot Account information. Realizing that VeriSign's production regarding the Go Secure product was also incomplete, Prism repeated its requests for the software, product manuals, and Pilot Account information for the Go Secure products.[16] VeriSign evaded responding to the issues raised by Prism's numerous letters.[17] But on September 26, 2006, VeriSign conceded its production thus far is incomplete and purports to produce further software on September 29, 2006 but refuses to provide the Pilot Test Accounts.[18]

## ARGUMENT

With over seven (7) requests by Prism since September 20, 2005, VeriSign's production of its software remains delinquent. On September 26, 2006, VeriSign states that the "first time Prism raised any allegations that VeriSign has not provided the necessary software for its Accused Products was August 29 – over two weeks after the close of document discovery, and more than 16 months after Prism

---

[13] See, e.g., Ex. 15, Kirk Decl., VERI-1596789; Ex.15, Kirk Decl., VERI-1596798; Ex. 16, Kirk Decl., VERI-1596712-15; Ex. 17, Kirk Decl., VERI-1596906.
[14] See Ex. 14, Kirk Decl., Letter from A. Bahou to D. Yonan of Aug. 29, 2006.
[15] See Ex. 18, Kirk Decl., Letter from A. Bahou to D. Yonan of Aug. 31, 2006. Mr. Yonan lead Prism to believe that he was coordinating the production of the Pilot Account information. See Ex. 19, Kirk Decl., Letter from A. Bahou to D. Yonan of Sept. 8, 2006.
[16] See Ex. 20, Kirk Decl., Letter from A. Bahou to D. Yonan of Sept. 15, 2006.; see also Ex. 21, Kirk Decl., VERI-0020099; Ex. 21, Kirk Decl., VERI-0020204.
[17] See Ex. 22, Kirk Decl., Letter from D. Yonan to A. Bahou of Sept. 15, 2006. See Ex. 23, Kirk Decl., E-mail from A. Bahou to D. Yonan of Sept. 26, 2006.
[18] See Ex. 24, Kirk Decl., Letter from D. Yonan to A. Bahou of Sept. 26, 2006.

initiated this litigation." *Id.* As the Court can see from the above facts, the attached discovery requests, and letters, VeriSign was well aware of Prism's requests for the Accused Products for over a full year. VeriSign, however, delayed production of the Accused Products until just seven (7) days from the close of written fact discovery.[19]

It was not until a teleconference call of September 13, 2006, that VeriSign abruptly changed course and stated that it would not produce the Pilot Test Accounts or source code. After twelve (12) months of stating that it would produce such items, VeriSign suddenly hides behind a thin disguise that Prism somehow was late in its requests for the software and/or source code.

Notwithstanding VeriSign's untenable position, it refuses to provide an operable version of its software, all the while demanding the same from Prism. For example, VeriSign requested Prism's Internet Subscription Access (ISA) software,[20] and Prism produced that software.[21] Moreover, VeriSign stated that it is entitled to a copy of the ISA software in the format which it is sold to customers.[22] Now, VeriSign seeks to provide its software to Prism in an inoperable state without any activation codes or Pilot Account information, which is typically provided to customers to use and test the software.

In short, Prism is entitled to a complete and operable set of the Accused Products, including the Pilot Test Account information necessary to operate the Accused Products. *See* Fed. R. Civ. P. 26(b)(1). For example, in other jurisdictions the Local Rules require production of the Accused Software.[23] The Accused Products are relevant to the issues of infringement and VeriSign does not contend that their production is burdensome or otherwise protected.

---

[19] *See* Ex. 13, Kirk Decl., Letter from D. Yonan to A. Bahou of Aug. 4, 2006 (received Aug. 7, 2006). Even in VeriSign's August 4 letter, it recognizes Prism's *prior requests* for software, specifically referencing the VIP software, and responding with the detail of why it is including the UA software but no unique software regarding VIP.
[20] *See* Ex. 8, Kirk Decl., Letter from D. Yonan to A. Bahou of May 11, 2006, at page 3, ¶3.
[21] *See* Ex. 25, Kirk Decl., Letter from A. Bahou to All Defendants of June 26, 2006.
[22] *See* Ex. 12, Kirk Decl., Letter from D. Yonan to A. Bahou of June 30, 2006, at 2.
[23] The Northern District of California requires that a defending party in a patent infringement suit produce "[s]ource code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects of elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) [infringement] chart." U.S. District Court for the Northern District of California, L.R. 3-4(a).

September 29, 2006                                    THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (rk0922)
Ashley B. Stitzer (as3891)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com
astitzer@bayardfirm.com

ATTORNEYS FOR PLAINTIFF PRISM
TECHNOLOGIES LLC

OF COUNSEL:
Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Chandran B. Iyer, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 775-0725

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>Defendants. | Civil Action No. 05-00214 JJF |

**LOCAL RULE 7.1.1 STATEMENT IN SUPPORT OF PLAINTIFF
PRISM TECHNOLOGIES LLC'S MOTION TO COMPEL
DEFENDANT VERISIGN, INC. TO PRODUCE DOCUMENTS AND THINGS**

The undersigned attorney for plaintiff Prism Technologies LLC ("Prism") hereby states, pursuant to Local Rule 7.1.1, that Prism's attorneys have made a reasonable effort to reach agreement with opposing counsel on the matters set forth in Plaintiff Prism Technologies LLC's Motion to Compel Defendant VeriSign, Inc. to Produce Documents and Things, but that agreement was not forthcoming.

September 29, 2006

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (rk0922)
Ashley B. Stitzer (as3891)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com
astitzer@bayardfirm.com

ATTORNEYS FOR PLAINTIFF
PRISM TECHNOLOGIES LLC

1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on September 29, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Frederick L. Cottrell, III, Esq.
Alyssa M. Schwartz, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document were sent by hand on September 29, 2006 to the above counsel and by first-class mail or overnight delivery as indicated to the below counsel:

*Via Federal Express*

John DiMatteo, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

William Lee, Esq.
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA 02109

Jason Snyderman, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

Frank C. Cimino, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

587422v1

David M. Schlitz
Baker Botts L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC  20004-2400

Samir A. Bhavsar
Jeffrey D. Baxter
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, TX  75201-2980

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

587422v1