*Receipt*

1608.61279                                                                PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant: | Gregg et al. | ) |
| | | ) |
| Serial No.: | 08/872,710 | ) |
| | | ) |
| Filed: | June 11, 1996 | ) |
| | | ) |
| For: | SUBSCRIPTION ACCESS SYSTEM | ) |
| | FOR USE WITH AN UNTRUSTED | ) |
| | NETWORK | ) |
| | | ) |
| Group Art Unit: 2202 | | ) |

*I hereby certify that this paper is being deposited with the United States Postal Service as first-class mail in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231, on this date.*

11/7/97
Date

Registration No. 26,174
Attorney for Applicant

**RECEIVED**
APR 1 5 1998
**GROUP 2200**

REQUEST TO CORRECT FILING RECEIPT

Customer Correction Branch
Application Processing Division
Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

Applicants request a corrected filing receipt indicating the correct spelling of the second-listed inventor's surname. The correct spelling is "Giri".

A copy of the filing receipt with the correction indicated thereon is enclosed.

Respectfully submitted,

GREER, BURNS & CRAIN, LTD.

By _____
Roger D. Greer
Registration No. 26,174

November 7, 1997

Suite 8660 - Sears Tower
233 South Wacker Drive
Chicago, Illinois  60606
(312) 993-0080

P 031253



**FILING RECEIPT**

**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | GRP ART UNIT | FIL FEE REC'D | ATTORNEY DOCKET NO. | DRWGS | TOT.CL | IND.CL |
|---|---|---|---|---|---|---|---|
| 08/872,710 | 06/11/97 | 2202 | $561.00 | 1608.61259 | 22 | 36 | 3 |

GREEN BURNS & CRAIN
SUITE 8660 SEARS TOWER
233 SOUTH WACKER DRIVE
CHICAGO IL 60606

Receipt is acknowledged of this nonprovisional Patent Application. It will be considered in its order and you will be notified as to the results of the examination. Be sure to provide the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION when inquiring about this application. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. If an error is noted on this Filing Receipt, please write to the Application Processing Division's Customer Correction Branch within 10 days of receipt. Please provide a copy of the Filing Receipt with the changes noted thereon.

Applicant(s)

RICHARD L. GREGG, OMAHA, NE; SANDEEP GIRI, OMAHA, NE;
TIMOTHY C. GOEKE, ELKHORN, NE

FOREIGN FILING LICENSE GRANTED 10/29/97          * SMALL ENTITY *
TITLE
SUBSCRIPTION ACCESS SYSTEM FOR USE WITH AN UNTRUSTED NETWORK
PRELIMINARY CLASS: 380

(see reverse)

P 031254

*Receipt*

1608.63259                                                    PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant: | Gregg et al. | ) |
| | | ) *I hereby certify that this paper is being deposited with* |
| Serial No.: | 08/872,710 | ) *the United States Postal Service as first-class mail in* |
| | | ) *an envelope addressed to: Assistant Commissioner for* |
| Filed: | June 11, 1996 | ) *Patents, Washington, D.C. 20231, on this date.* |
| | | ) |
| For: | SUBSCRIPTION ACCESS SYSTEM | ) *Date* _____ *Registration No.* 26,174 |
| | FOR USE WITH AN UNTRUSTED | ) *Attorney for Applicant* |
| | NETWORK | ) |
| | | ) |
| Group Art Unit: 2202 | | ) |

JUN 02 1998

REQUEST TO CORRECT FILING RECEIPT

Customer Correction Branch
Application Processing Division
Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

Applicants request a corrected filing receipt correcting the typographical error in the title of the invention. The word "UES" should be changed to "USE".

A copy of the filing receipt with the correction indicated thereon is enclosed.

Respectfully submitted,

GREER, BURNS & CRAIN, LTD.

By _____
Roger D. Greer
Registration No. 26,174

May 6, 1998

Suite 8660 - Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
(312) 993-0080

RECEIVED
TECHNOLOGY CENTER 3600
98 JUN 17 AM 9:27

P 031255



**UNITED STATES DE. .TMENT OF COMMERCE**
Patent and Trademark Office
**ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS**
Washington, D.C. 20231

FILING RECEIPT
CORRECTED

| APPLICATION NUMBER | FILING DATE | GRP ART UNIT | FIL FEE REC'D | ATTORNEY DOCKET NO. | DRWGS | TOT CL | IND CL |
|---|---|---|---|---|---|---|---|
| 08/872,710 | 06/11/97 | 3642 | $561.00 | 1608.61259 | 22 | 16 | 3 |

GREEN BURNS & CRAIN
    SUITE 8660 SEARS TOWER
233 SOUTH WACKER DRIVE
CHICAGO IL 60606

Receipt is acknowledged of this nonprovisional Patent Application. It will be considered in its order and you will be notified as to the
results of the examination. Be sure to provide the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF
INVENTION when inquiring about this application. Fees transmitted by check or draft are subject to collection. Please verify the accuracy
of the data presented on this receipt. If an error is noted on this Filing Receipt, please write to the Application Processing Division's
Customer Correction Branch within 10 days of receipt. Please provide a copy of the Filing Receipt with the changes noted thereon.

Applicant(s)

    RICHARD L. GREGG, OMAHA, NE; SANDEEP GIRI, OMAHA, NE;
    TIMOTHY C. GOEKE, ELKHORN, NE.

FOREIGN FILING LICENSE GRANTED 10/29/97           * SMALL ENTITY *
TITLE                              USE
SUBSCRIPTION ACCESS SYSTEM FOR USE WITH AN UNTRUSTED NETWORK

PRELIMINARY CLASS: 380

P 031256

GM127

PAT08 61259                                                    PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

FEB 1 1 1999

Applicant:      Gregg et al.                    )
                                                )    *I hereby certify that this paper is being deposited with
Serial No.:     08/872,710                      )    the United States Postal Service as first-class mail in
                                                )    an envelope addressed to: Assistant Commissioner for
Filed:          June 11, 1996                   )    Patents, Washington, D.C. 20231, on this date.*
                                                )    2/9/99              Roger D. Greer
For:            SUBSCRIPTION ACCESS SYSTEM       )    Date                26,174
                FOR USE WITH AN UNTRUSTED        )    P-CLASS.WCM         Registration No. _____
                NETWORK                         )                        *Attorney for Applicant*
                                                )
Group Art Unit: 2202                            )
                                                )

                        **STATUS INQUIRY**          RECEIVED
                                                    FEB 1 7 1999
Assistant Commissioner for Patents  ,               Group 2700
Washington, D.C.  20231

Sir:

        Inquiry is made as to the status of this application and when it will be taken

up for examination.

                        Respectfully submitted,

                        GREER, BURNS & CRAIN, LTD.

                        By  Roger D. Greer
                            Roger D. Greer
                            Registration No. 26,174

February 9, 1999

Suite 8660 - Sears Tower
233 South Wacker Drive
Chicago, Illinois  60606
(312) 993-0080

                                                    **P 031257**



**UNITED STATE₂ EPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/872,710 | 06/11/97 | GREGG | R | 1608.61259 |

GREEN BURNS & CRAIN          LM41/0308 ⌐
  SUITE 8660 SEARS TOWER
233 SOUTH WACKER DRIVE
CHICAGO IL 60606

| EXAMINER |
|---|
| SWANN, T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2767 | |

DATE MAILED:          03/08/99

lease find below and/or attached an Office communication concerning this application or
roceeding.

Commissioner of Patents and Trademarks

**P 031258**

(Rev. 2/99)
ι 1999-437-638/80022

1- File Copy



UNITE    TATES DEPARTMENT OF COMMERCE
Patent ...d Trademark Office
ASSISTANT SECRETARY AND COMMISSIONER OF
PATENTS AND TRADEMARKS
Washington, D.C. 20231

Serial Number: _08\872.710_

Filing Date: _6\11\97_

Group Art Unit: _2767_

## STATUS LETTER REPLY

(X) *ACTION BY THE EXAMINER*

   *Expected date for action on this application:*
   Mo._6_   Yr._99_

( ) *APPLICANTS RESPONSE TO THE OFFICE ACTION MAILED*
_____(supply date) has not been
received by the Office.*

( ) *Other (explain)* _____
_____

_____
    *PATENT EXAMINER*

**P 031259**

 **UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/872,710 | 06/11/97 | GREGG | R | 1608.61259 |

LM12/0712

|  |  |
|---|---|
| GREEN BURNS & CRAIN | EXAMINER |
| SUITE 8660 SEARS TOWER | SMITHERS,M |
| 233 SOUTH WACKER DRIVE | ART UNIT    PAPER NUMBER |
| CHICAGO IL 60606 | 2767         7 |
|  | DATE MAILED: |
|  | 07/12/99 |

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

P 031260

PTO-90C (Rev. 2/95)                1- File Copy

| ***Office Action Summary*** | Application No.<br>08/872,710 | Applicant(s)<br>Richard Gregg |
|---|---|---|
| | Examiner<br>Matthew Smithers | Group Art Unit<br>2767 |

Responsive to communication(s) filed on *Jun 11, 1997*_____ .

This action is FINAL.

Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

shortened statutory period for response to this action is set to expire ___*three   (3)*___ month(s), or thirty days, whichever onger, from the mailing date of this communication. Failure to respond within the period for response will cause the plication to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of CFR 1.136(a).

sposition of Claims

[X] Claim(s) *1-36*_____ is/are pending in the application.

  Of the above, claim(s) _____ is/are withdrawn from consideration.

[ ] Claim(s) _____ is/are allowed.

[X] Claim(s) *1-36*_____ is/are rejected.

[ ] Claim(s) _____ is/are objected to.

[ ] Claims _____ are subject to restriction or election requirement.

plication Papers

[X] See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

[ ] The drawing(s) filed on _____ is/are objected to by the Examiner.

[ ] The proposed drawing correction, filed on _____ is  [ ]approved  [ ]disapproved.

[ ] The specification is objected to by the Examiner.

[ ] The oath or declaration is objected to by the Examiner.

ority under 35 U.S.C. § 119

[ ] Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

  [ ] All  [ ] Some*  [ ]None   of the CERTIFIED copies of the priority documents have been

    [ ] received.

    [ ] received in Application No. (Series Code/Serial Number) _____ .

    [ ] received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

  *Certified copies not received: _____

[ ] Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

achment(s)

[X] Notice of References Cited, PTO-892

[X] Information Disclosure Statement(s), PTO-1449, Paper No(s). ___*2*___

[ ] Interview Summary, PTO-413

[X] Notice of Draftsperson's Patent Drawing Review, PTO-948

[ ] Notice of Informal Patent Application, PTO-152

**P 031261**

*— SEE OFFICE ACTION ON THE FOLLOWING PAGES —*

Serial Number: 08/872,710                                                    2

Art Unit: 2767

---

## DETAILED ACTION

### *Claim Rejections – 35 USC § 102*

1.      The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless --:
>
> (e) the invention was described in a patent granted on an application for patent by another filed in the United
>
> States before the invention thereof by the applicant for patent, or on an international application by another who
>
> has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371© of this title before the invention
>
> thereof by the applicant for patent.

2.      Claims 1-9, 11-15, 18, 19, 21-36 are rejected under 35 U.S.C. 102(e) as being anticipated

by U.S. patent 5,677,953 granted to Dolphin.

Regarding claim 1, the patent to Dolphin meets the claimed limitation as follows:

"A system for controlling the operation of and access to selected computer resources of at

least a first server computer by at least one subscriber client computer via an untrusted

network in an operating session, without necessarily controlling access to other computer

resources provided by the first server computer and by other server computers and

nonsubscriber client computers, comprising:

P 031262

Serial Number: 08/872,710                                                      3

Art Unit: 2767

_____

clearinghouse means for storing identity data of said first server computer and the

identity data of each of said subscriber client computers

server software means installed on said first server computer adapted to forward its

identity data and identity data of each subscriber client computer to said clearinghouse

means at the beginning of an operating session in which access to selected computer

resources of said first server computer is requested;

client software means installed on each of said subscriber client computers adapted

to forward its identity data to said first server computer at the beginning of an operating

session in which access to selected computer resources is requested;

said clearinghouse means being adapted to authenticate the identity of said

subscriber client computer responsive to a request for selected computer resources of said

first server computer by a subscriber client computer;

said clearinghouse means being adapted to authenticate the identity of said first

server computer responsive to said subscriber client computer making the request for

selected computer resources of said first server computer;

said clearinghouse means being adapted to permit access to said selected computer

resources responsive to successful initial authentication of said first server computer and of

said subscriber client computer making said request." see column 9, line 1 to column 14, line

36.

Regarding claim 2, the patent to Dolphin meets the claimed limitation as follows:

P 031263

Serial Number: 08/872,710                                    4

Art Unit: 2767

"A system as defined in claim 1 wherein the untrusted network is the Internet." see column 4,

lines 32-37 and column 4, lines 50-55.

Regarding claim 3, the patent to Dolphin meets the claimed limitation as follows:

"A system as defined in claim 1 wherein each of said subscriber client computers includes a

hardware key connected thereto adapted to generate a predetermined digital identification,

which identification is part of said identity data." see column 7, line 66 to column 8, line 26.

Regarding claim 4, the patent to Dolphin meets the claimed limitation as follows:

"A system as defined in claim 3 wherein said subscriber client computer identity data

includes a client name, a client password and said predetermined digital identification." see

column 8, lines 7-17.

Regarding claim 5, the patent to Dolphin meets the claimed limitation as follows:

"A system as defined in claim 3 wherein said first server computer intermittently requests

said subscriber client computer to forward said predetermined digital identification to said

first server computer to thereby confirm that said hardware key is connected to said

subscriber client computer." see column 12, lines 31-60.

Regarding claim 6, the patent to Dolphin meets the claimed limitation as follows:

"A system as defined in claim 5 wherein successive ones of said intermittent requests occur

at predetermined time intervals." see column 12, lines 31-60.

Regarding claim 7, the patent to Dolphin meets the claimed limitation as follows:

P 031264

Serial Number: 08/872,710                                          5

Art Unit: 2767

"A system as defined in claim 1 wherein said clearinghouse means provides authentication

confirmation data to said subscriber client computers and to said first server computer

when the identities of the same are authenticated, said authentication confirmation data

being encrypted in subsequent communications from each of said first server computer,

subscriber client computer and clearinghouse means to another of said first server

computer, subscriber client computer and clearinghouse means." see column 12, line 14 to

column 14, line 36.

   Regarding claim 8, the patent to Dolphin meets the claimed limitation as follows:

"A system as defined in claim 5 wherein said first server computer has the ability to change

said predetermined digital identification of the hardware key connected to each of said

subscriber client computers, said changed predetermined digital identification being

transmitted to said clearinghouse means." see column 13, line 1 to column 14, line 4.

   Regarding claim 9, the patent to Dolphin meets the claimed limitation as follows:

"A system as defined in claim 1 further characterized in that it is adapted to monitor the

communications between said first server computer and each subscriber client computer

during operating sessions and acquire and store demographic data for each subscriber

client computer." see column 12, lines 21-24.

   Regarding claim 11, the patent to Dolphin meets the claimed limitation as follows:

"A system as defined in claim 1 further characterized in that it is adapted to monitor the

communications between said first server component and each subscriber client computer

**P 031265**

Serial Number: 08/872,710                                          6

Art Unit: 2767

during operating sessions and acquire and store billing data based upon the subscriber client computer's usage of server computer resources." see column 12, lines 47-54.

Regarding claim 12, the patent to Dolphin meets the claimed limitation as follows: "A system as defined in claim 1 wherein each of said subscriber client computers has an application for browsing the untrusted network, said first server computer being adapted to designate specific resource content as being protected and to provide predetermined protection data identifying said resource content as being protected when said data is transmitted to one of said subscriber client computers responsive to a request for said resource content, said data being monitored by said subscriber client computer and selectively disabling predetermined functionality of said application for said designated specific resource content." see column 9, line 51 to column 12, line 13.

Regarding claim 13, the patent to Dolphin meets the claimed limitation as follows: "A system as defined in claim 12 wherein said data defines a hierarchical system of protection, whereby said application has selective functions which are disabled as a function of the content of said protection data." see column 10, line 28 to column 11, line 9.

Regarding claim 14, the patent to Dolphin meets the claimed limitation as follows: "A system as defined in claim 13 wherein said application has the functional operations of print, save cut/copy/paste, said protection data identifying various combinations of said functional operations which are disabled." see column 11, lines 4-9.

Regarding claim 15, the patent to Dolphin meets the claimed limitation as follows:

P 031266

Serial Number: 08/872,710                                           7

Art Unit: 2767

---

"A system as defined in claim 1 further including at least two server computers and at least two clearinghouse means, said server computers and clearinghouse means being capable of being at separate physical locations." see column 4, lines 32-34.

Regarding claim 18, the patent to Dolphin meets the claimed limitation as follows:
"A system as defined in claim 3 wherein said server computer is adapted to selectively query each of said subscriber client computers to generate said predetermined digital identification, each of said subscriber client computers generating said digital identification in response to said query." see column 13, line 12 to column 14, line 4.

Regarding claim 19, the patent to Dolphin meets the claimed limitation as follows:
"A system as defined in claim 18 wherein said server computer's selective querying of subscriber client computers occurs by operation of query algorithms, said server computer being adapted to change said query algorithms." see column 13, line 12 to column 14, line 4.

Regarding claim 21, the patent to Dolphin meets the claimed limitation as follows:
"A system as defined in claim 12 wherein said server computer is adapted to selectively enable and disable said disabling predetermined functionality of said application for said designated specific resource content." see column 9, line 51 to column 12, line 13.

Regarding claim 22, the patent to Dolphin meets the claimed limitation as follows:
"A system as defined in claim 1 wherein said first server computer is adapted to assign one of a plurality of authorization levels to the computer resources provided by said first server computer, said identity data of each of said subscriber client computers including a

P 031267

Serial Number: 08/872,710                                    8

Art Unit: 2767

particular authorization level, said first server computer only permitting access to

particular computer resources by a subscriber client computer that are permitted by said

particular authorization level." see column 7, lines 12-50 and column 8, lines 3-16.

Regarding claim 23, the patent to Dolphin meets the claimed limitation as follows:

"A system as defined in claim 22 wherein said computer resources are contained in a

plurality of directories containing files, said authorization levels being assigned on a

directory level." see column 5, lines 52-62.

Regarding claim 24, the patent to Dolphin meets the claimed limitation as follows:

"A system as defined in claim 22 wherein said computer resources are contained in a

plurality of directories containing files, said authorization levels being assigned on a file

level." see column 5, line 52 to column 6, line 21.

Regarding claim 25, the patent to Dolphin meets the claimed limitation as follows:

"A system for controlling the operation of and access to selected computer resources of at

least a first server computer by at least one subscriber client computer via an untrusted

network in an operating session, wherein each of said subscriber client computers has an

application for browsing the untrusted network, said first server computer being adapted

to designate specific resource content as being protected and to provide predetermined

protection data identifying said resource content as being protected when said data is

transmitted to one of said subscriber client computers responsive to a request for said

resource content, said data being monitored by said subscriber client computer and

P 031268

Serial Number: 08/872,710                                                9

Art Unit: 2767

---

selectively disabling predetermined functionality of said application for said designated

specific resource content." see column 9, line 51 to column 12, line 13.

     Regarding claim 26, the patent to Dolphin meets the claimed limitation as follows:

"A system as defined in claim 25 wherein said data defines a hierarchical system of

protection, whereby said application has selective functions which are disabled as a

function of the content of said protection data." see column 10, line 28 to column 11, line 9.

     Regarding claim 27, the patent to Dolphin meets the claimed limitation as follows:

"A system as defined in claim 26 wherein said application has the functional operations of

print, save cut/copy/paste, said protection data identifying various combinations of said

functional operations which are disabled." see column 11, lines 4-9.

Claim 28 is a method claim that is substantially equivalent to system claim 1 and is therefore

rejected by a similar rationale.

Claims 29, 30 and 31 are method claims that are substantially equivalent to system claims 3, 4,

and 5 respectively, and are therefore rejected by a similar rationale.

Claim 32 is a method claim that is substantially equivalent to system claim 2 and is therefore

rejected by a similar rationale.

     Regarding claim 33, the patent to Dolphin meets the claimed limitation as follows:

"A method as defined in claim 28 further including the steps of monitoring the

communications between said first server computer and each subscriber client computer

P 031269

Serial Number: 08/872,710                                    10

Art Unit: 2767

---

during operating sessions; acquiring and storing usage data relating to said

communications." see column 7, lines 36-39.

Claim 34 is a method claim that is substantially equivalent to system claim 9 and is therefore

rejected by a similar rationale.

Claim 35 is a method claim that is substantially equivalent to system claim 11 and is therefore

rejected by a similar rationale.

Claim 36 is a method claim that is substantially equivalent to system claim 18 and is therefore

rejected by a similar rationale.

*Claim Rejections - 35 USC § 103*

3.     The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness

rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
>
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
>
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
>
> having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be negatived by the
>
> manner in which the invention was made.

4.     Claims 10, 16, 17 and 20 are rejected under 35 U.S.C. 103(a) as being unpatentable over

U.S. patent 5,677,953 granted to Dolphin and further in view of U.S. patent 5,708,780 granted to

Levergood et al.

**P 031270**

Serial Number: 08/872,710                                      11
Art Unit: 2767

     Regarding claim 10, Dolphin discloses everything claimed as applied above (see claim 9), however Dolphin fails to specifically teach types of personal profile information that produces the demographic data. Levergood discloses a system for controlling and monitoring access to computer resources that stores demographic data of a user in an account database (see column 6, lines 58-65). It would have been obvious to one of ordinary skill in the art at the time the invention was made to combine Levergood's system for monitoring and controlling access to hypertext documents with Dolphin's system for accessing data storage media for the purpose of preventing access to copyrighted materials that were not authorized according to the personal profile.

     Regarding claim 16, Dolphin discloses everything claimed as applied above (see claim 9), however Dolphin fails to specifically teach compiling a history of all the URL sites visited by a subscriber. Levergood discloses a system for controlling and monitoring access to computer resources that keeps a transaction log of a user's requests (see column 6, lines 5-8 and column 8, lines 27-50). It would have been obvious to one of ordinary skill in the art at the time the invention was made to combine Levergood's system for monitoring and controlling access to hypertext documents with Dolphin's system for accessing data storage media for the purpose of providing a user with a way to easily navigate the Internet and access its many resources (see Levergood; column 1, lines 50-67).

     Regarding claim 17, Dolphin discloses everything claimed as applied above (see claim 1), however Dolphin fails to specifically teach the clearinghouse authenticating multiple servers.

**P 031271**

Serial Number: 08/872,710                                              12

Art Unit: 2767

Levergood discloses a system for controlling and monitoring access to computer resources that

allows a clearinghouse to authenticate multiple servers (see column 8, line 59 to column 9, line 6).

It would have been obvious to one of ordinary skill in the art at the time the invention was made

to combine Levergood's system for monitoring and controlling access to hypertext documents

with Dolphin's system for accessing data storage media for the purpose of providing a user with a

way to easily navigate the Internet and access its many resources (see Levergood; column 1, lines

50-67).

Regarding claim 20, Dolphin discloses everything claimed as applied above (see claim 1),

however Dolphin fails to specifically teach prompting the user for a username and password (see

column 6, lines 47-49). It would have been obvious to one of ordinary skill in the art at the time

the invention was made to combine Levergood's system for monitoring and controlling access to

hypertext documents with Dolphin's system for accessing data storage media for the purpose of

providing a user with a way to easily navigate the Internet and access its many resources (see

Levergood; column 1, lines 50-67).

### *Conclusion*

5.      The prior art made of record and not relied upon is considered pertinent to applicant's

disclosure.

A. Erickson (5,765,152) discloses a system for managing copyrighted material.

**P 031272**

Serial Number: 08/872,710                                         13

Art Unit: 2767

---

6.     Any inquiry concerning this communication or earlier communications from the examiner should be directed to Matthew Smithers, whose telephone number is (703) 308-9293. The examiner can normally be reached Monday-Thursday from 7:30 a.m. to 6:00 p.m. EST.

      If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Tod Swann, can be reached at (703) 308-7791.

      The fax number for formal or official faxes to Technology Center 2700 is (703) 308-9051 or 9052. All draft or informal faxes for this Art Unit can be submitted to (703) 305-0040.

      Any inquiry of a general nature or relating to the status of this application should be directed to the Group receptionist whose telephone number is (703) 305-3900.

**Matthew Smithers**
July 5, 1999

PAGE 1 OF 1

| FORM PTO-892 | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 08872710 | GROUP ART UNIT 2132 2767 | ATTACHMENT TO PAPER NO. | 7 |
|---|---|---|---|---|---|
| | NOTICE OF REFERENCES CITED | APPLICANT(S) | Richard Gregg | | |

### U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE |
|---|---|---|---|---|---|---|---|
| | A | 5,677,953 | 10/1997 | Dolphin | 380 | 4 | |
| | B | 5,765,152 | 6/1998 | Erickson | 707 | 9 | |
| | C | 5,708,780 | 1/1998 | Levergood et al | 709 | 229 | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS |
|---|---|---|---|---|---|---|---|
| | L | | | | | | |
| | M | | | | | | |
| | N | | | | | | |
| | O | | | | | | |
| | P | | | | | | |
| | Q | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | |
| S | |
| T | |
| U | |

| EXAMINER Matthew Smithers | DATE July 5, 1999 | | Form892ccs2106b |
|---|---|---|---|

\* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05(a).)

P 031274

Attachment __ _____

The drawings submitted with this application
were declared informal by the applicant.
Accordingly they have not been reviewed by a
draftsperson at this time. When formal drawings
are submitted, the draftsperson will perform a
review.

Direct any inquires concerning drawing review to
the Drawing Review Branch (703) 305-8404.

Substitute FTO-948

P 031275

1608.61259                                                                      PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re U.S. Application of: Gregg et al.          )

Serial No.:        08/872,710                    )   *I hereby certify that this paper is being deposited with*
                                                 )   *the United States Postal Service as FIRST-CLASS mail*
Filed:             June 11, 1996                 )   *in an envelope addressed to: Assistant Commissioner*
                                                 )   *for Patents, Washington, D.C. 20231, on this date.*
For:       SUBSCRIPTION ACCESS                   )
           WITH AN UNTRUSTED NETWORK             )   _____    _____
                                                 )   *Date*                 *Registration No.*
Art Unit:          2767                          )
                                                 )                          *Attorney for Applicant*
Examiner:          Smithers, M.                  )

Assistant Commissioner for Patents
Washington, D.C.  20231

                              **TRANSMITTAL**

Sir:

Transmitted herewith is a communication regarding the above-identified application.

### Fee Calculation For Claims As Amended

|                               | As Amended | Previously Paid For | Present Extra |   | Rate      | Additional Fee |
|-------------------------------|------------|---------------------|---------------|---|-----------|----------------|
| Total Claims                  | 36         | - 36   =            | 0             | x | $ 18.00   | = $   -0-      |
| Independent Claims            | 3          | - 3    =            | 0             | x | $ 78.00   | = $   -0-      |
| Fee for Multiple Dependent Claims |        |                     |               |   | $260.00   | = $   -0-      |

                                   Total Additional Fee              $    -0-
                                   Small Entity Fee (reduced by half) $    -0-

(X)    **Amendment A.**

( )    A check in the amount of $_____ is attached.

(X)    Petition for Extension of Time (in duplicate), with a check in the amount of $  435.00        .

( )    Charge $_____ to Deposit Account No. 07-2069.

(X)    If a Petition under 37 C.F.R. §1.136(a) for an extension of time for response is required to make the attached response
       timely and does not separately accompany this transmittal, Applicant(s) hereby petition(s) under 37 C.F.R. §1.136(a)
       for an extension of time for response in the above-identified application for the period required to make the attached
       response timely.

(X)    The Commissioner is hereby authorized to charge any additional fees which may be required to this application under
       37 C.F.R. §§1.16-1.17, or credit any overpayment, to Deposit Account No. 07-2069. A duplicate copy of this sheet
       is enclosed.

January 12, 2000
Suite 8660 - Sears Tower                         GREER, BURNS & CRAIN, LTD.
233 South Wacker Drive
Chicago, Illinois  60606                         By: _____
(312) 993-0080                                       Roger D. Greer, Reg. No. 26,174
Transmittal Form Rev. November 17, 1998

                                                                      **P 031276**

1608.61259                                                                          PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re U.S. Patent Application                    )
                                                 )   *I hereby certify that this paper is being deposited with*
Applicant:     Gregg et al.                      )   *the United States Postal Service as FIRST-CLASS mail*
                                                 )   *in an envelope addressed to: Assistant Commissioner*
Serial No.:    08/872,710                        )   *for Patents, Washington, D.C. 20231, on this date.*
                                                 )
Filed:         June 11, 1996                     )   1/12/00                    _____
                                                 )   Date                        Registration No.
For:           SUBSCRIPTION ACCESS FOR USE       )   P-CLASS.WCM
               WITH AN UNTRUSTED NETWORK         )   Appr. February 28, 1998     *Attorney for Applicant*
                                                 )
Examiner:      Smithers, M.                      )
                                                 )
Art Unit:      2767                              )

### PETITION FOR EXTENSION OF TIME

Applicant(s) hereby petition(s) under 37 C.F.R. §1.136(a) for an extension of time for response in the above-identified application for the period required to make the attached response timely.

Extension fee for response within first month:
( )     By a small entity (§1.9(f)) ............................................... $ 55.00
( )     By other than a small entity ............................................. $ 110.00

Extension fee for response within second month:
( )     By a small entity (§1.9(f)) ............................................... $ 190.00
( )     By other than a small entity ............................................. $ 380.00

Extension fee for response within third month:
(X)     By a small entity (§1.9(f)) ............................................... $ 435.00
( )     By other than a small entity ............................................. $ 870.00

Extension fee for response within fourth month:
( )     By a small entity (§1.9(f)) ............................................... $ 680.00
( )     By other than a small entity ............................................. $1,360.00

Extension fee for response within fifth month:
( )     By a small entity (§1.9(f)) ............................................... $925.00
( )     By other than a small entity ............................................. $1,850.00

(X)     A check in the amount of $ 435.00  to cover the extension fee is enclosed.

( )     Charge $_____ to Deposit Account No. 07-2069.

(X)     The Commissioner is hereby authorized to charge any additional fees which may be required to this petition, or credit any overpayment, to Deposit Account No. 07-2069. Should no proper amount be enclosed herewith, as by a check being in the wrong amount, unsigned, post-dated, otherwise improper or informal or even entirely missing, the Commissioner is authorized to charge the unpaid amount to Deposit Account No. 07-2069. A duplicate copy of this sheet is enclosed.

January 12, 2000
Suite 8660 - Sears Tower                         GREER, BURNS & CRAIN, LTD.
233 South Wacker Drive
Chicago, Illinois 60606                          By  _____
(312) 993-0080                                       Roger D. Greer, Reg. No. 26,174
F:\DATA\WP69\1608\6129\EXT.TIM

P 031277



1608.61259                                                          PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant: | Gregg et al. | ) |
| | | ) |
| Serial No.: | 08/872,710 | ) |
| | | ) |
| Filed: | June 11, 1996 | ) |
| | | ) |
| For: | SUBSCRIPTION ACCESS | ) |
| | FOR USE WITH AN | ) |
| | UNTRUSTED NETWORK | ) |
| | | ) |
| Group Art Unit: 2767 | | ) |
| | | ) |
| Examiner:  M. Smithers | | ) |

*I hereby certify that this paper is being deposited with the United States Postal Service as first-class mail in an envelope addressed to: Assistant Commissioner for Patents Washington, D.C. 20231, on this date.*

Date _____

Registration No. _____
Attorney for Applicant

## AMENDMENT A

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

In response to the office action dated July 12, 1997, please amend the application as follows:

In The Specification

On page 7, line 15, after "software", insert --36,--, and after "hand", insert --,-- therefor;

line 16, after "server", insert --35-- therefor;

line 18, after "clearinghouse", insert --30-- therefor;

line 21, after "servers", delete "34" therefor;

P 031278

line 22, after "clearinghouse", insert --30-- therefor.

On page 8, line 16, after "clearinghouse", insert --30-- therefor;

line 24, after "server", insert --34-- therefor;

line 26, after "server", insert --34-- therefor.

On page 9, line 1, after "clearinghouse", insert --30-- therefor;

line 8, after "software", insert --36-- therefor;

line 9, after "software", insert --36-- therefor;

line 14, after "software", insert --36-- therefor.

On page 10, line 15, after "30,", insert --the--, and after "and", insert --the-- therefor;

line 19, after "clearinghouse", insert --30-- therefor.

On page 11, line 18, after "daemon", insert --58-- therefor;

line 22, after "daemon", insert --58-- therefor;

line 26, after "daemon", insert --58-- therefor.

On page 12, line 1, after "clearinghouse", insert --30-- therefor;

line 4, after "daemon", insert --60--, and after "servers", insert --34-- therefor;

line 6, after "clearinghouse", insert --30-- therefor;

line 7, after "daemon", insert --62-- therefor;

-2-

P 031279

line 8, after "daemon", insert --62-- therefor;

line 10, after "clearinghouse", insert --30-- therefor;

line 17, after "server", insert --34-- therefor;

line 18, after "server", insert --34-- therefor;

line 21, after "software", insert --32-- therefor.

On page 13, line 1, after "manager", insert --52-- therefor;

line 2, after "subscriber", insert --36-- therefor;

line 3, before "by", insert --52--, and before "will", delete "52"

therefor;

line 4, after "manager", insert --52-- therefor.

On page 14, line 2, after "CGI", insert --68-- therefor;

line 3, after "software", insert --36--, and "server", insert --34--

therefor;

line 6, after "CGI", insert --70-- therefor;

line 12, after "server", insert --34--, and after "CGI's", insert --72-

- therefor;

line 13, after "first", delete "they" and insert --, the URL tracking

CGI's 72-- therefor;

line 14, after "perform", insert --an-- therefor;

line 17, after "server", insert --34-- therefor;

-3-

P 031280

line 18, after "CGI's", insert --74-- therefor;

line 19, after "CGI's", insert --74-- therefor;

line 21, after "CGI's", insert --74-- therefor;

line 22, after "clearinghouse", insert --30-- therefor;

line 25, after "CGI's", insert --74-- therefor;

line 26, after "clearinghouse", insert --30-- therefor.

On page 15, line 7, after "software", insert --36-- therefor;

line 9, after "software", insert --36-- therefor;

line 12, after "software", insert --36-- therefor;

line 16, after "server", insert --56-- therefor;

line 18, after "server", insert --56-- therefor;

line 20, after "server", insert --56-- therefor;

line 21, after "authentication daemon", insert --58--, after "usage daemon", insert --60--, and after "tracking daemon", insert --62-- therefor;

line 22, after "software", insert --64-- therefor;

line 23, after "daemon", insert --58-- therefor;

line 24, after "database server", insert --56--, and after "access server", insert --34-- therefor;

line 25, after "manager", insert --52--, and after "CGI's", insert --

-4-

**P 031281**

74— therefor.

On page 16, line 9, after "CGI's", insert —74— therefor;

line 11, after "daemon", insert —58—, and before "will", insert —

58— therefor;

line 12, after "CGI's", insert —74— therefor;

line 17, before "will", insert —58— therefor.

On page 17, line 12, after "daemon", insert —58— therefor;

line 16, after "daemon", insert —60— therefor;

line 18, after "manager", insert —52— therefor.

On page 18, line 15, after "manager", insert —52— therefor;

line 16, after "manager", delete —52— therefor.

On page 20, line 5, after "manager", insert —52— therefor.

On page 22, line 7, after "CGI's", insert —72— therefor;

line 9, after "CGI", insert —72— therefor.

On page 24, line 14, after "daemon", insert —38— therefor.

On page 25, line 2, after "software", insert —64— therefor;

line 20, after "daemon", insert —58— therefor;

line 25, after "CGI", insert —74— therefor.

On page 26, line 17, after "CGI's", insert —72— therefor;

-5-

P 031282

line 18, after "server", insert --34-- therefor;

line 21, after "CGI's", delete "62" and insert --72-- therefor.

On page 28, line 26, after "steps", delete " " therefor.

On page 29, line 1, after "ID", delete "in" and insert --is-- therefor.

On page 35, line 1, after "user", delete "requested" and insert --requests-- therefor.

On page 36, line 13, after "user", delete "determines whether" and insert --chooses-- therefor;

line 14, before "one", delete "the user" therefor.

<u>In the Claims:</u>

Please amend Claims 1, 14, and 27, as follows:

Claim 1, line 7, after "computers", insert --;-- therefor.

Claim 3, line 3, after "data.", delete "." therefor.

Claim 5, line 3, after "computer", insert --during an operating session-- therefor.

Claim 14, line 2, after "save", insert --,-- therefor.

Claim 18, line 3, after "identification", insert --during an operating session-- therefor.

Claim 27, line 2, after "save", insert --,-- therefor.

-6-

**P 031283**

## REMARKS

The office action and references cited therein have been carefully considered together with the present application, and amendments have been made to the specification and the claims in an effort to place the application in condition for allowance. More particularly, the specification has been amended herein to correct grammatical errors. Furthermore, claims 1, 3, 5, 14, 18 and 27 have been amended to more accurately define the invention and to emphasize pre-existing differences between the invention as claimed and the prior art that has been cited and applied.

With regard to the rejection of claims 1-9, 11-15, 18, 19 and 21-36 as being anticipated by the Dolphin reference 5,677,953 and claims 10, 16, 17 and 20 as being obvious in view of the Dolphin reference 5,677,953 and the Levergood reference 5,708,780, applicants respectfully traverse these rejections.

With respect to the rejections of claims 1 and 28 as being anticipated by Dolphin reference, it is submitted that claims 1 and 28 are not anticipated, taught or suggested by the structure described in column 9, line 1 through column 14, line 36. The Dolphin reference uses a private network for communications between the subscriber and the billing/access center designed to allow only subscribers to obtain the unique key material identifier (KMID) needed to decrypt the computer resources. Thus, it does not teach or suggest a system that includes, among other things, a clearinghouse means, server software means and client software means as claimed by the present invention. More specifically, it does not teach or suggest a clearinghouse means being adapted to permit access to the selected computer resources responsive to successful initial authentication of the first server computer and of the subscriber client computer making the request. In fact, the advantage of the present invention is its design to secure an operating session so that the encryption and decryption of the content taught by Dolphin need not take place at all.

With respect to claim 25 as being anticipated by Dolphin reference, it is submitted that claim 25 is not anticipated, taught or suggested by the structure described in

-7-

P 031284

column 9, line 51 through column 12, line 13. More specifically, the Dolphin reference does not anticipate, teach or suggest a system that selectively disables the predetermined functionality of the application for browsing for the designated specific resource content. In the Dolphin reference, once the content is authorized, the user can use the content with no limitations. In other words, the user has complete control over the authorized content. Because the present invention actually selectively disables some of the functions in the browsing application, the user has only limited access to the authorized content.

With respect to dependent claim 12 as being anticipated by Dolphin reference, it is similar submitted that the Dolphin reference does not anticipate, teach or suggest a system that selectively disables the predetermined functionality of the browsing application for the designated specific resource content for similar reasons proposed for claim 25.

Applicants submit that since the dependent claims 2-24, 26-27 and 29-36 depend upon independent claims and necessarily incorporate the features of those claims, and recite added features not found in those claims, it is believed that these claims are also allowable. Thus, we respectfully request reconsideration and allowance of all claims pending in the application.

Respectfully submitted,

GREER, BURNS & CRAIN, LTD.

By

Roger D. Greer
Registration No. 26,174

January 12, 2000

Suite 8660 - Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
(312) 993-0080
F:\DATA\W76\US9P6123P\AMEND-A.doc

-8-

P 031285



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
            Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/872,710 | 06/11/97 | GREGG | R | 1608.61259 |

LM02/0411

GREEN BURNS & CRAIN
SUITE 8660 SEARS TOWER
233 SOUTH WACKER DRIVE
CHICAGO IL 60606

| EXAMINER |
|---|
| SMITHERS, M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2767 | 10 |

DATE MAILED:
                04/11/00

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

P 031286

PTO-90C (Rev. 2/95)                    U.S. G.P.O. 1999 460-623                    1- File Copy

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 08/872,710 | Richard Gregg |
| | Examiner | Group Art Unit |
| | Matthew Smithers | 2767 |

☒ Responsive to communication(s) filed on *Feb 1, 2000* _____ .

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire   *three (3)*  month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned.  (35 U.S.C. § 133).  Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1-36* _____ is/are pending in the application.

   ☐ Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) *1-4, 7, 10-17, 20-30, and 32-35* _____ is/are rejected.

☒ Claim(s) *5, 6, 8, 9, 18, 19, 31, and 36* _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is  ☐approved  ☐disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

   ☐All  ☐Some*  ☐None   of the CERTIFIED copies of the priority documents have been

      ☐ received.

      ☐ received in Application No. (Series Code/Serial Number) _____ .

      ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

**P 031287**

*— SEE OFFICE ACTION ON THE FOLLOWING PAGES —*

Serial Number: 08/872,710                                      2

Art Unit: 2767

---

## DETAILED ACTION

### Status of Application

Claims 1, 14 and 27 were amended.

Claims 1-36 remain pending.

### *Response to Arguments*

Applicant's arguments with respect to claims 1-36 have been considered but are moot in view of the new ground(s) of rejection.

### *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless —

(e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or on an international application by another who has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371© of this title before the invention thereof by the applicant for patent.

P 031288

Serial Number: 08/872,710                                                    3
Art Unit: 2767

Claims 1-4, 7, 11, 15, 17, 21-24, 28-30, 32 and 35 are rejected under 35 U.S.C. 102(e) as being anticipated by U.S. patent 5,629,980 granted to Stefik et al.

Regarding claim 1, the patent to Stefik meets the claimed limitation as follows:

"A system for controlling the operation of and access to selected computer resources of at least a first server computer by at least one subscriber client computer via an untrusted network in an operating session, without necessarily controlling access to other computer resources provided by the first server computer and by other server computers and nonsubscriber client computers, comprising:

clearinghouse means for storing identity data of said first server computer and the identity data of each of said subscriber client computers;" see column 13, lines 51-67.

"server software means installed on said first server computer adapted to forward its identity data and identity data of each subscriber client computer to said clearinghouse means at the beginning of an operating session in which access to selected computer resources of said first server computer is requested;

client software means installed on each of said subscriber client computers adapted to forward its identity data to said first server computer at the beginning of an operating session in which access to selected computer resources is requested;" see column 5, lines 31-35; column 33, lines 1-5 and Figure 19.

P 031289

Serial Number: 08/872,710                                    4

Art Unit: 2767

"said clearinghouse means being adapted to authenticate the identity of said
subscriber client computer responsive to a request for selected computer resources of said
first server computer by a subscriber client computer;

said clearinghouse means being adapted to authenticate the identity of said first
server computer responsive to said subscriber client computer making the request for
selected computer resources of said first server computer;" see column 27, line 30 to column
28, line 63.

"said clearinghouse means being adapted to permit access to said selected computer
resources responsive to successful initial authentication of said first server computer and of
said subscriber client computer making said request." see column 41, line 40 to column 42,
line 24.

Regarding claim 2, the patent to Stefik meets the claimed limitation as follows:
"A system as defined in claim 1 wherein the untrusted network is the Internet." see column 26,
lines 48-61.

Regarding claim 3, the patent to Stefik meets the claimed limitation as follows:
"A system as defined in claim 1 wherein each of said subscriber client computers includes a
hardware key connected thereto adapted to generate a predetermined digital identification,
which identification is part of said identity data." see column 13, line 51 to column 14, line 27
and column 27, lines 14-19.

Regarding claim 4, the patent to Stefik meets the claimed limitation as follows:

P 031290

Serial Number: 08/872,710                                5

Art Unit: 2767

"A system as defined in claim 3 wherein said subscriber client computer identity data includes a client name, a client password and said predetermined digital identification." see column 51, lines 9-12.

Regarding claim 7, the patent to Stefik meets the claimed limitation as follows:

"A system as defined in claim 1 wherein said clearinghouse means provides authentication confirmation data to said subscriber client computers and to said first server computer when the identities of the same are authenticated, said authentication confirmation data being encrypted in subsequent communications from each of said first server computer, subscriber client computer and clearinghouse means to another of said first server computer, subscriber client computer and clearinghouse means." see column 12, line 14 to column 14, line 36.

Regarding claim 11, the patent to Stefik meets the claimed limitation as follows:

"A system as defined in claim 1 further characterized in that it is adapted to monitor the communications between said first server component and each subscriber client computer during operating sessions and acquire and store billing data based upon the subscriber client computer's usage of server computer resources." see column 50, lines 29-37.

Regarding claim 15, the patent to Stefik meets the claimed limitation as follows:

"A system as defined in claim 1 further including at least two server computers and at least two clearinghouse means, said server computers and clearinghouse means being capable of being at separate physical locations." see column 8, lines 10-20.

P 031291

Serial Number: 08/872,710                                    6

Art Unit: 2767

Regarding claim 17, the patent to Stefik meets the claimed limitation as follows:

"A system as defined in claim 1 wherein said clearinghouse means is adapted to operate as an independent entity and can provide said authentication operations for multiple server computers." see column 12, line 41 to column 13, line 50.

Regarding claim 21, the patent to Stefik meets the claimed limitation as follows:

"A system as defined in claim 12 wherein said server computer is adapted to selectively enable and disable said disabling predetermined functionality of said application for said designated specific resource content." see column 17, line 64 to column 18, line 8.

Regarding claim 22, the patent to Stefik meets the claimed limitation as follows:

"A system as defined in claim 1 wherein said first server computer is adapted to assign one of a plurality of authorization levels to the computer resources provided by said first server computer, said identity data of each of said subscriber client computers including a particular authorization level, said first server computer only permitting access to particular computer resources by a subscriber client computer that are permitted by said particular authorization level." see column 15, line 37 to column 16, line 41.

Regarding claim 23, the patent to Stefik meets the claimed limitation as follows:

"A system as defined in claim 22 wherein said computer resources are contained in a plurality of directories containing files, said authorization levels being assigned on a directory level." see column 15, line 37 to column 16, line 41 and column 41, line 40 to column 42, line 24.

P 031292

Serial Number: 08/872,710                                               7

Art Unit: 2767

     Regarding claim 24, the patent to Stefik meets the claimed limitation as follows:

**"A system as defined in claim 22 wherein said computer resources are contained in a**

**plurality of directories containing files, said authorization levels being assigned on a file**

**level."** see column 15, line 37 to column 16, line 41 and column 41, line 40 to column 42, line 24.

Claim 28 is a method claim that is substantially equivalent to system claim 1 and is therefore

rejected by a similar rationale.

Claims 29 and 30 are method claims that are substantially equivalent to system claims 3 and 4

respectively, and are therefore rejected by a similar rationale.

Claim 32 is a method claim that is substantially equivalent to system claim 2 and is therefore

rejected by a similar rationale.

Claim 35 is a method claim that is substantially equivalent to system claim 11 and is therefore

rejected by a similar rationale.


*Claim Rejections - 35 USC § 103*


     The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness

rejections set forth in this Office action:

     (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in

section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are

such that the subject matter as a whole would have been obvious at the time the invention was made to a person

P 031293

Serial Number: 08/872,710                                          8

Art Unit: 2767

having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be negatived by the
manner in which the invention was made.

Claims 9, 10, 12-14, 16, 20, 25-27, 33 and 34 are rejected under 35 U.S.C. 103(a) as

being unpatentable over U.S. patent 5,629,980 granted to Stefik et al and further in view of U.S.

patent 5,708,780 granted to Levergood et al.

Regarding claim 9, Stefik et al discloses everything claimed as applied above (see claim 1),

however, Stefik fails to specifically teach demographic data. Levergood discloses a system for

controlling and monitoring access to computer resources that stores demographic data of a user in

an account database (see column 6, lines 58-65). It would have been obvious to one of ordinary

skill in the art at the time the invention was made to combine Levergood's system for monitoring

and controlling access to hypertext documents with Stefik's system for controlling the use and

distribution of digital works for the purpose of preventing unauthorized access to the digital

works.

Regarding claim 10, Stefik et al and Levergood et al discloses everything claimed as

applied above (see claim 9), in addition Levergood teaches demographic data held in a user

account database (see column 6, lines 58-65).

Regarding claim 12, Stefik et al discloses everything claimed as applied above (see claim

1), however Stefik fails to specifically disclose the use of a browser.  Levergood discloses a

system in which a client uses a browser to make service requests to a server in a network (see

column 3, lines 8-9 and column 3, lines 21-22). It would have been obvious to one of ordinary

P 031294

Serial Number: 08/872,710                                    9

Art Unit: 2767

---

skill in the art at the time the invention was made to combine Levergood's system for monitoring

and controlling access to hypertext documents with Stefik's system for controlling the use and

distribution of digital works for the purpose of allowing a client to link directly to a Web page

containing the digital work of interest.

Regarding claim 13, Stefik et al and Levergood et al discloses everything claimed as

applied above (see claim 12), in addition Stefik teaches a hierarchial system of protection (see

column 15, line 37 to column 16, line 41 and column 17, line 64 to column 18, line 51).

Regarding claim 14, Stefik et al and Levergood et al discloses everything claimed as

applied above (see claim 13), in addition Stefik teaches grammar rules applied to the distribution

of the digital works. The grammar rules along with the rendering repository handle the request for

printing, copying, and other tasks (see column 17, line 64 to column 18, line 51 and column 19,

line 10 to column 21, line 44).

Regarding claim 16, Stefik et al and Levergood et al discloses everything claimed as

applied above (see claim 9), in addition Levergood teaches keeping a transaction log of a user's

requests (see column 6, lines 5-8 and column 8, lines 27-50).

Regarding claim 20, Stefik et al discloses everything claimed as applied above (see claim

1), however Stefik fails to specifically teach prompting the user for a username and password.

Levergood discloses a system for controlling and monitoring access to computer resources that

prompts a user for a username and password (see column 6, lines 47-49). It would have been

obvious to one of ordinary skill in the art at the time the invention was made to combine

P 031295

Serial Number: 08/872,710                                    10
Art Unit: 2767

Levergood's system for monitoring and controlling access to hypertext documents with Stefik's system for controlling the use and distribution of digital works for the purpose of providing a user with a way to easily navigate the Internet and access its many resources (see Levergood; column 1, lines 50-67).

.Regarding claim 25, Stefik teaches a system for controlling the operation of and access to selected computer resources of at least a first server computer by at least one subscriber client computer via an untrusted network in an operating session (see column 5, lines 31-35, column 33, lines 1-5 and Figure 19). Stefik fails to specifically teach the use of a browser. Levergood discloses a system in which a client uses a browser to make service requests to a server in a network (see column 3, lines 8-9 and column 3, lines 21-22). It would have been obvious to one of ordinary skill in the art at the time the invention was made to combine Levergood's system for monitoring and controlling access to hypertext documents with Stefik's system for controlling the use and distribution of digital works for the purpose of allowing a client to link directly to a Web page containing the digital work of interest.

Regarding claim 26, Stefik et al and Levergood et al discloses everything claimed as applied above (see claim 25), in addition Stefik teaches a hierarchial system of protection (see column 15, line 37 to column 16, line 41 and column 17, line 64 to column 18, line 51).

Regarding claim 27, Stefik et al and Levergood et al discloses everything claimed as applied above (see claim 26), in addition Stefik teaches grammar rules applied to the distribution of the digital works. The grammar rules along with the rendering repository handle the request for

P 031296

Serial Number: 08/872,710                                    11

Art Unit: 2767

---

printing, copying, and other tasks (see column 17, line 64 to column 18, line 51 and column 19,

line 10 to column 21, line 44).

     Regarding claim 33, Stefik et al discloses everything claimed as applied above (see claim

28), however, Stefik fails to specifically teach demographic data. Levergood discloses a system

for controlling and monitoring access to computer resources that stores demographic data of a

user in an account database (see column 6, lines 58-65). It would have been obvious to one of

ordinary skill in the art at the time the invention was made to combine Levergood's system for

monitoring and controlling access to hypertext documents with Stefik's system for controlling the

use and distribution of digital works for the purpose of preventing unauthorized access to the

digital works.

     Regarding claim 34, Stefik et al and Levergood et al discloses everything claimed as

applied above (see claim 33), in addition Levergood teaches demographic data held in a user

account database (see column 6, lines 58-65).

### *Allowable Subject Matter*

     Claims 5, 6, 8, 18, 19, 31, and 36 are objected to as being dependent upon a rejected base

claim, but would be allowable if rewritten in independent form including all of the limitations of

the base claim and any intervening claims.

### *Conclusion*

**P 031297**

Serial Number: 08/872,710                                    12

Art Unit: 2767

---

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Matthew Smithers, whose telephone number is (703) 308-9293. The examiner can normally be reached Monday-Thursday from 7:30 a.m. to 6:00 p.m. EST.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Tod Swann, can be reached at (703) 308-7791.

The fax number for formal or official faxes to Technology Center 2700 is (703) 308-9051 or 9052. All draft or informal faxes for this Art Unit can be submitted to (703) 305-0040.

Any inquiry of a general nature or relating to the status of this application should be directed to the Group receptionist whose telephone number is (703) 305-3900.

**Matthew Smithers**
April 6, 2000

P 031298

| FORM PTO-892 | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 08/872,710 | GROUP ART UNIT ~~2133~~ 2767 | ATTACHMENT TO PAPER NO. | 10 |
|---|---|---|---|---|---|
| | **NOTICE OF REFERENCES CITED** | APPLICANT(S) Richard Gregg | | | |

### U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE |
|---|---|---|---|---|---|---|---|
| | A | 5,629,980 | 5/1997 | Stefik et al. | 705 | 54 | |
| | B | | | | | | |
| | C | | | | | | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS |
|---|---|---|---|---|---|---|---|
| | L | | | | | | |
| | M | | | | | | |
| | N | | | | | | |
| | O | | | | | | |
| | P | | | | | | |
| | Q | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | |
| S | |
| T | |
| U | |

| EXAMINER Matthew Smithers | DATE April 6, 2000 | | Form892ccs2106b |
|---|---|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05(a).)

P 031299

1608.61209

PATENT

GA-2767

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re U.S. Application of: Gregg et al.

Serial No.:            08/872,710

Filed:                 June 11, 1997

For:                   SUBSCRIPTION ACCESS FOR USE
                       WITH AN UNTRUSTED NETWORK

Art Unit:              2767

Examiner:              Smithers, M.

)
)
)
)
)
)
)
)
)
)

*I hereby certify that this paper is being deposited with the United States Postal Service as FIRST-CLASS mail in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231, on the date*

26 Jul 2000

Assistant Commissioner for Patents
Washington, D.C. 20231

TRANSMITTAL

Sir:

Transmitted herewith is a communication regarding the above-identified application.

Fee Calculation For Claims As Amended

|  | As Amended | | Previously Paid For | | Present Extra |  | Rate |  | Additional Fee |
|---|---|---|---|---|---|---|---|---|---|
| Total Claims | 33 | - | 36 | = | 0 | x | $ 18.00 | = $ | -0- |
| Independent Claims | 4 | - | 3 | = | 1 | x | $ 78.00 | = $ | -78- |
| Fee for Multiple Dependent Claims |  |  |  |  |  |  | $260.00 | = $ | -0- |

Total Additional Fee    $  -78-
Small Entity Fee (reduced by half)    $  -39-

(X)   Amendment B.

(X)   A check in the amount of $  39  is attached.

( )   Petition for Extension of Time (in duplicate), with a check in the amount of $_____.

( )   Charge $_____ to Deposit Account No. 07-2069.

( )   If a Petition under 37 C.F.R. §1.136(a) for an extension of time for response is required to make the attached response timely and does not separately accompany this transmittal, Applicant(s) hereby petition(s) under 37 C.F.R. §1.136(a) for an extension of time for response in the above-identified application for the period required to make the attached response timely.

( )   The Commissioner is hereby authorized to charge any additional fees which may be required to this application under 37 C.F.R. §§1.16-1.17, or credit any overpayment, to Deposit Account No. 07-2069. A duplicate copy of this sheet is enclosed.

July 10, 2000
Suite 8660 - Sears Tower
233 South Wacker Drive
Chicago, Illinois  60606
(312) 993-0080
Transmittal Form Rev. November 17, 1998

GREER, BURNS & CRAIN, LTD.

By: _____
Roger L. Greer, Reg. No. 25,174

P 031300

1608.61259                                                      PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:    Gregg et al.                    )
                                              )
Serial No.:   08/872,710                      )    *I hereby certify that this paper is being deposited with the*
                                              )    *United States Postal Service as first-class mail in an*
Filed:        June 11, 1997                   )    *envelope addressed to: Assistant Commissioner for Patents,*
                                              )    *Washington, D.C. 20231, on this date.*
For:          SUBSCRIPTION ACCESS             )
              FOR USE WITH AN                 )    7/10/00
              UNTRUSTED NETWORK               )    *Date*
                                              )
Group Art Unit: 2767                          )    Registration No. 26175
                                              )    *Attorney for Applicant*
Examiner:     M. Smithers                     )

                            AMENDMENT B

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

            In response to the office action dated April 11, 2000, please amend the

application as follows:

In the Claims:

            Please amend Claims 1, 4, 6, 8, 12, 25, 28, 30, 31 and 36 as follows, and cancel

claims 3, 5 and 29 without prejudice:

            1.    (Twice Amended)    A system for controlling the operation of and

access to selected computer resources of at least a first server computer by at least one

subscriber client computer via an untrusted network in an operating session, without

necessarily controlling access to other computer resources provided by the first server

                                                                    P 031301