computer and by other server computers and nonsubscriber client computers, comprising:

clearinghouse means for storing identity data of said first server computer and the identity data of each of said subscriber client computers;

server software means installed on said first server computer adapted to forward its identity data and identity data of each subscriber client computer to said clearinghouse means at the beginning of an operating session in which access to selected computer resources of said first server computer is requested;

client software means installed on each of said subscriber client computers adapted to forward its identity data to said first server computer at the beginning of an operating session in which access to selected computer resources is requested;

at least one hardware key connected to the subscriber client computer, said key being adapted to generate a predetermined digital identification, which identification is part of said identity data;

said server software means installed on the first server computer being adapted to selectively request the subscriber client computer to forward said predetermined digital identification to the first server computer to thereby confirm that said hardware key is connected to said subscriber client computer;

said clearinghouse means being adapted to authenticate the identity of said subscriber client computer responsive to a request for selected computer resources of said first server computer by a subscriber client computer;

said clearinghouse means being adapted to authenticate the identity of said first server computer responsive to said subscriber client computer making the request for selected computer resources of said first server computer; and,

said clearinghouse means being adapted to permit access to said selected computer resources responsive to successful initial authentication of said first server computer and of said subscriber client computer making said request.

Claim 4, line 1, delete "3" and insert —1— therefor.

2

P 031302

Claim 6, line 1, delete "5" and insert --1-- therefor.

Claim 8, line 1, delete "5" and insert --1-- therefor.

12.    (Amended)    A system [as defined in claim 1 wherein] for controlling the operation of and access to selected computer resources of at least a first server computer by at least one subscriber client computer via an untrusted network in an operating session, without necessarily controlling access to other computer resources provided by the first server computer and by other server computers and nonsubscriber client computers, and each of said subscriber client computers has an application for browsing the untrusted network, comprising:

clearinghouse means for storing identity data of said first server computer and the identity data of each of said subscriber client computers;

server software means installed on said first server computer adapted to forward its identity data and identity data of each subscriber client computer to said clearinghouse means at the beginning of an operating session in which access to selected computer resources of said first server computer is requested;

client software means installed on each of said subscriber client computers adapted to forward its identity data to said first server computer at the beginning of an operating session in which access to selected computer resources is requested;

said clearinghouse means being adapted to authenticate the identity of said subscriber client computer responsive to a request for selected computer resources of said first server computer by a subscriber client computer;

said clearinghouse means being adapted to authenticate the identity of said first server computer responsive to said subscriber client computer making the request for selected computer resources of said first server computer;

said clearinghouse means being adapted to permit access to said selected computer resources responsive to successful initial authentication of said first server computer and of said subscriber client computer making said request;

3

P 031303

said <u>server software means installed on the</u> first server computer being adapted to designate specific resource content as being protected and to provide predetermined protection data identifying said resource content as being protected when said data is transmitted to· one of said subscriber client computers responsive to a request for said resource content[.];

said <u>client software means installed on each of said subscriber client computers</u> [data being monitored by said subscriber client computer] <u>being adapted to monitor said data</u> and selectively disabling predetermined functionality of said application for said designated specific resource content.

---

25.     (Amended)   A system for controlling the operation of and access to selected computer resources of at least a first server computer by at least one subscriber client computer via an untrusted network in an operating session, wherein each of said subscriber client computers has an application for browsing the untrusted network, said first server computer being adapted to designate specific resource content as being protected and to provide predetermined protection data identifying said resource content as being protected when said data is transmitted to one of said subscriber client computers responsive to a request for said resource content, said data being monitored by said subscriber client computer, and <u>said subscriber client computer</u> selectively disabling predetermined functionality of said application for said designated specific resource content <u>responsive to said predetermined protection data from said first server computer.</u>

26.     (Amended)   A method of controlling access to selected computer resources of at least a first server computer by at least one subscriber client computer via an untrusted network during an operating session, without necessarily controlling access to other computer resources provided by the first server computer and by other server computers and nonsubscriber client computers, comprising the steps of:

registering identity data of said first server computer and the identity data of

4

P 031304

each of said subscriber client computers and storing the registered identity data in a clearinghouse means associated with said first server computer and said subscriber client computers;

requiring a subscriber client computer to forward its identity data to said clearinghouse means at the beginning of an operating session in which access to selected computer resources is requested;

requiring a subscriber client computer to forward a predetermined digital identification to said first server computer to thereby confirm that a hardware key is connected to said subscriber client computer;

attempting to authenticate the identity of said subscriber client computer from said clearinghouse means responsive to a request for selected computer resources of said first server computer by a subscriber client computer;

attempting to authenticate the identity of said first server computer from said clearinghouse means responsive to said subscriber client computer making the request for selected computer resources; and,

permitting access to said selected computer resources responsive to successful initial authentication of said first server computer and of said subscriber client computer making said request.

30. (Amended)    A method as defined in claim 28 [29] wherein said subscriber client computer identity data includes a client name and [,] a client password [and said predetermined digital identification].

Claim 31, line 1, delete "29" and insert --28-- therefor.

Claim 36, line 1, delete "29" and insert --28-- therefor.

<u>REMARKS</u>

As a preliminary matter, claims 1, 4, 6, 8, 12, 28, 30, 31 and 36 have been amended to remove formalities and clarify features of the present invention.  More

5

P 031305

specifically, they have been amended to more accurately define the invention and to emphasize pre-existing differences between the invention as claimed and the prior art that has been cited and applied.

With regard to the rejection of claims 1-4, 7, 11, 15, 17, 21-24, 28-30, 32 and 35 as being anticipated by the Stefik et al. reference 5,629,980 and claims 9, 10, 12-14, 16, 20, 25-27, 33 and 34 as being obvious in view of the Stefik et al reference 5,629,980 and the Levergood reference 5,708,780, Applicants respectfully traverse these rejections.

Claims 1 and 28 stand rejected under 35 U.S.C. §102(e) as being anticipated by the Stefik et al. reference. In response, Applicants have amended claim 1 and 28 to include features of canceled claims 3, 5, and 29 to more clearly recite the features of the present invention. Applicants respectfully submit that amended claims 1 and 28 are not anticipated, taught or suggested by the structure described in the Stefik et al. reference.

Claim 25 stands rejected under U.S.C. §103(a) as being anticipated by Stefik et al. reference in view of the Levergood et al. reference. In response, Applicants have amended claim 25 to more clearly recite the features of the present invention, and respectfully traverse.

Applicants traverse because neither the Stefik et al. reference and the Levergood et al. reference have any discussion of features in claim 25. The Stefik et al. reference teaches a usage rights system that requires that a created set of usage rights be attached permanently to the digital work itself, which is listed as a key feature of the invention (claim 1 and column 6, lines 51 and 52). The repository checks the usage rights contained on the digital work, which is transmitted once verification of the usage right is processed (column 4, lines 13-35 and column 7, lines 6-37). Although hierarchic allowance is available, the various usage rights are depended upon the structure of the digital work. More specifically, the set of usage rights are encoded within the actual digital work.

On the other hand, the Levergood et al. reference discloses a method of processing service requests based on the use of the Uniform Resource Locator (URL). More

P 031306

specifically, access is gained by forwarding a new request with the original URL appended by a session identification ("SID") to the client as a new URL that the host recognizes as a valid URL. In the Levergood et al. reference, access control depends upon the URL rather than functions of the browser.

Consequently, claim 25 has many key features that are different from the references cited. In addition, Applicant respectfully submits that there is no motivation to combined the two cited references. The Levergood et al. reference relates to a login access to a specific resource with the use of URL, whereas claim 25 relates to controlling the operation of, and access to, selected computer resources. Second, claim 25 provides a subscriber client computer that monitors predetermined protection data and selectively disables predetermined functionality of the application for the designated specific resource content. These are features of the client computer that are not found in either of the cited references. In addition, although the Levergood et al. reference relates to the browser application, it deals with the access using the URL. In contrast, claim 25 recites a feature of the "said subscriber client selectively disabling predetermined functionality of said application for said designated specific resource content responsive to said predetermined protection data from server." However, neither reference discusses any feature of "selectively disabling predetermined functionality of said application." Furthermore, neither reference recites "disabling predetermined functionality of said application" that is "responsive to said predetermined protection data from server." In the Stefik reference, the available functionality depends upon, and is defined by, the digital work itself. Claim 25, on the other hand, recites the feature of "selectively disabling predetermined functionality of said application" without reference to predetermined usage rights being included in the resource content. For these reasons, Applicants respectfully request that the §103 rejection of claim 25 be withdrawn.

Applicants submit that since the dependent claims 2-24, 26-27 and 30-36 depend upon independent claims and necessarily incorporate the features of those claims, and recited added features not found in those claims, it is believed that these claims are also

**P 031307**

allowable. Thus, we respectfully request reconsideration and allowance of all claims pending in the application.

Respectfully submitted,

GREER, BURNS & CRAIN, LTD.

By

Roger D. Greer
Registration No. 26,174

July 10, 2000

Suite 8660 - Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
(312) 993-0080
F:\DATA\9\P60\169\P6129\AMEND-B.DOC

RECEIVED
JUL 19 2000
TC 2700 MAIL ROOM

P 031308

8



**UNITED STATE DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/872,710 | 06/11/97 | GREGG | R    1608.61259 |

LMC1/0925

| | |
|---|---|
| **EXAMINER** | |
| SMITHERS,M | |
| **ART UNIT** | **PAPER NUMBER** |
| 2767 | *12* |

GREEN BURNS & CRAIN
  SUITE 8660 SEARS TOWER
233 SOUTH WACKER DRIVE
CHICAGO IL 60606

DATE MAILED:
                  09/25/00

Please find below and/or attached an Office communication concerning this application or
proceeding.

Commissioner of Patents and Trademarks

P 031309



I-90C (Rev. 2/95)                    U.S. G.P.O. 1999-460-593                    1~ File Copy

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 08/672,710 | GREGG ET AL. |
| | Examiner | Art Unit | |
| | Matthew B Smithers | 2767 | |

— *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* —

**Period for Reply**

**A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.**

- Extensions of time may be available under the provisions of 37 CFR 1.136 (a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).

**Status**

1)☒ Responsive to communication(s) filed on 20 July 2000 .

2a)☐ This action is FINAL.   2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) 1,2,4,6-28 and 30-36 is/are pending in the application.

   4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☒ Claim(s) 1,2,4,6-11,15-17,20,22-24,28 and 30-36 is/are allowed.

6)☒ Claim(s) 12-14,21 and 25-27 is/are rejected.

7)☒ Claim(s) 18 and 19 is/are objected to.

8)☐ Claims _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

11)☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved.

12)☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

   a)☐ All b)☐ Some * c)☐ None of the CERTIFIED copies of the priority documents have been:

      1.☐ received.

      2.☐ received in Application No. (Series Code / Serial Number) _____ .

      3.☐ received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

     * See the attached detailed Office action for a list of the certified copies not received.

14)☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. & 119(e).

**Attachment(s)**

☒ Notice of References Cited (PTO-892)      18)☐ Interview Summary (PTO-413) Paper No(s). _____ .

☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)      19)☐ Notice of Informal Patent Application (PTO-152)

☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .      20)☐ Other:

P 031310

Serial Number: 08/872,710                                    2

Art Unit: 2767

---

**DETAILED ACTION**

**Status of Application**

Claims 1, 4, 6, 8, 12, 25, 28, 30, 31 and 36 were amended.

Claims 3, 5, and 29 were canceled.

Claims 1, 2, 4, 6, 7-28 and 30-36 remain pending.

*Response to Arguments*

Applicant's arguments with respect to claims 1, 2, 4, 6, 7-28 and 30-36 have been

considered but are moot in view of the new ground(s) of rejection.

*Claim Objections*

Claims 18 and 19 are objected to because of the following informalities: Claim 19 depends

from claim 18 which is presently dependent upon canceled claim 3. Appropriate correction is

required.

**P 031311**

Serial Number: 08/872,710                                    3

Art Unit: 2767

---

### *Claim Rejections - 35 USC § 103*

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness

rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the
> manner in which the invention was made.

Claims 12-14, 21 and 25-27 are rejected under 35 U.S.C. 103(a) as being unpatentable

over U.S. patent 5,629,980 granted to Stefik et al and further in view of U.S. patent 6,006,332

granted to Rabne et al.

Regarding claim 12, Stefik teaches a system for controlling the operation of and access to

selected computer resources using a clearinghouse for storing and authenticating identity data (see

column 13, lines 51-67 and see column 27, line 30 to column 28, line 63) and permitting access to

the resources (see column 41, line 40 to column 42, line 24). Stefik further uses a server and

client workstations to facilitate the exchange of the computer resources (see column 5, lines 31-

35; column 33, lines 1-5 and Figure 19). However Stefik fails to specifically disclose the use of a

browser application that is selectively disabled using a predetermined function. Rabne teaches

selectively disabling a browser application using a predetermined function (see column 11, lines 2-

8). It would have been obvious to one of ordinary skill in the art at the time the invention was

P 031312

Serial Number: 08/872,710                                    4

Art Unit: 2767

---

made to combine Rabne's rights management system for digital media with Stefik's system for controlling the use and distribution of digital works for the purpose of reducing the risk of attacks on a client computer by an interloper [see **Rabne et al; column 3, lines 19-31**].

Regarding claim 13, Stefik et al and Rabne et al discloses everything claimed as applied above (see claim 12), in addition Stefik teaches a hierarchial system of protection (see column 15, line 37 to column 16, line 41 and column 17, line 64 to column 18, line 51).

Regarding claim 14, Stefik et al and Rabne et al discloses everything claimed as applied above (see claim 13), in addition Stefik teaches grammar rules applied to the distribution of the digital works. The grammar rules along with the rendering repository handle the request for printing, copying, and other tasks (see column 17, line 64 to column 18, line 51 and column 19, line 10 to column 21, line 44).

Regarding claim 21, Stefik et al and Rabne et al discloses everything claimed as applied above (see claim 12), in addition Rabne teaches selectively enabling or disabling the functionality of an application (see column 11, lines 2-8 and column 12, lines 25-39).

Regarding claim 25, Stefik teaches a system for controlling the operation of and access to selected computer resources of at least a first server computer by at least one subscriber client computer via an untrusted network in an operating session (see column 5, lines 31-35, column 33, lines 1-5 and Figure 19). However Stefik fails to specifically disclose the use of a browser application that is selectively disabled using a predetermined function. Rabne teaches selectively disabling a browser application using a predetermined function (see column 11, lines 2-8). It

P 031313

Serial Number: 08/872,710                                    5

Art Unit: 2767

---

would have been obvious to one of ordinary skill in the art at the time the invention was made to

combine Rabne's rights management system for digital media with Stefik's system for controlling

the use and distribution of digital works for the purpose of reducing the risk of attacks on a client

computer by an interloper [see **Rabne et al; column 3, lines 19-31**].

 Regarding claim 26, Stefik et al and Rabne et al discloses everything claimed as applied

above (see claim 25), in addition Stefik teaches a hierarchial system of protection (see column 15,

line 37 to column 16, line 41 and column 17, line 64 to column 18, line 51).

 Regarding claim 27, Stefik et al and Rabne et al discloses everything claimed as applied

above (see claim 26), in addition Stefik teaches grammar rules applied to the distribution of the

digital works. The grammar rules along with the rendering repository handle the request for

printing, copying, and other tasks (see column 17, line 64 to column 18, line 51 and column 19,

line 10 to column 21, line 44).


### *Allowable Subject Matter*


 Claims 1, 2, 4, 6-11, 15-17, 20, 22-24, 28 and 30-36 are allowed.

 The following is an examiner's statement of reasons for allowance:

 The present invention comprises a system for accessing subscription materials over an

unsecure network. The closest prior art, Stefik (US 5,629,980) shows a system for controlling

access to digital materials over a network by using a usage rights criteria for each subscriber or

P 031314

Serial Number: 08/872,710                                    6

Art Unit: 2767

---

buyer. However, Stefik fails to disclose "the server requesting digital identification information

from the client during an operating session and using the information to confirm that the hardware

key associated with the client computer is connected to the subscriber's client computer." This

distinct feature has been added to independent claims 1 and 28 and renders them allowable.

### *Conclusion*

 Any inquiry concerning this communication or earlier communications from the examiner should be directed to Matthew Smithers, whose telephone number is (703) 308-9293. The examiner can normally be reached Monday-Thursday from 7:30 a.m. to 6:00 p.m. EST.
 If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Tod Swann, can be reached at (703) 308-7791.
 The fax number for formal or official faxes to Technology Center 2700 is (703) 308-9051 or 9052. All draft or informal faxes for this Art Unit can be submitted to (703) 305-0040.
 Any inquiry of a general nature or relating to the status of this application should be directed to the Group receptionist whose telephone number is (703) 305-3900.

**Matthew Smithers**
September 21, 2000

**P 031315**

| *Notice of References Cited* | | Application/Control No. 08/872,710 | | Applicant(s)/Patent Under Reexamination GREGG ET AL. | | | |
|---|---|---|---|---|---|---|---|
| | | Examiner Matthew B Smithers | | Art Unit 2767 2132 | | Page 1 of 1 | |

### U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS | DOCUMENT SOURCE ** | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | APS | OTHER |
| ☐ | A | 6006332 | Dec. 1999 | Rabne et al | 713 | 201 | ☐ | ☐ |
| ☐ | B | | | | | | ☐ | ☐ |
| ☐ | C | | | | | | ☐ | ☐ |
| ☐ | D | | | | | | ☐ | ☐ |
| ☐ | E | | | | | | ☐ | ☐ |
| ☐ | F | | | | | | ☐ | ☐ |
| ☐ | G | | | | | | ☐ | ☐ |
| ☐ | H | | | | | | ☐ | ☐ |
| ☐ | I | | | | | | ☐ | ☐ |
| ☐ | J | | | | | | ☐ | ☐ |
| ☐ | K | | | | | | ☐ | ☐ |
| ☐ | L | | | | | | ☐ | ☐ |
| ☐ | M | | | | | | ☐ | ☐ |

### FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS | DOCUMENT SOURCE ** | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | APS | OTHER |
| ☐ | N | | | | | | | ☐ | ☐ |
| ☐ | O | | | | | | | ☐ | ☐ |
| ☐ | P | | | | | | | ☐ | ☐ |
| ☐ | Q | | | | | | | ☐ | ☐ |
| ☐ | R | | | | | | | ☐ | ☐ |
| ☐ | S | | | | | | | ☐ | ☐ |
| ☐ | T | | | | | | | ☐ | ☐ |

### NON-PATENT DOCUMENTS

| | | DOCUMENT (Including Author, Title Date, Source, and Pertinent Pages) | DOCUMENT SOURCE ** | |
|---|---|---|---|---|
| | | | APS | OTHER |
| | U | | ☐ | ☐ |
| | V | | ☐ | ☐ |
| | W | | ☐ | ☐ |
| | X | | ☐ | ☐ |

*ry of this reference is not being furnished with this Office action. (See Manual of Patent Examining Procedure, Section 707.05(a).)
encompasses any electronic search i.e. text, image, and Commercial Databases.
ent and Trademark Office

| 392 (Rev. 03-98) | Notice of References Cited | Part of Paper No. 12 |
|---|---|---|

P 031316



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office

ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

## CHANGE OF ADDRESS/POWER OF ATTORNEY

FILE LOCATION     21C1     SERIAL NUMBER 08872710     PATENT NUMBER

THE CORRESPONDENCE ADDRESS HAS BEEN CHANGED TO CUSTOMER # 24978

THE PRACTITIONERS OF RECORD HAVE BEEN CHANGED TO CUSTOMER # 24978

THE FEE ADDRESS HAS BEEN CHANGED TO CUSTOMER # 24978

ON 12/05/00 THE ADDRESS OF RECORD FOR CUSTOMER NUMBER 24978 IS:

    GREER, BURNS & CRAIN
    300 S WACKER DR
    25TH FLOOR
    CHICAGO IL 60606

AND THE PRACTITIONERS OF RECORD FOR CUSTOMER NUMBER 24978 ARE:

6158   26174   29367   30270   30778   31497   35132   37538   41017   41895

RECEIVED

DEC 2 6 2000

Technology Center 2100

PTO INSTRUCTIONS: PLEASE TAKE THE FOLLOWING ACTION WHEN THE
CORRESPONDENCE ADDRESS HAS BEEN CHANGED TO CUSTOMER NUMBER:
RECORD, ON THE NEXT AVAILABLE CONTENTS LINE OF THE FILE JACKET,
'ADDRESS CHANGE TO CUSTOMER NUMBER'. LINE THROUGH THE OLD
ADDRESS ON THE FILE JACKET LABEL AND ENTER ONLY THE 'CUSTOMER
NUMBER' AS THE NEW ADDRESS. FILE THIS LETTER IN THE FILE JACKET.
WHEN ABOVE CHANGES ARE ONLY TO FEE ADDRESS AND/OR PRACTITIONERS
OF RECORD, FILE LETTER IN THE FILE JACKET.
THIS FILE IS ASSIGNED TO GAU 2132.

P 031317

FMD
PT-1/97

1608.61259

G A U 2767
PATENT
2132

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re U.S. Application of: Gregg et al.

Serial No.: 08/872,710

Filed: June 11, 1997

For: SUBSCRIPTION ACCESS FOR USE
WITH AN UNTRUSTED NETWORK

Art Unit: 2767

Examiner: Smithers, M.

)
)
)
)
)
)
)
)
)
)
)

*I hereby certify that this paper is being deposited with
the United States Postal Service as FIRST-CLASS mail
in an envelope addressed to Assistant Commissioner
for Patents, Washington, D.C. 20231, on this date.*

*12/26/00*
*Date*
P-CLASS WCM

*Registration No. 76714*

*Attorney for Applicant*

Appr. February 26, 1994

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

Transmitted herewith is a communication regarding the above-identified application.

**RECEIVED**

**TRANSMITTAL**

JAN 1 0 2001

Group 2100

Fee Calculation For Claims As Amended

| | As Amended | | Previously Paid For | | Present Extra | | Rate | | Additional Fee |
|---|---|---|---|---|---|---|---|---|---|
| Total Claims | 33 | - | 36 | = | 0 | x | $ 18.00 | = $ | -0- |
| Independent Claims | 4 | - | 3 | = | 1 | x | $ 80.00 | = $ | -0- |
| Fee for Multiple Dependent Claims | | | | | | | $260.00 | = $ | -0- |

| | | |
|---|---|---|
| Total Additional Fee | $ | -0- |
| Small Entity Fee (reduced by half) | $ | -0- |

(X)  Amendment C.

( )  A check in the amount of $_____ is attached.

( )  Petition for Extension of Time (in duplicate), with a check in the amount of $_____.

( )  Charge $_____ to Deposit Account No. 07-2069.

( )  If a Petition under 37 C.F.R. §1.136(a) for an extension of time for response is required to make the attached
     response timely and does not separately accompany this transmittal, Applicant(s) hereby petition(s) under 37
     C.F.R. §1.136(a) for an extension of time for response in the above-identified application for the period required
     to make the attached response timely.

(X)  The Commissioner is hereby authorized to charge any additional fees which may be required to this application
     under 37 C.F.R. §§1.16-1.17, or credit any overpayment, to Deposit Account No. 07-2069. A duplicate copy of
     this sheet is enclosed.

December 22, 2000
25th Floor
300 South Wacker Drive
Chicago, Illinois 60606
(312) 360-0080
Transmittal Form Rev. November 17, 1998

GREER, BURNS & CRAIN, LTD.

By:_____
Roger D. Greer, Reg. No. 26,174

**P 031318**



1608.61259

$\frac{14C}{mef}$ 1/19/01

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Applicant: Gregg et al. | ) |
| | ) |
| Serial No.: 08/872,710 | ) |
| | ) |
| Filed: June 11, 1997 | ) |
| | ) |
| For: SUBSCRIPTION ACCESS | ) |
| FOR USE WITH AN | ) |
| UNTRUSTED NETWORK | ) |
| | ) |
| Group Art Unit: 2767 | ) |
| | ) |
| Examiner: M. Smithers | ) |

*I hereby certify that this paper is being deposited with the United States Postal Service as first-class mail in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231, on this date.*

*Date*

*Registration No.* 26174
*Attorney for Applicant*

RECEIVED

JAN 1 0 2001

Group 2100

AMENDMENT C

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

          In response to the office action dated September 25, 2000, please amend the application as follows:

In the Claims:

          Please amend Claims 18 as follows:

          Claim 18, line 1, delete "3" and insert --1-- therefor.

REMARKS

          The Examiner's allowance of claims 1, 2, 4, 6-11, 15-17, 20, 22-24, 28 and 30-36 is acknowledged and appreciated.

P 031319

Claims 12-14, 21 and 25-27 stand rejected under 35 U.S.C. §103(a) as being unpatentable over U.S. patent 5,629,980 granted to Stefik et al. and further in view of U.S. patent 6,006,332 granted to Rabne et al. Applicants respectfully traverse these rejections.

Claims 12-14 also stand rejected by the Stefik et al. reference in view of the Rabne et al. reference. In response, Applicants respectfully traverse because the cited references do not disclose or suggest a "client software means" that "monitor[s] said data and selectively disabling predetermined functionality" of the application (i.e., browser).

As the Examiner correctly stated, the Rabne et al. reference teaches selectively disabling a browser application using a predetermined function (see column 11, lines 2-8). However, the Rabne et al. reference teaches the disabling of the browser *itself* rather than "selectively disabling predetermined functionality", which is a very different functionality. In the Rabne et al. reference, a Rights Manager-Compliant Browser ("RMc") with predetermined function must be downloaded to the workstation (i.e., client) (see column 6, lines 46-52; column 7, lines 1-4; column 11, line 1-9) before the user can access the protected content. Furthermore, the RMc browser will expire upon a predetermined time period (see column 11, lines 1-9). Consequently, the Rights Management ("RM") Server must store, ahead of time, multiple RMc browsers so that it can send the appropriate RMc browser to the client upon request.

As a result, Applicants respectfully submit that claim 12 has key features that are distinguishable from the Rabne et al. reference. In addition, Applicants respectfully submit that there is no motivation to combine the two cited references. In the Stefik reference, the available functionality depends upon, and is defined by, the digital work itself. And for the Rabne et al. reference, the available functionality depends upon which browser is sent to the client. Thus, the enforcement of rights management is based on a proprietary browser that is designed for the protected content. In other words, the Rabne et al. reference does not selectively disable predetermined functionality of the application (i.e., browser),

-2-

P 031320

rather the client has to download a browser with disabled functions for viewing the protected content.

Claim 25 stand rejected by the Stefik et al. reference in view of the Rabne et al. reference. In response, Applicants respectfully traverse because the cited references do not disclose or suggest a "subscriber client computer" that "selectively disabling predetermined functionality" of the application (i.e., browser) "responsive to said predetermined protection data from said first server computer". The arguments set forth to overcome the rejection of claim 12 also apply to overcome the rejection of claim 25.

Applicants submit that since the dependent claims 13-14, 19, 21, and 26-27 depend upon independent claims and necessarily incorporate the features of those claims, and recite added features not found in those claims, it is believed that these claims are also allowable.

For all the above reasons, Applicants respectfully request reconsideration and allowance of all pending claims.

Respectfully submitted,

GREER, BURNS & CRAIN, LTD.

By

Roger D. Greer
Registration No. 26,178

December 22, 2000

Suite 8660 - Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
(312) 993-0080
F:\DATA\WP60\6006\127\AMEND-c.DOC

-3-

P 031321



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/872,710 | 06/11/97 | GREGG | R | 1608.61259 |

| | EXAMINER |
|---|---|
| 024978 | SMITHERS, M |
| GREER, BURNS & CRAIN TM02/0322 | |

024978                TM02/0322
GREER, BURNS & CRAIN
300 S WACKER DR
25TH FLOOR
CHICAGO IL 60606

| ART UNIT | PAPER NUMBER |
|---|---|
| 2132 | 15 |

DATE MAILED:
03/22/01

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

**P 031322**

PTO-90C (Rev. 2/95)
*U.S. GPO: 2000-473-000/44602

1- File Copy

|  | Application No. | Applicant(s) |
|---|---|---|
| ***Office Action Summary*** | 08/872,710 | GREGG ET AL. |
|  | Examiner | Art Unit |  |
|  | Matthew B Smithers | 2132 |  |

— *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* —

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136 (a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If this period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>19 January 2001</u> .

2a) ☒ This action is FINAL.    2b) ☐ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1,2,4,6-28 and 30-36</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5) ☒ Claim(s) <u>1,2,4,6-11,15-17,20,22-24,28,30-36</u> is/are allowed.

6) ☒ Claim(s) <u>12-14,21 and 25-27</u> is/are rejected.

7) ☒ Claim(s) <u>18 and 19</u> is/are objected to.

8) ☐ Claims _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved.

12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All b) ☐ Some * c) ☐ None of:

      1. ☐ Certified copies of the priority documents have been received.

      2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

    f) ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**P 031323**

**Attachment(s)**

| | |
|---|---|
| ☐ Notice of References Cited (PTO-892) | 18) ☐ Interview Summary (PTO-413) Paper No(s). _____ . |
| ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948) | 19) ☐ Notice of Informal Patent Application (PTO-152) |
| ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ . | 20) ☐ Other: _____ . |

U.S. Patent and Trademark Office
PTO-326 (Rev. 01-01)    Office Action Summary    Part of Paper No. 15

Application/Control Number: 08/872,710                                    Page 2
Art Unit: 2132

### DETAILED ACTION

#### *Status of Application*

Claim 18 was amended.

Claims 1-36 remain pending.

#### *Response to Arguments*

Applicant's arguments filed January 19, 2001 have been fully considered but they are not persuasive.

Applicant argues the reference (Rabne et al 6,006,332) does not teach "selectively disabling predetermined functionality". Examiner contends Rabne does teach "selectively disabling predetermined functionality" because the user sets (determines) the time frame in which the functionality will be enabled and once the time frame has expired the functionality is disabled (column 10, line 63 to column 11, line 9 and column 15, lines 35-65). Examiner believes the claim limitation is met by the reference and therefore maintains the rejection below.

#### *Claim Rejections - 35 USC § 103*

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

P 031324

Application/Control Number: 08/872,710                                    Page 3
Art Unit: 2132

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Claims 12-14, 21 and 25-27 are rejected under 35 U.S.C. 103(a) as being

unpatentable over U.S. patent 5,629,980 granted to Stefik et al and further in view of

U.S. patent 6,006,332 granted to Rabne et al.

Regarding claim 12, Stefik teaches a system for controlling the operation of and

access to selected computer resources using a clearinghouse for storing and

authenticating identity data (see column 13, lines 51-67 and see column 27, line 30 to

column 28, line 63) and permitting access to the resources (see column 41, line 40 to

column 42, line 24). Stefik further uses a server and client workstations to facilitate the

exchange of the computer resources (see column 5, lines 31-35; column 33, lines 1-5

and Figure 19). However Stefik fails to specifically disclose the use of a browser

application that is selectively disabled using a predetermined function. Rabne teaches

selectively disabling a browser application using a predetermined function (see column

11, lines 2-8). It would have been obvious to one of ordinary skill in the art at the time

the invention was made to combine Rabne's rights management system for digital

media with Stefik's system for controlling the use and distribution of digital works for the

purpose of reducing the risk of attacks on a client computer by an interloper [**see Rabne**

**et al; column 3, lines 19-31**].

Regarding claim 13, Stefik et al and Rabne et al discloses everything claimed as

applied above (see claim 12), in addition Stefik teaches a hierarchical system of

P 031325

Application/Control Number: 08/872,710                                    Page 4
Art Unit: 2132

protection (see column 15, line 37 to column 16, line 41 and column 17, line 64 to

column 18, line 51).

Regarding claim 14, Stefik et al and Rabne et al discloses everything claimed as

applied above (see claim 13), in addition Stefik teaches grammar rules applied to the

distribution of the digital works. The grammar rules along with the rendering repository

handle the request for printing, copying, and other tasks (see column 17, line 64 to

column 18, line 51 and column 19, line 10 to column 21, line 44).

Regarding claim 21, Stefik et al and Rabne et al discloses everything claimed as

applied above (see claim 12), in addition Rabne teaches selectively enabling or

disabling the functionality of an application (see column 11, lines 2-8 and column 12,

lines 25-39).

Regarding claim 25, Stefik teaches a system for controlling the operation of and

access to selected computer resources of at least a first server computer by at least one

subscriber client computer via an untrusted network in an operating session (see

column 5, lines 31-35, column 33, lines 1-5 and Figure 19). However Stefik fails to

specifically disclose the use of a browser application that is selectively disabled using a

predetermined function. Rabne teaches selectively disabling a browser application

using a predetermined function (see column 11, lines 2-8). It would have been obvious

to one of ordinary skill in the art at the time the invention was made to combine Rabne's

rights management system for digital media with Stefik's system for controlling the use

and distribution of digital works for the purpose of reducing the risk of attacks on a client

computer by an interloper [see Rabne et al; column 3, lines 19-31].

P 031326

Application/Control Number: 08/872,710                                    Page 5
Art Unit: 2132

    Regarding claim 26, Stefik et al and Rabne et al discloses everything claimed as applied above (see claim 25), in addition Stefik teaches a hierarchical system of protection (see column 15, line 37 to column 16, line 41 and column 17, line 64 to column 18, line 51).

    Regarding claim 27, Stefik et al and Rabne et al discloses everything claimed as applied above (see claim 26), in addition Stefik teaches grammar rules applied to the distribution of the digital works. The grammar rules along with the rendering repository handle the request for printing, copying, and other tasks (see column 17, line 64 to column 18, line 51 and column 19, line 10 to column 21, line 44).

### Allowable Subject Matter

    Claims 1, 2, 4, 6-11, 15-17, 20, 22-24, 28 and 30-36 are allowed.

    The following is an examiner's statement of reasons for allowance:

    The present invention comprises a system for accessing subscription materials over an unsecure network. The closest prior art, Stefik (US 5,629,980) shows a system for controlling access to digital materials over a network by using a usage rights criteria for each subscriber or buyer. However, Stefik fails to disclose "the server requesting digital identification information from the client during an operating session and using the information to confirm that the hardware key associated with the client computer is connected to the subscriber's client computer." This distinct feature has been added to independent claims 1 and 28 and renders them allowable.

P 031327

Application/Control Number: 08/872,710                                    Page 6
Art Unit: 2132

### *Conclusion*

THIS ACTION IS MADE FINAL. Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of this final action.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Matthew B Smithers whose telephone number is (703) 308-9293. The examiner can normally be reached on M-Th (7:30-6:00) Friday Off.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Tod R Swann can be reached on (703) 308-7791. The fax phone numbers for the organization where this application or proceeding is assigned are (703) 305-0040 for regular communications and (703) 305-9051 for After Final communications.

P 031328

Application/Control Number: 08/872,710                                           Page 7
Art Unit: 2132

      Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the receptionist whose telephone number is (703) 305-

3900.

*Matthew Smithers*
Matthew Smithers
March 20, 2001

TOD SWANN
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 2100

**P 031329**



**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/872,710 | 06/11/97 | GREGG | R | 1608.61259 |

| | EXAMINER |
|---|---|
| 024978 WM31/0524 | SMITHERS, M |
| GREER, BURNS & CRAIN | |

024978                      WM31/0524
GREER, BURNS & CRAIN
300 S WACKER DR
25TH FLOOR
CHICAGO IL 60606

| ART UNIT | PAPER NUMBER |
|---|---|
| 2132 | 16 |

DATE MAILED:
                    05/24/01

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

**P 031330**

O-90C (Rev.11/00)                                                    1- File Copy

| *Interview Summary* | Application No.<br>08/872,710 | Applicant(s)<br>GREGG ET AL. |
|---|---|---|
| | Examiner<br>Matthew B Smithers | Art Unit<br>2132 |

All participants (applicant, applicant's representative, PTO personnel):

(1)  *Matthew B Smithers*.                    (3)*Grace Law*.

(2)  *Roger Greer*.                               (4)_____.

Date of Interview: *22 May 2001* .

Type:  a)☒  Telephonic    b)☐  Video Conference
       c)☐  Personal [copy given to:  1)☐  applicant    2)☐  applicant's representative]

Exhibit shown or demonstration conducted:  d)☐ Yes    e)☐ No.
    If Yes, brief description:                .

Claim(s) discussed: *12 and 25* .

Identification of prior art discussed: *Rabne et al (US 6,006,332)* .

Agreement with respect to the claims f)☐  was reached.    g)☒  was not reached.    h)☐  N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments:  *See Continuation Sheet* .

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached.  Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

    i)☐  It is not necessary for applicant to provide a separate record of the substance of the interview(if box is checked).

Unless the paragraph above has been checked, THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a reply to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  See Summary of Record of Interview requirements on reverse side or on attached sheet.

**P 031331**

aminer Note:  You must sign this form unless it is an
achment to a signed Office action.

*Matthew Smithers*
Examiner's signature, if required

et and Trademark Office
13 (Rev. 03- 96)                    Interview Summary                    Paper No. 16.

...mmary of Record of Interview Requiremen...

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews**
Paragraph (b)
In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

**37 CFR §1.2  Business to be transacted in writing.**
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

_____

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.
It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.
Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.
The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
–  Application Number (Series Code and Serial Number)
–  Name of applicant
–  Name of examiner
–  Date of interview
–  Type of interview (telephonic, video-conference, or personal)
–  Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
–  An indication whether or not an exhibit was shown or a demonstration conducted
–  An identification of the specific prior art discussed
–  An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
–  The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case unless both applicant and examiner agree that the examiner will record same. Where the examiner agrees to record the substance of the interview, or when it is adequately recorded on the Form or in an attachment to the Form, the examiner should check the appropriate box at the bottom of the Form which informs the applicant that the submission of a separate record of the substance of the interview as a supplement to the Form is not required.
It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
   (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

**Examiner to Check for Accuracy**

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

2

P 031332

**Continuation Sheet (PTO-413)**                    Application No.   08/872,710

Continuation of Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments:  Applicant pointed out the difference between the invention and the cited prior art as it pertains to the concept of "selectively disabling predetermined functionality of an application (browser)". Applicant states that his invention disables selected functions within the browser (application) and does not disable the entire browser by setting a predetermined time interval for the browser to expire. Examiner contends the claim language as presently written does not clearly show the distinction in how the browser's functionality is selectively disabled. Applicant will address this in an amendment. .

**P 031333**

MAY-22-2001 16:42    GREER, BURNS & CRAIN, LTD    312 360 9315  P.01/09

# GREER, BURNS & CRAIN, LTD.
Attorneys at Law
25th Floor
300 South Wacker Drive
Chicago, Illinois 60606
Telephone (312) 360-0080
Facsimile (312) 360-9315
Writer's Direct Dial (312) 987-4000
Writer's E-Mail Address
RGREER@GBCLAW.NET

## FACSIMILE COVER SHEET

To: ___Examiner Matthew B. Smithers___    Date: ___May 22, 2001___

Fax: ___703-305-0040___    Your Ref: ___S.N. 08/872.710___

From: ___Roger D. Greer___    Our Ref: ___1608.61259___

Number of pages including this cover page _9_

Original will: _follow via mail   _ follow via messenger  _X_ not follow

IF YOU DO NOT RECEIVE ALL PAGES OR ARE HAVING TROUBLE, PLEASE CALL IMMEDIATELY (312) 360-0080 AND ASK FOR ___Lu Onorato___.

_____

MESSAGE:

Enclosed is a courtesy copy of the Amendment D that we mailed on May 22, 2001.

_____
_____

********* CONFIDENTIALITY NOTE *********
The documents accompanying this facsimile transmission contain information which may be confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you have received this facsimile in error, please notify us by collect telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.

1

P 031334

MAY-22-2001  16:42        GREER, BURNS & CRAIN, LTD        312  360 9315    P.02/09

1608.61259                                                          PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re U.S. Application of: Gregg et al.          )  *I hereby certify that this paper is being deposited with*
                                                 )  *the United States Postal Service as FIRST-CLASS mail*
Serial No.:     08/872,710                       )  *in an envelope addressed to: Assistant Commissioner*
                                                 )  *for Patents, Washington, D.C. 20231, on this date.*
Filed:          June 11, 1997                    )
                                                 )  Date    F-CLASS WCM          Registration No. 26,174
For:            SUBSCRIPTION ACCESS FOR USE      )        Appl. February 20, 1998
                WITH AN UNTRUSTED NETWORK        )                           *Attorney for Applicant*
                                                 )
Art Unit:       2767                             )
                                                 )
Examiner:       Smithers, M.                     )

Assistant Commissioner for Patents
Washington, D.C. 20231

                              **TRANSMITTAL**

Sir:

Transmitted herewith is a communication regarding the above-identified application.

### Fee Calculation For Claims As Amended

|                              | As Amended | | Previously Paid For | | Present Extra | | Rate | | Additional Fee |
|------------------------------|------------|---|---------------------|---|---------------|---|----------|---|------|
| Total Claims                 | 33         | - | 36                  | = | 0             | x | $ 18.00  | = | $ -0- |
| Independent Claims           | 4          | - | 3                   | = | 0             | x | $ 80.00  | = | $ -0- |
| Fee for Multiple Dependent Claims |       |   |                     |   |               |   | $260.00  | = | $ -0- |

                                        Total Additional Fee            $ -0-
                                        Small Entity Fee (reduced by half)  $ -0-

(X)  Amendment D.

( )  A check in the amount of $_____ is attached.

( )  Petition for Extension of Time (in duplicate), with a check in the amount of $_____.

( )  Charge $_____ to Deposit Account No. 07-2069.

( )  If a Petition under 37 C.F.R. §1.136(a) for an extension of time for response is required to make the attached
     response timely and does not separately accompany this transmittal, Applicant(s) hereby petition(s) under 37
     C.F.R. §1.136(a) for an extension of time for response in the above-identified application for the period required
     to make the attached response timely.

(X)  The Commissioner is hereby authorized to charge any additional fees which may be required to this application
     under 37 C.F.R. §§1.16-1.17, or credit any overpayment, to Deposit Account No. 07-2069. A duplicate copy of
     this sheet is enclosed.

May 22, 2001
25th Floor                                      GREER, BURNS & CRAIN, LTD.
300 South Wacker Drive
Chicago, Illinois  60606                        By:
(312) 360-0080                                      Roger D. Greer, Reg. No. 26,174
Transmittal Form Rev. November 17, 1998

                                    2

                                                    P 031335

MAY-22-2001 16:42    GREER, BURNS & CRAIN, LTD    312 360 9315    P.??/??

1608.61259                                                          PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:    Gregg et al.                    )

Serial No.:   08/872,710                      )    *I hereby certify that this paper is being deposited with the*
                                              )    *United States Postal Service as first-class mail in an*
Filed:        June 11, 1997                   )    *envelope addressed to: Assistant Commissioner for Patents,*
                                              )    *Washington, D.C. 20231, on this date.*
For:          SUBSCRIPTION ACCESS             )
              FOR USE WITH AN                 )    5/22/01    _____
              UNTRUSTED NETWORK               )    *Date*
                                              )                Registration No. 26194
Group Art Unit: 2767                          )                *Attorney for Applicant*
                                              )
Examiner:     M. Smithers                     )

### AMENDMENT D

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

        In response to the office action dated March 22, 2001, please amend the
application as follows:

### In the Claims:

        Please amend Claims 12, 14, 25 and 27 as follows, and cancel claims 13 and 26
without prejudice:

        12.    A system for controlling the operation of and access to selected
computer resources of at least a first server computer by at least one subscriber client
computer via an untrusted network in an operating session, without necessarily controlling
access to other computer resources provided by the first server computer and by other server

3

P 031336

computers and nonsubscriber client computers, and each of said subscriber client computers has an application for browsing the untrusted network, comprising:

clearinghouse means for storing identity data of said first server computer and the identity data of each of said subscriber client computers;

server software means installed on said first server computer adapted to forward its identity data and identity data of each subscriber client computer to said clearinghouse means at the beginning of an operating session in which access to selected computer resources of said first server computer is requested; and,

client software means installed on each of said subscriber client computers adapted to forward its identity data to said first server computer at the beginning of an operating session in which access to selected computer resources is requested;

said clearinghouse means being adapted to authenticate the identity of said subscriber client computer responsive to a request for selected computer resources of said first server computer by a subscriber client computer;

said clearinghouse means being adapted to authenticate the identity of said first server computer responsive to said subscriber client computer making the request for selected computer resources of said first server computer;

said clearinghouse means being adapted to permit access to said selected computer resources responsive to successful initial authentication of said first server computer and of said subscriber client computer making said request;

said server software means installed on the first server computer being adapted to designate specific resource content as being protected and to provide predetermined protection data identifying said resource content as being protected when said data is transmitted to one of said subscriber client computers responsive to a request for said resource content;

said client software means installed on each of said subscriber client computers

-2-

4

P 031337

MAY-22-2001 16:43    GREER, BURNS & CRAIN, LTD    312 360 9315    P.05/09

OFFICIAL

being adapted to monitor said data defining a hierarchical system of protection and selectively disable predetermined application functions for said designated specific resource content.

14.    A system as defined in claim 12 wherein said application has the application functions of print, save cut/copy/paste, said protection data identifying various combinations of said functional operations which are disabled.

25.    A system for controlling the operation of and access to selected computer resources of at least a first server computer by at least one subscriber client computer via an untrusted network in an operating session, wherein each of said subscriber client computers has an application for browsing the untrusted network, said first server computer being adapted to designate specific resource content as being protected and to provide predetermined protection data identifying said resource content as being protected when said data is transmitted to one of said subscriber client computers responsive to a request for said resource content, said data defining a hierarchical system of protection is being monitored by said subscriber client computer, and said subscriber client computer selectively disables predetermined application functions for said designated specific resource content responsive to said predetermined protection data from said first server computer.

27.    A system as defined in claim 25 wherein said application has the application functions of print, save cut/copy/paste, said protection data identifying various combinations of said functional operations which are disabled.

-3-

P 031338

<u>**REMARKS**</u>

Applicants amended the claims as agreed upon per today's telephone interview with the Examiner. It is believed that the amended claims are now in allowable condition.

For all the above reasons, Applicants respectfully request reconsideration and allowance of all pending claims.

Attached hereto is a marked-up version of the changes made to the specification and claims by the current amendment. The attached pages are captioned Version with Markings to Show Changes Made.

Respectfully submitted,

GREER, BURNS & CRAIN, LTD.

By

Roger D. Greer
Registration No. 26,174

May 22, 2001

Suite 8660 - Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
(312) 993-0080
F:\DATA\WP\09\0941\09AMEND-4.DOC

-4-

6

**P 031339**

MAY-22-2001 16:43       GREER, BURNS & CRAIN, LTD        312 360 9315   P.07/09

## VERSION WITH MARKINGS TO SHOW CHANGES MADE

In the Claims:

The claims have been amended as follows:

12.    (Twice Amended)    A system for controlling the operation of and access to selected computer resources of at least a first server computer by at least one subscriber client computer via an untrusted network in an operating session, without necessarily controlling access to other computer resources provided by the first server computer and by other server computers and nonsubscriber client computers, and each of said subscriber client computers has an application for browsing the untrusted network, comprising:

clearinghouse means for storing identity data of said first server computer and the identity data of each of said subscriber client computers;

server software means installed on said first server computer adapted to forward its identity data and identity data of each subscriber client computer to said clearinghouse means at the beginning of an operating session in which access to selected computer resources of said first server computer is requested; and,

client software means installed on each of said subscriber client computers adapted to forward its identity data to said first server computer at the beginning of an operating session in which access to selected computer resources is requested;

said clearinghouse means being adapted to authenticate the identity of said subscriber client computer responsive to a request for selected computer resources of said first server computer by a subscriber client computer;

said clearinghouse means being adapted to authenticate the identity of said first server computer responsive to said subscriber client computer making the request for selected computer resources of said first server computer;

Appendix Page A-1

7

P 031340

MAY-22-2001  16:43     GREER, BURNS & CRAIN, LTD     312  360 9315   P.08/09

said clearinghouse means being adapted to permit access to said selected computer resources responsive to successful initial authentication of said first server computer and of said subscriber client computer making said request;

said server software means installed on the first server computer being adapted to designate specific resource content as being protected and to provide predetermined protection data identifying said resource content as being protected when said data is transmitted to one of said subscriber client computers responsive to a request for said resource content;

said client software means installed on each of said subscriber client computers being adapted to monitor said data defining a hierarchical system of protection and selectively [disabling] disable predetermined [functionality of said] application functions for said designated specific resource content.

14.     (Twice Amended)   A system as defined in claim [13] 12 wherein said application has the [functional operations] application functions of print, save cut/copy/paste, said protection data identifying various combinations of said functional operations which are disabled.

25.     (Twice Amended)   A system for controlling the operation of and access to selected computer resources of at least a first server computer by at least one subscriber client computer via an untrusted network in an operating session, wherein each of said subscriber client computers has an application for browsing the untrusted network, said first server computer being adapted to designate specific resource content as being protected and to provide predetermined protection data identifying said resource content as being protected when said data is transmitted to one of said subscriber client computers responsive to a request for said resource content, said data defining a hierarchical system of protection is being monitored by said subscriber client computer, and said subscriber client computer selectively [disabling] disables predetermined

Appendix Page A-2

8

P 031341

MAY-22-2001 16:44        GREER, BURNS & CRAIN, LTD        312 360 9315    P.09/09

[functionality of said] application functions for said designated specific resource content responsive to said predetermined protection data from said first server computer.

27.    (Twice Amended)    A system as defined in claim [26] 25 wherein said application has the [functional operations] application functions of print, save cut/copy/paste, said protection data identifying various combinations of said functional operations which are disabled.

Appendix Page A-2

TOTAL P.09

P 031342

1608.61259

PATENT

GAU 2767

2132

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re U.S. Application of: Gregg et al.

Serial No.: 08/872,710

Filed: June 11, 1997

For: SUBSCRIPTION ACCESS FOR USE
WITH AN UNTRUSTED NETWORK

Art Unit: 2767

Examiner: Smithers, M.

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

*I hereby certify that this paper is being deposited with
the United States Postal Service as FIRST-CLASS mail
in an envelope addressed to: Assistant Commissioner
for Patents, Washington, D.C. 20231, on this date.*

5/22/01
Date
F-CLASS.WGM
App. February 20, 1998

Registration No. 26,174

*Attorney for Applicant*

RECEIVED
MAY 3 0 2001
Technology Center 2100

### TRANSMITTAL

Transmitted herewith is a communication regarding the above-identified application.

#### Fee Calculation For Claims As Amended

| | As Amended | | Previously Paid For | | Present Extra | | Rate | | Additional Fee |
|---|---|---|---|---|---|---|---|---|---|
| Total Claims | 33 | - | 36 | = | 0 | x | $ 18.00 | = | $ -0- |
| Independent Claims | 4 | - | 3 | = | 0 | x | $ 80.00 | = | $ -0- |
| Fee for Multiple Dependent Claims | | | | | | | $260.00 | = | $ -0- |

Total Additional Fee    $ -0-
Small Entity Fee (reduced by half)    $ -0-

(X)    Amendment D.

( )    A check in the amount of $_____ is attached.

( )    Petition for Extension of Time (in duplicate), with a check in the amount of $_____.

( )    Charge $_____ to Deposit Account No. 07-2069.

( )    If a Petition under 37 C.F.R. §1.136(a) for an extension of time for response is required to make the attached response timely and does not separately accompany this transmittal, Applicant(s) hereby petition(s) under 37 C.F.R. §1.136(a) for an extension of time for response in the above-identified application for the period required to make the attached response timely.

(X)    The Commissioner is hereby authorized to charge any additional fees which may be required to this application under 37 C.F.R. §§1.16-1.17, or credit any overpayment, to Deposit Account No. 07-2069. A duplicate copy of this sheet is enclosed.

May 22, 2001
25th Floor
300 South Wacker Drive
Chicago, Illinois 60606
(312) 360-0080
Transmittal Form Rev. November 17, 1998

GREER, BURNS & CRAIN, LTD.

By: _____
Roger D. Greer, Reg. No. 26,174

P 031343



1608.61259                                                                                                PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Applicant: Gregg et al. | ) |
| | ) |
| Serial No.: 08/872,710 | ) |
| | ) |
| Filed:      June 11, 1997 | ) |
| | ) |
| For:      SUBSCRIPTION ACCESS | ) |
|          FOR USE WITH AN | ) |
|          UNTRUSTED NETWORK | ) |
| | ) |
| Group Art Unit: 2767 | ) |
| | ) |
| Examiner:  M. Smithers | ) |

*I hereby certify that this paper is being deposited with the United States Postal Service as first-class mail in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231, on this date.*

Date _____

Registration No. _____

*Attorney for Applicant*

RECEIVED
MAY 3 0 2001
Technology Center 2100

AMENDMENT D

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

In response to the office action dated March 22, 2001, please amend the application as follows:

In the Claims:

Please amend Claims 12, 14, 25 and 27 as follows, and cancel claims 13 and 26 without prejudice:

12.    A system for controlling the operation of and access to selected computer resources of at least a first server computer by at least one subscriber client computer via an untrusted network in an operating session, without necessarily controlling access to other computer resources provided by the first server computer and by other server

P 031344

computers and nonsubscriber client computers, and each of said subscriber client computers has an application for browsing the untrusted network, comprising:

clearinghouse means for storing identity data of said first server computer and the identity data of each of said subscriber client computers;

server software means installed on said first server computer adapted to forward its identity data and identity data of each subscriber client computer to said clearinghouse means at the beginning of an operating session in which access to selected computer resources of said first server computer is requested; and,

client software means installed on each of said subscriber client computers adapted to forward its identity data to said first server computer at the beginning of an operating session in which access to selected computer resources is requested;

said clearinghouse means being adapted to authenticate the identity of said subscriber client computer responsive to a request for selected computer resources of said first server computer by a subscriber client computer;

said clearinghouse means being adapted to authenticate the identity of said first server computer responsive to said subscriber client computer making the request for selected computer resources of said first server computer;

said clearinghouse means being adapted to permit access to said selected computer resources responsive to successful initial authentication of said first server computer and of said subscriber client computer making said request;

said server software means installed on the first server computer being adapted to designate specific resource content as being protected and to provide predetermined protection data identifying said resource content as being protected when said data is transmitted to one of said subscriber client computers responsive to a request for said resource content;

said client software means installed on each of said subscriber client computers

-2-

P 031345

being adapted to monitor said data defining a hierarchical system of protection and selectively disable predetermined application functions for said designated specific resource content.

14.    A system as defined in claim 12 wherein said application has the application functions of print, save cut/copy/paste, said protection data identifying various combinations of said functional operations which are disabled.

25.    A system for controlling the operation of and access to selected computer resources of at least a first server computer by at least one subscriber client computer via an untrusted network in an operating session, wherein each of said subscriber client computers has an application for browsing the untrusted network, said first server computer being adapted to designate specific resource content as being protected and to provide predetermined protection data identifying said resource content as being protected when said data is transmitted to one of said subscriber client computers responsive to a request for said resource content, said data defining a hierarchical system of protection is being monitored by said subscriber client computer, and said subscriber client computer selectively disables predetermined application functions for said designated specific resource content responsive to said predetermined protection data from said first server computer.

27.    A system as defined in claim 25 wherein said application has the application functions of print, save cut/copy/paste, said protection data identifying various combinations of said functional operations which are disabled.

-3-

P 031346

## REMARKS

Applicants amended the claims as agreed upon per today's telephone interview with the Examiner. It is believed that the amended claims are now in allowable condition.

For all the above reasons, Applicants respectfully request reconsideration and allowance of all pending claims.

Attached hereto is a marked-up version of the changes made to the specification and claims by the current amendment. The attached pages are captioned Version with Markings to Show Changes Made.

Respectfully submitted,

GREER, BURNS & CRAIN, LTD.

By      _[signature]_

Roger D. Greer
Registration No. 26,174

May 22, 2001

Suite 8660 - Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
(312) 993-0080
F:\DATA\W7601\60N41229\AMEND-4.DOC

-4-

P 031347

## VERSION WITH MARKINGS TO SHOW CHANGES MADE

In the Claims:

The claims have been amended as follows:

12. (Twice Amended)  A system for controlling the operation of and access to selected computer resources of at least a first server computer by at least one subscriber client computer via an untrusted network in an operating session, without necessarily controlling access to other computer resources provided by the first server computer and by other server computers and nonsubscriber client computers, and each of said subscriber client computers has an application for browsing the untrusted network, comprising:

clearinghouse means for storing identity data of said first server computer and the identity data of each of said subscriber client computers;

server software means installed on said first server computer adapted to forward its identity data and identity data of each subscriber client computer to said clearinghouse means at the beginning of an operating session in which access to selected computer resources of said first server computer is requested; and,

client software means installed on each of said subscriber client computers adapted to forward its identity data to said first server computer at the beginning of an operating session in which access to selected computer resources is requested;

said clearinghouse means being adapted to authenticate the identity of said subscriber client computer responsive to a request for selected computer resources of said first server computer by a subscriber client computer;

said clearinghouse means being adapted to authenticate the identity of said first server computer responsive to said subscriber client computer making the request for selected computer resources of said first server computer;

Appendix Page A-1

P 031348

said clearinghouse means being adapted to permit access to said selected computer resources responsive to successful initial authentication of said first server computer and of said subscriber client computer making said request;

said server software means installed on the first server computer being adapted to designate specific resource content as being protected and to provide predetermined protection data identifying said resource content as being protected when said data is transmitted to one of said subscriber client computers responsive to a request for said resource content;

said client software means installed on each of said subscriber client computers being adapted to monitor said data defining a hierarchical system of protection and selectively [disabling] disable predetermined [functionality of said] application functions for said designated specific resource content.

14.    (Twice Amended)   A system as defined in claim [13] 12 wherein said application has the [functional operations] application functions of print, save cut/copy/paste, said protection data identifying various combinations of said functional operations which are disabled.

25.    (Twice Amended)   A system for controlling the operation of and access to selected computer resources of at least a first server computer by at least one subscriber client computer via an untrusted network in an operating session, wherein each of said subscriber client computers has an application for browsing the untrusted network, said first server computer being adapted to designate specific resource content as being protected and to provide predetermined protection data identifying said resource content as being protected when said data is transmitted to one of said subscriber client computers responsive to a request for said resource content, said data defining a hierarchical system of protection is being monitored by said subscriber client computer, and said subscriber client computer selectively [disabling] disables predetermined

P 031349

[functionality of said] application functions for said designated specific resource content responsive to said predetermined protection data from said first server computer.

27.     (Twice Amended)    A system as defined in claim [26] 25 wherein said application has the [functional operations] application functions of print, save cut/copy/paste, said protection data identifying various combinations of said functional operations which are disabled.

**P 031350**

Appendix Page A-3



**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| US/872,710 | 06/11/97 | GREGG | 1608.61259 |

R

| EXAMINER |
|---|
| SMITHERS, M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2132 | 18 |

```
024978
GREER, BURNS & CRAIN            WM31/0606
300 S WACKER DR
25TH FLOOR
CHICAGO IL 60606
```

DATE MAILED:    06/06/01

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

**P 031351**

TO-90C (Rev.11/00)                                                        t- File Copy