| | Application No. | Applicant(s) |
|---|---|---|
| ***Advisory Action*** | 08/872.710 | GREGGS ET AL. |
| | Examiner | Art Unit |
| | Matthew B Smithers | 2132 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

THE REPLY FILED 01 June 2001 FAILS TO PLACE THIS APPLICATION IN CONDITION FOR ALLOWANCE.
Therefore, further action by the applicant is required to avoid abandonment of this application. A proper reply to a
final rejection under 37 CFR 1.113 may <u>only</u> be either: (1) a timely filed amendment which places the application in
condition for allowance; (2) a timely filed Notice of Appeal (with appeal fee); or (3) a timely filed Request for Continued
Examination (RCE) in compliance with 37 CFR 1.114.

### PERIOD FOR REPLY (check only a) or b))

a) ☒ The period for reply expires <u>3</u> months from the mailing date of the final rejection.

b) ☐ In view of the early submission of the proposed reply (within two months as set forth in MPEP § 706.07 (f)), the period for
reply expires on the mailing date of this Advisory Action, OR continues to run from the mailing date of the final rejection,
whichever is later. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the
mailing date of the final rejection.

Extensions of time may be obtained under 37 CFR 1.136(a). The date on which the petition under 37 CFR 1.136(a) and the appropriate extension fee
have been filed is the date for purposes of determining the period of extension and the corresponding amount of the fee. The appropriate extension fee under
37 CFR 1.17(a) is calculated from: (1) the expiration date of the shortened statutory period for reply originally set in the final Office action; or (2) as set forth in
(b) above, if checked. Any reply received by the Office later than three months after the mailing date of the final rejection, even if timely filed, may reduce any
earned patent term adjustment. See 37 CFR 1.704(b).

1. ☐ A Notice of Appeal was filed on _____. Appellant's Brief must be filed within the period set forth in
37 CFR 1.192(a), or any extension thereof (37CFR 1.191 (d)), to avoid dismissal of the appeal.

2. ☐ The proposed amendment(s) will be entered upon the timely submission of a Notice of Appeal and Appeal Brief
with requisite fees.

3. ☒ The proposed amendment(s) will not be entered because:

(a) ☐ they raise new issues that would require further consideration and/or search. (see NOTE below);

(b) ☐ they raise the issue of new matter. (see Note below);

(c) ☒ they are not deemed to place the application in better form for appeal by materially reducing or simplifying the
issues for appeal; and/or

(d) ☐ they present additional claims without canceling a corresponding number of finally rejected claims.

NOTE: *See Continuation Sheet.*

4. ☐ Applicant's reply has overcome the following rejection(s): _____.

5. ☐ Newly proposed or amended claim(s) _____ would be allowable if submitted in a separate, timely filed amendment
canceling the non-allowable claim(s).

6. ☐ The a) ☐ affidavit, b) ☐ exhibit, or c) ☐ request for reconsideration has been considered but does NOT place the
application in condition for allowance because: _____.

7. ☐ The affidavit or exhibit will NOT be considered because it is not directed SOLELY to issues which were newly
raised by the Examiner in the final rejection.

8. ☒ For purposes of Appeal, the status of the claim(s) is as follows (see attached written explanation, if any):

Claim(s) allowed: *1,2,4,6-11,15-17,20,22-24,28 and 30-36.*

Claim(s) objected to: *18 and 19.*

Claim(s) rejected: *12-14,21 and 25-27.*

Claim(s) withdrawn from consideration: *3,5 and 29.*

9. ☐ The proposed drawing correction filed on _____ a) ☐ has b) ☐ has not been approved by the Examiner.

0. ☐ Note the attached Information Disclosure Statement(s)( PTO-1449) Paper No(s).

1. ☐ Other: _____.

GILBERTO BARRON, JR.
PRIMARY EXAMINER
ART UNIT 222 2131

P 031352

**Continuation Sheet (PTO-303)**                                      **Application NO.**

Continuation of 3. NOTE:  Upon further review, Rabne does teach a hierarchial system of protection in which the capabilities of a browser are selective determined based on the user ID and transactions approval (see column 3, lines 42-47 and column 22, lines 37-48).

**P 031353**

06-21-01

CPA127006

PATENT APPLICATION

Docket No.: 1608.61259

#10
KWS
6-26-01

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

OIPE
JUN 20 2001

Anticipated Classification of this application:
Class _____ Subclass _____
****

Application No.: 08/872,710
Examiner: M. Smithers
Art Unit: 2132

PRIOR APPLICATION

RECEIVED
JUN 2 2 2001
Technology Center 2100

BOX CPA
ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D.C. 20231

### *CONTINUED PROSECUTION APPLICATION (CPA) TRANSMITTAL (Formerly FWC) (C.F.R. 1.53(d))*

WARNING:    *This form cannot be used where the parent case may not be abandoned because the filing of a request under the CPA procedure "is a request to expressly abandon the prior application as of the filing date of the request for an application under [37 C.F.R. 1.53(d)]." 37 C.F.R. 1.53(d)(2)(v).*

WARNING:    *Filing under 37 C.F.R. 1.53(d) is permitted only if filed by the same or less than all the inventors named in the prior application. 37 C.F.R. 1.53(d).*

#### CERTIFICATION UNDER 37 CFR 1.10

I certify that, on the date shown below, these documents are being deposited with the United States Postal Service in an envelope addressed to the Assistant Commissioner of Patents, Washington, D.C. 20231, as "Express Mail Post Office to Addressee," Mailing Label No. EL 846166198 US.

Date _____ June 20, 2001 _____

Signature _____

WARNING:    *Certificate of mailing (first class) or facsimile transmission procedures of 37 C.F.R. 1.8 cannot be used to obtain a date of mailing or transmission-on date for this correspondence. Facsimile procedures of 37 C.F.R. 1.6 apply to receive a receipt date.*

*WARNING:    *Each paper or fee filed by "Express Mail" must have the number of the "Express Mail" mailing label placed thereon prior to mailing. 37C.F.R. 1.10(b).
"Since the filing of correspondence under § 1.10 without the Express Mail mailing label thereon is an oversight that can be avoided by the exercise of reasonable care, requests for waiver of this requirement will not be granted on petition." Notice of Cor. 24, 1956, 50 Fed. Reg. 56,439, at 56, 442.*

WARNING:    *No copy of the prior application or new specification is required. "Any new specification filed with the request for an application under [1.53(d)] will not be considered part of the original application papers, but will be treated as a substitute specification in accordance with Sec. 1.125." 37 C.F.R. 1.53(d)(5).*

WARNING:    *Continued Prosecution Application procedure filings can only be based on a prior complete application as defined by § 1.51(b), and not a prior provisional application as defined by § 1.51(c).*

**P 031354**

06/22/2001 STEFFERA 00000070 08872710
01 FC:231                     355.00 OP
02 FC:203                     144.00 OP

Page 1 of 7



<u>X</u>   This is a request for a filing under the continued prosecution application procedure (37 C.F.R. 1.53(d), for a

    <u>X</u>   continuation

    ___   divisional

    ___   continuing application to permit consideration of an information disclosure statement under 37 C.F.R. 1.97.

NOTE:   *See 37 C.F.R. 153(d)(2) for definition of filing date. The prior nonprovisional application under § 1.53(d) must be complete as defined in 37 C.F.R. 1.53(d)(i)(i).*

### PARTICULARS OF PRIOR NONPROVISIONAL APPLICATION

WARNING:   *Continued Prosecution Application filings can only be based on a prior complete application as defined by § 1.51(b) or 35 U.S.C. 371, and not a prior complete provisional application as defined by § 1.51(c). 37 C.F.R. 1.53(d).*

A.   Application No.: 08/872,710, filed June 11, 1997

B.   Title (as originally filed) SUBSCRIPTION ACCESS SYSTEM FOR USE WITH AN UNTRUSTED NETWORK
and (as last amended) SUBSCRIPTION ACCESS SYSTEM FOR USE WITH AN UNTRUSTED NETWORK

C.   Name of applicant(s) (as originally filed) Richard L. Gregg, Sandeep Giri and Timothy C. Goeke and (as last amended) Richard L. Gregg, Sandeep Giri and Timothy C. Goeke

D.   The current mailing address of applicant(s) is: 15679 Jackson Drive, Omaha, NE 68118, 5911 S. 98th Plaza, Apt. 2A, Omaha, NE 68127, and 611 Mary Street, Elkhorn, NE 68022

E.   Please use all the contents of the prior application including the drawings, as the basic papers for the new application. It is understood that secrecy under 35 U.S.C. 122 is hereby waived to the extent that if information or access is available to any one of the applications in the file wrapper of a 37 C.F.R. 1.53(d) application, be it either this application or a prior application in the same file wrapper, the PTO may provide similar information or access to all the other applications in the same file wrapper.

1.   **Inventorship statement**

NOTE:   *An application filed under [1.53(d)] may be filed by fewer than all the inventors named in the prior application, provided that the request for an application under [1.53(d)] when filed is accompanied by a statement requesting deletion of the name or names of the person or persons who are not inventors of the invention being claimed in the new application. No person may be named as an inventor in an application filed under this paragraph who was not named as an inventor in the prior application on the date the application under this paragraph was filed, except by way of a petitioner under § 1.48. 37 C.F.R. 1.53(d)(4).*

    <u>X</u>   This application discloses and claims only subject matter disclosed in the prior application whose particulars are set out above and the inventor(s) in this application are

        <u>X</u>   the same.

        ___   less than those named in the prior application. It is request that the following inventor(s) identified above for the prior application be deleted:

        ___   not the same. A 37 C.F.R. 1.48 petition to correct inventorship is also submitted.

P 031355

2.    **Identification of Amendment Being Filed, Claims for Further Prosecution, and for Fee Change**

WARNING:    *"The claims of a new application may be finally rejected in the first Office action in those situations where (1) the new application is continuing application of, or a substitute for, an earlier application, and (2) all the claims of the new application (s)-are drawn to the same invention claimed in the earlier application, and (b) would have been properly finally rejected on the grounds of art of record in the next Office action if they had been entered in the earlier application." MPEP § 706.07(b).*

> __X__    The claims for further prosecution and the fees to be charged are to be based on the number of claims remaining as a result of the:
>
> > ___    attached preliminary amendment.
> >
> > ___    the unentered amendment filed under 37 C.F.R. 1.116 in the prior application, which is now repeated.
> >
> > __X__    the claims as on file in the prior application. However, a preliminary amendment will be filed shortly.  Accordingly, please do not act on the application until the Preliminary Amendment is received.

3.    **Fee Calculation (37 C.F.R. 1.16)**

NOTE:    *The filing fee for a continued prosecution application is based on the number of claims remaining in the application after entry of any amendment accompanying the request for an application under 37 C.F.R. 1.53(d) and entry of any amendments under 37 C.F.R. 1.116 unentered in the prior application which is request to be entered in this CFA application. 37 C.F.R. 1.53(d)(3).*

| CLAIMS FOR FEE CALCULATION | | | | |
|---|---|---|---|---|
| Number Filed | | Number Extra | Rate | Basic Fee 37 C.F.R. 1.16(a) $710.00 |
| Total Claims (37 C.F.R. 1.116(c)) | 36 | − 20 = 16    x | $ 18.00 | 288.00 |
| Independent Claims (37 C.F.R. 1.16(b)) | 3 | − 3 = 0    x | $ 80.00 | 0 |
| Multiple dependent claim(s), if any (37 C.F.R. 1.16(d)) | | + | $270.00 | 0 |

The fee for extra claims is not being paid at this time.
Filing fee Calculation                               $ 998.00

NOTE:    *If the fees for extra claims are not paid on filing they must be paid or the claims canceled by amendment, prior to the expiration of the time period set for response by the Patent and Trademark Office in any notice of fee deficiency. 37 C.F.R. 1.16(m).*

4.    **Small Entity Statement**

> __X__    Applicant qualifies for status as a small entity, reducing the filing fee by half to $499.00.

WARNING:    *"Status as a small entity in one application or patent does not affect any other application or patent, including applications or patents which are directly or indirectly dependent upon the application or patent in which the status has been established. A nonprovisional application claiming benefit under 35 U.S.C. 119(e), 120, 121 or 365(c) of a prior application may rely on a verified statement filed in the prior application if the nonprovisional application includes a reference to a verified statement filed in the prior application or includes a copy of the verified statement filed in the prior application if status as a small entity is still proper and desired." 37 C.F.R. § 1.28(a).*
            *(complete the following, if applicable)*

> ___    Status as a small entity was claimed in prior application no. ^^^                      filed on
>                  , from which benefit is being claimed for this application under:

Page 3 of 7

P 031356

<table>
<tr><td>35 U.S.C.</td><td>___</td><td>120,</td></tr>
<tr><td></td><td>___</td><td>121,</td></tr>
<tr><td></td><td>___</td><td>365(c),</td></tr>
</table>

and which status as a small entity is still proper and desired.

___  A copy of the verified statement in the prior application is included.

Reduced filing fee calculation (50% of above)   $

NOTE:    *See 37 C.F.R. 1.28(a).*

*Any excess of the full fee paid will be refunded if a statement and a refund request are filed within 2 months of the date of timely payment of a full fee then the excess fee paid will be refunded on request.  37 C.F.R. 1.28(a).*

5.    **Fee Payment Being Made at This Time**

**Not attached**

___  No filing fee is submitted.
      *(This and the surcharge required by 37 C.F.R. 1.16(e) can be paid subsequently.)*

**Attached**

**X**   filing fee                                                    $499.00

___  recording assignment
      ($40.00; 37 C.F.R. 1.21(h)).                               $

___  petition fee for filing by other than all the
      inventors or person not the inventor where
      inventor refused to sign or cannot be reached
      ($130.00; 37 C.F.R. 1.47 and 1.17(i)).                    $

___  processing and retention fee
      ($130.00; 37 C.F.R. 1.53(f) and 1.21(i)).                 $

NOTE:    *37 C.F.R. 1.21(i) establishes a fee for processing and retaining any application that is abandoned for failing to complete the application pursuant to 37 C.F.R. 1.53(f) and this, as well as the changes to 37 C.F.R. 1.53 and 1.78, indicate that in order to obtain the benefit of a prior U.S. application, either the basic filing fee must be timely paid or the processing and retention fee in § 1.21(i) must be paid within 1 year from the notification under § 1.53(f).*

Total fees enclosed   $ 499.00

6.    **Method of Payment of Fees**

**X**   Attached is a check check in the amount of $ 499.00.

___  Charge Account No.             in the amount
      of $            (A duplicate of this request is attached.)

7.    **Authorization to Charge Additional Fees**

WARNING:    *If no fee payment is made at this time, this item should not be completed.*

WARNING:    *Accurately count claim, especially multiple dependent claims, to avoid unexpected high charges if extra claim charges are authorized.*

The Commission is hereby authorized to charge the following additional fees that may be required by this paper and during the entire pendency of this application to Account No. 07-2089.

P 031357

   **X**    37. C.F.R. 1.16(a), (f) or (g) (filing fees)

   **X**    37 C.F.R. 1.16(b), (c) and (d) (presentation of extra claims)

NOTE: *Because additional fees for excess or multiple dependent claims not paid on filing or on later presentation must only be paid or these claims canceled by amendment prior to the expiration of the time period set for response by the PTO in any notice of fee deficiency (37 C.F.R. 1.16(d)), it might be best not to authorize the PTO to charge additional claim fees, except possibly when dealing with amendments after final action.*

   **X**    37 C.F.R. 1.16(e) (surcharge for filing the basic filing fee and/or declaration on a date later than the filing date of the application)

   **X**    37 C.F.R. 1.17 (application processing fees)

   **X**    If a Petition under 37 C.F.R. §1.136(a) for an extension of time for response is required to make the attached response timely and does not separately accompany this transmittal, Applicant(s) hereby petition(s) under 37 C.F.R. §1.136(a) for an extension of time for response in the above-identified application for the period required to make the attached response timely.

   **___**    A separate request accompanies this application authorizing the Office to treat each reply as incorporating a petition to extend time. 37 C.F.R. 1.136(a)(3).

**8.**    **Priority--35 U.S.C. 119(a)-(d)**

   **___**    Priority of Application No. 147611, filed on June 5, 1997 and Application No. 237906, filed on September 3, 1997 are claimed under 35 U.S.C. 119.

       **___**    The certified copy has been filed on       in prior U.S. application Serial No.    , which prior application was filed on

       **___**    Certified copy will follow.

**9.**    **Relate Back**    **35 U.S.C. 119(e) For Prior Provisional Applications**

NOTE: *The request for a continued prosecution application under 37 C.F.R. 1.53(d) is the specific reference required by 35 U.S.C. 120 to the prior application. The identification of an application by application number under [37 C.F.R. 1.78(a)(2)] is the specific reference required by 35 U.S.C. 120 to every application assigned that application number. Cross-references to other related applications may be made when appropriate. (See § 1.14(a)). 37 C.F.R. § 1.78(a)(2).*

NOTE: *"Any nonprovisional application claiming the benefit of one or more prior filed copending provisional applications must contain or be amended to contain in the first sentence of the specification following the title a reference to each such prior provisional application, identifying it as a provisional application, and including the provisional application number (consisting of series code and serial number)." 37 C.F.R. § 1.78(a)(4).*

WARNING: *While this application under 37 C.F.R. § 1.53(d) cannot be a continued prosecution application of a provisional application, the nonprovisional application giving rise to this CPA filing could claim the benefit of a provisional application.*

   **___**    Amend the specification by inserting, before the first line, the sentence:

       *This application claims the benefit of U.S. Provisional Application(s) No(s).:

**APPLICATION NO(S).:**             **FILING DATE**

P 031358

10.     **Assignment**

     <u>X</u>     The prior application is assigned of record to:  Prism Resources on Reel 8631 and Frame 0251.

     ___     An assignment of the invention to
     is attached.  A separate ___ *COVER SHEET FOR ASSIGNMENT (DOCUMENT) ACCOMPANYING NEW PATENT APPLICATION or ___ FORM PTO 1595 is also attached.

NOTE:  *If an assignment is submitted with a new application, send two separate letters–one for the application and one for the assignment.* Notice of May 4, 1990 (1114 O.G. 77-78).

11.     **Power of Attorney**
     The power of attorney in the prior application is to

| Roger D. Greer | 26,174 |
|---|---|
| Attorney | Reg. No. |

     <u>X</u>     The power appears in the original papers in the prior application.

     ___     The power does not appear in the original papers, but was filed on

     ___     A new power has been executed and is attached.

     ___     Associate Power of Attorney is attached.

     ___     A copy of the Associate Power to ^^^^ is enclosed.  The original Associate Power was filed in the parent application.

     <u>X</u>     Address all future communication to:

Name  Roger D. Greer                        Reg. No. 26,174

Address  GREER,BURNS&CRAIN,LTD.          Phone No. (312) 360-0080
         Suite 2500
         300 South Wacker Drive
         Chicago, IL 60606

12.     **Maintenance of Copendency of Prior Application**

     *(this item must be completed and the necessary papers filed in the prior application, if the period set in the prior application has run)*

     ___     A petition, fee and response accompanies this application to extend the term in the pending prior application until

13.     **Conditional Petitions for Extension of Time in Prior Application**

     *(complete this item and file conditional petition in prior application,*
          *if previous item is not applicable)*

     ___     A conditional petition for extension of time is being filed in the pending prior application.

NOTE: The PTO finds it useful if a copy of the petition filed in the prior application extending the term for response is filed with the papers constituting the filing of the continued prosecution application. Notice of Nov. 5, 1985 (1060 O.G. 27).

     ___     A copy of the conditional petition for extension of time in the prior application is attached.

P 031359

14.    **Abandonment of Prior Application**

    **X**    Please abandon the prior application at a time while the prior application is pending or when the petition for extension of time or to revive in that application is granted and when this application is granted a filing date so as to make this application copending with said prior application.

NOTE:  *According to the Notice of May 13, 1983 (103 TMOG 6-7), the filing of a [continued prosecution application] is a proper response with respect to a petition for extension of time or a petition to revive and should include the express abandonment of the prior application conditioned upon the granting of the petition and the granting of a filing date to the continuing application.*

15.    **Information Disclosure Statement**

    __    Submitted herewith is an Information Disclosure Statement.

    **X**    Please enter and consider all references in the parent and prior applications, for this continued prosecution application.

Reg. No. 26,174

SIGNATURE OF PRACTITIONER

    Roger D. Greer
    Greer, Burns & Crain, Ltd.

Tel. No.: (312) 360-0080

    300 South Wacker Drive - Suite 2500
    P.O. Address

    Chicago, Illinois  60606

CPA Form, 7 pages, 15 Paragraphs

Revision September 25, 2000
F:\DATA\WP60\18008\1259\CPA.DOC

P 031360

**PATENT APPLICATION FEE DETERMINATION RECORD**
Effective *October 1, 2000*

Application or Docket Number: 08/872710

## CLAIMS AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA |
|-----|------------|--------------|
| BASIC FEE | | |
| TOTAL CLAIMS | 36 minus 20= | * 16 |
| INDEPENDENT CLAIMS | 3 minus 3 = | — |
| MULTIPLE DEPENDENT CLAIM PRESENT | | |

* If the difference in column 1 is less than zero, enter "0" in column 2

| SMALL ENTITY TYPE ☐ | | OR | OTHER THAN SMALL ENTITY | |
|------|------|----|------|------|
| RATE | FEE | OR | RATE | FEE |
| | $355 | OR | | $710 |
| X$ 9= | | OR | X$18= | 288 |
| X40= | | OR | X80= | |
| +135 = | | OR | +270= | |
| TOTAL | | OR | TOTAL | 998 |

## CLAIMS AS AMENDED - PART II

### AMENDMENT A

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|---|
| Total | * | Minus ** | = |
| Independent | * | Minus *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | |

| SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|------|------|----|------|------|
| RATE | ADDI-TIONAL FEE | OR | RATE | ADDI-TIONAL FEE |
| X$ 9= | | OR | X$18= | |
| X40= | | OR | X80= | |
| +135= | | OR | +270= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|---|
| Total | * | Minus ** | = |
| Independent | * | Minus *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | |

| RATE | ADDI-TIONAL FEE | OR | RATE | ADDI-TIONAL FEE |
|------|------|----|------|------|
| X$ 9= | | OR | X$18= | |
| X40= | | OR | X80= | |
| +135= | | OR | +270= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|---|
| Total | * | Minus ** | = |
| Independent | * | Minus *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | |

| RATE | ADDI-TIONAL FEE | OR | RATE | ADDI-TIONAL FEE |
|------|------|----|------|------|
| X$ 9= | | OR | X$18= | |
| X40= | | OR | X80= | |
| +135 = | | OR | +270= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

P 031361



1608.61239

#2018
KW8
6-26-01

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:     Gregg et al.                                    )

Serial No.:    08/872,710                                     )

Filed:         June 11, 1997                                   )

For:           SUBSCRIPTION ACCESS SYSTEM     )
               FOR USE WITH AN UNTRUSTED        )
               NETWORK                                          )
                                                                )
Group Art Unit:    2132                                      )

*I hereby certify that this paper is being deposited with the United States Postal Service as Express Mail Post Office to Addressee, in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231, on this date, Mailing Label No. EL846166198US.*

6-20-01          David Canan
*Date*

RECEIVED
JUN 2 2 2001
Technology Center 2100

### PRELIMINARY AMENDMENT

Assistant Commissioner for Patents
Washington, D.C.  20231

Dear Sir:

Prior to examination of this application, please amend the application as

follows:

### IN THE CLAIMS:

Please amend the claims as follows:

~~19.~~
~~12.~~   (Thrice Amended)  A system for controlling the operation of and access

to selected computer resources of at least a first server computer by at least one subscriber

client computer via an untrusted network in an operating session, without necessarily

controlling access to other computer resources provided by the first server computer and by

other server computers and nonsubscriber client computers, and each of said subscriber client

1

P 031362

computers has a standard browser application for browsing the untrusted network, comprising:

clearinghouse means for storing identity data of said first server computer and the identity data of each of said subscriber client computers;

server software means installed on said first server computer adapted to forward its identity data and identity data of each subscriber client computer to said clearinghouse means at the beginning of an operating session in which access to selected computer resources of said first server computer is requested; and,

client software means installed on each of said subscriber client computers adapted to forward its identity data to said first server computer at the beginning of an operating session in which access to selected computer resources is requested;

said clearinghouse means being adapted to authenticate the identity of said subscriber client computer responsive to a request for selected computer resources of said first server computer by a subscriber client computer;

said clearinghouse means being adapted to authenticate the identity of said first server computer responsive to said subscriber client computer making the request for selected computer resources of said first server computer;

said clearinghouse means being adapted to permit access to said selected computer resources responsive to successful initial authentication of said first server computer and of said subscriber client computer making said request;

said server software means installed on the first server computer being adapted to designate specific resource content as being protected and to provide predetermined protection data identifying said resource content as being protected when said data is transmitted to one of said subscriber client computers responsive to a request for said resource content;

said client software means installed on each of said subscriber client computers being adapted to monitor said data defining a hierarchical system of protection and

2

P 031363

selectively disable predetermined application functions of the standard browser application previously installed on said subscriber client computer for said designated specific resource content.

22.
28.    (Thrice Amended)  A system for controlling the operation of and access to selected computer resources of at least a first server computer by at least one subscriber client computer via an untrusted network in an operating session, wherein each of said subscriber client computers has a standard browser application for browsing the untrusted network, said first server computer being adapted to designate specific resource content as being protected and to provide predetermined protection data identifying said resource content as being protected when said data is transmitted to one of said subscriber client computers responsive to a request for said resource content, said data defining a hierarchical system of protection is being monitored by said subscriber client computer, and said subscriber client computer selectively disables predetermined application functions of the standard browser application previously installed on said subscriber client computer for said designated specific resource content responsive to said predetermined protection data from said first server computer.

3

P 031364

## R E M A R K S

Applicant respectfully requests that these amendments to the claims be

considered with the examination of this application.

Respectfully submitted,

GREER, BURNS & CRAIN, LTD.

By

Roger D. Greer
Registration No. 26,174

June 20, 2001

Suite 2500
300 South Wacker Drive
Chicago, Illinois 60606
(312) 360-0080

4

P 031365

Serial No. 08/872,761                                    1608.61259


VERSION WITH MARKINGS TO SHOW CHANGES MADE

In The Claims:

The claims have been amended as follows:

12.    (Thrice Amended)  A system for controlling the operation of and
access to selected computer resources of at least a first server computer by at least one
subscriber client computer via an untrusted network in an operating session, without
necessarily controlling access to other computer resources provided by the first server
computer and by other server computers and nonsubscriber client computers, and each of
said subscriber client computers has [an] a standard browser application for browsing the
untrusted network, comprising:

clearinghouse means for storing identity data of said first server computer
and the identity data of each of said subscriber client computers;

server software means installed on said first server computer adapted to
forward its identity data and identity data of each subscriber client computer to said
clearinghouse means at the beginning of an operating session in which access to selected
computer resources of said first server computer is requested; and,

client software means installed on each of said subscriber client computers
adapted to forward its identity data to said first server computer at the beginning of an
operating session in which access to selected computer resources is requested;


Appendix Page A-1

P 031366

Serial No. 08/872,701                                              1608.61259

      said clearinghouse means being adapted to authenticate the identity of said subscriber client computer responsive to a request for selected computer resources of said first server computer by a subscriber client computer;

      said clearinghouse means being adapted to authenticate the identity of said first server computer responsive to said subscriber client computer making the request for selected computer resources of said first server computer;

      said clearinghouse means being adapted to permit access to said selected computer resources responsive to successful initial authentication of said first server computer and of said subscriber client computer making said request;

      said server software means installed on the first server computer being adapted to designate specific resource content as being protected and to provide predetermined protection data identifying said resource content as being protected when said data is transmitted to one of said subscriber client computers responsive to a request for said resource content;

      said client software means installed on each of said subscriber client computers being adapted to monitor said data defining a hierarchical system of protection and selectively disable predetermined application functions of the standard browser application previously installed on said subscriber client computer for said designated specific resource content.

      25.    (Thrice Amended)  A system for controlling the operation of and access to selected computer resources of at least a first server computer by at least one subscriber client computer via an untrusted network in an operating session, wherein each of said subscriber client computers has [an] a standard browser application for browsing the untrusted network, said first server computer being adapted to designate specific

P 031367

Serial No. 08/872,791                                          1608.61259

resource content as being protected and to provide predetermined protection data identifying said resource content as being protected when said data is transmitted to one of said subscriber client computers responsive to a request for said resource content, said data defining a hierarchical system of protection is being monitored by said subscriber client computer, and said subscriber client computer selectively disables predetermined application functions of the standard browser application previously installed on said subscriber client computer for said designated specific resource content responsive to said predetermined protection data from said first server computer.

Appendix Page A-3

P 031368



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

*WT*

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/872,710 | 06/11/97 | GREGG | R | 1608.61259 |

```
┌                                      ┐
  024978                WM31/0910
  GREER, BURNS & CRAIN
  300 S WACKER DR
  25TH FLOOR
  CHICAGO IL 60606
```

| EXAMINER |
|---|
| SMITHERS, M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2132 | |

DATE MAILED:    *21* 09/10/01

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

**P 031369**

D-90C (Rev. 2/90)
. GPO: 2000-473-000/44602

1- File Copy

| | Application No. | Applicant(s) |
|---|---|---|
| ***Office Action Summary*** | 08/872,710 | GREGG ET AL. |
| | Examiner | Art Unit |
| | Matthew B Smithers | 2132 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM
THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed
  after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any
  earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>20 June 2001</u> .

2a)☐ This action is FINAL.    2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is
closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1,2,4,6-28 and 30-36</u> is/are pending in the application.

4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☒ Claim(s) <u>1,2,4,6-11,15-20,22-24,28 and 30-36</u> is/are allowed.

6)☒ Claim(s) <u>12-14,21 and 25-27</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11)☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.

If approved, corrected drawings are required in reply to this Office action.

12)☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

a)☐ All b)☐ Some * c)☐ None of:

1.☐ Certified copies of the priority documents have been received.

2.☐ Certified copies of the priority documents have been received in Application No. _____ .

3.☐ Copies of the certified copies of the priority documents have been received in this National Stage
application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

14)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

a)☐ The translation of the foreign language provisional application has been received.

15)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

| | | |
|---|---|---|
| 1)☐ Notice of References Cited (PTO-892) | 4)☐ Interview Summary (PTO-413) Paper No(s). _____ . |
| 2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948) | 5)☐ Notice of Informal Patent Application (PTO-152) |
| 3)☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ . | 6)☐ Other: _____ . |

U.S. Patent and Trademark Office
-326 (Rev. 04-01)    Office Action Summary    Part of Paper No. 21

P 031370

Application/Control Number: 08/872,710                                    Page 2
Art Unit: 2132

## DETAILED ACTION

### Continued Prosecution Application

The request filed on June 20, 2001 for a Continued Prosecution Application

(CPA) under 37 CFR 1.53(d) based on parent Application No. 08/872,710 is acceptable

and a CPA has been established.

The amendment filed June 1, 2001, which canceled claims 13 and 26, was not

entered as stated in the advisory action filed on June 6, 2001. The preliminary

amendment filed June 20, 2001 is improper because the independent claims 12 and 25

incorporate limitations from non-canceled dependent claims.

Appropriate correction is required.

### Claim Rejections - 35 USC § 103

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

Claims 12-14, 21 and 25-27 are rejected under 35 U.S.C. 103(a) as being

unpatentable over U.S. patent 5,629,980 granted to Stefik et al and further in view of

U.S. patent 6,006,332 granted to Rabne et al.

P 031371

Application/Control Number: 08/872,710                                    Page 3
Art Unit: 2132

      Regarding claim 12, Stefik teaches a system for controlling the operation of and

access to selected computer resources using a clearinghouse for storing and

authenticating identity data (see column 13, lines 51-67 and see column 27, line 30 to

column 28, line 63) and permitting access to the resources (see column 41, line 40 to

column 42, line 24). Stefik further uses a server and client workstations to facilitate the

exchange of the computer resources (see column 5, lines 31-35; column 33, lines 1-5

and Figure 19). However Stefik fails to specifically disclose the use of a browser

application that is selectively disabled using a predetermined function. Rabne teaches

selectively disabling a browser application using a predetermined function (see column

3, lines 42-47; column 11, lines 2-8 and column 22, lines 37-48). It would have been

obvious to one of ordinary skill in the art at the time the invention was made to combine

Rabne's rights management system for digital media with Stefik's system for controlling

the use and distribution of digital works for the purpose of reducing the risk of attacks on

a client computer by an interloper [see Rabne et al; column 3, lines 19-31].

      Regarding claim 13, Stefik et al and Rabne et al discloses everything claimed as

applied above (see claim 12), in addition Stefik teaches a hierarchical system of

protection (see column 15, line 37 to column 16, line 41 and column 17, line 64 to

column 18, line 51).

      Regarding claim 14, Stefik et al and Rabne et al discloses everything claimed as

applied above (see claim 13), in addition Stefik teaches grammar rules applied to the

distribution of the digital works. The grammar rules along with the rendering repository

P 031372

Application/Control Number: 08/872,710                                              Page 4
Art Unit: 2132

handle the request for printing, copying, and other tasks (see column 17, line 64 to

column 18, line 51 and column 19, line 10 to column 21, line 44).

　　　Regarding claim 21, Stefik et al and Rabne et al discloses everything claimed as

applied above (see claim 12), in addition Rabne teaches selectively enabling or

disabling the functionality of an application (see column 11, lines 2-8 and column 12,

lines 25-39).

　　　Regarding claim 25, Stefik teaches a system for controlling the operation of and

access to selected computer resources of at least a first server computer by at least one

subscriber client computer via an untrusted network in an operating session (see

column 5, lines 31-35, column 33, lines 1-5 and Figure 19). However Stefik fails to

specifically disclose the use of a browser application that is selectively disabled using a

predetermined function. Rabne teaches selectively disabling a browser application

using a predetermined function (see column 3, lines 42-47; column 11, lines 2-8 and

column 22, lines 37-48). It would have been obvious to one of ordinary skill in the art at

the time the invention was made to combine Rabne's rights management system for

digital media with Stefik's system for controlling the use and distribution of digital works

for the purpose of reducing the risk of attacks on a client computer by an interloper [**see

Rabne et al; column 3, lines 19-31**].

　　　Regarding claim 26, Stefik et al and Rabne et al discloses everything claimed as

applied above (see claim 25), in addition Stefik teaches a hierarchical system of

protection (see column 15, line 37 to column 16, line 41 and column 17, line 64 to

column 18, line 51).

P 031373

Application/Control Number: 08/872,710                              Page 5
Art Unit: 2132

    Regarding claim 27, Stefik et al and Rabne et al discloses everything claimed as

applied above (see claim 26), in addition Stefik teaches grammar rules applied to the

distribution of the digital works. The grammar rules along with the rendering repository

handle the request for printing, copying, and other tasks (see column 17, line 64 to

column 18, line 51 and column 19, line 10 to column 21, line  44).


### *Allowable Subject Matter*

    Claims 1, 2, 4, 6-11, 15-20, 22-24, 28 and 30-36 are allowed.


### *Conclusion*

    Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Matthew B Smithers whose telephone number is (703)

308-9293.  The examiner can normally be reached on Monday-Friday (9:00-5:30) EST.

    If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Albert  DeCady can be reached on (703) 305-9595.  The fax phone

numbers for the organization where this application or proceeding is assigned are (703)

305-0040 for regular communications and (703) 305-9051 for After Final

communications.

    Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the receptionist whose telephone number is (703) 305-

3900.


P 031374

Application/Control Number: 08/872,710                          Page 6
Art Unit: 2132

*MA*
Matthew Smithers
September 6, 2001

*Matthew D. Smithers*

P 031375

The Rabne et al. reference teaches the use of proprietary browsers for controlling access to digitized data (Column 6, lines 34). Unlike the present invention, multiple proprietary browsers (i.e., Rights Manager-Compliant ("RMc") browser) must be store, ahead of time, on a Right Management ("RM") server (Column 6, lines 46-48). Upon authentication, users can download the RMc browser with predetermined functions to their workstation from the RM server (Column 6, lines 46-52; Column 7, lines 1-4; Column 11, lines 1-9).

For example, if a user purchased access right of read only to the protected digitized data, the RM server allows the user to download a RMc browser with only the reading functionality while all other functions are disabled. The user must download and install the RMc browser in order to access and view the protected digitized data. The RMc browser with the predetermined function (e.g., read only) will expire upon a determined time period, and at which time, the RMc browser is completely nonfunctional (Column 11, lines 1-9). If the same user later purchased the access rights of read and print to the same protected data, even when before the expiration of the previous RMc browser with the predetermined function of read only, the user must again download and install another RMc browser with the read and print functionalities and all other functions, such as cut, copy, paste or edit, being disabled. In contrast, the present invention provides a way to "selectively disable predetermined application functions of the *standard browser application previously*

-3-

P 031379

For all of the above reasons, Applicant requests reconsideration and allowance of the claimed invention.  The Examiner is invited to contact the undersigned attorney if an interview would expedite prosecution.

Respectfully submitted,

GREER, BURNS & CRAIN, LTD.

By

Roger D. Greer
Registration No. 26,174

October 26, 2001

Suite 2500
300 South Wacker Drive
Chicago, Illinois 60606
(312) 360-0080
F:\DATA\WP60\6006\25\AMEND-e.DOC

-5-

P 031381

 United States Patent and Trademark Office

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

## NOTICE OF ALLOWANCE AND FEE(S) DUE

24978    7590    03/27/2002

GREER, BURNS & CRAIN
300 S WACKER DR
25TH FLOOR
CHICAGO, IL 60606

| EXAMINER |
|---|
| SMITHERS, MATTHEWS |

| ART UNIT | CLASS-SUBCLASS |
|---|---|
| 2172 | 713-201000 |

DATE MAILED: 03/27/2002

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 08/872,710 | 06/11/1997 | RICHARD L. GREGG | 1608.61259 | 9869 |

TITLE OF INVENTION: SUBSCRIPTION ACCESS SYSTEM FOR USE WITH AN UNTRUSTED NETWORK

| TOTAL CLAIMS | APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 31 | nonprovisional | YES | $640 | $300 | $940 | 06/27/2002 |

THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT.
PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS.
THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON
PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE
MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY
PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE REFLECTS A CREDIT
FOR ANY PREVIOUSLY PAID ISSUE FEE APPLIED IN THIS APPLICATION. THE PTOL-85B (OR AN EQUIVALENT)
MUST BE RETURNED WITHIN THIS PERIOD EVEN IF NO FEE IS DUE OR THE APPLICATION WILL BE REGARDED AS
ABANDONED.

HOW TO REPLY TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above. If the SMALL
ENTITY is shown as YES, verify your current SMALL ENTITY
status:

A. If the status is changed, pay the PUBLICATION FEE (if required)
and twice the amount of the ISSUE FEE shown above and notify the
United States Patent and Trademark Office of the change in status, or

B. If the status is the same, pay the TOTAL FEE(S) DUE shown
above.

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now
claiming SMALL ENTITY status, check the box below and enclose
the PUBLICATION FEE and 1/2 the ISSUE FEE shown above.

☐ Applicant claims SMALL ENTITY status.
See 37 CFR 1.27.

II. PART B - FEE(S) TRANSMITTAL should be completed and returned to the United States Patent and Trademark Office (USPTO) with
your ISSUE FEE and PUBLICATION FEE (if required). Even if the fee(s) have already been paid, Part B - Fee(s) Transmittal should be
completed and returned. If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be
completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to
Box ISSUE FEE unless advised to the contrary.

IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of
maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.

Page 1 of 3

PTOL-85 (REV. 07-01) Approved for use through 01/31/2004.

P 031382

**PART B - FEE(S) TRANSMITTAL**

Complete and mail this form, together with applicable fee(s), to:

Box ISSUE FEE
**Assistant Commissioner for Patents**
**Washington, D.C. 20231**

MAILING INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

24978    7590    03/27/2002

GREER, BURNS & CRAIN
300 S WACKER DR
25TH FLOOR
CHICAGO, IL 60606

Note: The certificate of mailing below can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing.

**Certificate of Mailing**

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 08/872,710 | 06/11/1997 | RICHARD L. GREGG | 1602.61259 | 9869 |

TITLE OF INVENTION: SUBSCRIPTION ACCESS SYSTEM FOR USE WITH AN UNTRUSTED NETWORK

| TOTAL CLAIMS | APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 31 | nonprovisional | YES | $640 | $300 | $940 | 06/27/2002 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| SMITHERS, MATTHEWS | 2132 | 713-201000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363). Use of PTO form(s) and Customer Number are recommended, but not required.

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" Indication (or "Fee Address" Indication form PTO/SB/47) attached.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1. _____

2. _____

3. _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the USPTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent)    ☐ individual    ☐ corporation or other private group entity    ☐ government

4a. The following fee(s) are enclosed:

☐ Issue Fee

☐ Publication Fee

☐ Advance Order - # of Copies _____

4b. Payment of Fee(s):

☐ A check in the amount of the fee(s) is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☐ The Commissioner is hereby authorized by charge the required fee(s), or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

The COMMISSIONER OF PATENTS AND TRADEMARKS is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.

_____ (Authorized Signature)    _____ (Date)

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending on the needs of the individual case. Any comments on the amount of time required to complete this form should be sent to the Chief Information Officer, United States Patent and Trademark Office, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND FEES AND THIS FORM TO: Box Issue Fee, Assistant Commissioner for Patents, Washington, D.C. 20231.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

**TRANSMIT THIS FORM WITH FEE(S)**

PTOL-85 (REV. 07-01) Approved for use through 01/31/2004. OMB 0651-0033    U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

**P 031383**

 **UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 08/872,710 | 06/11/1997 | RICHARD L. GREGG | 1608.61259 | 9869 |

24978    7590    03/27/2002

GREER, BURNS & CRAIN
300 S WACKER DR
25TH FLOOR
CHICAGO, IL 60606

| EXAMINER |
|---|
| SMITHERS, MATTHEWS |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2132 | |

DATE MAILED: 03/27/2002

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
### (application filed on or after May 29, 2000)

The patent term adjustment to date is 0 days. If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the term adjustment will be 0 days.

If a continued prosecution application (CPA) was filed in the above-identified application, the filing date that determines patent term adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) system. (http://pair.uspto.gov)

Page 3 of 3

TOL-85 (REV. 07-01) Approved for use through 01/31/2004.

P 031384

*# 23/ 6*

| | Application No. | Applicant(s) |
|---|---|---|
| ***Notice of Allowability*** | 08/872,710 | GREGG ET AL. |
| | Examiner | Art Unit | |
| | Matthew B Smithers | 2132 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MEPE 1308.

1. ☒ This communication is responsive to *an amendment filed on January 26, 2002.*

2. ☒ The allowed claim(s) is/are *1,2,4,6-12,14-25,27,28 and 30-36; renumbered as 1-31.*

3. ☐ The drawings filed on _____ are accepted by the Examiner.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All   b) ☐ Some*   c) ☐ None  of the:
        1. ☐ Certified copies of the priority documents have been received.
        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
    * Certified copies not received: _____ .

5. ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).
    (a) ☐ The translation of the foreign language provisional application has been received.

6. ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

7. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

8. ☒ CORRECTED DRAWINGS must be submitted.
    (a) ☒ including changes required by the Notice of Draftsperson's Patent Drawing Review (PTO-948) attached
        1) ☐ hereto or 2) ☒ to Paper No. *7.*
    (b) ☐ including changes required by the proposed drawing correction filed _____ , which has been approved by the Examiner.
    (c) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No. _____ .

    Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the top margin (not the back) of each sheet. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.

9. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Attachment(s)
| | |
|---|---|
| 1 ☐ Notice of References Cited (PTO-892) | 2 ☐ Notice of Informal Patent Application (PTO-152) |
| 3 ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948) | 4 ☐ Interview Summary (PTO-413), Paper No. _____ . |
| 5 ☐ Information Disclosure Statements (PTO-1449), Paper No. _____ . | 6 ☒ Examiner's Amendment/Comment |
| 7 ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material | 8 ☐ Examiner's Statement of Reasons for Allowance |
| | 9 ☐ Other |

*Matthew B. Smithers*

U.S. Patent and Trademark Office
PTO-37 (Rev. 04-01)             **Notice of Allowability**            Part of Paper No. 23 .

P 031385

Application/Control Number: 08/872,710                                    Page 2
Art Unit: 2132

## DETAILED ACTION

An examiner's amendment to the record appears below. Should the changes
and/or additions be unacceptable to applicant, an amendment may be filed as provided
by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be
submitted no later than the payment of the issue fee.

Authorization for this examiner's amendment was given in a telephone interview
with Ms. Grace Law on March 25, 2002.

The application has been amended as follows:

In The Claims:

Please amend claims 14 and 27 as follows:

Claim 14, line 1, delete "13" and insert - -12- - therefor.

Claim 27, line 1, delete "26" and insert.- -25- - therefor.

Any inquiry concerning this communication or earlier communications from the
examiner should be directed to Matthew B Smithers whose telephone number is (703)
308-9293. The examiner can normally be reached on Monday-Friday (9:00-5:30) EST.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Gilberto  Barron can be reached on (703) 305-1830. The fax phone
numbers for the organization where this application or proceeding is assigned are (703)
746-7239 for regular communications and (703) 746-7238 for After Final
communications.

P 031386

Application/Control Number: 08/872,710                                    Page 3
Art Unit: 2132

      Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the receptionist whose telephone number is (703) 305-

3900.


Matthew Smithers
March 25, 2002

P 031387

1608.61259                                                                                           PATENT

<u>IN THE UNITED STATES PATENT AND TRADEMARK OFFICE</u>

| | |
|---|---|
| In Re U.S. Application of: Gregg et al. | ) |
| | ) *I hereby certify that this paper is being hand-delivered* |
| Serial No.:       08/872,710 | ) *to: Assistant Commissioner for Patents, Washington,* |
| | ) *D.C. 20231, on this date.* |
| Filed:            June 11, 1997 | ) |
| | ) _____  _____ |
| For:              SUBSCRIPTION ACCESS SYSTEM | ) *Date* |
|                   FOR USE WITH AN UNTRUSTED | ) P-CLASS.WCM |
|                   NETWORK | ) Appr. February 20, 1978 |
| | ) |
| Art Unit:         2132 | ) |
| | ) |
| Examiner:         Smithers, M. | ) |

Assistant Commissioner for Patents
Washington, D.C. 20231                               **TRANSMITTAL**

Received

AUG 0 8 2002

Technology Center 2100

Sir:

Transmitted herewith is a communication regarding the above-identified application.

<u>Fee Calculation For Claims As Amended</u>

| | As Amended | Previously Paid For | Present Extra | | Rate | | Additional Fee |
|---|---|---|---|---|---|---|---|
| Total Claims | 34 | - 36 | = 0 | x | $ 18.00 | = $ | -0- |
| Independent Claims | 3 | - 3 | = 0 | x | $ 84.00 | = $ | -0- |
| Fee for Multiple Dependent Claims | | | | | $280.00 | = $ | -0- |
| | | | Total Additional Fee | | | $ | -0- |
| | | | Small Entity Fee (reduced by half) | | | $ | -0- |

(X)   Enclosed is a Submission of Formal Drawings (with 24 sheets of replacement pages)

(X)   If a Petition under 37 C.F.R. §1.136(a) for an extension of time for response is required to make the attached response timely and does not separately accompany this transmittal, Applicant(s) hereby petition(s) under 37 C.F.R. §1.136(a) for an extension of time for response in the above-identified application for the period required to make the attached response timely.

( X )  The Commissioner is hereby authorized to charge any additional fees which may be required to this application under 37 C.F.R. §§1.16-1.17, or credit any overpayment, to Deposit Account No. 07-2069. A duplicate copy of this sheet is enclosed.

August 8, 2002                                      Respectfully submitted,

Suite 2500                                         GREER, BURNS & CRAIN, LTD.
300 South Wacker Drive
Chicago, Illinois 60606                            By: _____
Tel.: (312) 360-0080
Fax: (312) 360-9315                                    Greg Law, Reg. No. 48,872
Customer No.: 24978
K:\1608\61259\Transmittal3.DOC

                                                                           **P 031388**

#24

1608.61259                                                              PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re U.S. Patent Application          )    Issue Batch No. B04
                                       )
Applicant:    Gregg, et al.            )    *I hereby certify that this paper is being hand-delivered to:*
                                       )    *Assistant Commissioner for Patents, Washington, D.C.*
Serial No.:   08/872,710               )    *20231, on this date.*
                                       )
Filed:        June 11, 1997            )    _____
                                       )    *Date*
For:          SUBSCRIPTION ACCESS      )    P-CLASS.CTR
              SYSTEM FOR USE WITH AN   )              Received
              UNTRUSTED NETWORK        )
                                       )              AUG 0 8 2002
Group Art Unit: 2132                   )
Examiner:   M. Smithers                )        Technology Center 2100

SUBMISSION OF FORMAL DRAWINGS

Assistant Commissioner for Patents
Washington, D.C.  20231

Sir:

        In response to the Notice of Allowability mailed March 27, 2002, transmitted

herewith are twenty four (24) sheets of formal drawings to be substituted for the drawings

initially filed in the above-identified application.

                            Respectfully submitted,

                            GREER, BURNS & CRAIN, LTD.

                            By    [signature]
                                  Grace Law
                                  Registration No. 48,872

August 8, 2002
Suite 2500
300 South Wacker Drive
Chicago, Illinois  60606
(312) 360-0080
Customer No. 24978

                                                        P 031389

Gregg et al. – SUBSCRIPTION ACCESS SYSTEM FOR USE WITH
  UNTRUSTED NETWORK        Grace Law
   .ial No.: 08/872,710        (312) 360-0080
Greer, Burns & Crain, Ltd.    Our Ref.No.:1608.61259
Replacement Sheet 1 of 24



FIG. 1

P 031390

Gregg et al. - SUBSCRIPTION ACCESS SYSTEM FOR USE WITH
    INTRUSTED NETWORK          Grace Law
...al No.: 08/872,710          (312) 360-0080
Greer, Burns & Crain, Ltd.     Our Ref.No.:1608.61259
Replacement Sheet 2 of 24



FIG. 2

P 031391

Greeg et al. – SUBSCRIPTION ACCESS SYSTEM FOR USE WITH
      NTRUSTED NETWORK      Grace Law
S.... No.: 08/872,710       (312) 360-0080
Greer, Borns & Crain, Ltd.     Our Ref.No.:1608.61259
Replacement Sheet 3 of 24



FIG. 3

Gregg et al. - SUBSCRIPTION ACCESS SYSTEM FOR USE WITH
UNTRUSTED NETWORK    Grace Law
rial No.: 08/872,710         (312) 360-0080
Greer, Burns & Crain, Ltd.   Our Ref.No.:1608.61259
Replacement Sheet 4 of 24



FIG. 4

Gregg et al. - SUBSCRIPTION ACCESS SYSTEM FOR USE WITH
AN UNTRUSTED NETWORK          Grace Law
Serial No.: 08/872,710               (312) 360-0080
Greer, Burns & Crain, Ltd.        Our Ref.No.:1608.61259
Replacement Sheet 5 of 24



FIG. 5

P 031394

Gregg et al. – SUBSCRIPTION ACCESS SYSTEM FOR USE WITH
I UNTRUSTED NETWORK          Grace Law
...rial No.: 08/872,710          (312) 360-0080
Greer, Burns & Crain, Ltd.      Our Ref.No.:1608.61259
Replacement Sheet 6 of 24



FIG. 6



FIG. 16



Greer et al. - SUBSCRIPTION ACCESS SYSTEM FOR USE WITH
A    ITRUSTED NETWORK          Grace Law
Se.... No.: 08/872,710          (312) 360-0080
Greer, Burns & Crain, Ltd.      Our Ref.No.:1608.61259
Replacement Sheet 7 of 24

FIG. 7

SESSION MANAGER          52

US    ST    MC

USAGE
DAEMON          60

CLEARINGHOUSE
DATABASE
SERVER          58

FIG. 8

URL TRACKING
CGI'S          72

UD    UT

URL TRACKING
DAEMON          62

CLEARINGHOUSE
DATABASE
SERVER          56

FIG. 9

CLEARINGHOUSE
ADMINISTRATION
SOFTWARE          64

ODBC
DRIVER          80

CLEARINGHOUSE
DATABASE
SERVER          56

36          69          66

WEB
BROWSER     ISA
SUBSCRIBER
SOFTWARE          WEB SERVER     ISA
SHARED
OBJECT

ET

LOG-IN CGI'S          68

SR

CS

RE-AUTHENTICATION
CGI'S          70

FIG. 10

SESSION MANAGER          52

P 031396

Greer et al. - SUBSCRIPTION ACCESS SYSTEM FOR USE WITH
A TRUSTED NETWORK     Grace Law
Ser. No.: 08/872,710     (312) 360-0080
Greer, Burns & Crain, Ltd.     Our Ref.No.:1608.61259
Replacement Sheet 8 of 24



FIG. 11

FIG. 12

P 031397

Greer et al. - SUBSCRIPTION ACCESS SYSTEM FOR USE WITH NTRUSTED NETWORK
Serial No.: 68/872,710
Greer, Burns & Crain, Ltd.
Replacement Sheet 9 of 24

Grace Law
(312) 360-0080
Our Ref.No.:1608.61259



FIG. 13



Gregg et al. - SUBSCRIPTION ACCESS SYSTEM FOR USE WITH
      NTRUSTED NETWORK              Grace Law
    S....1 No.: 08/872,710          (312) 360-0080
    Greer, Burns & Crain, Ltd.     Our Ref.No.:1608.61259
    Replacement Sheet 10 of 24

FIG. 14

FIG. 15

Gregg et al. - SUBSCRIPTION ACCESS SYSTEM FOR USE WITH
I UNTRUSTED NETWORK          Grace Law
...rial No.: 08/872,710          (312) 360-0080
Greer, Burns & Crain, Ltd.       Our Ref.No.:1608.61259
Replacement Sheet 11 of 24



STARTING OF A SESSION

FIG. 17



Gregg et al. – SUBSCRIPTION ACCESS SYSTEM FOR USE WITH
AN UNTRUSTED NETWORK    Grace Law
· Serial No.: 08/872,710        (312) 360-0080
Greer, Burns & Crain, Ltd.    Our Ref.No.:1608.61259
Replacement Sheet 12 of 24

**LOG-IN, USER
AUTHENTICATION,
AND SESSION
INITIATION**

**FIG. 18**

P 031401

Gregg et al. - SUBSCRIPTION ACCESS SYSTEM FOR USE WITH
                 UNTRUSTED NETWORK                    Grace Law
Serial No.: 08/872,710                              (312) 360-0080
Greer, Burns & Crain, Ltd.                          Our Ref.No.:1608.61259
Replacement Sheet 13 of 24

## TRANSACTION SERVICE AND LOGGING



```
┌─────────────────────┐
│ SESSION VALIDATOR   │
│ ENTERS A NEW        │─── 180
│ TRANSACTION-ENTRY   │
│ FOR THE USER'S      │
│ CURRENT SESSION     │
└─────────────────────┘
          │
┌─────────────────────┐
│ SESSION VALIDATOR   │
│ SENDS A SUCCESSFUL  │─── 182
│ SESSION-RESPONSE    │
│ (SR) TO CLIENT      │
│ AUTHENTICATOR       │
└─────────────────────┘
          │
┌─────────────────────┐
│ CLIENT              │
│ AUTHENTICATOR       │
│ GRANTS PERMISSION   │─── 184
│ TO SERVER           │
│ APPLICATION TO      │
│ SERVICE THE USER'S  │
│ REQUEST             │
└─────────────────────┘
          │
┌─────────────────────┐
│ SERVER APPLICATION  │
│ INVOKES THE         │─── 186
│ APPROPRIATE         │
│ SERVICE FUNCTION TO │
│ SEND THE PROTECTED  │
│ CONTENT TO THE      │
│ USER               │
└─────────────────────┘
          │
┌─────────────────────┐
│ SERVER APPLICATION  │
│ INVOKES            │
│ TRANSACTION        │─── 188
│ MONITOR TO SEND AN │
│ END TRANSACTION    │
│ (ET) MESSAGE TO    │
│ SESSION VALIDATOR  │
└─────────────────────┘
          │
┌─────────────────────┐
│ SESSION VALIDATOR   │
│ UPDATES THE         │
│ TRANSACTION ENTRY   │─── 190
│ WITH THE            │
│ TRANSACTION-        │
│ SPECIFIC            │
│ INFORMATION IN THE  │
│ ET MESSAGE          │
└─────────────────────┘
```

FIG. 19

P 031402

G—eg et al. - SUBSCRIPTION ACCESS SYSTEM FOR USE WITH          Grace Law
                        INTRUSTED NETWORK
...al No.: 08/872,710                          (312) 360-0080
Greer, Burns & Crain, Ltd.                     Our Ref.No.:1608.61259
Replacement Sheet 14 of 24

# REAUTHENTICATION

## FIG. 20



P 031403

Gregg et al. - SUBSCRIPTION ACCESS SYSTEM FOR USE WITH
  N UNTRUSTED NETWORK                    Grace Law
  Serial No.: 08/872,710                 (312) 360-0080
  Greer, Burns & Crain, Ltd.             Our Ref.No.:1608.61259
  Replacement Sheet 15 of 24



FIG. 21

**SESSION RENEWAL**

250 — ACCESS KEY INTERFACE READS THE DIGITAL ID AND SUBMITS IT TO LOG-IN INTERFACE

252 — LOG-IN INTERFACE SUBMITS DIGITAL ID TO CLIENT CRYPTOGRAPHER

254 — CLIENT CRYPTOGRAPHER ENCRYPTS DIGITAL ID USING THE CHALLENGE SENT BY ACCESS KEY VALIDATOR AND SENDS IT TO ACCESS KEY VALIDATOR

256 — ACCESS KEY VALIDATOR SENDS RENEW SESSION (RS) MESSAGE TO SESSION VALIDATOR WITH ENCRYPTED DIGITAL ID

258 — SESSION VALIDATOR FINDS USER'S SESSION-ENTRY AND VALIDATES THE ENCRYPTED DIGITAL ID

260 — VALIDATION SUCCESSFUL?

262 — SESSION VALIDATOR SENDS AN UNSUCCESSFUL SESSION RESPONSE (SR) TO ACCESS KEY VALIDATOR (NO)

264 — ACCESS KEY VALIDATOR REDIRECTS USER TO LOG-IN ENFORCER TO START A NEW SESSION

266 — SESSION VALIDATOR UPDATES THE SESSION-ENTRY'S TIME OF LAST REAUTHENTICATION (YES)

268 — SESSION VALIDATOR SENDS A SUCCESSFUL SESSION RESPONSE (SR) TO ACCESS KEY VALIDATOR

270 — ACCESS KEY VALIDATOR GRANTS PERMISSION TO SERVER APPLICATION TO PROCESS USER'S REQUEST FOR PROTECTED RESOURCE

170 — TRANSACTION SERVICE AND LOGGING

P 031404

Gregg et al. - SUBSCRIPTION ACCESS SYSTEM FOR USE WITH
\N UNTRUSTED NETWORK          Grace Law
Serial No.: 08/872,710          (312) 360-0080
Greer, Burns & Crain, Ltd.      Our Ref.No.:1608.61259
Replacement Sheet 16 of 24



FIG. 22

SESSION TERMINATION



Gregg et al. - SUBSCRIPTION ACCESS SYSTEM FOR USE WITH
AN UNTRUSTED NETWORK          Grace Law
Serial No.: 08/872,710          (312) 360-0080
Greer, Burns & Crain, Ltd.      Our Ref.No.:1608.61259
Replacement Sheet 17 of 24

**NETWORK
USAGE
TRACKING**

**FIG. 23**

```
┌─────────────────────────────┐
│ USAGE TRACKING COLLECTOR    │ ─── 310
│ SENDS INITIATE USAGE        │
│ TRACKING MESSAGE TO CLIENT  │
│ MESSENGER                   │
└─────────────────────────────┘
              │
              ▼
┌─────────────────────────────┐
│ CLIENT MESSENGER GENERATES  │ ─── 312
│ RANDOM CHALLENGE AND SENDS  │
│ IT TO USAGE TRACKING        │
│ COLLECTOR                   │
└─────────────────────────────┘
              │
              ▼
┌─────────────────────────────┐
│ USAGE TRACKING COLLECTOR    │ ─── 314
│ ENCRYPTS SERVER             │
│ APPLICATION'S PASSWORD      │
│ USING THE RANDOM CHALLENGE  │
│ AND SENDS A USAGE TRACK     │
│ COMMAND TO CLIENT           │
│ MESSENGER WITH THE          │
│ ENCRYPTED PASSWORD          │
└─────────────────────────────┘
              │
              ▼
┌─────────────────────────────┐
│ CLIENT MESSENGER INVOKES    │ ─── 316
│ SERVER AUTHENTICATOR TO     │
│ AUTHENTICATE SERVER         │
│ APPLICATION'S PASSWORD      │
└─────────────────────────────┘
```

SERVER AUTHENTICATION SUCCESSFUL? — 318

NO / YES

CLIENT MESSENGER DISPLAYS SERVER AUTHENTICATION ERROR MESSAGE TO USER — 320

CLIENT MESSENGER INVOKES NETWORK USAGE TRACKER TO COLLECT ALL NETWORK USAGE DATA AND SENDS IT TO USAGE TRACKING COLLECTOR — 322

USAGE TRACKING COLLECTOR SENDS NETWORK USAGE DATA TO CLEARINGHOUSE'S NETWORK USAGE TRACKING SERVER — 324

NETWORK USAGE TRACKING SERVER UPDATES THE CLEARINGHOUSE DATABASE WITH THE NETWORK USAGE DATA — 326

**P 031406**

Gregg et al. - SUBSCRIPTION ACCESS SYSTEM FOR USE WITH
1 UNTRUSTED NETWORK          Grace Law
...rial No.: 08/872,710          (312) 360-0080
Greer, Burns & Crain, Ltd.      Our Ref.No.:1608.61259
Replacement Sheet 18 of 24



CLIENT APPLICATION
DISPLAYING CONTENTS
WITHOUT COPYRIGHT
PROTECTION

FIG. 24

P 031407



Gregg et al. - SUBSCRIPTION ACCESS SYSTEM FOR USE WITH
AN UNTRUSTED NETWORK    Grace Law
Serial No.: 08/872,710    (312) 360-0080
Greer, Burns & Crain, Ltd.    Our Ref.No.:1608.61259
Replacement Sheet 19 of 24

**FIG. 25**

CLIENT APPLICATION
DISPLAYING
CONTENTS
WITH COPYRIGHT
PROTECTION

USER REQUESTS COPYRIGHTED CONTENTS FROM SERVER APPLICATION THROUGH CLIENT APPLICATION — 360

SERVER APPLICATON AUTHENTICATES USER'S SESSION THROUGH CLIENT AUTHENTICATOR — 362

SERVER APPLICATION READS COPYRIGHT LEVEL FOR COPYRIGHTED CONTENTS FROM CONTENT HEADERS — 364

SERVER APPLICATION PUTS COPYRIGHT INSTRUCTION IN COMMUNICATION HEADERS — 366

SERVER APPLICATION SENDS COPYRIGHTED CONTENTS TO CLIENT APPLICATION — 368

CLIENT APPLICATION FINDS COPYRIGHT INSTRUCTION IN COMMUNICATION HEADERS — 370

CLIENT APPLICATION INVOKES CLIENT MESSENGER — 372

CLIENT MESSENGER DETERMINES COPYRIGHT PROTECTION LEVEL FROM COPYRIGHT INSTRUCTION AND INVOKES CONTENT CONTROLLER — 374

CONTENT CONTROLLER SUB-CLASSES CLIENT APPLICATION TO GAIN CONTROL OF CLIENT APPLICATION FUNCTIONS — 376

SUB-CLASSES CLIENT APPLICATION DISPLAYS COPYRIGHTED CONTENTS TO USER — 378

USER CHOSE PRINT, SAVE, OR CUT/COPY/PASTE? — 380

YES → COPYRIGHT PROTECTION PROCESS — 384

NO

END — 382

P 031408