# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>   Plaintiff,<br><br>  v.<br><br>VERISIGN, INC., RSA SECURITY, INC.,<br>NETEGRITY, INC., COMPUTER<br>ASSOCIATES INTERNATIONAL, INC.,<br>and JOHNSON & JOHNSON SERVICES,<br>INC.,<br><br>   Defendants. | Civil Action No. C.A. 05-214-JJF |

## JOINT CLAIM CONSTRUCTION STATEMENT

### Nature and Stage of Proceedings

On April 11, 2005, Plaintiff Prism Technologies LLC ("Prism") filed a Complaint for patent infringement against the Defendants. (D.I. 1). Prism amended its Complaint on June 22, 2005. (D.I. 30). This Court entered a Scheduling Order on May 10, 2006. (D.I. 109). As required by Paragraph 7 of the Court's Scheduling Order (D.I. 109), Plaintiff Prism, Defendants VeriSign, Inc. ("VeriSign"), RSA Security, Inc. ("RSA"), Computer Associates International, Inc., and Netegrity, Inc. (collectively "CA"), and Johnson & Johnson Services, Inc. ("JJSI") submit this Joint Claim Construction Statement.

### Asserted Claims

Plaintiff asserts that that the Defendants infringed independent claims 1 and 24 and dependant claims 4, 5, 15, 16, and 25 of its United States Patent No. 6,516,416 (the '416 patent) which read:

1.    A system for controlling the operations of and access to selected computer resources of at least a first server computer by at least one subscriber client computer via an untrusted network in an operating session, without necessarily controlling access to other computer resources provided by the first server computer and by other server computers and nonsubscriber client computers, comprising:

clearinghouse means for storing identity data of said first server computer and the identity data of each of said subscriber client computers;

server software means installed on said first server computer adapted to forward its identity data and identity data of each subscriber client computer to said clearinghouse means at the beginning of an operating session in which access to selected computer resources of said first server computer is requested;

client software means installed on each of said subscriber client computers adapted to forward its identity data to said first server computer at the beginning of an operating session in which access to selected computer resources is requested;

at least one hardware key connected to the subscriber client computer, said key being adapted to generate a predetermined digital identification, which identification is part of said identity data;

said server software means installed on the first server computer being adapted to selectively request the subscriber client computer to forward said predetermined digital identification to the first server computer to thereby confirm that said hardware key is connected to said subscriber client computer;

said clearinghouse means being adapted to authenticate the identity of said subscriber client computer responsive to a request for selected computer resources of said first server computer by a subscriber client computer;

said clearinghouse means being adapted to authenticate the identity of said first server computer responsive to said subscriber client computer making the request for selected computer resources of said first server computer; and,

said clearinghouse means being adapted to permit access to said selected computer resources responsive to successful initial authentication of said first server computer and of said subscriber client computer making first request.

4.    A system as defined in claim 1 wherein successive ones of said intermittent requests occur at predetermined time intervals.

5.     A system as defined in claim 1 wherein said clearinghouse means provides authentication confirmation data to said subscriber client computers and to said first server computer when the identities of the same are authenticated, said authentication confirmation data being encrypted in subsequent communications from each of said first server computer, subscriber client computer and clearinghouse means to another of said first server computer, subscriber client computer and clearinghouse means.

15.     A system as defined in claim 1 wherein said server computer is adapted to selectively prompt said subscriber client computers to enter its identity data including its username and password in the beginning of an operating session.

16.     A system as defined in claim 1 wherein said first server computer is adapted to assign one of a plurality of authorization levels to the computer resources provided by said first server computer, said identity data of each of said subscriber client computers including a particular authorization level, said first server computer only permitting access to particular computer resources by a subscriber client computer that are permitted by said particular authorization level.

24.     A method of controlling access to selected computer resources of at least a first server computer by at least one subscriber client computer via an untrusted network during an operating session, without necessarily controlling access to other computer resources provided by the first server computer and by other server computers and nonsubscriber client computers, comprising the steps of:

  registering identity data of said first server computer and the identity data of each of said subscriber client computers and storing the registered identity data in a clearinghouse means associated with said first server computer and said subscriber client computers;

  requiring a subscriber client computer to forward its identity data to said clearinghouse means at the beginning of an operating session in which access to selected computer resources is requested;

  requiring a subscriber client computer to forward a predetermined digital identification to said first server computer to thereby confirm that a hardware key is connected to said subscriber client computer;

  attempting to authenticate the identity of said subscriber client computer from said clearinghouse means responsive to a request for selected computer resources of said first server computer by a subscriber client computer;

  attempting to authenticate the identity of said first server computer from said clearinghouse means responsive to said subscriber client computer making the request for selected computer resources; and,

permitting access to said selected computer resources responsive to successful initial authentication of said first server computer and of said subscriber client computer making said request.

25.    A method as defined in claim 24 wherein said subscriber client computer identity data includes a client name and a client password.


The parties' list of claim terms and corresponding proposed claim constructions are

attached.

August 23, 2006

**Attorneys for Prism Technologies LLC**


*Of Counsel:*                                              The Bayard Firm
    Dirk D. Thomas, Esq.
    Robert A. Auchter, Esq.
    Kenneth A. Freeling, Esq.                    /s/ Richard D. Kirk (rk0922)
    Andre J. Bahou, Esq.                          Richard D. Kirk (#0922)
    Aziz Burgy, Esq.                              Ashley B. Stitzer (#3891)
    Robins, Kaplan, Miller & Ciresi, L.L.P.      222 Delaware Avenue, Suite 900
    1801 K Street, N.W., Suite 1200              Wilmington, DE  19899
    Washington, D.C. 20006                       (302) 655-5000
    (202) 736-0725                               rkirk@bayardjirm.com

**Attorneys for VeriSign, Inc.**

Connolly Bove Lodge & Hutz LLP

*Of Counsel:*

    Edward F. Mannino, Esq.
    Jason Snyderman, Esq.
    Akin Gump Strauss Hauer & Feld LLP
    2005 Market Street, Suite 2200
    Philadelphia, P A  19103
    (215) 965-1200

/s/ Patricia Smink Rogowski (pr2632)
Patricia Smink Rogowski (#2632)
The Nemours Building
1007 North Orange Street
Wilmington, DE  19801
(302) 658-9141
progowski@cblh.com

    Frank C. Cimino, Jr., Esq.
    Daniel E. Yonan, Esq.
    Jin-Suk Park, Esq.
    Akin Gump Strauss Hauer & Feld LLP
    1333 New Hampshire Avenue, N.W.
    Washington, D.C. 20036-1564
    (202) 887-4020

**Attorneys for RSA Security, Inc.**

*Of Counsel:*

    William Lee, Esq.
    Gregory P. Teran, Esq.
    David Bassett, Esq.
    Mark Selwyn, Esq.
    Wilmer Cutler Pickering Hale
      and Dorr LLP
    60 State Street
    Boston, MA 02109
    (617) 526-6000

/s/ Frederick L. Cottrell III (fc2555)
Frederick L. Cottrell III (#2555)
Alyssa Schwartz (#4351)
Richard Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE  19801
(302) 651-7509
cottrell@rlf.com
schwartz@rlf.com

633804v1

**Attorneys for Netegrity, Inc. and
Computer Associates International, Inc.**

*Of Counsel:*

David M. Schlitz, Esq.
Baker Botts LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2400
(202) 639-7700

Kevin Meek, Esq.
Jeffrey D. Baxter, Esq.
Samir A. Bhavsar, Esq.
Baker Botts LLP
2001 Ross Avenue
Dallas, TX  75201-2980
(214) 953-6500

/s/ David E. Moore (dm3983)
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Potter Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE  19899-0951
(302) 984-6000
horwitz@potteranderson.com
dmoore@potteranderson.com

**Attorneys for Johnson & Johnson
Services, Inc.**

*Of Counsel:*

John M. DiMatteo, Esq.
Neal Feivelson, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000

/s/ John G.Day (jd2403)
Steven J. Balick (#2114)
John G. Day (#2403)
Ashby & Geddes
222 Delaware Avenue
Wilmington, DE  19899
(302) 654-1888
sbalick ashby-geddes.com
jday@ashby-geddes.com

Claim Terms of U.S. Patent No. 6,516,416 Asserted by Prism and/or Defendants VeriSign, Inc.,
RSA Security, Inc., Netegrity, Inc., Computer Associates International, Inc.,
and Johnson & Johnson Services, Inc. to Require Construction

| Term | Plaintiff's Proposed Construction[1] | Defendants' Proposed Construction[1] |
|---|---|---|
| client software means | This claim element is governed by 35 U.S.C. § 112, ¶6.<br><br>**Function**:<br>"adapted to forward its [the subscriber client computer's] identity data to said first server computer"<br><br><br>**Corresponding Structure:**<br>That portion of the identity and access management components (*e.g.,* that portion of the subscriber software running on the subscriber client computer 36 (Fig. 2)) that preferably uses the transmission control protocol/internet protocol (TCP/IP) and/or user datagram protocol/internet protocol (UDP/IP) to communicate with the first server computer, and equivalents thereof. *See, e.g.*, col. 5, lns. 56-59.[2] | Means-plus-function limitation subject to § 112, ¶ 6.<br><br>**Function:**<br>"forward[ing] its [subscriber client computer's] identity data to said first server computer at the beginning of an operating session in which access to selected computer resources is requested."<br><br>**Corresponding Structure:**<br>The specification does not describe an algorithm by which the client software means "forward[s] its [subscriber client computer's] identity data to said first server computer," and thus, the claim is invalid under 35 U.S.C. § 112.<br><br>Should the Court determine that a user name, password, and digital identification may be the subscriber client computer's identity data, the disclosed structure is the algorithm illustrated in Figure 18, including at least blocks 148 and 150.<br><br>*Specification, see, e.g.,*<br>&bull; Figs. 2-4 and 12-15<br>&bull; Col. 13, ll. 44-46<br>&bull; Col. 17, ll. 30-35 |

---

[1]  The below supporting citations are exemplary for the Court's guidance and are not intended to be exhaustive or limiting.

[2]  References in the format of col. X, lns. X, refer to the column number and line numbers of U.S. Patent No. 6,516,416 (the '416 patent).  Unless specifically referenced otherwise, the Figures referred to herein are the Figures in the '416 patent.

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|------|-----------------------------------|-----------------------------------|
| server software means | This claim element is governed by 35 U.S.C. § 112, ¶6.<br><br>The functions and corresponding structure are described below and are aligned with the Defendants' proposed construction to aid the Court in its review of this claim term.<br><br>**First Function:**<br>"adapted to forward its [the first server's] identity data and identity data of each subscriber client computer to [a] clearinghouse means"<br><br>**Structure Corresponding to the First Function:**<br>That portion of the identity and access management components (*e.g.,* software running on the server 34 (Fig. 2)) that preferably uses the transmission control protocol/internet protocol (TCP/IP) and/or user datagram protocol/internet protocol (UDP/IP) to communicate with the subscriber client computer and the clearinghouse 30 (Fig. 2), and equivalents thereof. *See, e.g.,* col. 5, lns. 56-59. | Means-plus-function limitation subject to §112, ¶6.<br><br>Two functions are performed by the server software means. Each recited function is identified below, along with the disclosed structure for performing each recited function.<br><br>**First Function:**<br>"forward[ing] [the first server computer's] identity data and identity data of each subscriber client computer to said clearinghouse means at the beginning of an operating session in which access to selected computer resources of said first server computer is requested."<br><br>**Structure Corresponding to the First Function:**<br>The specification does not describe an algorithm by which the server software means "forward[s] [the first server computer's] identity data and identity data of each subscriber client computer to said clearinghouse means," and thus, the claim is invalid under 35 U.S.C. § 112.<br><br>Should the Court determine that a user name, password, and digital identification may be the subscriber client computer's identity data, the specification discloses the following algorithm for the forwarding of the identity data of the subscriber client computer:<br>(1) Log-in CGI 68 receives login parameters and sends an initiate session (IS) message to Session Manager 52.<br>(2) Session manager 52 reads the login |

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| server software means (continued) | | parameters and sends an authentication login (AL) message to the subscription access clearinghouse user authentication daemon 58 of the clearinghouse software means.<br><br>*Specification, see, e.g.*<br>• Figs. 3-4 and 18<br>• Col. 8, ll. 20-30<br>• Col. 12, ll. 14-18<br>• Col. 17, ll. 35-42 |

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| server software means (continued) | **Second Function:** "adapted to selectively request the subscriber client computer to forward said predetermined digital identification to the first server computer to thereby confirm that said hardware key is connected to said subscriber client computer" <br><br> **Structure Corresponding to the Second Function:** The server software means also includes that portion of the server software that selectively determines whether (*e.g.*, upon a request for access to protected computer resources) to request the subscriber client computer to forward its digital identification to the first server to confirm the presence of a hardware key, and equivalents thereof. *See, e.g.*, that portion of block 150 in Figure 18 (challenge sent by the Log-in Enforcer from the first server and the response received by the Log-in Enforcer) for initial authentication, **or** Figure 20, blocks 222 through 236 for reauthentication. | **Second Function:** "selectively request[ing] the subscriber client computer to forward said predetermined digital identification to the first server computer to thereby confirm that said hardware key is connected to said subscriber client computer." <br><br> **Structure Corresponding to the Second Function:** The disclosed structure is the following algorithm : (1) Shared object 66 receives a request for a protected resource from a user in an active session, screens the communication header for the session ID, and sends a check session (CS) message to the session validator of the session manager 52. (2) The session validator/session manager 52 finds a session entry in the list of active sessions and checks the time of the last polling of the subscriber's machine to determine if the access key 54 is present. If the time duration exceeds a present time limit, the session validator/session manager 52 sends a session response (SR) message to the client authenticator/shared object 66 asking to poll for the access key. (3) The shared object 66 invokes the reauthentication CGI's 70. (4) The reauthentication CGI's 70 send a check login message to the client software means with a newly created challenge. In response to this message, the client software means polls the access key 54, reads its digital ID, and encrypts the digital ID using the challenge sent by the reauthentication CGI's 70. |

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|------|-----------------------------------|-----------------------------------|
| server software means (continued) | | (5) The reauthentication CGI's 70 receives the encrypted digital ID and sends the encrypted digital ID to the session validator of the session manager 52 in a renew session (RS) message.<br>(6) The session validator/session manager 52 validates the digital ID by comparing the digital ID to the information in the session entry for that particular subscriber.<br><br>*Specification, see, e.g.*<br>• Figs. 3,4, 13, 20 and 21<br>• Col. 7, ll. 59-65<br>• Col. 8, ll. 30-38<br>• Col. 11, ll. 38-41<br>• Col. 12, ll. 23-40<br>• Col. 13, l. 56 - col. 14, l. 3<br>• Col. 18, l. 13 - col. 19, l. 15<br>• Col. 31, ll. 32-35 |

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| clearinghouse means (claim 1) | This claim element in Claim 1 is governed by 35 U.S.C. § 112, ¶6. *However, the term 'clearinghouse means' in claim 24 is NOT governed by 35 U.S.C. §112, ¶6.*<br><br>The functions and corresponding structure are described below and are aligned with the Defendants' proposed construction to aid the Court in its review of this claim term.<br><br>**First Function**:<br>"for storing identity data of said first server computer and the identity data of each of said subscriber client computers"<br><br>**Structure Corresponding to the First Function**:<br>Any clearinghouse server(s) with software capable of storing identity data, and equivalents thereof. *See, e.g.,* col. 4, lns. 24-31; col. 6, lns. 57-61 and its reference to "storage capability" of clearinghouse 30. | Means-plus-function limitation subject to §112, ¶6.<br><br>Four functions are performed by the clearinghouse means. Each recited function is identified below, along with the disclosed structure for performing each recited function.<br><br>**First Function:**<br>"storing identity data of said first server computer and the identity data of each of said subscriber client computers."<br><br>**Structure Corresponding to the First Function:**<br>The specification does not describe an algorithm by which the clearinghouse means "stor[es] identity data of said first server computer and the identity data of each of said subscriber client computers," and thus, the claim is invalid under 35 U.S.C. § 112.<br><br>Should the Court determine that a user name, password, and digital identification may be the subscriber client computer's identity data, the specification discloses the following structure: A processor programmed to store the identity data of the first server computer and identity data of the subscriber client computer in a structured query language (SQL) database using an open database connectivity (ODBC) driver.<br><br>*Specification, see, e.g.*<br>• Figs. 3, 4 |

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| clearinghouse means (claim 1) (continued) | | • Col. 4, ll. 50-54, 63-67<br>• Col. 5, l. 65 - col. 6, l. 6<br>• Col. 6, ll. 61-65<br>• Col. 9, ll. 16-27<br>• Col. 10, l. 64 - col. 11, l. 10 |

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| clearinghouse means (claim 1) (continued) | **Second Function:** "adapted to authenticate the identity of said subscriber client computer"<br><br>**Structure Corresponding to the Second Function:** That portion of the clearinghouse software (*e.g.*, a user authentication daemon 58) which authenticates the subscriber client computer, and equivalents thereof. *See, e.g.,* col. 7, lns. 4-10; Fig. 18, block 156. | **Second Function:** "authenticat[ing] the identity of said subscriber client computer responsive to a request for selected computer resources of said first server computer by a subscriber client computer."<br><br>**Structure Corresponding to the Second Function:** The specification does not describe an algorithm by which the clearinghouse means "authenticate[s] the identity of said subscriber client computer responsive to a request for selected computer resources of said first server computer by a subscriber client computer," and thus, the claim is invalid under 35 U.S.C. § 112.<br><br>Should the Court determine that a user name, password, and digital identification may be the subscriber client computer's identity data, the disclosed structure is the following algorithm:<br>(1) The authentication daemon queries the SQL database using an open database connectivity (ODBC) driver to find an appropriate subscriber and subscription records.<br>(2) The authentication daemon compares the digital identification and other login parameters from the received identity data to the digital identification and other login parameters retrieved from the database.<br>(3) If the digital identification and other login parameters match, the authentication is successful and the authentication daemon sends a successful authentication response (AR) message to the server software |

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|------|-----------------------------------|-----------------------------------|
| clearinghouse means (claim 1) (continued) | | means.<br><br>*Specification, see, e.g.*<br>• Figs. 3, 4 and 18<br>• Col. 9, ll. 35-42<br>• Col. 17, ll. 35-48 |

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| clearinghouse means (claim 1) (continued) | **Third Function:** "adapted to authenticate the identity of said first server computer" | **Third Function:** "authenticat[ing] the identity of said first server computer responsive to said subscriber client computer making the request for selected computer resources of said first server computer." |
| | **Structure Corresponding to the Third Function:** That portion of the clearinghouse software (*e.g.*, a user authentication daemon 58) which authenticates the first server, and equivalents thereof. *See, e.g.*, col. 7, lns. 4-10. | **Structure Corresponding to the Third Function:** The specification does not describe an algorithm by which the clearinghouse means "authenticate[s] the identity of said first server computer responsive to said subscriber client computer making the request for selected computer resources of said first server computer." Thus, the claim is invalid under 35 U.S.C. § 112. |
| clearinghouse means (claim 1) (continued) | **Fourth Function:** "adapted to permit access to said selected computer resources" | **Fourth Function:** "permit[ting] access to said selected computer resources responsive to successful initial authentication of said first server computer and of said subscriber client computer." |
| | **Structure Corresponding to the Fourth Function:** That portion of the clearinghouse software which sends a successful authentication response message to the first server (*e.g.*, Fig. 18, blocks 158 and 160), and equivalents thereof. *See, e.g.*, col. 17, lns. 45-48. | **Structure Corresponding to the Fourth Function:** The specification does not describe an algorithm by which the clearinghouse means "permit[s] access to said selected computer resources responsive to successful initial authentication of said first server computer and of said subscriber client computer." Thus, the claim is invalid under 35 U.S.C. § 112. |

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|------|-----------------------------------|-----------------------------------|
| clearinghouse means (claim 24) | The term 'clearinghouse means' in claim 24 is <u>NOT</u> governed by 35 U.S.C. §112, ¶6.<br><br>Any clearinghouse server(s) with software capable of storing and authenticating identity data.<br><br>*Specification, see, e.g.,*<br>• Col. 4, lns. 24-31,<br>• Col. 6, lns. 57-61 and its reference to authentication and "storage capability" of clearinghouse 30. | Same as Claim 1. |
| untrusted network | A public network with no controlling organization, with the path to access the network being undefined and the user being anonymous.<br><br>*Specification, see, e.g.,*<br>• Col. 3, lns. 59-62. | A public network with no controlling organization, with the path to access the network being undefined and the user being anonymous. A client-server application running over such a network has no control over the transmitted information during all the phases of transmission.<br><br>*Specification, see, e.g.,*<br>• Col. 3, ll. 59-64 |

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| subscriber | A person, organization, or computer registered to be allowed access to [said] selected computer resources.<br><br>The term *subscriber* and the term *user* are applied synonymously throughout the specification and drawings, and these terms have the same meaning.<br><br>*Specification and figures, see, e.g.,*<br>• Col. 1, lns. 63-67,<br>• Col. 7, lns. 48-53,<br>• Figure 17, block 100 and Figure 18, blocks 160-168 and references therein to "user." | A user that pays an information provider to receive access to restricted computer resources.<br><br>*Specification, see, e.g.,*<br>• Col. 1, ll. 8-17, 28-37, 47-51<br>• Col. 4, ll. 1-5<br>• Col. 5, ll. 3-6<br>• Col. 7, ll. 32-35<br>• Col. 9, ll. 28-34 ("credit card processing")<br>• Col. 10, ll. 15-27 (credit card information")<br>• Col. 14, ll. 30-47 ("collecting payment")<br>• Col. 27, ll. 7-18 ("pay a share of the dividend")<br>• Col. 35, ll. 11-14 ("revenue generation") |
| first server computer | A computer that makes available information or other resources.<br><br>*Specification, see, e.g.,*<br>• Col. 4, lns. 9-10, 24-31. ("subscription access server(s) 34" comprise(s) the first server computer(s)). | A computer that stores the selected computer resources accessed by a subscriber client computer.<br><br>*Specification, see, e.g.,*<br>• Figs. 1-3 (34)<br>• Col. 5, ll. 7-21, 5:24-27<br>• Col. 6, ll. 22-30<br>• Col. 7, ll. 29-47<br>• Col. 8, ll. 20-22, 39-41 |

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| operating session | A series of interactions between a subscriber client computer and a server computer during which access to selected computer resources is requested.<br><br>*Specification, see, e.g.,*<br>• Figure 18.<br><br>*Claims, see, e.g.,*<br>• Col. 35, lns. 28, 38-39, 44-45,<br>• Col. 38, lns. 38, 50. | A period of communication between the subscriber client computer and the first server computer that follows successful initial authentication and ends upon termination of authorized access, such as upon a log-out or time-out due to prolonged inactivity.<br><br>*Specification, see, e.g.,*<br>• Abstract<br>• Col. 7, ll. 48-53<br>• Col. 8, ll. 27-30<br>• Col. 9, ll. 35-42<br>• Col. 16, l. 53 – col. 17, l. 6<br>• Col. 17, ll. 42-50<br>• Figs. 17-18<br>• Preamble, claims 1 and 24 |
| hardware key | A device or object from which data may be read or emitted.<br><br>*'Hardware Key'* is used synonymously with the terms *'Access Key'* and *'Hardware Access Key'* in the '416 specification, and these terms have the same meaning.<br><br>*Specification, see, e.g.,*<br>• Col. 21, ln. 49 – Col. 22, ln. 5,<br>• Col. 1, lns. 58-67, Col. 5, lns. 52-55, Col. 6, lns. 40-44, and Col. 21, lns. 38-49, and references therein to "Key 54," "Access Key 54," or "Hardware Access Key 54." | External hardware device that physically attaches to the subscriber client computer and contains the predetermined digital identification microcoded into it.<br><br>*Specification, see, e.g.,*<br>• Figs. 3 (#54), 20 (#234), 28<br>• Col. 5, ll. 50-55<br>• Col. 7, ll. 59-65<br>• Col. 14, ll. 50-53<br>• Col. 17, ll. 19-28<br>• Col. 18, ll. 13-17, 50-60<br>• Col. 18, l. 61 - col. 19, l. 15<br>• Col. 21, l. 37 - col. 22, l. 45<br>• Col. 25, ll. 25-35 |

633804v1

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| connected | In communication with, inserted in, attached to, or built in.<br><br>*Specification, see, e.g.,*<br>&bull; Col. 21, lns. 51-53. | Physically attached.<br><br>*Specification, see, e.g.,*<br>&bull; Fig. 20 (#234)<br>&bull; Col. 7, ll. 59-65<br>&bull; Col. 18, ll. 13-17, 50-60<br>&bull; Col. 21, ll. 42-45, 51-52<br>&bull; Col. 22, ll. 6-15 |
| predetermined digital identification | Digital data whose value is known in advance or calculated at the moment.<br><br>*Specification, see, e.g.,*<br>&bull; Col. 5, lns. 52-55,<br>&bull; Col. 7, lns. 60-61. | A data string that is preassigned and unique to the hardware key and that cannot be shared with other users.<br><br>*Specification, see, e.g.,*<br>&bull; Figs. 3 (#54) and 21<br>&bull; Col. 1, ll. 33-37, 58-65<br>&bull; Col. 5, ll. 50-55<br>&bull; Col. 7, ll. 59-65<br>&bull; Col. 14, ll. 50-53<br>&bull; Col. 17, ll. 19-45<br>&bull; Col. 18, l. 61 - col. 19, l. 15 |
| authenticate | **AGREED TO DEFINITION:**<br>To determine that something is, in fact, what it purports to be. | |
| selected computer resources of at least a [or said] first server computer | Computer services, applications, or content that can be accessed by (either directly or indirectly) said first server computer.<br><br>*Specification, see, e.g.,*<br>&bull; Figure 2 ("protected content")<br>&bull; Figure 3 (see blocks labeled "protected contents" and "un-protected contents" that are shown residing outside of the access server / first server 34). | The restricted resources requested by the subscriber client computer that are located on the first server computer.<br><br>*Specification, see, e.g.,*<br>&bull; Abstract<br>&bull; Col. 8, ll. 1-9<br>&bull; Col. 19, ll. 60-66 |

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| subscriber client computer | A programmable electronic device that can store, retrieve, and process data used by a subscriber to attempt to access said selected computer resources.<br><br>*Specification, see, e.g.,*<br>• Figure 1, reference number 36,<br>• Figure 2, reference number 36. | A computer that a subscriber uses to access selected computer resources of the first server computer.<br><br>*Specification, see, e.g.,*<br>• Figs. 1-3 (#36)<br>• Col. 4, ll. 39-40<br>• Col. 5, ll. 32-40, 47-50<br>• Col. 6, ll. 27-30<br>• Col. 9, ll. 1-3 |
| "identity data" as it relates to the subscriber client computer | Data sufficient for the patented system to determine whether a person, organization, and/or computer is authentic and/or is entitled to access said selected computer resources. | Information that uniquely identifies the subscriber client computer and which includes the predetermined digital identification from the hardware key as well as additional information not stored on the hardware key.<br><br>*Claims, see, e.g.,*<br>• Claims 1 and 24<br>• Claim 3 ("said subscriber client computer identity data includes a client name, a client password and said predetermined digital identification") |
| part of said identity data | A portion (or the entirety) of the identity data. (As recited in claim 1 at col. 35, ln. 50). This term does not appear in claim 24. | Some, but not all, of the identity data of the subscriber client computer.<br><br>*Claims, see, e.g.,*<br>• Claim 3 ("said subscriber client computer identity data includes a client name, a client password and said predetermined digital identification")<br>*Specification, see, e.g.,*<br>• Col. 2, ll. 28-32<br>• Col. 3, ll. 45-47<br>• Col. 5, ll. 15-18<br>• Col. 13, ll. 44-46. |

633804v1

- 21 -

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|------|-----------------------------------|-----------------------------------|
| "adapted to forward" (claim 1) | **AGREED TO DEFINITION:** Capable of transmitting. | |
| "requiring… to forward" (claim 24) | **AGREED TO DEFINITION:** Requiring that certain information be transmitted. | |

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| to thereby confirm that said [or a] hardware key is connected to said subscriber client computer | Claim 1 – Part of the recited function of the server software means (see above construction of server software means).<br><br>Claim 24 – Confirming that the hardware key is connected (see above definition for connected) to the subscriber client computer at a given time. | To verify after initial authentication, but before session termination, that the hardware key remains physically attached to the subscriber client computer.<br><br>*Specification, see, e.g.,*<br>• Claim 4<br><br>*Specification, see, e.g.,*<br>• Figs. 13, 20, and 21<br>• Col. 7, ll. 59-65<br>• Col. 8, ll. 30-38<br>• Col. 11, ll. 38-41<br>• Col. 12, ll. 23-40<br>• Col. 13, l. 56 - col. 14, l. 3<br>• Col. 18, ll. 13-23, 35-60<br>• Col. 18, l. 61 - col. 19, l. 15<br>• Col. 27, ll. 60-61<br>• Col. 31, ll. 32-35<br><br>*Prosecution History, see, e.g.,*<br>• Amendment A dated 1/12/00 (amending Application Claims 5 and 8).<br>• Office Action dated 4/11/00 (indicating Claims 5 and 18 would be "allowable if rewritten in independent form").<br>• Amendment B dated 7/10/00 (amending Application Claims 1 and 28).<br>• Office Action dated 9/25/00 (allowing Application Claims 1 and 28 and stating reasons for allowance)<br>• Office Action dated 3/22/01 (re-stating the reasons for allowance). |

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| permit[ing] access | Permit[ing] the subscriber client computer to access said selected computer resources. | Authorize the use of otherwise restricted computer resources.<br><br>*Specification, see, e.g.,*<br>• Col. 4, ll. 1-4<br>• Col. 17, ll. 45-65<br>• Figs. 2-4 and 18 (168, 176)<br>• Col. 25, ll. 47-65<br>• Col. 27, ll. 20-32<br><br>*Prosecution History CIP App. No. 10/230,638, see, e.g.,*<br>• Amendment A dated 4/13/2006 (pp. 22-24, Applicant Remarks regarding U.S. Patent No. 5,841,970).<br>• Final Office Action dated 6/27/2006 (Examiner's response to Applicant's Remarks) |
| "its" as it relates to "its identity data" in column 35, lines 36 and 42 | **AGREED TO DEFINITION:**<br>Col. 35, line 36 - "Its" refers to the identity data of the first server computer.<br>Col. 35, line 42 - "Its" refers to the identity data of the subscriber client computer. | |

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 23, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Frederick L. Cottrell, III, Esq.
Alyssa M. Schwartz, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document were sent by hand on August 23, 2006 to the above counsel and by first-class mail or overnight delivery as indicated to the below counsel:

*Via Federal Express*

John DiMatteo, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

William Lee, Esq.
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA 02109

Jason Snyderman, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

Frank C. Cimino, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

David M. Schlitz
Baker Botts L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC  20004-2400

Samir A. Bhavsar
Jeffrey D. Baxter
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, TX  75201-2980

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

587422v1