IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>　　　　　Defendants. | Civil Action No. 05-214 JJF |

**PLAINTIFF PRISM TECHNOLOGIES LLC'S
AMENDED NOTICE OF DEPOSITION OF COMPUTER
ASSOCIATES INTERNATIONAL, INC. AND NETEGRITY, INC.**

　　Please take notice that Plaintiff Prism Technologies LLC ("Prism"), pursuant to Fed. R. Civ. P. 30(b)(6), the Court's Scheduling Order, the Court's Order of July 21, 2006 regarding depositions, and the Local Rules of the Court, will take deposition upon oral examination of Defendants Computer Associates International, Inc. and Netegrity, Inc. (collectively "CA"), through one or more of CA's officers, directors, managing agents, or other authorized persons who are most knowledgeable about the topics listed in Schedule B, commencing on December 7, 2006 at CA's offices at One Computer Associates Plaza, Islandia, New York 11749 or another mutually agreeable location.

　　The deposition will be taken by oral examination before an officer authorized by the laws of the United States to administer oaths, and will be recorded by stenographic and/or videographic and/or audiographic means.  Prism reserves the right to use the

videotape of the deposition at trial under Fed. R. Civ. P. 30(b)(2) and 32. The deposition will continue from day to day until concluded or as agreed to between the parties.

In accordance with Fed. R. Civ. P. 30(b)(6), CA is advised of its duty to designate one or more of its officers, directors or other persons to testify on its behalf with respect to the topics listed below. At least one week in advance of the date of deposition, CA should (1) provide a written designation of the name(s) and position(s) of the person(s) designated to testify, and (2) produce, pursuant to Fed. R. Civ. P. 34, any documents reviewed or considered in preparation for the deposition, except those documents produced in response to Prism's discovery requests may be identified by production number.

October 18, 2006                                    THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (rk0922)
Ashley B. Stitzer (as3891)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com
astitzer@bayardfirm.com

ATTORNEYS FOR PLAINTIFF
PRISM TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Chandran B. Iyer, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 775-0725

## SCHEDULE A

### DEFINITION AND INSTRUCTIONS

  A. "The '416 patent" or "patent-in-suit" refers to United States Patent No. 6,516,416, entitled "Subscription Access System For Use With An Untrusted Network."

  B. "Identity and Access Management" or "IAM" shall mean software and hardware intended to identify users in a system (employees, customers, contractors, etc.) and control their access to resources within that system by associating user rights and restrictions with the established identity, including but not limited to Web single sign-on (SSO), advanced authentication, and/or strong authentication used with USB tokens, Smart Cards, and/or digital identification.

  C. "SiteMinder" or "SiteMinder Authentication Suite" refers to Computer Associates' suite (now known as eTrust SiteMinder) and Netegrity, Inc.'s suite (previously known as Netegrity SiteMinder) of managed authentication and security services, and the related software and hardware, that perform Identity and Access Management.

  D. "TransactionMinder" or "TransactionMinder Authentication Suite" refers to Computer Associates' suite (now known as eTrust TransactionMinder) and Netegrity, Inc.'s suite (previously known as Netegrity TransactionMinder) of managed authentication and security services, and the related software and hardware, that perform Identity and Access Management.

  E. "CA" "Defendant," "you," or "your" refers to Computer Associates International, Inc. and Netegrity, Inc., its officers, employees, counsel, agents, consultants, and representatives and includes joint ventures and other legal entities which

are wholly or partially owned or controlled by Computer Associates International, Inc. and Netegrity, Inc., either directly or indirectly, and the officers, employees, counsel, agents, consultants, and representatives of these divisions, subsidiaries, and joint ventures.

    F.    The term "person" refers to natural persons, organizations, firms, corporations, and other legal entities, whether or not in the employ of plaintiff, and the acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

    G.    To "identify" a person means to state the person's name, occupation, job title, and current business address, or if unknown, the last-known business and home address. Unless it otherwise appears from the context, a request for identity or to identify a person relates to all persons in such category or classification.

    H.    The term "document" has the meaning prescribed for "documents and things" in Fed. R. Civ. P. 34(a) and includes the original and every non-identical copy or reproduction in the possession, custody or control of Computer Associates International, Inc. and Netegrity, Inc.

    I.    To "identify" any document or thing means:

        i.    to provide a brief description of such documents sufficient to support a request under Rule 34;

        ii.    to state the custodian of the document or the thing by name, job title, employer, and address;

        iii.    to state the place where the document or thing may be inspected; and

    iv. if a copy of the document has been previously supplied to defendants to so state and to specifically identify the previously supplied copy by reference to production numbers or other identifying information.

  J. In construing these Topics, the singular shall include the plural, and the plural shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of these Topics all information that might otherwise be construed to be outside their scope.

  K. The term "Accused Products" refers to the following CA products:

    i. SiteMinder (now known as eTrust SiteMinder); and

    ii. TransactionMinder (now known as eTrust TransactionMinder).

  L. "Authentication" refers to the process of determining the identity of a user. This process usually involves a password, token, and/or certificate. *See, e.g.,* CA003330. It also refers to a technique used to identify a user before granting them access to an application or resource on the network. *See, e.g.,* CA005004.

  M. "Authentication scheme" refers to a SiteMinder object that determines the credentials a user will need to access a protected resource. Authentication schemes are assigned to realms. When a user tries to access a resource in a realm, the authentication scheme of the realm determines the credentials that a user must supply in order to access the resources. *See, e.g.,* CA003330.

  N. The term "eTrust IAM products" refers to at least those products offered for sale by CA that are included in http://www3.ca.com/files/brochures/etrust_iam_brochure_1.pdf and CA234099-CA234100.

## SCHEDULE B

## DEPOSITION TOPICS

1. The design, development, research, structure, operation, and function of the Accused Products.

2. The flow of information, request(s) for information, queries, and/or messages exchanged or passed between the component parts of the Accused Products, including the message flow for CA's authentication schemes.

3. Authentication of a user using the Accused Products with connected hardware tokens or smart cards.

4. CA's own implementation, testing, and/or use of the Accused Products.

5. CA's own implementation, testing, and/or use of the Accused Products with connected hardware tokens or smart cards.

6. The generation of, purpose for, and the identification of the authors and/or contributors to the CA document CA092023-30 (untitled spreadsheet).

7. The purpose for Netegrity's Customer Advisory Board and the identification of the "several large Netegrity customers at the 2004 Customer Advisory Board" as referenced in CA092025, line 34.

8. The system architecture and/or the content of the message(s), queries, or other information exchanged between the components on which the Accused Products are run as described in the administrator guides, user guides, installation guides, configuration guides, or any other product guides, product manuals, incident reports, bug fixes, product requirements and/or design specifications of the Accused Products. *See, e.g.,* CA000001-4135.

9. The system architecture and/or the content of the message(s), queries, or other information exchanged between the components on which the accused software products are run and with which connected hardware tokens or smart cards are intended to operate, as described in the administrator guides, user guides, installation guides, configuration guides, or any other product guides, product manuals, incident reports, bug fixes, product requirements and/or design specifications of the Accused Products. *See, e.g.,* CA000001-4135.

10. CA's software modifications to allow the Accused Products to be used with connected tokens or smart cards. *See, e.g.,* CA026345.

11. The date, reasons for, and rationale for modifying the Accused Products to work with connected hardware tokens or smart cards.

12. CA's knowledge about the Beta testing of the Accused Products, including the testing reflected in CA079988-80004.

13. CA's TransactionMinder appliance product.

14. CA's technical support services regarding the Accused Products, including information contained in technical support logs and any related documentation detailing CA's support services to its customers, potential customers, or business partners.

15. The design, research, development, structure, operation, and function of the SiteMinder 1.0.

16. CA's knowledge of other parties' use of connected tokens with any eTrust products, including the information contained in CA 236700-703.

17. CA's design, development, structure, operation, and function of the Accused Products to integrate those products with other eTrust IAM products, including but not limited to the information contained in CA 236779-84.

18. The portions of CA's IAM solution(s) that comprise the subject matter described in any CA's patents, whether owned by, licensed to, or assigned to CA.

19. CA's knowledge of customers, vendors, resellers, or business partners that have integrated the Accused Products with hardware tokens or smart cards.

20. CA's knowledge of customers, vendors, resellers, or business partners that have integrated the Accused Products with hardware tokens or smart cards, including the integration described in CA 203510-12 and CA157519.

21. CA's knowledge of the identity of customers, resellers, or business partners who have purchased, implemented, configured, integrated, and/or distributed the Accused Products for use with connected hardware tokens or smart cards.

22. The marketing, advertising, promoting, selling, and/or offering to sell the Accused Products.

23. The marketing, advertising, promoting, selling, and/or offering to sell the TransactionMinder Appliance Product.

24. The marketing, advertising, promoting, selling, consulting and/or offering to sell the Accused Products for use with connected hardware tokens or smart cards.

25. The advertising, promotional and marketing efforts undertaken concerning any of the Accused Products.

26. The manufacture, distribution, purchasers, sales, revenue, and price of the Accused Products.

27. Education, consulting, training, customer support, and/or sales support provided by CA for the Accused Products.

28. Education, consulting, training, customer support, and/or sales support provided by CA for the Accused Products used with connected hardware tokens or smart cards.

29. The identity of employee(s) at Netegrity, Inc. who managed consulting, integration services, and support for the Accused Products with connected hardware tokens or smart cards.

30. The identity of employee(s) of Netegrity, Inc. and Computer Associates International, Inc. who managed, coordinated, facilitated, re-branded, converted and/or integrated Netegrity, Inc.'s SiteMinder to/with Computer Associates International, Inc.'s eTrust SiteMinder product.

31. The identity of employee(s) of Netegrity, Inc. and Computer Associates International, Inc. who managed, coordinated, facilitated, re-branded, converted and/or integrated Netegrity, Inc.'s TransactionMinder to/with Computer Associates International, Inc.'s eTrust TransactionMinder product.

32. CA's selling, consulting, installing, supporting, and training employees, customers, resellers, business partners, or potential customers to use the Accused Products with connected hardware tokens or smart cards.

33. The identity of CA employees who have been and are selling, consulting, installing, supporting, and training customers to use the Accused Products.

34. The identity of CA employees who have been and are selling, consulting, installing, supporting, training customers, resellers, or business partners to use the Accused Products with connected hardware tokens or smart cards.

35. The total revenue derived from sale, license, and/or other use of the Accused Products by CA or Netegrity.

36. CA's relationship with any third party which may test, modify, revise, or troubleshoot the Accused Products, including CA's relationship with Infosys Technologies Limited.

37. Any customer or user group from which CA seeks or receives feedback regarding CA's IAM solutions.

38. Training, support, and sales of any hardware products with the Accused Products, including those engagements reflected in CA201533 and CA218598-218610.

39. CA's training of customers, any company, or any individual through its instructor-led courses or Web-based programs, including its program previously known as Netegrity University. *See, e.g.*, CA199513.

40. The information contained in the SiteMinder Administration training addendum and Netegrity Training Services. *See, e.g.*, CA128702-129316.

41. CA's document collection efforts to respond to any of Prism's discovery requests.

42. CA's document retention policies and practices.

43. The identification, location, creation and destruction of documents or other information concerning the foregoing topics.

44. The identification of persons and/or entities involved in or knowledgeable about the foregoing topics and their respective roles.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on October 18, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Frederick L. Cottrell, III, Esq.
Alyssa M. Schwartz, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document were sent by hand on October 18, 2006 to the above counsel and by first-class mail or overnight delivery as indicated to the below counsel:

*Via Federal Express*

John DiMatteo, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

William Lee, Esq.
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA 02109

Jason Snyderman, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

Frank C. Cimino, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

587422v1

David M. Schlitz
Baker Botts L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC  20004-2400

Samir A. Bhavsar
Jeffrey D. Baxter
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, TX  75201-2980

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

587422v1