IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>Defendants. | Civil Action No. 05-214 JJF |

**PLAINTIFF PRISM TECHNOLOGIES, L.L.C.'S AMENDED
NOTICE OF DEPOSITION OF JOHNSON & JOHNSON SERVICES, INC.**

Please take notice that Plaintiff Prism, Technologies, L.L.C., pursuant to Fed. R. Civ. P. 30(b)(6) and the Local Rules of the Court, will take deposition upon oral examination of Defendant Johnson & Johnson Services, Inc. ("JJSI"), by and through the person or persons most knowledgeable about the subjects listed below, commencing at 9:00 a.m. on November 16, 2006 at One Johnson & Johnson Plaza, New Brunswick, New Jersey 08933 or at another mutually convenient location.

In accordance with Rule 30(b)(6) of Fed. R. Civ. P., JJSI is advised of its duty to designate one or more of its officers, directors, or other persons to testify on its behalf with respect to the topics listed below. At least one week in advance of the date of deposition, JJSI should (1) provide a written designation of the name(s) and position(s) of the person(s) designated to testify, and (2) produce, pursuant to Fed. R. Civ. P. 34, any documents reviewed or considered in preparation for the deposition, except those

documents produced in response to Prism's discovery requests may be identified by production number.

The deposition will be taken by oral examination before an officer authorized by the laws of the United States to administer oaths, and will be recorded by stenographic, videographic and/or audiographic means.

October 18, 2006                             THE BAYARD FIRM


/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (rk0922)
Ashley B. Stitzer (as3891)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com
astitzer@bayardfirm.com

ATTORNEYS FOR PLAINTIFF
PRISM TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Chandran B. Iyer, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C.  20006
(202) 775-0725

## SCHEDULE A

### DEFINITIONS AND INSTRUCTIONS

A.  "The '416 patent" or "patent-in-suit" refers to United States Patent No. 6,516,416, entitled "Subscription Access System For Use With An Untrusted Network."

B.  "Johnson & Johnson Enterprise Directory and Security System (JJEDS)" refers to the enterprise-wide services of the Enterprise Directory and Public Key Infrastructure. *See, e.g.*, JJ001046.

C.  "Global Dial Service 2.0" refers to an enhanced remote access platform that includes the iPassConnect™ client software and Sygate Personal Firewall. *See, e.g.*, JJ001639.

D.  "Identity and Access Management (IAM)" shall mean software and hardware intended to identify users (employees, customers, contractors, etc.) in a system, including but not limited to JJSI's JJEDS and/or Global Dial Service 2.0, and control their access to resources within that system by associating user rights and restrictions with the established identity, including but not limited to Web single sign-on (SSO), advanced authentication, and/or strong authentication used with USB tokens, Smart Cards, and/or other digital identification.

E.  "Authentication" refers to the process of confirming the identity of a person, organization, or thing. *See, e.g.*, JJ005630.

F.  "JJNet" refers to the Johnson & Johnson network as defined in JJ001639.

G.  "Rainbow iKey model 2032 token" refers to the device used to protect the private keys of users in the JJEDS and/or GDS 2.0 system as discussed in JJ001050.

H. "JJSI," "Defendant," "you," or "your" refers to Johnson & Johnson Services, Inc., its officers, employees, counsel, agents, consultants, and representatives and includes joint ventures and other legal entities which are wholly or partially owned or controlled by Johnson & Johnson Services, Inc., either directly or indirectly, and the officers, employees, counsel, agents, consultants, and representatives of these divisions, subsidiaries, and joint ventures.

I. The term "document" has the meaning prescribed for "documents and things" in Fed. R. Civ. P. 34(a) and includes the original and every non-identical copy or reproduction in the possession, custody or control of JJSI.

J. In construing these Topics, the singular shall include the plural, and the plural shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of these topics all information that might otherwise be construed to be outside their scope.

## SCHEDULE B

## **DEPOSITION TOPICS**

1. The design, development, operation, and function of JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System (JJEDS) and/or Global Dial Service 2.0.

2. The configuration, implementation, integration, and/or procurement of the components that comprise JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System (JJEDS) and/or Global Dial Service 2.0.

3. The flow of information, request(s) for information, queries, and/or messages exchanged or passed between the components that comprise JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System (JJEDS) and/or Global Dial Service 2.0.

4. The system architecture and the content of the message(s), queries, or other information exchanged between the components of the systems identified, described, and/or shown on Bates Nos. JJ005768, JJ004426, JJ001626, JJ001627, and/or JJ001628.

5. Authentication of a user using JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System (JJEDS) and/or Global Dial Service 2.0.

6. Authentication to JJNet using the components that comprise JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System (JJEDS) and/or Global Dial Service 2.0.

7. The generation of, content of, and implementation of the subject matter described in: 1) the Johnson & Johnson Enterprise Directory and Security Public Key Infrastructure Application Developer's Guide (JJ0001036-JJ001120); 2) the System Design Specification of the Johnson & Johnson Enterprise Directory and Security for Networking & Computing Services (JJ000230-JJ000290); 3) the Johnson & Johnson Enterprise Directory and Security Enterprise Directory Application Developer's Guide (JJ000135-JJ000229); 4) System Design Specification of the Johnson & Johnson Enterprise Directory and Security (JJEDS) for Networking & Computing Services (JJ000230-JJ000290); and 5) Johnson & Johnson Enterprise Directory & Security (JJEDS) System Data Standards (JJ000291-457), including but not limited to the identification of the author(s) thereof.

8. The configuration, implementation, adherence, and/or compliance of JJSI's IAM solution, including but not limited to the Johnson & Johnson

        Enterprise Directory and Security System (JJEDS) and/or Global Dial Service 2.0 with Signatures and Authentication for Everyone's (a.k.a "SAFE" and formerly known as Secure Access For Everyone) identity management standard(s) and operating rules.

9. JJSI's knowledge of the identities and locations of organizations deploying and/or implementing SAFE compliant systems for verifying the identities of parties involved in transactions.

10. The portions of JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System (JJEDS) and/or Global Dial Service 2.0 that comprise the subject matter described in U.S. Patent Nos. 6,898,710, 6,934,393, 6,934,859, 6,941,455, 6,993,521, 7,028,180, 7,028,181, 7,047,409, and 7,069,440.

11. The identities, locations, and quantities of users using the components that comprise JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System and/or Global Dial Service 2.0.

12. The identities, locations, and quantities of Rainbow iKey tokens or other devices used to store the credentials of a person, organization, or thing that are deployed for use with JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System and/or Global Dial Service 2.0.

13. The cost savings, return on investment, cost, and value to JJSI, its parent, and its subsidiaries associated with implementing, integrating, procuring, and/or using the components that comprise JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System and/or Global Dial Service 2.0.

14. The purpose of, generation of, content of, and underlying rationale for the value proposition with respect to the components that comprise JJSI's IAM solution, including but not limited to Johnson & Johnson Enterprise Directory and Security System and/or Global Dial Service 2.0 as discussed in JJ03784-JJ003825, including but not limited to the identification of the author(s) and/or contributors to the information described in that document.

15. The capital authorization request and/or project approval request to implement JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System and/or Global Dial Service 2.0 with Rainbow iKey 2032 tokens or other devices used to store the credentials of a person, organization, or thing.

16. JJSI's document retention policies and practices.

17. The identification, location, creation, and destruction of documents or other information concerning the foregoing topics.

18. The identification of persons and/or entities involved in or knowledgeable about the foregoing topics and their respective roles.

Case 1:05-cv-00214-JJF   Document 318   Filed 10/18/2006   Page 7 of 9

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on October 18, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Frederick L. Cottrell, III, Esq.
Alyssa M. Schwartz, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document were sent by hand on October 18, 2006 to the above counsel and by first-class mail or overnight delivery as indicated to the below counsel:

*Via Federal Express*

John DiMatteo, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

William Lee, Esq.
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA 02109

Jason Snyderman, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

Frank C. Cimino, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

587422v1

David M. Schlitz  
Baker Botts L.L.P.  
1299 Pennsylvania Avenue, NW  
Washington, DC  20004-2400

Samir A. Bhavsar  
Jeffrey D. Baxter  
Baker Botts L.L.P.  
2001 Ross Avenue  
Dallas, TX  75201-2980

/s/ Richard D. Kirk (rk0922)  
Richard D. Kirk

587422v1