IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC,<br><br>        Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC.,<br>NETEGRITY, INC., COMPUTER ASSOCIATES<br>INTERNATIONAL, INC., and JOHNSON &<br>JOHNSON SERVICES, INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>) C. A. No. 05-214-JJF<br>)<br>)<br>)<br>)<br>)<br>) |

## CORRECTED NOTICE OF SUBPOENA AD TESTIFICANDUM

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Computer Associates International, Inc. ("Computer Associates") has served or will serve the attached subpoena on Wells Fargo Bank, N.A., c/o Corporation Service Co., 380 Jackson St. #418, St. Paul, Minnesota 55101.

| OF COUNSEL | POTTER ANDERSON & CORROON LLP |
|---|---|
| David M. Schlitz<br>BAKER BOTTS L.L.P.<br>1299 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004-2400<br>Tel. 202-639-7700<br><br>Samir A. Bhavsar<br>Jeffrey D. Baxter<br>BAKER BOTTS L.L.P.<br>2001 Ross Avenue<br>Dallas, TX 75201-2980<br>Tel: 214-953-6500<br><br>Dated: October 19, 2006 | By: */s/ David E. Moore*<br>    Richard L. Horwitz (#2246)<br>    David E. Moore (#3983)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street<br>    P.O. Box 951<br>    Wilmington, DE 19899-0951<br>    Tel: 302-984-6000<br>    rhorwitz@potteranderson.com<br>    dmoore@potteranderson.com<br><br>*Attorneys for Defendant*<br>*Computer Associates International, Inc.* |

756738 / 29074

# Issued by the
# UNITED STATES DISTRICT COURT
## IN THE DISTRICT OF MINNESOTA

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br>vs.<br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON | SUBPOENA IN A CIVIL CASE<br><br>PENDING IN THE<br>DISTRICT OF DELAWARE<br><br>Case Number:[1]    05-214-JJF |

Wells Fargo Bank, N.A.
c/o Corporation Service Co.
380 Jackson St. #418
St. Paul, MN 55101

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

X YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case on the topics set forth below.
**SEE EXHIBIT A ATTACHED HERETO.**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Faegre & Benson L.L.P.<br>2200 Wells Fargo Center<br>90 S. 7th St.<br>Minneapolis, MN 55402-3901 | November 2, 2006<br>1:00 p.m. |

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]* Attorney for Defendant Computer Associates Intl., Inc. | DATE<br>October 19, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David Schlitz, Baker Botts, L.L.P., 1299 Pennsylvania Ave., N.W., Washington, DC 22201 202.639.7802

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number
AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the experts study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Exhibit A

# Deposition Topics

1. Whether Wells Fargo and Company uses Netegrity, Inc.'s or Computer Associates International, Inc.'s SiteMinder software in an authentication system that:

    (a) includes the use of a hardware key that is connected to the subscriber client computer, and;

    (b) is used in an untrusted network, defined as a public network with no controlling organization, with the path to access the network being undefined and the user being anonymous. And the client-server application running over such a network having no control over the transmitted information during all the phases of transmission.

This deposition shall be upon oral examination before a certified shorthand reporter duly authorized to administer oaths and will be recorded by both stenographic and videotaped means.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on October 19, 2006, the attached document was hand-delivered on the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
P. O. Box 25130
Wilmington, DE 19899-5130

Frederick L. Cottrell, III
Alyssa M. Schwartz
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, DE 19899-0551

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
P. O. Box 1150
Wilmington, DE 19899

I hereby certify that on October 19, 2006, I have Electronically Mailed the documents to the following:

Dirk D. Thomas
Robert A. Auchter
Kenneth A. Freeling
Jason R. Buratti
André J. Bahou
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, Suite 1200
Washington, DC 20006
PrismCounsel@rkmc.com

William F. Lee
David B. Bassett
Mark D. Selwyn
Gregory P. Teran
Wilmer Cutler Pickering Hale & Dorr
60 State Street
Boston, MA 02109
RSAPrismLitigation@wilmerhale.com

Case 1:05-cv-00214-JJF   Document 329   Filed 10/19/2006   Page 6 of 6

<div style="display: flex;">

<div>

Edward F. Mannino
Jason A Snyderman
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103
VerisignPrism@akingump.com

Frank C. Cimino
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564
fcimino@akingump.com

</div>

<div>

John DiMatteo
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099
PrismLitigation-JJSI@willkie.com

</div>

</div>

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

680022