# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>Defendants. | Civil Action No. CA 05-214 JJF |

**PLAINTIFF'S REVISED FIRST SET OF RULE 34 REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS
TO DEFENDANT VERISIGN, INC.**

Pursuant to Federal Rule of Civil Procedure 34 and the Local Rules of this judicial district, Plaintiff Prism Technologies LLC ("Prism") requests that Defendant VeriSign, Inc. ("VeriSign") produce the documents and things requested herein at the law offices of Robins, Kaplan, Miller & Ciresi L.L.P., 1801 K Street, N.W., Washington, D.C. 20006, or some other location as may be agreed to between the parties, within thirty (30) days of service of these Rule 34 requests. VeriSign should produce the responsive documents as they are kept in the usual course of business or organize and label them to correspond with the document requests to which they are responsive. If no responsive documents and things exist for a particular Rule 34 request, VeriSign shall so state in writing. If responsive documents and things for a particular Rule 34 request have already been produced, Prism requests that VeriSign so state in writing.

If VeriSign withholds from production any documents and things on the basis of a claim of attorney-client privilege or work product immunity, Prism requests that VeriSign provide to

602118v1

Prism a list separately identifying each withheld document or thing and specifying: (1) the identity of all persons who prepared and signed the document; (2) the identity of all persons designated as addressees; (3) the identity of all persons who received any copy of the document; (4) the date of the document; (5) the subject matter of the document; (6) the type of document (memorandum, pamphlet, report, etc.); (7) for each disclosure outside of VeriSign's officers and contract employees, the identification and production number of any and all confidentiality agreements that govern the disclosure; and (8) the basis for withholding the document.

If VeriSign comes into possession, custody, or control of responsive documents and things between the time of service of these Rule 34 Requests and trial, Prism requests that VeriSign supplement its production by promptly producing such documents.

## DEFINITIONS

A.  "The '416 patent" or "patent-in-suit" refers to United States Patent No. 6,516,416, entitled "Subscription Access System For Use With An Untrusted Network." "Intrinsic evidence" shall mean all documents within the publicly available prosecution history file for the '416 patent. "Extrinsic evidence" shall mean all documents or testimony not found in the publicly available prosecution history file for the '416 patent.

B.  "Identity and Access Management" shall mean software and hardware intended to identify users in a system (employees, customers, contractors, etc.) and control their access to resources within that system by associating user rights and restrictions with the established identity, including but not limited to Web single sign-on (SSO), advanced authentication, and/or strong authentication used with USB tokens, Smart Cards, and/or digital identification.

C.   "Go Secure" or "Go Secure Authentication Suite" refers to VeriSign's suite of managed authentication and security services, and the related software and hardware, that perform Identity and Access Management.

D.   "Unified Authentication" or "Unified Authentication Suite" refers to VeriSign's suite of managed authentication and security services, and the related software and hardware, that perform Identity and Access Management.

E.   "VeriSign," "Defendant," "you," or "your" refers to VeriSign, Inc., its officers, employees, counsel, agents, consultants, and representatives and includes joint ventures and other legal entities which are wholly or partially owned or controlled by VeriSign, Inc., either directly or indirectly, and the officers, employees, counsel, agents, consultants, and representatives of these divisions, subsidiaries, and joint ventures.

F.   The term "person" refers to natural persons, organizations, firms, corporations, and other legal entities, whether or not in the employ of plaintiff, and the acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.'

G.   To "identify" a person means to state the person's name, occupation, job title, and current business address, or if unknown, the last-known business and home address. Unless it otherwise appears from the context, a request for identity or to identify a person relates to all persons in such category or classification.

H.   The term "document" has the meaning prescribed for "documents and things" in Fed. R. Civ. P. 34(a) and includes the original and every non-identical copy or reproduction in the possession, custody or control of VeriSign.

I.   To "identify" any document or thing means:

   i. to provide a brief description of such documents sufficient to support a request under Rule 34;

   ii. to state the custodian of the document or the thing by name, job title, employer, and address;

   iii. to state the place where the document or thing may be inspected; and

   iv. if a copy of the document has been previously supplied to defendants to so state and to specifically identify the previously supplied copy by reference to production numbers or other identifying information.

J. Unless it otherwise appears from the context, a request for identity of a person relates to all persons in such classification or category.

K. In construing these Requests, the singular shall include the plural, and the plural shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of these requests all information that might otherwise be construed to be outside their scope.

## RULE 34 REQUESTS

1. One set of each Identify and Access Management software and software code and/or device made, offered for sale, designed, sold, distributed, leased, or supplied by VeriSign, including but not limited to VeriSign's Go Secure Authentication Suite and VeriSign's Unified Authentication Suite.

2. All instructional manuals or training manuals for each of the products identified in or within the scope of Request No. 1 above.

3. All documents related to the design, creation, writing, and/or composing of each of the products identified in or within the scope of Request No. 1 above.

4. All documents that reflect the programming code or system architecture of each of the products identified in or within the scope of Request No. 1 above.

5. All marketing, pricing, advertising, sales, sales projections, market studies, licenses, memoranda of understanding, agreements, royalty payments, promotional documents or audio-visual aids relating to or referring to any Identity and Access Management software and hardware products, including but not limited to the products identified in or within the scope of Request No. 1 above, whether the information originated from VeriSign or from another entity.

6. All of VeriSign's annual and interim financial statements covering the years 1996 to the present, including but not limited to Annual Reports and all submissions made to the Securities and Exchange Commission.

7. All documents that reflect gross and net sales and profit figures (by unit sales volume and by dollar sales volume) since 1996, whether inside or outside the United States, for each product identified in or within the scope of Request No. 1 on a monthly, quarterly, and annual basis, or on whatever timeframe VeriSign regularly keeps records of data.

8. All documents that refer to, relate to, or constitute a patent licensing or royalty agreement entered into by VeriSign for any computer software or hardware product and/or patent since 1996.

9. Documents sufficient to show the extent to which VeriSign has made use of the invention of the patents identified in each patent licensing or royalty agreement entered into by VeriSign for any computer software or hardware product and/or patent since 1996.

10. All documents that refer to, relate to, reflect, or constitute the intellectual property licensing policies of VeriSign since 1996.

11. All documents that describe, refer, or relate to any royalty or license fees received or paid by VeriSign with respect to any Identity and Access Management software or hardware product.

12. All documents that relate to pricing of the products identified in or within the scope of Request No. 1 above.

13. All documents that refer, relate, or constitute written opinion(s) of counsel relating to the validity, infringement, or enforceability of the '416 patent.

14. Any document referring or relating to the '416 patent.

15. All prior art to the '416 patent and any other non-prior art documents that VeriSign contends is relevant to the validity or infringement of the '416 patent or to the interpretation of any claim terms in the '416 patent.

16. All documents identified in any study or evaluation of, or search for, prior art to the '416 patent.

17. All documents and things that VeriSign will offer during the trial.

18. All documents that refer to, relate to, or constitute communications with any consultants retained to assist VeriSign regarding this litigation.

19. All documents that refer to, relate to, support, or refute any of the allegations, averments, denials, affirmative defenses and/or counterclaims in VeriSign's Answer and Counterclaims.

20. All documents referring or relating to Prism Resources, Inc. or Prism Technologies LLC.

21. All documents considered, relied upon, referred to, or referenced in VeriSign's responses to Prism's Interrogatories to VeriSign.

22. All confidentiality agreements that relate to the subject matter of this suit or that form any part of the basis of a claim of privilege for any information called for by any discovery request from Prism to VeriSign.

23. All documents referring or relating to any inventor of the '416 patent, including Richard L. Gregg, Timothy C. Goeke, and Sandeep Giri.

24. All documents, including but not limited to technical and marketing studies and minutes of meetings, that relate or refer to VeriSign's decision(s) to develop, design, test, manufacture, offer for sale, or sell or import any Identity and Access Management software or hardware, including those identified in or within the scope of Request No. 1 above.

25. All documents that constitute, evidence, describe, pertain to, relate or refer to, any discussion, meeting or correspondence between VeriSign and any customer, potential customer, competitor, or other person concerning the '416 patent, and the present lawsuit against Prism or any other lawsuit or administrative proceeding, anywhere in the world, involving the '416 patent.

26. Product catalogs, price sheets, product manuals, specifications and descriptions for all Identity and Access Management software or hardware and devices sold or offered for sale by VeriSign.

27. Documents identifying by name and location any and all distributors to whom VeriSign distributed or sold Identity and Access Management software or hardware and devices and the dates on which such sales or distributions were made.

28. Documents which any expert you consulted or retained for this matter reviewed or relied upon when forming the bases for their expert opinions, whether asserted or not asserted in this matter, and all copies of any communications or reports developed by any such expert(s).

29. All market studies, reports, business plans, forecasts, marketing plans or other documents concerning the market for Identity and Access Management software or hardware products and services including, but not limited to market size, market growth, market potentials and studies of the market size of competitors.

30. To the extent not already requested, all documents referring or relating in any way to VeriSign's policies, procedures, or other guidelines on licensing or cross-licensing of patents, patent applications or technology to or from others.

31. Representative corporate organization charts for VeriSign, including parents, subsidiaries, affiliates, divisions, wholly-owned business entities, predecessors or successors, sufficient to show: (a) the general organization of VeriSign and each such parent, subsidiary, affiliate, division, wholly-owned business entity, predecessor or successor; (b) the names, addresses and telephone numbers of each past and present corporate officer and director of VeriSign and each such parent, subsidiary, affiliate, division, wholly-owned business entity, predecessor, or successor; and (c) the detailed organization of each department, section, or group of VeriSign responsible for designing, developing, testing, manufacturing, exporting, importing, distribution, marketing, advertising, selling, or using Identify and Access Management software and hardware, including the products identified in or within the scope of Request No. 1 above.

32. All documents that constitute, relate to, or refer to VeriSign's document control and retention policies, including for its electronic documents.

                                                  THE BAYARD FIRM

September 20, 2005

                                                  /s/ Richard D. Kirk (rk0922)
Richard D. Kirk
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com


ATTORNEYS FOR PLAINTIFF PRISM
TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 775-0725

**EXHIBIT 2**

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

SUITE 1200
1801 K STREET, N.W.
WASHINGTON, D.C. 20006-1307
TEL: 202-775-0725 FAX: 202-223-860
www.rkmc.com

ATTORNEYS AT LAW

ANDRÉ J. BAHOU
(202) 736-2707

September 29, 2006

**VIA E-MAIL**

Daniel E. Yonan, Esquire
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036-1564

Re: *Prism Technologies LLC v. VeriSign, Inc., et al.*
    Civil Action No. 1:05-cv-00214-JJF

Dear Mr. Yonan:

This letter responds to your letter dated September 26, 2006. First, we believe that VeriSign's refusal to provide source code for the Accused Products[1] also prevents VeriSign from using that information in this litigation. Second, the source code of the Accused Products is relevant to our infringement allegations and, as such, it should be produced. By your refusal to produce the requested information, you seek to stonewall the discovery process. We nonetheless reserve our right to further seek the source code of the Accused Products if we determine that we need it to adequately prosecute this case. But because you have refused to produce the source code, we will object if you attempt to use your source code for any purpose during this litigation. In that regard, we ask that you sign the attached stipulation stating that you do not plan to rely on the source code of the Accused Products. This stipulation is required in light of your refusal to produce the source code. Further, we feel that the reservation of our right to request and use the source code is equitable because you are withholding it now and you have the sole knowledge of its contents. Therefore, we cannot relinquish our right to use that information without knowing its contents.

Moreover, while the other documents you produced and our pre-filing investigations are also relevant to and may be sufficient to establish infringement, that is not a reason to refuse to produce additional relevant information, particularly where you do not contend that such production is unduly burdensome. As you recognize, Prism can adequately demonstrate that

---

[1] VeriSign's Unified Authentication, Go Secure, and Identity Protection products.

DC1 45689222 2

Daniel E. Yonan, Esquire
September 29, 2006
Page 2

VeriSign's Accused Products infringe the '416 patent by citing references in the documents that describe the Accused Products. Consequently, your position that Prism did not conduct an adequate pre-filing investigation is therefore untenable and contradictory to your other assertions in your letter of September 26, 2006.

Although VeriSign states that it will produce the referenced software by September 29, 2006, it fails to provide a complete and operable version of any software by refusing to provide the pilot test accounts, which we believe include: (1) the Registration or License file (VERI 1596789), (2) the Registration Authority Certificate (VERI 1596798), and (3) two of each type of Tokens that can be activated and tested (VERI 1596712-1596715), and (4) a Service Password (VERI 1596906). Because your software is not operable without the four items mentioned above, we will move to compel the pilot test accounts.

Third, your other assertions regarding Prism's requests for the Accused Products software and source code are inaccurate and will be addressed in our forthcoming motion to compel.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

André J. Bahou

AJB/cas

Enclosure

cc: Robert A. Auchter, Esquire (via e-mail)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>Defendants. | Civil Action No. CA 05-00214 JJF |

**STIPULATION BY DEFENDANT VERISIGN, INC. TO FOREGO USING
THE SOURCE CODE OF UNIFIED AUTHENTICATION,
GO SECURE, AND IDENTITY PROTECTION IN THIS ACTION**

WHEREAS, Plaintiff Prism Technologies LLC ("Prism") has requested that Defendant VeriSign, Inc. ("VeriSign") provide the source code for Unified Authentication, Go Secure, and Identity Protection ("Accused Products").

WHEREAS, in a letter dated September 26, 2006, VeriSign formally refused to provide this source code requested by Prism.

WHEREAS, Prism reserves its right to seek the source code of the Accused Products.

IT IS HEREBY STIPULATED AND AGREED, by VeriSign and Prism, through their undersigned counsel, and subject to the approval of the Court, as follows:

1. VeriSign shall not use the source code of its Accused Products, including Unified Authentication, Go Secure, and Identity Protection in this action.

DC1 45689355.2

2. VeriSign agrees that Prism reserves its right to further seek the source code of the Accused Products.

          AKIN GUMP STRAUSS HAUER & FELD LLP


By: _____
          Robert S. Strauss Building
          1333 New Hampshire Avenue, N.W.
          Washington, D.C. 20036-1564
          Telephone: (202) 887-4497


          ROBINS, KAPLAN, MILLER & CIRESI L.L.P.


By: _____
          1801 K Street, N.W., Suite 1200
          Washington, D.C. 20006
          Telephone: (202) 775-0725

# EXHIBIT 3

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.

# EXHIBIT 4

# CONFIDENTIAL DOCUMENT

These pages have been removed because they contain confidential information subject to the Protective Order.