IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>Defendants. | Civil Action No. CA 05-214 JJF<br>Jury Trial Demanded<br><br><br>**REDACTED PUBLIC VERSION** |

**EXHIBITS F AND G**
OF DEFENDANT VERISIGN INC.'S OPPOSITION TO
PLAINTIFF PRISM'S MOTION TO COMPEL PILOT TEST ACCOUNTS
FOR THE ACCUSED PRODUCTS

*Of Counsel:*

Edward F. Mannino, Esquire
Jason A. Snyderman, Esquire
AKIN GUMP STRAUSS HAUER & FELD LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103
Telephone: (215) 965-1200
Fax: (215) 965-1210

Frank C. Cimino, Esquire
Daniel E. Yonan, Esquire
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564
Telephone: (202) 887-4000
Fax: (202) 887-4288

Patricia Smink Rogowski, Esquire
Delaware Bar ID 2632
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
PO Box 2207
Wilmington DE 19899
Telephone : (302) 658-9141
Fax: (302) 658-5614

*Attorneys for Defendant, VeriSign, Inc.*

# Exhibit F

CONFIDENTIAL
Outside Attorneys' Eyes Only
Pursuant to Local Rule 26.2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>　　　　Defendants. | Civil Action No. CA 05-214 JJF |

**PLAINTIFF PRISM TECHNOLOGIES LLC'S
FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
DEFENDANT VERISIGN, INC.'S FIRST SET OF INTERROGATORIES (No. 2)**

Plaintiff Prism Technologies LLC ("Prism") hereby supplements its objections and responses to VeriSign, Inc.'s ("VeriSign") First Set of Interrogatories.

**GENERAL OBJECTIONS**

For its General Objections, Prism objects to VeriSign's interrogatories, instructions, and definitions as follows. Prism hereby incorporates its definitions as set forth in its Revised First Set of Documents Requests to VeriSign.

　　A.　　Prism objects to these interrogatories to the extent they impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, or the Orders of this Court. Prism does not consider itself bound by VeriSign's instructions and definitions.

B.   Prism objects to these interrogatories as vague, overly broad, unduly burdensome to the extent that they request information not relevant to a claim or defense of any party, not reasonably calculated to lead to the discovery of admissible evidence, or as otherwise exceeding the scope of permissible discovery.

C.   Prism objects to these interrogatories to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. No part of Prism's response constitutes a waiver of any privilege or immunity.

D.   Prism objects to these interrogatories to the extent they seek information that is not in its possession, custody, or control or that is publicly available or has already been provided to the Defendants.

E.   Prism objects to these interrogatories to the extent that they comprise sub-parts or compound questions and, therefore, exceed or may exceed the number of interrogatories permitted in this action.

F.   Prism objects to the definition of "Prism," and "YOU," and "YOUR" as overly broad to the extent those terms request information from legal entities not within the scope of this litigation or within the possession, custody, or control of Prism or not subject to Prism's legal recourse and/or otherwise outside the enforceable scope of the laws of the United States of America.

G.   Prism objects to these interrogatories to the extent they assume incorrect facts.

H.   Prism objects to these interrogatories as premature to the extent that they call for construction of the claims of the patent-in-suit and there has not yet been a determination of

claim construction by the Court in this case. Therefore, Prism specifically reserves its right to change, modify, or otherwise supplement the claim constructions presently asserted.

I.  Prism objects to these interrogatories on the grounds that discovery has just begun and Prism has not completed its investigation of all facts relating to Defendants' infringement of the patent-in-suit or its formulation of its contentions with respect to such issues. Therefore, Prism specifically reserves its right to change, modify, or otherwise supplement its allegations based on discovery to be obtained from the Defendants or Prism's own investigation.

J.  Prism objects to these interrogatories to the extent that they call for premature expert discovery.

K.  To the extent not objected above, Prism incorporates by reference its objections to VeriSign's First Set of Document Requests.

### SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

Prism incorporates by reference the General Objections (as reproduced above) and its specific objections asserted in its original response ("Original Response") to VeriSign's First Set of Interrogatories. Subject to and without waiving those objections, Prism supplements its responses as follows.

### INTERROGATORY NO. 2:

For each claim of the '416 patent that Plaintiff contends is infringed by VeriSign, identify each activity, product, device, part, or system manufactured, imported, used or sold by VeriSign that, according to Plaintiff, embodies, is covered by, makes use of, or otherwise practices any claim of the patent-in-suit and, with reference to Plaintiff's claim interpretation contentions provided in response to Interrogatory No. 1, state with particularity the basis for each of Plaintiff's contentions as to how each asserted claim of the patent-in-suit is infringed, either literally or under the doctrine of equivalents, directly (under 35 U.S.C. § 271(a)) or indirectly (under 35 U.S.C. § 271 (b) or § 271 (c)) by VeriSign.

Pages 4-19
REDACTED

|  |  |
|---|---|
|  | As to objections |
|  | THE BAYARD FIRM |
| Dated: April 14, 2006 | By: /s/ Richard D. Kirk (rk0922)<br>Richard D. Kirk<br>222 Delaware Avenue, Suite 900<br>Wilmington, Delaware 19899-5130<br>(302) 655-5000 |
|  | ATTORNEYS FOR PLAINTIFF PRISM TECHNOLOGIES LLC |

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Aziz Burgy, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 775-0725

## VERIFICATION

I hereby declare on the basis of knowledge and belief, or information otherwise provided and believed by me to be true and correct, under penalty of perjury under the laws of the United States of America, that the foregoing answers to these interrogatories are true and correct.

Executed on April 6, 2006

Mr. Richard L. Gregg
Vice President and Chief Technology Officer
Prism Technologies LLC
14707 California Street
Suite 5
Omaha, Nebraska 68154-1952

DC1 45681343.1

# Exhibit G

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>Defendants. | Civil Action No. CA 05-214 JJF<br><br>CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER |

**PLAINTIFF PRISM TECHNOLOGIES LLC'S
RESPONSE TO DEFENDANT VERISIGN, INC.'S
FIRST SET OF REQUESTS FOR ADMISSIONS (NOS. 1-30)**

Plaintiff Prism Technologies LLC ("Prism") provides the following responses and objections to VeriSign, Inc.'s ("VeriSign") First Set of Requests for Admissions (Nos. 1-30). Prism will supplement these responses as required by the Federal Rules of Civil Procedure and the Local Rules and Orders of this Court.

**GENERAL OBJECTIONS**

1.  These responses are made solely for the purpose of this action. Each response is subject to all appropriate objections including, without limitation, objections concerning competency, relevancy, materiality, propriety, and admissibility, which would require the exclusion of the responses if such responses were to be introduced at any hearing or trial of this matter, which objections and grounds are reserved and may be interposed at the time of such hearing or trial.

632793v1

CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER

2. Prism objects to each Request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or doctrine. To the extent that an individual Request may be construed as seeking such protected information, Prism claims such privilege and invokes such protection.

3. Prism objects to each Request to the extent that it seeks to elicit information that is not relevant to the subject matter of this action or which is not reasonably calculated to lead to the discovery of admissible evidence.

4. Prism qualifies the following responses by noting that it has not yet completed discovery or investigation of the events, transactions, and allegations underlying this litigation. Accordingly, Prism provides the following responses without prejudice to its right to use, as evidence or otherwise, any information or documentation inadvertently omitted, not yet known, or not yet ascertained, discovered, identified, or located by it while responding hereto. Without obligating itself to do so, Prism reserves the right to change or supplement these responses as additional facts are discovered and as further analysis discloses additional facts, contentions, or legal theories that may apply. Prism further reserves the right to produce, provide, or introduce at time of motion or trial such further responsive information as may become known to Prism hereafter.

5. Prism incorporates, by this reference, each of these General Objections and Qualifications into its specific responses set forth below as if set forth at length therein.

## RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST NO. 1:**

Admit that Prism has been unable to license the patent-in-suit.

632793v1

2

Pages 4-6
REDACTED

# REDACTED

August 11, 2006

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (rk0922)
Ashley B. Stitzer (as3891)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com

ATTORNEYS FOR PLAINTIFF PRISM TECHNOLOGIES LLC

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 775-0725

## VERIFICATION

I hereby declare on the basis of knowledge and belief, or information otherwise provided and believed by me to be true and correct, under penalty of perjury under the laws of the United States of America, that the foregoing answers to these requests for admissions are true and correct.

Executed on August _11_, 2006

_____
Mr. Richard L. Gregg
Vice President and Chief Technology Officer
Prism Technologies LLC
14707 California Street
Suite 5
Omaha, Nebraska 68154-1952

DC1 45686260.1

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2006, I electronically filed **REDACTED PUBLIC VERSION OF EXHIBITS F AND G OF DEFENDANT VERISIGN'S OPPOSITION TO PLAINTIFF PRISM'S MOTION TO COMPEL PILOT TEST ACCOUNTS FOR THE ACCUSED PRODUCTS** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
rkirk@bayardfirm.com

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza- Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Frederick L. Cottrell, III
Alyssa Schwartz
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899-0551
cottrell@rlf.com
schwartz@rlf.com

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE  19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

I hereby certify that on October 27, 2006, I electronically mailed the document(s) to the following non-registered participants:

Dirk D. Thomas, Esquire
Robins, Kaplan, Miller & Ciresi, LLP
1801 K Street, N.W., Suite 1200
Washington, DC 20006
PrismCounsel@rkmc.com

John DiMatteo
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY  10019-6099
PrismLitigation-JJSI@willkie.com

David M. Schlitz
Baker Botts LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400
DLDallasPrismLitigationCA-Netegrity@BakerBotts.com

Samir A. Bhavsar
Baker Botts LLP
2001 Ross Avenue
Dallas, TX 75201-2980
DLDallasPrismLitigationCA-Netegrity@BakerBotts.com

Gregory P. Teran
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA 02109
RSAPrismLitigation@wilmerhale.com


By: /s/ Patricia S. Rogowski
Patricia Smink Rogowski (DE Bar #2632)
Connolly Bove Lodge & Hutz LLP
P.O. Box 2207
1007 N. Orange Street
Wilmington, DE 19899
(302) 658-9141
progowski@cblh.com

400470_5.DOC