**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC.,<br>NETEGRITY, INC., COMPUTER<br>ASSOCIATES INTERNATIONAL, INC.,<br>and JOHNSON & JOHNSON SERVICES,<br>INC.,<br><br>Defendants. | Civil Action No. CA 05-214 JJF |

**NOTICE OF SUBPOENA *DUCES TECUM* AND *AD TESTIFICANDUM***
**DIRECTED TO NORTHROP GRUMMAN WORLDWIDE CORPORATION**

**TO:**

Frederick L. Cottrell, III, Esq.
Alyssa M. Schwartz, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

John DiMatteo, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

William Lee, Esq.
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA 02109

Jason Snyderman, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

Frank C. Cimino, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

David M. Schlitz
Baker Botts L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400

Samir A. Bhavsar
Jeffrey D. Baxter
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, TX 75201-2980

PLEASE TAKE NOTICE that pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure and the Local Rules, Plaintiff Prism Technologies, LLC, by and through its counsel, will serve a subpoena *duces tecum* and *ad testificandum* on Northrop Grumman Worldwide Corporation ("Northrop Grumman") to testify and produce documents. Attached hereto is a true and correct copy of the subpoena. As indicated in the subpoena, Northrop Grumman shall produce the documents or things called for by the topics in the attached Schedule B on November 17, 2006 and be deposed regarding topics in the attached Schedule C on November 28, 2006.

At least one week in advance of the date of deposition, Northrop Grumman should (1) provide a written designation of the name(s) and position(s) of the person(s) designated to testify and (2) produce any documents reviewed or considered in preparation for the deposition.

THE BAYARD FIRM

November 3, 2006

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com

DC1 45689308.1

ATTORNEYS FOR PLAINTIFF PRISM
TECHNOLOGIES LLC

OF COUNSEL:
Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Chandran B. Iyer, Esq.
André J. Bahou, Esq.
Aziz Burgy, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 775-0725

Issued by the

# UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISM TECHNOLOGIES LLC, | **SUBPOENA IN A CIVIL CASE** |
| Plaintiff, | Case Number:[1] CA 05-214 JJF<br>Venued in the US District Court<br>for the District of Delaware |
| v. | |
| VERISIGN, INC., RSA SECURITY, INC., NETEGRITY,<br>INC., COMPUTER ASSOCIATES INTERNATIONAL,<br>INC., and JOHNSON & JOHNSON SERVICES, INC., | |

TO:     **Northrop Grumman Worldwide Corporation**
**c/o CT Corporation System**
**818 W. 7th St.**
**Los Angeles, CA 90017**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case: See attached Schedule C

| PLACE OF DEPOSITION<br>**Northrop Grumman Worldwide Corporation**<br>**1840 Century Park East**<br>**Los Angeles, CA 90067-2199**<br>**Or mutually agreed upon location** | DATE AND TIME<br>**November 28, 2006**<br>**9:00 a.m.** |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached Schedule B

| PLACE     **Northrop Grumman Worldwide Corporation**<br>**1840 Century Park East**<br>**Los Angeles, CA 90067-2199**<br>**Or mutually agreed upon location** | DATE AND TIME<br>**November 17, 2006**<br>**9:00 a.m.** |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>_____ , Counsel for Plaintiff | DATE<br>November 3, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Chandran B. Iyer, Esq., Robins, Kaplan, Miller & Ciresi L.L.P., Suite 1200, 1801 K Street N.W.,
Washington, DC 20006, (202) 775-0725 (phone); (202) 223-8604 (fax)

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on reverse)

---

[1]   If action is pending in district other than district of issuance, state district under case number.

DC1 45689308.1

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
               DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)    (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B)( iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B) if a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d)  DUTIES IN RESPONDING TO SUBPOENA.**

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

A.      "The '416 patent" or "patent-in-suit" refers to United States Patent No. 6,516,416, entitled "Subscription Access System For Use With An Untrusted Network."

B.      "Identity and Access Management (IAM)" shall mean software and hardware intended to identify users (employees, customers, contractors, etc.) in a system, including but not limited to JJSI's JJEDS and/or Global Dial Service 2.0, and control their access to resources within that system by associating user rights and restrictions with the established identity, including but not limited to Web single sign-on (SSO), advanced authentication, and/or strong authentication used with USB tokens, Smart Cards, and/or digital identification.

C.      "JJSI" shall mean defendant Johnson & Johnson Services, Inc., its officers, employees, counsel, agents, consultants and representatives and includes joint ventures and other legal entities which are wholly or partially owned or controlled by JJSI or which wholly or partially owns or controls JJSI, either directly or indirectly, and the officers, employees, counsel, agents, consultants and representatives of these divisions, parents, subsidiaries and joint venture.

D.      Northrop Grumman shall mean Northrop Grumman Worldwide Corporation, TRW Incorporated, their officers, employees, counsel, agents, consultants and representatives and includes joint ventures and other legal entities which are wholly or partially owned or controlled by Northrop Grumman or which wholly or partially owns or controls Northrop Grumman, either directly or indirectly, and the officers, employees, counsel, agents, consultants and representatives of these divisions, parents, subsidiaries and joint venture.

E.    "Johnson & Johnson Enterprise Directory and Security System (JJEDS)" refers to the enterprise-wide services of the Enterprise Directory and Public Key Infrastructure used by JJSI.

F.    "Global Dial Service 2.0" refers to an enhanced remote access platform used by JJSI that includes the iPassConnect™ client software and Sygate Personal Firewall.

G.    "Authentication" refers to the process of confirming the identity of a person, organization, or thing.

H.    "JJNet" refers to the JJSI network.

I.    "Rainbow iKey model 2032 token" refers to the device used to protect the private keys of users in the JJEDS and/or GDS 2.0 system.

J.    The term "document" has the meaning prescribed for "documents and things" in Fed. R. Civ. P. 34(a) and includes the original and every non-identical copy or reproduction in your possession, custody or control.

K.    In construing these Requests, the singular shall include the plural, and the plural shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of these requests all information that might otherwise be construed to be outside their scope.

- 2 -

## CLAIMS OF PRIVILEGE

If you contend that you are entitled on the basis of any claim of privilege to withhold production of any documents requested herein, provide the following information with respect to each such document: (1) the date; (2) author(s)/sender(s); (3) recipient(s), including copy recipients; and (4) general subject matter of the document. The sender(s) and recipient(s) shall be identified by position and entity (corporation or firm, etc.) with which they are employed or associated. If the sender or the recipient is an attorney or a foreign patent agent, he or she shall be so identified.

DCI 45689308.1

## SCHEDULE B

### REQUESTS FOR PRODUCTION

1.    Documents sufficient to describe the design, development, operation and function of JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System (JJEDS) and/or Global Dial Service 2.0.

2.    Documents sufficient to describe the configuration, implementation, integration, and/or procurement of the components that comprise JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System (JJEDS) and/or Global Dial Service 2.0.

3.    Documents sufficient to describe the flow of information, request(s) for information, queries, and/or messages exchanged or passed between the components that comprise JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System (JJEDS) and/or Global Dial Service 2.0.

4.    Documents referring or relating to the system architecture and the content of the message(s), queries, or other information exchanged between the components that comprise JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System (JJEDS) and/or Global Dial Service 2.0.

5.    Documents sufficient to describe authentication to JJNet using the components that comprise JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System (JJEDS) and/or Global Dial Service 2.0.

6.    Documents sufficient to describe the configuration, implementation, adherence, and/or compliance of the JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System (JJEDS), Global Dial Service 2.0 and/or any other JJSI system with Signatures and Authentication for Everyone's (a.k.a. "SAFE" and formerly known as Secure Access For Everyone) identity management standard(s) and operating rules.

7.    Documents referring or relating to your knowledge of the identities and locations of organizations deploying and/or implementing SAFE compliant systems for verifying the identities of parties involved in transactions.

8.    Documents referring or relating to your involvement in the design, development, configuration, implementation, integration and/or procurement of JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System (JJEDS) and/or Global Dial Service 2.0.

9.    Documents referring or relating to the portions of JJSI's IAM solutions, including but not limited to the Johnson & Johnson Enterprise Directory and Security System (JJEDS) and/or Global Dial Service 2.0 that comprise the subject matter

described in any U.S. patent including but not limited to 6,898,710, 6,934,393, 6,934,859, 6,941,455, 6,993,521, 7,028,180, 7,028,181, 7,047,409, and 7,069,440.

10.    Documents referring or relating to any contract entered into between Northrop Grumman and JJSI for work related to design, development, configuration, implementation, integration and/or procurement of JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System (JJEDS) and/or Global Dial Service 2.0.

11.    Documents referring or relating to any bills or invoices submitted by Northrop Grumman to JJSI for work related to design, development, configuration, implementation, integration and/or procurement of JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System (JJEDS) and/or Global Dial Service 2.0.

# SCHEDULE C

## DEPOSITION TOPICS

1.  The design, development, operation and function of JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System (JJEDS) and/or Global Dial Service 2.0.

2.  The configuration, implementation, integration, and/or procurement of the components that comprise JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System (JJEDS) and/or Global Dial Service 2.0.

3.  The flow of information, request(s) for information, queries, and/or messages exchanged or passed between the components that comprise JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System (JJEDS) and/or Global Dial Service 2.0.

4.  The system architecture and the content of the message(s), queries, or other information exchanged between the components that comprise JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System (JJEDS) and/or Global Dial Service 2.0.

5.  Authentication to JJNet using the components that comprise JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System (JJEDS) and/or Global Dial Service 2.0.

6.  The configuration, implementation, adherence, and/or compliance of the JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System (JJEDS), Global Dial Service 2.0 and/or any other JJSI system with Signatures and Authentication for Everyone's (a.k.a. "SAFE" and formerly known as Secure Access For Everyone) identity management standard(s) and operating rules.

7.  The identities and locations of organizations deploying and/or implementing SAFE compliant systems for verifying the identities of parties involved in transactions.

8.  The design, development, configuration, implementation, integration and/or procurement of JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System (JJEDS) and/or Global Dial Service 2.0.

9.  Portions of JJSI's IAM solutions, including but not limited to the Johnson & Johnson Enterprise Directory and Security System (JJEDS) and/or Global Dial Service 2.0 that comprise the subject matter described in any U.S. patent including but not limited to 6,898,710, 6,934,393, 6,934,859, 6,941,455, 6,993,521, 7,028,180, 7,028,181, 7,047,409, and 7,069,440.

10.    Any contract entered into between Northrop Grumman and JJSI for work related to design, development, configuration, implementation, integration and/or procurement of JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System (JJEDS) and/or Global Dial Service 2.0.

11.    Any bills or invoices submitted by Northrop Grumman to JJSI for work related to design, development, configuration, implementation, integration and/or procurement of JJSI's IAM solution, including but not limited to the Johnson & Johnson Enterprise Directory and Security System (JJEDS) and/or Global Dial Service 2.0.

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November, 2006, I caused a copy of the foregoing Subpoena to be sent by Overnight United States mail, Return Receipt Requested, postage prepaid, to

CT Corporation
818 West Seventh Street, 2nd Floor
Los Angeles, California 90017

Northrop Grumman Corporation
c/o William Burks Terry, Esq.
General Counsel
1840 Century Park East
Los Angeles, California 90067

Matthew J. Michaelree

Subscribed and sworn to before me this 3rd day of November 2006.

Notary Public

CATHERINE M. RUPPRECHT
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 14, 2010

DC1 45689308.1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on November 3, 2006, he electronically

filed the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Frederick L. Cottrell, III, Esq.
Alyssa M. Schwartz, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document

were sent by hand on November 3, 2006 to the above counsel and by first-class mail or

overnight delivery as indicated to the below counsel:

*Via Federal Express*

John DiMatteo, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

William Lee, Esq.
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA 02109

Jason Snyderman, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

Frank C. Cimino, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

David M. Schlitz
Baker Botts L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC  20004-2400

Samir A. Bhavsar
Jeffrey D. Baxter
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, TX  75201-2980

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk