IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>              Plaintiff,<br><br>      v.<br><br>VERISIGN, INC., RSA SECURITY, INC.,<br>NETEGRITY, INC., COMPUTER<br>ASSOCIATES INTERNATIONAL, INC.,<br>and JOHNSON & JOHNSON SERVICES,<br>INC.,<br><br>              Defendants. | Civil Action No. 05-214 JJF |

**PLAINTIFF PRISM TECHNOLOGIES LLC'S
NOTICE OF DEPOSITION UPON WRITTEN QUESTIONS OF
<u>WELLS FARGO & COMPANY AND OF SERVICE OF SUPOENA</u>**

PLEASE TAKE NOTICE that Plaintiff Prism Technologies LLC ("Prism") will take deposition upon written questions, pursuant to Fed. R. Civ. P. 30(b)(6), 31 and 45, of Wells Fargo & Company. The deposition shall commence at 1:00 p.m. on November 30, 2006 at the offices of Wells Fargo & Company, 633 Folsom Street, 7th Floor, San Francisco, California 94107.

The deposition will be taken before an officer authorized by the laws of the United States to administer oaths, and will be recorded by stenographic, videographic and/or audiographic means.

PLEASE ALSO TAKE NOTICE that Prism will serve Wells Fargo & Company with a subpoena for the deposition (the "Subpoena"), a copy of which is attached hereto.

The questions to be asked of Wells Fargo & Company on direct examination are set forth in Schedule B to the Subpoena.

November 14, 2006                                    THE BAYARD FIRM


                                                     /s/ Richard D. Kirk (rk0922)
                                                     Richard D. Kirk (rk0922)
                                                     Ashley B. Stitzer (as3891)
                                                     222 Delaware Avenue, Suite 900
                                                     Wilmington, Delaware 19899
                                                     (302) 655-5000
                                                     rkirk@bayardfirm.com
                                                     astitzer@bayardfirm.com

                                                     ATTORNEYS FOR PLAINTIFF
                                                     PRISM TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
André J. Bahou, Esq.
Aziz Burgy, Esq.
Chandran B. Iyer, Esq.
Robins, Kaplan, Miller & Ciresi LLP
1875 Eye Street, N.W., Suite 300
Washington, D.C. 20006-5409
(202) 775-0725

AO88 (Rev. 11/91) (Subpoena in a Civil Case)

# Issued by the
# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISM TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC., | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] CA 05-214 JJF<br>Venued in the US District Court<br>for the District of Delaware |

TO:  Wells Fargo & Company
 c/o Jim Strother
 General Counsel
 633 Folsom Street, 7th Floor
 San Francisco, CA 94107

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Wells Fargo & Company<br>633 Folsom Street, 7th Floor<br>San Francisco, CA 94107 | **November 30, 2006**<br>**1:00 p.m.** |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached schedule(s).

| PLACE | DATE AND TIME |
| --- | --- |
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| /s/ Chandran B. Iyer                    , Counsel for Plaintiff | November 14, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Chandran B. Iyer, Esq., Robins, Kaplan, Miller & Ciresi L.L.P., Suite 300, 1875 Eye Street N.W., Washington, DC 20006-5409, (202) 775-0725 (phone); (202) 223-8604 (fax)

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____
              DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B)( iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

DC1 456911171
11/14/06

AO88 (Rev. 11/91) (Subpoena in a Civil Case)

# SCHEDULE A

## Definitions

A. "Token" or "Hardware Token" refers to any USB token device, Smart Card, or other device capable of digital identification such as, but not limited to, the Aladdin eToken PRO, Aladdin eToken R2, Aladdin eToken NG-Flash, Aladdin eToken Pro (Smart Card), Aladdin eToken NG-OTP, VeriSign Unified Authentication Token, VeriSign Multipurpose Next-Generation Token, VeriSign Secure Storage Token, VeriSign USB Token, SafeNet iKey 1000, SafeNet iKey 2032, SafeNet Smart Card Model 330, SafeNet Smart Card Model 330J, RSA SID800 Hardware Authenticator, RSA 5100 Smart Card, RSA 5200 Smart Card or RSA 6100 USB Authenticator.

B. "Wells Fargo," "you," or "your" refers to Wells Fargo & Company., its officers, employees, counsel, agents, consultants, and representatives and includes joint ventures and other legal entities which are wholly or partially owned or controlled by Wells Fargo, either directly or indirectly, and the officers, employees, counsel, agents, consultants, and representatives of these divisions, subsidiaries, and joint ventures.

## SCHEDULE B

### Questions

1. From February 2003 to present, has Wells Fargo used CA's SiteMinder software as part of a system to authenticate a user onto its computer network when that user is attempting to access data controlled by Wells Fargo's computer network?

2. If yes, state the date of use and the number of individuals using the system.

3. From February 2003 to present, has Wells Fargo used CA's SiteMinder software as part of a system to authenticate a user onto its computer network when that user is attempting to access data controlled by Wells Fargo's computer network via an untrusted network such as the internet?

    a. If yes, state the date of use and the number of individuals using the system.

    b. If yes, does that system also include the use of hardware token?

    c. If yes, describe in detail each and every hardware token used including the make and model number.

    d. Describe whether any of the hardware token identified above can be operably connected to the computer.

4. From February 2003 to present, has Wells Fargo used CA's TransactionMinder software as part of a system to authenticate a user onto its computer network when that user is attempting to access data controlled by Wells Fargo's computer network?

5. If yes, state the date of use and the number of individuals using the system.

6. From February 2003 to present, has Wells Fargo used CA's TransactionMinder software as part of a system to authenticate a user onto its computer network when that user is attempting

to access data controlled by Wells Fargo's computer network via an untrusted network such as the internet?

    a. If yes, state the date of use and the number of individuals using the system.

    b. If yes, does that system also include the use of hardware token?

    c. If yes, describe in detail each and every hardware token used including the make and model number.

    d. Describe whether any of the hardware token identified above can be operably connected to he computer

7. If Wells Fargo has used or is presently using CA's SiteMinder to authenticate a user onto its computer network when that user is attempting to access data controlled by Wells Fargo's computer network via an untrusted network such as the internet:

    a. Describe where the SiteMinder Agent is physically installed and maintained.

    b. Describe in detail the function of the SiteMinder Agent.

    c. Describe in detail the nature of the communication and the information exchanged between the SiteMinder Agent and the computer of the user who is attempting to get authenticated.

    d. Describe where the SiteMinder Policy Server is installed and maintained.

    e. Describe the nature and type of information that the SiteMinder Policy Server maintains about the SiteMinder Agent

    f. State whether the identity data of the SiteMinder Agent is stored in the Policy Server database.

    g. Describe the nature and type of information that the SiteMinder Policy Server maintains about each of the user who is allowed to access Wells Fargo's computer network via an untrusted network such as the internet

    h. State whether the identity data of each of the user who is allowed to access Wells Fargo's computer network via an untrusted network such as the internet is stored in the Policy Server database

    i. Describe in detail the nature and content of the communication between the SiteMinder Agent and the SiteMinder Policy Server before a user is authenticated.

    j. Describe in detail the information exchanged between the SiteMinder Agent and the SiteMinder Policy Server before a user is authenticated.

8. If Wells Fargo has used or is presently using CA's TransactionMinder to authenticate a user onto its computer network when that user is attempting to access data maintained on Wells Fargo's computer network via an untrusted network such as the internet:

    a. Describe where the eTrust TransactionMinder XML Agent is installed.

    b. Describe in detail the function of the eTrust TransactionMinder XML Agent.

    c. Describe in detail the nature of the communication between the eTrust TransactionMinder XML Agent and the computer of the user who is attempting to get authenticated.

    d. Describe where the eTrust Policy Server is installed.

    e. State whether the identity data of the eTrust TransactionMinder XML Agent and each of the user is stored in the eTrust Policy Server database.

    f. Describe in detail the nature and content of the communication between the eTrust TransactionMinder XML Agent and the eTrust Policy Server before a user is authenticated.

    g. Describe in detail the information exchanged between the eTrust TransactionMinder XML Agent and the eTrust Policy Server before a user is authenticated.

                              THE BAYARD FIRM

Dated: November 14, 2006        By: _____
                                                 Richard D. Kirk (rk0922)
                                                 222 Delaware Avenue, Suite 900
                                                 Wilmington, Delaware 19899
                                                 (302) 655-5000
                                                 rkirk@bayardfirm.com

                                                 ATTORNEYS FOR PLAINTIFF PRISM
                                                 TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
André J. Bahou, Esq.
Aziz Burgy, Esq.
Chandran Iyer, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 775-0725

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2006, I caused a copy of the foregoing Subpoena to be sent by Overnight United States mail, Return Receipt Requested, postage prepaid, to

Wells Fargo & Company
c/o Jim Strother
General Counsel
633 Folsom St., 7th Floor
San Francisco, CA 94107

I also caused a copy of the foregoing Subpoena to be sent by Overnight United States mail, Return Receipt Requested, postage prepaid, and via facsimile, to

Attn: Felicia Boyd, Esq.
Faegre and Benson L.L.P.
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
Fax: (612) 766-1600

_____
Theresa L. Davis

Subscribed and sworn to before me this 14th day of November, 2006.

_____
Notary Public

CATHERINE M. RUPPRECHT
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 14, 2010

- 6 -

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on November 14, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Frederick L. Cottrell, III, Esq.
Alyssa M. Schwartz, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document were sent by hand on November 14, 2006 to the above counsel and by first-class mail or overnight delivery as indicated to the below counsel:

*Via Federal Express*

John DiMatteo, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

William Lee, Esq.
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA 02109

Jason Snyderman, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

Frank C. Cimino, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

587422v1

| | |
|---|---|
| David M. Schlitz<br>Baker Botts L.L.P.<br>1299 Pennsylvania Avenue, NW<br>Washington, DC  20004-2400 | Samir A. Bhavsar<br>Jeffrey D. Baxter<br>Baker Botts L.L.P.<br>2001 Ross Avenue<br>Dallas, TX  75201-2980 |

<u>/s/ Richard D. Kirk (rk0922)</u>
Richard D. Kirk

587422v1