## SCHEDULE A

### Definitions

A. "The '416 patent" or "patent-in-suit" refers to United States Patent No. 6,516,416, entitled "Subscription Access System For Use With An Untrusted Network."

    a. "Identity and Access Management" or "IAM" shall mean software and hardware intended to identify users in a system (*e.g.*, employees, customers, contractors, etc.) and control their access to resources within that system by associating user rights and restrictions with the established identity, including but not limited to Web single sign-on (SSO), advanced authentication, and/or strong authentication used with USB tokens, Smart Cards, and/or digital identification.

B. "RSA's Accused Products" refers to each and every IAM product Prism alleges RSA Security, Inc. made, used, sold, or offered to sell that infringes on the '416 patent, specifically including, but not limited to:

    a. ClearTrust (now known as Access Manager);

    b. ClearTrust with Sign-On Manager;

    c. ClearTrust with Federated Identity Management;

    d. Validation Solution;

    e. Authentication Manager (a.k.a. ACE/Server and ACE/Agent);

    f. GO ID Authentication Service;

    g. RSA SecureID Appliance bundled with Authentication Manager;

    h. RSA SID800 Hardware Authenticator;

    i. RSA 5100 Smart Card;

  j.  RSA 5200 Smart Card; and

  k.  RSA 6100 USB Authenticator.

  C. "Defendant," "Defendants," "they," or "their" refers to VeriSign, Inc., Computer Associates International, Inc., Netegrity, Inc., RSA Security, Inc., and/or Johnson & Johnson Services, Inc., their officers, employees, counsel, agents, consultants, and representatives and includes joint ventures and other legal entities which are wholly or partially owned or controlled by VeriSign, Inc., Computer Associates International, Inc., Netegrity, Inc., RSA Security, Inc., and/or Johnson & Johnson Services, Inc., either directly or indirectly, and the officers, employees, counsel, agents, consultants, and representatives of these divisions, subsidiaries, and joint ventures.

  D. "Defendants' Accused Products" refers to each and every IAM product that Prism alleges any of the Defendants made, used, sold, or offered to sell that infringes on the '416 patent, specifically including, but not limited to each and every product enumerated in VeriSign's Accused Products, CA's Accused Products, and RSA's Accused Products.

  E. "Token" or "Hardware Token" refers to any USB token device, Smart Card, or other device capable of digital identification such as, but not limited to, the Aladdin eToken PRO, Aladdin eToken R2, Aladdin eToken NG-Flash, Aladdin eToken Pro (Smart Card), Aladdin eToken NG-OTP, Verisign Unified Authentication Token, VeriSign Multipurpose Next-Generation Token, VeriSign Secure Storage Token, VeriSign USB Token, SafeNet iKey 1000, SafeNet iKey 2032, SafeNet Smart Card Model 330, SafeNet Smart Card Model 330J, RSA SID800 Hardware Authenticator, RSA 5100 Smart Card, RSA 5200 Smart Card or RSA 6100 USB Authenticator.

F.   "Wal-Mart Stores, Inc.," "Wal-Mart," "you," or "your" refers to Wal-Mart Stores, Inc., its officers, employees, counsel, agents, consultants, and representatives and includes joint ventures and other legal entities which are wholly or partially owned or controlled by Wal-Mart, either directly or indirectly, and the officers, employees, counsel, agents, consultants, and representatives of these divisions, subsidiaries, and joint ventures.

G.   To "identify" a person means to state the person's name, occupation, job title, and current business address, or if unknown, the last-known business and home address. Unless it otherwise appears from the context, a request for identity or to identify a person relates to all persons in such category or classification.

H.   The term "document" as used herein has the broad meaning prescribed for "documents or things" in Fed. R. Civ. P. 34(a) and includes the original and every non-identical copy or reproduction in the possession, custody, or control of Wal-Mart.

I.   To "identify" any document or thing means:

   i.   to provide a brief description of such documents sufficient to support a request under Rule 34;

   ii.  to state the custodian of the document or the thing by name, job title, employer, and address;

   iii. to state the place where the document or thing may be inspected; and

   iv.  if a copy of the document has been previously supplied to defendants to so state and to specifically identify the previously supplied copy by reference to production numbers or other identifying information.

J.   Unless it otherwise appears from the context, a request for identity of a person relates to all persons in such classification or category.

K.  In construing these Requests, the singular shall include the plural, and the plural shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of these requests all information that might otherwise be construed to be outside their scope.

## SCHEDULE B

### Deposition Topics

1. Wal-Mart's use of RSA's ClearTrust software as part of a system to authenticate a user onto its computer network when that user is attempting to access data controlled by Wal-Mart's computer network.

2. Wal-Mart's use of RSA's ClearTrust software and hardware tokens as part of a system to authenticate a user onto its computer network when that user is attempting to access data controlled by Wal-Mart's computer network via an untrusted network such as the internet.

3. Wal-Mart's use of RSA's Authentication Manager software as part of a system to authenticate a user onto its computer network when that user is attempting to access data controlled by Wal-Mart's computer network.

4. Wal-Mart's use of RSA's Authentication Manager software and hardware tokens as part of a system to authenticate a user onto its computer network when that user is attempting to access data controlled by Wal-Mart's computer network.

5. Wal-Mart's use of RSA's ClearTrust software with RSA 6100 USB Authenticator or RSA SID800 Hardware Authenticator.

6. Wal-Mart's use of RSA's Authentication Manager software with RSA 6100 USB Authenticator or RSA SID800 Hardware Authenticator.

7. In instances where Wal-Mart has used or is using RSA's ClearTrust to authenticate a user onto its computer network when that user is attempting to access data controlled by Wal-Mart's computer network:

    a. Description of where the ClearTrust Web Server Agent is installed and maintained.

b. Detailed description of the function of the ClearTrust Web Server Agent.

c. The nature of the communication and the information exchanged between the ClearTrust Web Server Agent and the computer of the user who is attempting to get authenticated.

d. Detailed description of where the ClearTrust Authorization Server and the ClearTrust Database are installed and maintained.

e. Detailed description of the nature and type of information that the ClearTrust Authorization Server and/or the ClearTrust Database maintain about the ClearTrust Web Server Agent.

f. Storage of the identity data of the ClearTrust Web Server Agent in the ClearTrust Authorization Server and/or the ClearTrust Database.

g. Description of the nature and type of information that the ClearTrust Authorization Server and/or the ClearTrust Database maintain about each of the user who is allowed to access Wal-Mart's computer network.

h. Storage in the ClearTrust Authorization Server and/or the ClearTrust Database of the identity data of each of the users who are allowed to access Wal-Mart's computer network.

i. Detailed description of the nature and content of the communication between the ClearTrust Web Server Agent and the ClearTrust Authorization Server and/or the ClearTrust Database before a user is authenticated.

j. Detailed description of the information exchanged between the ClearTrust Web Server Agent and the ClearTrust Authorization Server and/or the ClearTrust Database before a user is authenticated.

8. In instances where Wal-Mart has used or is using RSA's Authentication Manager to authenticate a user onto its computer network when that user is attempting to access data maintained on Wal-Mart's computer network:

   a. Description of where the RSA Authentication Agent is installed and maintained.

   b. Detailed description of the function of the RSA Authentication Agent.

   c. Detailed description of the nature of the communication between the RSA Authentication Agent and the computer of the user who is attempting to get authenticated.

   d. Description of where the RSA Authentication Manager Engine and the RSA Authentication Manager Database are installed.

   e. Description of the nature and type of information that the RSA Authentication Manager Engine and/or the RSA Authentication Manager Database maintain about the RSA Authentication Agent.

   f. Storage in the RSA Authentication Manager Engine and/or the RSA Authentication Manager Database of the identity data of the RSA Authentication Agent.

   g. The nature and type of information that the RSA Authentication Manager Engine and/or the RSA Authentication Manager Database maintain about each of the user who is allowed to access Wal-Mart's computer network.

   h. Storage in the RSA Authentication Manager Engine and/or the RSA Authentication Manager Database of the identity data of each of the users who are allowed to access Wal-Mart's computer network.

      i. Detailed description of the nature and content of the communication between the RSA Authentication Agent and the RSA Authentication Manager Engine and/or the RSA Authentication Manager Database before a user is authenticated.

      j. Detailed description of the information exchanged between the RSA Authentication Agent and the RSA Authentication Manager Engine and/or the RSA Authentication Manager Database before a user is authenticated.

9. Communications between Wal-Mart and RSA regarding the sale of RSA's ClearTrust software to Wal-Mart.

10. Communications between Wal-Mart and RSA regarding implementation and configuration of RSA's ClearTrust software.

11. Communications between Wal-Mart and RSA regarding the sale of RSA's Authentication Manager software to Wal-Mart.

12. Communications between Wal-Mart and RSA regarding implementation and configuration of RSA's Authentication Manager software.

13. Communications between Wal-Mart and RSA regarding purchase by Wal-Mart of any other IAM software or hardware from RSA.

14. Communications between Wal-Mart and RSA regarding the implementation and configuration of any other RSA IAM product.

15. Wal-Mart's use of any RSA products other than ClearTrust or Authentication Manager to authenticate a user.

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2006, I caused a copy of the foregoing Subpoena to be sent by Overnight United States mail, Return Receipt Requested, postage prepaid, to

Wal-Mart Stores, Inc.
Attn: Susan Schell
702 Southwest 8th Street
Bentonville, AR 72716-0215

_____
Theresa L. Davis

Subscribed and sworn to before me this 20th day of November, 2006.

_____
Notary Public

CATHERINE M. RUPPRECHT
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 14, 2010

DC1 45691180 1
11/15/06