IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>Defendants. | C.A. No. 05-214 JJF |

**PLAINTIFF PRISM TECHNOLOGIES LLC'S MOTION FOR LEAVE
TO SUPPLEMENT THE MARKMAN HEARING RECORD**

Richard D. Kirk
Ashley B. Stitzer
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899-5130
(302) 655-5000

ATTORNEYS FOR PLAINTIFF
PRISM TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
André J. Bahou, Esq.
Aziz Burgy, Esq.
Chandran B. Iyer, Esq.
ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.
1875 Eye Street, N.W., Suite 300
Washington, D.C. 20006-5409
(202) 775-0725

643684-1

**TABLE OF CONTENTS**

Page

NATURE OF THE PROCEEDINGS ................................................................................................ 1
SUMMARY OF THE ARGUMENT ................................................................................................. 1
STATEMENT OF FACTS ................................................................................................................. 2
ARGUMENT ...................................................................................................................................... 2
    I.    THE COURT SHOULD GRANT PRISM LEAVE TO ADDRESS DEFENDANTS' NEWLY RAISED ARGUMENTS. ......................................... 2
CONCLUSION ................................................................................................................................... 5

# TABLE OF AUTHORITIES

Page

**Cases**

*Gillette Co. v. Energizer Holdings, Inc.,*
    405 F.3d 1367 (Fed. Cir. 2005) .................................................................................. 4

*Phillips v. AWH Corp.,*
    415 F.3d 1303 (Fed. Cir. 2005) .................................................................................. 3

**Other Authorities**

Webster's New Universal Unabridged Dictionary
    (2d 1983) .................................................................................................................. 3

## NATURE OF THE PROCEEDINGS

This suit involves the claim by plaintiff Prism Technologies L.L.C. ("Prism") that VeriSign, Inc., RSA Security, Inc., and Computer Associates, Inc.,[1] who are providers of internet security products and services, as well as Johnson & Johnson Services, Inc., a user of internet security products (collectively, "defendants"), infringe Prism's U.S. Patent No. 6,516,416 (the '416 patent).[2] Prism filed a Complaint for infringement of the '416 patent against the defendants on April 11, 2005. (D.I. 1). Prism amended its Complaint on June 22, 2005 (D.I. 30) and on August 11, 2006. (D.I. 191).

This Court entered a Scheduling Order on May 10, 2006. (D.I. 109). Pursuant to Paragraph 7 of that Order, the parties submitted *Markman* briefing and participated in a *Markman* Hearing on November 9, 2006 in which defendants raised new arguments.

Prism here moves for leave to supplement the record with the proffered Declaration of Dr. Michael Shamos (attached hereto as Exhibit A), Prism's technical expert, to reply to certain new arguments presented by defendants for the first time during the *Markman* Hearing.

## SUMMARY OF THE ARGUMENT

Prism proffers the Declaration of Dr. Shamos by which it proposes to supplement the record of the *Markman* proceedings held on November 9, 2006. In so doing, Prism seeks to reply to certain arguments presented for the first time by defendants during the *Markman* oral argument. Namely, Dr. Shamos addresses the issue of the proper interpretation of the claim term

---

[1] Computer Associates International, Inc. (CA) completed its acquisition of defendant Netegrity, Inc. on November 24, 2004.

[2] Ex. 1, attached to Declaration of Richard D. Kirk (hereinafter, "Kirk Decl.").

1

"subscriber" and the issue of whether the patent-in-suit describes an algorithm for authenticating the first server, one of the functions of the "clearinghouse means" as recited in claim 1.

## STATEMENT OF FACTS

On November 8, 2006, the day before the *Markman* Hearing, defendant RSA filed with the Court excerpts from Mr. Sandeep Giri's[3] deposition testimony along with corresponding exhibits to be used at the *Markman* Hearing. RSA did not specify for what purpose it would be using Mr. Giri's testimony. At the Hearing, however, RSA argued, for the first time, that Mr. Giri was unable to identify the algorithm associated with one of the corresponding functions of the claim term "clearinghouse means" as found in claim 1 of the '416 patent.[4]

Defendants also, presented for the first time, new arguments during the *Markman* Hearing related to the interpretation of the claim term "subscriber." Here, defendants argued that the term "subscriber" had a different meaning at the time of the filing of the application (*i.e.*, 1997) than in 2000, the date of the dictionary definition relied upon by Prism for that term.[5]

Because defendants first raised these new arguments at the *Markman* Hearing, Prism seeks leave to supplement the record by proffering the Declaration of Dr. Shamos to address these limited arguments.

## ARGUMENT

I.  **THE COURT SHOULD GRANT PRISM LEAVE TO ADDRESS DEFENDANTS' NEWLY RAISED ARGUMENTS.**

During the Hearing, defendants argued (for the first time) that the claim term "subscriber" had a different meaning as of the '416 patent application's filing date (*i.e.*, 1997)

---

[3] Sandeep Giri is one of three named inventors listed on the '416 patent.
[4] *Markman* Hearing Transcript at 129:14-131:5, excerpts from the transcript are attached as Ex. 2, Kirk Decl.
[5] *Id.* at 63:17-65:3, Ex. 2, Kirk Decl.

than in 2000, which is the date of Prism's cited definition of "subscribe" in the American Heritage Dictionary.[6] In particular, defendants cited a different dictionary – Webster's New Universal Unabridged Dictionary (2d 1983) – contending that "subscriber" meant a party who pays for access to content at the time of the invention.[7] Notwithstanding that defendants' cited dictionary definition is from 1983, which is fourteen years removed from the filing date, defendants go on to cite the Wall Street Journal and Playboy as two examples of publications that required a subscriber to pay for content at the time of the filing of the application.[8] As evidenced in Dr. Shamos' proffered affidavit, these isolated examples are quite misleading.

Following the Hearing, Dr. Shamos researched defendants' allegation that "subscriber" must mean a paying subscriber. In so doing, Dr. Shamos presents in his proffered Declaration several examples of Internet newspaper publications that offered content free to subscribers at the time of or just before the filing of the patent application.[9] Thus, the proffered Declaration sets forth Dr. Shamos' factual foundation for how one of ordinary skill in the art would have understood the term "subscriber" at the time of the invention. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) ("The inquiry into how a person of ordinary skill in the art understands a claim term provides an objective baseline from which to begin claim interpretation.") (en banc), *cert. denied*, 126 S. Ct. 1332 (U.S. 2006). It also follows that Prism's later-dated (*i.e.*, 2000) dictionary definition, which does not require that a subscriber necessarily pay for content, provides a better technological and temporal context for the term. *See Gillette Co. v. Energizer Holdings, Inc.*, 405 F.3d 1367, 1371 (Fed. Cir. 2005) ("Claim construction

---

[6] *See* Plaintiff Prism Technologies LLC's Claim Construction Answering Brief at 12 n.5.
[7] *Markman* Hearing Transcript at 64:7-65:3, Ex. 2, Kirk Decl.
[8] *Id.* at 55:17-56:20, Ex. 2, Kirk Decl.
[9] Shamos Decl. at ¶¶ 17-28.

requires this court to place the claim language in its proper technological and temporal context."). Moreover, defendants have presented no evidence that the inventors ever disclaimed a meaning of that term which does not require payment.

Defendants also take issue with whether the '416 patent discloses how to authenticate the first server to the clearinghouse. As discussed in Prism's briefing papers, one of the functions of the claim term "clearinghouse means" is to authenticate the identity of said first server computer.[10] Defendants contend that the '416 patent's specification lacks adequate support for this recited function. The specification, however, provides the specific structure for performing this function when it recites:

> In order to perform subscriber authentication, the subscription access server [First Server] will need to interact with the system clearinghouse 30, which it does by establishing and maintaining a communication line between itself and the clearinghouse. The information transmitted on this communication line is encrypted using a public/private key mechanism so that only authentic servers and an authentic subscription access clearinghouse can communicate with each other.

'416 patent, col. 25:50-58. Nevertheless, defendants cite isolated deposition testimony from one of the inventors as support for their contention that this passage lacks a step-by-step process to conduct first server authentication using a public/private key mechanism.[11] Defendants' contention suffers from at least two infirmities.

First, defendants' citation to the deposition testimony of Mr. Giri is misleading. Properly interpreted in the context of responding to RSA counsel's question, Mr. Giri responded that he had "no opinion."[12] Given that Mr. Giri is ten years removed from his work on the invention

---

[10] *See, e.g.,* Plaintiff Prism Technologies LLC's Opening Claim Construction Brief at 21-22.
[11] *Markman* Hearing Transcript at 63:17-65:3, Ex. 2, Kirk Decl.
[12] Giri Dep., Oct. 30, 2006, at 278:13-15, Ex. 3, Kirk Decl.

claimed in the '416 patent, his response is wholly consistent with his recollection. More importantly, Dr. Shamos opines in his Declaration that a person of ordinary skill in the art would necessarily know how to perform authentication using a public/private key mechanism.[13] In fact, the public/private key mechanism for authentication is fully described in Internet RFCs 1421 and 1422, which were provided to the Court at the *Markman* Hearing. Moreover, the principal algorithm for public-key authentication was invented by the founders of defendant RSA Data Security, Inc. and has been well known since 1976.[14]

## CONCLUSION

Prism respectfully requests that this Court grant its motion for leave to supplement the record with the Declaration of Dr. Michael Shamos.

November 20, 2006

OF COUNSEL:
Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
André J. Bahou, Esq.
Aziz Burgy, Esq.
Chandran B. Iyer, Esq.
Robins, Kaplan, Miller & Ciresi LLP
1875 Eye Street, N.W., Suite 300
Washington, D.C. 20006-5409
(202) 775-0725

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (rk0922)
Ashley B. Stitzer (as3891)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com
astitzer@bayardfirm.com
ATTORNEYS FOR PLAINTIFF PRISM TECHNOLOGIES LLC

---

[13] Shamos Decl. at ¶¶ 29-32.
[14] Shamos Decl. at ¶ 29.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>                Plaintiff,<br><br>      v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>                Defendants. | Civil Action No. 05-214 JJF |

**LOCAL RULE 7.1.1 STATEMENT IN SUPPORT OF
PLAINTIFF PRISM TECHNOLOGIES LLC'S
MOTION TO SUPPLEMENT THE *MARKMAN* HEARINGRECORD**

The undersigned attorney for plaintiff, Prism Technologies LLC ("Prism"), hereby states, pursuant to Local Rule 7.1.1, that Prism's attorneys have made a reasonable effort to reach agreement with opposing counsel on the matters set forth in the attached Motion for Leave to Supplement the *Markman* Hearing Record but that agreement was not forthcoming.

November 20, 2006

                                        THE BAYARD FIRM

                                        /s/ Richard D. Kirk
                                        Richard D. Kirk (rk0922)
                                        Ashley B. Stitzer (as3891)
                                        222 Delaware Avenue, Suite 900
                                        P.O. Box 25130
                                        Wilmington, DE 19899-5130
                                        (302) 655-5000
                                        rkirk@bayardfirm.com
                                        astitzer@bayardfirm.com
                                        Counsel for plaintiff,
                                        Prism Technologies LLC

643516-1

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on November 20, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Frederick L. Cottrell, III, Esq.
Alyssa M. Schwartz, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document were sent by hand on November 20, 2006 to the above counsel and by first-class mail or overnight delivery as indicated to the below counsel:

*Via Federal Express*

John DiMatteo, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

William Lee, Esq.
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA 02109

Jason Snyderman, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

Frank C. Cimino, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

587422-1

David M. Schlitz
Baker Botts L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC  20004-2400

Samir A. Bhavsar
Jeffrey D. Baxter
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, TX  75201-2980

<u>/s/ Richard D. Kirk (rk0922)</u>
Richard D. Kirk

587422-1