IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>                Plaintiff,<br><br>    v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>                Defendants. | Civil Action No. 05-214 JJF |

**NOTICE OF SUBPOENA *AD TESTIFICANDUM*
DIRECTED TO BANK OF AMERICA CORPORATION**

**TO:**

Frederick L. Cottrell, III, Esq.
Alyssa M. Schwartz, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE  19899

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

John DiMatteo, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY  10019-6099

William Lee, Esq.
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA  02109

| | |
|---|---|
| Jason Snyderman, Esq. | Frank C. Cimino, Esq. |
| Akin Gump Strauss Hauer & Feld LLP | Akin Gump Strauss Hauer & Feld LLP |
| One Commerce Square, Suite 2200 | Robert S. Strauss Building |
| 2005 Market Street | 1333 New Hampshire Avenue, NW |
| Philadelphia, PA 19103 | Washington, DC 20036-1564 |
| | |
| | Samir A. Bhavsar |
| David M. Schlitz | Jeffrey D. Baxter |
| Baker Botts L.L.P. | Baker Botts L.L.P. |
| 1299 Pennsylvania Avenue, NW | 2001 Ross Avenue |
| Washington, DC 20004-2400 | Dallas, TX 75201-2980 |

PLEASE TAKE NOTICE that Plaintiff Prism Technologies L.L.C.'s, by its undersigned attorneys, will take the deposition of Bank of America Corporation ("BoA"), in accordance with the procedures described in Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure.

The deposition will be conducted at 9:00 a.m. on December 7, 2006 at Bank of America Corporation, 100 N. Tryon Street, Bank of America Corporate Center, Charlotte, NC 28255, before a certified court reporter or some other officer authorized by law to administer oaths, to be used at the trial of the above matter.

THE BAYARD FIRM

November 24, 2006

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com

ATTORNEYS FOR PLAINTIFF PRISM TECHNOLOGIES LLC

OF COUNSEL:
Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Chandran B. Iyer, Esq.
André J. Bahou, Esq.
Aziz Burgy, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1875 Eye Street, N.W., Suite 300
Washington, D.C. 20006-5409
(202) 775-0725

Issued by the
**UNITED STATES DISTRICT COURT**
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PRISM TECHNOLOGIES LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>        Defendant(s). | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1]  CA 05-214 JJF<br>Venued in the US District Court<br>for the District of Delaware |

TO:   **Timothy J. Mayopoulos, Esq.**
      **Bank of America Corporation**
      **Legal Department**
      **Bank of America Plaza**
      **101 S. Tryon Street**
      **Charlotte, NC 28255**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case: See Schedule B

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Bank of America Corporation**<br>**100 N. Tryon Street**<br>**Bank of America Corporate Center**<br>**Charlotte, NC 28255** | **December 7, 2006 at 9:00 a.m.** |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached schedule(s).

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>/s/ Chandran B. Iyer                             , Counsel for Plaintiff | DATE<br>November 24, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Chandran B. Iyer, Esq., Robins, Kaplan, Miller & Ciresi L.L.P., Suite 1200, 1801 K Street N.W., Washington, DC 20006, (202) 775-0725 (phone); (202) 223-8604 (fax)

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

**PROOF OF SERVICE**

|  | DATE | PLACE |
|--|------|-------|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                     DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B)( iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

### Definitions

A. "The '416 patent" or "patent-in-suit" refers to United States Patent No. 6,516,416, entitled "Subscription Access System For Use With An Untrusted Network."

B. "Identity and Access Management" or "IAM" shall mean software and hardware intended to identify users in a system (*e.g.,* employees, customers, contractors, etc.) and control their access to resources within that system by associating user rights and restrictions with the established identity, including but not limited to Web single sign-on (SSO), advanced authentication, and/or strong authentication used with USB tokens, Smart Cards, and/or digital identification.

C. "VeriSign's Accused Products" refers to each and every IAM product Prism alleges VeriSign, Inc. made, used, sold, or offered to sell that infringes on the '416 patent, specifically including, but not limited to:

    a. Unified Authentication;

    b. GoSecure;

    c. Verisign Identity Protection (a.k.a. VIP);

    d. Verisign Unified Authentication Token;

    e. VeriSign Multipurpose Next-Generation Token;

    f. VeriSign Secure Storage Token; and

    g. VeriSign USB Token.

D. "CA's Accused Products" refers to each and every IAM product Prism alleges Computer Associates International, Inc. and/or Netegrity, Inc. made, used, sold, or offered to sell that infringes on the '416 patent, specifically including, but not limited to:

        a.    SiteMinder (now known as eTrust SiteMinder); and

        b.    TransactionMinder (now known as eTrust TransactionMinder).

E.    "RSA's Accused Products" refers to each and every IAM product Prism alleges RSA Security, Inc. made, used, sold, or offered to sell that infringes on the '416 patent, specifically including, but not limited to:

        a.    ClearTrust (now known as Access Manager);

        b.    ClearTrust with Sign-On Manager;

        c.    ClearTrust with Federated Identity Management;

        d.    Validation Solution;

        e.    Authentication Manager (a.k.a. ACE/Server and ACE/Agent);

        f.    GO ID Authentication Service;

        g.    RSA SecureID Appliance bundled with Authentication Manager;

        h.    RSA SID800 Hardware Authenticator;

        i.    RSA 5100 Smart Card;

        j.    RSA 5200 Smart Card; and

        k.    RSA 6100 USB Authenticator.

F.    "Defendant," "Defendants," "they," or "their" refers to VeriSign, Inc., Computer Associates International, Inc., Netegrity, Inc., RSA Security, Inc., and/or Johnson & Johnson Services, Inc., their officers, employees, counsel, agents, consultants, and representatives and includes joint ventures and other legal entities which are wholly or partially owned or controlled by VeriSign, Inc., Computer Associates International, Inc., Netegrity, Inc., RSA Security, Inc., and/or Johnson & Johnson Services, Inc., either directly or indirectly, and the officers,

employees, counsel, agents, consultants, and representatives of these divisions, subsidiaries, and joint ventures.

    G.    "Defendants' Accused Products" refers to each and every IAM product that Prism alleges any of the Defendants made, used, sold, or offered to sell that infringes on the '416 patent, specifically including, but not limited to each and every product enumerated in VeriSign's Accused Products, CA's Accused Products, and RSA's Accused Products.

    H.    "Token" or "Hardware Token" refers to any USB token device, Smart Card, or other device capable of digital identification such as, but not limited to, the Aladdin eToken PRO, Aladdin eToken R2, Aladdin eToken NG-Flash, Aladdin eToken Pro (Smart Card), Aladdin eToken NG-OTP, Verisign Unified Authentication Token, VeriSign Multipurpose Next-Generation Token, VeriSign Secure Storage Token, VeriSign USB Token, SafeNet iKey 1000, SafeNet iKey 2032, SafeNet Smart Card Model 330, SafeNet Smart Card Model 330J, RSA SID800 Hardware Authenticator, RSA 5100 Smart Card, RSA 5200 Smart Card or RSA 6100 USB Authenticator.

    I.    "Bank of America Corp.," "Bank of America," "you," or "your" refers to Bank of America Corp., its officers, employees, counsel, agents, consultants, and representatives and includes joint ventures and other legal entities which are wholly or partially owned or controlled by Bank of America, either directly or indirectly, and the officers, employees, counsel, agents, consultants, and representatives of these divisions, subsidiaries, and joint ventures.

    J.    The term "person" refers to natural persons, organizations, firms, corporations, and other legal entities, whether or not in the employ of Bank of America, and the acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

K. To "identify" a person means to state the person's name, occupation, job title, and current business address, or if unknown, the last-known business and home address. Unless it otherwise appears from the context, a request for identity or to identify a person relates to all persons in such category or classification.

L. The term "document" as used herein has the broad meaning prescribed for "documents or things" in Fed. R. Civ. P. 34(a) and includes the original and every non-identical copy or reproduction in the possession, custody, or control of Bank of America.

M. To "identify" any document or thing means:

    i. to provide a brief description of such documents sufficient to support a request under Rule 34;

    ii. to state the custodian of the document or the thing by name, job title, employer, and address;

    iii. to state the place where the document or thing may be inspected; and

    iv. if a copy of the document has been previously supplied to defendants to so state and to specifically identify the previously supplied copy by reference to production numbers or other identifying information.

N. Unless it otherwise appears from the context, a request for identity of a person relates to all persons in such classification or category.

O. In construing these Requests, the singular shall include the plural, and the plural shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of these requests all information that might otherwise be construed to be outside their scope.

# SCHEDULE B

## Questions

1. BoA's use of VeriSign's Unified Authentication software as part of a system to authenticate a user onto its computer network when that user is attempting to access data controlled by BoA's computer network?

2. BoA's use of VeriSign's Unified Authentication software as part of a system to authenticate a user onto its computer network when that user is attempting to access data controlled by BoA's computer network via an untrusted network such as the internet?

3. In instances where BoA has used or is using VeriSign's Unified Authentication to authenticate a user onto its computer network when that user is attempting to access data controlled by BoA's computer network:

    a. Description of where the VeriSign Personal Trust Agent ("PTA") software is physically installed.

    b. Detailed description of the function of the PTA.

    c. Description of where the VeriSign Certificate Validation Module ("CVM") is physically installed and maintained.

    d. Detailed description of the function of the CVM.

    e. Description of the nature of the communication and the information exchanged between the CVM and the PTA and/or the computer of the user who is attempting to get authenticated.

    f. Description of where the VeriSign hosted Advanced Transaction Lookup and Signaling ("ATLAS") Online Certificate Status Protocol ("OCSP") Responder and the ATLAS Central Authoritative Database are installed and maintained.

      g.  Description of the nature and type of information that the ATLAS OCSP Responder and the ATLAS Central Authoritative Database maintain about the CVM.

      h.  Storage of the identity data of the CVM in the ATLAS OCSP Responder and/or the ATLAS Central Authoritative Database.

      i.  Description of the nature and type of information that the ATLAS OCSP Responder and/or the ATLAS Central Authoritative Database maintain about the PTA and each of the user who is allowed to access BoA's computer network.

      j.  Storage of the identity data of each of the user who is allowed to access BoA's computer network in the ATLAS OCSP Responder and/or the ATLAS Central Authoritative Database.

      k.  Description of the nature and content of the communication between the CVM and the ATLAS OCSP Responder and/or the ATLAS Central Authoritative Database before a user is authenticated.

      l.  Description of the information exchanged between the CVM and the ATLAS OCSP Responder and/or the ATLAS Central Authoritative Database before a user is authenticated.

4.  Communications between BoA and VeriSign regarding the sale of VeriSign's Unified Authentication software to BoA.

5.  Communications between BoA and VeriSign regarding implementation and configuration of VeriSign's Unified Authentication software.

6.  Communications between BoA and VeriSign regarding purchase by BoA of any other IAM software or hardware from VeriSign.

7. Communications between BoA and any third party regarding purchase by BoA of any hardware tokens to use in conjunction with VeriSign's Unified Authentication software.

8. Communications between BoA and VeriSign regarding the implementation and configuration of any other VeriSign IAM product.

9. Communications between BoA and any third party regarding the implementation and configuration of any hardware tokens to use in conjunction with any other VeriSign IAM software.

10. Detailed description of any VeriSign products other than Unified Authentication used by BoA to authenticate a user attempting to access data controlled by BoA's computer network and the manner in which each of these products are implemented and configured.

11. Detailed description of any RSA Security Inc.'s IAM software or hardware products used or tested by BoA to authenticate a user attempting to access data controlled by BoA's computer network and the manner in which each of these products are (or were) implemented and configured.

12. Detailed description of BoA's use or testing of any hardware tokens with any RSA Security Inc.'s IAM software products to authenticate a user attempting to access data controlled by BoA's computer network.

13. Detailed description of any Netegrity, Inc.'s and/or Computer Associates International, Inc.'s products used or tested by BoA to authenticate a user attempting to access data controlled by BoA's computer network and the manner in which each of these products are (or were) implemented and configured.

14. Detailed description of BoA's use or testing of any hardware tokens with any Netegrity, Inc.'s and/or Computer Associates International, Inc.'s IAM software products to authenticate a user attempting to access data controlled by BoA's computer network.

# **CERTIFICATE OF SERVICE OF SUBPOENA**

I hereby certify that on this 24th day of November, 2006, I caused a copy of the foregoing Subpoena to be sent by Overnight United States mail, Return Receipt Requested, postage prepaid, to

Tomothy J. Mayopoulos, Esq.
Bank of America Corporation
Legal Department
Bank of America Plaza
101 S. Tryon Street
Charlotte, NC  28255

I also caused a copy of the foregoing Subpoena to be sent by Overnight United States mail, Return Receipt Requested, postage prepaid, and via facsimile, to

Attn: Frank E. Emory, Esq.
Hunton & Williams LLP
Bank of America Plaza
Suite 3500
101 S. Tryon Street
Charlotte, NC  28255


　　　　　　　　　　　　　　　　　　　　　　 /s/ Shurland C. Corriea
　　　　　　　　　　　　　　　　　　　　　　Shurland C. Corriea


Subscribed and sworn to before me this _____ day of _____, 2006.


　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Notary Public

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on November 24, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send automatic notification of each filing(s) to the following:

| | |
|---|---|
| Frederick L. Cottrell, III<br>Alyssa Schwartz<br>RICHARDS LAYTON & FINGER<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE  19899-0551 | Richard L. Horwitz, Esq.<br>David E. Moore, Esq.<br>Potter Anderson & Corroon LLP<br>1313 N. Market Street<br>Hercules Plaza, 6th Floor<br>P.O. Box  951<br>Wilmington, DE  19899 |
| Patricia Smink Rogowski<br>CONNOLLY, BOVE, LODGE & HUTZ LLP<br>The Nemours Building<br>1007 North Orange Street<br>PO Box 2207<br>Wilmington, DE  19899 | Steven J. Balick, Esq.<br>John G. Day, Esq.<br>ASHBY & GEDDES<br>222 Delaware Ave., 17th Fl.<br>Wilmington, DE  19801 |

The undersigned counsel further certifies that copies of the foregoing document will be sent by hand and mail on November 27, 2006 to the above counsel and by First-Class mail or overnight delivery as indicated to the below counsel:

| | |
|---|---|
| John DiMatteo, Esq.<br>Willkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York, NY  10019-6099 | William Lee, Esq.<br>Wilmer Cutler Hale & Dorr LLP<br>60 State Street<br>Boston, MA  02109 |
| Jason Snyderman, Esq.<br>Akin Gump Strauss Hauer & Feld LLP<br>One Commerce Square, Suite 2200<br>Philadelphia, PA  19103 | Frank C. Cimino, Esq.<br>Akin Gump Strauss Hauer & Feld LLP<br>Robert S. Strauss Building<br>1333 New Hampshire Avenue, NW<br>Washington, DC  200316-1564 |
| David M. Shiltz<br>Baker Botts L.L.P.<br>1299 Pennsylvania Avenue, NW<br>Washington, DC  20004-2400 | Samir A. Bhavsar<br>Jeffrey D. Baxter<br>Baker Botts L.L.P.<br>2001 Ross Avenue<br>Dallas, TX  75201-2980 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk
