# RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ALYSSA M. SCHWARTZ

DIRECT DIAL NUMBER
302-651-7756
SCHWARTZ@RLF.COM

November 22, 2006

BY E-FILE AND HAND DELIVERY

REDACTED - PUBLIC VERSION

The Honorable Joseph J. Farnan, III
U.S. District Court
 for the District of Delaware
844 King Street, Lockbox 27
Wilmington, DE 19801

    Re:    Prism Technologies, LLC v. VeriSign, Inc., et al.,
           C.A. No. 05-214-JJF

Dear Judge Farnan:

    The Defendants offer this brief response to Plaintiff's submission to the Court of five "Requests For Comment" ("RFCs") during the Markman hearing on November 9, 2006.[1]

    The RFCs submitted by Plaintiff are not even mentioned in the '416 Patent. The Federal Circuit has clearly held that even "material incorporated by reference cannot provide the corresponding structure necessary to satisfy the definiteness requirement for a means-plus-function clause." Default Proof Credit Card Sys. v. Home Depot U.S.A., Inc., 412 F.3d 1291, 1301 (Fed. Cir. 2005). If material incorporated by reference is inadequate to provide corresponding structure, then material never even mentioned in the specification can hardly be sufficient.

    To the extent Plaintiff relies on these RFCs as evidence that one of skill in the art *could have* developed algorithms for performing the claimed functions, that plainly is not the issue before the Court. The disputed issue is whether the patent specification *actually discloses* algorithms for these functions, not whether one of skill in the art could have developed them. Default Proof, 412 F.3d at 1299 ("To meet the definiteness requirement, structure disclosed in the specification must be clearly linked to and capable of performing the function claimed by the means-plus-function limitation."); DE Techs. Inc. v. Dell, Inc., 428 F. Supp. 2d 512, 516-18, 522 (W.D. Va. 2006) (§ 112, ¶ 6 requires the algorithm to be disclosed by the specification; mere fact that one of skill in the art could build a type of program for performing claimed function was insufficient to provide structure without disclosure of an algorithm in the specification); Touchcom, Inc. v. Dresser, Inc., 427 F. Supp. 2d 730 (E.D. Tex. 2005) (concluding "[t]hat one of skill in the art could create structure sufficient to perform a function is not the inquiry").

---

[1] On Monday, November 20, Prism filed yet another attempt to expand the Markman record to include a belated affidavit from their expert, Michael Shamos. Defendants intend to file a separate opposition to that motion on December 6.

RLF1-3084001-1

The Honorable Joseph J. Farnan, III
November 22, 2006
Page 2

Here, the specification of the '416 Patent simply does not actually disclose corresponding structure (i.e., an algorithm or step-by-step process) for several of the recited functions. In particular, the specification does not disclose a step-by-step process for "said clearinghouse means being adapted to authenticate the identity of said first server computer responsive to said subscriber client computer making the request for selected computer resources of said first server computer."

Plaintiff relies heavily on a single sentence in the specification – identified for the first time in its responsive brief and at argument – which states: "[t]he information transmitted on this communication line is encrypted using a public/private key mechanism so that only authentic servers and [an] authentic subscription access clearinghouse can communicate with each other." (Col. 25, ll. 54-58.) Plaintiff indicated at argument that the RFCs somehow show that this single sentence provides a clearly-linked algorithm sufficient to perform the claimed function.

As an initial matter, the sentence cited by Plaintiff does not clearly link the use of some unspecified "public/private key mechanism" to the recited function. The Federal Circuit has held:

> A structure disclosed in the specification qualifies as "corresponding" structure only if the specification or prosecution history clearly links or associates that structure to the function recited in the claim. This duty to link or associate structure to function is the *quid pro quo* for the convenience of employing § 112, ¶ 6.

Default Proof, 412 F.3d at 1298 (citation omitted); Omega Eng'g, Inc. v. Raytek Corp., 334 F.3d 1314, 1332 (Fed. Cir. 2003) ("Unless the structures are clearly associated with the claimed function, they cannot be corresponding structures for purposes of § 112, ¶ 6.")

The sentence cited by Plaintiff merely states that some "public/private key mechanism" is used to encrypt information communicated between authentic servers and an authentic clearinghouse. It does not indicate how the servers and clearinghouse are authenticated, when, or by whom. Nor does this sentence indicate that any hardware or software associated with the clearinghouse uses a "public/private key mechanism" to authenticate the identity of any particular server computer responsive to a subscriber client computer making a request for selected computer resources. Thus, the "public/private key mechanism" is not clearly linked to the recited function, and extrinsic evidence (such as the RFCs) cannot be used to fill in the gap. Omega Eng'g, 334 F.3d at 1332 (holding that patentee impermissibly submitted expert testimony to rewrite patent's specification to link claimed function to structures mentioned in specification but not clearly associated with claimed function).[2]

Furthermore, the single sentence cited by Plaintiff does not provide an algorithm (or step-by-step process) for performing the recited function. The Federal Circuit has held:

---

[2]  Nor, in fact, could the RFCs cited by Plaintiff possibly fill the gap – RFCs 1421 and 1422 pertain to electronic mail, rather than the authentication of servers using a "public/private key mechanism".

The Honorable Joseph J. Farnan, III
November 22, 2006
Page 3

> The price that must be paid for the use of [means-plus-function claim drafting] is limitation of the claim to the means specified in the *written description* and equivalents thereof. If the *specification* is not clear as to the structure that the patentee intends to correspond to the claimed function, then the patentee has not paid that price but is rather attempting to claim in functional terms unbounded by any reference to structure in the specification. Such is impermissible under the statute.

<u>Medical Instrumentation and Diagnostics Corp. v. Elekta AB</u>, 344 F.3d 1205, 1211 (Fed. Cir. 2003) (internal quotations omitted) (emphasis added).

Plaintiff has not even attempted to identify a step-by-step process; rather, Plaintiff states that the corresponding structure is "the portion of the clearinghouse software (*e.g.*, a user authentication daemon 58) which authenticates the first server, and equivalents thereof." The reason is clear. There is no step-by-step process in this sentence, or anywhere else in the specification. The named inventor Sandeep Giri — who "led the effort to gather the technical requirements ..., develop early prototypes, and produce detailed technical design specifications of the underlying system architecture"[3] — was unable to identify any algorithm for performing the server authentication function in the passing reference to a "public/private key mechanism."[4] The RFCs submitted by Plaintiff cannot be used to impute an algorithm or step-by-step process which, by the inventor's own admission, simply does not exist within the written description itself. As noted during argument, the factual record developed during Mr. Giri's deposition further explains why the written description contains no disclosure of an algorithm: Mr. Giri did not start working on the algorithm until *after the patent application was filed*.[5]

---

[3] RSA Security Inc.'s Notice of Filing and Service of Excerpts from the Deposition of Sandeep Giri and Exhibits Thereto ("RSA Notice"), Ex. B at P019226
[4] <u>Id.</u>, Ex. A at 276-78; Defs. Markman Ex. 1 at Col. 25:54-58.
[5]

REDACTED

The Honorable Joseph J. Farnan, III
November 22, 2006
Page 4

  For the same reasons, the specification does not disclose a step-by-step process for "server software means installed on said first server compute adapted to forward its identity data and identity data of each subscriber client computer to said clearinghouse means at the beginning of an operating session in which access to selected computer resources of said first server computer in requested." The specification does not clearly link the use of TCP/IP or UDP/IP to the recited function of the server software means forwarding the identity data of the first server computer. The specification never mentions any identity data of the server computer, much less provide an algorithm or step-by-step process for forwarding the server identity data to the clearinghouse means. The extraneous RFCs 768, 791, and 793, which describe User Datagram Protocol, Internet Protocol, and Transmission Control Protocol, do not and cannot provide the missing link to the claimed function or the missing algorithm for performing the claimed function.

  On this basis, notwithstanding the RFCs, the "server software means" and "clearinghouse means" limitations are indefinite, and all asserted claims of the '416 Patent containing those limitations – including claims 1 and 24 – are invalid. Default Proof, 412 F.3d at 1298 (affirming a district court's summary judgment of invalidity for indefiniteness, even though the patentee presented uncontroverted expert testimony purporting to show that the specification disclosed structure corresponding to a means-plus-function limitation).

Respectfully,

/s/ Alyssa M. Schwartz

Alyssa M. Schwartz (#4351)

AMS:lmg

cc: Clerk, U.S. District Court (by hand delivery and electronic filing)
  Patricia Smink Rogowski, Esquire (by electronic filing and electronic mail)
  Richard D. Kirk, Esquire (by electronic filing and electronic mail)
  Richard L. Horwitz, Esquire (by electronic filing and electronic mail)
  Steven J. Balick, Esquire (by electronic filing and electronic mail)
  Robert A. Auchter, Esquire (by electronic filing and electronic mail)
  Andre J. Bahou, Esquire (by electronic filing and electronic mail)
  Jeffrey D. Baxter, Esquire (by electronic filing and electronic mail)
  Samir A. Bhavsar, Esquire (by electronic filing and electronic mail)
  Jason R. Buratti, Esquire (by electronic filing and electronic mail)
  David M. Schlitz, Esquire (by electronic filing and electronic mail)
  Dirk D. Thomas, Esquire (by electronic mail)
  John DiMatteo, Esquire (by electronic mail)
  Edward F. Mannino, Esquire (by electronic mail)
  Jason Snyderman, Esquire (by electronic mail)