IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>Defendants. | Civil Action No. 05-214 JJF |

**PLAINTIFF PRISM TECHNOLOGIES LLC'S
NOTICE OF SUPPLEMENTAL DEPOSITION TOPICS TO DEFENDANTS
COMPUTER ASSOCIATES INTERNATIONAL, INC. AND NETEGRITY, INC.**

Please take notice that Plaintiff Prism Technologies LLC ("Prism"), pursuant to Fed. R. Civ. P. 30(b)(6), the Court's Scheduling Order, the Court's Order of July 21, 2006 regarding depositions, and the Local Rules of the Court, will take deposition upon oral examination of Defendants Computer Associates International, Inc. and Netegrity, Inc. (collectively "CA"), through one or more of CA's officers, directors, managing agents, or other authorized persons who are most knowledgeable about the supplemental topics listed in Schedule B, commencing on a mutually agreeable date and time at the law offices of Robins, Miller, Kaplan & Ciresi LLP, 25th Floor, 800 Boylston Street, Boston, MA 02199 or another mutually agreeable location.

The deposition will be taken by oral examination before an officer authorized by the laws of the United States to administer oaths, and will be recorded by stenographic and/or videographic and/or audiographic means. Prism reserves the right to use the videotape of the

deposition at trial under Fed. R. Civ. P. 30(b)(2) and 32. The deposition will continue from day to day until concluded or as agreed to between the parties.

In accordance with Fed. R. Civ. P. 30(b)(6), CA is advised of its duty to designate one or more of its officers, directors or other persons to testify on its behalf with respect to the topics listed below. At least one week in advance of the date of deposition, CA should (1) provide a written designation of the name(s) and position(s) of the person(s) designated to testify, and (2) produce, pursuant to Fed. R. Civ. P. 34, any documents reviewed or considered in preparation for the deposition, except those documents produced in response to Prism's discovery requests may be identified by production number.

THE BAYARD FIRM

November 30, 2006

/s/Richard D. Kirk (rk0922)
Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com
astitzer@bayardfirm.com

ATTORNEYS FOR PLAINTIFF PRISM
TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
André J. Bahou, Esq.
Aziz Burgy, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 775-0725

644602-1

## SCHEDULE A

### DEFINITION AND INSTRUCTIONS

A. "The '416 patent" or "patent-in-suit" refers to United States Patent No. 6,516,416, entitled "Subscription Access System For Use With An Untrusted Network."

B. "Identity and Access Management" or "IAM" shall mean software and hardware intended to identify users in a system (employees, customers, contractors, etc.) and control their access to resources within that system by associating user rights and restrictions with the established identity, including but not limited to Web single sign-on (SSO), advanced authentication, and/or strong authentication used with USB tokens, Smart Cards, and/or digital identification.

C. "SiteMinder" or "SiteMinder Authentication Suite" refers to Computer Associates' suite (now known as eTrust SiteMinder) and Netegrity, Inc.'s suite (previously known as Netegrity SiteMinder) of managed authentication and security services, and the related software and hardware, that perform Identity and Access Management.

D. "TransactionMinder" or "TransactionMinder Authentication Suite" refers to Computer Associates' suite (now known as eTrust TransactionMinder) and Netegrity, Inc.'s suite (previously known as Netegrity TransactionMinder) of managed authentication and security services, and the related software and hardware, that perform Identity and Access Management.

E. "CA" "Defendant," "you," or "your" refers to Computer Associates International, Inc. and Netegrity, Inc., its officers, employees, counsel, agents, consultants, and representatives and includes joint ventures and other legal entities which are wholly or partially owned or controlled by Computer Associates International, Inc. and Netegrity, Inc., either directly or

644602-1

indirectly, and the officers, employees, counsel, agents, consultants, and representatives of these divisions, subsidiaries, and joint ventures.

F.  The term "person" refers to natural persons, organizations, firms, corporations, and other legal entities, whether or not in the employ of plaintiff, and the acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

G.  To "identify" a person means to state the person's name, occupation, job title, and current business address, or if unknown, the last-known business and home address. Unless it otherwise appears from the context, a request for identity or to identify a person relates to all persons in such category or classification.

H.  The term "document" has the meaning prescribed for "documents and things" in Fed. R. Civ. P. 34(a) and includes the original and every non-identical copy or reproduction in the possession, custody or control of Computer Associates International, Inc. and Netegrity, Inc.

I.  To "identify" any document or thing means:

    i.  to provide a brief description of such documents sufficient to support a request under Rule 34;

    ii. to state the custodian of the document or the thing by name, job title, employer, and address;

    iii. to state the place where the document or thing may be inspected; and

    iv. if a copy of the document has been previously supplied to defendants to so state and to specifically identify the previously supplied copy by reference to production numbers or other identifying information.

J.      In construing these Topics, the singular shall include the plural, and the plural shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of these Topics all information that might otherwise be construed to be outside their scope.

K.      The term "Accused Products" refers to the following CA products:

      i.      SiteMinder (now known as eTrust SiteMinder); and

      ii.      TransactionMinder (now known as eTrust TransactionMinder).

L.      "Authentication" refers to the process of determining the identity of a user.  This process usually involves a password, token, and/or certificate.  *See, e.g.,* CA003330.  It also refers to a technique used to identify a user before granting them access to an application or resource on the network.  *See, e.g.,* CA005004.

M.      "Authentication scheme" refers to a SiteMinder object that determines the credentials a user will need to access a protected resource.  Authentication schemes are assigned to realms.  When a user tries to access a resource in a realm, the authentication scheme of the realm determines the credentials that a user must supply in order to access the resources.  *See, e.g.,* CA003330.

## SCHEDULE B

## SUPPLEMENTAL DEPOSITION TOPICS

45. The factual bases for any contention that CA does not infringe the '416 patent.

46. The factual bases relating to any counterclaim for declaratory judgment that CA does not infringe the '416 patent.

47. The factual bases for any contention that CA does not willfully infringe the '416 patent.

48. The factual bases for any contention that the '416 patent is invalid or otherwise unenforceable.

49. The factual bases relating to any counterclaim for declaratory judgment that the '416 patent is invalid or otherwise unenforceable.

50. CA's Responses to any and all of Prism's Interrogatories and Requests for Production.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on November 30, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Frederick L. Cottrell, III, Esq.
Alyssa M. Schwartz, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document were sent by hand on November 30, 2006 to the above counsel and by first-class mail or overnight delivery as indicated to the below counsel:

*Via Federal Express*

John DiMatteo, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

William Lee, Esq.
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA 02109

Jason Snyderman, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

Frank C. Cimino, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

587422-1

David M. Schlitz
Baker Botts L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC  20004-2400

Samir A. Bhavsar
Jeffrey D. Baxter
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, TX  75201-2980

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

587422-1