IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC,<br><br>       Plaintiff,<br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>       Defendants. | Civil Action No. CA 05-214 JJF<br>**Jury Trial Demanded** |

**DEFENDANTS JOINT MEMORANDUM IN OPPOSITION TO
PLAINTIFF, PRISM'S, MOTION FOR LEAVE TO
SUPPLEMENT THE MARKMAN HEARING RECORD**

Frederick Cottrell (#2555)
Alyssa Schwartz (#4351)
RICHARDS LAYTON & FINGER
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7509
cottrell@rlf.com
schwartz@rlf.com

*Counsel for RSA Security Inc.*

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Counsel for Computer Associates
International, Inc. and Netegrity Inc.*

Patricia S. Rogowski (#2632)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
progowski@cblh.com

*Counsel for VeriSign Inc.*

Steven Balick (#2114)
John G. Day (#2403)
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com

*Counsel for Johnson & Johnson*

## SUMMARY

Prism Technologies LLC ("Prism") seeks to re-open the *Markman* record to introduce an extrinsic declaration from its expert, Dr. Michael Shamos, in the hopes of re-arguing claim constructions for the disputed terms "subscriber" and "clearinghouse means."[1] Prism's only justification for re-opening the *Markman* record is that Defendants VeriSign, Inc., RSA Security, Inc., Computer Associates, Inc., and Johnson & Johnson Services, Inc. (collectively "Defendants") argued *two new positions* for these terms at the hearing, and that it could not rebut these arguments because it was previously unaware of them. Not only is this statement incorrect because the only information relied upon by Defendants was already of record or found in Prism's construction briefs, but it is also untimely because Prism was granted leave to present Dr. Shamos at the hearing but declined. Accordingly, Prism's motion should be denied.

## ARGUMENT

### I. DEFENDANTS DID NOT ARGUE ANYTHING NEW WITH REGARD TO THE DISPUTED CLAIM TERM "SUBSCRIBER"

In seeking to supplement the already extensive *Markman* record, Prism mischaracterizes Defendants' use of a dictionary at the hearing. Defendants' pointed to the *Websters New Twentieth Century Dictionary* (1983) definition of "subscriber" to call attention to Prism's inconsistent use of dictionary definitions. This is the same dictionary that Prism cited in support of its claim constructions in its opening brief. (Exh. A, Prism Opening Br. at 26) Yet in its responsive brief, Prism cited a different dictionary, *American Heritage Dictionary* (2000), which was published several years after the filing

---

[1] Dr. Shamos' declaration cites never-seen-before extrinsic materials such as internet periodicals, articles, publications, models and a U.S. Patent to bolster Prism's constructions for "subscriber" and "clearinghouse means." *See* Prism's Br., Exh. A at 4-6 (Shamos Dec.).

date of the '416 patent application, for the definition of "subscriber." (Exh. B, Prism Res. Br. at 12, n.5). Prism cannot argue that it was unaware of the 1983 dictionary definition of "subscriber" referred to by Defendants at the hearing – it was in the very dictionary Prism had in its possession. Prism's failure to provide the Court with the entry for "subscriber" in the first instance is not a proper basis for re-opening the *Markman* record.

More significantly, Dr. Shamos' testimony at most can establish that there are competing definitions (or usages) of the term "subscriber." In those circumstances, the task for the Court is to analyze the intrinsic evidence to determine the correct definition for "subscriber," which according to the specification, can only be interpreted to mean a party who pays for access to content. Philips v. AWH Corp., 415 F.3d 1303, 1320 - 1322 (Fed. Cir. 2005). As Defendants proved at the hearing, the specification uses the term "subscriber" consistently to refer to a person who pays to receive content from an information provider. Accordingly, Dr. Shamos' extrinsic testimony must be rejected because it contradicts the intrinsic evidence in this case.

## II. DEFENDANTS DID NOT ARGUE ANYTHING NEW WITH REGARD TO THE DISPUTED CLAIM TERM "CLEARINGHOUSE MEANS"

Likewise, Dr. Shamos's opinions concerning "public/private key mechanisms" should not be received. Dr. Shamos's opinions relate to a single sentence in the specification that Prism contends provides corresponding structure for the "clearinghouse means" limitation. Dr. Shamos's opinions on this subject are little more than an attempt to rewrite the patent specification in the same manner that he tried (and failed) to do in DE Technologies, Inc. v. Dell, Inc., 428 F. Supp. 2d 512 (W.D. Va. 2006). His opinions should have been disclosed during claim construction briefing, if at all, but they were not.

Prism asserts that Dr. Shamos's opinions should nonetheless be received now because they are allegedly responsive to the deposition testimony of named inventor Mr. Sandeep Giri, which Prism asserts caught them by surprise during Defendants' argument.[2] This excuse rings hollow. Three of Prism's lawyers, including lead trial counsel, were in the room when Mr. Giri testified in his deposition ten days before the *Markman* hearing that he found no disclosure of a step by step process in the sentence upon which Prism now relies. Prism and its counsel well understood the importance of this testimony.

Moreover, two days after the deposition (and one week before the hearing), Prism requested the Court's permission for Dr. Shamos (and the lead inventor, Mr. Richard Gregg) to testify at the hearing about "the existence in the patent specification of algorithms and structure" corresponding to the means-plus-function limitations. (Exh. C, Prism Ltr. to Court, Nov. 1, 2006, at 1). Even though Defendants objected, the Court granted Prism's request, and Dr. Shamos had ample opportunity to testify during Prism's rebuttal – *after* Giri's testimony was noted by Defendants during argument. But Prism elected not to present Dr. Shamos's testimony. Therefore, his belatedly disclosed opinions should not be received now.

### III. PRISM HAD THE OPPORTUNITY TO USE DR. SHAMOS FOR REBUTTAL AT THE *MARKMAN* HEARING BUT DECLINED

It is without question that Prism anticipated the need to present live testimony at the *Markman* hearing on the patent-in-suit from its expert Dr. Shamos (and Mr. Gregg). *Id.* While Dr. Shamos attended the hearing, and was present for the arguments made by

---

[2] Prism notes that this testimony was filed under seal the day before argument on November 8 (Prism Mot. at 2), which was due to the fact that the official transcript and exhibits were not received by the Defendants until November 7.

the Defendants, lead counsel for Prism stressed the importance of having Dr. Shamos on standby to potentially rebut any arguments made by the Defendants:

> I don't intend, your Honor, to call those witnesses [Mr. Shamos and Mr. Gregg] during my opening presentation, but I do reserve the right to *put them on the stand for rebuttal purposes, depending on what I hear today*, if that would be of particular use to your Honor or *if we think it's necessary to fulfill the record*.

(Exh. D, 11/9 Markman trans. at 7-8) (emphasis added)  However, Prism decided not to call Dr. Shamos to rebut any of Defendants' arguments, despite having specifically reserved Dr. Shamos for that very purpose. Prism should not be permitted to now add Dr. Shamos' testimony to the record after it made the tactical decision to insulate him from cross-examination.

## CONCLUSION

The time for Prism to rebut any arguments was during the Markman hearing and not today. Because Prism *knew* of Defendants' positions before the hearing, *had* an opportunity to use Dr. Shamos to rebut them, but *instead* used lead trial counsel to make the rebuttal, its motion for leave to supplement the *Markman* hearing record should be denied. Should the Court grant Prism's motion, the Defendants request the Court re-open the claim construction process to provide Defendants with the opportunity to depose Dr. Shamos concerning the opinions expressed in his declaration, to present its own extrinsic evidence in refutation to the new evidence cited by Dr. Shamos, and to file a supplemental memorandum.

Dated: December 6, 2006

| | |
|---|---|
| *Of Counsel*<br><br>Edward F. Mannino<br>Jason A. Snyderman<br>AKIN GUMP STRAUSS HAUER<br>    & FELD LLP<br>One Commerce Square, Suite 2200<br>2005 Market Street<br>Philadelphia, PA 19103<br>Telephone: (215) 965-1200<br>Fax: (215) 965-1210<br><br>Frank C. Cimino, Jr.<br>Daniel Yonan<br>AKIN GUMP STRAUSS HAUER<br>    & FELD LLP<br>Robert S. Strauss Building<br>1333 New Hampshire Avenue, NW<br>Washington, DC 20036-1564<br>Telephone: (202) 887-4000<br>Fax: (202) 887-4288 | By:   */s/ Patricia Rogowski*<br>Patricia Smink Rogowski (# 2632)<br>CONNOLLY BOVE LODGE & HUTZ LLP<br>The Nemours Building<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington DE 19899<br>Telephone: (302) 658-9141<br>Fax: (302) 658-5614<br><br>***Attorneys for Defendant, VeriSign, Inc.*** |

Dated: December 6, 2006

| | |
|---|---|
| *Of Counsel*<br><br>John M. DiMatteo<br>Neal K. Feivelson<br>Leslie M. Spencer<br>WILLKIE FARR & GALLAGHER<br>787 Seventh Avenue<br>New York, NY 10019-6099<br>Telephone: (212) 728-8000 | By:   */s/ John G. Day*<br>Steven J. Balick (# 2114)<br>John G. Day (#2403)<br>ASHBY & GEDDES<br>222 Delaware Avenue, 17th Floor<br>P.O. Box 1150<br>Wilmington, Delaware 19899<br>Telephone: (302) 654-1888<br><br>***Attorneys for Defendant***<br>***Johnson & Johnson Services Inc.*** |

Dated: December 6, 2006

*Of Counsel*

David M. Schlitz
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700

Samir A. Bhavsar
Jeffery D. Baxter
BAKER BOTTS LLP
2001 Ross Avenue
Dallas, TX 75201-2980
Telephone: (214) 953-6500

By:   /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Telephone: (302) 984-6000

*Counsel for Defendant Computer Associates International, Inc.*

Dated: December 6, 2006

*Of Counsel*

William F. Lee
David B. Bassett
Mark D. Selwyn
Gregory P. Teran
WILMER CUTLER PICKERING HALE
   AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

By:   /s/ Alyssa M. Schwartz
Frederick L. Cottrell, III (#2555)
Alyssa M. Schwartz (#4351)
RICHARDS LAYTON & FINGER PA
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0951
Telephone: (302) 651-7700

*Attorneys for Defendant RSA Security Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2006, I electronically filed **DEFENDANTS JOINT OPPOSITION TO PLAINTIFF PRISM'S MOTION FOR LEAVE TO SUPPLEMENT THE MARKMAN HEARING RECORD** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
rkirk@bayardfirm.com

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza- Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Frederick L. Cottrell, III
Alyssa Schwartz
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551
cottrell@rlf.com
schwartz@rlf.com

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

I hereby certify that on December 6, 2006, I electronically mailed the document(s) to the following non-registered participants:

Dirk D. Thomas, Esquire
Robins, Kaplan, Miller & Ciresi, LLP
1801 K Street, N.W., Suite 1200
Washington, DC 20006
PrismCounsel@rkmc.com

John DiMatteo
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099
PrismLitigation-JJSI@willkie.com

David M. Schlitz
Baker Botts LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400
DLDallasPrismLitigationCA-Netegrity@BakerBotts.com

Samir A. Bhavsar
Baker Botts LLP
2001 Ross Avenue
Dallas, TX 75201-2980
DLDallasPrismLitigationCA-Netegrity@BakerBotts.com

Gregory P. Teran
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA 02109
RSAPrismLitigation@wilmerhale.com

By: */s/ Patricia S. Rogowski*
Patricia Smink Rogowski (DE Bar #2632)
Connolly Bove Lodge & Hutz LLP
P.O. Box 2207
1007 N. Orange Street
Wilmington, DE 19899
(302) 658-9141
progowski@cblh.com

400470_7.DOC