IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>              Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>              Defendants. | Civil Action No. CA 05-214 JJF |

**NOTICE OF AMENDED SUBPOENA *AD TESTIFICANDUM*
DIRECTED TO WAL-MART STORES, INC.**

**TO:**

Frederick L. Cottrell, III, Esq.
Alyssa M. Schwartz, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

John DiMatteo, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

William Lee, Esq.
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA 02109

DC1 45691817.1

Jason Snyderman, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA  19103

Frank C. Cimino, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

David M. Schlitz
Baker Botts L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC  20004-2400

Samir A. Bhavsar
Jeffrey D. Baxter
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, TX  75201-2980

PLEASE TAKE NOTICE that Plaintiff Prism Technologies L.L.C.'s, by its undersigned attorneys, will take the deposition of Wal-Mart Stores, Inc. ("Wal-Mart"), in accordance with the procedures described in Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure.

The deposition will be conducted at 10:00 a.m. on December 13, 2006, at Donald Court Reporting, Executive Center, 1116 South Walton Boulevard, Suite 155, Bentonville, AR 72712, before a certified court reporter or some other officer authorized by law to administer oaths, to be used at the trial of the above matter.

THE BAYARD FIRM

December 6, 2006

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com

ATTORNEYS FOR PLAINTIFF PRISM
TECHNOLOGIES LLC

OF COUNSEL:
Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Chandran B. Iyer, Esq.
André J. Bahou, Esq.
Aziz Burgy, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1875 Eye Street, N.W., Suite 300
Washington, D.C.  20006-5409
(202) 775-0725

DC1 45691817.1

# Issued by the
# UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| PRISM TECHNOLOGIES LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC., | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1]  CA 05-214 JJF<br>Venued in the US District Court<br>for the District of Delaware |

TO:    Wal-Mart Stores, Inc.
           Attn: Ms. Susan Schell
           702 Southwest 8th St.
           Bentonville, AR 72716-0215

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case: See attached Schedule C

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Donald Court Reporting<br>Executive Center<br>1116 South Walton Blvd., Suite 155<br>Bentonville, AR 72712<br>Or mutually agreed upon location | **December 13, 2006**<br>**10:00 a.m.** |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached Schedule B

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_ , Counsel for Plaintiff | December 6, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Chandran Iyer, Esq., Robins, Kaplan, Miller & Ciresi L.L.P., Suite 300, 1875 Eye Street N.W., Washington, D.C. 20006-5409, (202) 775-0725 (phone); (202) 223-8604 (fax)

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

| | | |
|---|---|---|
| **PROOF OF SERVICE** | | |
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)    (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B)( iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B) if a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

### Definitions

A. "The '416 patent" or "patent-in-suit" refers to United States Patent No. 6,516,416, entitled "Subscription Access System For Use With An Untrusted Network."

    a. "Identity and Access Management" or "IAM" shall mean software and hardware intended to identify users in a system (*e.g.,* employees, customers, contractors, etc.) and control their access to resources within that system by associating user rights and restrictions with the established identity, including but not limited to Web single sign-on (SSO), advanced authentication, and/or strong authentication used with USB tokens, Smart Cards, and/or digital identification.

B. "RSA's Accused Products" refers to each and every IAM product Prism alleges RSA Security, Inc. made, used, sold, or offered to sell that infringes on the '416 patent, specifically including, but not limited to:

    a. ClearTrust (now known as Access Manager);

    b. ClearTrust with Sign-On Manager;

    c. ClearTrust with Federated Identity Management;

    d. Validation Solution;

    e. Authentication Manager (a.k.a. ACE/Server and ACE/Agent);

    f. GO ID Authentication Service;

    g. RSA SecureID Appliance bundled with Authentication Manager;

    h. RSA SID800 Hardware Authenticator;

    i. RSA 5100 Smart Card;

      j.      RSA 5200 Smart Card; and

      k.      RSA 6100 USB Authenticator.

C.      "Defendant," "Defendants," "they," or "their" refers to VeriSign, Inc., Computer Associates International, Inc., Netegrity, Inc., RSA Security, Inc., and/or Johnson & Johnson Services, Inc., their officers, employees, counsel, agents, consultants, and representatives and includes joint ventures and other legal entities which are wholly or partially owned or controlled by VeriSign, Inc., Computer Associates International, Inc., Netegrity, Inc., RSA Security, Inc., and/or Johnson & Johnson Services, Inc., either directly or indirectly, and the officers, employees, counsel, agents, consultants, and representatives of these divisions, subsidiaries, and joint ventures.

D.      "Defendants' Accused Products" refers to each and every IAM product that Prism alleges any of the Defendants made, used, sold, or offered to sell that infringes on the '416 patent, specifically including, but not limited to each and every product enumerated in VeriSign's Accused Products, CA's Accused Products, and RSA's Accused Products.

E.      "Token" or "Hardware Token" refers to any USB token device, Smart Card, or other device capable of digital identification such as, but not limited to, the Aladdin eToken PRO, Aladdin eToken R2, Aladdin eToken NG-Flash, Aladdin eToken Pro (Smart Card), Aladdin eToken NG-OTP, Verisign Unified Authentication Token, VeriSign Multipurpose Next-Generation Token, VeriSign Secure Storage Token, VeriSign USB Token, SafeNet iKey 1000, SafeNet iKey 2032, SafeNet Smart Card Model 330, SafeNet Smart Card Model 330J, RSA SID800 Hardware Authenticator, RSA 5100 Smart Card, RSA 5200 Smart Card or RSA 6100 USB Authenticator.

F.  "Wal-Mart Stores, Inc.," "Wal-Mart," "you," or "your" refers to Wal-Mart Stores, Inc., its officers, employees, counsel, agents, consultants, and representatives and includes joint ventures and other legal entities which are wholly or partially owned or controlled by Wal-Mart, either directly or indirectly, and the officers, employees, counsel, agents, consultants, and representatives of these divisions, subsidiaries, and joint ventures.

G.  To "identify" a person means to state the person's name, occupation, job title, and current business address, or if unknown, the last-known business and home address. Unless it otherwise appears from the context, a request for identity or to identify a person relates to all persons in such category or classification.

H.  The term "document" as used herein has the broad meaning prescribed for "documents or things" in Fed. R. Civ. P. 34(a) and includes the original and every non-identical copy or reproduction in the possession, custody, or control of Wal-Mart.

I.  To "identify" any document or thing means:

   i.   to provide a brief description of such documents sufficient to support a request under Rule 34;

   ii.  to state the custodian of the document or the thing by name, job title, employer, and address;

   iii. to state the place where the document or thing may be inspected; and

   iv.  if a copy of the document has been previously supplied to defendants to so state and to specifically identify the previously supplied copy by reference to production numbers or other identifying information.

J.  Unless it otherwise appears from the context, a request for identity of a person relates to all persons in such classification or category.

K.  In construing these Requests, the singular shall include the plural, and the plural shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of these requests all information that might otherwise be construed to be outside their scope.

## SCHEDULE B

### Deposition Topics

1. Wal-Mart's use of RSA's ClearTrust software as part of a system to authenticate a user onto its computer network when that user is attempting to access data controlled by Wal-Mart's computer network.

2. Wal-Mart's use of RSA's ClearTrust software and hardware tokens as part of a system to authenticate a user onto its computer network when that user is attempting to access data controlled by Wal-Mart's computer network via an untrusted network such as the internet.

3. Wal-Mart's use of RSA's Authentication Manager software as part of a system to authenticate a user onto its computer network when that user is attempting to access data controlled by Wal-Mart's computer network.

4. Wal-Mart's use of RSA's Authentication Manager software and hardware tokens as part of a system to authenticate a user onto its computer network when that user is attempting to access data controlled by Wal-Mart's computer network.

5. Wal-Mart's use of RSA's ClearTrust software with RSA 6100 USB Authenticator or RSA SID800 Hardware Authenticator.

6. Wal-Mart's use of RSA's Authentication Manager software with RSA 6100 USB Authenticator or RSA SID800 Hardware Authenticator.

7. In instances where Wal-Mart has used or is using RSA's ClearTrust to authenticate a user onto its computer network when that user is attempting to access data controlled by Wal-Mart's computer network:

    a. Description of where the ClearTrust Web Server Agent is installed and maintained.

b.  Detailed description of the function of the ClearTrust Web Server Agent.

c.  The nature of the communication and the information exchanged between the ClearTrust Web Server Agent and the computer of the user who is attempting to get authenticated.

d.  Detailed description of where the ClearTrust Authorization Server and the ClearTrust Database are installed and maintained.

e.  Detailed description of the nature and type of information that the ClearTrust Authorization Server and/or the ClearTrust Database maintain about the ClearTrust Web Server Agent.

f.  Storage of the identity data of the ClearTrust Web Server Agent in the ClearTrust Authorization Server and/or the ClearTrust Database.

g.  Description of the nature and type of information that the ClearTrust Authorization Server and/or the ClearTrust Database maintain about each of the user who is allowed to access Wal-Mart's computer network.

h.  Storage in the ClearTrust Authorization Server and/or the ClearTrust Database of the identity data of each of the users who are allowed to access Wal-Mart's computer network.

i.  Detailed description of the nature and content of the communication between the ClearTrust Web Server Agent and the ClearTrust Authorization Server and/or the ClearTrust Database before a user is authenticated.

j.  Detailed description of the information exchanged between the ClearTrust Web Server Agent and the ClearTrust Authorization Server and/or the ClearTrust Database before a user is authenticated.

8. In instances where Wal-Mart has used or is using RSA's Authentication Manager to authenticate a user onto its computer network when that user is attempting to access data maintained on Wal-Mart's computer network:

   a. Description of where the RSA Authentication Agent is installed and maintained.

   b. Detailed description of the function of the RSA Authentication Agent.

   c. Detailed description of the nature of the communication between the RSA. Authentication Agent and the computer of the user who is attempting to get authenticated.

   d. Description of where the RSA Authentication Manager Engine and the RSA Authentication Manager Database are installed.

   e. Description of the nature and type of information that the RSA Authentication Manager Engine and/or the RSA Authentication Manager Database maintain about the RSA Authentication Agent.

   f. Storage in the RSA Authentication Manager Engine and/or the RSA Authentication Manager Database of the identity data of the RSA Authentication Agent.

   g. The nature and type of information that the RSA Authentication Manager Engine and/or the RSA Authentication Manager Database maintain about each of the user who is allowed to access Wal-Mart's computer network.

   h. Storage in the RSA Authentication Manager Engine and/or the RSA Authentication Manager Database.of the identity data of each of the users who are allowed to access Wal-Mart's computer network.

   i. Detailed description of the nature and content of the communication between the RSA Authentication Agent and the RSA Authentication Manager Engine and/or the RSA Authentication Manager Database before a user is authenticated.

   j. Detailed description of the information exchanged between the RSA Authentication Agent and the RSA Authentication Manager Engine and/or the RSA Authentication Manager Database before a user is authenticated.

9. Communications between Wal-Mart and RSA regarding the sale of RSA's ClearTrust software to Wal-Mart.

10. Communications between Wal-Mart and RSA regarding implementation and configuration of RSA's ClearTrust software.

11. Communications between Wal-Mart and RSA regarding the sale of RSA's Authentication Manager software to Wal-Mart.

12. Communications between Wal-Mart and RSA regarding implementation and configuration of RSA's Authentication Manager software.

13. Communications between Wal-Mart and RSA regarding purchase by Wal-Mart of any other IAM software or hardware from RSA.

14. Communications between Wal-Mart and RSA regarding the implementation and configuration of any other RSA IAM product.

15. Wal-Mart's use of any RSA products other than ClearTrust or Authentication Manager to authenticate a user.

THE BAYARD FIRM

Dated: December 6, 2006  By: _____
           Richard D. Kirk (rk0922)
           222 Delaware Avenue, Suite 900
           Wilmington, Delaware 19899
           (302) 655-5000
           rkirk@bayardfirm.com

           ATTORNEYS FOR PLAINTIFF PRISM
           TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Chandran B. Iyer, Esq.
André J. Bahou, Esq.
Aziz Burgy, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 775-0725

DC1 45691817.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of December, 2006, I caused a copy of the foregoing Subpoena to be sent by Overnight United States mail, Return Receipt Requested, postage prepaid, to

Wal-Mart Stores, Inc.
Attn: Susan Schell
702 Southwest 8th Street
Bentonville, AR 72716-0215

_____
Theresa L. Davis

Subscribed and sworn to before me this 6th day of December, 2006.

_____
Notary Public

CATHERINE M. RUPPRECHT
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 14, 2010

DC1 45691817.1