IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>　　Plaintiff,<br><br>　　v.<br><br>VERISIGN, INC., RSA SECURITY, INC.,<br>NETEGRITY, INC., COMPUTER<br>ASSOCIATES INTERNATIONAL, INC.,<br>and JOHNSON & JOHNSON SERVICES, INC.,<br><br>　　Defendants. | Civil Action No. 05-214 JJF |

**PLAINTIFF PRISM TECHNOLOGIES LLC'S REPLY BRIEF
IN SUPPORT OF ITS MOTION FOR LEAVE TO
SUPPLEMENT THE *MARKMAN* HEARING RECORD**

                                                Richard D. Kirk
                                                Ashley B. Stitzer.
                                                THE BAYARD FIRM
                                                222 Delaware Avenue, Suite 900
                                                Wilmington, Delaware 19899-5130
                                                (302) 655-5000
                                                rkirk@bayardfirm.com

                                                ATTORNEYS FOR PLAINTIFF
                                                PRISM TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas
Robert A. Auchter
Kenneth A. Freeling
Chandran B. Iyer.
André J. Bahou.
Aziz Burgy
ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.
1875 Eye Street, N.W.
Suite 300
Washington, D.C. 20006-5409
(202) 775-0725

645693-1

## TABLE OF CONTENTS

|  | | Page |
|---|---|---|
| SUMMARY | | 1 |
| ARGUMENT | | 1 |
| I. | DEFENDANTS PRESENTED SPECIFIC ARGUMENTS REGARDING "SUBSCRIBER" AND "CLEARINGHOUSE MEANS" FOR THE FIRST TIME AT THE *MARKMAN* HEARING | 1 |
| II. | DR. SHAMOS'S DECLARATION PROVIDES EVIDENCE IN RESPONSE TO NEWLY RAISED ARGUMENTS AND, THEREFORE, COULD NOT HAVE BEEN PRESENTED AT THE TIME OF THE HEARING | 4 |
| III. | PRISM DOES NOT OBJECT TO DEFENDANTS FILING A COUNTER DECLARATION. | 4 |
| CONCLUSION | | 4 |

# TABLE OF AUTHORITIES

Page

**Cases**

*Gillette Co. v. Energizer Holdings, Inc.*,
   405 F.3d 1367 (Fed. Cir. 2005) ......................................................................................... 3

*Markman v. Westview Instruments, Inc.*,
   52 F.3d 967 (Fed. Cir. 1995) .............................................................................................. 4

*Seymour v. Osborne*,
   78 U.S. 516 (1871) ............................................................................................................. 4

**Other Authorities**

*American Heritage Dictionary*
   (4d 2000) ....................................................................................................................... 1, 2

*Webster's New Twentieth Century Dictionary*
   (2d 1983) ....................................................................................................................... 1, 2

## SUMMARY

Defendants VeriSign, Inc., RSA Security, Inc., Computer Associates, Inc., and Johnson & Johnson Services, Inc. (collectively, "defendants") couch their opposition to Prism's Technologies LLC's ("Prism") Motion for Leave to Supplement the *Markman* Hearing record on the premise that Prism was on notice regarding defendants' two newly argued positions and had the opportunity to present Dr. Shamos at the *Markman* Hearing. These arguments miss the point. First, defendants presented their two new positions for the first time at the *Markman* Hearing, and Prism could not have anticipated their doing so in advance. Second, much of Dr. Shamos's Declaration was the result of research conducted *after* the *Markman* Hearing *in response* to defendants' *newly* raised arguments. To that end, Prism's motion for leave to supplement the record should be granted.

## ARGUMENT

I. **DEFENDANTS PRESENTED SPECIFIC ARGUMENTS REGARDING "SUBSCRIBER" AND "CLEARINGHOUSE MEANS" FOR THE FIRST TIME AT THE *MARKMAN* HEARING.**

In an attempt to skirt the issue, defendants argue that Prism cited to *Webster's New Twentieth Century Dictionary* (1983) in its opening brief while citing to the *American Heritage Dictionary* (2000) in its answering brief and, in so doing, Prism was on constructive notice as to the definition of "subscriber" in both dictionaries.[1] This argument is misleading in at least two fundamental respects.

---

[1] Defendants [sic] Joint Memorandum In Opposition To Plaintiff, Prism's, Motion For Leave To Supplement The Markman Hearing Record at 1-2.

1

645693-1

First, Prism cited *Webster's New Twentieth Century Dictionary* (1983) in its opening brief for the term "user," not "subscriber."[2] Given that the commercialization of the Internet began in the mid to late nineties,[3] Prism's definition of "subscriber" from the *American Heritage Dictionary* (2000) is a better technological and temporal fit. *See Gillette Co. v. Energizer Holdings, Inc.*, 405 F.3d 1367, 1371 (Fed. Cir. 2005) (noting that courts should place claim language in its "proper technological and temporal context"). To argue that Prism had constructive notice of the definition of "subscriber" in *Webster's New Twentieth Century Dictionary* (1983) is akin to arguing that one would know John Doe's phone number even though one was searching for John Smith in a telephone directory.

More importantly, however, the real issue is that defendants never proffered their argument that the term "subscriber" had a different meaning in 1983 versus 1997 at any time *before* the *Markman* Hearing. Aware that Prism cited *Webster's New Twentieth Century Dictionary* (1983) for the term "user," defendants failed to rebut this definition in their answering claim construction brief. Instead, defendants first raised the argument that "subscriber" had different meanings during oral argument at the *Markman* Hearing. It is in response to this newly raised argument that Prism seeks leave to supplement the record with the Declaration of Dr. Shamos.

Notwithstanding the battle of the dictionaries, Dr. Shamos's Declaration also addresses defendants' specific citation to the Wall Street Journal and Playboy as allegedly two examples of publications that required a subscriber to pay for content at the

---

[2] Plaintiff Prism Technologies LLC's Opening Claim Construction Brief at 26.
[3] Shamos Decl. at ¶ 16.

time of the filing of the application. In order to accurately challenge the veracity of this argument, Dr. Shamos conducted research *after* the Hearing, citing several examples of Internet publications that offered free content to subscribers.[4] To the extent defendants contend that Dr. Shamos's opinions are extrinsic evidence and, therefore, should not be considered, that contention should be rejected because courts are specifically permitted to rely on such evidence in ascertaining the technical meaning of a term in the art. *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 980-81 (Fed. Cir. 1995) (holding that a court may receive extrinsic evidence to "aid [it] in coming to the correct conclusion" in ascertaining the meaning of technical or scientific terms of art) (*en banc*) (*quoting Seymour v. Osborne*, 78 U.S. 516, 546 (1871)).

Defendants also argue that Prism should have known about Mr. Sandeep Giri's testimony regarding whether the '416 patent specification discloses a step-by-step process for authenticating the first server to the clearinghouse. The proper analysis for determining whether to grant Prism's motion for leave is whether the defendants made their argument *before* the *Markman* Hearing. They did not. Defendants' first disclosed their intention to use Mr. Giri's deposition transcript, albeit for an undisclosed purpose, the day before the Hearing. The defendants then cited Mr. Giri's specific testimony regarding first server authentication for the first time at the Hearing. After considering that testimony, Dr. Shamos then addressed it by way of his Declaration. In so doing, Dr. Shamos opines that using a public/private key mechanism, which had been well known since 1976, is a hallmark method for authenticating identity.[5] Moreover, as briefed in

---

[4] Shamos Decl. at ¶¶ 17-28.
[5] Shamos Decl. at ¶¶ 29-30.

detail, the '416 patent provides the algorithm for performing first server authentication.[6]

## II. DR. SHAMOS'S DECLARATION PROVIDES EVIDENCE IN RESPONSE TO NEWLY RAISED ARGUMENTS AND, THEREFORE, COULD NOT HAVE BEEN PRESENTED AT THE TIME OF THE HEARING.

As discussed above, much of the information contained in Dr. Shamos's Declaration was generated *after* the Hearing in response to the newly raised arguments and addresses issues that were not before this Court before oral argument. Therefore, such information was not readily available at the Hearing.

## III. PRISM DOES NOT OBJECT TO DEFENDANTS FILING A COUNTER DECLARATION.

If this Court grants the motion for leave, Prism would not object to defendants filing a counter declaration in response to Dr. Shamos's Declaration.

## CONCLUSION

For the reasons discussed above, Prism respectfully requests that the Court grant its motion for leave to supplement the *Markman* Hearing record with the Declaration of Dr. Michael Shamos.

December 11, 2006                    THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (rk0922)
Ashley B. Stitzer (as3891)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com
astitzer@bayardfirm.com

ATTORNEYS FOR PLAINTIFF
PRISM TECHNOLOGIES LLC

---

[6] *See, e.g.*, Plaintiff Prism Technologies LLC's Claim Construction Answering Brief at Exhibit I.

5

OF COUNSEL:

Dirk D. Thomas
Robert A. Auchter
Kenneth A. Freeling
André J. Bahou
Aziz Burgy
Chandran B. Iyer
ROBINS, KAPLAN, MILLER & CIRESI LLP
1875 Eye Street, N.W., Suite 300
Washington, D.C. 20006-5409
(202) 775-0725

645693-1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on December 11, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Frederick L. Cottrell, III, Esq.
Alyssa M. Schwartz, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document were sent by hand on December 11, 2006 to the above counsel and by first-class mail or overnight delivery as indicated to the below counsel:

*Via Federal Express*

John DiMatteo, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

William Lee, Esq.
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA 02109

Jason Snyderman, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

Frank C. Cimino, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

587422-1

| | |
|---|---|
| David M. Schlitz<br>Baker Botts L.L.P.<br>1299 Pennsylvania Avenue, NW<br>Washington, DC  20004-2400 | Samir A. Bhavsar<br>Jeffrey D. Baxter<br>Baker Botts L.L.P.<br>2001 Ross Avenue<br>Dallas, TX  75201-2980 |
| | /s/ Richard D. Kirk (rk0922)<br>Richard D. Kirk |

587422-1