IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VERISIGN, INC., RSA SECURITY, INC., )<br>NETEGRITY, INC., COMPUTER )<br>ASSOCIATES INTERNATIONAL, INC., )<br>and JOHNSON & JOHNSON, )<br>)<br>Defendants. )<br>) | Civil Action No. 05-214-JJF<br><br>-REDACTED-<br>PUBLIC VERSION |

**DEFENDANT RSA SECURITY INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF PRISM TECHNOLOGIES LLC'S MOTION TO COMPEL RSA SECURITY, INC. TO PRODUCE CERTAIN DOCUMENTS AND THINGS**

Of Counsel:

David B. Bassett
Mark D. Selwyn
Gregory P. Teran
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Dated: January 19, 2007

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
Post Office Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for RSA Security, Inc.

RLF1-3106397-1

## BACKGROUND

RSA Security Inc. ("RSA") hereby opposes Plaintiff Prism Technologies LLC's ("Prism") Motion To Compel RSA Security, Inc. To Produce Certain Documents And Things, filed January 4, 2007.

Prism's motion seeks "printed reports" from RSA's accounting and financial databases "providing a complete list of the relevant customers and what products they have obtained" – relevant customers apparently being "RSA's customers that have purchased at least one accused hardware product and software product[]." (Prism Br. at 1.)[1] For the reasons stated below, the Court should deny Prism's motion.

## LEGAL STANDARD

### I. IT IS PRISM'S BURDEN TO DEMONSTRATE THE RELEVANCE OF THE DISCOVERY SOUGHT.

"While the standard of relevance in the context of discovery is broader than in the context of admissibility, ... this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1993) (internal citations omitted); see also NLRB v. George Koch Sons, Inc., 950 F.2d 1324, 1332 (7th Cir. 1991) ("Although the relevance standard is a liberal standard, the courts will not allow . . . unfounded fishing expeditions.").

---

[1]

REDACTED

Accordingly, despite the liberal breadth of discovery allowed under the federal rules, "the proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." Alexander v. Federal Bureau of Investigation, 186 F.R.D. 154, 159 (D.D.C. 1999). "[F]ailure to make even a colorable initial showing as to relevance can doom a motion to compel." West v. Miller, 2006 WL 2349988, at *2 (N.D. Ill. Aug. 11, 2006). See, e.g., Rennie v. Dalton, 3 F.3d 1100, 1110 (7th Cir. 1993) (finding court did not abuse its discretion in denying motion to compel discovery for lack of persuasive showing of relevance).

As set forth below, Prism does not meet even this modest standard, and the discovery it seeks is untimely, highly burdensome, and was never sought in a request for documents pursuant to Fed. R. Civ. P. 34.

## ARGUMENT

I. **PRISM'S REQUESTED DISCOVERY SERVES NO LEGITIMATE PURPOSE.**

REDACTED

REDACTED

Prism never identifies in its motion papers why, given the substantial production that RSA has (long ago) made, further production of documents about RSA's customers and sales is warranted, or relevant. Indeed, Prism offers no analysis at all of the customer-related documents that RSA has already produced. At best, the additional highly sensitive business information now sought by Prism might have been pertinent to damages, but Prism has withdrawn its claim of damages against RSA.[2]

To the extent that Prism seeks the requested discovery to find an alleged direct infringer among RSA's customers, and thus to support its assertions of indirect infringement against RSA, Prism should have had such information when it asserted indirect infringement in its amended complaint and its responses to RSA's interrogatories -- and certainly by now, after sixteen months of discovery.

Indeed, on August 11, 2006, Prism asserted (without explaining) that RSA had induced five RSA customers to directly infringe the patent using RSA products. (Prism's Response to RSA Interrog. 15, Aug. 11, 2006, Opp'n Ex. 2.) Prism served document subpoenas on all of these customers, as well as thirty-two other entities, many of which are also RSA customers and all of which were asked for documents concerning their use of RSA products.[3] To date, Prism has also taken numerous third-party depositions, including depositions of RSA customers Wal-

---

[2] On August 11, 2005 Prism withdrew its claim for damages against RSA and filed a motion to amend its complaint accordingly, which the Court granted on August 29. (D.I. 191 and 218.) Prism now proceeds against RSA on a claim for injunctive relief.

[3] To date, Prism has subpoenaed at least the following entities: Actividentity, Inc.; Aetna; Aladdin Knowledge Sys.; Bank of America; Barclays Bank PLC; Charles Schwab; Cincinnati Bell, Inc.; Citigroup; Conagra; DLA; DLT Solutions; Election Systems; Electronic Warfare Associates, Inc.; E-Trade; Fannie Mae; Federal Reserve NY; Ford Motor Co.; Fujitsu; Hershey; Hilton Hotels Corp.; Hitachi America; HSBC; JPMorgan Chase; Kodak; Lockheed Martin; Nestle USA; Northrop Grumman; Paypal; Post & Schell, PC; Safenet Inc.; Sandisk Corp.; U.S. Bancorp; UBS Americas; Unisys; Visa; WalMart; and Wells Fargo.

Mart and Post & Schell. This extensive third-party discovery has already imposed substantial burdens on many of RSA's customers.

*RSA has already produced information for each and every one of the customers that Prism has asserted or even suggested might be alleged direct infringers, including every third-party entity that Prism subpoenaed.* RSA voluntarily prepared a chart reflecting this information which was produced during RSA's 30(b)(6) deposition, and was subsequently clarified by correspondence in response to requests from Prism's counsel. (Prism Mot. Ex. 11-12.)[4] This has been a considerable amount of information.

Now, Prism wants even more, namely, to fish through RSA's business records either to try to locate evidence Prism should have had at the outset, or to identify additional RSA customers to subpoena and harass with needless and burdensome third-party discovery. Such efforts are inappropriate and should be rejected. See, e.g., Micro Motion, Inc. v. Kane Steel Co., Inc., 894 F.2d 1318, 1327-28 (Fed. Cir. 1990) (characterizing plaintiff's requested discovery for customer lists and sales information as "unmoored and trolling" and noting that "[a] litigant may not engage in merely speculative inquiries in the guise of relevant discovery.")

## II. PRISM NEVER PROPOUNDED A REQUEST FOR PRODUCTION FOR THE DOCUMENTS IT NOW BELATEDLY SEEKS, AND THE BURDEN TO PRODUCE THEM IS EXCESSIVE IN VIEW OF THEIR LIMITED RELEVANCE TO ANY ISSUE REMAINING IN THE CASE.

Prism never served a request for production for the documentation it now seeks. Prism served its initial Requests for Production on September 20, 2005. (Prism Mot. Ex. 1.) Many of

---

[4] REDACTED

these requests were facially overbroad and ambiguous. Requests 5 and 7, excerpted in part by Prism in its Brief as allegedly calling for the documents Prism belatedly requested, actually read as follows:

> Request 5: All marketing, pricing, advertising, sales, sales projections, market studies, licenses, memoranda of understanding, agreements, royalty payments, promotional documents or audio-visual aids relating to or referring to Identity and Access Management software and hardware productions, including but not limited to the products identified in or within the scope of Request No. 1 above,[5] whether the information originated from RSA or from another entity.
>
> Request 7: All documents that reflect gross and net sales and profit figures (by unit sales volume and by dollar sales volume) since 1996, whether inside or outside the United States, for each product identified in or within the scope of Request No. 1 on a monthly, quarterly, and annual basis, or on whatever timeframe RSA regularly keeps records of data.

Neither of these requests calls for lists of customers or reports from databases. They do not even mention the words "customer," "list," or "database." Request 5 instead calls for a wide range of other documents – "marketing, pricing, advertising, sales, sales projections, market studies, licenses, memoranda of understanding, agreements, royalty payments, promotional documents or audio-visual aids." Request 7 calls for information concerning "gross and net sales and profit figures (by unit sales volume and by dollar sales volume)," a subject that became largely moot when Prism dropped its damages claim.

RSA responded to these requests by collecting and producing, at great expense, thousands of pages of documents concerning the marketing, pricing, advertising, promotion, sales, agreements, contracts, revenue, and profits from the accused products. These included, by way of example, REDACTED

---

[5] Request No. 1 read: "One set of each Identify [sic] and Access Management software code and/or device made, offered for sale, designed, sold, distributed, leased, or supplied by RSA, including but not limited to RSA's ClearTrust Authentication Suite." (Prism Mot. Ex. 1.)

REDACTED

Prism's request for additional information is unwarranted and untimely. Under the Court's scheduling order, the parties were required to propound requests for production by July 12, 2006, in time for them to be answered by August 11, 2006. July 12 passed without any request from Prism for lists of customers or reports from databases.

REDACTED                                                                Not until September 27, 2006, nearly three months after the deadline for propounding requests for production under the Court's scheduling order, did Prism begin to ask for lists of RSA customers who purchased at least one accused hardware and software product. (Prism Mot. Ex. 3.)[6]

Providing the requested discovery is not a matter of running a few simple queries on a database and printing out the results. The discovery Prism seeks is enormously burdensome for RSA.

REDACTED

### III. PRISM SHOULD NOT BE PERMITTED TO OBTAIN THE REQUESTED DISCOVERY FOR THE ADDITIONAL REASON THAT PRISM HAS OBSTRUCTED RSA's EFFORTS TO OBTAIN DISCOVERY OF THE BASIS FOR PRISM'S INDIRECT INFRINGEMENT CONTENTIONS.

Throughout discovery, both in interrogatories and in depositions, RSA has sought the basis of Prism's allegation of third-party direct infringement, but Prism has never adequately

---

[6] 

answered, and indeed has obstructed RSA's efforts to obtain such discovery.

REDACTED

REDACTED

---

[7] See Prism's Responses to RSA Interrogs. 15 & 16, Aug. 11, 2006, Opp'n Ex. 2; Ltr. from Thomas to Counsel, Sept. 12, 2006; Opp'n Ex. 3.

[8] Joint Defs. 30(b)(6) Notice to Prism, Sept. 29, 2006, Topic 30, Opp'n Ex. 4.

REDACTED

REDACTED

Prism's repeated assertions of privilege in response to questions regarding the issue of direct infringement by customers do not withstand scrutiny. Notably, for 30(b)(6) topics where Prism apparently believed that the requested testimony would necessarily call for privileged

---

[9] Prism 30(b)(6) Dep. Tr., Nov. 21, 2006, Opp'n Ex. 6, at 230:8-233:16.

information, Prism declined to produce a witness.[10] As to this topic, however, Prism raised only boilerplate objections in advance of the deposition and agreed to produce a witness to testify on the subject.[11] The instructions not to answer were not given to preserve privileged information, but instead to conceal that Prism, in fact, has no basis for its allegations.

## CONCLUSION

As indicated above, Prism cannot credibly contend that it requested customer lists generated from RSA's databases until months after the close of document discovery, by which time RSA had already produced extensive documentation concerning sales of accused products and customers who purchased them. Given the attenuated relevance of the requested documentation and Prism's obstructionist conduct, its motion should be denied.

/s/ Frederick L. Cottrell, III

Of Counsel:

David B. Bassett
Mark D. Selwyn
Gregory P. Teran
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
Post Office Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for RSA Security, Inc.

Dated: January 19, 2007

---

[10] Prism's Objections and Responses to Defs. 30(b)(6) Notice, Oct. 11, 2006, Opp'n Ex. 5, at 32-33 (concerning Topic 25).
[11] Id. at 37-38.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, he caused a copy of the foregoing to be filed electronically with the Clerk of the Court using CM/ECF and that copies were served on the person(s) listed below in the manner stated:

### VIA HAND DELIVERY AND CM/ECF NOTIFICATION

Patricia Smink Rogowski, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue
Suite 900
Wilmington, DE 19899

Steven J. Balick, Esquire
John G. Day, Esquire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

### VIA FEDERAL EXPRESS

Dirk D. Thomas, Esquire
Robert A. Auchter, Esquire
Kenneth A. Freeling, Esquire
Jason R. Buratti, Esquire
Andre' J. Bahou, Esquire
Robins, Kaplan, Miller & Ciresi, LLP
1801 K Street, N.W., Suite 1200
Washington, DC 20006

John DiMatteo, Esquire
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

Edward F. Mannino, Esquire
Jason Snyderman, Esquire
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

Frank C. Cimino, Esquire
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

Samir A. Bhavsar, Esquire
Jeffrey D. Baxter, Esquire
Baker Botts LLP
2001 Ross Avenue
Dallas, TX 75201

David M. Schlitz, Esquire
Baker Botts LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2450

Dated: January 19, 2007

Steven J. Fineman (#4025)
fineman@rlf.com

RLF1-3098810-1

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Patricia Smink Rogowski, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue
Suite 900
Wilmington, DE 19899

Steven J. Balick, Esquire
John G. Day, Esquire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

### VIA FEDERAL EXPRESS

Dirk D. Thomas, Esquire
Robert A. Auchter, Esquire
Kenneth A. Freeling, Esquire
Jason R. Buratti, Esquire
Andre' J. Bahou, Esquire
Robins, Kaplan, Miller & Ciresi, LLP
1801 K Street, N.W., Suite 1200
Washington, DC 20006

John DiMatteo, Esquire
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

Edward F. Mannino, Esquire
Jason Snyderman, Esquire
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

Frank C. Cimino, Esquire
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

Samir A. Bhavsar, Esquire
Jeffrey D. Baxter, Esquire
Baker Botts LLP
2001 Ross Avenue
Dallas, TX 75201

David M. Schlitz, Esquire
Baker Botts LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2450

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com

RLF1-3098810-1