# EXHIBIT 1
# <u>REDACTED</u>

# EXHIBIT 2
# REDACTED

# EXHIBIT 3

**ROBINS, KAPLAN, MILLER & CIRESI** LLP

SUITE 1200
1801 K STREET, N W
WASHINGTON, D C 20006-1307
TEL: 202-775-0725 FAX: 202-223-8604
www rkmc com

ATTORNEYS AT LAW

DIRK D. THOMAS
(202) 736-2630

September 12, 2006

<u>VIA E-MAIL</u>

Jason Snyderman, Esquire
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

Daniel E. Yonan, Esquire
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue. N.W.
Washington, D.C. 20036-1564

Gregory P. Teran, Esquire
Wilmer Cutler Pickering Hale & Dorr LLP
60 State Street
Boston, MA 02109

David M. Schlitz, Esquire
Baker Botts LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2450

Jeffrey D. Baxter, Esquire
Baker Botts LLP
2001 Ross Avenue
Dallas, TX 75201

Re:   *Prism Technologies LLC v. VeriSign, Inc., et al.*
      Civil Action No. 1:05-cv-00214-JJF

Dear Messrs. Snyderman, Yonan, Teran, Schlitz, and Baxter:

Pursuant to Fed. R. Civ. P. 26(e)(2), Prism hereby provides the following supplement to its prior responses to interrogatories seeking Prism's contentions as to infringement.

To the extent not otherwise expressly or implicitly alleged, Prism hereby notifies defendants RSA, CA/Netegrity, and VeriSign that it does and will contend that each of the products and/or services that Prism has accused of infringement in this matter by way of inducement under 35 U.S.C. § 271(b) is also being accused of contributory infringement under 35 U.S.C. § 271(c). More specifically, the fact that the various accused products might have use with hardware tokens that are not connected to or built into the subscriber client computer does not provide those accused products with a safe harbor under 35 U.S.C. § 271(c)'s "staple article or commodity of commerce" clause. Your clients promote their respective accused products for use with connected hardware tokens or keys in a manner that, when used as intended and as

Counsel for RSA, CA/Netegrity & VeriSign
September 12, 2006
Page 2

promoted by your clients, results in direct infringement of the asserted claims of the '416 patent-in-suit. Such knowledge and promotion of a use of the accused products to directly infringe the asserted claims of the '416 patent results in liability for contributory infringement. *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 125 S. Ct. 2764, 162 L.Ed.2d 781 (2005).

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Dirk D. Thomas

DDT/cg

cc:     Neal Feivelson, Esq. (via e-mail)
        Steven J. Balick, Esq. (via e-mail)
        Robert A. Auchter, Esq. (via e-mail)
        Leslie Spencer, Esq. (via e-mail)

# EXHIBIT 4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC              )
                                    )
       Plaintiff                )
                                    )
   v.                             )
                                    )    Civil Action No. 05-214-JJF
VERISIGN, INC., RSA SECURITY, INC., )
NETEGRITY, INC., COMPUTER           )
ASSOCIATES INTERNATIONAL, INC., and )
JOHNSON & JOHNSON SERVICES, INC.    )
       Defendants.              )
                                    )
                                    )

## JOINT DEFENDANTS' FIRST 30(b)(6) NOTICE
## OF DEPOSITION OF PRISM TECHNOLOGIES, LLC

Please take notice that Defendants VeriSign, Inc., RSA Security Inc., Netegrity, Inc.,

Computer Associates International, Inc., and Johnson & Johnson Services, Inc. (collectively

"Joint Defendants"), pursuant to Fed. R. Civ. P. 30(b)(6), the Court's Scheduling Order, the

Court's Order of July 21, 2006, regarding depositions, and the Local Rules of the Court, will

take the deposition upon oral examination of Plaintiff Prism Technologies LLC ("Prism"),

through one or more of Prism's officers, directors, managing agents, or other authorized

persons who are most knowledgeable about the topics listed in Schedule B, commencing on

October 17, 2006 at the offices of Willkie Farr & Gallagher LLP, 1875 K. Street, N.W.,

Washington, D.C., 20006, or another mutually agreeable location.

The deposition will be taken by oral examination before an officer authorized by the laws

of the United States to administer oaths, and will be recorded by stenographic and/or

videographic and/or audiographic means. The Joint Defendants reserve the right to use the

videotape of the deposition at trial under Fed. R. Civ. P. 30(b)(2) and 32. The deposition will continue from day to day until concluded or as agreed to between the parties.

In accordance with Fed. R. Civ. P. 30(b)(6), Prism is advised of its duty to designate one or more of its officers, directors or other persons to testify on its behalf with respect to the topics listed below. At least one week in advance of the date of deposition, Prism should (1) provide a written designation of the name(s) and position(s) of the person(s) designated to testify, and (2) produce, pursuant to Fed. R. Civ. P. 34, any documents reviewed or considered in preparation for the deposition, except those documents produced in response to Joint Defendants discovery requests may be identified by production number.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Defendant*
*Johnson & Johnson Services Inc.*

*Of Counsel:*

John M. DiMatteo
Neal K. Feivelson
Leslie M. Spencer
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000

Dated: September 29, 2006
173765.1

2

## DEFINITIONS

1.    "Prism" means plaintiff Prism Technologies LLC, and all past or present predecessors, corporate parents, subsidiaries, or affiliates, such as Prism Resources Inc., and including but not limited to all past or present officers, directors, agents, servants, employees, attorneys, accountants, or other persons or entities acting or purporting to act on behalf of Prism.

2.    "Joint Defendants" means, individually and collectively, defendants VeriSign, Inc., RSA Security, Inc., Netegrity, Inc., Computer Associates International, Inc. and Johnson & Johnson Services, Inc.

3.    "Person" shall include (a) natural persons (also referred to as "individuals"); (b) legal entities, including without limitation, corporations, partnerships, firms, associations, professional corporations and proprietorships; and (c) governmental bodies or agencies.

4.    "'416 Patent" and "patent-in-suit" mean United States Patent No. 6,516,416, entitled "Subscription Access System for Use with an Untrusted Network," together with applications from which that patent issued.

5.    "Named Inventors" means Richard L. Gregg, Sandeep Giri, and Timothy C. Goeke, both individually and collectively.

6.    "ISA" means Prism's Internet Subscription Access product, and all versions, prototypes and models thereof, including but not limited to Internet Gatekeeper technology.

7.    The term "secure access technology" refers to any technology that controls access to computer resources or stored content. This term includes, but is not limited to, the Internet Subscription Access (ISA) product developed by Prism, which typically contained a hardware access key and one or any combination of the following software components: ISA

3

Subscriber Software, ISA Server Software, ISA Site Administration Software, ISA Clearinghouse Server Software, and/or ISA Subscriber Administration Software.

8.    "DTN," means Data Transmission Network, Corp. and all past or present predecessors, subsidiaries, parents, and affiliates, and including but not limited to all past or present officers, directors, partners, employees, agents, representatives, attorneys, or other persons or entities acting or purporting to act on behalf of DTN.

9.    "ABI," means American Business Information, Inc. and all past or present predecessors, subsidiaries, parents, and affiliates, and including but not limited to all past or present officers, directors, partners, employees, agents, representatives, attorneys, or other persons or entities acting or purporting to act on behalf of ABI.

10.    "SA," mean Securities America, Inc. and all past or present predecessors, subsidiaries, parents, and affiliates, and including but not limited to all past or present officers, directors, partners, employees, agents, representatives, attorneys, or other persons or entities acting or purporting to act on behalf of SA.

11.    "CNS," means Construction Network Services, Inc. and all past or present predecessors, subsidiaries, parents, and affiliates, and including but not limited to all past or present officers, directors, partners, employees, agents, representatives, attorneys, or other persons or entities acting or purporting to act on behalf of CNS.

12.    "Amazon," means Amazon Corporation and all past or present predecessors, subsidiaries, parents, and affiliates, and including but not limited to all past or present officers, directors, partners, employees, agents, representatives, attorneys, or other persons or entities acting or purporting to act on behalf of Amazon.

13.    "Global Netwatch" means Global Netwatch, Inc. and all past or present predecessors, subsidiaries, parents, and affiliates, and including but not limited to all past or

4

present officers, directors, partners, employees, agents, representatives, attorneys, or other persons or entities acting or purporting to act on behalf of Global Netwatch.

14.    "AmEx," means American Express and all past or present predecessors, subsidiaries, parents, and affiliates, and including but not limited to all past or present officers, directors, partners, employees, agents, representatives, attorneys, or other persons or entities acting or purporting to act on behalf of AmEx.

15.    "Fairfield" means Fairfield Resources International and all past or present predecessors, subsidiaries, parents, and affiliates, and including but not limited to all past or present officers, directors, partners, employees, agents, representatives, attorneys, or other persons or entities acting or purporting to act on behalf of Fairfield.

16.    "AMR" means American Management Resources and all past or present predecessors, subsidiaries, parents, and affiliates, and including but not limited to all past or present officers, directors, partners, employees, agents, representatives, attorneys, or other persons or entities acting or purporting to act on behalf of AMR.

17.    "Prism Patented Product" means any product created, developed, tested, marketed, sold or offered for sale by Prism that embodies any of the alleged inventions claimed in the '416 patent, including but not limited to Prism's ISA product.

18.    The term "document" is used herein in its broadest sense under FED. R. CIV. P. 34 and applicable case law. Electronic mail is included within the definition of the term "document." The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the use of those terms in FED. R. EVID. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

19.    "Communication" means any document or message received by, transmitted to, conveyed to, or delivered to you from any person or entity or from you to any

person or entity, including but not limited to electronic mail and oral communications reduced to writing.

20.    The term "relating to" means referring to, relating to, with respect to, regarding, reflecting, discussing, constituting, mentioning, pertaining to, alluding to, or associated with.

21.    The terms "Identify" and "identity":

(a)    when used with respect to a patent or patent application, shall mean to state (i) its country; (ii) its patent and application numbers; (iii) its dates of filing, publication, and grant; and (iv) the names of individual patentees (as the term "patentees" is used under United States practice) and corporate applicants or assignees;

(b)    when used with respect to a corporation, shall mean to state (i) its name; (ii) its place of incorporation or organization; and (iii) its principal place of business;

(c)    when used with respect to a natural person, shall mean to state a person's (i) full name; (ii) present or last known home and business address; (iii) present or last known employer; (iv) present or last known home and business telephone numbers or business affiliation; and (v) job title, position, or occupation;

(d)    when used with respect to a document, shall mean to state (i) the author of the document; (ii) each person to whom the document was addressed and to whom a copy of the document was given or sent; (iii) the date appearing on the face of the document; (iv) the general nature or description of the document (i.e., whether it is a letter, memorandum, drawing, etc.); (v) the subject of the document; and (vi) the present or last known custodian of the document.

22.    "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; use of a singular noun shall be construed to include the plural noun and use of a plural noun shall be construed to include the singular noun; the use of a verb in any tense shall be construed as the use of that verb in all other

6

tenses whenever necessary to bring within the scope of the requested documents that which might otherwise be construed to be outside its scope.

## TOPICS

1. The conception and reduction to practice of the invention(s) claimed in the '416 Patent or any related patents or patent applications.

2. The design, development, structure and operation of any embodiment of the invention(s) claimed in the '416 Patent or any related patents or patent applications, including but not limited to Prism's ISA product.

3. The correspondence between each claim element and the structures, functions, and operation described in the specification of the '416 Patent.

4. The preparation, decision by Prism to file, filing and prosecution of patent applications relating to the invention(s) (or any part thereof) claimed in the '416 Patent, including the application for the '416 Patent and any parent, continuation(s), continuation(s) in part, divisional(s), reissue(s) and/or foreign counterpart(s) of any of the '416 Patent.

5. Communications, evaluations, opinions, analyses or studies prepared by, for or on behalf of Prism concerning the patentability, validity, enforceability or infringement of, or possible litigation relating to the '416 Patent, or any parent, continuation(s), continuation(s) in part, divisional(s), reissue(s) and/or foreign counterpart(s) of the '416 Patent, including but not limited to the information contained in P031574-031588.

6. Knowledge or awareness by Prism of any product, publication or patent qualifying as prior art to the '416 Patent and/or any related patents or patent applications.

7. Prism's disclosure of prior art to, and evaluation of prior art for disclosure to, the United States Patent and Trademark Office in connection with pending patent applications, including but not limited to the information contained in P46018.212150-152.

8. The first written descriptions made in, or introduced into, the United States of the invention(s) claimed in the '416 Patent or any related patents or patent applications or any product, prototype or model embodying such invention(s).

9. The first printed publication describing the invention(s) claimed in the '416 Patent and/or any related patents or patent applications or any product, prototype or model embodying such invention(s).

10. All communications, presentations or meetings with persons either employed or not employed by Prism before June 11, 1996, regarding any product, prototype or model embodying the invention(s) claimed in the '416 Patent and/or any related patents or patent applications.

11. Communications between Prism and any other party concerning the licensing of the '416 Patent or any related patents or patent applications, or any other means of generating revenue using the '416 Patent or any related patents or patent applications.

8

12. The financial activities of Prism, including but not limited to any policy, strategy or decisions made with regard to capital structure, budgeting, acquisition and investment, financial modeling and planning, funding, dividends and taxation.

13. Any correspondence or communications with potential or existing Prism shareholders and/or investors.

14. The first sale, offer for sale, beta test or customer demonstration, and first disclosure to a person not employed by Prism, of any (a) invention claimed in the '416 Patent or any related patents or patent applications, (b) product, prototype or model embodying such invention(s) or (c) Prism Patented Product relating to any feature recited in any claim of the '416 Patent, and the circumstances (including the dates and participants) thereof.

15. Any alleged commercial success; fulfillment of a long felt need in the art; industry failure to solve the problems alleged solved by the subject matter of the claims; unexpected results achieved; synergy, or copying by others; industry, academic or other tributes or accolades; or any other alleged indicator of nonobviousness with respect to the invention(s) claimed in the '416 Patent.

16. The identification, selection or determination of the proper inventors to be named in the application for the '416 Patent and any parent, continuation(s), continuation(s) in part, divisional(s), reissue(s) and/or foreign counterpart(s) of the '416 Patent.

17. The organization and corporate structure of Prism, including its corporate parents, subsidiaries, affiliates or predecessors, and Board of Directors, and the duties and responsibility of its officers, directors, and employees.

18. The advertising, promotional and marketing efforts undertaken concerning any Prism secure access technology.

19. The relationships between Prism and any past, existing or potential customers, resellers, distributors, and business partners who have purchased, implemented, configured, integrated, and/or procured any Prism secure access technology.

20. Any third-party involvement, including but not limited to any involvement of DTN, ABI, SA, CNS, Amazon, Global Netwatch, AmEx, Fairfield or AMR in the conception, reduction to practice, design, development, study, research, structure, function, operation, testing, experimentation, manufacture, distribution, purchase, offers for sale, sale, modification, change, or redesign of any Prism secure access technology.

21. Any complaints, unfavorable reviews or opinions, negative feedback, or suggestions for improvement, modification, or change of any Prism secure access technology.

22. Proposed or actual licenses (present or past), transfers, or assignments of any patent rights, or other rights, including but not limited to, the content of any negotiations related to the same, for the '416 Patent or any Prism secure access technology.

9

23. Prism's competition in the market for secure access technology in the United States from 1996 to the present, including but not limited to, the identity of competitors and competing products offered for sale or sold in the United States from 1996 to the present, and any communications, analyses or studies prepared by, for or on behalf of Prism, concerning competition in the market for secure access technology

24. The amount of revenue, costs, and profits relating to the '416 patent or any Prism secure access technology which embodies the subject matter claimed in the '416 patent.

25. The bases for what Prism contends is a "reasonable royalty" is for VeriSign, Inc.'s and/or Johnson & Johnson Services, Inc.'s alleged infringement of the '416 patent, as that term is used under 35 U.S.C. § 284.

26. Prism's relationship with Fairfield, including but not limited to any ownership or fee arrangement between Prism and Fairfield, and all agreements and communications related thereto.

27. The factual bases for any contention by Prism that any of the Joint Defendants' infringe the '416 patent.

28. The factual bases for any contention by Prism that any of the Joint Defendants' willfully infringe the '416 patent.

29. The factual bases for any contention by Prism that the '416 patent is not invalid or otherwise unenforceable.

30. Allegations of infringement of the '416 patent made by Prism against any other person or entity.

31. The testing, research or investigation of any of Joint Defendants' products and/or services that Prism alleges infringe the '416 patent.

32. Prism's Responses to any and all of Joint Defendants' Interrogatories, Requests for Production and Requests for Admission.

33. Any prefiling investigation performed by Prism prior to filing the current lawsuit, Prism v. VeriSign et al., Civ. Action No. 05-214 JJF (D. Del.).

34. The investigation of any of Joint Defendants' customers made by Prism prior to filing the current lawsuit, Prism v. VeriSign et al., Civ. Action No. 05-214 JJF (D. Del.).

35. The decision to file the Complaint in this action.

36. Prism's fee arrangement with the law firm of Robins, Kaplan, Miller and Ciresi for this lawsuit.

37. Prism's document retention policies and practices.

10

38. The identification, location, creation and destruction of documents or other information concerning the foregoing topics.

39. The identification of persons and/or entities involved in or knowledgeable about the foregoing topics and their respective roles.

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of September, 2006, the attached **JOINT DEFENDANTS' FIRST 30(b)(6) NOTICE OF DEPOSITION OF PRISM TECHNOLOGIES, LLC** was served upon the below-named counsel at the address and in the manner indicated:

Richard D. Kirk, Esquire                                    HAND DELIVERY
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899

Dirk D. Thomas, Esquire                                    VIA FEDERAL EXPRESS
Robin, Kaplan, Miller & Ciresi, LLP
1801 K Street, N.W., Suite 1200
Washington, DC  20006

Patricia S. Rogowski, Esquire                              HAND DELIVERY
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899

Jason A. Snyderman, Esquire                                VIA FEDERAL EXPRESS
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square
2005 Market Street
Suite 2200
Philadelphia, PA  19103-7013

Frank C. Cimino, Jr., Esquire                              VIA FEDERAL EXPRESS
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC  20036-1564

Frederick L. Cottrell, III, Esquire                                      HAND DELIVERY
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

William F. Lee, Esquire                                          VIA FEDERAL EXPRESS
Wilmer Cutler Pickering Hale & Dorr LLP
60 State Street
Boston, MA  02109

Kate Hutchins, Esquire                                           VIA FEDERAL EXPRESS
Wilmer Cutler Pickering Hale & Dorr
399 Park Avenue
New York, NY  10022

Richard L. Horwitz, Esquire                                           HAND DELIVERY
Potter Anderson & Corroon LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899

Samir Bhavsar, Esquire                                          VIA FEDERAL EXPRESS
Baker Botts LLP
2001 Ross Avenue
Dallas, TX  75201-2980

David M. Schlitz, Esquire                                        VIA FEDERAL EXPRESS
Baker Botts LLP
The Warner
1299 Pennsylvania Avenue, NW
Washington, DC  20004-2400


                                        */s/ Tiffany Geyer Lydon*
                                        _____
                                        Tiffany Geyer Lydon

CM/ECF LIVE - U.S. District Court:ded

## Discovery Documents
1:05-cv-00214-JJF Prism Technologies LLC v. Verisign Inc. et al

**U.S. District Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Lydon, Tiffany entered on 9/29/2006 at 3:02 PM EDT and filed on 9/29/2006

| | |
|---|---|
| **Case Name:** | Prism Technologies LLC v. Verisign Inc. et al |
| **Case Number:** | 1:05-cv-214 |
| **Filer:** | Johnson & Johnson Services Inc. |
| **Document Number:** | 282 |

**Docket Text:**
NOTICE to Take Deposition of Prism Technologies LLC on October 17, 2006 by Johnson & Johnson Services Inc..(Lydon, Tiffany)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=9/29/2006] [FileNumber=280657-0]
[3622d264b3245921a5d2cb9ac80656671f087bf776b2db394ca638c6f68f90267087
2f1243e69d55f8643d2f15cc3cc7b3430bd5ab4f966d7a5dca3745ba495e]]

**1:05-cv-214 Notice will be electronically mailed to:**

Robert Auchter    raauchter@rkmc.com,

Andre J. Bahou    ajbahou@rkmc.com,

Steven J. Balick    sbalick@ashby-geddes.com, jday@ashby-geddes.com; mkipp@ashby-geddes.com;
dfioravanti@ashby-geddes.com; nlopez@ashby-geddes.com; tlydon@ashby-geddes.com;
lmaguire@ashby-geddes.com; dharker@ashby-geddes.com

David B. Bass    david.bassett@wilmerhale.com

Jeffrey D. Baxter    jeff.baxter@bakerbotts.com,

Samir A. Bhavsar    samir.bhavsar@bakerbotts.com,

Frederick L. Cottrell , III    cottrell@rlf.com

John G. Day    jday@ashby-geddes.com, sbalick@ashby-geddes.com; mkipp@ashby-geddes.com;

dfioravanti@ashby-geddes.com; nlopez@ashby-geddes.com; tlydon@ashby-geddes.com;
lmaguire@ashby-geddes.com; dharker@ashby-geddes.com

Richard L. Horwitz   rhorwitz@potteranderson.com, mbaker@potteranderson.com;
nmcmenamin@potteranderson.com; jsutton@potteranderson.com; iplitigation@potteranderson.com

Kate Hutchins   kate.hutchins@wilmerhale.com

Richard D. Kirk   bankserve@bayardfirm.com, rkirk@bayardfirm.com

David Ellis Moore   dmoore@potteranderson.com, ntarantino@potteranderson.com

Patricia Smink Rogowski   progowski@cblh.com, vmurphy@cblh.com; dkt@cblh.com

David M. Schlitz   david.schlitz@bakerbotts.com,

Alyssa M. Schwartz   schwartz@rlf.com, gibson@rlf.com

Mark D. Selwyn   Mark.Selwyn@wilmerhale.com

Gregory P. Teran   gregory.teran@wilmerhale.com

**1:05-cv-214 Notice will be delivered by other means to:**

# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

PRISM TECHNOLOGIES LLC

Plaintiff,

v.

VERISIGN, INC., RSA SECURITY, INC.,
NETEGRITY, INC., COMPUTER
ASSOCIATES INTERNATIONAL, INC.,
and JOHNSON & JOHNSON SERVICES,
INC.,

Defendants.

Civil Action No. 05-214 JJF

**PLAINTIFF PRISM TECHNOLOGIES LLC'S OBJECTIONS**
**TO JOINT DEFENDANTS' 30(b)(6) NOTICE OF**
**DEPOSITION OF PRISM TECHNOLOGIES LLC**

Pursuant to Federal Rule of Civil Procedure 30, Prism Technologies LLC ("Prism") hereby submits these objections and responses to the 30(b)(6) Notice of Deposition propounded by the Joint Defendants (the "Defendants").

**GENERAL OBJECTIONS AND QUALIFICATIONS**

The following General Objections apply to each of Defendants' Topics:

1.    Prism objects to the Topics to the extent they exceed the permissible scope of discovery or seek to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules.

2.    Prism objects to the Topics to the extent they seek testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege.  No part

638783v1

of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine.

3.    Prism objects to the Topics to the extent that they seek testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

4.    Prism objects to the Topics as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent they seek testimony regarding documents or communications that are not relevant to the claims or defenses of any party.

5.    Prism objects to the Topics to the extent that they require Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues.

6.    Prism objects to the Topics as vague, ambiguous, overly broad, unduly burdensome and not relevant to the claim or defense of either party to the extent that the Topics seek testimony or information regarding "factual bases," "allegations," "with regard to," "investigation," "any embodiment of the invention(s)," "any related patents or patent applications," "any Prism secure access technology," "any parent, continuation(s), continuation(s) in part, divisional(s), reissue(s), and/or foreign counterpart(s)" that are not relevant to the claim or defense of any party.

7.    Prism objects to the Topics to the extent they exceed the permissible scope of discovery and to the extent those Topics seek testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

8.    Prism objects to the Topics to the extent that they seek discovery that is unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

9.    Prism objects to the Topics as premature to the extent that they call for construction of the claims of the patent-in-suit and there has not yet been a determination of claim construction by the Court in this case.

10.    Prism objects to the Topics to the extent that they call for premature expert discovery.

## TOPIC NO. 1:

The conception and reduction to practice of the invention(s) claimed in the '416 Patent or any related patents or patent applications.

## RESPONSE:

Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege.    No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues.

Prism objects to this Topic as vague, ambiguous, overly broad, and unduly burdensome to the extent that the Topic seeks testimony or information regarding "conception and reduction to practice of the invention(s)" or "any related patents or patent applications" that are not relevant to the claims or defenses of any party. Prism further objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

**TOPIC NO. 2:**

The design, development, structure and operation of any embodiment of the invention(s) claimed in the '416 Patent or any related patents or patent applications, including but not limited to Prism's ISA product.

**RESPONSE:**

Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity. Prism objects to this Topic as overly broad, unduly

burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party.

Prism further objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. Prism objects to this Topic as vague, ambiguous, overly broad, and unduly burdensome to the extent that the Topic seeks testimony or information regarding "any embodiment of the invention(s)" or "any related patents or patent applications" that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

**TOPIC NO. 3:**

The correspondence between each claim element and the structures, functions, and operation described in the specification of the '416 Patent.

**RESPONSE:**

Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege

or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism further objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic as vague, ambiguous, overly broad, and unduly burdensome to the extent that this Topic seeks testimony or information regarding "correspondence" or "each claim element and the structures, functions, and operation" that are beyond the subject matter of the asserted claims and that are not relevant to the claims or defenses of any party.

Prism further objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will not present a witness regarding this Topic.

**TOPIC NO. 4:**

The preparation, decision by Prism to file, filing and prosecution of patent applications relating to the invention(s) (or any part thereof) claimed in the '416 Patent, including the application for the '416 Patent and any parent, continuation(s), continuation(s) in part, divisional(s), reissue(s), and/or foreign counterpart(s) of any of the '416 Patent.

**RESPONSE:**

Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism further objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. Prism objects to this Topic as vague, ambiguous, vexatious, overly broad, and unduly burdensome to the extent that the Topic seeks testimony or information regarding "preparation, decision by Prism to file, filing and prosecution of patent applications relating to the invention(s) (or any part thereof)" or "any parent, continuation(s), continuation(s) in part, divisional(s), reissue(s), and/or foreign counterpart(s)" that are not relevant to the claims or defenses of any party.

Prism further objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

## TOPIC NO. 5:

Communications, evaluations, opinions, analyses or studies prepared by, for or on behalf of Prism concerning the patentability, validity, enforceability or infringement of, or possible litigation relating to the '416 Patent, or any parent, continuation(s), continuation(s) in part, divisional(s), reissue(s), and/or foreign counterpart(s) of any of the '416 Patent, including but not limited to the information contained in P031574-031588.

## RESPONSE:

Prism objects to this Topic to the extent that it calls for premature expert discovery. Prism further objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding

documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. Prism objects to this Topic as overly broad, unduly burdensome, vague, ambiguous, and vexatious to the extent that the Topic seeks testimony or information regarding "possible litigation" or "any parent, continuation(s), continuation(s) in part, divisional(s), reissue(s), and/or foreign counterpart(s)" that are not relevant to the claims or defenses of any party.

Prism further objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

## TOPIC NO. 6:

Knowledge or awareness by Prism of any product, publication or patent qualifying as prior art to the '416 Patent and/or any related patents or patent applications.

## RESPONSE:

Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the

extent that it seeks testimony regarding documents or communications to, from, or with

trial counsel in anticipation of this litigation that are protected by attorney-client privilege

or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and

beyond the scope of permissible discovery to the extent it seeks testimony regarding

documents or communications that are not relevant to the claims or defenses of any party.

Prism objects to this Topic to the extent that it requires Prism to render legal conclusions

regarding the relationship of one or more documents to contested legal or factual issues.

Prism objects to this Topic as vague, ambiguous, vexatious, overly broad, and unduly

burdensome to the extent that the Topic seeks testimony or information regarding "any

product, publication or patent qualifying as prior art" or "any related patents or patent

applications" that are not relevant to the claims or defenses of any party.

Prism further objects to this Topic to the extent it exceeds the permissible scope

of discovery and to the extent this Topic seeks testimony regarding documents or

communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general and specific objections,

Prism states that it will present a witness regarding this Topic.

## TOPIC NO. 7:

Prism's disclosure of prior art to, and evaluation of prior art for disclosure to, the United States Patent and Trademark Office in connection with pending patent applications, including but not limited to the information contained in P46018.212150-152.

## RESPONSE:

Prism objects to this Topic to the extent it seeks testimony regarding information

or documents that are protected from discovery by the attorney-client privilege, the work-

product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. Prism objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, and vexatious to the extent that this Topic seeks testimony or information regarding "pending patent applications" that are not relevant to the claims or defenses of any party.

Prism further objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic but does not waive any privilege claim with respect to P46018.212150-152 or this Topic.

**TOPIC NO. 8:**

The first written descriptions made in, or introduced into, the United States of the invention(s) claimed in the '416 Patent or any related patents or patent applications or any product, prototype or model embodying such invention(s).

**RESPONSE:**

Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. Prism objects to this Topic as vague, ambiguous, vexatious, overly broad, and unduly burdensome to the extent that the Topic seeks testimony or information regarding "first written descriptions made in, or introduced into, the United States of the invention(s)" or

"any related patents or patent applications or any product, prototype or model embodying such invention(s)" that are not relevant to the claims or defenses of any party.

Prism further objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

## TOPIC NO. 9:

The first printed publication describing the invention(s) claimed in the '416 Patent and/or any related patents or patent applications or any product, prototype or model embodying such invention(s).

## RESPONSE:

Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding

documents or communications that are not relevant to the claims or defenses of any party.

Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. Prism objects to this Topic as vague, ambiguous, vexatious, overly broad, and unduly burdensome to the extent that the Topic seeks testimony or information regarding "first printed publication describing the invention(s)" or "any related patents or patent applications or any product, prototype or model embodying such invention(s)" that are not relevant to the claims or defenses of any party.

Prism further objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

### TOPIC NO. 10:

All communications, presentations or meetings with persons either employed or not employed by Prism before June 11, 1996, regarding any product, prototype or model embodying the invention(s) claimed in the '416 Patent and/or or any related patents or patent applications.

### RESPONSE:

Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege.   No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine.

Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules

of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. Prism objects to this Topic as vague, ambiguous, vexatious, overly broad, and unduly burdensome to the extent that the Topic seeks testimony or information regarding "All communications, presentations or meetings with persons," "any product, prototype or model embodying the invention(s)," or "any related patents or patent applications" that are not relevant to the claims or defenses of any party.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

## TOPIC NO. 11:

Communications between Prism and any other party concerning the licensing of the '416 Patent or any related patents or patent applications, or any other means of generating revenue using the '416 Patent or any related patents or patent applications.

## RESPONSE:

Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's

response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. Prism objects to this Topic as vague, ambiguous, vexatious, overly broad, and unduly burdensome to the extent that the Topic seeks testimony or information regarding "any other party," "any other means of generating revenue," or "any related patents or patent applications" that are not relevant to the claims or defenses of any party.

Prism further objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

**TOPIC NO. 12:**

The financial activities of Prism, including but not limited to any policy, strategy or decisions made with regard to capital structure, budgeting, acquisition and investment, financial modeling and planning, funding, dividends and taxation.

**RESPONSE:**

Prism objects to this Topic to the extent that it seeks testimony or information regarding "financial activities" of Prism other than those related to the asserted subject matter of the '416 patent. Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues.

Prism objects to this Topic as vague, ambiguous, vexatious, overly broad, and unduly burdensome to the extent that the Topic seeks testimony or information regarding

"financial activities of Prism" or "any policy, strategy or decisions" that are not relevant to the claims or defenses of any party.

Prism further objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

**TOPIC NO. 13:**

Any correspondence or communications with potential or existing Prism shareholders and/or investors.

**RESPONSE:**

Prism objects to this Topic to the extent that it seeks testimony or information regarding "correspondence or communications" of Prism other than those related to the asserted subject matter of the '416 patent. Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. Prism objects to this Topic as vague, ambiguous, vexatious, overly broad, and unduly burdensome to the extent that the Topic seeks testimony or information regarding "Any correspondence or communications" or "potential or existing Prism shareholders and/or investors" that are not relevant to the claims or defenses of any party.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

## TOPIC NO. 14:

The first sale, offer for sale, beta test or customer demonstration, and first disclosure to a person not employed by Prism, of any (a) invention claimed in the '416 Patent or any related patents or patent applications, (b) product, prototype or model embodying such invention(s) or (c) Prism Patented Product relating to any feature recited in any claim of the '416 Patent, and the circumstances (including the dates and participants) thereof.

## RESPONSE:

Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine.

Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules

of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. Prism objects to this Topic as vague, ambiguous, vexatious, overly broad, and unduly burdensome to the extent that the Topic seeks testimony or information regarding "any ... invention claimed," "any related patents or patent applications," or "product, prototype or model embodying such invention(s)" that are not relevant to the claims or defenses of any party.

Prism further objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

**TOPIC NO. 15:**

Any alleged commercial success; fulfillment of a long felt need in the art; industry failure to solve the problems alleged solved by the subject matter of the claims; unexpected results achieved; synergy, or copying by others; industry, academic or other tributes or accolades; or any other alleged indicator of nonobviousness with respect to the invention(s) claimed in the '416 Patent.

**RESPONSE:**

Prism objects to this Topic as premature to the extent that it seeks expert discovery. Prism further objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

**TOPIC NO. 16:**

The identification, selection or determination of the proper inventors to be named in the application for the '416 Patent and any parent, continuation(s), continuation(s) in part, divisional(s), reissue(s) and/or foreign counterpart(s) of the '416 Patent.

**RESPONSE:**

Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. Prism objects to this Topic as vague, ambiguous, vexatious, overly broad, and unduly burdensome to the extent that the Topic seeks testimony or information regarding "any parent, continuation(s), continuation(s) in part, divisional(s), reissue(s) and/or foreign counterpart(s)" that are not relevant to the claims or defenses of any party.

Prism further objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

638783v1                              22

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

## TOPIC NO. 17:

The organization and corporate structure of Prism, including its corporate parents, subsidiaries, affiliates or predecessors, and Board of Directors, and the duties and responsibilities of its officers, directors, and employees.

## RESPONSE:

Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

## TOPIC NO. 18:

The advertising, promotional and marketing efforts undertaken concerning any Prism secure access technology.

**RESPONSE:**

Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. Prism objects to this Topic as vague, ambiguous, vexatious, overly broad, and unduly burdensome to the extent that the Topic seeks testimony or information regarding "any Prism secure access technology" that is not relevant to the claims or defenses of any party.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

**TOPIC NO. 19:**

The relationships between Prism and any past, existing or potential customers, resellers, distributors, and business partners who have purchased, implemented, configured, integrated, and/or procured any Prism secure access technology.

638783v1                                            24

**RESPONSE:**

Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. Prism objects to this Topic as vague, ambiguous, overly broad, and unduly burdensome to the extent that the Topic seeks testimony or information regarding "relationships," "any past, existing or potential customers, resellers, distributors, and business partners," or "any Prism secure access technology" that are not relevant to the claims or defenses of any party.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

**TOPIC NO. 20:**

Any third-party involvement, including but not limited to any involvement of DTN, ABI, SA, CNS, Amazon, Global Netwatch, AmEx, Fairfield or AMR in the conception, reduction to practice, design, development, study, research, structure, function, operation, testing, experimentation, manufacture, distribution, purchase, offers for sale, sale, modification, change, or redesign of any Prism secure access technology.

**RESPONSE:**

Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues Prism objects to this Topic as vague, ambiguous, vexatious, overly broad, and unduly burdensome to the extent that the Topic seeks testimony or information regarding "Any

third-party involvement" or "any Prism secure access technology" that are not relevant to the claims or defenses of any party.

Prism further objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

## TOPIC NO. 21:

Any complaints, unfavorable reviews or opinions, negative feedback, or suggestions for improvement, modification, or change of any Prism secure access technology.

## RESPONSE:

Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding

documents or communications that are not relevant to the claims or defenses of any party.

Prism objects to this Topic to the extent that it requires Prism to render legal conclusions

regarding the relationship of one or more documents to contested legal or factual issues.

Prism objects to this Topic as vague, ambiguous, vexatious, overly broad, and unduly

burdensome to the extent that the Topic seeks testimony or information regarding "Any

complaints, unfavorable reviews or opinions, negative feedback, or suggestions for

improvement, modification, or change" or "any Prism secure access technology" that are

not relevant to the claims or defenses of any party.

Subject to and without waiving the foregoing general and specific objections,

Prism states that it will present a witness regarding this Topic.

## TOPIC NO. 22:

Proposed or actual licenses (present or past), transfers, or assignments of any
patent rights, or other rights, including but not limited to, the content of any negotiations
related to the same, for the '416 Patent or any Prism secure access technology.

## RESPONSE:

Prism objects to this Topic to the extent it seeks testimony regarding information

or documents that are protected from discovery by the attorney-client privilege, the work-

product immunity doctrine, or any other applicable privilege.    No part of Prism's

response shall in any way be deemed a waiver of any such available privilege or doctrine.

Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or

seeks to impose obligations or requirements beyond those imposed by the Federal Rules

of Civil Procedure and/or the applicable Local Rules.  Prism objects to this Topic to the

extent that it seeks testimony regarding documents or communications to, from, or with

trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. Prism objects to this Topic as vague, ambiguous, vexatious, overly broad, and unduly burdensome to the extent that the Topic seeks testimony or information regarding "any Prism secure access technology" that is not relevant to the claims or defenses of any party.

Prism further objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

## TOPIC NO. 23:

Prism's competition in the market for secure access technology in the United States from 1996 to the present, including but not limited to, the identity of competitors and competing products offered for sale or sold in the United States from 1996 to the present, and any communications, analyses or studies prepared by, for or on behalf of Prism, concerning competition in the market for secure access technology.

## RESPONSE:

Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-

product immunity doctrine, or any other applicable privilege.    No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. Prism objects to this Topic as vague, ambiguous, overly broad, and unduly burdensome to the extent that the Topic seeks testimony or information regarding "secure access technology" or "any communications, analyses or studies" that are not relevant to the claims or defenses of any party.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

**TOPIC NO. 24:**

The amount of revenue, costs, and profits relating to the '416 patent or any Prism secure access technology which embodies the subject mater claimed in the '416 patent.

**RESPONSE:**

Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. Prism objects to this Topic as vague, ambiguous, vexatious, overly broad, and unduly burdensome to the extent that the Topic seeks testimony or information regarding "any Prism secure access technology" or subject matter that is not relevant to the claims or defenses of any party.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

**TOPIC NO. 25:**

The bases for what Prism contends is a "reasonable royalty" is for VeriSign, Inc.'s and/or Johnson & Johnson Services, Inc.'s alleged infringement of the '416 patent, as that term is used under 35 U.S.C. § 284.

**RESPONSE:**

Prism objects to this topic as seeking premature expert discovery. Prism further objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues.

Prism further objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will not present a witness regarding this Topic.

**TOPIC NO. 26:**

Prism's relationship with Fairfield, including but not limited to any ownership or fee arrangement between Prism and Fairfield, and all agreements and communications related thereto.

**RESPONSE:**

Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. Prism objects to this Topic as vague, ambiguous, overly broad, and unduly burdensome to the extent that the Topic seeks testimony or information regarding "relationship," "any

ownership or fee arrangement," or "all agreements and communications" that are not relevant to the claims or defenses of any party.

Prism further objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

## TOPIC NO. 27:

The factual bases for any contention by Prism that any of the Joint Defendants' infringe the '416 patent.

## RESPONSE:

Prism objects to this Topic to the extent it seeks premature expert discovery. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. Prism further objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will not present a witness regarding this Topic.

## TOPIC NO. 28:

The factual bases for any contention by Prism that any of the Joint Defendants' willfully infringe the '416 patent.

## RESPONSE:

Prism objects to this Topic to the extent it seeks premature expert discovery. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism further objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to,

from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will not present a witness regarding this Topic.

## TOPIC NO. 29:

The factual bases for any contention by Prism that the '416 patent is not invalid or otherwise unenforceable.

## RESPONSE:

Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. Prism also objects to this Topic to the extent it seeks premature expert discovery. Prism further objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this

Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will not present a witness regarding this Topic.

## TOPIC NO. 30:

Allegations of infringement of the '416 patent made by Prism against any other person or entity.

## RESPONSE:

Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with

trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. Prism objects to this Topic as vague, ambiguous, vexatious, overly broad, and unduly burdensome to the extent that the Topic seeks testimony or information regarding "any other person or entity" that is not relevant to the claims or defenses of any party.

Prism further objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

**TOPIC NO. 31:**

The testing, research or investigation of any of Joint Defendants' products and/or services that Prism alleges infringe the '416 patent.

**RESPONSE:**

Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or

seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. Prism objects to this Topic as vague, ambiguous, overly broad, and unduly burdensome to the extent that the Topic seeks testimony or information regarding "any of Joint Defendants' products and/or services" that are not relevant to the claims or defenses of any party.

Prism further objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

**TOPIC NO. 32:**

Prism's Responses to any and all Joint Defendants' Interrogatories, Requests for Production and Requests for Admissions.

**RESPONSE:**

Prism objects to this Topic as overbroad and duplicative by seeking contentions which have already been stated in Prism's written discovery responses. Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues.

Prism further objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will not present a witness regarding this Topic.

**TOPIC NO. 33:**

Any prefiling investigation performed by Prism prior to filing the current lawsuit, Prism v. VeriSign et al., Civ. Action No,. 05-214 JJF (D. Del.).

**RESPONSE:**

Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. Prism objects to this Topic as vague, ambiguous, vexatious, overly broad, and unduly burdensome to the extent that the Topic seeks testimony or information regarding "Any prefiling investigation" that is not relevant to the claims or defenses of any party.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

## TOPIC NO. 34:

The investigation of any Joint Defendants' customers made by Prism prior to filing the current lawsuit, Prism v. VeriSign et al., Civ. Action No,. 05-214 JJF (D. Del.).

## RESPONSE:

Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. Prism objects to this Topic as vague, ambiguous, overly broad, and unduly burdensome to the extent that the Topic seeks testimony or information regarding "any Joint Defendants' customers" that are not relevant to the claims or defenses of any party.

Prism further objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

**TOPIC NO. 35:**

The decision to file the Complaint in this action.

**RESPONSE:**

Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues.

Prism further objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

## TOPIC NO. 36:

Prism's fee arrangement with the law firm of Robins, Kaplan, Miller and Ciresi for this lawsuit.

## RESPONSE:

Prism objects to this Topic as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Prism also objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party.

Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues.

Prism further objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will not present a witness regarding this Topic.

## TOPIC NO. 37:

Prism's document retention policies and practices.

## RESPONSE:

Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege.   No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules.  Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party.

Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues.

Prism further objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

**TOPIC NO. 38:**

The identification, location, creation and destruction of documents or other information concerning the foregoing topics.

**RESPONSE:**

Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege. No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules. Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party.

Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. Prism objects to this Topic as vague, ambiguous, vexatious, overly broad, and unduly burdensome to the extent that the Topic seeks testimony or information regarding "other information concerning the foregoing topics" that is not relevant to the claims or defenses of any party.

Prism further objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general and specific objections, Prism states that it will present a witness regarding this Topic.

**TOPIC NO. 39:**

The identification of persons and/or entities involved in or knowledgeable about the foregoing topics and their respective roles.

**RESPONSE:**

Prism objects to this Topic to the extent it seeks testimony regarding information or documents that are protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege.    No part of Prism's response shall in any way be deemed a waiver of any such available privilege or doctrine. Prism objects to this Topic to the extent it exceeds the permissible scope of discovery or seeks to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules.  Prism objects to this Topic to the extent that it seeks testimony regarding documents or communications to, from, or with

trial counsel in anticipation of this litigation that are protected by attorney-client privilege or work-product immunity.

Prism further objects to this Topic as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent it seeks testimony regarding documents or communications that are not relevant to the claims or defenses of any party. Prism objects to this Topic to the extent that it requires Prism to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues.

Prism further objects to this Topic to the extent it exceeds the permissible scope of discovery and to the extent this Topic seeks testimony regarding documents or communications to, from, or with trial counsel after Prism's filing of suit, April 11, 2005.

Subject to and without waiving the foregoing general objections, Prism's specific objections to this Topic, and Prism's foregoing objections to Topics 1-38, Prism states that it will present a witness regarding this Topic.


October 12, 2006                                THE BAYARD FIRM


                                                /s/ Richard D. Kirk (rk0922)
                                                Richard D. Kirk (rk0922)
                                                Ashley B. Stitzer (as3891)
                                                222 Delaware Avenue, Suite 900
                                                Wilmington, Delaware 19899
                                                (302) 655-5000
                                                rkirk@bayardfirm.com
                                                astitzer@bayardfirm.com

                                                ATTORNEYS   FOR   PLAINTIFF
                                                PRISM TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
André J. Bahou, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 775-0725

# EXHIBIT 6
# <u>REDACTED</u>

# EXHIBIT 7
# REDACTED

# EXHIBIT 8
# <u>REDACTED</u>