# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC

           Plaintiff,

      v.

VERISIGN, INC., RSA SECURITY, INC.,
NETEGRITY, INC., COMPUTER
ASSOCIATES INTERNATIONAL, INC.,
and JOHNSON & JOHNSON SERVICES,
INC.,

           Defendants.

Civil Action No. 05-214 JJF

**REDACTED PUBLIC VERSION**
**Exhibits Volume 2 of 4**

---

## PLAINTIFF PRISM TECHNOLOGIES LLC'S
## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION
## TO COMPEL DEFENDANT VERISIGN, INC. TO PRODUCE
## THE SOURCE CODE OF ITS ACCUSED PRODUCTS

**February 2, 2007**

Richard D. Kirk (rk0922)
Ashley B. Stitzer (as3891)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com
astitzer@bayardfirm.com

ATTORNEYS FOR PLAINTIFF PRISM
TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas
Robert A. Auchter
Kenneth A. Freeling
André J. Bahou
Aziz Burgy
Chandran B. Iyer
ROBINS, KAPLAN, MILLER & CIRESI LLP
1875 Eye Street, N.W., Suite 300
Washington, D.C.  20006-5409
(202) 775-0725

# EXHIBIT 21

WILMERHALE

Gregory P. Teran

+1 617 526 6574 (t)
+1 617 526 5000 (f)
gregory.teran@wilmerhale.com

**BY ELECTRONIC AND
FIRST-CLASS MAIL**

August 25, 2006

Aziz Burgy, Esquire
Robins, Kaplan, Miller & Ciresi LLP
1801 K Street, NW
Suite 1200
Washington, DC 20006

Re:    Prism Technologies LLC v. VeriSign, Inc., et al.
       Civil Action No. 1:05-cv-00214-JJF

Dear Aziz:

In response to your letter of August 25, 2006, RSA intends to produce relevant, non-privileged electronic files from the custodians previously identified by Prism using the search terms identified by Prism on or before September 1, 2006. We do not believe a motion to compel is warranted, especially considering the substantial amount of documentation already produced by RSA prior to August 11 (including numerous electronic documents). Indeed, Prism has already represented to the Court that it views RSA's pre-August production of nearly 170,000 pages of documents to be substantially complete, and this was before Prism moved to drop its damages claim against RSA, thus significantly limiting the scope of discovery. (Prism Motion to Compel, July 7, 2006, at 3.) Prism has reserved the right to engage in supplemental production of documents, and RSA likewise reserves the right to supplement its production. To the extent Prism intends to file a motion to compel, RSA reserves the right to file a cross motion concerning Prism's discovery responses. Several of these items were identified in my letter to Mr. Bahou on June 30, and have yet to be addressed.

With regard to Prism's request for software, to the extent Prism desires copies of executable code please indicate for which products executable code is requested, and RSA will produce samples immediately. To the extent source code is desired, as indicated previously, RSA will only make source code available by inspection.

WILMERHALE

Aziz Burgy, Esquire
Robins, Kaplan, Miller & Ciresi LLP
August 25, 2006
Page 2

With regard to Prism's request for a copy of the Administrator's Guide for RSA Authentication
Manager 6.1, we believe at least a preliminary copy of the Authentication Agent Guide was
produced at RSA92582-92720, and are working to obtain a copy of the Administrator's Guide.
We expect to produce this by September 1.  We note that extensive documentation on RSA
Authentication Manager 6.1 has already been produced.

Best regards,

Gregory P. Teran

GPT:mam

# EXHIBIT 22

RECEIVED

OCT 3 1 2005

Richard D. Kirk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

PRISM TECHNOLOGIES LLC,               )
                                       )
                Plaintiff,             )
                                       )
v.                                     )
                                       )   C. A. No. 05-214-JJF
VERISIGN, INC., RSA SECURITY, INC.,   )
NETEGRITY, INC., COMPUTER ASSOCIATES  )
INTERNATIONAL, INC., and JOHNSON &    )
JOHNSON SERVICES, INC.,                )
                                       )
                Defendants             )

**DEFENDANT COMPUTER ASSOCIATES INTERNATIONAL, INC.'S RESPONSE TO**
**PLAINTIFF'S REVISED FIRST SET OF RULE 34 REQUESTS**
**FOR PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Fed. R. Civ. P. 34, Defendant Computer Associates International, Inc.

("CA"), by and through its undersigned counsel, responds to Plaintiff's First Set of Rule 34

Requests for Production of Documents and Things to Defendant Computer Associates

International, Inc.

**General Objections Applicable to All Plaintiff's Rule 34 Requests**

CA incorporates each of the following General Objections into its response to each of

Plaintiff's Rule 34 requests, whether or not CA expressly refers to each General Objection in its

response to a specific interrogatory.

A.      CA objects to Plaintiff's instructions, definitions, and Rule 34 requests to the

extent that they seeks to impose requirements or obligations on CA in addition to or different

from those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules for the

District of Delaware.

B.      CA objects to each Rule 34 request to the extent that it requests documents that are protected from discovery or disclosure by the attorney-client privilege, the attorney work product doctrine, consulting expert privilege, or any other applicable privilege.

C.      CA objects to each Rule 34 request to the extent that it seeks trade secret or confidential information of CA or of third parties to whom CA owes a duty of confidentiality. CA objects to producing any such document before entry of a suitable protective order or before complying with notification or other obligations owed to third parties.  In the interim, CA may produce responsive documents pursuant to Local Rule 26.2.

D.      CA objects to each Rule 34 request to the extent that it requests documents that are neither related to a claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

E.      CA objects to each Rule 34 request as overbroad and unduly burdensome to the extent it is not limited to a time frame that is relevant to this litigation.

F.      CA objects to each Rule 34 request as overbroad and unduly burdensome to the extent that it calls for the production of "all" documents, "each" document, or "every" document.

G.      CA objects to each Rule 34 request as overbroad and unduly burdensome to the extent it seeks information about products under development.  Such information is neither relevant to any claim or defense in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

H.      CA objects to each Rule 34 request to the extent that it requests documents that are not in the possession, custody, or control of CA. In particular, CA objects to the definition of the terms "Computer Associates," "Defendant," "you" and "your" to the extent that any

document request uses the definition to request documents that are not in the possession, custody, or control of CA.

I.    CA objects to Plaintiff's definition of "Identity and Access Management" as vague, ambiguous, overbroad, and unduly burdensome.  In particular, CA objects that the definition is vague and ambiguous in its use of the terms "advanced authentication" and "strong authentication," as these terms are undefined.  CA further objects to the definition as overbroad and unduly burdensome to the extent it encompasses products that are not conceivably covered by the patent-in-suit.  Plaintiff's definition of "Identity and Access Management" enlarges the scope of Plaintiff's Rule 34 requests well beyond any reasonable realm of relevance and would place enormous and undue burden on CA.

J.    CA objects to Plaintiff's definition of "SiteMinder" and "SiteMinder Authentication Suite" as vague, ambiguous, overbroad, and unduly burdensome.  Because Plaintiff's definition of "SiteMinder" and "SiteMinder Authentication Suite" incorporates the defined term "Identity and Access Management," Plaintiff's definition is vague, ambiguous, overbroad, and unduly burdensome for all the reasons described above in CA's objections to Plaintiff's definition of "Identity and Access Management."  Additionally, CA objects to Plaintiff's definition of "SiteMinder" and "SiteMinder Authentication Suite" as vague, ambiguous, overbroad and unduly burdensome to the extent it purports to include "related software and hardware, that perform Identity and Access Management."  Plaintiff does not specify whether such "related software and hardware" is or has been made, used, sold or provided by CA or is third-party "software and hardware."  CA has no way of knowing and/or controlling what third-party software and hardware is used in connection with any CA software, and does not have possession, custody or control of same.

3

K.    CA objects to Plaintiff's definition and/or instruction for "identify" (a person) as overbroad and unduly burdensome.

L.    CA objects to Plaintiff's definition and/or instruction for "identify" (a document) as overbroad and unduly burdensome.

M.    CA objects to the instruction listed under subheading (I) as vague, ambiguous, and incomprehensible.    CA further objects to the instruction as overbroad and unduly burdensome to the extent it is understood to require CA to identify "all" persons relating to any category or classification.

N.    CA reserves the right to amend, retract, or supplement its responses and/or objections as it obtains additional information or a revised understanding of existing information

### Specific Objections and Responses to Plaintiff's Rule 34 Requests

Subject to, and without waiving, the general objections set forth above and the specific objections set forth below, CA responds to Plaintiff's Rule 34 requests as follows.

<u>**Request No. 1:**</u>

One set of each Identify [sic] and Access Management software and software code and/or device made, offered for sale, designed, sold, distributed, leased, or supplied by Computer Associates, including but not limited to Computer Associates' SiteMinder Authentication Suite.

<u>**Response:**</u>

CA objects that the request is vague, ambiguous, overbroad, and unduly burdensome in its use of the defined terms "Identify [sic] and Access Management" and "SiteMinder Authentication Suite" for the reasons described above in CA's general objections to Plaintiff's definitions of those terms.

CA further objects that the request is overbroad and unduly burdensome in that it is not limited to a relevant time period.    CA may be liable for infringement only for products that CA

4

made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003. CA's products may qualify as prior art if sold or publicly used before the filing date of the patent-in-suit, June 11, 1997. Accordingly, CA objects to producing any "software and software code and/or device" for any product that does not fall under one of these two categories because it is neither relevant to any claim or defense in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available "software and software code and/or device" for (i) the "SiteMinder software solutions" that Plaintiff specifically accuses of infringing the patent-in-suit and that CA made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003, and (ii) CA products that CA may argue qualify as prior art to the patent-in-suit.

**Request No. 2:**

All instructional manuals or training manuals for each of the products identified in or within the scope of Request No. 1 above.

**Response:**

CA objects that the reference to "products identified in or within the scope of Request No. 1 above" is vague, ambiguous, overbroad, and unduly burdensome for all the reasons described above in CA's objections to Request No. 1. Accordingly, CA incorporates all its objections to Request No. 1.

CA further objects that the request is overbroad and unduly burdensome in that it is not limited to a relevant time period. CA may be liable for infringement only for products that CA made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003. CA's products may qualify as prior art if sold or publicly used before the filing date of the patent-in-

suit, June 11, 1997. Accordingly, CA objects to producing "instructional manuals or training manuals" for any product that does not fall under one of these two categories because it is neither relevant to any claim or defense in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

CA further objects that this request is overbroad and unduly burdensome in that it requests "all" instructional manuals or training manuals.

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available representative "instructional manuals or training manuals" (as those terms are best understood by CA) for (i) the "SiteMinder software solutions" that Plaintiff specifically accuses of infringing the patent-in-suit and that CA made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003, and (ii) CA products that CA may argue qualify as prior art to the patent-in-suit, to the extent such documents exist.

**Request No. 3:**

All documents related to the design, creation, writing, and/or composing of each of the products identified in or within the scope of Request No. 1 above.

**Response:**

CA objects that the reference to "products identified in or within the scope of Request No. 1 above" is vague, ambiguous, overbroad, and unduly burdensome for all the reasons described above in CA's objections to Request No. 1. Accordingly, CA incorporates all its objections to Request No. 1.

CA further objects that the request is overbroad and unduly burdensome in that it is not limited to a relevant time period. CA may be liable for infringement only for products that CA made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003.

6

Accordingly, CA objects to producing the requested documents for any product that was not made, offered for sale, or sold after the issue date of February 4, 2003, because it is neither relevant to any claim or defense in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

CA further objects that this request is overbroad and unduly burdensome in that it requests "all" documents.

CA further objects that this request is overbroad and unduly burdensome to the extent it seeks information about products under development. Such information is neither relevant to any claim or defense in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available representative "documents related to the design, creation, writing, and/or composing" (as that phrase is best understood by CA) of the "SiteMinder software solutions" that Plaintiff specifically accuses of infringing the patent-in-suit and that CA made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003, to the extent such documents exist.

**Request No. 4:**

All documents that reflect the programming code or system architecture of each of the products identified in or within the scope of Request No. 1 above.

**Response:**

CA objects that the reference to "products identified in or within the scope of Request No. 1 above" is vague, ambiguous, overbroad, and unduly burdensome for all the reasons

7

described above in CA's objections to Request No. 1. Accordingly, CA incorporates all its objections to Request No. 1.

CA further objects that the request is overbroad and unduly burdensome in that it is not limited to a relevant time period. CA may be liable for infringement only for products that CA made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003. CA's products may qualify as prior art if sold or publicly used before the filing date of the patent-in-suit, June 11, 1997. Accordingly, CA objects to producing the requested documents for any product that does not fall under one of these two categories because it is neither relevant to any claim or defense in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

CA further objects that this request is overbroad and unduly burdensome in that it requests "all" documents.

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available representative "documents that reflect the programming code or system architecture" (as that phrase is best understood by CA) of (i) the "SiteMinder software solutions" that Plaintiff specifically accuses of infringing the patent-in-suit and that CA made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003, and (ii) CA products that CA may argue qualify as prior art to the patent-in-suit, to the extent such documents exist.

**Request No. 5:**

All marketing, pricing, advertising, sales, sales projections, market studies, licenses, memoranda of understanding, agreements, royalty payments, promotional documents or audio-visual aids relating to or referring to any Identity and Access Management software and hardware products, including but not limited to the products identified in or within the scope of Request No. 1 above, whether the information originated from Computer Associates or from another entity.

**Response:**

CA objects that the request is vague, ambiguous, overbroad, and unduly burdensome in its use of the defined term "Identity and Access Management" for the reasons described above in CA's general objection to Plaintiff's definition of that term. CA further objects that the reference to "products identified in or within the scope of Request No. 1 above" is vague, ambiguous, overbroad, and unduly burdensome for all the reasons described above in CA's objections to Request No. 1. Accordingly, CA incorporates all its objections to Request No. 1.

CA further objects that the request is overbroad and unduly burdensome in that it is not limited to a relevant time period. CA may be liable for infringement only for products that CA made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003. Accordingly, CA objects to producing the requested documents for any product that was not made, offered for sale, or sold after issue date of February 4, 2003, because it is neither relevant to any claim or defense in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

CA further objects that this request is overbroad and unduly burdensome in that it requests "all" documents.

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available representative "marketing, pricing, advertising, sales, sales projections, market studies, licenses, memoranda of understanding, agreements, royalty

9

payments, promotional documents or audio-visual aids relating to or referring to" (as that phrase

is best understood by CA) the "SiteMinder software solutions" that Plaintiff specifically accuses

of infringing the patent-in-suit and that CA made, offered to sell, or sold after the issue date of

the patent-in-suit, February 4, 2003, to the extent such documents exist.


## Request No. 6:

All of Computer Associates' annual and interim financial statements covering the years
1996 to the present, including but not limited to Annual Reports and all submissions made to the
Securities and Exchange Commission.

## Response:

CA objects that the request is overbroad and unduly burdensome in that it requests

financial information for time periods before the patent-in-suit issued. Such information is

neither relevant to any claim or defense in the pending action nor reasonably calculated to lead to

the discovery of admissible evidence. CA further objects that the request is overbroad and

unduly burdensome because it requires CA to produce financial information that is publicly

available and thus equally available to Plaintiff. CA further objects that this request is overbroad

and unduly burdensome in that it requests "all" financial statements.

CA further objects that this request is overbroad and not reasonably calculated to lead to

the discovery of admissible evidence to the extent it calls for production of "all submissions

made to the Securities and Exchange Commission," whether or not such submissions contain any

information about any product accused of infringement or any other issues pertaining to this

lawsuit.

Subject to and without waiving the foregoing general and specific objections, CA will

produce or make available representative financial statements covering time periods after

February 4, 2003, to the extent such documents exist.

**Request No. 7:**

All documents that reflect gross and net sales figures and profit figures (by unit sales volume and by dollars sales volume) since 1996, whether inside or outside the United States, for each product identified in or within the scope of Request No. 1 on a monthly, quarterly, and annual basis, or on whatever timeframe Computer Associates regularly keeps records of data.

**Response:**

CA objects that the reference to "each product identified in or within the scope of Request No. 1" is vague, ambiguous, overbroad, and unduly burdensome for all the reasons described above in CA's objections to Request No. 1. Accordingly, CA incorporates all its objections to Request No. 1.

CA further objects that the request is overbroad and unduly burdensome because it requests sales and profit figures before the issue date of the patent-in-suit and because it requests sales and profit figures "outside the United States." Such information is neither relevant to any claim or defense in the pending action nor reasonably calculated to lead to the discovery of admissible evidence. CA further objects that this request is overbroad and unduly burdensome in that it requests "all" documents.

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available representative "documents that reflect gross and net sales figures and profit figures . . . inside . . . the United States" (as that phrase is best understood by CA), for the "SiteMinder software solutions" that Plaintiff specifically accuses of infringing the patent-in-suit and that CA made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003, to the extent such documents exist.

**Request No. 8:**

All documents that refer to, relate to, or constitute a patent licensing or royalty agreement entered into by Computer Associates for any computer software or hardware product and/or patent since 1996.

**Response:**

CA objects that this request is overbroad and unduly burdensome because it extends to "any computer software or hardware product and/or patent." The literal language of this request would cover any patent license agreement entered into by CA since 1996, whether as a licensee or as a licensor. Moreover, even with respect to agreements in which CA may have entered as a licensee, the broad language of this request encompasses CA's entire portfolio of products, however unrelated to the subject matter of the patent-in-suit. Such information is neither relevant to any claim or defense in the pending action nor reasonably calculated to lead to the discovery of admissible evidence. CA further objects that the request is overbroad and unduly burdensome in that it requests "all" documents.

CA further objects that this request may implicate confidentiality obligations that CA owes to third parties, such as requiring CA to notify the third parties. Accordingly, CA will produce or make available such trade secret and confidential material only after complying with any obligations owed to third parties and any direction from the Court.

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available representative "patent licensing or royalty agreement entered into by Computer Associates" (as that phrase is best understood by CA) for (i) any computer software or hardware product incorporated in the "SiteMinder software solutions" that Plaintiff specifically accuses of infringing the patent-in-suit and that CA made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003, and/or (ii) any patent that relates to the "SiteMinder software solutions" that Plaintiff specifically accuses of infringing the patent-in-suit and that CA

12

made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003, to the

extent such documents exist.


**Request No. 9:**

Documents sufficient to show the extent to which Computer Associates has made use of the invention of the patents identified in each patent licensing or royalty agreement entered into by Computer Associates for any computer software or hardware product and/or patent since 1996.

**Response:**

CA objects to this entire request as vague and ambiguous, to the extent it asks CA to

guess what is meant by "the extent to which Computer Associates has made use of the invention

of the patents identified in each . . . agreement." CA is unable to determine the means by which

plaintiff would expect CA to first identify "the extent" an invention of a patent has been used

and, having done so, how that extent would be shown in documents.

CA further objects that the phrase "sufficient to show the extent to which Computer

Associates has made use the invention of the patents" is vague and ambiguous.

CA further objects that this request is overbroad and unduly burdensome because it

extends to "any computer software or hardware product and/or patent." This broad language

encompasses CA's entire portfolio of products, however unrelated to the subject matter of the

patent-in-suit. Such information is neither relevant to any claim or defense in the pending action

nor reasonably calculated to lead to the discovery of admissible evidence.

CA further objects that this request may implicate confidentiality obligations that CA

owes to third parties, such as requiring CA to notify the third parties. Accordingly, CA will

produce or make available such trade secret and confidential material only after complying with

any obligations owed to third parties and any direction from the Court.

13

Therefore, CA objects to producing any documents until Plaintiff clarifies this request and limits the request to documents relevant to any claim or defense in the pending action or reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 10:**

All documents that refer to, relate to, or constitute the intellectual property licensing policies of Computer Associates since 1996.

**Response:**

CA objects that the request calls for the production of documents covered by attorney-client privilege and/or attorney work product.

CA objects that the request is overbroad and unduly burdensome. Because this lawsuit is limited to patents, "intellectual property licensing policies" are not neither relevant to any claim or defense in the pending action nor reasonably calculated to lead to the discovery of admissible evidence. CA further objects that this request is overbroad and unduly burdensome in that it requests "all" documents.

CA further objects that the request is overbroad and unduly burdensome in that it is not limited to a relevant time period. CA may be liable for infringement only for products that CA made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003. Accordingly, CA objects to producing documents for any time period before 2002, because they are neither relevant to any claim or defense in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

CA further objects that this request may implicate confidentiality obligations that CA owes to third parties, such as requiring CA to notify the third parties before any production or disclosure. Accordingly, CA will produce or make available such trade secret and confidential

14

material only after complying with any obligations owed to third parties and any direction from the Court.

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available representative "documents that refer to, relate to, or constitute the [patent] licensing policies of Computer Associates since [2002]" (as that phrase is best understood by CA), to the extent such documents exist.

**Request No. 11:**

All documents that describe, refer to, or relate to any royalty or license fees received or paid by Computer Associates with respect to any Identity and Access Management software or hardware product.

**Response:**

CA objects that the request is vague, ambiguous, overbroad, and unduly burdensome in its use of the defined term "Identity and Access Management" for the reasons described above in CA's general objection to Plaintiff's definition of that term.

CA also objects that this request is overbroad and unduly burdensome in that it requests "all" documents. CA further objects that the request is overbroad and unduly burdensome in that it is not limited to a relevant time period. CA may be liable for infringement only for products that CA made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003. Accordingly, CA objects to producing those requested documents that are significantly earlier in time than the February 4, 2003 issue date, because they are neither relevant to any claim or defense in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

CA further objects that this request may implicate confidentiality obligations that CA owes to third parties, such as requiring CA to notify the third parties before any production or

15

disclosure. Accordingly, CA will produce or make available such trade secret and confidential material only after complying with any obligations owed to third parties and any direction from the Court.

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available representative "documents that describe, refer to, or relate to any royalty or license fees received or paid by Computer Associates" (as that phrase is best understood by CA) with respect to the "SiteMinder software solutions" that Plaintiff specifically accuses of infringing the patent-in-suit and that CA made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003, to the extent such documents exist.

**Request No. 12:**

All documents that relate to pricing of the products identified in or within the scope of Request No. 1 above.

**Response:**

CA objects that the reference to "products identified in or within the scope of Request No. 1 above" is vague, ambiguous, overbroad, and unduly burdensome for all the reasons described above in CA's objections to Request No. 1. Accordingly, CA incorporates all its objections to Request No. 1.

CA further objects that the request is overbroad and unduly burdensome in that it is not limited to a relevant time period. CA may be liable for infringement only for products that CA made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003. Accordingly, CA objects to producing pricing information for any product that CA did not make, offer to sell, or sell after the issue date of the patent-in-suit, February 4, 2003, because such

16

information is neither relevant to any claim or defense in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

CA further objects that this request is overbroad and unduly burdensome in that it requests "all" documents.

CA further objects that this request may implicate confidentiality obligations that CA owes to third parties, such as requiring CA to notify the third parties before any production or disclosure. Accordingly, CA will produce or make available such trade secret and confidential material only after complying with any obligations owed to third parties and any direction from the Court.

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available representative "documents that relate to pricing" (as that phrase is best understood by CA) of the "SiteMinder software solutions" that Plaintiff specifically accuses of infringing the patent-in-suit and that CA made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003.

### Request No. 13:

All documents that refer, relate, or constitute written opinion(s) of counsel relating to the validity, infringement, or enforceability of the '416 patent.

### Response:

CA objects that this request is overbroad and unduly burdensome in that it requests "all" documents. CA further objects that the request calls for the production of documents covered by attorney-client privilege and/or attorney work product.

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available opinions of counsel on which it will rely to defend itself against a charge of willful infringement, if and when CA decides to rely on any such opinions of counsel.

**Request No. 14:**

Any document referring or relating to the '416 patent.

**Response:**

CA objects that this request is overbroad and unduly burdensome in that it requests "any" documents. CA further objects that the request calls for the production of documents covered by attorney-client privilege and/or attorney work product.

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available opinions of counsel on which it will rely to defend itself against a charge of willful infringement, if and when CA decides to rely on any such opinions of counsel. Subject to and without waiving the foregoing general and specific objections, CA will produce or make available any other responsive, non-privileged documents to the extent that they exist.

**Request No. 15:**

All prior art to the '416 patent and any other non-prior art documents that Computer Associates contends is relevant to the validity or infringement of the '416 patent or to the interpretation of any claim terms in the '416 patent.

**Response:**

CA objects that objects that this request is overbroad and unduly burdensome in that it requests "all" documents. CA further objects that the request calls for the production of documents covered by attorney-client privilege and/or attorney work product. CA further objects that this request is premature.

18

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available prior art to the '416 patent and any other non-prior art documents that CA intends to rely on to prove invalidity or non-infringement of the '416 patent or to argue for a particular interpretation of any claim term in the '416 patent.

**Request No. 16:**

All documents identified in any study or evaluation of, or search for, prior art to the '416 patent.

**Response:**

CA objects that this request is overbroad and unduly burdensome in that it requests "all" documents. CA further objects that the request calls for the production of documents covered by attorney-client privilege and/or attorney work product.

**Request No. 17:**

All documents and things that Computer Associates will offer during the trial.

**Response:**

CA objects that the request is premature, as discovery has just commenced and no deadline for the exchange of such information has yet been established. CA will produce responsive information at the time required by the Court's Scheduling Order.

**Request No. 18:**

All documents that refer to, relate to, or constitute communications with any consultants retained to assist Computer Associates regarding this litigation.

19

**Response:**

CA objects that this request seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, and/or consulting expert privilege.

**Request No. 19:**

All documents that refer to, relate to, support, or refute any of the allegations, averments, denials, affirmative defenses and/or counterclaims in Computer Associates' Answer and Counterclaims.

**Response:**

CA objects that this request is overbroad and unduly burdensome in that it requests "all" documents. CA further objects that the request calls for the production of documents covered by attorney-client privilege and/or attorney work product.

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available those non-privileged documents on which CA intends to rely.

**Request No. 20:**

All documents referring or relating to Prism Resources, Inc. or Prism Technologies LLC.

**Response:**

CA objects that objects that this request is overbroad and unduly burdensome in that it requests "all" documents. CA further objects that the request calls for the production of documents covered by attorney-client privilege and/or attorney work product.

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available responsive, non-privileged documents to the extent that they exist.

20

**Request No. 21:**

All documents considered, relied upon, referred to, or referenced in Computer Associates' responses to Prism's Interrogatories to Computer Associates.

**Response:**

CA objects that the request calls for the production of documents covered by attorney-client privilege and/or attorney work product.

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available responsive, non-privileged documents to the extent that they exist.


**Request No. 22:**

All confidentiality agreements that relate to the subject matter of this suit or that form any part of the basis of a claim of privilege for any information called for by any discovery request from Prism to Computer Associates.

**Response:**

CA objects that this request may implicate confidentiality obligations that CA owes to third parties, such as requiring CA to notify the third parties before any production or disclosure. Accordingly, CA will produce or make available such trade secret and confidential material only after complying with any obligations owed to third parties and any direction from the Court.

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available responsive, non-privileged documents to the extent that they exist.


**Request No. 23:**

All documents referring or relating to any inventor of the '416 patent, including Richard L. Gregg, Timothy C. Goeke, and Sandeep Giri.

**Response:**

CA objects that objects that this request is overbroad and unduly burdensome in that it requests "all" documents. CA further objects that this request as overbroad and unduly burdensome in that it requests any documents pertaining to "any inventor of the '416 patent," regarding of the topic or whether such documents bear any relationship to any issue or matter pending in this litigation.

CA further objects to this request as vague and ambiguous to the extent it calls for production of documents relating to "any" inventor of the '416 patent, other than the persons specifically named above, in that such reference is to unnamed or unspecified individuals.

CA further objects that the request calls for the production of documents covered by attorney-client privilege and/or attorney work product.

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available responsive, non-privileged documents to the extent that they exist.

**Request No. 24:**

All documents, including but not limited to technical and marketing studies and minutes of meetings, that relate or refer to Computer Associates' decision(s) to develop, design, test, manufacture, offer for sale, or sell or import any Identity and Access Management software or hardware, including those identified in or within the scope of Request No. 1 above.

**Response:**

CA objects that the request is vague, ambiguous, overbroad, and unduly burdensome in its use of the defined term "Identity and Access Management" for the reasons described above in CA's general objection to Plaintiff's definition of that term. CA further objects that the reference to "[software or hardware] identified in or within the scope of Request No. 1 above" is vague,

ambiguous, overbroad, and unduly burdensome for all the reasons described above in CA's objections to Request No. 1. Accordingly, CA incorporates all its objections to Request No. 1.

CA further objects that the request is overbroad and unduly burdensome in that it is not limited to a relevant time period. CA may be liable for infringement only for products that CA made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003. Accordingly, CA objects to producing responsive documents for any products that were not made or sold after the issue date of the patent, February 4, 2003, because they are neither relevant to any claim or defense in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

CA further objects that objects that this request is overbroad and unduly burdensome in that it requests "all" documents.

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available representative, non-privileged documents "that relate or refer to Computer Associates' decision(s) to develop, design, test, manufacture, offer for sale, or sell or import" (as that phrase is best understood by CA) the "SiteMinder software solutions" that Plaintiff specifically accuses of infringing the patent-in-suit and that CA made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003, to the extent such documents exist.

**Request No. 25:**

All documents that constitute, evidence, describe, pertain to, relate or refer to, any discussion, meeting or correspondence between Computer Associates and any customer, potential customer, competitor, or other person concerning the '416 patent, and the present lawsuit against Prism or any other lawsuit or administrative proceeding, anywhere in the world, involving the '416 patent.

23

**Response:**

CA objects that this request is overbroad and unduly burdensome in that it requests "all" documents. CA further objects that the request calls for the production of documents covered by attorney-client privilege and/or attorney work product.

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available responsive, non-privileged documents to the extent that they exist.

**Request No. 26:**

Product catalogs, price sheets, product manuals, specifications and descriptions for all Identity and Access Management software or hardware and devices sold or offered for sale by Computer Associates.

**Response:**

CA objects that the request is vague, ambiguous, overbroad, and unduly burdensome in its use of the defined term "Identity and Access Management" for the reasons described above in CA's general objection to Plaintiff's definition of that term.

CA further objects that the request is overbroad and unduly burdensome in that it is not limited to a relevant time period. CA may be liable for infringement only for products that CA made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003. CA's products may qualify as prior art if sold or publicly used before the filing date of the patent-in-suit, June 11, 1997. Accordingly, CA objects to producing responsive documents for any product that does not fall under one of these two categories because such documents are neither relevant to any claim or defense in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

CA further objects that objects that this request is overbroad and unduly burdensome in that it requests "all" documents.

24

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available representative "product catalogs, price sheets, product manuals, specifications and descriptions" (as that phrase is best understood by CA) for (i) the "SiteMinder software solutions" that Plaintiff specifically accuses of infringing the patent-in-suit and that CA made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003, and (ii) the CA products that CA may argue qualifies as prior art to the patent-in-suit, to the extent such documents exist. CA will produce "price sheets" only for the first category of products, to the extent any "price sheets" exist.

**Request No. 27:**

Documents identifying by name and location any and all distributors to whom Computer Associates distributed or sold Identity and Access Management software or hardware and devices and the dates on which such sales or distributions were made.

**Response:**

CA further objects that the request is vague, ambiguous, overbroad, and unduly burdensome in its use of the defined term "Identity and Access Management" for the reasons described above in CA's general objection to Plaintiff's definition of that term.

CA further objects that the request is overbroad and unduly burdensome in that it is not limited to a relevant time period. CA may be liable for infringement only for products that CA made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003. CA's products may qualify as prior art if sold or publicly used before the filing date of the patent-in-suit, June 11, 1997. Accordingly, CA objects to producing responsive documents for any product that does not fall under one of these two categories because such documents are neither relevant to any claim or defense in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

25

CA further objects that objects that this request is overbroad and unduly burdensome in that it requests documents identifying "any and all" distributors.

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available representative documents identifying "distributors" (as that term is best understood by CA) to whom Computer Associates distributed or sold (i) the "SiteMinder software solutions" that Plaintiff specifically accuses of infringing the patent-in-suit and that CA made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003, and (ii) the CA products that CA may argue qualifies as prior art to the patent-in-suit, to the extent that such documents exist.

**Request No. 28:**

Documents which any expert you consulted or retained for this matter reviewed or relied upon when forming the bases for their expert opinions, whether asserted or not asserted in this matter, and all copies of any communications or reports developed by any such expert(s).

**Response:**

CA objects that the request calls for the production of documents covered by attorney-client privilege, attorney work product, and/or consulting expert privilege. CA further objects that the request is premature in that the Federal Rules of Civil Procedure, the Local Rules, and/or the Court's Scheduling Order provide appropriate dates for expert disclosure.

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available responsive, non-privileged documents at an appropriate date and time as required by the Federal Rules of Civil Procedure, the Local Rules, and/or the Court's Scheduling Order.

26

**Request No. 29:**

All market studies, reports, business plans, forecasts, marketing plans or other documents concerning the market for Identity and Access management software or hardware products and services including, but not limited to market size, market growth, market potentials and studies of the market size of competitors.

**Response:**

CA further objects that the request is vague, ambiguous, overbroad, and unduly burdensome in its use of the defined term "Identity and Access Management" for the reasons described above in CA's general objection to Plaintiff's definition of that term.

CA further objects that the request is overbroad and unduly burdensome in that it is not limited to a relevant time period. CA may be liable for infringement only for products that CA made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003. Accordingly, CA objects to producing responsive documents for any products that were not made or sold after February 4, 2003, because they are neither relevant to any claim or defense in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

CA further objects that objects that this request is overbroad and unduly burdensome in that it requests "all" documents.

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available representative "market studies, reports, business plans, forecasts, marketing plans or other documents concerning the market" (as this phrase is best understood by CA) for the "SiteMinder software solutions" that Plaintiff specifically accuses of infringing the patent-in-suit and that CA made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003, to the extent any such documents exist.

<u>Request No. 30:</u>

To the extent not already requested, all documents referring or relating in any way to Computer Associates' policies, procedures, or other guidelines on licensing or cross-licensing of patents, patent applications or technology to or from others.

<u>Response:</u>

CA objects that this request is overbroad and unduly burdensome in that it requests "all" documents and is not limited to a relevant time period.

CA further objects that this request may implicate confidentiality obligations that CA owes to third parties, such as requiring CA to notify the third parties before any production or disclosure. Accordingly, CA will produce or make available such trade secret and confidential material only after complying with any obligations owed to third parties and any direction from the Court.

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available representative "documents referring or relating in any way to Computer Associates' policies, procedures, or other guidelines on licensing or cross-licensing of patents, patent applications or technology" (as this phrase is best understood by CA) related to the "SiteMinder software solutions" that Plaintiff specifically accuses of infringing the patent-in-suit and that CA made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003, to the extent any such documents exist.

Request No. 31:

Representative corporate organization charts for Computer Associates, including parents, subsidiaries, affiliates, divisions, wholly-owned business entities, predecessors or successors, sufficient to show: (a) the general organization of Computer Associates and each such parent, subsidiary, affiliate, division, wholly-owned business entity, predecessor or successor; (b) the names, addresses and telephone numbers of each past and present corporate officer and director of Computer Associates and each such parent, subsidiary, affiliate, division, wholly-owned business entity, predecessor, or successor; and (c) the detailed organization of each department, section, or group of Computer Associates responsible for designing, developing, testing, manufacturing, exporting, importing, distribution, marketing, advertising, selling, or using Identity and Access Management software or hardware, including products identified in or within the scope of Request No. 1 above.

Response:

CA objects that the request is vague, ambiguous, overbroad, and unduly burdensome in its use of the defined term "Identity and Access Management" for the reasons described above in CA's general objection to Plaintiff's definition of that term. CA further objects that the reference to "products identified in or within the scope of Request No. 1 above" is vague, ambiguous, overbroad, and unduly burdensome for all the reasons described above in CA's objections to Request No. 1. Accordingly, CA incorporates all its objections to Request No. 1.

CA further objects that the request is overbroad and unduly burdensome in that it is not limited to a relevant time period. CA may be liable for infringement only for products that CA made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003. Accordingly, CA objects to producing corporate organization charts for earlier time periods because they are neither relevant to any claim or defense in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

CA further objects that the request is overbroad and unduly burdensome because the requested corporate organization charts are neither relevant to any claim or defense in the pending action nor reasonably calculated to lead to the discovery of admissible evidence. For example, Plaintiff requests documents sufficient to show "the general organization of Computer

29

Associates and each such parent, subsidiary, affiliate, division, wholly-owned business entity, predecessor or successor" and "the names, addresses and telephone numbers of each past and present corporate officer and director of Computer Associates and each such parent, subsidiary, affiliate, division, wholly-owned business entity, predecessor, or successor," however unrelated any of these entities and persons may be to the alleged infringing activity that is the subject of this lawsuit.

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available documents of organization charts for "each department, section, or group of Computer Associates responsible for designing, developing, testing, manufacturing, exporting, importing, distribution, marketing, advertising, selling, or using" (as that phrase is best understood by CA) the "SiteMinder software solutions" that Plaintiff specifically accuses of infringing the patent-in-suit and that CA made, offered to sell, or sold after the issue date of the patent-in-suit, February 4, 2003, to the extent any such organization charts exist.

**Request No. 32:**

All documents that constitute, relate to, or refer to Computer Associates' document control and retention policies, including for its electronic documents.

**Response:**

CA objects that this request is overbroad and unduly burdensome in that it requests "all" documents and is unlimited to a relevant time period. CA further objects that the request calls for the production of documents covered by attorney-client privilege and/or attorney work product.

Subject to and without waiving the foregoing general and specific objections, CA will produce or make available representative "documents that constitute, relate to, or refer to

30

Computer Associates' document control and retention policies" (as that phrase is best understood

by CA) that were in place at the time the lawsuit for filed, to the extent such documents exist.

OF COUNSEL                              POTTER ANDERSON & CORROON LLP

David M. Schlitz
Stephen M. Silver                       By: _____
BAKER BOTTS L.L.P.                          Richard L. Horwitz (#2246)
1299 Pennsylvania Ave., N.W.                David E. Moore (#3983)
Washington, D.C. 20004-2400                 Hercules Plaza, 6th Floor
Tel. 202-639-7700                           1313 N. Market Street
                                            P.O. Box 951
Samir A. Bhavsar                            Wilmington, DE 19899-0951
Jeffrey D. Baxter                           Tel: 302-984-6000
BAKER BOTTS L.L.P.
2001 Ross Avenue                        *Attorneys for Defendant Computer Associates*
Dallas, TX 75201-2980                   *International, Inc.*
Tel: 214-953-6500

Dated: October 28, 2005
705480 / 29074

31

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on October 28, 2005, a true and correct copy of the within document was caused to be served on the attorney of record at the following addresses as indicated:

### VIA HAND DELIVERY

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, Suite 900
P. O. Box 25130
Wilmington, DE  19899-5130

Frederick L. Cottrell, III
Alyssa M. Schwartz
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, DE  19899-0551

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
P. O. Box 1150
Wilmington, DE  19899

### VIA FEDERAL EXPRESS

Dirk D. Thomas
Robert A. Auchter
Kenneth A. Freeling
Jason R. Buratti
André J. Bahou
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, Suite 1200
Washington, DC  20006

William F. Lee
David B. Bassett
Mark D. Selwyn
Gregory P. Teran
Wilmer Cutler Pickering Hale & Dorr
60 State Street
Boston, MA  02109

Edward F. Mannino
Jason A Snyderman
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA  19103

John DiMatteo
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY  10019-6099

Frank C. Cimino
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC  20036-1564

_____
David E. Moore

680023

# EXHIBIT 23

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 05-214-JJF |
| VERISIGN, INC., RSA SECURITY, INC., | ) |
| NETEGRITY, INC., COMPUTER | ) |
| ASSOCIATES INTERNATIONAL, INC., and | ) |
| JOHNSON & JOHNSON SERVICES, INC. | ) |
| Defendants. | ) |
| | ) |
| | ) |

**DEFENDANT JOHNSON & JOHNSON SERVICES, INC.'S
RESPONSES AND OBJECTIONS TO PLAINTIFF'S REVISED FIRST SET OF
RULE 34 REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant

Johnson & Johnson Services, Inc. ("JJSI"), through undersigned counsel, responds and objects as

set forth below to the Revised First Set of Rule 34 Requests for Production of Documents and

Things (the "Requests") by plaintiff Prism Technologies LLC ("Prism").

## GENERAL OBJECTIONS

The following General Objections apply to and are incorporated in each of the

individual Responses and Objections herein, regardless of whether or not it is repeated in the

particular individual Response and Objection in question.

1.     JJSI objects to the Requests to the extent that they seek the production of

documents that constitute or reflect privileged attorney-client material or attorney work product,

or that are otherwise protected from disclosure. Any inadvertent production of such material

shall not be deemed a waiver of the applicable privilege or protection.

2.     JJSI objects to the Requests to the extent that they seek production of documents that are already within the possession, custody or control of Prism or are available to Prism from sources other than JJSI that are more convenient, less burdensome, or less expensive than by means of these Requests.

3.     JJSI objects to the Requests to the extent that they seek documents that contain confidential or proprietary business or financial information or trade secrets of any kind. JJSI will not produce any such information until and unless an appropriate protective order is in place.

4.     JJSI objects to the Requests to the extent that they seek information not within JJSI's possession, custody, or control.

5.     JJSI objects to the Requests to the extent that they seek to impose any obligations different from, or in addition to, those set forth in the Federal Rules of Civil Procedure (the "Federal Rules") or in the Local Rules of the United States District Court for the District of Delaware (the "Local Rules").

6.     JJSI objects to the definition of "Identity and Access Management" (Definition B) as vague and ambiguous insofar as it uses the undefined terms "Web single sign-on," "advanced authentication," "strong authentication," and "digital identification." JJSI further objects to the definition as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it refers to documents or things other than JJSI products, systems, components or activities that Prism contends infringe the '416 patent.

7.     JJSI objects to the definition of "SafeNet iKey" and "SafeNet iKey Authentication Suite" (Definition C) as vague and ambiguous insofar as it uses the undefined terms "managed authentication and security services," and "JJSI Web Serve Agent software."

2

JJSI further objects to the definition as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it refers to documents or things other than JJSI products, systems, components or activities that Prism contends infringe the '416 patent.

        8.     JJSI objects to the Requests as overbroad and unduly burdensome, and seeking documents not reasonably calculated to lead to the discovery of admissible evidence to the extent that they seek production of documents and things created prior to the issuance of the '416 patent that relate to damages issues.

        9.     JJSI objects to the Requests as overbroad and unduly burdensome, and seeking documents not reasonably calculated to lead to the discovery of admissible evidence to the extent that they seek production of documents and things created more than six years prior to the filing of the Complaint that relate to damages issues.  See 35 U.S.C. § 286.

        10.     JJSI objects to the Requests to the extent that they seek production of documents or information subject to third-party confidentiality agreements or subject to confidentiality by court order.

        11.     JJSI's objections and responses are made without in any way waiving or intending to waive, but rather preserving and intending to preserve, its rights to (i) raise all questions and objections as to the competency, relevance, materiality and admissibility into evidence of the requested documents and these responses in this or any other litigation, action, proceeding or investigation; (ii) object on any ground to the use of any of the requested documents or these responses in this or any other litigation, action, proceeding or investigation; (iii) object at any time to this or any other requests for production made by Prism and (iv) to move for an appropriate protective order, if appropriate.

3

12.    In providing these Responses, JJSI notes that its investigation and analysis of Prism's claims is continuing, and these Responses are without prejudice to JJSI's rights to revise, amend, add to or supplement them from time to time.

## SPECIFIC RESPONSES AND OBJECTIONS

1.    "One set of each Identity and Access Management software and software code and/or device made, offered for sale, designed, sold, distributed, leased, or supplied by JJSI, including but not limited to JJSI's SafeNet iKey Authentication Suite."

Response to Request No. 1

JJSI objects to this request on the grounds that it is overbroad, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. JJSI further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity from disclosure. JJSI also objects to this request on the grounds that it seeks information subject to third-party confidentiality agreements. JJSI further objects to this request on the grounds that it is unduly burdensome because it seeks documents that are available to Prism from sources other than JJSI that are more convenient, less burdensome, or less expensive than by means of these Requests. Subject to and without waiving these objections and JJSI's General Objections, and following entry of an appropriate protective order, JJSI will produce, at a mutually agreed-upon time and place, non-privileged documents in its possession, custody or control, if any, responsive to this request.

4

2.      "All instructional manuals or training manuals for each of the products identified in or within the scope of Request No. 1 above."

Response to Request No. 2

Subject to and without waiving JJSI's objections to Request No. 1, including

JJSI's General Objections, and following entry of an appropriate protective order, JJSI will

produce, at a mutually agreed-upon time and place, non-privileged documents in its possession,

custody or control, if any, responsive to this request.

3.      "All documents related to the design, creation, writing, and/or composing of each of the products identified in or within the scope of Request No. 1 above."

Response to Request No. 3

Subject to and without waiving JJSI's objections to Request No. 1, including

JJSI's General Objections, and following entry of an appropriate protective order, JJSI will

produce, at a mutually agreed-upon time and place, non-privileged documents in its possession,

custody or control, if any, responsive to this request.

4.      "All documents that reflect the programming code or system architecture of each of the products identified in or within the scope of Request No. 1 above."

Response to Request No. 4

Subject to and without waiving JJSI's objections to Request No. 1, including

JJSI's General Objections, and following entry of an appropriate protective order, JJSI will

produce, at a mutually agreed-upon time and place, non-privileged documents in its possession,

custody or control, if any, responsive to this request.

5.         "All marketing, pricing, advertising, sales, sales projections, market studies, licenses, memoranda of understanding, agreements, royalty payments, promotional documents or audio-visual aids relating to or referring to any Identity and Access Management software and hardware products, including but not limited to the products identified in or within the scope of Request No. 1 above, whether the information originated from JJSI or from another entity."

Response to Request No. 5

        Subject to and without waiving JJSI's objections to Request No. 1, including

JJSI's General Objections, and following entry of an appropriate protective order, JJSI will

produce, at a mutually agreed-upon time and place, non-privileged documents in its possession,

custody or control, if any, responsive to this request.

6.         "All of JJSI's annual and interim financial statements covering the years 1996 to the present, including but not limited to Annual Reports and all submissions made to the Securities and Exchange Commission."

Response to Request No. 6

        JJSI objects to this request on the grounds that it is overbroad, and seeks

documents not reasonably calculated to lead to the discovery of admissible evidence.  JJSI

further objects to this request to the extent it seeks information protected from disclosure by the

attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity

from disclosure.  JJSI further objects to this request on the grounds that it is unduly burdensome

because it seeks documents that are available to Prism from sources other than JJSI that are more

convenient, less burdensome, or less expensive than by means of these Requests.  Subject to and

without waiving these objections and JJSI's General Objections, and following entry of an

appropriate protective order, JJSI will produce, at a mutually agreed-upon time and place, non-

privileged documents in its possession, custody or control, if any, responsive to this request.

6

7.       "All documents that reflect gross and net sales and profit figures (by unit sales volume and by dollar sales volume) since 1996, whether inside or outside the United States, for each product identified in or within the scope of Request No. 1 on a monthly, quarterly, and annual basis, or on whatever timeframe JJSI regularly keeps records of data."

Response to Request No. 7

Subject to and without waiving JJSI's objections to Request No. 1, including

JJSI's General Objections, and following entry of an appropriate protective order, JJSI will

produce, at a mutually agreed-upon time and place, non-privileged documents in its possession,

custody or control, if any, responsive to this request.

8.       "All documents that refer to, relate to, or constitute a patent licensing or royalty agreement entered into by JJSI for any computer software or hardware product and/or patent since 1996."

Response to Request No. 8

JJSI objects to this request on the grounds that it is overbroad, and seeks

documents not reasonably calculated to lead to the discovery of admissible evidence. JJSI

further objects to this request on the grounds that it is vague and ambiguous, insofar as it uses the

undefined term "patent licensing or royalty agreement." JJSI further objects to this request to the

extent it seeks information protected from disclosure by the attorney-client privilege, the attorney

work product doctrine, or any other privilege or immunity from disclosure. Subject to and

without waiving these objections and JJSI's General Objections, and following entry of an

appropriate protective order, JJSI will produce, at a mutually agreed-upon time and place, non-

privileged documents in its possession, custody or control, if any, responsive to this request.

7

9.       "Documents sufficient to show the extent to which JJSI has made use of the invention of the patents identified in each patent licensing or royalty agreement entered into by JJSI for any computer software or hardware product and/or patent since 1996."

<u>Response to Request No. 9</u>

        Subject to and without waiving JJSI's objections to Request No. 8, including

JJSI's General Objections, and following entry of an appropriate protective order, JJSI will

produce, at a mutually agreed-upon time and place, non-privileged documents in its possession,

custody or control, if any, responsive to this request.

10.       "All documents that refer to, relate to, reflect, or constitute the intellectual property licensing policies of JJSI since 1996."

<u>Response to Request No. 10</u>

        JJSI objects to this request on the grounds that it is overbroad, and seeks

documents not reasonably calculated to lead to the discovery of admissible evidence.  JJSI

further objects to this request to the extent it seeks information protected from disclosure by the

attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity

from disclosure.  Subject to and without waiving these objections and JJSI's General Objections,

and following entry of an appropriate protective order, JJSI will produce, at a mutually agreed-

upon time and place, non-privileged documents in its possession, custody or control, if any,

responsive to this request.

11.       "All documents that describe, refer, or relate to any royalty or license fees received or paid by JJSI with respect to any Identity and Access Management software or hardware product."

<u>Response to Request No. 11</u>

        JJSI objects to this request on the grounds that it is overbroad, and seeks

documents not reasonably calculated to lead to the discovery of admissible evidence.  JJSI

further objects to this request to the extent it seeks information protected from disclosure by the

8

attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity from disclosure. Subject to and without waiving these objections and JJSI's General Objections, and following entry of an appropriate protective order, JJSI will produce, at a mutually agreed-upon time and place, non-privileged documents in its possession, custody or control, if any, responsive to this request.

12.      "All documents that relate to pricing of the products identified in or within the scope of Request No. 1 above."

Response to Request No. 12

Subject to and without waiving JJSI's objections to Request No. 1, including JJSI's General Objections, and following entry of an appropriate protective order, JJSI will produce, at a mutually agreed-upon time and place, non-privileged documents in its possession, custody or control, if any, responsive to this request.

13.      "All documents that refer, relate, or constitute written opinion(s) of counsel relating to the validity, infringement, or enforceability of the '416 patent."

Response to Request No. 13

JJSI objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity from disclosure. Subject to and without waiving these objections and JJSI's General Objections, and following entry of an appropriate protective order, JJSI will produce, at a mutually agreed-upon time and place, non-privileged documents in its possession, custody or control, if any, responsive to this request.

9

14.        "Any document referring or relating to the '416 patent."

<u>Response to Request No. 14</u>

        JJSI objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity from disclosure.  JJSI further objects to this request on the grounds that it is unduly burdensome because it seeks documents that are available to Prism from sources other than JJSI that are more convenient, less burdensome, or less expensive than by means of these Requests.  Subject to and without waiving these objections and JJSI's General Objections, and following entry of an appropriate protective order, JJSI will produce, at a mutually agreed-upon time and place, non-privileged documents in its possession, custody or control, if any, responsive to this request.

15.        "All prior art to the '416 patent and any other non-prior art documents that JJSI contends is relevant to the validity or infringement of the `416 patent or to the interpretation of any claim terms in the '416 patent."

<u>Response to Request No. 15</u>

        JJSI objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity from disclosure.  JJSI further objects to this request on the grounds that it is unduly burdensome because it seeks documents that are available to Prism from sources other than JJSI that are more convenient, less burdensome, or less expensive than by means of these Requests.  Subject to and without waiving these objections and JJSI's General Objections, and following entry of an appropriate protective order, JJSI will produce, at a mutually agreed-upon time and place, non-privileged documents in its possession, custody or control, if any, responsive to this request.

16.      "All documents identified in any study or evaluation of, or search for, prior art to the '416 patent."

<u>Response to Request No. 16</u>

JJSI objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity from disclosure. JJSI further objects to this request on the grounds that it is unduly burdensome because it seeks documents that are available to Prism from sources other than JJSI that are more convenient, less burdensome, or less expensive than by means of these Requests. Subject to and without waiving these objections and JJSI's General Objections, and following entry of an appropriate protective order, JJSI will produce, at a mutually agreed-upon time and place, non-privileged documents in its possession, custody or control, if any, responsive to this request.

17.      "All documents and things that JJSI will offer during the trial."

<u>Response to Request No. 17</u>

JJSI objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity from disclosure. Subject to and without waiving these objections and JJSI's General Objections, and following entry of an appropriate protective order, JJSI will produce, at a mutually agreed-upon time and place, non-privileged documents in its possession, custody or control, if any, responsive to this request.

11

18.    "All documents that refer to, relate to, or constitute communications with any consultants retained to assist JJSI regarding this litigation."

Response to Request No. 18

JJSI objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity from disclosure. Subject to and without waiving these objections and JJSI's General Objections, and following entry of an appropriate protective order, JJSI will produce, at a mutually agreed-upon time and place, non-privileged documents in its possession, custody or control, if any, responsive to this request.

19.    "All documents that refer to, relate to, support, or refute any of the allegations, averments, denials, affirmative defenses and/or counterclaims in JJSI's Answer and Counterclaims."

Response to Request No. 19

JJSI objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity from disclosure. Subject to and without waiving these objections and JJSI's General Objections, and following entry of an appropriate protective order, JJSI will produce, at a mutually agreed-upon time and place, non-privileged documents in its possession, custody or control, if any, responsive to this request.

20.    "All documents referring or relating to Prism Resources, Inc. or Prism Technologies LLC."

Response to Request No. 20

JJSI objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity from disclosure. JJSI further objects to this request on the grounds that it

12

is unduly burdensome because it seeks documents that are available to Prism from sources other than JJSI that are more convenient, less burdensome, or less expensive than by means of these Requests. Subject to and without waiving these objections and JJSI's General Objections, and following entry of an appropriate protective order, JJSI will produce, at a mutually agreed-upon time and place, non-privileged documents in its possession, custody or control, if any, responsive to this request.

21.    "All documents considered, relied upon, referred to, or referenced in JJSI's responses to Prism's Interrogatories to JJSI."

Response to Request No. 21

JJSI objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity from disclosure. Subject to and without waiving these objections and JJSI's General Objections, and following entry of an appropriate protective order, JJSI will produce, at a mutually agreed-upon time and place, non-privileged documents in its possession, custody or control, if any, responsive to this request.

22.    "All confidentiality agreements that relate to the subject matter of this suit or that form any part of the basis of a claim of privilege for any information called for by any discovery request from Prism to JJSI."

Response to Request No. 22

JJSI objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity from disclosure. Subject to and without waiving these objections and JJSI's General Objections, and following entry of an appropriate protective order, JJSI will produce, at a mutually agreed-upon time and place, non-privileged documents in its possession, custody or control, if any, responsive to this request.

23.    "All documents referring or relating to any inventor of the '416 patent, including Richard L. Gregg, Timothy C. Goeke, and Sandeep Giri."

<u>Response to Request No. 23</u>

JJSI objects to this request to the extent it seeks information protected from

disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

privilege or immunity from disclosure.  Subject to and without waiving these objections and

JJSI's General Objections, and following entry of an appropriate protective order, JJSI will

produce, at a mutually agreed-upon time and place, non-privileged documents in its possession,

custody or control, if any, responsive to this request.

24.    "All documents, including but not limited to technical and marketing studies and minutes of meetings, that relate or refer to JJSI's decision(s) to develop, design, test, manufacture, offer for sale, or sell or import any Identity and Access Management software or hardware, including those identified in or within the scope of Request No. 1 above."

<u>Response to Request No. 24</u>

Subject to and without waiving JJSI's objections to Request No. 1, including

JJSI's General Objections, and following entry of an appropriate protective order, JJSI will

produce, at a mutually agreed-upon time and place, non-privileged documents in its possession,

custody or control, if any, responsive to this request.

25.    "All documents that constitute, evidence, describe, pertain to, relate or refer to, any discussion, meeting or correspondence between JJSI and any customer, potential customer, competitor, or other person concerning the '416 patent, and the present lawsuit against Prism or any other lawsuit or administrative proceeding, anywhere in the world, involving the '416 patent."

<u>Response to Request No. 25</u>

JJSI objects to this request to the extent it seeks information protected from

disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

privilege or immunity from disclosure.  Subject to and without waiving these objections and

14

JJSI's General Objections, and following entry of an appropriate protective order, JJSI will

produce, at a mutually agreed-upon time and place, non-privileged documents in its possession,

custody or control, if any, responsive to this request.

26.     "Product catalogs, price sheets, product manuals, specifications and descriptions for
all Identity and Access Management software or hardware and devices sold or offered for sale by
JJSI."

Response to Request No. 26

         Subject to and without waiving JJSI's General Objections, JJSI responds that

there are no "Identity and Access Management software or hardware and devices sold or offered

for sale by JJSI."

27.     "Documents identifying by name and location any and all distributors to whom JJSI
distributed or sold Identity and Access Management software or hardware and devices and the
dates on which such sales or distributions were made."

Response to Request No. 27

         JJSI objects to this request on the grounds that it is vague and ambiguous, insofar

as it uses the undefined term "distributors." JJSI further objects to this request to the extent it

seeks information protected from disclosure by the attorney-client privilege, the attorney work

product doctrine, or any other privilege or immunity from disclosure. Subject to and without

waiving these objections and JJSI's General Objections, JJSI responds that there are no

"distributors to whom JJSI distributed or sold Identity and Access Management software."

28.     "Documents which any expert you consulted or retained for this matter reviewed or
relied upon when forming the bases for their expert opinions, whether asserted or not asserted in
this matter, and all copies of any communications or reports developed by any such expert(s)."

Response to Request No. 28

         JJSI objects to this request to the extent it seeks information protected from

disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

15

privilege or immunity from disclosure. Subject to and without waiving these objections and

JJSI's General Objections, and following entry of an appropriate protective order, JJSI will

produce, at a mutually agreed-upon time and place, non-privileged documents in its possession,

custody or control, if any, responsive to this request.

29.    "All market studies, reports, business plans, forecasts, marketing plans or other
documents concerning the market for Identity and Access Management software or hardware
products and services including, but not limited to market size, market growth, market potentials
and studies of the market size of competitors."

Response to Request No. 29

        JJSI objects to this request on the grounds that it is overbroad, and seeks

documents not reasonably calculated to lead to the discovery of admissible evidence. JJSI

further objects to this request on the grounds that it is vague and ambiguous, insofar as it uses the

undefined phrase "the market for Identity and Access Management software or hardware

products and services." JJSI further objects to this request to the extent it seeks information

protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or

any other privilege or immunity from disclosure. JJSI also objects to this request to the extent

that it seeks information subject to third-party confidentiality agreements. JJSI further objects to

this request on the grounds that it is unduly burdensome because it seeks documents that are

available to Prism from sources other than JJSI that are more convenient, less burdensome, or

less expensive than by means of these Requests. Subject to and without waiving these objections

and JJSI's General Objections, and following entry of an appropriate protective order, JJSI will

produce, at a mutually agreed-upon time and place, non-privileged documents in its possession,

custody or control, if any, responsive to this request.

16

30.        "To the extent not already requested, all documents referring or relating in any way to
JJSI's policies, procedures, or other guidelines on licensing or cross-licensing of patents, patent
applications or technology to or from others."

Response to Request No. 30

JJSI objects to this request on the grounds that it is overbroad, and seeks

documents not reasonably calculated to lead to the discovery of admissible evidence. JJSI

further objects to this request to the extent it seeks information protected from disclosure by the

attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity

from disclosure. Subject to and without waiving these objections and JJSI's General Objections,

and following entry of an appropriate protective order, JJSI will produce, at a mutually agreed-

upon time and place, non-privileged documents in its possession, custody or control, if any,

responsive to this request.

31.        "Representative corporate organization charts for JJSI, including parents,
subsidiaries, affiliates, divisions, wholly-owned business entities, predecessors or successors,
sufficient to show: (a) the general organization of JJSI and each such parent, subsidiary, affiliate,
division, wholly-owned business entity, predecessor or successor; (b) the names, addresses and
telephone numbers of each past and present corporate officer and director of JJSI and each such
parent, subsidiary, affiliate, division, wholly-owned business entity, predecessor, or successor;
and (c) the detailed organization of each department, section, or group of JJSI responsible for
designing, developing, testing, manufacturing, exporting, importing, distribution marketing,
advertising, selling, or using Identify and Access Management software and hardware, including
the products identified in or within the scope of Request No. 1 above."

Response to Request No. 31

Subject to and without waiving JJSI's objections to Request No. 1, including

JJSI's General Objections, and following entry of an appropriate protective order, JJSI will

produce, at a mutually agreed-upon time and place, non-privileged documents in its possession,

custody or control, if any, responsive to this request.

17

32.    "All documents that constitute, relate to, or refer to JJSI's document control and retention policies, including for its electronic documents."

Response to Request No. 32

JJSI objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity from disclosure. Subject to and without waiving these objections and JJSI's General Objections, and following entry of an appropriate protective order, JJSI will produce, at a mutually agreed-upon time and place, non-privileged documents in its possession, custody or control, if any, responsive to this request.

ASHBY & GEDDES

Steven J. Balick (ID. # 2114)
John G. Day (ID. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware  19899
(302) 654-1888

*Attorneys for Defendant*
*Johnson & Johnson Services Inc.*

*Of Counsel:*

John M. DiMatteo
Neal K. Feivelson
Leslie M. Spencer
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000

Dated:        October 27, 2005

18

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October, 2005, the attached **DEFENDANT JOHNSON & JOHNSON SERVICES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REVISED FIRST SET OF RULE 34 REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** was served upon the below-named counsel at the address and in the manner indicated:

Richard D. Kirk, Esquire                           <u>HAND DELIVERY</u>
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899

Dirk D. Thomas, Esquire                            <u>VIA FEDERAL EXPRESS</u>
Robin, Kaplan, Miller & Ciresi, LLP
1801 K Street, N.W., Suite 1200
Washington, DC  20006

Patricia S. Rogowski, Esquire                      <u>HAND DELIVERY</u>
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899

Jason A. Snyderman, Esquire                        <u>VIA FEDERAL EXPRESS</u>
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square
2005 Market Street
Suite 2200
Philadelphia, PA  19103-7013

Frank C. Cimino, Jr., Esquire                      <u>VIA FEDERAL EXPRESS</u>
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC  20036-1564

Frederick L. Cottrell, III, Esquire                    <u>HAND DELIVERY</u>
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

William F. Lee, Esquire                                <u>VIA FEDERAL EXPRESS</u>
Wilmer Cutler Pickering Hale & Dorr LLP
60 State Street
Boston, MA  02109

Kate Hutchins, Esquire                                 <u>VIA FEDERAL EXPRESS</u>
Wilmer Cutler Pickering Hale & Dorr
399 Park Avenue
New York, NY  10022

Richard L. Horwitz, Esquire                            <u>HAND DELIVERY</u>
Potter Anderson & Corroon LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899

Samir Bhavsar, Esquire                                 <u>VIA FEDERAL EXPRESS</u>
Baker Botts LLP
2001 Ross Avenue
Dallas, TX  75201-2980

David M. Schlitz, Esquire                              <u>VIA FEDERAL EXPRESS</u>
Baker Botts LLP
The Warner
1299 Pennsylvania Avenue, NW
Washington, DC  20004-2400


Lauren E. Maguire

156751.1

# EXHIBIT 24

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRISM TECHNOLOGIES LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 05-214-JJF |
| VERISIGN, INC., RSA SECURITY, INC., | ) | |
| NETEGRITY, INC., COMPUTER | ) | |
| ASSOCIATES INTERNATIONAL, INC., and | ) | |
| JOHNSON & JOHNSON SERVICES, INC. | ) | |
| Defendants. | ) | |

## DEFENDANT JOHNSON & JOHNSON SERVICES, INC.'S
## RESPONSES AND OBJECTIONS TO PLAINTIFF'S
## FIRST REQUEST FOR RULE 34 INSPECTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant Johnson & Johnson Services, Inc. ("JJSI"), through undersigned counsel, responds and objects as set forth below to the First Request For Rule 34 Inspection (the "Requests") by plaintiff Prism Technologies LLC ("Prism").

### GENERAL OBJECTIONS

The following General Objections apply to and are incorporated in each of the individual Responses and Objections herein, regardless of whether or not it is repeated in the particular individual Response and Objection in question.

1.      JJSI objects to the Requests to the extent that they seek the discovery of information that constitutes or reflects privileged attorney-client material or attorney work product, or that are otherwise protected from disclosure. Any inadvertent disclosure of such material shall not be deemed a waiver of the applicable privilege or protection.

2.     JJSI objects to the Requests to the extent that they seek the discovery of information that is already within the possession, custody or control of Prism or is available to Prism from sources other than JJSI that are more convenient, less burdensome, or less expensive than by means of these Requests.

3.     JJSI objects to the Requests to the extent that they seek information not within JJSI's possession, custody, or control.

4.     JJSI objects to the Requests to the extent that they seek to impose any obligations different from, or in addition to, those set forth in the Federal Rules of Civil Procedure (the "Federal Rules") or in the Local Rules of the United States District Court for the District of Delaware (the "Local Rules").

5.     JJSI objects to the definition of "Identity and Access Management" (Definition B) as vague and ambiguous insofar as it uses the undefined terms "web single sign-on," "advanced authentication," "strong authentication," and "digital identification." JJSI further objects to the definition as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it refers to documents or things other than JJSI products, systems, components or activities that Prism contends infringe the '416 patent.

6.     JJSI objects to the Requests to the extent that they seek production of documents or information subject to third-party confidentiality agreements or subject to confidentiality by court order.

7.     JJSI's objections and responses are made without in any way waiving or intending to waive, but rather preserving and intending to preserve its rights to (i) raise all questions and objections as to the competency, relevance, materiality and admissibility into evidence of the requested information and these responses in this or any other litigation, action,

2

proceeding or investigation; (ii) object on any ground to the use of any of the requested

information or these responses in this or any other litigation, action, proceeding or investigation;

(iii) object at any time to this or any other requests for production made by Prism and (iv) to

move for an appropriate protective order, if appropriate.

## SPECIFIC RESPONSES AND OBJECTIONS

Request No. 1

       Make available for inspection, review, photographing, testing, sampling or
copying by Plaintiff and its expert Dr. Michael I. Shamos, the computer operations, records,
programs, tapes, databases, systems, files, hardware, software, and manuals which demonstrate
the configuration, implementation, use, and operation of JJSI's public key infrastructure ("the
accused infringing system"), including but not limited to:

> the SafeNet iKey 2000 Series token utilities and USB hardware tokens;
> Nortel Networks Contivity VPN software;
> Microsoft Windows 2000 Server software;
> Microsoft Windows CryptoAPI middleware;
> JJEDS Indentity Token Software interface;
> Johnson & Johnson Enterprise Directory & Security (JJEDS); and
> Microsoft Windows client software (including Internet Explorer).

       This inspection shall be conducted at the location(s) where JJSI operates the
accused infringing system. Prism requests that a person familiar with the operation of the
computer systems be available to provide reasonable and necessary assistance in accessing,
operating, and explaining these systems and their implementation.

Response to Request No. 1

       JJSI objects to this request on the grounds that it is overbroad and seeks

information not reasonably calculated to lead to the discovery of admissible evidence. JJSI

further objects to this request to the extent it seeks information protected from disclosure by the

attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity

from disclosure. JJSI also objects to this request on the grounds that it seeks information subject

to third-party confidentiality agreements. JJSI further objects to this request on the grounds that

it is unduly burdensome because it seeks information that is available to Prism from sources

other than JJSI that are more convenient, less burdensome, or less expensive than by means of

the request.  JJSI also objects to this request as vague and ambiguous insofar as it uses the

undefined term "JJEDS Indentity Token Software interface."

Subject to and without waiving these specific objections and JJSI's General

Objections, JJSI will provide a presentation by a JJSI operator of JJSI's remote access and

identity token solution.  Such presentation shall take place at the offices of Willkie Farr &

Gallagher LLP, 787 Seventh Avenue, New York, New York  10019.  JJSI hereby designates the

presentation as confidential pursuant to the Protective Order entered in this action on May 16,

2006.  JJSI reserves the right to have a JJSI lawyer present with its client during the presentation.

Request No. 2

Make available for inspection, review, photographing, testing, sampling or
copying by Plaintiff and its expert Dr. Michael I. Shamos, the computer operations records,
programs, tapes, databases, systems, files, hardware, software, and manuals which demonstrate
the configuration, implementation, use and operation of JJSI's Employee Access Services,
including by not limited to the Global Dial Service 2.0.

This inspection shall by conducted at the location(s) where JJSI operates JJSI's
Employee Access Services, including but not limited to the Global Dial Services 2.0.  Prism
requests that a person familiar with the operation of the computer systems be available to provide
reasonable and necessary assistance in accessing, operating, and explaining these systems and
their implementation.

Response to Request No. 2

JJSI objects to this request on the grounds that it is overbroad and seeks

information not reasonably calculated to lead to the discovery of admissible evidence.  JJSI

further objects to this request to the extent it seeks information protected from disclosure by the

attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity

4

from disclosure. JJSI also objects to this request on the grounds that it seeks information subject to third-party confidentiality agreements. JJSI further objects to this request on the grounds that it is unduly burdensome because it seeks information that is available to Prism from sources other than JJSI that are more convenient, less burdensome, or less expensive than by means of the request.

Subject to and without waiving these specific objections and JJSI's General Objections, JJSI will provide a presentation by a JJSI operator of JJSI's remote access and identity token solution. Such presentation shall take place at the offices of Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019. JJSI hereby designates the presentation as confidential pursuant to the Protective Order entered in this action on May 16, 2006. JJSI reserves the right to have a JJSI lawyer present with its client during the presentation.

ASHBY & GEDDES

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. 3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Defendant
Johnson & Johnson Services Inc.*

*Of Counsel:*

John M. DiMatteo
Neal K. Feivelson
Leslie M. Spencer
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000

Dated: September 1, 2006
172697.1

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of September, 2006, the attached **DEFENDANT JOHNSON & JOHNSON SERVICES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR RULE 34 INSPECTION** was served upon the below-named counsel at the address and in the manner indicated:

Richard D. Kirk, Esquire                                    HAND DELIVERY
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

Dirk D. Thomas, Esquire                                    VIA FEDERAL EXPRESS
Robin, Kaplan, Miller & Ciresi, LLP
1801 K Street, N.W., Suite 1200
Washington, DC 20006

Patricia S. Rogowski, Esquire                              HAND DELIVERY
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Jason A. Snyderman, Esquire                                VIA FEDERAL EXPRESS
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square
2005 Market Street
Suite 2200
Philadelphia, PA 19103-7013

Frank C. Cimino, Jr., Esquire                              VIA FEDERAL EXPRESS
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564

Frederick L. Cottrell, III, Esquire                          HAND DELIVERY
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

William F. Lee, Esquire                                VIA FEDERAL EXPRESS
Wilmer Cutler Pickering Hale & Dorr LLP
60 State Street
Boston, MA 02109

Kate Hutchins, Esquire                                 VIA FEDERAL EXPRESS
Wilmer Cutler Pickering Hale & Dorr
399 Park Avenue
New York, NY 10022

Richard L. Horwitz, Esquire                                  HAND DELIVERY
Potter Anderson & Corroon LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899

Samir Bhavsar, Esquire                                 VIA FEDERAL EXPRESS
Baker Botts LLP
2001 Ross Avenue
Dallas, TX 75201-2980

David M. Schlitz, Esquire                              VIA FEDERAL EXPRESS
Baker Botts LLP
The Warner
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400


John G. Day

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC,           )
                                  )
            Plaintiff,            )
                                  )
      v.                          )        C.A. No. 05-214-JJF
                                  )
VERISIGN, INC., RSA SECURITY, INC.,  )
NETEGRITY, INC., COMPUTER         )
ASSOCIATES INTERNATIONAL, INC.,   )
and JOHNSON & JOHNSON             )
SERVICES, INC.                    )
                                  )
            Defendants.           )

## NOTICE OF SERVICE

The undersigned hereby certifies that on the 1st day of September, 2006, **DEFENDANT**

**JOHNSON & JOHNSON SERVICES, INC.'S RESPONSES AND OBJECTIONS TO**

**PLAINTIFF'S FIRST REQUEST FOR RULE 34 INSPECTION** was served upon the

following counsel of record at the address and in the manner indicated:


Richard D. Kirk, Esquire                    <u>HAND DELIVERY</u>
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19899

Dirk D. Thomas, Esquire                     <u>VIA FEDERAL EXPRESS</u>
Robin, Kaplan, Miller & Ciresi, LLP
1801 K Street, N.W., Suite 1200
Washington, DC  20006

Patricia S. Rogowski, Esquire               <u>HAND DELIVERY</u>
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899

Jason A. Snyderman, Esquire                          VIA FEDERAL EXPRESS
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square
2005 Market Street
Suite 2200
Philadelphia, PA  19103-7013

Frank C. Cimino, Jr., Esquire                        VIA FEDERAL EXPRESS
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC  20036-1564

Frederick L. Cottrell, III, Esquire                      HAND DELIVERY
Richards Layton & Finger
One Rodney Square
Wilmington, DE  19899

William F. Lee, Esquire                              VIA FEDERAL EXPRESS
Wilmer Cutler Pickering Hale & Dorr LLP
60 State Street
Boston, MA  02109

Kate Hutchins, Esquire                               VIA FEDERAL EXPRESS
Wilmer Cutler Pickering Hale & Dorr
399 Park Avenue
New York, NY  10022

Richard L. Horwitz, Esquire                              HAND DELIVERY
Potter Anderson & Corroon LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899

Samir Bhavsar, Esquire                               VIA FEDERAL EXPRESS
Baker Botts LLP
2001 Ross Avenue
Dallas, TX  75201-2980

David M. Schlitz, Esquire                            VIA FEDERAL EXPRESS
Baker Botts LLP
The Warner
1299 Pennsylvania Avenue, NW
Washington, DC  20004-2400

2

ASHBY & GEDDES

*/s/ John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendant Johnson & Johnson Services, Inc.*

*Of Counsel:*

John M. DiMatteo
Neal K. Feivelson
Leslie M. Spencer
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY  10019-6099
(212) 728-8130

Dated:  September 1, 2006
158286.1

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of September, 2006, the attached **NOTICE OF**

**SERVICE** was served upon the below-named counsel at the address and in the manner

indicated:

Richard D. Kirk, Esquire                                              HAND DELIVERY
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19899

Dirk D. Thomas, Esquire                                          VIA FEDERAL EXPRESS
Robin, Kaplan, Miller & Ciresi, LLP
1801 K Street, N.W., Suite 1200
Washington, DC 20006

Patricia S. Rogowski, Esquire                                    HAND DELIVERY
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Jason A. Snyderman, Esquire                                  VIA FEDERAL EXPRESS
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square
2005 Market Street, Suite 2200
Philadelphia, PA 19103-7013

Frank C. Cimino, Jr., Esquire                                    VIA FEDERAL EXPRESS
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564

Frederick L. Cottrell, III, Esquire                              HAND DELIVERY
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

4

William F. Lee, Esquire                                    <u>VIA FEDERAL EXPRESS</u>
Wilmer Cutler Pickering Hale & Dorr LLP
60 State Street
Boston, MA  02109

Kate Hutchins, Esquire                                     <u>VIA FEDERAL EXPRESS</u>
Wilmer Cutler Pickering Hale & Dorr
399 Park Avenue
New York, NY  10022

Richard L. Horwitz, Esquire                                <u>HAND DELIVERY</u>
Potter Anderson & Corroon LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899

Samir Bhavsar, Esquire                                     <u>VIA FEDERAL EXPRESS</u>
Baker Botts LLP
2001 Ross Avenue
Dallas, TX  75201-2980

David M. Schlitz, Esquire                                  <u>VIA FEDERAL EXPRESS</u>
Baker Botts LLP
The Warner
1299 Pennsylvania Avenue, NW
Washington, DC  20004-2400


*/s/ John G. Day*
_____

John G. Day

5

**Discovery Documents**

1:05-cv-00214-JJF Prism Technologies LLC v. Verisign Inc. et al

**U.S. District Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Day, John entered on 9/1/2006 at 11:13 AM EDT and filed on 9/1/2006

| | |
|---|---|
| **Case Name:** | Prism Technologies LLC v. Verisign Inc. et al |
| **Case Number:** | 1:05-cv-214 |
| **Filer:** | Johnson & Johnson Services Inc. |
| **Document Number:** | 220 |

**Docket Text:**
NOTICE OF SERVICE of Defendant Johnson & Johnson Services, Inc.'s Responses and Objections to Plaintiff's First Request for Rule 34 Inspection by Johnson & Johnson Services Inc..(Day, John)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=9/1/2006] [FileNumber=267078-0]
[71136f818a103e02d4a4187cc38557e16b0684e0dca4dc2a92c2da077c109fa8a2bdf
4ac69d5f4213e3bd60234066dbefaf25af182e2fdeb370545530ea33f59]]

**1:05-cv-214 Notice will be electronically mailed to:**

Robert Auchter     raauchter@rkmc.com,

Andre J. Bahou     ajbahou@rkmc.com,

Steven J. Balick     sbalick@ashby-geddes.com, jday@ashby-geddes.com; mkipp@ashby-geddes.com;
dfioravanti@ashby-geddes.com; nlopez@ashby-geddes.com; tlydon@ashby-geddes.com;
lmaguire@ashby-geddes.com; dharker@ashby-geddes.com

David B. Bass     david.bassett@wilmerhale.com

Jeffrey D. Baxter     jeff.baxter@bakerbotts.com,

Samir A. Bhavsar     samir.bhavsar@bakerbotts.com,

Frederick L. Cottrell , III     cottrell@rlf.com

John G. Day     jday@ashby-geddes.com, sbalick@ashby-geddes.com; mkipp@ashby-geddes.com;

dfioravanti@ashby-geddes.com; nlopez@ashby-geddes.com; tlydon@ashby-geddes.com; lmaguire@ashby-geddes.com; dharker@ashby-geddes.com

Richard L. Horwitz     rhorwitz@potteranderson.com, mbaker@potteranderson.com; nmcmenamin@potteranderson.com; jsutton@potteranderson.com; iplitigation@potteranderson.com

Kate Hutchins     kate.hutchins@wilmerhale.com

Richard D. Kirk     bankserve@bayardfirm.com, rkirk@bayardfirm.com

David Ellis Moore     dmoore@potteranderson.com, ntarantino@potteranderson.com

Patricia Smink Rogowski     progowski@cblh.com, vmurphy@cblh.com; dkt@cblh.com

David M. Schlitz     david.schlitz@bakerbotts.com,

Alyssa M. Schwartz     schwartz@rlf.com, gibson@rlf.com

Mark D. Selwyn     Mark.Selwyn@wilmerhale.com

Gregory P. Teran     gregory.teran@wilmerhale.com

**1:05-cv-214 Notice will be delivered by other means to:**

# EXHIBIT 25

# BAKER BOTTS LLP

2001 ROSS AVENUE
DALLAS, TEXAS
75201-2980

TEL +1 214.953.6500
FAX +1 214.953.6503
www.bakerbotts.com

AUSTIN
DALLAS
DUBAI
HONG KONG
HOUSTON
LONDON
MOSCOW
NEW YORK
RIYADH
WASHINGTON

February 3, 2006

*via FedEx*

Jeffery D. Baxter
TEL +1 214.953.6791
FAX +1 214.661.4791
jeff.baxter@bakerbotts.com

Mr. André J. Bahou
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street N.W.
Suite 1200
Washington, DC 20006-1301

Re:     *Prism Technologies LLC v. VeriSign, Inc., et al.*
         Civil Action No. 1:05-cv-00214-JJF

Dear Mr. Bahou:

I am writing in response to your letter dated January 24, 2006. The CDs that we sent you in September should have been sufficient to allow you to evaluate the SiteMinder software. To avoid any dispute over the CDs that we sent you, we are producing another copy of the SiteMinder software on five CDs labeled CA004450-54.

When you install the software, you must agree to the license terms that are presented to you. Please confirm in writing that you will abide by these terms. If you are unwilling to abide by these terms, please return the software to me.

The product will run for 30 days after installation under an evaluation license. To enable the software to operate after the 30 day period, I am also sending you a license file on a CD labeled CA004449. The license file should be placed in the license directory off of the SiteMinder Policy Server root directory. You must agree to use this license file to operate only a single instance of SiteMinder. Please confirm in writing that you will use the license file to operate only a single instance of SiteMinder. Otherwise, please return the license file to me.

If you have any question, please call me.

Very truly yours,

Jeffery D. Baxter

JDB:
Enclosure

cc:     David M. Schlitz (w/o encl.)
        Robert A. Auchter (w/o encl.)

DAL01:891407.1

# EXHIBIT 26

# AKIN GUMP
# STRAUSS HAUER & FELD L.L.P.
Attorneys at Law

DANIEL E. YONAN
202 887 4497/fax: 202 887 4288
dyonan@akingump com

November 28, 2006

**Via E-Mail**

André J. Bahou, Esquire
Robins, Kaplan, Miller & Ciresi L.L.P.
Suite 300
1875 Eye Street, N.W.
Washington, DC 20006-1307

   Re: *Prism Technologies LLC v. VeriSign, Inc., et al.*
      Civil Action No. 1:05-CV-00214-JJF

Dear Mr. Bahou:

   This letter responds to your November 7, 2006 correspondence threatening to file a motion to compel if VeriSign does not make its highly confidential and proprietary source code available for inspection.

   Despite our repeated requests, Prism has refused to offer any explanation whatsoever as to why VeriSign source code would not be unreasonably cumulative or duplicative of what VeriSign already produced (over 1.6 million pages) tacitly acknowledging that the review of VeriSign's highly confidential source code is unnecessary. *See* Fed. R. Civ. P. 26(b)(2) ("discovery…shall be limited by the court if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive …"); *see also Wyeth v. Impax Laboratories, Inc.,* No. 06-222-JJF, slip. op. at 1 (D. Del. October 26, 2002) (Impax's motion to compel denied under Fed. R. Civ. P. 26(b)(2) for failure to demonstrate how the requested information was "critical to resolving the issues before the Court" in view of what had already been produced); *Novartis Pharmaceuticals Corp. v. Abbott Laboratories,* 203 F.R.D. 159, 163-64 (D. Del 2001) (Novartis' motion to compel denied under Fed. R. Civ. P. 26(b)(2) because the requested information was duplicative and cumulative to what Abbott had already produced). Accordingly, we cannot meaningfully consider your request (either to stipulate or to permit inspection) until you provide us with specific reasons with reference to specific claim elements at to why source code is needed in view of the significant amount of discovery VeriSign has already provided.

AKIN GUMP
STRAUSS HAUER & FELD L.L.P.
━━━━━━━━━━━ Attorneys at Law

André J. Bahou, Esquire
November 28, 2006
Page 2


        Because Prism has wholly ignored our repeated requests for an explanation, you have not
engaged in a good faith meet and confer to resolve or narrow the issues for the Court and your
obligations under the local rules remain unsatisfied.  Indeed, we have not informed you we
would not permit inspection of source code (or possibly enter into a stipulation, as you
proposed).  We will make that determination after you provide us with your rationale for seeking
it at this late date.



                                        Very truly yours,



                                        Daniel E. Yonan

# EXHIBIT 27

ROBINS, KAPLAN, MILLER & CIRESI LLP

SUITE 300
1875 EYE STREET, N.W.
WASHINGTON, D.C. 20006-5409
TEL: 202-775-0725  FAX: 202-223-8604
www.rkmc.com

ATTORNEYS AT LAW

ANDRÉ J. BAHOU
(202) 736-2707

December 22, 2006

**VIA E-MAIL**

Daniel E. Yonan, Esquire
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036-1564

Re:    *Prism Technologies LLC v. VeriSign, Inc., et al.*
        Civil Action No. 1:05-cv-00214-JJF

Dear Mr. Yonan:

This letter responds to VeriSign's numerous attempts to stonewall the discovery process and withhold the single most important piece of discoverable information needed to resolve the dispute between Prism Technologies and VeriSign. In short, we requested the source code of the accused products (Unified Authentication, VeriSign Identity Protection, and Go Secure) over 15 months ago.[1] Although VeriSign originally[2] and subsequently[3] indicated it would produce the source code, your gamesmanship from then on revealed that you had no intention of doing so at any point. Even after our repeated requests[4] and the indisputable relevance of the source code for determining or verifying how pertinent aspects of the products function, VeriSign continues to disingenuously demand additional arguments from Prism as to why the source code is needed. Notwithstanding your improper attempt to shift the burden and obstruct discovery, below is our last attempt to resolve this issue. We will move to compel if you do not unconditionally produce the source code for the accused products or otherwise make it available.

Your primary argument for withholding the source code, namely that it would not provide any further insight into how the products actually operate, is unsupportable. The source code of an accused product is relevant and discoverable under Rule 26. *See Forterra Sys. v. Avatar Factory*, 2006 U.S. Dist. LEXIS 63100, *4 (N.D. Cal 2006) (holding that the entire

---

[1] *See, e.g.,* Doc. Req. 1, Prism's Revised First Set of Rule 34 Requests for Production of Documents and Things, Sept. 20, 2005.
[2] *See* Response to Req. 1, VeriSign's Responses to Plaintiff's Revised First Set of Rule 34 Requests for Production of Documents and Things, October 27, 2005. In responding to this document request, subject to VeriSign's general objections, it affirmatively indicated it would produce documents responsive to the request, which presumably includes, *inter alia*, the source code of the accused products.
[3] *See* Letter from D. Yonan to A. Bahou, May 11, 2006.
[4] *See e.g.,* Letter from A. Bahou to D. Yonan, August 31, 2006.
DC1 4569210S 2

Daniel E. Yonan, Esquire
December 22, 2006
Page 2

source code of the accused product was discoverable and granting plaintiff's motion to compel
its disclosure). Furthermore, although the District of Delaware has not adopted specific local
rules for patent infringement cases, no less than five other judicial districts hold that the source
code is so crucial to the litigation process that they require a party opposing a claim of patent
infringement to produce the source code of any aspects or elements described in the plaintiff's
infringement claim charts. *See, e.g.*, N.D. Cal. Patent L.R. 3-4 (2006); E.D. Tex. Patent L.R. 3-4
(2006).

Beyond the plain fact the accused products' source code is, by its very nature, highly
relevant, access to the source code may be the only method to resolve the specific disputes as to
how your products operate. Specifically, we require the human readable source code for at least
the following reasons: (a) to determine where the accused products store the client identity data,
(b) to determine what module selectively requests that the client computer confirm its identity
data, (c) to determine where the identity data of the server is stored, (d) to determine where the
authentication of the server takes place, (e) to determine where access is permitted to the
protected resources, (f) to determine how the client computer is prompted to enter identity data,
(g) to determine where authorization levels are stored, (h) to determine how the identity data of
the client is forwarded, (i) to determine how the identity data of the server is forwarded, and (j)
to determine where the authentication of the client takes place. We believe that information will
be conclusively found in at least the following software source code modules:

### VeriSign Unified Authentication & VeriSign Identity Protection

VeriSign Validation Service Source Code
VeriSign Provisioning Service Source Code
VeriSign Validation Service Token Store Schema Source Code
Validation SDK Source Code
VeriSign Token Manager Source Code
VeriSign Provisioning Proxy Source Code
VeriSign Validation Proxy Source Code
VeriSign RADIUS Authentication Server Source Code
VeriSign Unified Authentication Service Protocol Source Code
VeriSign Java/TSIK Source Code
VeriSign Secure Validation Tunnel Source Code
VeriSign OTP Validation Proxy Source Code
VeriSign XKMS Source Code

### VeriSign Go Secure!

VeriSign Personal Trust Agent Server Suite (PTA Server) Source Code
VeriSign Certificate Validation Module (CVM) Source Code
The VeriSign Certificate Parsing Module (CPM) Source Code
VeriSign Advanced Transaction Look-up and Signaling (ATLAS) Source code
VeriSign Online Certificate Status Protocol (OCSP) Responder Source Code
ATLAS Central Authoritative Database Schema Source Code
VeriSign Personal Trust Agent (PTA) Source Code

DCI 45692105.2

Daniel E. Yonan, Esquire
December 22, 2006
Page 3

Further, your statement that the material is merely cumulative is inaccurate. Although your publicly available documents or the documents you have produced to date may show enough for Prism to establish that the accused products infringe, those documents do not provide enough detail to rebut all the details of your non-infringement positions, nor do those documents provide necessary detail on the conclusive functions performed by your software.

The only concern is whether Prism's benefit outweighs VeriSign's burden in terms of the risk of inadvertent disclosure were the highly confidential and proprietary source code produced. *See Forterra Sys.*, 2006 U.S. Dist. LEXIS 63100, at *4 (weighing the defendant's burden but finding source code was at "the heart of the dispute" and ordering its production to Forterra's expert); Fed. R. Civ. Proc. 26(b)(2)(iii). In light of the above discussion of relevance and importance of the source code, and considering a protective order applies that completely mitigates the risk of inadvertent disclosure, Prism's benefit significantly outweighs VeriSign's burden in producing it. Thus, your prior excuses regarding the fact that the source code is "highly sensitive" material are untenable.

Given your refusal to produce the source code to date, we believe this communication, our prior communications, and your prior responses, fulfill our obligation under the Local Rules to reach a reasonable agreement with you. *See* Local Rule 7.1.1. We, therefore, plan to file a motion to compel the source code because you have failed to produce that information.

Regards,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

*AJ Bahou by MB*

André J. Bahou

cc:    Prism Counsel (via e-mail)

# EXHIBIT 28

**From:** Snyderman, Jason A. [mailto:jsnyderman@AKINGUMP.com]
**Sent:** Tuesday, December 26, 2006 11:11 AM
**To:** Bahou, Andre J.
**Cc:** VeriSign - Prism
**Subject:** Letters from Friday Dec. 22.

AJ -

We have received your two letters from Friday evening. As you might imagine, because your letters were sent after the close of business on the Friday before the Christmas holiday, we were unable to discuss their contents with the necessary personnel and will likely not be able to do so until after the New Year.

We will certainly look into your request for the Bain Consulting documents and get back to you once we learn what, if anything, VeriSign has relating to this topic. As for your letter relating to source code, now that Prism has finally articulated a basis for why it feels source code is necessary given what has already been produced and the depositions that have already been taken, we will respond once we've had an opportunity to discuss those reasons with our client. Again, this will likely not be until after the New Year. We certainly do not believe that the parties have sufficiently met and conferred on the issue given that you only sent your letter Friday and we have not yet even had an opportunity to discuss it with VeriSign. We will get back to you once we have done so.

Have a safe and happy holiday.

*Jason A. Snyderman, Esquire*
*Akin, Gump, Strauss, Hauer & Feld, LLP*
*One Commerce Square*
*2005 Market Street, 22nd Floor*
*Philadelphia, PA 19103*
*Direct Dial: (215) 965-1229*
*Facsimile: (215) 965-1210*

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE RECIPIENT(S) NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION AND/OR WORK PRODUCT AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY AND DELETE THE ORIGINAL MESSAGE.

E-MAIL: JSNYDERMAN@AKINGUMP.COM

TELEPHONE: (215) 965-1229

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

# EXHIBIT 29

**From:** Yonan, Daniel [mailto:dyonan@AKINGUMP.com]
**Sent:** Monday, January 08, 2007 5:50 PM
**To:** Cimino, Frank; Bahou, Andre J.
**Cc:** PrismCounsel; VeriSign - Prism
**Subject:** RE: Prism: VRSN and ES&S deposition dates

AJ -

On the source code issue, I informed you that we are considering your latest request with our client and that we would provide a substantive response this week (since we received your last correspondence the Friday evening before the Christmas holiday). You indicated that you would not wait to receive our response and that you were moving forward with a motion to compel tomorrow. Moreover, you mentioned for the first time the requirement that the source code be inspected in DC, which we obviously have not been able to discuss with our client.

We believe it is more efficient for the parties and the Court if you wait until we provide you with our response before your file your motion, as it may narrow some of the issues. Given Prism's failure to raise this issue with us or the Court before the completion of fact discovery, we do not see what prejudice it will cause you to wait a couple days for our response.

---

**From:** Cimino, Frank
**Sent:** Monday, January 08, 2007 4:28 PM
**To:** Bahou, Andre J.; Yonan, Daniel
**Cc:** PrismCounsel; VeriSign - Prism
**Subject:** RE: Prism: VRSN and ES&S deposition dates

Nico is not available for depo on the 6th. That day is scheduled for deposition preparation, as Nico will be flying in on Monday. If you have a conflict on the 8th that can't be moved, then let's chat.

---

**From:** Bahou, Andre J. [mailto:AJBahou@rkmc.com]
**Sent:** Monday, January 08, 2007 4:22 PM
**To:** Cimino, Frank; Yonan, Daniel
**Cc:** PrismCounsel; VeriSign - Prism
**Subject:** RE: Prism: VRSN and ES&S deposition dates

>>>> Please read the confidentiality statement below <<<<

Frank:

In light of Danny's proposal of Feb. 6-8 (see his e-mail below), I spoke directly with Danny and he agreed to February 6 and 7 because we have a conflict with February 8. Please touch base with Danny and confirm the same.

Thanks
AJ

Andre J. Bahou
Attorney at Law

1875 Eye Street, N.W., Suite 300
Washington, D.C.  20006-5409
202-736-2707 (direct)
202-775-0725 (main)
202-223-8604 (fax)
E-mail address:  ajbahou@rkmc.com

---

**From:** Cimino, Frank [mailto:fcimino@AKINGUMP.com]
**Sent:** Monday, January 08, 2007 4:13 PM
**To:** Bahou, Andre J.; Yonan, Daniel
**Cc:** PrismCounsel; VeriSign - Prism
**Subject:** RE: Prism: VRSN and ES&S deposition dates

AJ --
Nico should be the 7th and 8th, not the 6th and 7th. Please confirm those dates are OK.

---

**From:** Bahou, Andre J. [mailto:AJBahou@rkmc.com]
**Sent:** Monday, January 08, 2007 4:05 PM
**To:** Yonan, Daniel
**Cc:** PrismCounsel; VeriSign - Prism
**Subject:** RE: Prism: VRSN and ES&S deposition dates

>>>> Please read the confidentiality statement below <<<<

Danny:

We confirm the personal deposition of Nico Popp on February 6 and the continued 30b6 deposition of VeriSign on February 7 at your offices in Washington D.C.

Further to our teleconference today with Chandran Iyer, we confirm the deposition of Election Systems on January 25 in Omaha.

On a separate note, you and I discussed the pending issue regarding the production of VeriSign's source code.  We are prepared to file a motion to compel and feel that our prior letters, teleconferences, and other communications are compliant with LR 7.1.1.

Regards,
AJ

Andre J. Bahou
Attorney at Law
1875 Eye Street, N.W., Suite 300
Washington, D.C.  20006-5409
202-736-2707 (direct)
202-775-0725 (main)
202-223-8604 (fax)
E-mail address:  ajbahou@rkmc.com

**From:** Yonan, Daniel [mailto:dyonan@AKINGUMP.com]
**Sent:** Monday, January 08, 2007 2:50 PM
**To:** Bahou, Andre J.
**Cc:** PrismCounsel; VeriSign - Prism
**Subject:** Prism: VRSN and ES&S deposition dates
**Importance:** High

AJ -

This email is a follow-up to my voicemail from earlier today. VeriSign can make Nico Popp available on January 30 - February 1 in Akin's Palo Alto office, or in the alternative, February 6 - 8 at our DC office.

Also, ES&S can present a witness on January 25 or 26 in Omaha. The exact location will be provided later.

We would like to confirm these depositions as soon as possible given the scheduling difficulties with the witnesses. Look forward to hearing from you shortly.

Danny

**DANIEL E. YONAN**
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036-1564
Telephone: 202.887.4497
Fax: 202.887.4288

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

Information contained in this e-mail transmission is privileged,

# EXHIBIT 30

AKIN GUMP
STRAUSS HAUER & FELD L.L.P
▄▄▄▄▄▄▄▄ Attorneys at Law

DANIEL E. YONAN
202.887.4497/fax: 202.887.4288
dyonan@akingump.com

January 11, 2007

**Via E-Mail**

André J. Bahou, Esquire
Robins, Kaplan, Miller & Ciresi L.L.P.
1875 Eye Street, N.W.
Washington, DC 20006-5409

      Re:    *Prism Technologies LLC v. VeriSign, Inc., et al.*
            Civil Action No. 1:05-CV-00214-JJF

Dear Mr. Bahou:

      This letter responds to your December 22, 2006 correspondence alleging that VeriSign continues to "stonewall" the production of source code for its accused products (Unified Authentication, Go Secure and Identity Protection).

      Prism suggests VeriSign has acted in bad faith. However, the facts are at odds with your assertion. VeriSign has always taken your request for source code seriously and the record shows VeriSign has maintained a consistent position on it. We asked you to provide a specific explanation as to why the source code was needed, given you never sought it during fact discovery, and VeriSign has produced a vast number of detailed technical documents, software executable files and hardware. The rhetoric in your letter is baseless and VeriSign is offended by it. If source code is, as you state, the "single most important piece of discovery information," then why did you propose a stipulation against the use of source code and why did Prism wait until after the close of fact discovery – over 16 months after the case was filed – to seek it?

      You incorrectly state that Prism asked for and VeriSign indicated it would produce source code during fact discovery. There are no facts that support this assertion. To the extent Prism argues it requested source code in its first set of document requests, VeriSign long ago objected to the scope of that request, and stated it would only produce documents relating to the accused products. *See* 9/20/05 Prism Revised First Set of Doc. Reqs. at No. 1; 10/27/05 VeriSign Res. to Prism Doc. Reqs. at No. 1. VeriSign never agreed to produce source code and your attempt to say our agreement to produce documents is an agreement to produce source code is disingenuous.

      Your current position also contradicts your April 24, 2006 letter following up on a number of alleged deficiencies in VeriSign's production, and the very same document request that Prism alleges sought the production of source code. *See* 4/24/06 ltr. from AJB to DEY. That

AKIN GUMP
STRAUSS HAUER & FELD L.L.P
━━━━━━━━━━━━━ Attorneys at Law

André J. Bahou, Esquire
January 11, 2006
Page 2

letter never mentioned source code, and instead complained only that VeriSign had not produced the accused software and hardware. *Id.* VeriSign agreed to produce one copy of each of its accused products, *see* 5/11/06 ltr. from DEY to AJB, and indeed complied and produced these items along with over 1.6 million pages of documents.

The first time Prism requested source code was on August 31, 2006 – weeks after the completion of non-deposition fact discovery, which the Court ordered the parties to complete by August 11, 2006. *See* 8/31/06 ltr. from AJB to DEY.   In view of the burden associated with Prism's late request, VeriSign refused to conduct discovery outside of the Court's order until Prism explained why it waited so long to seek source code. *See* 9/26/05 ltr. from DEY to AJB. Prism refused to provide any explanation as to why it waited so long to request the code.  Rather than seeking the Court's assistance with the issue at that time, Prism attempted to enter a stipulation with VeriSign that neither party would use source code in this action. *See* 9/29/06 ltr. from AJB to DEY. *Id.*

In order to consider the stipulation issue, VeriSign requested that Prism explain why it needed source code. *See* 10/23/06 ltr. from DEY to AJB.  Prism ignored this request and instead simply threatened a motion, but never filed one.  11/07/06 ltr. from AJB to DEY.  In response, VeriSign again requested that Prism provide its rational for seeking the source code and why it was not cumulative to everything produced to date.  11/28/06 ltr. from DEY to AJB.

In your most recent letter, Prism purports to provide this explanation. *See* 12/22/06 ltr. from AJB to DEY.  With regard to VeriSign's Unified Authentication and Identity Protection products, Prism blindly requested the source code from 13 different software modules in order to try and prove 10 claim elements.  However, Prism did not make any effort to provide specific claim elements it believed it needed source code for.  Rather, you broadly requested everything. You did not even suggest which modules you need for which claim elements.  It is too late in the case for you to begin such a broad fishing expedition at VeriSign's expense.  If you do not have enough information to satisfy those 10 claim elements, then you have no basis to maintain this suit, and it is sanctionable for you to continue to your case against VeriSign.

Moreover, VeriSign's source code will not assist you with many of the claim elements because VeriSign's source code does not provide in any way the functionality required to meet the claims.  For example, VeriSign's code will not permit you to determine "what module selectively requests that the client computer confirm its identity data" – a server function in the claims – because VeriSign does not provide any module that does this.  Similarly, VeriSign does not provide modules that provide access rights or authorization levels, so Prism's request for

AKIN GUMP
STRAUSS HAUER & FELDLLP
━━━━━━━━━━━━━  Attorneys at Law

André J. Bahou, Esquire
January 11, 2006
Page 3

source code for those reasons is frivolous. Other requests, like those seeking "how the identity data of the client [and server] is forwarded" do not even appear to be tied to any requirement of the claims.

We have already given you multiple depositions and over 1.6 million pages of technical user, administrator, installation, configuration and integration guides, specification and data sheets, product manuals and other highly confidential technical design and architecture documents that detail the operation and function of our products. VeriSign will not build your case for you nor will it allow Prism to embark on an unfettered fishing expedition almost 4 months before trial.

With regard to any Go Secure source code, we simply cannot understand how this information is reasonably calculated to lead to the discovery of any evidence, admissible or not. Each asserted claim requires a connected hardware key (which is confirmed by your contentions), and since this lawsuit began nearly two years ago, you have failed to identify a single VeriSign customer who is using Go Secure in the manner you contend. In fact, VeriSign is without knowledge of any customers of the Go Secure products you have accused that use a smart card. You have discovered no contrary information. Thus, this part of your case is over and source code for Go Secure is unwarranted. We demand you drop your Go Secure allegations in writing immediately. *See Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1241, 1245-48 (Fed. Cir. 2003) (sanctions awarded where patentee continued to litigate its case knowing that its claim for infringement could not be met); *Eltech Systems Corp. v. PPG Industries, Inc.*, 903 F.2d 805, 810-11 (Fed. Cir. 1990) (inference of bad faith is proper when the patentee is unreasonable in continuing to assert infringement); *Catanzaro v. Masco Corp.*, 423 F. Supp. 415, 444 (D. Del. 1976) ("[i]t is, of course, well settled that a successful defendant may be awarded attorneys' fees if he can demonstrate that the litigation was either brought or maintained in bad faith[,] that is, with actual knowledge that the claim lacked merit.").

It is clear to VeriSign that if source code was a vital issue to proving your case, Prism would have also followed-up on its production long ago, in addition to the production of source code from any of the remaining Defendants, who each have not produced their code either. Because Prism has not, and because it failed to provide us with a focused and reasonable request for further discovery outside the Court's deadline, we are forced to believe your final attempt is nothing more than a harassing effort to reopen discovery solely against VeriSign.

If you have a more narrow and reasonable request for VeriSign to consider, we would be happy to do so.

AKIN GUMP
STRAUSS HAUER & FELD LLP
━━━━━━━━━━━━━━━ Attorneys at Law

André J. Bahou, Esquire
January 11, 2006
Page 4

Very truly yours,

Daniel E. Yonan

# EXHIBIT 31

LEXSEE 2006 U.S. DIST. LEXIS 63100

**FORTERRA SYSTEMS, INC., a California Corporation, Plaintiff, v. AVATAR FACTORY, a California Corporation, IMVU, inc., a Delaware corporation, and WILLIAM D. HARVEY, an individual, Defendants.**

**Case No.: C-05-04472 PVT**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

*2006 U.S. Dist. LEXIS 63100*

**August 22, 2006, Decided**
**August 22, 2006, Filed**

**SUBSEQUENT HISTORY:** Motion denied by, Moot *Forterra Sys. v. Avatar Factory, 2006 U.S. Dist. LEXIS 83107 (N.D. Cal., Nov. 7, 2006)*

**COUNSEL:** [*1] For Forterra Systems, Inc., a California corporation, Plaintiff: Byron W. Cooper, John E. Lord, Townsend, Townsend and Crew LLP, Palo Alto, CA.

For Avatar Factory, a California corporation, William D. Harvey, an individual, together dba doing business as The Will Harvey Company doing business as IMVU, Defendants: Alan J. Henrich, Morgan Chu, Richard Elgar Lyon, III, IRELL & MANELLA LLP, Los Angeles, CA.

**JUDGES:** PATRICIA V. TRUMBULL, United States Magistrate Judge.

**OPINION BY:** PATRICIA V. TRUMBULL

**OPINION:**

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF SOURCE CODE; CONTINUING HEARING DATE ON MOTION FOR SUMMARY JUDGMENT; SETTING CASE MANAGEMENT CONFERENCE; AND VACATING DISCOVERY CUT-OFF**

**I. INTRODUCTION**

Plaintiff Forterra Systems, Inc. ("Forterra") is the owner of *U.S. Patent No. 6,784,901* ("the *'901 patent*). n1 The invention of the *'901 patent* relates to a method, system and computer program for delivering electronic chat messages in a three-dimensional ("3D") multi-user

environment. Forterra claims that Defendant IMVU, Inc. ("IMVU") operates an on-line chat system that infringes the *'901 patent*. Presently before the court is Forterra's Motion to Compel IMVU to produce [*2] its source code in its entirety. For the following reasons, and under the following restrictions, Forterra's Motion is Granted.

n1 The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

**II. DISCUSSION**

Forterra seeks production of the entire source code both under Patent *L.R. 3-4(a)* and in response to discovery requests. Patent *L.R. 3-4(a)* provides that the infringement defendant must with the Preliminary Invalidity Contentions,

produce or make available for inspection and copying: (a) Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart.

Patent *L.R. 3-4(a)*. Patent *Local rule 3-1(c)* requires:

A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for [*3] each element that such party contends is governed by *35 U.S.C. § 112(6)*, the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

Patent *L.R. 3-1(c)*. Thus the rule requires the source code for the aspects or elements of the accused product identified by the preliminary invalidity contentions. *See Cryptography Research, Inc. v. Visa Int'l Serv. Ass'n, 2005 U.S. Dist. LEXIS 37013, 2005 WL 1787421(N.D. Cal. Jul. 27, 2005)*(ordering defendant to produce any information relating to any aspect or element of the claims identified by [Plaintiff] in its Patent *Local Rule 3-1(c)* chart.).

IMVU claims that it has produced all of the information required by the Patent Local Rules. Forterra disagrees, claiming that it cannot analyze the limited portion of source code produced. Forterra also argues that regardless of whether the entire code had to be disclosed under the patent local rules, the entire source code is discoverable under *Rule 26* and that IMVU must produce the source code in response to properly propounded document requests.

The Federal Rules of Civil Procedure allow broad discovery: requested discovery [*4] is relevant if it "appears reasonably calculated to lead to the discovery of admissible evidence" relating to the claims or defenses of any party. *Fed. R. Civ. P. 26(b)(1)*. Because the entire source code is relevant under *Rule 26*, the court need not decide whether the entire code ought to have been disclosed. The question then becomes whether the burden to IMVU outweighs the benefit to Forterra. *Fed. R. Civ. P. 26(b)(2)(iii)*.

IMVU claims undue burden from the risk of inadvertent disclosure if the highly confidential and proprietary source code is produced to Forterra. A court may order that "confidential information not be revealed or be revealed only in a designated way." *Fed. R. Civ. P. 26(c)(7)*. Because the source code is at the heart of the dispute, Forterra's expert must have access to the entire source code. In order to limit the risk of inadvertent disclosure, the production shall be made only to Forterra expert Richard F. Ferraro ("Ferraro"). The parties shall meet and confer in order to specify the conditions under which production shall be made. The Court [*5] was impressed with the Ferraro declaration in support of the reply to this motion and recommends that the precautions outlined in paragraphs 17-19 be the starting point for the

parties to discuss appropriate procedures. The Court also recommends that counsel include Mr. Ferraro and an IMVU expert in the discussion of appropriate safety precautions. When the parties have agreed upon the procedures, expert Ferraro will sign a declaration agreeing to be bound by the procedures and Forterra shall file the declaration. Within one week of the filing of Ferraro's declaration, IMVU shall provide the entire source code, including all versions and the source code repository database, in electronic format to Ferraro for his eyes only for review in his own office.

The parties shall also meet and confer and agree upon a procedure by which Ferraro can seek to change the designation of portions of the source code from his eyes only to outside counsel only. One possible method to for this process was discussed in court whereby Ferraro could write a letter to both Forterra and IMVU describing, in general terms, the portions of the source code for which he seeks to lower the designation to include [*6] outside counsel. If the parties cannot agree upon the portions of the code that should be re-designated, they can bring the matter back before the court.

### III. CONCLUSION

For the foregoing reasons, it is hereby Ordered that:

1. The parties shall meet and confer and agree upon appropriate procedures for Forterra expert Ferraro to view the entire source code, including the repository database, in his office in electronic format;

2. Forterra shall file a declaration from Ferraro agreeing to be bound by the procedures agreed upon by the parties;

3. Within 1 week of the filing of the Ferraro declaration, IMVU shall produce to Ferraro, for his eyes only, the entire source code, including the repository database, in electronic format for him to view in his office;

4. The parties shall meet and confer to agree upon a procedure by which Ferraro can seek to lower the designation of the source code to allow it to be viewed by outside counsel;

5. The discovery cut-off of September 7, 2006 is hereby Vacated;

2006 U.S. Dist. LEXIS 63100, *

6. Forterra's motion for partial summary judgment is Continued to September 19, 2006 at 11:30 a.m.; and

7. A Case Management Conference shall [*7] be held to set new discovery and trial dates in this matter on September 19, 2006 at 11:30 a.m.

IT IS SO ORDERED.

Dated: August 22, 2006

PATRICIA V. TRUMBULL

United States Magistrate Judge