IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRISM TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-214-JJF |
| | ) | |
| VERISIGN, INC., RSA SECURITY, INC., | ) | **JURY TRIAL DEMANDED** |
| NETEGRITY, INC., COMPUTER | ) | |
| ASSOCIATES INTERNATIONAL, INC. and | ) | **REDACTED PUBLIC** |
| JOHNSON AND JOHNSON, | ) | **VERSION** |
| | ) | |
| Defendants. | ) | |

**DEFENDANT VERISIGN, INC.'S SECOND THIRD AMENDED ANSWER,
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant VeriSign, Inc. ("VeriSign"), by and through its undersigned counsel, hereby brings the within Third Amended Answer, Affirmative Defenses and Counterclaims, and alleges as follows:

1. Paragraph 1 of the Complaint contains conclusions of law to which no response is required. To the extent a response is deemed necessary, said allegations are denied.

2. VeriSign is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint, and therefore denies same.

3. VeriSign admits that it is a Delaware corporation and it has a principal place of business at 487 Middlefield Road, Mountain View, California 94043.

4. Paragraph 4 of the Complaint is admitted in part and denied in part. VeriSign admits that its products include Go Secure and Unified Authentication, and that it conducts business in the U.S. The remaining allegations in Paragraph 4 of the Complaint are denied.

5-12. Paragraphs 5 through 12 of the Complaint are directed to other defendants thus requiring no response from VeriSign. To the extent a response to these paragraphs is deemed necessary, because VeriSign lacks sufficient knowledge to form a basis as to the accuracy of the allegations, said allegations are denied.

13. Paragraph 13 of the Complaint is admitted in part and denied in part. VeriSign admits that it is incorporated in this district and is doing business in this district, and is subject to personal jurisdiction in this district. The remaining allegations in paragraph 13 of the Complaint are denied.

14. Paragraph 14 contains conclusions of law relating to jurisdiction to which no response is required. To the extent a response is deemed necessary, said allegations are denied.

15. Paragraph 15 contains conclusions of law relating to venue to which no response is required. To the extent a response is deemed necessary, said allegations are denied.

16. Paragraph 16 of the Complaint is admitted in part and denied in part. VeriSign admits that Exhibit 1 is a true and correct copy of U.S. Patent No. 6,516,416 B2 (the "'416 Patent"), entitled "Subscription Access System For Use With An Untrusted Network." The remaining allegations in paragraph 16 contain conclusions of law to which no response is required. To the extent a response is deemed necessary, said allegations are denied.

17. Paragraph 17 of the Complaint is an incorporation paragraph to which no response is required. To the extent a response is deemed necessary, VeriSign incorporates its responses to paragraphs 1 through 16 herein.

18. VeriSign denies that is has infringed any claim of the '416 Patent. With respect to the allegations directed to other defendants, because VeriSign lacks sufficient knowledge to form a basis as to the accuracy of the allegations, said allegations are denied.

19. Paragraph 19 of the Complaint contains conclusions of law to which no response is required, and relate to another defendant thus requiring no response from VeriSign. To the extent a response is deemed necessary, said allegations are denied.

20. Paragraph 20 requests a jury trial requiring no response from VeriSign. To the extent a response is deemed necessary, VeriSign also demands that this action be tried before a jury.

## AFFIRMATIVE DEFENSES

By way of affirmative defenses, VeriSign pleads as follows:

21. Plaintiff fails to state a claim upon which relief can be granted.

22. The '416 Patent is invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103 and 112.

23. VeriSign has not infringed, either directly, contributorily, or by inducement, the claims of the patent in suit, either literally or under the doctrine of equivalents.

24. The '416 patent is unenforceable for at least the reason that on information and belief, the applicants, and/or other individuals associated with the filing or prosecution of the '416 patent application, failed to disclose to the U.S. Patent and Trademark Office ("USPTO") non-cumulative information that was material to patentability under 37 C.F.R. § 1.56 with an intent to deceive.

    a. A patent applicant and its agents owe a duty of candor to the USPTO to disclose all non-cumulative information that is material to the patentability of its pending claims. 37 C.F.R. § 1.56; MPEP 2001.01 et seq. The duty to disclose continues until the patent issues.

    b. The '416 patent was filed on June 11, 1997, and issued on February 4, 2003.

3

### *Open Market*

c.  During prosecution of the '416 Patent, one or more individuals associated with the filing and prosecution of the '416 Patent, including at least the first-named inventor, Richard L. Gregg, had knowledge of U.S. Patent Nos. 5,708,780 (the '780 patent), 5,715,314 ("the '314 patent") and 5,724,424 ("the '424 patent"), which on their face identify Open Market, Inc. as the assignee (collectively, the "Open Market patents"), and also had other information relating to Open Market. The Open Market patents are attached at Exhibit A.

d.  During prosecution of the '416 Patent, Richard L. Gregg was in regular communication with Open Market and also investigated the Open Market patents.

**REDACTED**

See Ex. B (P046018.173049).

e.  At his November 20, 2006 deposition, Mr. Gregg explained:

**REDACTED**

Richard L. Gregg Deposition (Nov. 20, 2006) at 349:6-13 (attached at Ex.C). See also id. at 345:21-346:14.

f.  Also, on or about March 1998, one or more individuals associated with the filing and prosecution of the '416 Patent, including Mr. Gregg, prepared a business plan for Prism that describes Open Market as a competitor. See Exhibit D at P 051169. The Prism business plan further states,

**REDACTED**

4

Id. at P 051170. The business plan describes                                               Id.
                                                    **REDACTED**
According to the business plan, :                                                          Id.

  g.  The Open Market patents and other information relating to Open Market known to one or more individuals associated with the filing and prosecution of the '416 Patent were material to the patentability of the pending '416 patent claims. In an Office Action, dated July 12, 1999, the Patent Office examiner cited the '780 patent as prior art.

  h.  The other Open Market patents are also prior art to the '416 Patent under at least 35 U.S.C. § 102(e). The '314 patent was filed on October 24, 1994, and the '424 patent was filed on November 29, 1995. Both were filed before the June 11, 1997 filing date of the '416 Patent and before the date of invention of the '416 patent. The '424 and '314 patent are not cumulative of the '780 patent and the other prior art cited during the '416 patent's prosecution.

  i.  The '424 patent, for example, describes a "system for the purchasing of goods or information over a computer network." Ex. A at '424 patent, Abstract. This system may be used in "an untrusted network environment." Id. at col. 2, lns. 46-49. The '424 patent further describes buyer computers, merchant computers, and a payment computer: "A user employs a buyer computer to retrieve advertisements from the merchant computers, and to purchase goods of interest. A payment computer is used to authorize a purchase transaction." Id. at col. 4, lns. 48-52. The patent also describes "external devices that are kept in the possession of users so that the users can authenticate themselves when they use a buyer computer." Id. at col. 4, lns. 58-60; col. 8, lns. 9-11; see also id. at col. 2, lns. 63-65. The '424 patent identifies a Smart-Card as an example of an external device. Id. at col. 10, ln. 54 - col. 11, ln. 7.

  j.  One or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard L. Gregg, acting with an intent to deceive, failed to

5

disclose U.S. Patent Nos. 5,715,314 and 5,724,424 and other material information relating to Open Market to the U.S. Patent and Trademark Office.

### *FORTEZZA*

k.  During prosecution of the '416 Patent, one or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard L. Gregg, had knowledge of a security and authentication product known as FORTEZZA.

l.  At his deposition, Richard L. Gregg testified that

**REDACTED**

Richard L. Gregg Deposition (Nov. 22, 2006) at 343:22-344:13, 346:4-5 (attached at Ex. E).

m.  According to Mr. Gregg, FORTEZZA is
**REDACTED**          Id. at 346: 17-20.

n.  Information relating to FORTEZZA that was known to one or more individuals associated with the filing and prosecution of the '416 Patent was non-cumulative and material to the patentability of the '416 patent claims.

o.  One or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard L. Gregg, acting with an intent to deceive, failed to disclose material information relating to FORTEZZA to the U.S. Patent and Trademark Office.

### *CompuServ*

p.  During prosecution of the '416 Patent, one or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard L. Gregg, had knowledge of the Remote Passphrase Authentication (RPA) technology developed by

6

CompuServ Incorporated for authenticating users and services communicating over an insecure network.

   q.  In 1996, the year before filing the '416 Patent, Prism documented a

**REDACTED**  See

Ex. F (P008990). The ISA, or Internet Subscription Access, system was Prism's first and only commercial embodiment of the invention claimed in the '416 patent.

   r.  When deposed, Mr. Gregg admitted that

**REDACTED**

Richard L. Gregg Deposition (Nov. 21, 2006) at 266:12-22 (Ex. G). Mr. Gregg also testified that

**REDACTED**

   s.  CompuServ's RPA technology is also described in U.S. Patent No. 5,740,361, which issued on April 14, 1998 from an application filed on June 3, 1996.

   t.  Information relating to CompuServ's RPA technology that was known to one or more individuals associated with the filing and prosecution of the '416 Patent was non-cumulative and material to the patentability of the '416 patent claims.

   u.  One or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard L. Gregg, acting with an intent to deceive, failed to disclose material information relating to CompuServ's RPA technology to the U.S. Patent and Trademark Office.

7

*RFC 1704*

v.  During prosecution of the '416 Patent, one or more individuals associated with the filing and prosecution of the '416 Patent, including at least Sandeep Giri, had knowledge of RFC (Request For Comment) 1704, entitled "On Internet Authentication". RFC 1704 discloses the use of a hardware key, such as a smartcard, to authenticate a user to a server via the Internet. See Ex. H at p. 12 (P046018.489833).

w.  Mr. Giri, a named inventor of the '416 patent,
**REDACTED**  Sandeep Giri Deposition (Oct. 30, 2006) at 284:10-285:19 (attached at Ex. I).

x.  Information relating to RFC 1704 that was known to one or more individuals associated with the filing and prosecution of the '416 Patent was non-cumulative and material to the patentability of the '416 patent claims.

y.  One or more individuals associated with the filing and prosecution of the '416 Patent, including at least Sandeep Giri, acting with an intent to deceive, failed to disclose material information relating to RFC 1704 to the U.S. Patent and Trademark Office.

*Security Dynamics White Paper*

z.  During prosecution of the '416 Patent, one or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard Gregg, had knowledge of a Security Dynamics white paper dated March 26, 1994 entitled "Kerberos and Third Party Authentication" ("Security Dynamics White Paper").

aa.
**REDACTED**

See Ex. J (Gregg Ex. 12, P35264-270).

8

bb. The Security Dynamics White Paper discloses the use of a token connected to a user machine by a swipe reader to authenticate a user to a server over an unprotected network. Id. at P35264-65.

cc. Mr. Gregg testified that

**REDACTED**

See Richard L. Gregg deposition (Nov. 21, 2006) at 223:14-21; 225:11-21 (Ex. G).

dd. The Security Dynamics White Paper was not submitted to the Patent Office during the prosecution of the '416 Patent.

ee. Information relating to the Security Dynamics White Paper was known to one or more individuals associated with the filing and prosecution of the '416 Patent and was non-cumulative and material to the patentability of the '416 patent claims.

ff. One or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard Gregg, acting with an intent to deceive, failed to disclose material information relating to the Security Dynamics White Paper to the U.S. Patent and Trademark Office.

25. There may be additional defenses to the cause of action alleged by Prism that are currently unknown to VeriSign. VeriSign reserves the right to amend its Answer to allege additional defenses in the event discovery of other information indicates they are appropriate.

9

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

~~25~~ 26. This is an action seeking declaratory judgments of (a) non-infringement by VeriSign, and (b) invalidity of U.S. Patent No. 6,516,416 B2 (the "'416 Patent").

~~26~~ 27. Jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1338(a) and upon the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) and because Prism Technologies LLC (hereinafter "Prism") has consented to venue in this district by filing the Complaint for infringement of the '416 Patent against VeriSign.

~~27~~ 28. VeriSign is a Delaware corporation having a place of business at 487 Middlefield Road, Mountain View, California 94043. VeriSign sells products and services that support critical infrastructures for the Internet and telecommunications networks, including its Go Secure and Unified Authentication products and related hardware and software.

~~28~~ 29. On information and belief, Prism is a Nebraska corporation having its principal place of business at 14707 California Street, Suite 5, Omaha, Nebraska.

~~29~~ 30. On information and belief, Prism, or one of its affiliated companies, is the assignee of the '416 Patent by assignment from its alleged inventors Richard L. Gregg, Sandeep Giri and Timothy C. Goeke.

~~30~~ 31. In view of the Complaint in this suit, an actual case or controversy exists between Prism on one hand and VeriSign on the other hand over whether the '416 Patent is invalid and not infringed.

## COUNT I

~~31.~~ 32. The averments of Paragraphs ~~25~~26 through ~~30~~31 are realleged as if fully set forth herein.

~~32.~~ 33. On information and belief, the '416 Patent entitled "Subscription Access System For Use With An Untrusted Network" was issued on February 4, 2003 naming as assignee Prism Resources.

~~33.~~ 34. Prism has accused VeriSign of infringing the '416 Patent, and an actual and justiciable controversy exists between VeriSign and Prism with respect to the '416 Patent.

~~34.~~ 35. VeriSign has not infringed and is not infringing, and has not induced or contributed to and is not inducing or contributing to the infringement, of any claim of the '416 Patent, by its manufacture, sale, distribution, and marketing of its Go Secure or Unified Authentication products or related hardware and software, or otherwise.

## COUNT II

~~35.~~ 36. The averments of Paragraphs ~~25~~26 through ~~34~~31 are repeated and realleged as if fully set forth herein.

~~36.~~ 37. The claims of the '416 Patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 102, 103 or 112, or one or more other provisions of Part II of Title 35 of the United States Code.

## COUNT III

<u>38.     VeriSign repeats and realleges the allegations of Paragraphs 26 through 31 as if fully set forth herein.</u>

11

<u>39.     The '416 patent is unenforceable for at least the reason that the applicant, and/or other individuals associated with the filing or prosecution of the '416 patent application, acting with an intent to deceive, failed to disclose failed to disclose to the U.S. Patent and Trademark Office ("USPTO") information that was material to patentability under 37 C.F.R. § 1.56, as set forth above in the Affirmative Defense numbered paragraphs 24(a)-(ff) incorporated herein by reference.</u>

## **PRAYER FOR RELIEF**

WHEREFORE, counterclaim plaintiff, VeriSign Inc., prays for judgment in its favor and against counterclaim defendant Prism Technologies LLC that:

A.   The claims that VeriSign infringes Prism's '416 Patent be dismissed with prejudice in all respects and that Prism take nothing thereby;

B.   The '416 Patent be held invalid;

C.   <u>The '416 Patent be held unenforceable;</u>

~~D.~~   Judgment be entered against Prism;

~~D~~E.   The case be declared exceptional under the provisions of 35 U.S.C. § 285 and that judgment be granted awarding VeriSign its attorneys' fees and costs of suit (including expert fees); and

~~E~~F.   Such other and further relief as the Court deems just and proper.

12

| | |
|---|---|
| Of Counsel: | CONNOLLY BOVE LODGE & HUTZ LLP |
| Edward F. Mannino, Esquire<br>Jason A. Snyderman, Esquire<br>John D. Simmons, Esquire<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>One Commerce Square, Suite 2200<br>2005 Market Street<br>Philadelphia, PA 19103<br>Telephone: (215) 965-1200<br>Fax: (215) 965-1210 | By:_____<br>Patricia Smink Rogowski, Esquire<br>Delaware Bar ID 2632<br>The Nemours Building<br>1007 North Orange Street<br>PO Box 2207<br>Wilmington DE 19899<br>Telephone : (302) 658-9141<br>Fax: (302) 658-5614 |
| Frank C. Cimino, Esquire<br>Daniel E. Yonan, Esquire<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>Robert S. Strauss Building<br>1333 New Hampshire Avenue, NW<br>Washington, DC 20036-1564<br>Telephone: (202) 887-4000<br>Fax: (202) 887-4288 | Attorneys for Defendant, Verisign, Inc. |

Dated: ~~September 13, 2006~~