## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRISM TECHNOLOGIES LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 05-214 |
| v. | ) | |
| | ) | |
| VERISIGN, INC., RSA SECURITY, INC., | ) | |
| NETEGRITY, INC., COMPUTER | ) | **REDACTED PUBLIC** |
| ASSOCIATES INTERNATIONAL, INC., | ) | **VERSION** |
| and JOHNSON & JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT RSA SECURITY INC.'S FIRST AMENDED ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant RSA Security Inc. ("RSA") answers the allegations of the Plaintiff's Second Amended Complaint for Patent Infringement ("Complaint") and asserts counterclaims as follows:

### Nature of Action

1.    No answer is required to the allegations contained in paragraph 1 of the Complaint, which merely state conclusions of law.

### Parties

2.    RSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.    No answer is required to the allegations contained in paragraph 3 of the Complaint as they are directed to a defendant other than RSA.

1

4.      No answer is required to the allegations contained in paragraph 4 of the Complaint as they are directed to a defendant other than RSA.

5.      RSA admits the allegations in paragraph 5 of the Complaint.

6.      RSA is without knowledge or information sufficient to form a belief as to the plaintiff's allegations concerning "computer programming products, information retrieval products, prepackaged software products and computer peripheral equipment" or "IAM products," as these are terms that the plaintiff has not defined.  RSA admits that it sells, and offers for sale, products and services that are focused on helping customers protect and manage identities and information access.  Some of these products and services may be described as providing "Identity and Access Management" or "IAM" capabilities.  RSA sells, and offers for sale, the RSA® Access Manager solution (previously known as RSA ClearTrust®) in Delaware and elsewhere in the United States.

7.      No answer is required to the allegations contained in paragraph 7 of the Complaint as they are directed to a defendant other than RSA.

8.      No answer is required to the allegations contained in paragraph 8 of the Complaint as they are directed to a defendant other than RSA.

9.      No answer is required to the allegations contained in paragraph 9 of the Complaint as they are directed to a defendant other than RSA.

10.      No answer is required to the allegations contained in paragraph 10 of the Complaint as they are directed to a defendant other than RSA.

11.      No answer is required to the allegations contained in paragraph 11 of the Complaint as they are directed to a defendant other than RSA.

12.     No answer is required to the allegations contained in paragraph 12 of the Complaint as they are directed to a defendant other than RSA.

**Jurisdiction and Venue**

13.     RSA admits that it is incorporated in Delaware and that it does business in Delaware and elsewhere.  RSA is without knowledge or information sufficient to form a belief as to the plaintiff's allegations concerning "computer programming products, information retrieval products, prepackaged software products and computer peripheral equipment" or "IAM products," as these are terms that the plaintiff has not defined.   No answer is required to the remaining allegations as they are directed to defendants other than RSA.

14.     No answer is required to the allegations contained in paragraph 14 of the Complaint, which merely state conclusions of law.

15.     No answer is required to the allegations contained in paragraph 15 of the Complaint, which merely state conclusions of law.

**United States Patent No. 6,516,416**

16.     RSA admits that U.S. Patent No. 6,516,416 ("the '416 patent") was issued by the United States Patent and Trademark Office on Feb. 3, 2003.  RSA admits that a copy of the '416 patent is attached to the Complaint as Exhibit 1.  RSA denies that the patent was duly and legally issued.  RSA is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the ownership of the '416 patent.

**Count for Patent Infringement of U.S. Patent No. 6,516,416**

17.     RSA incorporates its responses to paragraphs 1-16 of the Complaint.

18.    RSA denies the allegations contained in paragraph 18 of the Complaint as they relate to RSA.  No answer is required to the remaining allegations contained in paragraph 18 as they are directed to defendants other than RSA.

19.    No answer is required to the allegations contained in paragraph 19 as they are directed to a defendant other than RSA.

## Jury Trial

20.    No answer is required to the request for jury trial contained in paragraph 20 of the Complaint.  Having withdrawn its claim for damages, Prism has no right to jury trial against RSA.

## Prayers for Relief

No answer is required to the plaintiff's Prayers for Relief.  RSA denies infringement and denies that Prism Technologies LLC is entitled to any relief from RSA.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

21.     Prism Technologies, LLC ("Prism") is not entitled to any relief against RSA because RSA is not infringing and has not infringed any of the claims of the '416 patent.

### SECOND AFFIRMATIVE DEFENSE

22.     One or more of the claims of the '416 patent are invalid under one or more sections of Title 35 of the U.S. Code, including without limitation, 35 U.S.C. §§ 102, 103 and 112.

### THIRD AFFIRMATIVE DEFENSE

23.     The '416 patent is unenforceable against RSA because of estoppel, laches, and/or other applicable equitable doctrines.

### FOURTH AFFIRMATIVE DEFENSE

24.     Any additional defenses or counterclaims that discovery may reveal, incorporating by reference and without limitation any such defenses or counterclaims described in subsequent disclosures under Fed. R. Civ. P. 26(a), interrogatory responses, expert reports, motions, and/or briefing served by RSA on plaintiff in connection with this action.

### FIFTH AFFIRMATIVE DEFENSE

25.     The '416 patent is unenforceable for at least the reason that on information and belief, the applicants, and/or other individuals associated with the filing or prosecution of the '416 patent application, failed to disclose to the U.S. Patent and Trademark Office

Richard L. Gregg Deposition (Nov. 20, 2006) at 349:6-13 (attached at Ex.C). See also id. at 345:21-346:14.

        **f.**        Also, on or about March 1998, one or more individuals associated with the filing and prosecution of the '416 Patent, including Mr. Gregg, prepared a business plan for Prism that describes Open Market as a competitor. See Exhibit D at P 051169. The Prism business plan further states,

                **REDACTED**        Id. at P 051170. The business plan describes        Id. According to the business plan,        Id.

        **g.**        The Open Market patents and other information relating to Open Market known to one or more individuals associated with the filing and prosecution of the '416 Patent were material to the patentability of the pending '416 patent claims. In an Office Action, dated July 12, 1999, the Patent Office examiner cited the '780 patent as prior art.

        **h.**        The other Open Market patents are also prior art to the '416 Patent under at least 35 U.S.C. § 102(e). The '314 patent was filed on October 24, 1994, and the '424 patent was filed on November 29, 1995. Both were filed before the June 11, 1997 filing date of the '416 Patent and before the date of invention of the '416 patent. The '424 and '314 patent are not cumulative of the '780 patent and the other prior art cited during the '416 patent's prosecution.

i.    The '424 patent, for example, describes a "system for the purchasing of goods or information over a computer network." Ex. A at '424 patent, Abstract. This system may be used in "an untrusted network environment." Id. at col. 2, lns. 46-49. The '424 patent further describes buyer computers, merchant computers, and a payment computer: "A user employs a buyer computer to retrieve advertisements from the merchant computers, and to purchase goods of interest. A payment computer is used to authorize a purchase transaction." Id. at col. 4, lns. 48-52. The patent also describes "external devices that are kept in the possession of users so that the users can authenticate themselves when they use a buyer computer." Id. at col. 4, lns. 58-60; col. 8, lns. 9-11; see also id. at col. 2, lns. 63-65. The '424 patent identifies a Smart-Card as an example of an external device. Id. at col. 10, ln. 54 - col. 11, ln. 7.

j.    One or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard L. Gregg, acting with an intent to deceive, failed to disclose U.S. Patent Nos. 5,715,314 and 5,724,424 and other material information relating to Open Market to the U.S. Patent and Trademark Office.

*FORTEZZA*

k.    During prosecution of the '416 Patent, one or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard L. Gregg, had knowledge of a security and authentication product known as FORTEZZA.

l.    At his deposition, Richard L. Gregg testified that

**REDACTED**

Richard L. Gregg Deposition (Nov. 22, 2006) at 343:22-344:13, 346:4-5 (attached at Ex. E).

8

    **m.**       According to Mr. Gregg, FORTEZZA is

             REDACTED              Id. at 346: 17-20.

    **n.**       Information relating to FORTEZZA that was known to one or more individuals associated with the filing and prosecution of the '416 Patent was non-cumulative and material to the patentability of the '416 patent claims.

    **o.**       One or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard L. Gregg, acting with an intent to deceive, failed to disclose material information relating to FORTEZZA to the U.S. Patent and Trademark Office.

*CompuServ*

    **p.**       During prosecution of the '416 Patent, one or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard L. Gregg, had knowledge of the Remote Passphrase Authentication (RPA) technology developed by CompuServ Incorporated for authenticating users and services communicating over an insecure network.

    **q.**       In 1996, the year before filing the '416 Patent, Prism documented a

             REDACTED

See Ex. F (P008990). The ISA, or Internet Subscription Access, system was Prism's first and only commercial embodiment of the invention claimed in the '416 patent.

    **r.**       When deposed, Mr. Gregg admitted :

             REDACTED

    Richard L. Gregg Deposition (Nov. 21, 2006), at 266:12-22 (Ex. G). Mr. Gregg also testified that             REDACTED

REDACTED

       **s.**       **CompuServ's RPA technology is also described in U.S. Patent No. 5,740,361, which issued on April 14, 1998 from an application filed on June 3, 1996.**

       **t.**       **Information relating to CompuServ's RPA technology that was known to one or more individuals associated with the filing and prosecution of the '416 Patent was non-cumulative and material to the patentability of the '416 patent claims.**

       **u.**       **One or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard L. Gregg, acting with an intent to deceive, failed to disclose material information relating to CompuServ's RPA technology to the U.S. Patent and Trademark Office.**

     *RFC 1704*

       **v.**       **During prosecution of the '416 Patent, one or more individuals associated with the filing and prosecution of the '416 Patent, including at least Sandeep Giri, had knowledge of RFC (Request For Comment) 1704, entitled "On Internet Authentication". RFC 1704 discloses the use of a hardware key, such as a smartcard, to authenticate a user to a server via the Internet. See Ex. H at p. 12 (P046018.489833).**

       **w.**       **Mr. Giri, a named inventor of the '416 patent.**

       **REDACTED**          **Sandeep Giri Deposition (Oct. 30, 2006) at 284:10-285:19 (attached at Ex. I).**

       **x.**       **Information relating to RFC 1704 that was known to one or more individuals associated with the filing and prosecution of the '416 Patent was non-cumulative and material to the patentability of the '416 patent claims.**

10

y.      One or more individuals associated with the filing and prosecution of the '416 Patent, including at least Sandeep Giri, acting with an intent to deceive, failed to disclose material information relating to RFC 1704 to the U.S. Patent and Trademark Office.

*Security Dynamics White Paper*

z.      During prosecution of the '416 Patent, one or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard Gregg, had knowledge of a Security Dynamics white paper dated March 26, 1994 entitled "Kerberos and Third Party Authentication" ("Security Dynamics White Paper").

aa.                     REDACTED

See Ex. J (Gregg Ex. 12, P35264-270).

bb.      The Security Dynamics White Paper discloses the use of a token connected to a user machine by a swipe reader to authenticate a user to a server over an unprotected network. Id. at P35264-65.

cc.      Mr. Gregg testified that

REDACTED

See Richard L. Gregg deposition (Nov. 21, 2006) at 223:14-21; 225:11-21 (Ex. G).

dd.      The Security Dynamics White Paper was not submitted to the Patent Office during the prosecution of the '416 Patent.

11

ee.     Information relating to the Security Dynamics White Paper was known to one or more individuals associated with the filing and prosecution of the '416 Patent and was non-cumulative and material to the patentability of the '416 patent claims.

ff.     One or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard Gregg, acting with an intent to deceive, failed to disclose material information relating to the Security Dynamics White Paper to the U.S. Patent and Trademark Office.

26.     There may be additional defenses to the cause of action alleged by Prism that are currently unknown to RSA. RSA reserves the right to amend its Answer to allege additional defenses in the event discovery of other information indicates they are appropriate.

## COUNTERCLAIMS

Counterclaim plaintiff RSA Security Inc. for its counterclaims against Prism

Technologies LLC alleges as follows:

## PARTIES

1.     RSA Security Inc. ("RSA") is a Delaware corporation having its principal place

of business at 174 Middlesex Turnpike, Bedford, Massachusetts.

2.     On information and belief, Prism Technologies LLC ("Prism") is a Nebraska

corporation, having its principal place of business at 14707 California Street, Suite 5, Omaha,

Nebraska.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§§ 1331, 1338(a), and 2201.

4.     Prism is subject to personal jurisdiction in this District.

5.     Venue for this action is proper in this District pursuant to 28 U.S.C. §§ 1391 and

1400(b).

## FACTS

6.     Upon information and belief, Prism claims to be the owner of all rights, title, and

interest in the '416 patent.

7.     Prism has accused RSA of infringement of the '416 patent.

8.     The claims of the '416 patent are invalid, unenforceable, and/or not infringed by

RSA directly, by inducement, or contributorily.

9.     Prism's allegations give rise to a case of actual controversy within the jurisdiction

of this Court, pursuant to 28 U.S.C. §§ 2201 and 2202.

## COUNT ONE
### (Non-Infringement of the '416 patent)

10.    RSA repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

11.    RSA is not infringing and has not infringed, directly, by inducement, or contributorily, any claim of the '416 patent.

12.    To resolve the legal and factual questions raised by Prism and to afford relief from the uncertainty and controversy that Prism's allegations have precipitated, RSA is entitled to a declaratory judgment that it does not infringe on any claim of the '416 patent.

## COUNT TWO
### (Invalidity of the '416 patent)

13.    RSA repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

14.    One or more claims of the '416 patent are invalid under one or more sections of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102, 103, and 112.

15.    To resolve the legal and factual questions raised by Prism and to afford relief from the uncertainty and controversy that Prism's accusations have precipitated, RSA is entitled to a declaratory judgment that one or more claims of the '416 patent are invalid.

## COUNT THREE
### (Unenforceability of the '416 patent)

16.    RSA repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

17.    The '416 patent is unenforceable against RSA because of estoppel, laches, and/or other applicable equitable doctrines.

**18.** **The '416 patent is unenforceable for at least the reason that the applicant, and/or other individuals associated with the filing or prosecution of the '416 patent application, failed to disclose to the U.S. Patent and Trademark Office ("USPTO") information that was material to patentability under 37 C.F.R. § 1.56, as set forth above in the Fifth Affirmative Defense numbered paragraphs 25(a)-(ff) incorporated herein by reference.**

19.    ~~18.~~ To resolve the legal and factual questions raised by Prism and to afford relief from the uncertainty and controversy that Prism's accusations have precipitated, RSA is entitled to a declaratory judgment that one or more of the '416 patent are unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, RSA Security Inc. requests entry of judgment in its favor and against Prism as follows:

A.    Adjudge that RSA has not infringed the '416 patent and/or that such patent is invalid and/or unenforceable, and enter a declaratory judgment to that effect;

B.    Dismiss Prism's Complaint with prejudice, denying all relief to Prism;

C.    Enter an order finding that this is an exceptional case and award RSA its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

D.    Award RSA such other relief as the Court may deem appropriate and just under the circumstances.

RSA SECURITY INC.

Frederick L. Cottrell, III (#2555)
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
Post Office Box 551
Wilmington, DE 19899
Telephone: (302) 651-7700
cottrell@rlf.com
fineman@rlf.com

15

Of Counsel:

William F. Lee
David B. Bassett
Donald R. Steinberg
Mark D. Selwyn
Gregory P. Teran
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
(617) 526-6000

16