IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C. A. No. 05-214-JJF |
| VERISIGN, INC., RSA SECURITY, INC., | ) |
| NETEGRITY, INC., COMPUTER ASSOCIATES | ) **REDACTED PUBLIC** |
| INTERNATIONAL, INC., and JOHNSON & | ) **VERSION** |
| JOHNSON SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

**COMPUTER ASSOCIATES INTERNATIONAL, INC.'S <u>FIRST AMENDED</u>
<u>ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL</u>**

Defendant Computer Associates International, Inc. ("Computer Associates"), files this Answer to Plaintiff's Second Amended Complaint for Patent Infringement and Demand For Jury Trial and Counterclaims ("the Second Amended Complaint"), along with its defenses, denying infringement of any valid and enforceable claim of U.S. Patent No. 6,516,416 ("the '416 Patent").

**I. <u>ANSWER</u>**

1.  Admitted.

2.  Computer Associates lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Second Amended Complaint, and therefore denies them.

3.  The allegations in Paragraph 3 of the Second Amended Complaint are directed at a Defendant other than Computer Associates or Netegrity Inc. ("Netegrity"),

and Computer Associates lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Second Amended Complaint, and therefore denies them.

4. The allegations in Paragraph 4 of the Second Amended Complaint are directed at the activities of a Defendant other than Computer Associates or Netegrity, and Computer Associates lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Second Amended Complaint, and therefore denies them.

5. The allegations in Paragraph 5 of the Second Amended Complaint are directed at a Defendant other than Computer Associates or Netegrity, and Computer Associates lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Second Amended Complaint, and therefore denies them.

6. The allegations in Paragraph 6 of the Second Amended Complaint are directed at the activities of a Defendant other than Computer Associates or Netegrity, and Computer Associates lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Second Amended Complaint, and therefore denies them.

7. Admitted that Netegrity is a Delaware corporation. The remaining allegation in Paragraph 7 is denied.

8. Admitted that Computer Associates is a Delaware corporation. Computer Associates admits that it has a principal place of business at One Computer Associates Plaza, in the State of New York, but denies its principal place of business is in Central Islip.

9. Admitted.

10. Computer Associates denies that it is in the business of making, using, selling or offering for sale computer programming products and computer peripheral equipment. Computer Associates further denies that it is in the business of making, using, selling or offering for sale "information retrieval products," as it understands that term, but admits that certain of its products include an information retrieval function as a part thereof. Computer Associates denies that it sells or offers to sell prepackaged software products. Computer Associates denies that it sells or offers to sell IAM products in Delaware and elsewhere in the United States. Computer Associates admits that its IAM products include, but are not limited to, SiteMinder software solutions and related software products. Computer Associates denies that its IAM products include hardware related to its SiteMinder software solutions. Computer Associates denies all of the allegations in Paragraph 10 to the extent they allege that Netegrity is currently conducting business activities.

11. The allegations in Paragraph 11 of the Second Amended Complaint are directed at a Defendant other than Computer Associates or Netegrity, and Computer Associates lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Second Amended Complaint, and therefore denies them.

12. The allegations in Paragraph 12 of the Second Amended Complaint are directed at the activities of a Defendant other than Computer Associates or Netegrity, and Computer Associates lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Second Amended Complaint, and therefore denies them.

13. Admitted that Computer Associates and Netegrity are incorporated in this judicial district. Computer Associates admits that within this district it has transacted and continues to transact business, contracted and continues to contract business, and solicited and continues to solicit business. It denies that it has or is selling or offering for sale prepackaged software products. Computer Associates admits that within this district it has transacted and continues to transact business, contracted and continues to contract business, and solicited and continues to solicit business for IAM products. Computer Associates denies that within this district it has transacted and continues to transact business, contracted and continues to contract business, and solicited and continues to solicit business with regard to computer programming products and computer peripheral equipment. Computer Associates further denies that within this district it has transacted and continues to transact business, contracted and continue to contract business, and solicited and continues to solicit business with regard to "information retrieval products," as it understands that term, but admits that certain of its products include an information retrieval function as a part thereof. Computer Associates admits that within this district Netegrity transacted business, contracted business and solicited business. Computer Associates denies that Netegrity has sold or offered for sale prepackaged software products. Computer Associates admits that within this district Netegrity transacted business, contracted business, and solicited business for IAM products. Computer Associates denies that within this district Netegrity transacted business, contracted business, and solicited business with regard to computer programming products, computer peripheral equipment or information retrieval products, as it understands that term. Computer Associates denies that Netegrity is continuing to conduct business in this

district. The remaining allegations in Paragraph 13 of the Second Amended Complaint are directed at the activities of Defendants other than Computer Associates or Netegrity, and Computer Associates lacks sufficient 4 information to form a belief as to the truth of the remaining allegations set forth in Paragraph 13 of the Second Amended Complaint, and therefore denies them.

14. Admitted that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Computer Associates lacks sufficient information to form a belief as to the truth of the remaining allegation in Paragraph 14.

15. Admitted that venue is proper under 28 U.S.C. § 1400(b) with regard to Computer Associates and Netegrity. Computer Associates lacks sufficient information regarding the residency and activities of the other Defendants to form a belief regarding whether or not venue under 28 U.S.C. § 1400(b) is proper with regard to the other Defendants, and therefore denies those allegations. Computer Associates admits that venue is proper under 28 U.S.C. § 1391 (c) with regard to Computer Associates and Netegrity. Computer Associates lacks sufficient information regarding the residency and activities of the other Defendants to form a belief regarding whether or not venue under 28 U.S.C. § 1391(c) is proper with regard to the other Defendants, and therefore denies those allegations. Computer Associates lacks sufficient information to form a belief as to the truth of the allegation that venue is proper under 28 U.S.C. § 1391(b), and therefore denies that allegation.

16. Computer Associates admits that the United States Patent and Trademark Office issued the '416 Patent and admits that on its face the '416 Patent has an issue date of February 4, 2003. Computer Associates denies that the '416 Patent is valid and

therefore denies that the United States Patent and Trademark Office legally issued the '416 Patent.

17. Computer Associates incorporates by reference and thereby reasserts its responses to Paragraphs 1-16.

18. Computer Associates denies all of the allegations in Paragraph 18 of the Second Amended Complaint to the extent they are directed to Computer Associates and/or Netegrity. To the extent the allegations in Paragraph 18 of the Second Amended Complaint are directed to the activities of the Defendants other than Computer Associates and Netegrity, Computer Associates lacks information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

19. The allegations in Paragraph 19 of the Second Amended Complaint are directed at the activities of a Defendant other than Computer Associates or Netegrity, and Computer Associates lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Second Amended Complaint, and therefore denies them.

20. Prism only seeks equitable relief against Computer Associates and Netegrity and therefore has no right to a jury trial with regard to its claims against Computer Associates and Netegrity. Computer Associates requests a trial by judge.

## PRAYER FOR RELIEF

Computer Associates denies that Prism is entitled to be awarded any of the relief sought in its prayer for relief against Computer Associates and/or Netegrity. Prism's prayer for relief with regard to Computer Associates and Netegrity should, therefore, be denied in its entirety and with prejudice, and Prism should take nothing therefore. With

respect to the other Defendants, Computer Associates is without sufficient information to form a belief as to whether Prism is entitled to the relief sought or any relief whatsoever, and on that basis denies the same.

## II. <u>DEFENSES</u>

Computer Associates asserts the following defenses to the Second Amended Complaint:

21. Prism has failed to state a claim upon which relief can be granted.

22. Computer Associates has not infringed (literally or by equivalents), contributed to the infringement of, or induced infringement of the '416 Patent.

23. The claims in the '416 Patent are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 3S of the United States Code, including, *inter alia*, §§ 101, 102, 103, and/or 112.

24. <u>The '416 patent is unenforceable for at least the reason that on information and belief, the applicants, and/or other individuals associated with the filing or prosecution of the '416 patent application, failed to disclose to the U.S. Patent and Trademark Office ("USPTO") non-cumulative information that was material to patentability under 37 C.F.R. § 1.56 with an intent to deceive.</u>

    a. <u>A patent applicant and its agents owe a duty of candor to the USPTO to disclose all non-cumulative information that is material to the patentability of its pending claims. 37 C.F.R. § 1.56; MPEP 2001.01 et seq. The duty to disclose continues until the patent issues.</u>

    b. <u>The '416 patent was filed on June 11, 1997, and issued on February 4, 2003.</u>

*Open Market*

c.  During prosecution of the '416 Patent, one or more individuals associated with the filing and prosecution of the '416 Patent, including at least the first-named inventor, Richard L. Gregg, had knowledge of U.S. Patent Nos. 5,708,780 ("the '780 patent"), 5,715,314 ("the '314 patent") and 5,724,424 ("the '424 patent"), which on their face identify Open Market, Inc. as the assignee (collectively, the "Open Market patents"), and also had other information relating to Open Market. The Open Market patents are attached at Exhibit A.

d.  During prosecution of the '416 Patent, Richard L. Gregg was in regular communication with Open Market and also investigated the Open Market patents. **REDACTED**

See Ex. B (P046018.173049).

e.  At his November 20, 2006 deposition, Mr. Gregg explained:

**REDACTED**

Richard L. Gregg Deposition (Nov. 20, 2006) at 349:6-13 (attached at Ex.C). See also id. at 345:21-346:14.

f.  Also, on or about March 1998, one or more individuals associated with the filing and prosecution of the '416 Patent, including Mr. Gregg, prepared a business plan for Prism that describes Open Market as a competitor. See Exhibit D at P 051169. The Prism business plan further states,

**REDACTED**

REDACTED

Id. at P 051170. The business plan describes

Id. According to the business plan, REDACTED

Id.

g.  The Open Market patents and other information relating to Open Market known to one or more individuals associated with the filing and prosecution of the '416 Patent were material to the patentability of the pending '416 patent claims. In an Office Action, dated July 12, 1999, the Patent Office examiner cited the '780 patent as prior art.

h.  The other Open Market patents are also prior art to the '416 Patent under at least 35 U.S.C. § 102(e). The '314 patent was filed on October 24, 1994, and the '424 patent was filed on November 29, 1995. Both were filed before the June 11, 1997 filing date of the '416 Patent and before the date of invention of the '416 patent. The '424 and '314 patent are not cumulative of the '780 patent and the other prior art cited during the '416 patent's prosecution.

i.  The '424 patent, for example, describes a "system for the purchasing of goods or information over a computer network." Ex. A at '424 patent, Abstract. This system may be used in "an untrusted network environment." Id. at col. 2, lns. 46-49. The '424 patent further describes buyer computers, merchant computers, and a payment computer: "A user employs a buyer computer to retrieve advertisements from the merchant computers, and to purchase goods of interest. A payment computer is used to authorize a purchase transaction." Id. at

col. 4, lns. 48-52. The patent also describes "external devices that are kept in the possession of users so that the users can authenticate themselves when they use a buyer computer." Id. at col. 4, lns. 58-60; col. 8, lns. 9-11; see also id. at col. 2, lns. 63-65. The '424 patent identifies a Smart-Card as an example of an external device. Id. at col. 10, ln. 54 - col. 11, ln. 7.

j.  One or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard L. Gregg, acting with an intent to deceive, failed to disclose U.S. Patent Nos. 5,715,314 and 5,724,424 and other material information relating to Open Market to the U.S. Patent and Trademark Office.

### *FORTEZZA*

k.  During prosecution of the '416 Patent, one or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard L. Gregg, had knowledge of a security and authentication product known as FORTEZZA.

l.  At his deposition, Richard L. Gregg testified that

**REDACTED**

Richard L. Gregg Deposition (Nov. 22, 2006) at 343:22-344:13, 346:4-5 (attached at Ex. E).

m.  According to Mr. Gregg, FORTEZZA is
**REDACTED**                                                                    Id. at 346: 17-20.

n. Information relating to FORTEZZA that was known to one or more individuals associated with the filing and prosecution of the '416 Patent was non-cumulative and material to the patentability of the '416 patent claims.

o. One or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard L. Gregg, acting with an intent to deceive, failed to disclose material information relating to FORTEZZA to the U.S. Patent and Trademark Office.

*CompuServ*

p. During prosecution of the '416 Patent, one or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard L. Gregg, had knowledge of the Remote Passphrase Authentication (RPA) technology developed by CompuServ Incorporated for authenticating users and services communicating over an insecure network.

q. In 1996, the year before filing the '416 Patent, Prism documented a **REDACTED** See Ex. F (P008990). The ISA, or Internet Subscription Access, system was Prism's first and only commercial embodiment of the invention claimed in the '416 patent.

r. When deposed, Mr. Gregg admitted that **REDACTED**

Richard L. Gregg Deposition (Nov. 21, 2006), at 266:12-22 (Ex. G). Mr. Gregg also testified that ' **REDACTED**

**REDACTED**

  s. CompuServ's RPA technology is also described in U.S. Patent No. 5,740,361, which issued on April 14, 1998 from an application filed on June 3, 1996.

  t. Information relating to CompuServ's RPA technology that was known to one or more individuals associated with the filing and prosecution of the '416 Patent was non-cumulative and material to the patentability of the '416 patent claims.

  u. One or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard L. Gregg, acting with an intent to deceive, failed to disclose material information relating to CompuServ's RPA technology to the U.S. Patent and Trademark Office.

*RFC 1704*

  v. During prosecution of the '416 Patent, one or more individuals associated with the filing and prosecution of the '416 Patent, including at least Sandeep Giri, had knowledge of RFC (Request For Comment) 1704, entitled "On Internet Authentication". RFC 1704 discloses the use of a hardware key, such as a smartcard, to authenticate a user to a server via the Internet. See Ex. H at p. 12 (P046018.489833).

w. Mr. Giri, a named inventor of the '416 patent,

REDACTED

Sandeep Giri Deposition (Oct. 30, 2006) at 284:10-285:19 (attached at Ex. I).

x. Information relating to RFC 1704 that was known to one or more individuals associated with the filing and prosecution of the '416 Patent was non-cumulative and material to the patentability of the '416 patent claims.

y. One or more individuals associated with the filing and prosecution of the '416 Patent, including at least Sandeep Giri, acting with an intent to deceive, failed to disclose material information relating to RFC 1704 to the U.S. Patent and Trademark Office.

*Security Dynamics White Paper*

z. During prosecution of the '416 Patent, one or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard Gregg, had knowledge of a Security Dynamics white paper dated March 26, 1994 entitled "Kerberos and Third Party Authentication" ("Security Dynamics White Paper").

aa.   .   REDACTED

See Ex. J (Gregg Ex. 12, P35264-270).

bb. The Security Dynamics White Paper discloses the use of a token connected to a user machine by a swipe reader to authenticate a user to a server over an unprotected network. Id. at P35264-65.

cc.     Mr. Gregg testified that

REDACTED

See Richard L. Gregg deposition (Nov. 21, 2006) at 223:14-21; 225:11-21 (Ex. G).

dd.     The Security Dynamics White Paper was not submitted to the Patent Office during the prosecution of the '416 Patent.

ee.     Information relating to the Security Dynamics White Paper was known to one or more individuals associated with the filing and prosecution of the '416 Patent and was non-cumulative and material to the patentability of the '416 patent claims.

ff.     One or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard Gregg, acting with an intent to deceive, failed to disclose material information relating to the Security Dynamics White Paper to the U.S. Patent and Trademark Office.

25.     ~~24.~~ There may be additional defenses to the cause of action alleged by Prism that are currently unknown to Computer Associates. Therefore, Computer Associates reserves the right to amend this Answer to allege additional defenses in the event discovery of other information indicates they are appropriate.

### III. COUNTERCLAIMS[1]

---

[1] Plaintiff is not entitled to a jury trial against Computer Associates, Inc., and, as such, Computer Associates International, Inc. has dropped the jury demand from its counterclaim.

## Parties

**26.** ~~25.~~ Counterclaimant Computer Associates International, Inc. ("Computer Associates"), is a corporation organized under the laws of the State of Delaware, with an office and principal place of business located at One Computer Associates Plaza, Islandia, New York 11749.

**27.** ~~26.~~ On information and belief, counterclaim defendant Prism Technologies LLC ("Prism") is a corporation organized and existing under the laws of Nebraska with its principal place of business at 14707 California Street, Suite 5, Omaha, Nebraska 68154.

## Jurisdiction and Venue

**28.** ~~27.~~ The counterclaims include claims for declaratory judgment of patent non infringement and patent invalidity, and jurisdiction is proper under the Federal Declaratory Act, 28 U.S.C. §§2201 and 2202, the Patent Laws of the United States, 36 U.S.C. § 100 *et seq.*, concerning actions related to patents, and 28 U.S.C. §§ 1331, 1332, and 1338.

**29.** ~~28.~~ Venue is proper in this Court under 28 U.S.C. § 1400(a).

## Count One – Declaratory Relief Regarding Non-Infringement

**30.** ~~29.~~ Based on the filing by Prism of this suit and Computer Associates' actual defenses, an actual controversy has arisen and now exists between the parties as to whether or not Computer Associates has directly and/or indirectly infringed any valid claim of U.S. Patent No. 6,516,416 ("the '416 Patent").

**31.** ~~30.~~ Pursuant to Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Computer Associates requests a declaration from the Court that Computer

Associates has not infringed any valid claim of the '416 Patent, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents.

### Count Two - Declaratory Relief Regarding Invalidity

**32.** ~~31.~~ Based on the filing by Prism of this suit and Computer Associates' defenses, an actual controversy has arisen and now exists between the parties as to the validity of each of the claims of the '416 Patent.

**33.** ~~32.~~ Pursuant to Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Computer Associates requests a declaration from the Court that each of the claims of the '416 Patent are invalid for failure to comply with the provisions of the patent laws, 35 8 U.S.C. § 100 *et seq.*, including, but not limited to, one or more of 3S U.S.C. §§ 101, 102, 103, and/or 112.

### Count Three - Declaratory Relief Regarding Unenforceability

**34.** Based on the filing by Prism of this suit and Computer Associates' defenses, an actual controversy has arisen and now exists between the parties as to the enforceability of each of the claims of the '416 Patent.

**35.** Pursuant to Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Computer Associates requests a declaration from the Court that the '416 Patent is unenforceable due to inequitable conduct for at least the reason that the applicants and/or other individuals associated with the filing or prosecution of the '416 patent application, acting with an intent to deceive, failed to disclose to the U.S. Patent and Trademark Office ("USPTO") information that was material to patentability, as set forth above in the Fourth Affirmative Defense numbered paragraphs 24(a)-(ff) incorporated herein by reference.

### IV. EXCEPTIONAL CASE

36. ~~33.~~ This is an exceptional case under 35 U.S.C. § 285 and, as such, Computer Associates is entitled to recover from Prism, Computer Associates' attorneys' fees and costs incurred in connection with this action.

### Prayer for Relief

WHEREFORE, Counterclaim Plaintiff Computer Associates requests entry of judgment against Prism and relief to be granted as follows:

(a) An order and decree declaring that Computer Associates has not infringed any claim of U.S. Patent No. 6,516,416 (the '416 patent);

(b) An order and decree declaring one or more claims of the '416 patent invalid;

(c) An order and decree declaring the '416 patent unenforceable;

(d) An order and decree declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Computer Associates its attorneys' fees and costs of this action; and

(e) Such other and further relief to Computer Associates as this Court deems just and proper.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| David M. Schlitz<br>BAKER BOTTS L.L.P.<br>1299 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004-2400<br>Tel: 202-639-7700 | By: /s/ David E. Moore<br>    Richard L. Horwitz (#2246)<br>    David E. Moore (#3983)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street |
| Samir A. Bhavsar<br><s>Jeffrey</s>**Jeffery** D. Baxter<br>BAKER BOTTS L.L.P.<br>2001 Ross Avenue<br>Dallas, TX  75201-2980<br>Tel: 214-953-6500 | P.O. Box 951<br>Wilmington, DE  19899-0951<br>Tel: 302-984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com |
| Dated: <s>September 7, 2006</s>**March 16, 2007**<br><s>749227</s> | *Attorneys for Defendant*<br>*Computer Associates International, Inc.* |