## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC ) 
          ) 
         Plaintiff ) 
          ) 
         v. ) 
          )   Civil Action No. 05-214-JJF 
VERISIGN, INC., RSA SECURITY, INC., ) 
NETEGRITY, INC., COMPUTER ) 
ASSOCIATES INTERNATIONAL, INC., and )   **REDACTED PUBLIC** 
JOHNSON & JOHNSON SERVICES, INC. )   **VERSION** 
         Defendants. ) 
          ) 
          )

## DEFENDANT JOHNSON & JOHNSON SERVICES, INC.'S AMENDED ANSWER AND^ COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Defendant Johnson & Johnson Services, Inc. ("JJSI"), by and through its undersigned counsel, answers Plaintiff's Second Amended Complaint for Patent Infringement and Demand for Jury Trial ("the Complaint") filed by Plaintiff Prism Technologies LLC ("Prism") by denying infringement of any valid and enforceable claim of U.S. Patent No. 6,516,416, and further denying all allegations of the Complaint except as otherwise specifically admitted or qualified herein as follows:

    1.     JJSI admits that Prism's cause of action purports to be one for patent infringement under Title 35 of the United States Code.

    2.     Upon information and belief, JJSI admits the allegations in Paragraph 2 of the Complaint.

3.    JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore denies the allegations of Paragraph 3.

4.    JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and therefore denies the allegations of Paragraph 4.

5.    JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and therefore denies the allegations of Paragraph 5.

6.    JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore denies the allegations of Paragraph 6.

7.    JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and therefore denies the allegations of Paragraph 7.

8.    JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and therefore denies the allegations of Paragraph 8.

9.    JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and therefore denies the allegations of Paragraph 9, except: JJSI admits that the Complaint purports to collectively refer to Netegrity, Inc. and Computer Associates International, Inc. as "CA."

10.    JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and therefore denies the allegations of Paragraph 10.

11.    JJSI admits the allegations in Paragraph 11 of the Complaint.

12.    JJSI denies the allegations in Paragraph 12 of the Complaint, except: JJSI admits that it provides networking and computing services; that at least some of its networking and computer services are available to users within this judicial district, in the State of Delaware and elsewhere in the United States; and that it has made available, and makes available, for use within this judicial district "information retrieval products," as JJSI understands that term, "prepackaged software products," as JJSI understands that term, and computer peripheral equipment. JJSI also admits that it has used, or uses, at least some SafeNet iKey hardware and software products, Oracle database products without use of Oracle's Advanced Security Option, and Microsoft IIS Web Server products.

13.    JJSI is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 13 concerning defendants other than JJSI. JJSI denies those allegations in Paragraph 13 of the Complaint concerning JJSI, except: JJSI admits that it has made available, and makes available, for use within this judicial district "information retrieval products," as JJSI understands that term, "prepackaged software products," as JJSI understands that term, and computer peripheral equipment.

14.    JJSI denies that it has committed any acts of patent infringement, whether in this judicial district or elsewhere, and denies all allegations in Paragraph 14 except: JJSI admits that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) over actions for patent infringement arising under Title 35 of the U.S. Code.

15.    JJSI denies the allegations in Paragraph 15 of the Complaint.

16.    JJSI denies the allegations in Paragraph 16 of the Complaint, except: JJSI admits that, a copy of United States Patent No. 6,516,416, entitled "Subscription Access System for Use with an Untrusted Network" ("the '416 patent") appears to be attached as Exhibit 1 to the Complaint.

17.    JJSI reasserts and restates its responses to the allegations in Paragraphs 1 through 16 of the Complaint as if fully set forth herein.

18.    JJSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and therefore denies the allegations of Paragraph 18.

19.    JJSI denies the allegations of Paragraph 19 of the Complaint.

20.    JJSI denies that Prism is entitled to a single jury trial as to all issues in this action that are triable by jury, and further responds that a bifurcated jury trial is appropriate in this action because Prism's Prayer for Relief seeks monetary and equitable relief against defendants JJSI and Verisign, Inc., but only equitable relief against defendants RSA Security, Inc., Netegrity, Inc. and Computer Associates International, Inc.

JJSI denies any and all allegations contained within Prism's "Prayer for Relief," and set forth in the paragraphs numbered (A)-(G) therein, and specifically denies that Prism is entitled to any relief, whether monetary or equitable in nature.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

21.     JJSI has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of any claim of the △'416 patent, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

22.     One or more claims of the '416 patent is invalid for failure to comply with the requirements of the Patent Laws of the United States, Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

### THIRD AFFIRMATIVE DEFENSE

23.     Prism  failed to mark articles embodying the '416 patent and **is** barred, in whole or in part, from collecting damages for infringement prior to notice as required by 35 U.S.C. § 287(a).

### FOURTH AFFIRMATIVE DEFENSE

**24.     The '416 patent is unenforceable for at least the reason that on information and belief, the applicants, and/or other individuals associated with the filing or prosecution of the '416 patent application, failed to disclose to the U.S. Patent and Trademark Office ("USPTO") non-cumulative information that was material to patentability under 37 C.F.R. § 1.56 with an intent to deceive.**

**a.     A patent applicant and its agents owe a duty of candor to the USPTO to disclose all non-cumulative information that is material to the patentability of its**

pending claims.  37 C.F.R. § 1.56; MPEP 2001.01 et seq.  The duty to disclose continues until the patent issues.

        b.      The '416 patent was filed on June 11, 1997, and issued on February 4, 2003.

        *Open Market*

        c.      During prosecution of the '416 Patent, one or more individuals associated with the filing and prosecution of the '416 Patent, including at least the first-named inventor, Richard L. Gregg, had knowledge of U.S. Patent Nos. 5,708,780 (the '780 patent), 5,715,314 ("the '314 patent") and 5,724,424 ("the '424 patent"), which on their face identify Open Market, Inc. as the assignee (collectively, the "Open Market patents"), and also had other information relating to Open Market.  The Open Market patents are attached at Exhibit A.

        d.      During prosecution of the '416 Patent, Richard L. Gregg was in regular communication with Open Market and also investigated the Open Market patents.

REDACTED

See Ex. B (P046018,173049).

        e.      At his November 20, 2006 deposition, Mr. Gregg explained:

REDACTED

Richard L. Gregg Deposition (Nov. 20, 2006) at 349:6-13 (attached at Ex.C).  See also id. at 345:21-346:14.

f.      Also, on or about March 1998, one or more individuals associated with the filing and prosecution of the '416 Patent, including Mr. Gregg, prepared a business plan for Prism that describes Open Market as a competitor.  See Exhibit D at P 051169.  The Prism business plan further states:

REDACTED

Id. at P 051170.  The business plan describes      REDACTED      Id.  According to the business plan:      Id.

g.      The Open Market patents and other information relating to Open Market known to one or more individuals associated with the filing and prosecution of the '416 Patent were material to the patentability of the pending '416 patent claims.  In an Office Action, dated July 12, 1999, the Patent Office examiner cited the '780 patent as prior art.

h.      The other Open Market patents are also prior art to the '416 Patent under at least 35 U.S.C. § 102(e).  The '314 patent was filed on October 24, 1994, and the '424 patent was filed on November 29, 1995.  Both were filed before the June 11, 1997 filing date of the '416 Patent and before the date of invention of the '416 patent.  The '424 and '314 patent are not cumulative of the '780 patent and the other prior art cited during the '416 patent's prosecution.

i.      The '424 patent, for example, describes a "system for the purchasing of goods or information over a computer network."  Ex. A at '424 patent, Abstract.  This system may be used in "an untrusted network environment."  Id. at col. 2,

lns. 46–49. The '424 patent further describes buyer computers, merchant computers, and a payment computer: "A user employs a buyer computer to retrieve advertisements from the merchant computers, and to purchase goods of interest. A payment computer is used to authorize a purchase transaction." Id. at col. 4, lns. 48-52. The patent also describes "external devices that are kept in the possession of users so that the users can authenticate themselves when they use a buyer computer." Id. at col. 4, lns. 58-60; col. 8, lns. 9-11; see also id. at col. 2, lns. 63-65. The '424 patent identifies a Smart-Card as an example of an external device. Id. at col. 10, ln. 54 - col. 11, ln. 7.

        j.      One or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard L. Gregg, acting with an intent to deceive, failed to disclose U.S. Patent Nos. 5,715,314 and 5,724,424 and other material information relating to Open Market to the U.S. Patent and Trademark Office.

        *FORTEZZA*

        k.      During prosecution of the '416 Patent, one or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard L. Gregg, had knowledge of a security and authentication product known as FORTEZZA.

        l.      At his deposition, Richard L. Gregg testified that

                             **REDACTED**

                                     **Richard L. Gregg Deposition (Nov. 22, 2006) at 343:22-344:13, 346:4-5 (attached at Ex. E).**

        m.      According to Mr. Gregg, FORTEZZA is

                       **REDACTED**                **Id. at 346: 17-20.**

n.      Information relating to FORTEZZA that was known to one or more individuals associated with the filing and prosecution of the '416 Patent was non-cumulative and material to the patentability of the '416 patent claims.

o.      One or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard L. Gregg, acting with an intent to deceive, failed to disclose material information relating to FORTEZZA to the U.S. Patent and Trademark Office.

*CompuServ*

p.      During prosecution of the '416 Patent, one or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard L. Gregg, had knowledge of the Remote Passphrase Authentication (RPA) technology developed by CompuServ Incorporated for authenticating users and services communicating over an insecure network.

q.      In 1996, the year before filing the '416 Patent, Prism documented a

REDACTED

See Ex. F (P008990). The ISA, or Internet Subscription Access, system was Prism's first and only commercial embodiment of the invention claimed in the '416 patent.

r.      When deposed, Mr. Gregg admitted that

REDACTED

Richard L. Gregg Deposition (Nov. 21, 2006), at 266:12-22 (Ex. G). Mr. Gregg also testified that

REDACTED

-9-

s.      CompuServ's RPA technology is also described in U.S. Patent No. 5,740,361, which issued on April 14, 1998 from an application filed on June 3, 1996.

t.      Information relating to CompuServ's RPA technology that was known to one or more individuals associated with the filing and prosecution of the '416 Patent was non-cumulative and material to the patentability of the '416 patent claims.

u.      One or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard L. Gregg, acting with an intent to deceive, failed to disclose material information relating to CompuServ's RPA technology to the U.S. Patent and Trademark Office.

### RFC 1704

v.      During prosecution of the '416 Patent, one or more individuals associated with the filing and prosecution of the '416 Patent, including at least Sandeep Giri, had knowledge of RFC (Request For Comment) 1704, entitled "On Internet Authentication". RFC 1704 discloses the use of a hardware key, such as a smartcard, to authenticate a user to a server via the Internet. See Ex. H at p. 12 (P046018.489833).

w.      Mr. Giri, a named inventor of the '416 patent, :

REDACTED                                    Sandeep Giri Deposition (Oct. 30, 2006) at 284:10-285:19 (attached at Ex. I).

x.      Information relating to RFC 1704 that was known to one or more individuals associated with the filing and prosecution of the '416 Patent was non-cumulative and material to the patentability of the '416 patent claims.

y.      One or more individuals associated with the filing and prosecution of the '416 Patent, including at least Sandeep Giri, acting with an intent to deceive, failed to

disclose material information relating to RFC 1704 to the U.S. Patent and Trademark Office.

### Security Dynamics White Paper

z.     During prosecution of the '416 Patent, one or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard Gregg, had knowledge of a Security Dynamics white paper dated March 26, 1994 entitled "Kerberos and Third Party Authentication" ("Security Dynamics White Paper").

aa.     REDACTED

See Ex. J (Gregg Ex. 12, P35264-270).

bb.     The Security Dynamics White Paper discloses the use of a token connected to a user machine by a swipe reader to authenticate a user to a server over an unprotected network.  Id. at P35264-65.

cc.     Mr. Gregg testified

REDACTED

See Richard L. Gregg deposition (Nov. 21, 2006) at 223:14-21; 225:11-21 (Ex. G).

dd.     The Security Dynamics White Paper was not submitted to the Patent Office during the prosecution of the '416 Patent.

ee.    **Information relating to the Security Dynamics White Paper was known to one or more individuals associated with the filing and prosecution of the '416 Patent and was non-cumulative and material to the patentability of the '416 patent claims.**

ff.    **One or more individuals associated with the filing and prosecution of the '416 Patent, including at least Richard Gregg, acting with an intent to deceive, failed to disclose material information relating to the Security Dynamics White Paper to the U.S. Patent and Trademark Office.**

25.    There may be additional defenses to the cause of action alleged by Prism that are currently unknown to JJSI. JJSI reserves the right to amend its Answer to allege additional defenses in the event discovery of other information indicates they are appropriate.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

As and for its Counterclaims against Plaintiff and Counterclaim Defendant Prism Technologies LLC ("Prism"), Defendant and Counterclaim Plaintiff Johnson & Johnson Services, Inc. ("JJSI") states as follows:

### Parties

26.    Counterclaim Plaintiff Johnson & Johnson Services, Inc. ("JJSI"), is a corporation organized under the laws of the **State** of New Jersey, with an office and principal place of business located at One Johnson & Johnson Plaza, New Brunswick, New Jersey.

27.    On information and belief, Counterclaim Defendant Prism Technologies LLC ("Prism") is a corporation organized under the laws of Nebraska with its principal place of business located at 14707 California Street, Suite 5, Omaha, Nebraska.

### Jurisdiction and Venue

**28.**    JJSI seeks declarations of non-infringement and invalidity of United States Patent

No. 6,516,416 ("the '416 patent"). These counterclaims **arise** under the Declaratory Judgment

Act and the Patent Laws of the United States, more particularly under Title 28 U.S.C. §§ 2201

and 2202 and Title 35 U.S.C. §§ 100 et seq., respectively. This Court has jurisdiction pursuant

to Title 28 U.S.C. §§ 1331, 1338 and 2201.

**29.**    This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. § 1338(a).

**30.**    Counterclaim Defendant Prism is subject to personal jurisdiction in this judicial

district.

**31.**    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and

1400(b).

## Background

**32.**    On information and belief, on February 4, 2003, the United States Patent and

Trademark Office issued the '416 patent, entitled "Subscription Access System for Use with an

Untrusted Network," to Richard L. Gregg, Sandeep Giri and Timothy C. Goeke, as inventors.

Upon information and belief, Richard L. Gregg, Sandeep Giri and Timothy C. Goeke each

assigned all rights, title, and interest in the '416 patent to Prism.

**33.**    An actual and justiciable controversy exists between Counterclaim Plaintiff JJSI

and Counterclaim Defendant Prism as to infringement and validity of the '416 patent, as

evidenced, inter alia, by Plaintiff's Second Amended Complaint and Defendant JJSI's Answer in

this action.

## Count One (Declaratory Relief Regarding Non-infringement)

**34.**    JJSI repeats and realleges the allegations of Paragraphs **26** through **33** as if fully set forth herein.

**35.**    JJSI does not make, use, offer to sell, sell within the United States, or import into the United States, nor has it made, used, offer to sell or sold within the United States, or imported into the United States, any product, service or activity that infringes any valid claim of the '416 patent, either literally or under the doctrine of equivalents.  Nor does JJSI induce others to infringe or contribute to the infringement, nor has it induced others to infringe or contributed to the infringement, any valid claim of the '416 patent, either literally or under the doctrine of equivalents.

**36.**    To resolve the legal and factual questions raised by Prism and to afford relief from the uncertainty and controversy that Prism's allegations have caused, JJSI is entitled to a declaratory judgment that it is not infringing, and has not infringed, any valid claim of the '416 patent directly, contributorily or by inducement.

## Count Two (Declaratory Relief Regarding Invalidity)

**37.**    JJSI repeats and realleges the allegations of Paragraphs **26** through **33** as if fully set forth herein.

**38.**    One or more claims of the '416 patent is invalid for failure to comply with the requirements of the Patent Laws of the United States, Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

**39.**    To resolve the legal and factual questions raised by Prism and to afford relief from the uncertainty and controversy that Prism's allegations have caused, JJSI is entitled to a declaratory judgment that one or more claims of the '416 patent is invalid.

**Count Three (Declaratory Relief Regarding Inequitable Conduct)**

**40.    JJSI repeats and realleges the allegations of Paragraphs 26 through 33 as if fully set forth herein.**

**41.    The '416 patent is unenforceable for at least the reason that the applicant, and/or other individuals associated with the filing or prosecution of the '416 patent application, with an intent to deceive, failed to disclose to the U.S. Patent and Trademark Office ("USPTO") information that was material to patentability under 37 C.F.R. § 1.56, as set forth above in the Fourth Affirmative Defense numbered paragraphs 24(a)-(ff) incorporated herein by reference.**

**Prayer for Relief**

WHEREFORE, Counterclaim Plaintiff Johnson & Johnson Information Services, Inc. ("JJSI") requests entry of judgment against Prism and relief to be granted as follows:

(a)    An order and decree declaring that JJSI has not infringed any claim of U.S. Patent No. 6,516,416 (the '416 patent);

(b)    An order and decree declaring one or more claims of the '416 patent invalid;

**(c)    An order and decree declaring the '416 patent unenforceable;**

**(d)**    An order and decree declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding JJSI its attorneys' fees and costs of this action; and

**(e)**    Such other and further relief to JJSI as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant and Counterclaim Plaintiff Johnson & Johnson Services, Inc. demands a trial by jury on all issues triable to a jury.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendant Johnson & Johnson Services, Inc.*

*Of Counsel:*

John M. DiMatteo
Neal K. Feivelson
Leslie M. Spencer
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY  10019-6099
(212) 728-8130

Dated:  March 16, 2007
178978.1