**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

Paul E. Crawford
Partner

TEL (302) 888-6262
FAX (302) 658-5614
EMAIL pcrawford@cblh.com
REPLY TO Wilmington Office

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

23 March 2007

**VIA ELECTRONIC FILING**
The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

    Re:    **Prism Technologies LLC v. VeriSign, Inc. *et al.*; C.A. No. 05-214**

Dear Judge Farnan:

    VeriSign, Inc. ("VeriSign") respectfully requests the Court's consideration of this response to Prism Technologies LLC ("Prism") letter regarding source code production filed yesterday.

    VeriSign has already produced the vast majority of the source code of the accused products and has unequivocally advised Prism that it will supplement that production with any remaining source code within the 10 day extension of time we requested from the Court on March 14, 2007. *See* Ex. A, March 22, 2007 ltr. from F. Cimino to A. Bahou. Accordingly, VeriSign will produce all source code of the accused products as ordered. Nonetheless, even before the 10 day extension of time has lapsed, Prism complains to the Court about VeriSign's not-yet-final production of source code and demands that VeriSign be compelled to produce additional information never before requested.

    On March 14, 2007, we produced the 13 modules of source code that was all that had ever been discussed by the parties.[1] However, as a result of concerns raised by Prism that morning that there may exist additional source code beyond those 13 modules, we sought a 10 day extension of time to determine if additional source code existed and, if so, to produce it. *See* Ex. B, March 14, 2007 ltr. to the Court. Prism led us to believe they consented to the requested extension. *See* Ex. C, March 14, 2007 e-mail exchange with Prism's counsel sent after our request to the Court was served ("I look forward to our continued negotiations regarding the pending issues"). Accordingly, by the extended deadline, VeriSign will have fully complied with

---

[1] The 13 modules VeriSign produced were the ones that Prism identified during the meet and confer as "conclusive" of the parties' disputed issues (*See* Prism's March 22, 2007 ltr. to the Court, Ex. F. attached thereto) and the subject of all subsequent discussions relating to source code (while Prism identified 13 UA modules and other Go Secure modules in its letter, it has since withdrawn its claims against Go Secure).

The Honorable Joseph J. Farnan, Jr.
March 23, 2007
Page 2

the Court's order and there currently is no issue before the Court with respect to VeriSign's source code production.

On March 13, 2007, the day before our initial production of source code and long after document discovery has closed (on August 11, 2006), Prism sought additional discovery beyond source code. Now, Prism demands that VeriSign must also produce all make files, link files, and compiler information so that Prism can compile, install, evaluate, and execute compiled source code into an executable code that Prism can operate. *See e.g.*, Mr. Kirk's March 22, 2007 letter to the Court, Items 2–6, and Ex. D attached thereto. Yet, <u>none</u> of those items were ever requested in discovery, nor were any of them referenced in Prism's motion to compel (or the hundreds of pages of exhibits it attached to its motion), and there was no mention of these items during the argument on March 2, 2007.[2] Those items are not source code. The Court ordered the production of **source code** and this is exactly what VeriSign produced and intends to supplement. This is made abundantly clear in VeriSign's March 22, 2007 correspondence to Prism's counsel. *See* Exhibit A.

VeriSign's production of all source code of the accused products is in the "human readable" electronic format – which was the format specifically requested by Prism in its Brief and at argument. This fully satisfies VeriSign's obligations under the Court's March 2, 2007 Order. To the extent Prism wants additional information other than source code, Prism should have sought those items during the fact discovery period but chose not to. If Prism believes these additional items should now be produced – more than seven months after the close of fact

---

[2] In its briefs and during the argument Prism only requested that the source code be produced in a "human readable" format. *See* Opening Brief at 1 ("Prism asks [for production of] human readable source code"); Transcript at 17 ("We're requesting it [source code] in human readable electronic format"). Since that hearing, Prism has abandoned that language – Mr. Kirk instead advises the Court that Prism now seeks "executable code." Executable code is obtained by compiling source code. Importantly, executable code is no longer human readable – it is only machine readable (*e.g.*, it is no longer source code, it is now "object code"). This was not the subject of Prism's motion or the Court's ruling. While the Court did not order any specific manner of production (the Court advised us to work this issue out among ourselves), VeriSign agreed for Prism's convenience to produce the "human readable" source code in native electronic form, so it can be searched for relevant lines. This goes beyond what Your Honor has previously held is a sufficient means to produce source code. *See Adobe Systems Inc. v. Macromedia, Inc.*, No. 00-743-JJF, 2001 WL 1414843 at *1 (D. Del. Nov. 5, 2001) (ordering that production of source code in printed paper form is appropriate) (attached as Ex. D). VeriSign objects to producing information to compile the source code – it was not requested, it is not necessary for analysis of the patent claims at issue (viewing the source code itself is all Prism ever asked for and is sufficient to analyze the patent claims) and most importantly, it raises unwarranted and additional risks of disclosure.

2

The Honorable Joseph J. Farnan, Jr.
March 23, 2007
Page 3

discovery – then Prism should formally move to compel those items rather than attempting to parlay its source code motion into something it was not or forcing VeriSign to brief the issue by letter. This is an important issue and one, should Prism decide to move, that VeriSign intends to oppose vigorously on several independent grounds.

Sincerely,

Paul E. Crawford
Connolly Bove Lodge & Hutz LLP

cc:    Clerk of Court (via Hand Delivery)
       Jason Snyderman, Esquire
       Frank Cimino, Esquire
       Richard D. Kirk Esquire
       Frederick L. Cottrell, III, Esquire
       Richard L. Horwitz, Esquire
       Steven J. Balick, Esquire
       Dirk D. Thomas, Esquire
       David M. Schlitz, Esquire
       John DiMatteo, Esquire
       Gregory P. Teran, Esquire
       Samir A. Bhavsar, Esquire
       (All served via e-mail except otherwise noted)