# EXHIBIT A

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

Attorneys at Law

FRANK CIMINO
202.887.4020/fax: 202.887.4288
fcimino@akingump.com

March 22, 2007

**Via E-Mail**

André J. Bahou, Esquire
Robins, Kaplan, Miller & Ciresi L.L.P.
1875 Eye Street, N.W.
Washington, DC 20006-5409

      Re: *Prism Technologies LLC v. VeriSign, Inc., et al.*
           Civil Action No. 1:05-CV-00214-JJF

Dear AJ:

      It is abundantly clear from your never-ending stream of e-mails and letters that you are, once again, trying to manufacture a distorted record to attach as an exhibit to a subsequent motion you intend to file. As was the case with the hundreds of pages you attached to your prior motion to compel, your correspondence is again filled with statements that are completely inconsistent with our telephone discussions and your prior emails. More importantly, however, your letter writing campaign takes a very simple issue and makes it needlessly complex.

      Because your letters suggest we have somehow not been clear before, let us be crystal clear now. WE WILL PRODUCE <u>ALL</u> SOURCE CODE OF THE ACCUSED PRODUCTS. Our intentions have always been to fully comply with Judge Farnan's Order. And I have also confirmed that the source code has been and is being produced in the manner in which its kept in the ordinary course of business. Hopefully, this will end your letter writing campaign and obviate your continued threats to file needless motions.

      Your letters contain far too many inaccuracies and inconsistencies to address here, and it would be unproductive to do so. However, we do feel the need to address several issues you have raised.

      First, the letter you wrote on December 22, 2007, was the first time Prism expressed what it was actually looking for regarding source code (despite our requests that you do so for months beforehand). In that letter, you advised that Prism believed 13 specific modules would "conclusively" resolve all disputes germane to this litigation. As a result, following the Court's order on the motion to compel on March 2, 2007, we immediately took steps to produce those 13 modules just as you requested. They were produced on March 14, 2007, as ordered.

      On March 13, 2006, you asked us if these 13 modules were inclusive of <u>all</u> source code of the accused products. We did not know the answer to your question at that time, since our

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

André J. Bahou, Esquire
March 22, 2007
Page 2

prior dialogue with you and our client was always focused on *just* the 13 modules *you identified*. Thus, we informed you that we would ask the client to answer your question. At first, you refused to sign a previously agreed-upon protective order unique to source code, and demanded totally irrelevant concessions to do so. Then, after we spoke and I informed you I was beginning the process of converting the production to TIFF or printed paper files, you agreed to sign the protective order and we produced the 13 modules as planned with the agreement that we would inquire into whether more source code existed, beyond the 13 modules we produced.

Second, your letter of March 21, 2007 suggests for the first time that Prism did not agree to the additional 10 days for VeriSign to comply with the Court's Order. Judge Farnan specifically advised us all that he would permit additional time for the production, if necessary. And out of an abundance of caution, we wrote to the Court to advise Judge Farnan that we would need the extra time. As a matter of profession courtesy, we chose not to inform the Court of your improper attempt to leverage a refusal to sign an agreed-upon protective order into some type of advantage for your client. During a phone call with me that afternoon, you specifically advised that you did not object to the additional time, and in your March 14, 2007 e-mail sent at 5:27, after you were fully aware of our letter to the Court and had discussed the additional 10 days personally with me, you stated that you looked forward to our continued negotiations and did not object to the additional time as you do today, or the process I proposed in my earlier email that day for resolving the issue.

Third, Prism is improperly trying to construe the Court's Order into something it is not. You now insist that the Court's Order to produce source code also means that, in addition, VeriSign must also produce all make files, link files, and compiler information in order to compile, install, evaluate, and execute the compiled source code into an executable code that Prism can operate. Critically, none of these items were mentioned in the hundreds of pages of correspondence you attached to your motion to compel and you never once mentioned any one of these items in Court on March 2, 2007. In fact, at the conclusion of the argument you specifically stated only that Prism wanted "human readable source code" and nothing more, which is specifically what we provided to you. In fact, for the convenience of all concerned, we provided this source code on an electronic medium rather than in paper format which Judge Farnan has specifically held before would have been sufficient. *See Adobe Systems Inc. v. Macromedia, Inc.*, No. 00-743-JJF, 2001 WL 1414843 (D. Del. Nov. 5, 2001). Accordingly, we are not producing these additional items as they were not asked for previously, were not in any of your motion papers, were not the subject of argument to the Court, and certainly were not the subject of Judge Farnan's Order.

Because we have agreed to produce all of the source code for the accused products in a human readable form, we will be providing *exactly* what you asked for in Court and precisely what the Court ordered us to produce.

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

André J. Bahou, Esquire
March 22, 2007
Page 3

    While we were certainly hoping this letter would put an end to this dispute, we just received our copy of Mr. Kirk's letter to the Court. It is baffling to us why you would involve the Court in this dispute before the extended 10 day time frame for us to get back to you has expired. This further demonstrates your unwillingness to work out these disputes in a reasonable time and in a professional manner. We expect that in light of this letter you will withdrawal your premature and unnecessary correspondence to Judge Farnan.

                                  Very truly yours,

                                  Frank Cimino