# EXHIBIT D

Westlaw.

Not Reported in F.Supp.2d                                                                                   Page 1
Not Reported in F.Supp.2d, 2001 WL 1414843 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Ⱶ
Briefs and Other Related Documents
Adobe     Systems,     Inc.     v.     Macromedia,
Inc.D.Del.,2001.Only the Westlaw citation is cur-
rently available.
        United States District Court, D. Delaware.
            ADOBE SYSTEMS INC., Plaintiff,
                            v.
            MACROMEDIA, INC., Defendant.
                    No. 00-743-JJF.

                    Nov. 5, 2001.

Mary B. Graham, and Rodger D. Smith, Esquire of
Morris, Nichols, Arsht, & Tunnell, Wilmington,
Delaware. Of Counsel: Ian N. Feinberg, James
Pooley, and M. Elizabeth Day, Esquire of Gray Cary
Ware & Freidenrich LLP, Palo Alto, California. At-
torneys for the Plaintiff.
William J. Wade, Esquire of Richards, Layton & Fin-
ger, Wilmington, Delaware. Of Counsel: Darryl M.
Woo, Charlene M. Morrow, Sean DeBruine, Michael
J. Sacksteder, Eulonda G. Skyles, Lorrel Birnschein,
Michele Mackey, Esquire of Fenwick & West LLP,
Palo Alto, California. Attorneys for the Defendant.

                MEMORANDUM OPINION
FARNAN, District J.
*1 The parties present two issues, the production of
software source code and third party objections to
discovery requests, that require resolution in order to
enter a protective order in this case.

         A. Production of Software Source Code

In reviewing the positions of plaintiff Abode Sys-
tems, Inc. ("Abode") and Macromedia, Inc.
("Macromedia"), I have focused on two phrases used
by Adobe in its letter brief (D.I.39) which I believe
sum up this dispute. The phrases are:

            "essentially unbreakable code"

                          and

            "unnecessarily onerous"

Abode proposes to handle the Macromedia software
source code exchange by use of key cryptography
(essentially unbreakable code) while Macromedia
proposes the exchange occur in printed form
(unnecessarily onerous) because I find that due to the
state of current technology Adobe is unable by en-
cryption to unconditionally guarantee the protection
of the Macromedia source code, the printed form sug-
gested by Macromedia is the appropriate method for
use and exchange of the software source code in this
case. In reaching this conclusion, I am persuaded by
two factors. First, Macromedia's assertion that no
known encryption scheme is absolutely secure; and,
second, Adobe's description of its proposed encryp-
tion method as "essentially unbreakable". I find that a
standard of essentially unbreakable just isn't good
enough in the circumstances of this case. Macro-
media is asking for an absolute standard, and I have
concluded that it is entitled to such a guarantee. Fur-
ther, it is for this reason that I find that Macromedia's
suggested printed form, although possibly somewhat
burdensome, is not "unnecessarily onerous." As ar-
gued by Macromedia, the source codes of a software
company such as Macromedia are of critical import-
ance to its business and must be provided the highest
form of protection a court can provide in the context
of a particular case. Macromedia has not sought to
prohibit access to the source codes for its products
but only to protect them from intentional or inadvert-
ent access by persons not a party to this litigation.
Therefore, I conclude that the method proposed by
Macromedia is not unreasonable or unduly burden-
some and provides Adobe with the information it
needs.

      B. Third Party Objections to Discovery Requests

The second issue in dispute concerns discovery re-
quests directed to a non-party involving confidential-
ity obligations owed by that non-party to another.
Abode proposes that the objecting non-party seek a
protective order rather than require the requesting
party to pursue the requested discovery by a motion
to compel. Macromedia proposes that the non-party
interpose an objection on the basis of an asserted con-
fidentiality provision and then require the requesting

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1414843 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 2

party to file a motion to compel the discovery (D.I.38).

In my view, the solution to this dispute is governed by Federal Rule of Civil Procedure 45(d)(2) and an interpretation of the words "to enable the demanding party to contest the claim." Rule 45(d)(2) requires a non-party who objects to a discovery request to respond to the request by describing the reasons for the non-party's objection to the request. In the present context, the non-party would assert the purported confidentiality provision as its reason for objecting. It is then up to the requesting party to move to challenge the confidentiality assertion, if it chooses to, by filing a motion to compel. *See Katz v. Batavia Marine & Sporting Supplies, Inc., 984 F.2d 422 (Fed.Cir.1993)* (affirming the district court in requiring the requesting party to prove a need for requested documents after the non-party objected to the request and made a prima facie showing that discovery was burdensome). In essence, I treat an assertion of a confidentiality provision exactly as Rule 45(d)(2) treats a claim of privilege when asserted by a non-party in response to a party's discovery request. I see no reason to craft onto Rule 45 a separate protective order procedure, as suggested by Adobe, since it seems clear to me that the drafters of Rule 45 have already addressed the issue.

*2 Therefore, for the reasons discussed, I conclude that Adobe's Motion For Confidentiality Order (D.I.39) in the form proposed by Macromedia (D.I.83) is appropriate. Furthermore, any third party who objects to a discovery request shall enter an objection and state their reasons. If the requesting party wants to pursue the discovery, it must do so by filing a motion to compel.

An appropriate Order will be entered.

### ORDER

At Wilmington, Delaware this 5 day of November 2001, for the reasons discussed in the Memorandum Opinion issued this day, IT IS HEREBY ORDERED that:
(1) Adobe's Motion For Confidentiality Order (D.I.68) is *DENIED* and Macromedia's Proposed Pro-tective Order (D.I.83) is *GRANTED*.
(2) The parties shall submit a Stipulated Protective Order consistent with this Memorandum Opinion no later than November 9, 2001.

D.Del.,2001.
Adobe Systems, Inc. v. Macromedia, Inc.
Not Reported in F.Supp.2d, 2001 WL 1414843 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 2002 WL 32154423 (Verdict and Settlement Summary) (May. 02, 2002)
• 1:00cv00743 (Docket) (Aug. 10, 2000)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.