# THE BAYARD FIRM

A    T    T    O    R    N    E    Y    S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

ELECTRONICALLY FILED

(302) 429-4208
rkirk@bayardfirm.com

March 27, 2007

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, Delaware 19801

      Re:    *Prism Technologies LLC v. VeriSign, Inc., et al.*
              Civil Action No. 05-214-JJF

Dear Judge Farnan:

      I write on behalf of plaintiff Prism Technologies, LLC ("Prism"), further to my letter of March 22, 2007 [D.I 437], and in response to VeriSign, Inc.'s letter of March 23, 2007 [D.I. 440].[1]

      As the Court may recall, on March 2 it Ordered VeriSign to produce the source code of Unified Authentication and Identity Protection ("accused products") by March 14, 2007. Rather than doing so, VeriSign produced a litigation crafted subset of the source code - but not the *entire* source code. VeriSign refused to answer Prism's simple questions regarding that production and what VeriSign promised as a subsequent production. Prism then asked for the Court's guidance on the scope of its Order.

      After Prism's letter to the Court, VeriSign has now confirmed, "WE WILL PRODUCE ALL SOURCE CODE OF THE ACCUSED PRODUCTS." *See* Ex. A, Letter from F. Cimino to A. Bahou (March 22, 2007) (emphasis in original). Nonetheless, VeriSign refuses to confirm that certain enumerated items will be included with the source code, and states that it believes those items are additional items not covered by the Court's Order or Prism's document requests. *See* Ex. A, at 2. Hence, the dispute regarding the scope of the Court's Order and Prism's underlying document requests is still present. Prism is seeking the Court's direction on this information in advance so that Prism is not unfairly prejudiced when it analyzes the source code and finds that the source code does not work because VeriSign has not given us the entire source code. Particularly, the issues are as follows.

---

[1] Although as outlined below, VeriSign has promised to make additional production tomorrow, in my March 22, 2007 letter (D.I. 437) I promised a two day reply to any response made by VeriSign.

THE BAYARD FIRM

Prism's requests for the entire source code include all files and information necessary to compile, execute, operate, evaluate, and install the source code. *See D.I. 437*, at 2-3, March 22, 2007 Letter from R. Kirk to Judge Farnan (requesting items enumerated as 3, 4, and 6). For VeriSign's production to be complete, the source code should include all files normally kept in the course of business (for example, link files and make files) that are needed to compile the source code into the executable code as provided to VeriSign's customers. Without those files, it would be apparent that VeriSign is withholding relevant and requested documents and things.    Those files are a part of the requested source code.[2] Contrary to VeriSign's assertions, the enumerated items are not new requests. Instead, these enumerated items are detailed and specific requests covered by Prism's document requests and the Court's March 2 Order.

VeriSign also mischaracterizes Prism's request as "additional discovery" beyond the source code. Prism requested the entire source code so that it may be able to compile the source code into the executable code that is normally provided to VeriSign's customers. If VeriSign does not produce the source code as kept in the normal course of business and as it is intended to be compiled, then Prism cannot confirm that it has the entire source code used to create the executable code. Prism's request for the source code in the native electronic format is necessary to evaluate and compile the source code as produced. The request for source code is therefore not a request for the executable code, but rather a request for the entire source code to permit Prism to compile the source code into executable code.

Prism requested those items during discovery. Prism's Document Request No. 1 includes the request for the entire source code. Furthermore, VeriSign led Prism to believe that it would produce any information regarding Prism's Document Requests Nos. 1-5, *et seq*. *See* Ex. B, May 11, 2007 Letter from D. Yonan to A. Bahou ("*Documents Requests Nos. 1-5, 7-9, 11-12, 21, 24, 26-27, 29-31*: As provided *supra*, VeriSign intends to supplement its production to include any information on its Accused Products that has not been previously produced.") (emphasis added).

Prism renews its request for the Court's assistance in obtaining the items enumerated in my letter to the Court of March 22, 2007 (D.I. 437), at 2-3 (requesting items enumerated as 1 and 5). If VeriSign plans to produce the entire source code, it should have no reservation in confirming that it will fully comply with the Court's Order by producing the *entire* source code in native electronic format (item 1) and a full list of all the source code modules (item 5). *See id*. VeriSign's refusal to confirm the complete list of the entire source code and its refusal to confirm the production in native electronic format raises sincere doubt in VeriSign's intentions, as recognized by the Court at the March 2 hearing. Hearing Tr. 17:2-18:23, March 2, 2007.

---

[2] Prism's expert, Dr. Michael Shamos, is prepared to submit an affidavit supporting this assertion, but is unable to do so at the present time because he is out of the country.

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
March 27, 2007
Page 2

Finally, VeriSign refuses to state the compiler and/or programming platform[3] that it uses to compile the source code into executable code to provide to its actual customers. *See* Ex. A, at 2. VeriSign should at least provide that information in writing because it prevented Prism from seeking that information during the depositions of VeriSign's witnesses by withholding the source code during the discovery period. VeriSign's delay should not work to its advantage. Given that VeriSign's response could be stated in a one sentence, VeriSign's refusal to provide this simple information is unreasonable.

Moreover, VeriSign's statement that it sought a 10-day extension of time to "determine if additional source code existed" - beyond the 13 modules it produced on March 14 - is disingenuous. *See* Letter from P. Crawford to J. Farnan (March 23, 2007) [D.I. 440]. If VeriSign so closely guards its source code (as it would have the Court believe), then it would know the full extent of the source code with sufficient detail to immediately state (1) that 13 modules are not the all the modules of the source code, and (2) that additional modules of source code exists.

Prism therefore respectfully requests that the Court direct VeriSign to produce the entire source code in human readable, native electronic format. As the source code includes the items Prism requested, that information should not be withheld from the production of the source code. Further, the simple request to provide a list of all the modules of the source code ensures compliance, rather than delay or unduly shifting the burden to Prism to guess as what source code VeriSign may not have provided. Lastly, VeriSign should state the compiler that it uses to compile the source code so that Prism may fully evaluate the source code provided, by compiling it.

Respectfully submitted,

Richard D. Kirk (rk0922)

cc:    Clerk of Court
       Counsel in accordance with the attached certificate and agreed service protocol

---

[3] *See* D.I. 437, at 2-3, Letter from R. Kirk to Judge Farnan (March 22, 2007) (Prism requesting enumerated item 2).

# EXHIBIT A

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

▬▬▬▬▬▬▬ Attorneys at Law

FRANK CIMINO
202.887.4020/fax: 202.887.4288
fcimino@akingump.com

March 22, 2007

**Via E-Mail**

André J. Bahou, Esquire
Robins, Kaplan, Miller & Ciresi L.L.P.
1875 Eye Street, N.W.
Washington, DC 20006-5409

      Re:    *Prism Technologies LLC v. VeriSign, Inc., et al.*
              Civil Action No. 1:05-CV-00214-JJF

Dear AJ:

It is abundantly clear from your never-ending stream of e-mails and letters that you are, once again, trying to manufacture a distorted record to attach as an exhibit to a subsequent motion you intend to file. As was the case with the hundreds of pages you attached to your prior motion to compel, your correspondence is again filled with statements that are completely inconsistent with our telephone discussions and your prior emails. More importantly, however, your letter writing campaign takes a very simple issue and makes it needlessly complex.

Because your letters suggest we have somehow not been clear before, let us be crystal clear now. WE WILL PRODUCE ALL SOURCE CODE OF THE ACCUSED PRODUCTS. Our intentions have always been to fully comply with Judge Farnan's Order. And I have also confirmed that the source code has been and is being produced in the manner in which its kept in the ordinary course of business. Hopefully, this will end your letter writing campaign and obviate your continued threats to file needless motions.

Your letters contain far too many inaccuracies and inconsistencies to address here, and it would be unproductive to do so. However, we do feel the need to address several issues you have raised.

First, the letter you wrote on December 22, 2007, was the first time Prism expressed what it was actually looking for regarding source code (despite our requests that you do so for months beforehand). In that letter, you advised that Prism believed 13 specific modules would "conclusively" resolve all disputes germane to this litigation. As a result, following the Court's order on the motion to compel on March 2, 2007, we immediately took steps to produce those 13 modules just as you requested. They were produced on March 14, 2007, as ordered.

On March 13, 2006, you asked us if these 13 modules were inclusive of all source code of the accused products. We did not know the answer to your question at that time, since our

AKIN GUMP
STRAUSS HAUER & FELD LLP
━━━━━ Attorneys at Law

André J. Bahou, Esquire
March 22, 2007
Page 2

prior dialogue with you and our client was always focused on *just* the 13 modules *you identified.*
Thus, we informed you that we would ask the client to answer your question. At first, you
refused to sign a previously agreed-upon protective order unique to source code, and demanded
totally irrelevant concessions to do so. Then, after we spoke and I informed you I was beginning
the process of converting the production to TIFF or printed paper files, you agreed to sign the
protective order and we produced the 13 modules as planned with the agreement that we would
inquire into whether more source code existed, beyond the 13 modules we produced.

Second, your letter of March 21, 2007 suggests for the first time that Prism did not agree
to the additional 10 days for VeriSign to comply with the Court's Order. Judge Farnan
specifically advised us all that he would permit additional time for the production, if necessary.
And out of an abundance of caution, we wrote to the Court to advise Judge Farnan that we would
need the extra time. As a matter of profession courtesy, we chose not to inform the Court of your
improper attempt to leverage a refusal to sign an agreed-upon protective order into some type of
advantage for your client. During a phone call with me that afternoon, you specifically advised
that you did not object to the additional time, and in your March 14, 2007 e-mail sent at 5:27,
after you were fully aware of our letter to the Court and had discussed the additional 10 days
personally with me, you stated that you looked forward to our continued negotiations and did not
object to the additional time as you do today, or the process I proposed in my earlier email that
day for resolving the issue.

Third, Prism is improperly trying to construe the Court's Order into something it is not.
You now insist that the Court's Order to produce source code also means that, in addition,
VeriSign must also produce all make files, link files, and compiler information in order to
compile, install, evaluate, and execute the compiled source code into an executable code that
Prism can operate. Critically, none of these items were mentioned in the hundreds of pages of
correspondence you attached to your motion to compel and you never once mentioned any one
of these items in Court on March 2, 2007. In fact, at the conclusion of the argument you
specifically stated only that Prism wanted "human readable source code" and nothing more,
which is specifically what we provided to you. In fact, for the convenience of all concerned, we
provided this source code on an electronic medium rather than in paper format which Judge
Farnan has specifically held before would have been sufficient. *See Adobe Systems Inc. v.
Macromedia, Inc.*, No. 00-743-JJF, 2001 WL 1414843 (D. Del. Nov. 5, 2001). Accordingly, we
are not producing these additional items as they were not asked for previously, were not in any of
your motion papers, were not the subject of argument to the Court, and certainly were not the
subject of Judge Farnan's Order.

Because we have agreed to produce <u>all</u> of the source code for the accused products in a
human readable form, we will be providing *exactly* what you asked for in Court and precisely
what the Court ordered us to produce.

AKIN GUMP
STRAUSS HAUER & FELD LLP
━━━━━━━━━━ Attorneys at Law

André J. Bahou, Esquire
March 22, 2007
Page 3


      While we were certainly hoping this letter would put an end to this dispute, we just received our copy of Mr. Kirk's letter to the Court. It is baffling to us why you would involve the Court in this dispute before the extended 10 day time frame for us to get back to you has expired. This further demonstrates your unwillingness to work out these disputes in a reasonable time and in a professional manner. We expect that in light of this letter you will withdrawal your premature and unnecessary correspondence to Judge Farnan.


                                       Very truly yours,


                                       Frank Cimino

# EXHIBIT B

# A K I N   G U M P
# S T R A U S S   H A U E R   &   F E L D LLP
■■■■■■■■■■ Attorneys at Law

DANIEL E. YONAN
202.887.4497/fax: 202.887.4288
dyonan@akingump.com

May 11, 2006

<u>**Via E-Mail**</u>

André J. Bahou, Esquire
Robins, Kaplan, Miller & Ciresi L.L.P.
Suite 1200
1801 K Street, N.W.
Washington, DC 20006-1307

> Re:   ***Prism Technologies LLC v. VeriSign, Inc., et al.***
>        <u>**Civil Action No. 1:05-CV-00214-JJF**</u>

Dear Mr. Bahou:

This letter is in reply to your letter of April 24, 2006, alleging 'deficiencies' in VeriSign's interrogatory and document request responses. Subject to VeriSign's original objections, the items you raised are addressed more fully below, followed by discovery items VeriSign would like Prism to address.

VERISIGN INTERROGATORY RESPONSES

*General Objection No. 4*: VeriSign has not withheld the production of any documents on the basis that a protective order has not been formalized. At the time our response was served, over six (6) months ago, there very little movement on formalizing a protective order. Since then, based upon the terms set forth in your January 5, 2006 letter, we have produced well over 200,000 documents. We further expect to produce additional documents shortly under the terms of the protective order, which has only recently been agreed to by all parties.

*General Objection No. 14*: VeriSign, where necessary and appropriate, will supplement its responses to include further information about its Go Secure and Identity Protection products. Prism, however, only recently accused VeriSign's Identity Protection product (less than one (1) month ago). In view of this development, VeriSign requires additional time to locate, review, and produce any responsive documents, and to develop its positions, before it can fully respond to Prism's requests.

*Interrogatory No. 2*: This Interrogatory only asks that VeriSign identify its "Identity and Access Management software or hardware product[s]" available since 1996. As Identity and



André J. Bahou, Esquire
May 11, 2006
Page 2


Access Management is defined, subject to our original objections, Unified Authentication, Go Secure, and Identity Protection are the only responsive VeriSign products ("Accused Products"). Accordingly, no further supplementation is required.

*Interrogatory No. 3*: VeriSign cannot adequately describe its non-infringement positions until Prism first provides its interpretations for claims 1 and 24 of the asserted '416 patent. It is Prism's burden—not VeriSign's—to show how each element of each claim is met by the accused VeriSign products. While this issue is currently before the Court on a motion to compel, should Prism decide to supply its claim interpretations (and provide what it ascribes the 'plain and ordinary' meaning actually is for the terms identified by VeriSign's Interrogatory No. 13), VeriSign will supplement its response.

*Interrogatory No. 4*: VeriSign disagrees that its Response is deficient simply because it chose to disclose its invalidity contentions using a narrative as opposed to using a 'claim chart.' Notwithstanding, to the extent further invalidity arguments are developed, VeriSign will supplement this Interrogatory.

VeriSign Document Request Responses

*General Objection No. 13:* VeriSign intends to supplement its production, where necessary, to include information about its each of its Accused Products. *See* Res. to General Objection No. 14, *supra*.

*Document Request No. 1*: VeriSign intends to produce one (1) copy of each of its Accused Products to Prism.

*Document Requests Nos. 1-5, 7-9, 11-12. 21, 24, 26-27, 29-31*: As provided *supra*, VeriSign intends to supplement its production to include any information on its Accused Products that has not been previously produced.

*Document Request Nos. 8-9, 11-12*: To the extent information exists about VeriSign's licensing, royalty agreements, or pricing, with respect to its Accused Products, and has not been produced already, VeriSign will produce any responsive, non-privileged documents.



AKIN GUMP
STRAUSS HAUER & FELD LLP
━━━━━━━━━━━ Attorneys at Law

André J. Bahou, Esquire
May 11, 2006
Page 3

### OUTSTANDING PRISM DISCOVERY ITEMS

1. In your letter to me of February 21, 2006, you indicated a 'supplemental' Prism production would be forthcoming. We have not received any supplemental documents, and it has been nearly three (3) months since your letter. Please let us know when we can expect to receive these documents.

2. Can you advise us as to the status, volume and timeframe for production of any responsive documents that have been recovered from Prism's back-up tapes by EMag Solutions, LLC.

3. We also have requested a copy of Prism's Internet Subscription Access (ISA) product, along with any prototypes made or distributed. *See* VeriSign's Doc. Req. No. 9. This includes, and is not limited to the following ISA components: Subscriber Software, Server Software, Site Administration Software, Clearinghouse Server Software, Subscriber Administration Software, along with the Subscription Kit (including any software and a hardware access key). Please let us know when we can expect to receive copies of this ISA software and hardware.

4. VeriSign's Interrogatory No. 3 requests that Prism describe, *inter alia*, when it first became aware of VeriSign Accused Products. Prism only answered this Interrogatory with respect to VeriSign's Unified Authentication product. Now that Prism has updated its allegations to include VeriSign's Go Secure and Identity Protection products, we request that Prism supplement its response accordingly.

Very truly yours,

Daniel E. Yonan

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on March 27, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Frederick L. Cottrell, III, Esq.
Steven J. Fineman, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document were sent by hand on March 27, 2007 to the above counsel and by first-class mail or overnight delivery as indicated to the below counsel:

*Via Federal Express*

John DiMatteo, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

William Lee, Esq.
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA 02109

Jason Snyderman, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

Frank C. Cimino, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

David M. Schlitz
Baker Botts L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC  20004-2400

Samir A. Bhavsar
Jeffrey D. Baxter
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, TX  75201-2980


/s/ Richard D. Kirk (rk0922)
Richard D. Kirk