IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC,         :
                                :
         Plaintiff,             :
                                :
    v.                          :    Civil Action No. 05-214-JJF
                                :
VERISIGN, INC., RSA SECURITY,   :
INC., NETEGRITY, INC.,          :
COMPUTER ASSOCIATES             :
INTERNATIONAL, INC., and        :
JOHNSON & JOHNSON SERVICES,     :
INC.                            :
                                :
         Defendants.            :

## ORDER

At Wilmington, this ___ day of April 2007, for the reasons set forth in the Memorandum Opinion issued this date,

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion For Leave To Supplement The Markman Hearing Record is **DENIED**.

2. For the purposes of United States Patent No. 6,516,416, the following terms and phrases are construed as follows:

    a. **"Untrusted Network"** is construed to mean "a public network with no controlling organization, with the path to access the network being undefined and the user being anonymous."

    b. **"Subscriber"** is construed to mean "a person, organization, or computer registered to be allowed access to selected computer resources."

c. **"First Server Computer"** is construed to mean "a computer that makes available information or other resources."

d. **"Selected Computer Resources of at least a [or said] first server computer"** is construed to mean "computer services, applications, or content that can be accessed by (either directly or indirectly) said first server computer."

e. **"Operating Session"** is construed to mean "a period of communication between the subscriber client computer and the first server computer that follows successful initial authentication and ends upon termination of authorized access, such as upon a log-out or time-out due to prolonged inactivity."

f. **"Hardware Key"** is construed to mean "external hardware device or object from which the predetermined digital identification can be read."

g. **"Connected"** is construed to mean "in communication with, inserted in, or attached to."

h. **"Predetermined Digital Identification"** is construed to mean "digital data whose value is known in advance or calculated at the moment.

i. **"Subscriber Client Computer"** is construed to mean "a computer that a subscriber uses to access selected computer resources of the first server computer."

j. **"Identity Data"** as it relates to the **Subscriber Client Computer** is construed to mean "data sufficient for the patented system to determine whether a person, organization, and/or computer is authentic and/or is entitle to assess said selected computer resources."

k. **"Part Of Said Identity Data"** is construed to mean "some, but not all, of the identity data of the subscriber client computer."

l. **"To thereby confirm that said [or a] hardware key is connected to said subscriber client computer"** is construed to mean "to verify after initial authentication, but before session termination, that the hardware key remains connected to the subscriber client computer."

m. **"Permit[ing] Access"** is construed to mean "permitting the subscriber client computer to access said selected computer resources."

n. **Client Software Means** is a means plus function element construed pursuant to 35 U.S.C. § 112, ¶ 6. The claimed function is "adapted to forward the subscriber client computer's identity data to said first server computer." The corresponding structure consists of that portion of the identity and access components (e.g. that portion of the subscriber software running on the subscriber client computer (Fig. 2)) that

        preferably uses the transmission control protocol/internet protocol (TCP/IP) and/or user datagram protocol/internet protocol (UDP/IP) to communicate.  The term "at the beginning of an operating session in which access to selected computer resources is requested" is not construed pursuant to 35 U.S.C., § 112, ¶ 6, and is construed consistent with the meaning of "operating session."

o. **"Server Software Means"** is a means plus function element construed pursuant to 35 U.S.C. § 112, ¶ 6.  It has two distinct functions and corresponding structures.

    1. The first claimed function is "adapted to forward the first server computer's identity data and identity data of each subscriber client computer to said clearinghouse means."  The first corresponding structure is processor(s) programmed to store the identity data of the first server computer and identity data of the subscriber client computer in a structured query language (SQL) database using an open database connectivity (ODBC) driver."

    2. The second claimed function is "adapted to selectively request the subscriber client computer to forward said predetermined digital

identification to the first server computer to thereby confirm that said hardware key is connected to said subscriber client computer." The corresponding structure is "that portion of the server software that selectively determines whether (e.g. upon a request for access to protected computer resources) to request the subscriber client computer to forward its digital identification to the first server computer to confirm the presence of a hardware key, and equivalents thereof."

p.  **"Clearinghouse Means" as used in Claim 1** is a means plus function element construed pursuant to 35 U.S.C. § 112, ¶ 6.  It has four distinct functions and corresponding structures.

   1. The first claimed function is "storing identity data of said first server computer and the identity data of each of said subscriber client computers."  The corresponding structure is "a processor programmed to store the identity data of the first server computer in a structured query language (SQL) database using an open database connectivity (ODBC) driver."

   2. The second claimed function is "adapted to authenticate the identity of said first server

    computer." The corresponding structure is "that portion of the clearinghouse software (e.g. a user authentication daemon 58) which authenticates the subscriber client computer, and equivalents thereof."

  3. The third claimed function is "adapted to authenticate the identity of said first server computer." The corresponding structure is "that portion of the clearinghouse software (e.g. a user authentication daemon 58) which authenticates the first server, and equivalents thereof.

  4. The fourth function is "adapted to permit access to said selected computer resources." The corresponding structure is "that portion of the clearinghouse software which authenticates the first server and equivalents thereof.

q. **"Clearinghouse Means" as used in Claim 24** is not a means plus function element construed pursuant to 35 U.S.C. § 112, ¶ 6. It is construed to mean "any clearinghouse server(s) with software capable of storing and authenticating identity data."

r. **"Authenticate"** is construed to mean "determine that something is, in fact, what it purports to be."

s. **"Adapted to forward"** is construed to mean "capable of transmitting."

t.  **"Requiring . . . to forward"** is construed to mean "requiring that certain information be transmitted."

u.  **"It's" in the context of "its identity data"** is construed to refer to the identity data of a first server computer as the term appears in Column 35, line 36 of the '416 Patent, and is also construed to refer to the identity data of a subscriber client computer as the term appears in Column 35, line 42.


                                   _____
                                   UNITED STATES DISTRICT JUDGE