IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC,<br><br>    Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>    Defendants. | Civil Action No. 05-214 JJF |

**STIPULATION RESERVING RIGHT TO APPEAL AND
FOR ENTRY OF FINAL JUDGMENT OF NON-INFRINGEMENT
<u>UNDER THE COURT'S CLAIM CONSTRUCTION ORDER</u>**

WHEREAS, Plaintiff Prism Technologies LLC ("Prism") filed a complaint on April 11, 2005 in the District of Delaware against Defendants VeriSign, Inc. ("VeriSign"), RSA Security, Inc. ("RSA"), Netegrity, Inc. ("Netegrity"), Computer Associates International, Inc. ("CAI"), and Johnson & Johnson Services, Inc. ("JJSI"), filed a first amended complaint on July 22, 2005, filed a second amended complaint on August 29, 2006, and has asserted that Defendants infringed at least claims 1 and 24 of the United States Patent No. 6,516,416 (the "'416 patent");

WHEREAS, Defendant VeriSign answered Prism's complaint on June 6, 2005, and the second amended complaint on September 13, 2006 in which VeriSign denied infringement and counterclaimed that the '416 patent is invalid;

WHEREAS, Defendant RSA answered Prism's complaint on June 6, 2005, and the second amended complaint on September 15, 2006 in which RSA denied infringement and counterclaimed that the '416 patent is invalid and unenforceable;

657482-1

WHEREAS, Defendants Netegrity and CAI answered Prism's complaint on June 6, 2005, and the second amended complaint on September 7, 2006 in which Netegrity and CAI denied infringement and counterclaimed that the '416 patent is invalid;

WHEREAS, Defendant JJSI answered Prism's complaint on June 6, 2005, the first amendment to the complaint on July 12, 2005, and the second amended complaint on September 13, 2006 in which JJSI denied infringement and counterclaimed that the '416 patent is invalid;

WHEREAS, Defendants moved for leave on March 16, 2007 to file amended answers and counterclaims that would add defenses and counterclaims of inequitable conduct, and such motion was granted on April 13, 2007;

WHEREAS, this Court construed disputed terms in claims 1 and 24 of the '416 Patent in its Order and Memorandum Opinion dated April 2, 2007;

The parties, by and through their undersigned counsel, hereby agree as follows:

1. The Court construed "operating session" to mean "a period of communication between the subscriber client computer and the first server computer that follows successful initial authentication and ends upon termination of authorized access, such as upon a log-out or time-out due to prolonged inactivity."

2. The Court construed "to thereby confirm that said [or a] hardware key is connected to said subscriber client computer" to mean "to verify after initial authentication, but before session termination, that the hardware key remains connected to the subscriber client computer."

3. No product, service, or activity of any of the Defendants verifies after initial authentication, but before session termination, that the hardware key remains connected to the subscriber client computer.

657482-1

4.  As a result, the Defendants do not directly or indirectly infringe, and have not directly or indirectly infringed, any claim of the '416 Patent (literally or under the doctrine of equivalents) under the Court's construction of the terms "operating session" and/or "to thereby confirm that said [or a] hardware key is connected to said subscriber client computer."

5.  If the Defendants filed a motion for summary judgment of no direct infringement, no contributory infringement, and no inducement of infringement based on the Court's construction of the terms "operating session" and/or "to thereby confirm that said [or a] hardware key is connected to said subscriber client computer," such motion would be granted.

6.  For the purposes of judicial economy, the expense and time of such a motion should be avoided, and the Court should enter a final judgment of non-infringement.

7.  Upon entry of such final judgment of non-infringement, Prism may appeal the Court's final judgment of non-infringement.

8.  The Court's constructions of the terms "operating session" and "to thereby confirm that said [a] hardware key is connected to said subscriber client computer" and this agreed finding of non-infringement shall have the same preclusive effect under the doctrines of claim preclusion and issue preclusion as if the Defendants had filed a motion for summary judgment of no direct infringement, no contributory infringement, and no inducement of infringement and such motion had been granted on the grounds described above.

9.  The Defendants' defenses and counterclaims are dismissed without prejudice to Defendants' right to assert the defenses and counterclaims, including their defenses of patent invalidity and unenforceability, in the event of an appeal that results in a remand.

10. The parties have preserved, and are preserving, all rights to appeal any ruling that they would otherwise be entitled to appeal in the event that the Defendants had filed a motion for

summary judgment of no direct infringement, no contributory infringement, and no inducement of infringement based on the Court's claim constructions and such motion had been granted. In the event of a remand, the parties reserve their right to appeal other rulings that do not form the basis for the finding of non-infringement described above, including the Court's other claim construction rulings.

11. The parties respectfully request that the Court enter judgment in the form attached hereto as Final Judgment of Non-Infringement.

12. The parties reserve and preserve the right to move for recovery of attorneys' fees in accordance with the applicable statutes and rules after disposition of any appeal.

April 18, 2007

**Attorneys for Prism Technologies LLC**

*Of Counsel:*
Dirk D. Thomas
Robert A Auchter
Aziz Burgy
Andre J. Bahou
Chandran B. Iyer
Robins, Kaplan, Miller & Ciresi, L.L.P.
1875 Eye Street, N.W., Suite 300
Washington, D.C. 20006
Telephone: (202) 736-0725
Fax: (202) 223-8604

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (I.D. #rk0922)
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
Telephone: (302) 655-5000
Fax: (302) 658-6395
rkirk@bayardfirm.com

657482-1

<table>
<tr><td>

*Of Counsel:*
Edward F. Mannino
Clark A. Jablon
Jason Snyderman
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square
2005 Market Street, Suite 2200
Philadelphia, PA 19103
Telephone: (215) 965-1200
Fax: (215) 965-1210

Frank C. Cimino, Jr.
Daniel E. Yonan
Jin-Suk Park
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036-1564
Telephone: (202) 887-4000
Fax: (202) 887-4288

*Of Counsel:*
William Lee
Gregory P. Teran
David Bassett
Mark Selwyn
Wilmer Cutler Pickering
Hale and Dorr LLP 60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

</td><td>

**Attorneys for VeriSign, Inc.**

/s/ Patricia S. Rogowski (pr2632)
Patricia S. Rogowski (I.D. #2632)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
Fax: (302) 658-5614
progowski@cblh.com




**Attorneys for RSA Security, Inc.**

/s/ Frederick L. Cottrell III (fc2555)
Frederick L. Cottrell III (I.D. #2555)
Anne Shea Gaza (I.D. #4093)
Richard Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7509
Fax: (302) 658-6541
cottrell@rlf.corn
schwartz@rlf.com

</td></tr>
</table>

*Of Counsel:*
David M. Schlitz
Baker Botts LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Fax: (202) 639-7832

Kevin Meek
Jeffrey D. Baxter
Samir A. Bhavsar
Baker Botts LLP
2001 Ross Avenue
Dallas, TX 75201-2980
Telephone: (214) 953-6500
Fax: (214) 953-6503

**Attorneys for Netegrity Inc. and Computer Associates International, Inc.**

/s/ Richard L. Horwitz (rh2246)
Richard L. Horwitz (I.D. #2246)
David E. Moore (I.D. #3983)
Potter Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Fax: (302) 658-1192
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Of Counsel:*
John M. DiMatteo
Neal Feivelson
Leslie Spencer
Willkie Farr & Gallagher LLP
The Equitable Center
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
Fax: (212) 728-8111

**Attorneys for Johnson & Johnson Services, Inc.**

/s/ John G. Day (jd2403)
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire
Ashby & Geddes
500 Delaware Avenue
Wilmington, DE 19899
Telephone: (302) 654-1888
Fax: (302) 654-2067
sbalick ashby-geddes.com
jday@ashby-geddes.com

657482-1