IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br>Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br>Defendants. | Civil Action No. CA 05-214 JJF |

**PLAINTIFF PRISM TECHNOLOGIES LLC'S
RESPONSE TO DEFENDANT VERISIGN, INC.'S
THIRD SET OF INTERROGATORIES (NOS. 14-15)**

Plaintiff Prism Technologies LLC ("Prism") provides the following responses and objections to VeriSign, Inc.'s ("VeriSign") Third Set of Interrogatories. Prism will supplement these responses as required by the Federal Rules of Civil Procedure and the Local Rules and Orders of this Court.

**GENERAL OBJECTIONS**

For its General Objections, Prism objects to VeriSign's interrogatories, instructions and definitions as follows. Prism hereby incorporates its definitions as set forth in its Revised First Set of Document Requests to VeriSign.

A.      Prism objects to these interrogatories to the extent they impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, or the Orders of this Court. Prism does not consider itself bound by VeriSign's instructions and definitions.

B.      Prism objects to these interrogatories as vague, overly broad, unduly burdensome to the extent that they request information not relevant to a claim or defense of any party, not

628047v1

reasonably calculated to lead to the discovery of admissible evidence, or as otherwise exceeding the scope of permissible discovery.

C.	Prism objects to these interrogatories to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. No part of Prism's response constitutes a waiver of any privilege or immunity.

D.	Prism objects to these interrogatories to the extent they seek information that is not in its possession, custody or control or that is publicly available or has already been provided to the Defendants.

E.	Prism objects to these interrogatories to the extent that they comprise sub-parts or compound questions and, therefore, exceed or may exceed the number of interrogatories permitted in this action.

F.	Prism objects to the definition of "Prism," "YOU," and "YOUR" as overly broad to the extent those terms request information from legal entities not within the scope of this litigation or within the possession, custody or control of Prism or not subject to Prism's legal recourse and/or otherwise outside the enforceable scope of the laws of the United States of America.

G.	Prism objects to these interrogatories to the extent they assume incorrect facts.

H.	Prism objects to these interrogatories as premature to the extent that they call for construction of the claims of the patent-in-suit and there has not yet been a determination of claim construction by the Court in this case. Therefore, Prism specifically reserves its right to change, modify, or otherwise supplement the claim constructions presently asserted.

I.  Prism objects to these interrogatories on the grounds that discovery has just begun and Prism has not completed its investigation of all facts relating to Defendants' infringement of the patent-in-suit or its formulation of its contentions with respect to such issues. Therefore, Prism specifically reserves its right to change, modify, or otherwise supplement its allegations based on discovery to be obtained from the Defendants or its own investigation.

J.  Prism objects to these interrogatories to the extent that they call for premature expert discovery.

K.  To the extent not objected above, Prism incorporates by reference its objections to VeriSign's First Set of Document Requests.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 14:

As described in the chart supporting Prism's Supplemental Response to VeriSign's Interrogatory No. 2, served on April 6, 2006, identify:

(a) all entities that have actually implemented the VeriSign "solution" in the manner you allege;
(b) the individuals at Prism most knowledgeable about each of these implementations;
(c) when Prism first became knowledgeable about each of these implementations; and
(d) the circumstances surrounding how Prism first became knowledgeable about each implementation.

### RESPONSE TO INTERROGATORY NO. 14:

Prism incorporates its general objections, its objections stated in response to VeriSign's Interrogatory No. 2, and specifically its General Objections A, C, D, E, H, I, J, and K. Prism objects to this interrogatory as a premature contention interrogatory to the extent that it requires premature claim construction. Prism further objects to this Interrogatory seeking "all entities" as overly broad, unduly burdensome, and vexatious. Prism reserves the right to change, modify, or

otherwise supplement its current contentions, including identifying additional products and/or services offered by VeriSign that infringe one or more claims of the '416 patent.

To the extent Prism has conducted any investigation regarding VeriSign's products, those investigations are privileged and/or constitute work product. Further, to the extent that any other non-privileged investigation regarding VeriSign's products exists, those documents will be produced. Subject to and without waiving these objections, Prism responds as follows.

Prism believes that at least U.S. Bancorp has used USB tokens with VeriSign's Unified Authentication service, that at least Barclay's Bank has used Smart Cards with VeriSign's Go Secure Solution, and that at least PayPal has used mass-storage and trusted flash devices with VeriSign's Identity Protection Solution. Richard L. Gregg and Gerald C. Korth are the individuals at Prism most knowledgeable about each of the implementations referenced above. Prism became aware of U.S. Bancorp's implementation of Unified Authentication through Mr. Gregg's and Mr. Korth's research and review of press releases as early as October 27, 2004. Likewise, Prism became aware of Barclay's Bank's implementation of Go Secure! through Mr. Gregg's telephone conversation with Mr. Bart Colita as early as February 18, 2005. Lastly, Prism became aware of PayPal's implementation of Identity Protection as early as February 13, 2006.

**INTERROGATORY NO. 15:**

Identify on a monthly basis since January 1996, the amount of revenues, costs, and profits for each Prism product using or embodying any invention claimed in the patent-in-suit, including but not limited to, any Internet Subscription Access (ISA) product.

**RESPONSE TO INTERROGATORY NO. 15:**

Prism incorporates its general objections, and specifically its General Objections A, B, C, D, G, H, and J. Subject to and without waiving these objections, Prism responds that its ISA (Internet Subscription Access) system is one commercial embodiment of a product that is covered by the claims of the '416 patent. Revenues for the ISA product for the years 1997 and 1998 are approximately $455,966 and $542,418, respectively. Prism has not calculated the costs or profits for the ISA product.

THE BAYARD FIRM

Dated: June 16, 2006        By:/s/ Richard D. Kirk (rk0922)
                                                   Richard D. Kirk
                                                   222 Delaware Avenue, Suite 900
                                                   P.O. Box 25130
                                                   Wilmington, Delaware 19899-5130
                                                   (302) 655-5000
                                                   rkirk@bayardfirm.com
                                                   ATTORNEYS FOR PLAINTIFF PRISM
                                                   TECHNOLOGIES LLC

OF COUNSEL:
Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Aziz Burgy, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C.  20006
(202) 775-0725

## VERIFICATION

I hereby declare on the basis of knowledge and belief, or information otherwise provided and believed by me to be true and correct, under penalty of perjury under the laws of the United States of America, that the foregoing answers to these interrogatories are true and correct.

Executed on June 15, 2006

*[signature]*

Mr. Richard L. Gregg
Vice President and Chief Technology Officer
Prism Technologies LLC
14707 California Street
Suite 5
Omaha, Nebraska 68154-1952