# AKIN GUMP
## STRAUSS HAUER & FELD LLP
Attorneys at Law

DANIEL E. YONAN
202.887.4497/fax: 202.887.4288
dyonan@akingump.com

July 13, 2007

**Via E-Mail**

Aziz Burgy, Esquire
Robins, Kaplan, Miller & Ciresi LLP
1875 Eye Street, N.W.
Washington, DC 20006-5409

    Re:   *Prism Technologies LLC v. VeriSign, Inc., et al.*
           Civil Action No. 1:05-CV-00214-JJF / Appeal No. 07-1315

Dear Aziz:

    You explained that Prism Technologies LLC wishes to substitute counsel of record because certain of its attorneys have left Robins Kaplan Miller & Ciresi LLP. While we do not object to substitutions of counsel, our consent should in no way be construed as a waiver of our right to seek sanctions against any of Prism's attorneys of record, whether they remain of record or not. As you know, we have long asserted that the conduct of Prism and its counsel ran afoul of the minimum standards required by FED. R. CIV. P. 11 in at least the following ways.

    Prism and its counsel failed to conduct an adequate pre-filing investigation with respect to VeriSign, Inc. No one ever purchased, set-up, tested, or analyzed VeriSign's accused products prior to bringing suit.[1] *See, e.g., View Engineering, Inc. v. Robotic Vision Systems, Inc.*, 208 F.3d 981, 985-6 (Fed. Cir. 2000) (affirmed Rule 11 sanctions against counsel for filing a complaint without having seen the accused products and based the infringement claims on advertising and the knowledge of an employee of the patentee); *Judin v. U.S.*, 110 F.3d 780, 784-5 (Fed. Cir. 1997) (reversed district court's denial of Rule 11 sanctions based upon patentee's inadequate pre-filing investigation by not attempting to obtain or test the accused product and patent counsel's conduct in deferring to client's opinion of infringement without conducting an independent comparison of the patent claims against the accused product).

    Prism and its counsel also aggressively prosecuted this action despite being unable to identify <u>any</u> VeriSign customer that directly or indirectly uses or has ever used any accused product in an infringing manner. This continued to be the case even after Prism forced VeriSign to produce a massive amount of documents as well as its highly proprietary source code and

---

[1] Instead, Prism and its counsel relied upon VeriSign employee information surreptitiously gathered by Prism's Vice-President and Chief Technical Officer, Rick Gregg, which he admits was not solicited in "good faith." 11/22/06 Gregg Dep. 427:2-5.

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

Aziz Burgy, Esquire
July 13, 2007
Page 2

dozens of depositions were taken of VeriSign and its customers. *See, e.g., Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1241, 1245-48 (Fed. Cir. 2003) (sanctions awarded where patentee continued to litigate its case knowing that its claim for infringement could not be met); *Eltech Systems Corp. v. PPG Industries, Inc.*, 903 F.2d 805, 810-11 (Fed. Cir. 1990) (inference of bad faith is proper when the patentee is unreasonable in continuing to assert infringement); *Sherman Treaters Ltd. v. Ahlbrandt*, 115 F.R.D. 519, 524 (D. D.C. 1987) (an attorney must conduct a reasonable investigation of the facts under Rule 11 before filing and is under an obligation to continually review, examine, and re-evaluate his position as the facts of each case are developed); *Catanzaro v. Masco Corp.*, 423 F. Supp. 415, 444 (D. Del. 1976) ("[i]t is, of course, well settled that a successful defendant may be awarded attorneys' fees if he can demonstrate that the litigation was either brought or maintained in bad faith[,] that is, with actual knowledge that the claim lacked merit.").

For these and others reasons, sanctions can certainly be imposed on Prism's former counsel. *See Spychalski v. Uni. Club*, 2005 WL 4908964 at *3 (D. D.C. Feb 25, 2005) (granting defendant's motion to impose sanctions on plaintiff's *former* attorney by requiring him to pay reasonable attorneys' fees and costs) (emphasis added). Thus, please be advised that our consent to a substitution of counsel should not be interpreted as a waiver of our right to seek available sanctions against Prism's former counsel at the appropriate time.

Very truly yours,

Daniel E. Yonan

Cc: All Counsel of Record
    Dirk Thomas, Dewey Ballantine (DC)
    Bob Auchter, Dewey Ballantine (DC)