# AKIN GUMP
## STRAUSS HAUER & FELD LLP
Attorneys at Law

FRANK CIMINO
202.887.4020/fax: 202.887.4288
fcimino@akingump.com

October 2, 2007

**Via E-Mail**

Ronald Schutz, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402

Re: *Prism Technologies LLC v. VeriSign, Inc., et al.*
Civil Action No. 1:05-CV-00214-JJF / Appeal No. 07-1315

Dear Ron:

I am counsel for VeriSign in the above-identified matter, and understand you have replaced Dirk Thomas as lead counsel for Prism. I would like to bring to your attention a recent Federal Circuit case that confirms one of the defenses VeriSign has asserted since this case was first filed.

In *ACCO v. ABA Locks and Belkin*, ___ F.3d ___ (Fed. Cir. 2007), the Federal Circuit determined the mere "potential" for a product to be used in an infringing manner is insufficient to support a claim of indirect infringement. This is because such a claim requires "specific instances" of direct infringement or "proof" that using the accused products necessarily infringes. You may be unaware, but Prism has been unable to prove any such instances, despite repeated requests to do so.

Now that you have entered an appearance, I ask that you review the record in the case to assure yourself there remains a good-faith basis on which Prism can maintain this action against VeriSign. I believe you will find that, as in *ACCO*, the present record lacks any evidence of actual infringement. Prism admits VeriSign's tokens can be used in non-infringing ways. Therefore, under *ACCO*, sales of VeriSign's tokens are not enough for Prism to maintain its suit against VeriSign. Prism was required to cite evidence showing that a customer actually used VeriSign's tokens in an infringing way. There is no such evidence in this case.

Beginning with the parties' Rule 26(f) conference, we asked Mr. Thomas to identify everyone that has actually implemented the accused VeriSign products in a manner to support Prism's theory for direct infringement. This was followed by narrowly tailored interrogatories seeking this information. *See, e.g.*, Feb. 24, 2006 Res. of Prism to Interrog. No. 11; June 16, 2006 Res. of Prism to Interrog. No. 14. Prism identified four VeriSign customers, but learned

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

Ronald Schutz, Esquire
October 2, 2007
Page 2

through fact discovery that none of these customers use tokens in the specific manner Prism asserts infringes (some never even purchased the accused products). And the only deposition taken of a VeriSign customer was of Election Systems & Software (ES&S), who unequivocally stated that it had never used or sold any VeriSign accused product. *See, e.g.*, 01/31/07 Williams Dep. 22:7 – 23:5; 183:20 – 186:7.

Prism was given another opportunity to describe instances of direct infringement during a Rule 30(B)(6) deposition, however, it failed to identify any. VeriSign also learned at that deposition that Prism and its counsel's basis for filing suit against VeriSign came from employee information surreptitiously gathered by Mr. Gregg, which he admitted was not solicited in "good faith." 11/22/06 Gregg Dep. 427:2-5. Finally, all individual and corporate depositions taken by Prism of seven VeriSign employees also failed to reveal any instances of infringement. *See generally* 11/14/06 Gardner Dep.; 11/15/06 Olsen Dep.; 11/28/06 Shilts Dep.; 11/30/06 Bajaj and Lin Deps.; 12/20/06 Loftus Dep.; and 02/06/07 – 02/07/07 Popp Deps.

Despite a lack of evidence of actual instances of infringement, Prism refused to withdraw its allegations and continued to aggressively prosecute this case, causing VeriSign to suffer harm. VeriSign repeatedly put Prism on notice of what it believes is sanctionable litigation conduct. You will also find the record full of requests by VeriSign to identify such evidence, and that those requests went unanswered. *See, e.g.*, 1/11/07; 3/30/07; and 7/13/07 ltrs. from VeriSign to Prism.

VeriSign fully intends to seek all remedies for the damages caused by Prism's continued prosecution of frivolous claims, and intends to hold Robins Kaplan Miller & Ciresi LLP jointly and severally liable for those damages along with Prism. VeriSign specifically reserved its right to seek such remedies after resolution of the appeal. We ask that you take this opportunity to mitigate any further damage caused by maintaining this case against VeriSign.

If you would like to discuss any of these issues, please feel free to call me.

Very truly yours,

Frank Cimino