# EXHIBIT B

PUBLIC VERSION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC<br><br>Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>Defendants. | Civil Action No. 05-214 JJF<br><br><br>**CONFIDENTIAL**<br>Outside Attorneys' Eyes Only<br>Pursuant to Local Rule 26.2 |

## PLAINTIFF PRISM TECHNOLOGIES LLC'S
## SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
## DEFENDANT VERISIGN, INC.'S FIRST SET OF INTERROGATORIES (No. 2)

Plaintiff Prism Technologies LLC ("Prism") hereby supplements its objections and responses to VeriSign, Inc.'s ("VeriSign") First Set of Interrogatories.

### GENERAL OBJECTIONS

For its General Objections, Prism objects to VeriSign's interrogatories, instructions, and definitions as follows. Prism hereby incorporates its definitions as set forth in its Revised First Set of Documents Requests to VeriSign.

A.    Prism objects to these interrogatories to the extent they impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, or the Orders of this Court. Prism does not consider itself bound by VeriSign's instructions and definitions.

636619v1

B.    Prism objects to these interrogatories as vague, overly broad, unduly burdensome to the extent that they request information not relevant to a claim or defense of any party, not reasonably calculated to lead to the discovery of admissible evidence, or as otherwise exceeding the scope of permissible discovery.

C.    Prism objects to these interrogatories to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.  No part of Prism's response constitutes a waiver of any privilege or immunity.

D.    Prism objects to these interrogatories to the extent they seek information that is not in its possession, custody, or control or that is publicly available or has already been provided to the Defendants.

E.    Prism objects to these interrogatories to the extent that they comprise sub-parts or compound questions and, therefore, exceed or may exceed the number of interrogatories permitted in this action.

F.    Prism objects to the definition of "Prism," and "YOU," and "YOUR" as overly broad to the extent those terms request information from legal entities not within the scope of this litigation or within the possession, custody, or control of Prism or not subject to Prism's legal recourse and/or otherwise outside the enforceable scope of the laws of the United States of America.

G.    Prism objects to these interrogatories to the extent they assume incorrect facts.

H.    Prism objects to these interrogatories as premature to the extent that they call for construction of the claims of the patent-in-suit and there has not yet been a

636619v1

2

determination of claim construction by the Court in this case. Therefore, Prism specifically reserves its right to change, modify, or otherwise supplement the claim constructions presently asserted.

       I.     Prism objects to these interrogatories on the grounds that discovery is ongoing and Prism has not completed its investigation of all facts relating to Defendants' infringement of the patent-in-suit or its formulation of its contentions with respect to such issues. Therefore, Prism specifically reserves its right to change, modify, or otherwise supplement its allegations based on discovery to be obtained from the Defendants or Prism's own investigation.

       J.     Prism objects to these interrogatories to the extent that they call for premature expert discovery.

       K.     To the extent not objected above, Prism incorporates by reference its objections to VeriSign's First Set of Document Requests.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

Prism incorporates by reference the General Objections (as reproduced above) and its specific objections asserted in its original response ("Original Response") to VeriSign's First Set of Interrogatories. Subject to and without waiving those objections, Prism supplements its responses as follows.

## INTERROGATORY NO. 2:

For each claim of the '416 patent that Plaintiff contends is infringed by VeriSign, identify each activity, product, device, part, or system manufactured, imported, used or sold by VeriSign that, according to Plaintiff, embodies, is covered by, makes use of, or otherwise practices any claim of the patent-in-suit and, with reference to Plaintiff's claim interpretation contentions provided in response to Interrogatory No. 1, state with particularity the basis for each of Plaintiff's contentions as to how each asserted claim of the patent-in-suit is infringed, either literally or under the doctrine of equivalents, directly (under 35 U.S.C. § 271(a)) or indirectly (under 35 U.S.C. § 271 (b) or § 271 (c)) by VeriSign.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:

**REDACTED**

636619v1                                              4

PUBLIC VERSION

REDACTED

October 24, 2005

THE BAYARD FIRM

Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899-5130
(302) 655-5000
ATTORNEYS FOR PLAINTIFF PRISM
TECHNOLOGIES LLC

OF COUNSEL:
Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C.  20006
(202) 775-0725

606362v1

## VERIFICATION

I hereby declare on the basis of knowledge and belief, or information otherwise provided and believed by me to be true and correct, under penalty of perjury under the laws of the United States of America, that the foregoing answers to these interrogatories are true and correct.

Executed on  October 24, 2005

Mr. Richard L. Gregg
Vice President and Chief Technology Officer
Prism Technologies LLC
14707 California Street
Suite 5
Omaha, Nebraska 68154-1952

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) Civil Action No. 05-214 JJF |
| | ) |
| VERISIGN, INC., RSA SECURITY, INC., | ) |
| NETEGRITY, INC., COMPUTER | ) |
| ASSOCIATES INTERNATIONAL, INC., | ) |
| and JOHNSON & JOHNSON SERVICES, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF SERVICE

PLEASE TAKE NOTICE that, on October 24, 2005, copies of 1) Prism Technologies

LLC's Objections and Responses to Defendant VeriSign's First Set of Requests for the

Production of Documents and Things (Nos. 1-40); and 2) Prism Technologies LLC's Objections

and Responses to Defendant VeriSign's First Set of Interrogatories (Nos. 1-10) were served as

shown:

**BY EMAIL AND BY HAND:**

Frederick L. Cottrell, III, Esq.
Alyssa M. Schwartz, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Patricia S. Rogowski, Esq.
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Ave., 17th Fl.
Wilmington, DE 19801

606309v1

**BY EMAIL AND U.S. MAIL:**

John DiMatteo, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

Jason Snyderman, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

David M. Schlitz
Baker Botts L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400

William Lee, Esq.
Wilmer Cutler Hale & Dorr LLP
60 State Street
Boston, MA 02109

Frank C. Cimino, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564

Samir A. Bhavsar
Jeffrey D. Baxter
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, TX 75201-2980

THE BAYARD FIRM

October 24, 2005

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com

ATTORNEYS FOR PLAINTIFF PRISM
TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 775-0725

606309v1