# EXHIBIT G

PUBLIC VERSION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC.,<br>NETEGRITY, INC., COMPUTER<br>ASSOCIATES INTERNATIONAL, INC., and<br>JOHNSON & JOHNSON SERVICES, INC.,<br><br>Defendants. | Civil Action No. CA 05-214 JJF<br>Jury Trial Demanded<br><br>Outside Counsel's Eyes Only<br>Pursuant to Local Rules |

### VERISIGN INC.'S RESPONSE TO PLAINTIFF'S REVISED FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant VeriSign, Inc. ("VeriSign") hereby responds to Plaintiff Prism Technologies, LLC's ("Prism") Revised First Set of Interrogatories.

### GENERAL OBJECTIONS

VeriSign asserts the following General Objections to the Revised Interrogatories:

1.    VeriSign objects to Plaintiff's Interrogatories to the extent that they call for information or the identification of documents neither relevant to the claims or defenses of any party nor subject matter involved in the pending action, and not reasonably calculated to lead to the discovery of admissible evidence.

2.    VeriSign objects to Plaintiff's Interrogatories to the extent they call for information subject to the attorney-client privilege, the work product doctrine, or both, or any other applicable privilege, protection, exemption, or immunity. Disclosure of any information

that is privileged or otherwise protected is inadvertent and shall not constitute waiver of any

claim of privilege, protection, exemption, or immunity. VeriSign will produce a privilege log of

any documents withheld from production, subject to the reservation that work product and

attorney-client privileged documents generated on a day-to-day basis after the filing date of the

instant action need not be identified on the privilege log.

       3.     VeriSign objects to the phrases "all," "every," "each," and "any" as used

throughout the Interrogatories as being overly broad and unduly burdensome.

       4.     VeriSign objects to Plaintiff's Interrogatories to the extent they seek proprietary or

confidential information. VeriSign will provide such information to Plaintiff only upon the entry

of an appropriate protective order.

       5.     VeriSign objects to Plaintiff's Interrogatories to the extent that they are overly

broad, unreasonably burdensome, or vague and ambiguous.

       6.     VeriSign objects to Plaintiff's Interrogatories to the extent they call for

information and/or documents not in the possession, custody or control of VeriSign.

       7.     VeriSign objects to Plaintiff's Interrogatories to the extent that they require any

search or investigation beyond that which is required by the Federal Rules of Civil Procedure,

the Local Rules of the United States District Court for the District of Delaware, or require any

other unreasonable search or investigation. In responding to the Interrogatories, VeriSign

conducts a reasonable search for its records kept in the ordinary course of business, where

information, documents, or other things responsive to this discovery are most likely to be found.

VeriSign has also sought information from those persons who are most likely to know of

documents or other things responsive to Plaintiff's discovery. To the extent Plaintiff's

Interrogatories ask for more, VeriSign objects because the discovery is overly broad, unduly

burdensome, and asks for information that is not likely to lead to the discovery of admissible evidence.

8.    VeriSign objects to Prism's numbering of the interrogatories to the extent Prism improperly asks more than one interrogatory without separately numbering them.

9.    VeriSign objects to Prism's interrogatories to the extent they seek VeriSign's contentions concerning infringement, validity, or claim construction before Prism has identified the claims it contends VeriSign infringes, the VeriSign products or services that allegedly infringe those claims, and the basis for those contentions, including Prism's claim interpretation contentions.

10.    VeriSign objects to Prism's Interrogatories to the extent they seek to obtain expert opinions prior to the period for expert discovery.

11.    VeriSign objects to Prism's definition of "intrinsic evidence" as being improperly limited to "all documents within the publicly available prosecution file for the '416 patent." "Intrinsic evidence" should be defined to include the issued '416 patent as well as all references disclosed in or cited to during prosecution of the '416 patent.

12.    VeriSign objects to Prism's definition of "extrinsic evidence" as improperly encompassing "all documents or testimony not found in the publicly available prosecution file for the '416 patent." "Extrinsic evidence" should simply be defined as "all documents and things that are not 'intrinsic evidence.'"

13.    VeriSign objects to Prism's Interrogatories as overly broad to the extent they seek information from before the date the '416 patent was issued on February 4, 2003.

14.    VeriSign objects to Prism's Interrogatories as not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek information regarding VeriSign's

"Go Secure" product ("Go Secure") as the patent claims that appear to be at issue in this case require a "hardware key" element. The Go Secure product does not include a "hardware key," and, presumably for this reason, Prism has not accused Go Secure of infringement (*See* Prism's Response to VeriSign's Interrogatory No. 2, served on October 24, 2005). Therefore, information relating to Go Secure is irrelevant to this case, and unlikely to lead to the discovery of admissible evidence.

15.    VeriSign objects to Prism's definition of "Identity and Access Management" ("IAM") as overly broad because the patent claims that appear to be at issue in this case require a "hardware key" element but Prism's definition does not appear to be limited in this respect.

These General Objections are incorporated by reference to the extent applicable into the specific responses set forth below and are neither waived nor limited by the specific responses. VeriSign's General Objections shall be continuing as to each Interrogatory, and are not waived, or in any way limited, by the specific objections. VeriSign's objections as set forth herein are based upon information presently known to VeriSign. VeriSign reserves the right: (a) to rely on any facts, documents or other evidence that may develop or subsequently come to its attention; (b) to assert additional objections or supplemental responses should VeriSign discover additional information or grounds for objections; and (c) to supplement or amend these responses at any time.

VeriSign's response to each discovery request is hereby made without waiver of, and intentional preservation of:

> (a)    all questions as to the competence, relevance, materiality, and admissibility as evidence for any purpose of the information or documents, or the subject matter thereof, in any aspect of this or any other court action or judicial or administrative proceeding or investigation;

(b)    the right to object on any ground to the use of any such information or documents, or the subject matter thereof, in any aspect of this or any other court action or judicial or administrative proceeding or investigation;

(c)    the right to object at any time for any further response to this or any other request for information or production of documents including all objections as to burdensomeness, vagueness, over breadth and ambiguity; and

(d)    the right at any time to supplement its response.

Identification or production of documents responsive to any discovery request should not be construed as:

(a)    an admission or stipulation that the documents or their content or subject matter are relevant;

(b)    a waiver by VeriSign of its General Objections or of the objections asserted in response to a specific request; or

(c)    an agreement that requests for similar information will be treated in a similar manner.

PUBLIC VERSION

REDACTED

Dated: October 27, 2005

*Of Counsel*

Edward F. Mannino
Jason A. Snyderman
AKIN GUMP STRAUSS HAUER & FELD LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103
Telephone: (215) 965-1200
Fax: (215) 965-1210


Frank C. Cimino
Jin-Suk Park
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564
Telephone: (202) 887-4000
Fax: (202) 887-4288

By: _Patricia S Rogowski_

Patricia Smink Rogowski
Delaware Bar ID 2632
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
PO Box 2207
Wilmington DE 19899
Telephone : (302) 658-9141
Fax: (302) 658-5614

*Attorneys for Defendant, VeriSign, Inc.*

## VERIFICATION

I, _____, am an authorized representative for VeriSign, Inc. in the matter of *Prism Technologies LLC v. VeriSign, Inc. et al.*, United States District Court, District of Delaware, Civil Action No. 05-214. I have read DEFENDANT VERISIGN, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF REVISED INTERROGATORIES. I am informed and believe that the matters stated in the foregoing document are true and to the best of my knowledge.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ____th day of October, 2005.

_____

16

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2005, a true and correct copy of the foregoing

VERISIGN, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF REVISED

INTERROGATORIES was caused to be served on the following by Hand or via Federal

Express:

Richard D. Kirk (by Hand)
The Bayard Firm
22 Delaware Avenue
Suite 900
Wilmington, DE 19899

Dirk D. Thomas (Federal Express)
Robins, Kaplan, Miller & Ciresi, LLP
1801 K Street, N.W.
Suite 1200
Washington, D.C. 20006-1307

Gregory P. Teran (Federal Express)
Wilmer Cutler Pickering Hale & Dorr LLP
60 State Street
Boston, MA 02109

David M. Schlitz (Federal Express)
Baker Botts LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2450

John DiMatteo (Federal Express)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

Frederick L. Cottrell, III (By Hand)
Richards Layton & Finger
One Rodney Square
920 North King Street,
Wilmington, DE 19801

Richard L. Horwitz (By Hand)
Potter Anderson & Corroon
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899.

Steven J. Balick (By Hand)
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899.

By: _Patricia S. Rogowski_

17

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRISM TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>VERISIGN, INC., RSA SECURITY, INC., NETEGRITY, INC., COMPUTER ASSOCIATES INTERNATIONAL, INC. and JOHNSON AND JOHNSON,<br><br>Defendants. | C.A. No. 05-214-JJF<br><br>JURY TRIAL DEMANDED |

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that on October 27, 2005, true and correct copies of **VERISIGN INC.'S RESPONSE TO PLAINTIFF'S REVISED FIRST SET OF INTERROGATORIES (NOS. 1-10)** and **VERISIGN INC.'S RESPONSE TO PLAINTIFF'S REVISED FIRST SET OF DOCUMENT REQUESTS (NOS. 1-32)** were served on the attorneys of record at the following addresses specified below:

Richard D. Kirk **(By Hand)**
The Bayard Firm
22 Delaware Avenue
Suite 900
Wilmington, DE 19899

Frederick L. Cottrell, III **(By Hand)**
Richards Layton & Finger
One Rodney Square
920 North King Street,
Wilmington, DE 19801

Richard L. Horwitz **(By Hand)**
Potter Anderson & Corroon
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899

Dirk D. Thomas **(Federal Express)**
Robins, Kaplan, Miller & Ciresi, LLP
1801 K Street, N.W.
Suite 1200
Washington, D.C. 20006-1307

David M. Schlitz **(Federal Express)**
Baker Botts LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2450

Gregory P. Teran **(Federal Express)**
Wilmer Cutler Pickering Hale & Dorr LLP
60 State Street
Boston, MA 02109

Steven J. Balick **(By Hand)**
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

John DiMatteo **(Federal Express)**
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

Dated: October 27, 2005

CONNOLLY BOVE LODGE & HUTZ LLP

*Of Counsel*

By: _Patricia S. Rogowski_ (signature)
Patricia Smink Rogowski

Edward F. Mannino
Jason A. Snyderman
AKIN GUMP STRAUSS HAUER & FELD LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103
Telephone: (215) 965-1200
Fax: (215) 965-1210

Delaware Bar ID 2632
The Nemours Building
1007 North Orange Street
PO Box 2207
Wilmington DE 19899
Telephone : (302) 658-9141
Fax: (302) 658-5614

*Attorneys for Defendant, VeriSign, Inc.*

Frank C. Cimino
Jin-Suk Park
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564
Telephone: (202) 887-4000
Fax: (202) 887-4288

2