# EXHIBIT M

# AKIN GUMP
## STRAUSS HAUER & FELD LLP
Attorneys at Law

DANIEL E. YONAN
202.887.4497/fax: 202.887.4288
dyonan@akingump.com

January 11, 2007

<u>Via E-Mail</u>

André J. Bahou, Esquire
Robins, Kaplan, Miller & Ciresi L.L.P.
1875 Eye Street, N.W.
Washington, DC 20006-5409

      Re:   *Prism Technologies LLC v. VeriSign, Inc., et al.*
              <u>Civil Action No. 1:05-CV-00214-JJF</u>

Dear Mr. Bahou:

      This letter responds to your December 22, 2006 correspondence alleging that VeriSign continues to "stonewall" the production of source code for its accused products (Unified Authentication, Go Secure and Identity Protection).

      Prism suggests VeriSign has acted in bad faith. However, the facts are at odds with your assertion. VeriSign has always taken your request for source code seriously and the record shows VeriSign has maintained a consistent position on it. We asked you to provide a specific explanation as to why the source code was needed, given you never sought it during fact discovery, and VeriSign has produced a vast number of detailed technical documents, software executable files and hardware. The rhetoric in your letter is baseless and VeriSign is offended by it. If source code is, as you state, the "single most important piece of discovery information," then why did you propose a stipulation against the use of source code and why did Prism wait until after the close of fact discovery – over 16 months after the case was filed – to seek it?

      You incorrectly state that Prism asked for and VeriSign indicated it would produce source code during fact discovery. There are no facts that support this assertion. To the extent Prism argues it requested source code in its first set of document requests, VeriSign long ago objected to the scope of that request, and stated it would only produce documents relating to the accused products. *See* 9/20/05 Prism Revised First Set of Doc. Reqs. at No. 1; 10/27/05 VeriSign Res. to Prism Doc. Reqs. at No. 1. VeriSign never agreed to produce source code and your attempt to say our agreement to produce documents is an agreement to produce source code is disingenuous.

      Your current position also contradicts your April 24, 2006 letter following up on a number of alleged deficiencies in VeriSign's production, and the very same document request that Prism alleges sought the production of source code. *See* 4/24/06 ltr. from AJB to DEY. That

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

André J. Bahou, Esquire
January 11, 2006
Page 2

letter never mentioned source code, and instead complained only that VeriSign had not produced the accused software and hardware. *Id.* VeriSign agreed to produce one copy of each of its accused products, *see* 5/11/06 ltr. from DEY to AJB, and indeed complied and produced these items along with over 1.6 million pages of documents.

The first time Prism requested source code was on August 31, 2006 — weeks after the completion of non-deposition fact discovery, which the Court ordered the parties to complete by August 11, 2006. *See* 8/31/06 ltr. from AJB to DEY. In view of the burden associated with Prism's late request, VeriSign refused to conduct discovery outside of the Court's order until Prism explained why it waited so long to seek source code. *See* 9/26/05 ltr. from DEY to AJB. Prism refused to provide any explanation as to why it waited so long to request the code. Rather than seeking the Court's assistance with the issue at that time, Prism attempted to enter a stipulation with VeriSign that neither party would use source code in this action. *See* 9/29/06 ltr. from AJB to DEY. *Id.*

In order to consider the stipulation issue, VeriSign requested that Prism explain why it needed source code. *See* 10/23/06 ltr. from DEY to AJB. Prism ignored this request and instead simply threatened a motion, but never filed one. 11/07/06 ltr. from AJB to DEY. In response, VeriSign again requested that Prism provide its rational for seeking the source code and why it was not cumulative to everything produced to date. 11/28/06 ltr. from DEY to AJB.

In your most recent letter, Prism purports to provide this explanation. *See* 12/22/06 ltr. from AJB to DEY. With regard to VeriSign's Unified Authentication and Identity Protection products, Prism blindly requested the source code from 13 different software modules in order to try and prove 10 claim elements. However, Prism did not make any effort to provide specific claim elements it believed it needed source code for. Rather, you broadly requested everything. You did not even suggest which modules you need for which claim elements. It is too late in the case for you to begin such a broad fishing expedition at VeriSign's expense. If you do not have enough information to satisfy those 10 claim elements, then you have no basis to maintain this suit, and it is sanctionable for you to continue to your case against VeriSign.

Moreover, VeriSign's source code will not assist you with many of the claim elements because VeriSign's source code does not provide in any way the functionality required to meet the claims. For example, VeriSign's code will not permit you to determine "what module selectively requests that the client computer confirm its identity data" — a server function in the claims — because VeriSign does not provide any module that does this. Similarly, VeriSign does not provide modules that provide access rights or authorization levels, so Prism's request for

AKIN GUMP
STRAUSS HAUER & FELD L.L.P.
Attorneys at Law

André J. Bahou, Esquire
January 11, 2006
Page 3

source code for those reasons is frivolous. Other requests, like those seeking "how the identity data of the client [and server] is forwarded" do not even appear to be tied to any requirement of the claims.

We have already given you multiple depositions and over 1.6 million pages of technical user, administrator, installation, configuration and integration guides, specification and data sheets, product manuals and other highly confidential technical design and architecture documents that detail the operation and function of our products. VeriSign will not build your case for you nor will it allow Prism to embark on an unfettered fishing expedition almost 4 months before trial.

With regard to any Go Secure source code, we simply cannot understand how this information is reasonably calculated to lead to the discovery of any evidence, admissible or not. Each asserted claim requires a connected hardware key (which is confirmed by your contentions), and since this lawsuit began nearly two years ago, you have failed to identify a single VeriSign customer who is using Go Secure in the manner you contend. In fact, VeriSign is without knowledge of any customers of the Go Secure products you have accused that use a smart card. You have discovered no contrary information. Thus, this part of your case is over and source code for Go Secure is unwarranted. We demand you drop your Go Secure allegations in writing immediately. See *Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1241, 1245-48 (Fed. Cir. 2003) (sanctions awarded where patentee continued to litigate its case knowing that its claim for infringement could not be met); *Eltech Systems Corp. v. PPG Industries, Inc.*, 903 F.2d 805, 810-11 (Fed. Cir. 1990) (inference of bad faith is proper when the patentee is unreasonable in continuing to assert infringement); *Catanzaro v. Masco Corp.*, 423 F. Supp. 415, 444 (D. Del. 1976) ("[i]t is, of course, well settled that a successful defendant may be awarded attorneys' fees if he can demonstrate that the litigation was either brought or maintained in bad faith[,] that is, with actual knowledge that the claim lacked merit.").

It is clear to VeriSign that if source code was a vital issue to proving your case, Prism would have also followed-up on its production long ago, in addition to the production of source code from any of the remaining Defendants, who each have not produced their code either. Because Prism has not, and because it failed to provide us with a focused and reasonable request for further discovery outside the Court's deadline, we are forced to believe your final attempt is nothing more than a harassing effort to reopen discovery solely against VeriSign.

If you have a more narrow and reasonable request for VeriSign to consider, we would be happy to do so.

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

André J. Bahou, Esquire
January 11, 2006
Page 4

Very truly yours,

Daniel E. Yonan