# EXHIBIT T

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW

SUITE 1200
1801 K STREET, N.W.
WASHINGTON, D.C. 20006-1307
TEL: 202-775-0725 FAX: 202-223-8604
www.rkmc.com

DIRK D. THOMAS
(202) 736-2630

September 12, 2006

**VIA E-MAIL**

Jason Snyderman, Esquire
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103

Gregory P. Teran, Esquire
Wilmer Cutler Pickering Hale & Dorr LLP
60 State Street
Boston, MA 02109

Jeffrey D. Baxter, Esquire
Baker Botts LLP
2001 Ross Avenue
Dallas, TX 75201

Daniel E. Yonan, Esquire
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue. N.W.
Washington, D.C. 20036-1564

David M. Schlitz, Esquire
Baker Botts LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2450

Re: *Prism Technologies LLC v. VeriSign, Inc., et al.*
Civil Action No. 1:05-cv-00214-JJF

Dear Messrs. Snyderman, Yonan, Teran, Schlitz, and Baxter:

Pursuant to Fed. R. Civ. P. 26(e)(2), Prism hereby provides the following supplement to its prior responses to interrogatories seeking Prism's contentions as to infringement.

To the extent not otherwise expressly or implicitly alleged, Prism hereby notifies defendants RSA, CA/Netegrity, and VeriSign that it does and will contend that each of the products and/or services that Prism has accused of infringement in this matter by way of inducement under 35 U.S.C. § 271(b) is also being accused of contributory infringement under 35 U.S.C. § 271(c). More specifically, the fact that the various accused products might have use with hardware tokens that are not connected to or built into the subscriber client computer does not provide those accused products with a safe harbor under 35 U.S.C. § 271(c)'s "staple article or commodity of commerce" clause. Your clients promote their respective accused products for use with connected hardware tokens or keys in a manner that, when used as intended and as

Counsel for RSA, CA/Netegrity & VeriSign
September 12, 2006
Page 2

promoted by your clients, results in direct infringement of the asserted claims of the '416 patent-in-suit. Such knowledge and promotion of a use of the accused products to directly infringe the asserted claims of the '416 patent results in liability for contributory infringement. *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 125 S. Ct. 2764, 162 L.Ed.2d 781 (2005).

                          Very truly yours,

                          ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

                          Dirk D. Thomas

DDT/cg

cc:    Neal Feivelson, Esq. (via e-mail)
       Steven J. Balick, Esq. (via e-mail)
       Robert A. Auchter, Esq. (via e-mail)
       Leslie Spencer, Esq. (via e-mail)

DC1 45688458.1