# Exhibit 2

PUBLIC VERSION

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC

        Plaintiff,

    v.

VERISIGN, INC., RSA SECURITY, INC.,
NETEGRITY, INC., COMPUTER
ASSOCIATES INTERNATIONAL, INC.,
and JOHNSON & JOHNSON SERVICES,
INC.,

        Defendants.

Civil Action No. CA 05-214 JJF

**CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER**

### PLAINTIFF PRISM TECHNOLOGIES LLC'S
### RESPONSE TO DEFENDANT VERISIGN, INC.'S
### FOURTH SET OF INTERROGATORIES (NOS. 16-21)

    Plaintiff Prism Technologies LLC ("Prism") provides the following responses and objections to VeriSign, Inc.'s ("VeriSign") Fourth Set of Interrogatories. Prism will supplement these responses as required by the Federal Rules of Civil Procedure and the Local Rules and Orders of this Court.

### GENERAL OBJECTIONS

    For its General Objections, Prism objects to VeriSign's interrogatories, instructions and definitions as follows. Prism hereby incorporates its definitions as set forth in its Revised First Set of Document Requests to VeriSign.

    A.    Prism objects to these interrogatories to the extent they impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, or the Orders

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

of this Court. Prism does not consider itself bound by VeriSign's instructions and definitions.

B.      Prism objects to these interrogatories as vague, overly broad, unduly burdensome to the extent that they request information not relevant to a claim or defense of any party, not reasonably calculated to lead to the discovery of admissible evidence, or as otherwise exceeding the scope of permissible discovery.

C.      Prism objects to these interrogatories to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. No part of Prism's response constitutes a waiver of any privilege or immunity.

D.      Prism objects to these interrogatories to the extent they seek information that is not in its possession, custody or control or that is publicly available or has already been provided to the Defendants.

E.      Prism objects to these interrogatories to the extent that they comprise sub-parts or compound questions and, therefore, exceed or may exceed the number of interrogatories permitted in this action.

F.      Prism objects to the definition of "Prism," "YOU," and "YOUR" as overly broad to the extent those terms request information from legal entities not within the scope of this litigation or within the possession, custody or control of Prism or not subject to Prism's legal recourse and/or otherwise outside the enforceable scope of the laws of the United States of America.

G.      Prism objects to these interrogatories to the extent they assume incorrect facts.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

H.     Prism objects to these interrogatories as premature to the extent that they call for construction of the claims of the patent-in-suit and there has not yet been a determination of claim construction by the Court in this case.   Therefore, Prism specifically reserves its right to change, modify, or otherwise supplement the claim constructions presently asserted.

I.     Prism objects to these interrogatories on the grounds that discovery is ongoing and Prism has not completed its investigation of all facts relating to Defendants' infringement of the patent-in-suit or its formulation of its contentions with respect to such issues.   Therefore, Prism specifically reserves its right to change, modify, or otherwise supplement its allegations based on discovery to be obtained from the Defendants or its own investigation.

J.     Prism objects to these interrogatories to the extent that they call for premature expert discovery.

K.     To the extent not objected above, Prism incorporates by reference its objections to VeriSign's First Set of Document Requests.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 16:

For the patent-in-suit, describe the level of ordinary skill in the art which you contend is applicable under 35 U.S.C. §§ 103 and 112, including the date at which you contend the level of ordinary skill in the art is to be measured.

### RESPONSE TO INTERROGATORY NO. 16:

Prism incorporates its general objections, and specifically its General Objections A, D, H,  and J.  Subject to and without waiving these objections, Prism responds as follows.   A person of ordinary skill in the art pertaining to the '416 patent in 1996-97 would be either a person with an undergraduate degree in computer science, computer

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER                    PUBLIC VERSION

engineering, or one who has attained the equivalent specialized training of five (5) years

in the field of software engineering.

**INTERROGATORY NO. 17:**

Identify each expert and consultant who has been retained to testify, consult with
or to provide information to Prism or its attorneys relating to the claims asserted in this
litigation.

**RESPONSE TO INTERROGATORY NO. 17:**

Prism incorporates its general objections, and specifically its General Objections

A, B, C, D, I, and J. Subject to and without waiving these objections, Prism responds as

follows. Prism has already identified Dr. Michael I. Shamos to all Defendants on June 5,

2006. Prism expects to retain at least one damages expert to testify. Prism will notify all

Defendants pursuant to the Federal Rule of Civil Procedure 26, the Local Rules, or as is

consistent with the Court's schedule for expert discovery regarding any additional expert

who is expected to testify. To the extent that Prism or its attorneys have retained other

experts or consultants that will not testify, those individual's identities are work product

and are privileged.

**REDACTED**

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER          PUBLIC VERSION

**REDACTED**

August 11, 2006                                THE BAYARD FIRM

                                               /s/ Richard D. Kirk (rk0922)
                                               Richard D. Kirk (rk0922)
                                               Ashley B. Stitzer (as3891)
                                               222 Delaware Avenue, Suite 900
                                               Wilmington, Delaware 19899
                                               (302) 655-5000
                                               rkirk@bayardfirm.com
                                               ATTORNEYS FOR PLAINTIFF
                                               PRISM TECHNOLOGIES LLC

OF COUNSEL:
Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 775-0725

632799v1                          7

## VERIFICATION

    I hereby declare on the basis of knowledge and belief, or information otherwise provided and believed by me to be true and correct, under penalty of perjury under the laws of the United States of America, that the foregoing answers to these interrogatories are true and correct.

Executed on   *8/11*  , 2006

                        *Richard L. Gregg*

Mr. Richard L. Gregg
Vice President and Chief Technology Officer
Prism Technologies LLC
14707 California Street
Suite 5
Omaha, Nebraska 68154-1952

DCI 45686258.1

# Exhibit 3

PUBLIC VERSION

**CONFIDENTIAL**
Outside Attorneys' Eyes Only
Pursuant to Local Rule 26.2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC

        Plaintiff,

        v.

VERISIGN, INC., RSA SECURITY, INC.,
NETEGRITY, INC., COMPUTER
ASSOCIATES INTERNATIONAL, INC.,
and JOHNSON & JOHNSON SERVICES,
INC.,

        Defendants.

Civil Action No. CA 05-214 JJF

### PLAINTIFF PRISM TECHNOLOGIES LLC'S
### FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
### DEFENDANT VERISIGN, INC.'S FIRST SET OF INTERROGATORIES (No. 2)

Plaintiff Prism Technologies LLC ("Prism") hereby supplements its objections and responses to VeriSign, Inc.'s ("VeriSign") First Set of Interrogatories.

### GENERAL OBJECTIONS

For its General Objections, Prism objects to VeriSign's interrogatories, instructions, and definitions as follows. Prism hereby incorporates its definitions as set forth in its Revised First Set of Documents Requests to VeriSign.

A.      Prism objects to these interrogatories to the extent they impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, or the Orders of this Court. Prism does not consider itself bound by VeriSign's instructions and definitions.

B.      Prism objects to these interrogatories as vague, overly broad, unduly burdensome to the extent that they request information not relevant to a claim or defense of any party, not reasonably calculated to lead to the discovery of admissible evidence, or as otherwise exceeding the scope of permissible discovery.

C.      Prism objects to these interrogatories to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.  No part of Prism's response constitutes a waiver of any privilege or immunity.

D.      Prism objects to these interrogatories to the extent they seek information that is not in its possession, custody, or control or that is publicly available or has already been provided to the Defendants.

E.      Prism objects to these interrogatories to the extent that they comprise sub-parts or compound questions and, therefore, exceed or may exceed the number of interrogatories permitted in this action.

F.      Prism objects to the definition of "Prism," and "YOU," and "YOUR" as overly broad to the extent those terms request information from legal entities not within the scope of this litigation or within the possession, custody, or control of Prism or not subject to Prism's legal recourse and/or otherwise outside the enforceable scope of the laws of the United States of America.

G.      Prism objects to these interrogatories to the extent they assume incorrect facts.

H.      Prism objects to these interrogatories as premature to the extent that they call for construction of the claims of the patent-in-suit and there has not yet been a determination of

623092v1
DC1 45681343.2

- 2 -

PUBLIC VERSION

claim construction by the Court in this case. Therefore, Prism specifically reserves its right to change, modify, or otherwise supplement the claim constructions presently asserted.

I.    Prism objects to these interrogatories on the grounds that discovery has just begun and Prism has not completed its investigation of all facts relating to Defendants' infringement of the patent-in-suit or its formulation of its contentions with respect to such issues. Therefore, Prism specifically reserves its right to change, modify, or otherwise supplement its allegations based on discovery to be obtained from the Defendants or Prism's own investigation.

J.    Prism objects to these interrogatories to the extent that they call for premature expert discovery.

K.    To the extent not objected above, Prism incorporates by reference its objections to VeriSign's First Set of Document Requests.

### SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

Prism incorporates by reference the General Objections (as reproduced above) and its specific objections asserted in its original response ("Original Response") to VeriSign's First Set of Interrogatories. Subject to and without waiving those objections, Prism supplements its responses as follows.

### INTERROGATORY NO. 2:

**REDACTED**

PUBLIC VERSION

As to objections

THE BAYARD FIRM

Dated: April 14, 2006                    By:    /s/ Richard D. Kirk (rk0922)
                                                 Richard D. Kirk
                                                 222 Delaware Avenue, Suite 900
                                                 Wilmington, Delaware 19899-5130
                                                 (302) 655-5000

                                                 ATTORNEYS FOR PLAINTIFF PRISM
                                                 TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Aziz Burgy, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C.  20006
(202) 775-0725

## <u>VERIFICATION</u>

I hereby declare on the basis of knowledge and belief, or information otherwise provided and believed by me to be true and correct, under penalty of perjury under the laws of the United States of America, that the foregoing answers to these interrogatories are true and correct.

Executed on  April 6, 2006

Mr. Richard L. Gregg
Vice President and Chief Technology Officer
Prism Technologies LLC
14707 California Street
Suite 5
Omaha, Nebraska 68154-1952

DC1 45681343.1

# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC

        Plaintiff,

      v.

VERISIGN, INC., RSA SECURITY, INC.,
NETEGRITY, INC., COMPUTER
ASSOCIATES INTERNATIONAL, INC.,
and JOHNSON & JOHNSON SERVICES,
INC.,

        Defendants.

Civil Action No. CA 05-214 JJF

**PLAINTIFF PRISM TECHNOLOGIES LLC'S
RESPONSE TO DEFENDANT VERISIGN, INC.'S
SECOND SET OF INTERROGATORIES (NOS. 11-13)**

      Plaintiff Prism Technologies LLC ("Prism") provides the following responses and

objections to VeriSign, Inc.'s ("VeriSign") Second Set of Interrogatories.  Prism will supplement

these responses as required by the Federal Rules of Civil Procedure and the Local Rules and

Orders of this Court.

618663v1

## GENERAL OBJECTIONS

For its General Objections, Prism objects to VeriSign's interrogatories, instructions and definitions as follows. Prism hereby incorporates its definitions as set forth in its Revised First Set of Document Requests to VeriSign.

A.    Prism objects to these interrogatories to the extent they impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, or the Orders of this Court. Prism does not consider itself bound by VeriSign's instructions and definitions.

B.    Prism objects to these interrogatories as vague, overly broad, unduly burdensome to the extent that they request information not relevant to a claim or defense of any party, not reasonably calculated to lead to the discovery of admissible evidence, or as otherwise exceeding the scope of permissible discovery.

C.    Prism objects to these interrogatories to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. No part of Prism's response constitutes a waiver of any privilege or immunity.

D.    Prism objects to these interrogatories to the extent they seek information that is not in its possession, custody or control or that is publicly available or has already been provided to the Defendants.

E.    Prism objects to these interrogatories to the extent that they comprise sub-parts or compound questions and, therefore, exceed or may exceed the number of interrogatories permitted in this action.

618663v1

- 2 -

F.      Prism objects to the definition of "Prism," "YOU," and "YOUR" as overly broad to the extent those terms request information from legal entities not within the scope of this litigation or within the possession, custody or control of Prism or not subject to Prism's legal recourse and/or otherwise outside the enforceable scope of the laws of the United States of America.

G.      Prism objects to these interrogatories to the extent they assume incorrect facts.

H.      Prism objects to these interrogatories as premature to the extent that they call for construction of the claims of the patent-in-suit and there has not yet been a determination of claim construction by the Court in this case.  Therefore, Prism specifically reserves its right to change, modify, or otherwise supplement the claim constructions presently asserted.

I.      Prism objects to these interrogatories on the grounds that discovery has just begun and Prism has not completed its investigation of all facts relating to Defendants' infringement of the patent-in-suit or its formulation of its contentions with respect to such issues.  Therefore, Prism specifically reserves its right to change, modify, or otherwise supplement its allegations based on discovery to be obtained from the Defendants or its own investigation.

J.      Prism objects to these interrogatories to the extent that they call for premature expert discovery.

K.      To the extent not objected above, Prism incorporates by reference its objections to VeriSign's First Set of Document Requests.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 11:

Identify everyone that has actually implemented the VeriSign Unified Authentication solution in the manner you alleged, as described in the chart supporting Prism's Response to VeriSign's Interrogatory No. 2, served on October 24, 2005, and the basis for Prism's belief.

618663v1

**RESPONSE TO INTERROGATORY NO. 11:**

Prism incorporates its general objections, its objections stated in response to VeriSign's Interrogatory No. 2, and specifically its General Objections A, C, D, F, H, I, J, and K. Prism objects to this interrogatory as a premature contention interrogatory to the extent that it requires premature claim construction. Prism further objects to this Interrogatory seeking "everyone" as overly broad, unduly burdensome, and vexatious. Prism reserves the right to change, modify, or otherwise supplement its current contentions, including identifying additional products and/or services offered by VeriSign that infringe one or more claims of the '416 patent.

To the extent Prism has conducted any investigation regarding VeriSign's products, those investigations are privileged and/or constitute work product. Further, to the extent that any other non-privileged investigation regarding VeriSign's products exists, those documents will be produced. Subject to and without waiving these objections, Prism responds as follows.

Based on publicly available documents, at least U.S. Bancorp and Bank of America have used VeriSign's Unified Authentication service, VeriSign's smartcards, and/or security tokens in an infringing manner. Pursuant to Fed. R. Civ. Pro. 33(d), Prism states that at least a portion of the information sought is contained within Prism's document production and the burden of extracting the requested information is substantially equal for VeriSign as it is for Prism.

**INTERROGATORY NO. 12:**

Identify and describe any investigation of VeriSign's customers that was performed prior to the filing of this suit.

**RESPONSE TO INTERROGATORY NO. 12:**

Prism incorporates its general objections, and specifically its General Objections A, C, D, F, H, I, J, and K. Prism objects to this interrogatory as a premature contention interrogatory to the extent that it requires premature claim construction. Prism further objects to this

618863v1

- 4 -

Interrogatory as overly broad, unduly burdensome, and not relevant to the claim or defense of the parties to the extent it seeks "any investigation" of VeriSign's customers. Even further still, Prism objects to the extent that this Interrogatory requests information regarding VeriSign's customers, which information is in the sole possession, custody, or control of VeriSign. Prism reserves the right to change, modify, or otherwise supplement its current contentions, including identifying additional products and/or services offered by VeriSign that infringe one or more claims of the '416 patent.

To the extent Prism has conducted any investigation of VeriSign's customers, those investigations are privileged and/or constitute work product. Further, to the extent that any other non-privileged investigation regarding VeriSign's customers exists, those documents will be produced. Subject to and without waiving these objections, Prism responds as follows.

Based on publicly available documents, at least U.S. Bancorp and Bank of America have used VeriSign's Unified Authentication service, VeriSign's smartcards, and/or security tokens in an infringing manner. Pursuant to Fed. R. Civ. Pro. 33(d), Prism states that at least a portion of the information sought is contained within Prism's document production and the burden of extracting the requested information is substantially equal for VeriSign as it is for Prism.

**INTERROGATORY NO. 13:**

For each of the following claim terms (from claims 1 and/or 24), provide what Prism contends is the plain and ordinary meaning of each term and separately identify the basis for Prism's meaning, citing to supporting evidence:

- subscriber
- subscriber client computer
- first serve computer
- operating session
- at the beginning of an operating session
- hardware key
- connected

- digital identification
- selectively request
- confirm
- responsive to
- identity data
- part of said identity data
- being adapted
- authenticate

618663v1

- 5 -

- generate
- predetermined

- permit access
- associated with

**RESPONSE TO INTERROGATORY NO. 13:**

     Prism incorporates its general objections, and specifically its General Objections A, C, D,

E, F, H, I, J, and K. Prism objects to this interrogatory as a premature contention interrogatory.

Prism objects to this Interrogatory as premature to the extent that it calls for construction of the

claims of the patent-in-suit and there has not yet been a determination of claim construction by

the Court in this case. Prism specifically reserves the right to change, modify, or otherwise

supplement its current contentions.

                           THE BAYARD FIRM

February 24, 2006

                           _/s/ Richard D. Kirk_
                           Richard D. Kirk (rk0922)
                           222 Delaware Avenue, Suite 900
                           Wilmington, Delaware 19899-5130
                           (302) 655-5000
                           rkirk@bayardfirm.com
                           ATTORNEYS FOR PLAINTIFF,
                           PRISM TECHNOLOGIES LLC

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 775-0725

## VERIFICATION

I hereby declare on the basis of knowledge and belief, or information otherwise provided and believed by me to be true and correct, under penalty of perjury under the laws of the United States of America, that the foregoing answers to these interrogatories are true and correct.

Executed on  February 23 2006

_Richard L Gregg_

Mr. Richard L. Gregg
Vice President and Chief Technology Officer
Prism Technologies LLC
14707 California Street
Suite 5
Omaha, Nebraska 68154-1952

DCI 45681008.1

# Exhibit 5

PUBLIC VERSION

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC
    Plaintiff,

    v.

VERISIGN, INC., RSA SECURITY, INC.,
NETEGRITY, INC., COMPUTER
ASSOCIATES INTERNATIONAL, INC.,
and JOHNSON & JOHNSON SERVICES,
INC.,
    Defendants.

Civil Action No. CA 05-214 JJF

### PLAINTIFF PRISM TECHNOLOGIES LLC'S
### RESPONSE TO DEFENDANT VERISIGN, INC.'S
### THIRD SET OF INTERROGATORIES (NOS. 14-15)

Plaintiff Prism Technologies LLC ("Prism") provides the following responses and objections to VeriSign, Inc.'s ("VeriSign") Third Set of Interrogatories. Prism will supplement these responses as required by the Federal Rules of Civil Procedure and the Local Rules and Orders of this Court.

### GENERAL OBJECTIONS

For its General Objections, Prism objects to VeriSign's interrogatories, instructions and definitions as follows. Prism hereby incorporates its definitions as set forth in its Revised First Set of Document Requests to VeriSign.

A.    Prism objects to these interrogatories to the extent they impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, or the Orders of this Court. Prism does not consider itself bound by VeriSign's instructions and definitions.

B.    Prism objects to these interrogatories as vague, overly broad, unduly burdensome to the extent that they request information not relevant to a claim or defense of any party, not

625047v1

reasonably calculated to lead to the discovery of admissible evidence, or as otherwise exceeding the scope of permissible discovery.

C.    Prism objects to these interrogatories to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. No part of Prism's response constitutes a waiver of any privilege or immunity.

D.    Prism objects to these interrogatories to the extent they seek information that is not in its possession, custody or control or that is publicly available or has already been provided to the Defendants.

E.    Prism objects to these interrogatories to the extent that they comprise sub-parts or compound questions and, therefore, exceed or may exceed the number of interrogatories permitted in this action.

F.    Prism objects to the definition of "Prism," "YOU," and "YOUR" as overly broad to the extent those terms request information from legal entities not within the scope of this litigation or within the possession, custody or control of Prism or not subject to Prism's legal recourse and/or otherwise outside the enforceable scope of the laws of the United States of America.

G.    Prism objects to these interrogatories to the extent they assume incorrect facts.

H.    Prism objects to these interrogatories as premature to the extent that they call for construction of the claims of the patent-in-suit and there has not yet been a determination of claim construction by the Court in this case. Therefore, Prism specifically reserves its right to change, modify, or otherwise supplement the claim constructions presently asserted.

I.      Prism objects to these interrogatories on the grounds that discovery has just begun and Prism has not completed its investigation of all facts relating to Defendants' infringement of the patent-in-suit or its formulation of its contentions with respect to such issues. Therefore, Prism specifically reserves its right to change, modify, or otherwise supplement its allegations based on discovery to be obtained from the Defendants or its own investigation.

J.      Prism objects to these interrogatories to the extent that they call for premature expert discovery.

K.      To the extent not objected above, Prism incorporates by reference its objections to VeriSign's First Set of Document Requests.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 14:

As described in the chart supporting Prism's Supplemental Response to VeriSign's Interrogatory No. 2, served on April 6, 2006, identify:

    (a)    all entities that have actually implemented the VeriSign "solution" in the manner you allege;

    (b)    the individuals at Prism most knowledgeable about each of these implementations;

    (c)    when Prism first became knowledgeable about each of these implementations; and

    (d)    the circumstances surrounding how Prism first became knowledgeable about each implementation.

### RESPONSE TO INTERROGATORY NO. 14:

Prism incorporates its general objections, its objections stated in response to VeriSign's Interrogatory No. 2, and specifically its General Objections A, C, D, E, H, I, J, and K. Prism objects to this interrogatory as a premature contention interrogatory to the extent that it requires premature claim construction. Prism further objects to this Interrogatory seeking "all entities" as overly broad, unduly burdensome, and vexatious. Prism reserves the right to change, modify, or

PUBLIC VERSION

otherwise supplement its current contentions, including identifying additional products and/or services offered by VeriSign that infringe one or more claims of the '416 patent.

To the extent Prism has conducted any investigation regarding VeriSign's products, those investigations are privileged and/or constitute work product. Further, to the extent that any other non-privileged investigation regarding VeriSign's products exists, those documents will be produced. Subject to and without waiving these objections, Prism responds as follows.

Prism believes that at least U.S. Bancorp has used USB tokens with VeriSign's Unified Authentication service, that at least Barclay's Bank has used Smart Cards with VeriSign's Go Secure Solution, and that at least PayPal has used mass-storage and trusted flash devices with VeriSign's Identity Protection Solution. Richard L. Gregg and Gerald C. Korth are the individuals at Prism most knowledgeable about each of the implementations referenced above. Prism became aware of U.S. Bancorp's implementation of Unified Authentication through Mr. Gregg's and Mr. Korth's research and review of press releases as early as October 27, 2004. Likewise, Prism became aware of Barclay's Bank's implementation of Go Secure! through Mr. Gregg's telephone conversation with Mr. Bart Colita as early as February 18, 2005. Lastly, Prism became aware of PayPal's implementation of Identity Protection as early as February 13, 2006.

**INTERROGATORY NO. 15:**


**REDACTED**

PUBLIC VERSION

<u>RESPONSE TO INTERROGATORY NO. 15:</u>

REDACTED

THE BAYARD FIRM

Dated: June 16, 2006                    By:/s/ Richard D. Kirk (rk0922)
                                            Richard D. Kirk
                                            222 Delaware Avenue, Suite 900
                                            P.O. Box 25130
                                            Wilmington, Delaware 19899-5130
                                            (302) 655-5000
                                            rkirk@bayardfirm.com
                                            ATTORNEYS FOR PLAINTIFF PRISM
                                            TECHNOLOGIES LLC

OF COUNSEL:
Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Aziz Burgy, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 775-0725

628047v1

## VERIFICATION

I hereby declare on the basis of knowledge and belief, or information otherwise provided and believed by me to be true and correct, under penalty of perjury under the laws of the United States of America, that the foregoing answers to these interrogatories are true and correct.

Executed on June _15_ 2006

Mr. Richard L. Gregg
Vice President and Chief Technology Officer
Prism Technologies LLC
14707 California Street
Suite 5
Omaha, Nebraska 68154-1952

DC1 456849152