# Exhibit 6

PUBLIC VERSION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC

Plaintiff,

v.

VERISIGN, INC., RSA SECURITY, INC.,
NETEGRITY, INC., COMPUTER
ASSOCIATES INTERNATIONAL, INC.,
and JOHNSON & JOHNSON SERVICES,
INC.,

Defendants.

Civil Action No. 05-214 JJF

CONFIDENTIAL
Outside Attorneys' Eyes Only
Pursuant to Local Rule 26.2

**PLAINTIFF PRISM TECHNOLOGIES LLC'S
SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
DEFENDANT VERISIGN, INC.'S FIRST SET OF INTERROGATORIES (No. 2)**

Plaintiff Prism Technologies LLC ("Prism") hereby supplements its objections
and responses to VeriSign, Inc.'s ("VeriSign") First Set of Interrogatories.

### GENERAL OBJECTIONS

For its General Objections, Prism objects to VeriSign's interrogatories,
instructions, and definitions as follows.  Prism hereby incorporates its definitions as set
forth in its Revised First Set of Documents Requests to VeriSign.

A.    Prism objects to these interrogatories to the extent they impose obligations
or requirements beyond those imposed by the Federal Rules of Civil Procedure and the
Local Rules of the United States District Court for the District of Delaware, or the Orders
of this Court.  Prism does not consider itself bound by VeriSign's instructions and
definitions.

636619v1

B.     Prism objects to these interrogatories as vague, overly broad, unduly burdensome to the extent that they request information not relevant to a claim or defense of any party, not reasonably calculated to lead to the discovery of admissible evidence, or as otherwise exceeding the scope of permissible discovery.

C.     Prism objects to these interrogatories to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.  No part of Prism's response constitutes a waiver of any privilege or immunity.

D.     Prism objects to these interrogatories to the extent they seek information that is not in its possession, custody, or control or that is publicly available or has already been provided to the Defendants.

E.     Prism objects to these interrogatories to the extent that they comprise sub-parts or compound questions and, therefore, exceed or may exceed the number of interrogatories permitted in this action.

F.     Prism objects to the definition of "Prism," and "YOU," and "YOUR" as overly broad to the extent those terms request information from legal entities not within the scope of this litigation or within the possession, custody, or control of Prism or not subject to Prism's legal recourse and/or otherwise outside the enforceable scope of the laws of the United States of America.

G.     Prism objects to these interrogatories to the extent they assume incorrect facts.

H.     Prism objects to these interrogatories as premature to the extent that they call for construction of the claims of the patent-in-suit and there has not yet been a

determination of claim construction by the Court in this case.  Therefore, Prism specifically reserves its right to change, modify, or otherwise supplement the claim constructions presently asserted.

I.      Prism objects to these interrogatories on the grounds that discovery is ongoing and Prism has not completed its investigation of all facts relating to Defendants' infringement of the patent-in-suit or its formulation of its contentions with respect to such issues.  Therefore, Prism specifically reserves its right to change, modify, or otherwise supplement its allegations based on discovery to be obtained from the Defendants or Prism's own investigation.

J.      Prism objects to these interrogatories to the extent that they call for premature expert discovery.

K.      To the extent not objected above, Prism incorporates by reference its objections to VeriSign's First Set of Document Requests.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

Prism incorporates by reference the General Objections (as reproduced above) and its specific objections asserted in its original response ("Original Response") to VeriSign's First Set of Interrogatories.  Subject to and without waiving those objections, Prism supplements its responses as follows.

PUBLIC VERSION

**INTERROGATORY NO. 2:**

**REDACTED**

**PUBLIC VERSION**

**REDACTED**

September 20, 2006                          THE BAYARD FIRM


                                           /s/ Richard D. Kirk (rk0922)
                                           Richard D. Kirk (rk0922)
                                           Ashley B. Stitzer (as3891)
                                           222 Delaware Avenue, Suite 900
                                           Wilmington, Delaware 19899
                                           (302) 655-5000
                                           rkirk@bayardfirm.com
                                           astitzer@bayardfirm.com

                                           ATTORNEYS   FOR   PLAINTIFF
                                           PRISM TECHNOLOGIES LLC

**REDACTED**

636610v1

OF COUNSEL:

Dirk D. Thomas, Esq.
Robert A. Auchter, Esq.
Kenneth A. Freeling, Esq.
Jason R. Buratti, Esq.
André J. Bahou, Esq.
Chandran B. Iyer, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
1801 K Street, N.W., Suite 1200
Washington, D.C.  20006
(202) 775-0725

## VERIFICATION

I hereby declare on the basis of knowledge and belief, or information otherwise provided and believed by me to be true and correct, under penalty of perjury under the laws of the United States of America, that the foregoing answers to these interrogatories are true and correct.

Executed on September 20, 2006

Richard L. Gregg
Vice President and Chief Technology Officer
Prism Technologies LLC
14707 California Street, Suite 5
Omaha, Nebraska  68154-1952

# Exhibit 7

PUBLIC VERSION

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

--oOo--

PRISM TECHNOLOGIES, LLC,

                    Plaintiff

vs.                              No. CA 05-214 JJF

VERISIGN, INC., RSA SECURITY,

INC., NETEGRITY, INC.,

COMPUTER ASSOCIATES INTERNATIONAL,

INC., and JOHNSON & JOHNSON

SERVICES, INC.,

                    Defendants.

_____/


    BE IT REMEMBERED, that on Wednesday, December

20, 2006, commencing at the hour of 9:08 a.m. thereof,

at the offices of Akin Gump, 3000 El Camino Real,

Suite 400, Palo Alto, California, before me, Sandra

Bunch VanderPol, a Certified Shorthand Reporter of

the State of California, there personally appeared

KERRY LOFTUS, witness herein, called by the

Plaintiff.

CERTIFIED
COPY

2

1                    APPEARANCES:

2      For the Plaintiff:

3      ROBINS, KAPLAN, MILLER & CIRESI, LLP

4      By:  ANDRE J. BAHOU, Esq.

5      1875 Eye Street, N.W.

6      Washington, D.C. 20006

7      202.775.0725

8      ajbahou@rkmc.com

9

10     For Defendants:

11     AKIN GUMP STRAUSS HAUER & FELD, LLP

12     By:  JASON A. SNYDERMAN, Esq.

13     One Commerce Square

14     2005 Market Street, Suite 2200

15     Philadelphia, Pennsylvania 19103-7013

16     215.965.1200

17     jsnyderman@akingump.com

18

19

20

21

22

3

1                    APPEARANCES CONT.

2    VERISIGN

3    By:   ALEXANDER B. BERGER, Litigation Counsel

4    21351 Ridgetop Circle LS3-3-4

5    Dulles, Virginia 20166

6    703.450.7326

7    aberger@verisign.com

8

9                      --o0o--

10

11

12

13

14

15

16

17

18

19

20

21

22

PUBLIC VERSION

Loftus, Kerry        HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY        December 20, 2006
Palo Alto, CA

4

1                          INDEX

2                  EXAMINATION BY COUNSEL

3                                              Page

4    Examination by Andre J. Bahou              008

5    Examination by Jason A. Snyderman          210

6                        --oOo--

7                        EXHIBITS

8    For the Plaintiff      Description         Page

9    (ALL EXHIBITS MARKED AS HIGHLY CONFIDENTIAL -

10   ATTORNEYS' EYES ONLY)

11

12

13                                             138

14

15                                             162

16                      **REDACTED**

17

18

19                                             165

20

21

22   EXHIBITS CONT.:

# Exhibit 8

PUBLIC VERSION

1

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

CERTIFIED COPY

------------------------------x

PRISM TECHNOLOGIES, LLC,    : Civil Action No.

                Plaintiff,    : CA 05-214 JJF

      vs.    : Ref. No. 3214

VERISIGN, INC., RSA    :

SECURITY, INC., NETEGRITY,    : Thursday,

INC., COMPUTER ASSOCIATES    : November 30, 2006

INTERNATIONAL, INC., and    :

JOHNSON & JOHNSON SERVICES,    : HIGHLY CONFIDENTIAL –

INC.,    : ATTORNEYS' EYES ONLY

          Defendants. :

------------------------------x

VIDEOTAPED DEPOSITION OF SIDDHARTH BAJAJ

Reported by: John P. Squires, CMR, CRP, CSR No. 2001

Videographer: ALLAN DIAS

2

1    A P P E A R A N C E S   O F   C O U N S E L

2    Attorney for the Plaintiff:

3    ANDRE J. BAHOU, Esq.

4    ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.

5    1875 Eye Street, N.W. - Suite 300

6    Washington, D.C. 20006-5409

7    202.775.0725

8    ajbahou@rkmc.com

9

10   Attorney for the Defendant VeriSign:

11   FRANK C. CIMINO, JR., Esq.

12   AKIN GUMP STRAUSS HAUER & FELD, LLP

13   1333 New Hampshire Avenue, N.W.

14   Washington, D.C. 20036-1564

15   202.887.4020

16   fcimino@akingump.com

17

18   Also Appearing:

19   Allan Dias, Videographer

20

21

22

Bajaj, Siddharth      HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY   November 30, 2006
Palo Alto, CA

3

1                C O N T E N T S

2      THE WITNESS: SIDDHARTH BAJAJ                    PAGE

3            Examination By Mr. Bahou ................. 007

4            Examination by Mr. Cimino ................ 236

5            Further Examination by Mr. Bahou ......... 238

6

7                E X H I B I T S

8      NUMBER          DESCRIPTION                     PAGE

9      1       VeriSign's Unified Authentication

10             v4.0 Manuals Volume 1 ................... 078

11     2       VeriSign's Unified Authentication

12             v4.0 Manuals Volume 2 ................... 078

13     3       Token, Bates VERI-1545560 .............. 087

14     4       Token, Bates VERI-1545559 .............. 089

15     5       Token, Bates VERI-1545562 .............. 099

16     6       Token, Bates VERI-1545561 .............. 103

17     7       Specification sheet VeriSign

18             Secure Storage Token ................... 131

19     8       Specification sheet VeriSign

20             Multipurpose Next-Generation Tokens ..... 132

21

22                  CONTINUED

Henderson Legal Services, Inc.
(202) 220-4158

4

1              E X H I B I T S

2    NUMBER              DESCRIPTION                           PAGE

3    9         E-mail chain Bates

4              VERI1577569 to 11577570 ................. 134

5    10        Document titled "Go Secure!for

6              Web Apps 3.0 Team Facts" ................ 137

7    11        E-mail chain Bates

8              VERI1549087 to 1549092 .................. 177

9    12        E-mail chain Bates

10             VERI1549453 to 1549457 ................. 193

11   13        E-mail chain Bates

12             VERI1551934 to 1551937 ................. 195

13   14        E-mail chain Bates VERI1547640 .......... 199

14   15        Document titled "VeriSign Mobile

15             OTP Client Software" ................... 201

16   16        E-mail chain Bates

17             VERI1564635 to 1564637 ................. 204

18   17        E-mail chain Bates VERI1547642 .......... 209

19   18        Agenda ................................. 212

20   19        E-mail chain Bates

21             VERI1564233 to 1564239 ................. 220

22                     CONTINUED

Bajaj, Siddharth      HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY    November 30, 2006
Palo Alto, CA

5

```
 1              E X H I B I T S

 2      NUMBER            DESCRIPTION                    PAGE

 3      20       Document titled "OATH Reference

 4               Architectural Release 1.0, Initiative

 5               For Open AuTHentication" ............... 228

 6      21       Document titled "VeriSign Unified

 7               Authentication Technical Presentation" .. 231

 8      22       Document titled "Token Sharing

 9               System and Method" ..................... 233

10

11

12               (REPORTER'S NOTE:  MR. BAHOU RETAINED

13               CUSTODY OF EXHIBITS 3, 4, 5, 6)

14

15

16

17

18

19

20

21

22
```

PUBLIC VERSION

Bajaj, Siddharth        HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY        November 30, 2006
Palo Alto, CA



224

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

**REDACTED**

# Exhibit 9

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

SUITE 300
1875 EYE STREET, N.W.
WASHINGTON, D.C. 20006-5409
TEL: 202-775-0725  FAX: 202-223-8604
www.rkmc.com

ATTORNEYS AT LAW

ANDRÉ J. BAHOU
(202) 736-2707

February 9, 2007

**VIA E-MAIL**

Frank Cimino, Esquire
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036-1564

Re:    *Prism Technologies LLC v. VeriSign, Inc., et al.*
          Civil Action No. 1:05-cv-00214-JJF

Dear Mr. Cimino:

Based on your assertions regarding the Go Secure products,[1] VeriSign, Inc.'s verified interrogatory responses to date, Mr. Nicolas Popp's personal deposition testimony of February 6, 2007, and the 30(b)(6) deposition testimony of VeriSign, Inc. via Mr. Popp on February 7, 2007, we are withdrawing, without prejudice, our claim of infringement regarding the Go Secure product line.

Please call me with any questions you may have.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

André J. Bahou

AJB/jkw

cc:    PrismCounsel (via e-mail)

---

[1] *See, e.g.,* E-mails from F. Cimino to A. Bahou of January 31, 2007, and February 1, 2007.
DCI 45693663.1

ATLANTA · BOSTON · LOS ANGELES · MINNEAPOLIS · NAPLES · SAINT PAUL   WASHINGTON, D.C.