# Exhibit 11

EXHIBIT 11 IS HIGHLY CONFIDENTIAL
UNDER THE PROTECTIVE ORDER
AND REMAINS UNDER SEAL

# Exhibit 12

PUBLIC VERSION

Popp, Nicolas E.   HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY   February 6, 2007
Washington, DC

1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

--------------------------------x

PRISM TECHNOLOGIES, LLC,           :

              Plaintiff,      :

        vs.                 : Civil Action No.

VERISIGN, INC., RSA SECURITY   : 05-214 JJF

INC., NETEGRITY, INC., COMPUTER : HIGHLY

ASSOCIATES INTERNATIONAL, INC., : CONFIDENTIAL -

and JOHNSON & JOHNSON           : ATTORNEYS' EYES

SERVICES, INC.,                 : ONLY

          Defendants.       :

--------------------------------x

Deposition of NICOLAS E. POPP, a witness herein,

called for examination by counsel for Plaintiff in

the above-entitled matter, pursuant to notice, the

witness being duly sworn by Robert M. Jakupciak, a

Notary Public in and for the District of Columbia,

taken at the offices of Akin Gump, 1333 New Hampshire

Avenue, N.W., Washington, D.C., 20036, at 9:30 a.m.,

on February 6, 2007, and the proceedings being taken

down by Stenotype by Robert M. Jakupciak, RPR.

Henderson Legal Services, Inc.
(202) 220-4158

Popp, Nicolas E.   HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY   February 6, 2007
Washington, DC

2 (Pages 2 to 5)

**Page 2**

1  APPEARANCES:
2  On behalf of the Plaintiff:
3    ANDRE J. BAHOU, ESQUIRE
4    Robins, Kaplan, Miller & Ciresi, LLP
5    1875 Eye Street, N.W.
6    Washington, D.C. 20006-5409
7    (202) 736-2707
8
9  On behalf of the Defendant:
10   FRANK C. CIMINO, JR., ESQUIRE
11   Akin Gump Strauss Hauer & Feld
12   1333 New Hampshire Avenue, N.W.
13   Washington, D.C. 20036-1564
14   (202) 887-4000
15
16   ALEXANDER B. BERGER, ESQUIRE
17   VeriSign
18   21351 Ridgetop Circle
19   Dulles, VA 20166-6561
20   (703) 948-4410
21
22      CONTINUED

**Page 3**

1  Also Present:
2    Michael Hunterton, Videographer
3    Richard L. Gregg
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

**Page 4**

1         C O N T E N T S
2  THE WITNESS: NICOLAS E. POPP       PAGE
3    Examination By Mr. Bahou .................. 007
4    Examination By Mr. Cimino .................. 256
5    Examination By Mr. Bahou .................. 258
6
7        E X H I B I T S
8  NUMBER    DESCRIPTION              PAGE
9  1    USB token ................................ 039
10 2    USB token ................................ 040
11 3    OTP-only token ........................ 045
12 4    USB token ................................ 073
13 5    VeriSign Version 4.0 manuals ........... 095
14 6    VeriSign Version 4.0 manuals ........... 095
15 7    Sketch by Witness ..................... 116
16 8    Unfied Authentication v4.0
17      Validation SDK Guide ............ 128
18 9    Diagram drawn by Mr. Popp .............. 130
19
20 10   UA Service Developer's Guide ........... 139
21
22       CONTINUED

**Page 5**

1    E X H I B I T S  (Cont'd.)
2  NUMBER    DESCRIPTION              PAGE
3  11   UA for Windows Version 3.0.1 ........... 161
4  12   CD - Disk 1 ............................ 163
5  13   CD - Disk 2 ............................ 163
6  14   CD - Disk 3 ............................ 163
7  15   Managed PKI Manuals ........... 178
8  16   Go Secure for Web Applications
9      Manuals ................................ 202
10 17   Go Secure for Web Applications
11     Manuals ................................ 202
12 18   UA 3.0 Technical Training ........... 237
13 19   Innovation Center Product
14     Demonstrations ........................ 240
15 20   Q2 2005 Authentication Business
16     Unit Review ........................... 244
17 21   VeriSign Strong Authentication ......... 246
18 22   E-mail dated 7-2-05 ................... 249
19 23   E-mail dated 10-4-05 ................... 250
20 24   E-mail dated 10-18-05 ................. 251
21 25   UA Service Administrator's Guide ....... 254
22     (Exhibits 1-17 retained by counel.)

**6**

1  Whereupon,
2      VIDEOGRAPHER:  Good morning.  This is the
3  videotape deposition of Nicolas E. Popp, taken by
4  the Plaintiff party in the matter of Prism
5  Technologies LLC versus VeriSign, Inc., RSA
6  Security, Inc., Netegrity, Inc., Computer Associates
7  International, Inc., and Johnson & Johnson Services,
8  Inc.; Civil Action Number 05-214 JJF, before the
9  United States District Court for the District of
10  Delaware.
11      The date is February 6th, 2007, and this
12  deposition is being held at Akin Gump Strauss Hauer
13  & Feld, 1333 New Hampshire Avenue, Northwest, in
14  Washington, D.C.  The time on the monitor is 9:49
15  a.m.
16      My name is Michael Hunterton, and I'm the
17  certified videographer associated with the firm of
18  Henderson Legal Services, located at 1015
19  15th Street, Northwest, Washington, D.C.  The court
20  reporter is Bob Jakupciak, associated with the same
21  firm.  Will counsel please introduce themselves for
22  the record.

**7**

1      MR. BAHOU:  A.J. Bahou, with Robins,
2  Kaplan, Miller & Ciresi, representing Prism
3  Technologies.  And with me today, Mr. Richard Gregg,
4  with Prism Technologies.
5      MR. CIMINO:  Frank Cimino, of Akin Gump
6  Strauss Hauer & Feld, representing VeriSign and the
7  deponent.  And also at some point today, Alex
8  Berger, in-house counsel for VeriSign, will be
9  joining us.
10  Whereupon,
11      NICOLAS E. POPP,
12  called for examination by counsel for Plaintiff and
13  having been duly sworn by the Notary Public, was
14  examined and testified as follows:
15      VIDEOGRAPHER:  You may begin.
16      EXAMINATION BY COUNSEL FOR PLAINTIFF
17  BY MR. BAHOU:
18      Q.  Good morning, Mr. Popp.
19      A.  Good morning.
20      Q.  Have you ever been deposed before?
21      A.  Yes, I have.
22      Q.  I want to go over with you the process

**8**

1  here today that I will follow, and I will ask the
2  questions and ask that you answer them audibly.
3      If you don't understand a question at any
4  point, feel free to ask to clarify.  However, if you
5  answer, I will assume that you understood the
6  question.  Okay?
7      A.  Okay.
8      Q.  If at any point you need a break, feel
9  free to ask.  The only thing is that I would request
10  that you answer any pending questions before we take
11  a break.  Is that acceptable?
12      A.  It is.
13      Q.  If you need any additional information or
14  any documents come to mind that would help clarify
15  your testimony today, feel free to mention those and
16  at a break, if we are able to, we will get those for
17  you.  Okay?
18      A.  Okay.
19      Q.  Are you taking any prescription
20  medications today?
21      A.  No, I do not.
22      Q.  Is there any reason that you cannot

**9**

1  testify truthfully and accurately today?
2      A.  No reason.
3      Q.  Mr. Popp, would you tell me about your
4  educational background starting after high school?
5      A.  Sure.  After high school, at that time I
6  was in France.  I'm actually a native of France, so
7  English is actually not my first language.
8      So I studied two years after high school;
9  it's called preparatory classes for what they call
10  engineering schools in France.  So I did that for a
11  couple years, joined a school of aeronautics and
12  space engineering.  The name of the school is Ecole
13  Nationale Superieure de L'Aeronautique et de
14  L'Espace.
15      So the curriculum was four, lasted four
16  years.  After that I actually worked – later on I
17  moved to California.  That was in 1988.  And I
18  studied in Stanford University for a couple years.
19      The first year I received a master's
20  degree and in engineering and robotics.  And the
21  second year I completed what's called in Stanford an
22  engineering degree with a specialty in physics and

PUBLIC VERSION

Popp, Nicolas E.   HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY   February 6, 2007
Washington, DC

60 (Pages 234 to 237)



**REDACTED**

Henderson Legal Services, Inc.
(202) 220-4158

# Exhibit 13

PUBLIC VERSION

Popp 30(b)(6), Nicolas E.   HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY        February 7, 2007
## Washington, DC

```
                                                                  1

              IN THE UNITED STATES DISTRICT COURT

              FOR THE DISTRICT OF DELAWARE

       - - - - - - - - - - - - - - - x

  PRISM TECHNOLOGIES, LLC,           :

                  Plaintiff,         :

              vs.                    : Civil Action No.

  VERISIGN, INC., RSA SECURITY       : 05-214 JJF

  INC., NETEGRITY, INC., COMPUTER    .

  ASSOCIATES INTERNATIONAL, INC., :

  and JOHNSON & JOHNSON

  SERVICES, INC.,                    :

                  Defendants.        :

       - - - - - - - - - - - - - - - x

       HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

            Video 30(b)(6) Deposition of NICOLAS E.

  POPP, a witness herein, called for examination by

  counsel for Plaintiff in the above-entitled matter,

  pursuant to notice, the witness being duly sworn by

  Robert M. Jakupciak, a Notary Public in and for the

  District of Columbia, taken at the offices of Akin

  Gump Strauss Hauer & Feld, 1333 New Hampshire

  Avenue, N.W., Washington, D.C., 20036, at 8:45 a.m.,
```

Popp 30(b)(6); Nicolas E.    HIGHLY-CONFIDENTIAL - ATTORNEYS' EYES ONLY    February 7, 2007
## Washington, DC

2 (Pages 2 to 5)

**2**

1  on February 7, 2007, and the proceedings being taken
2  down by Stenotype by Robert M. Jakupciak, RPR.

**4**

C O N T E N T S

THE WITNESS: NICOLAS E. POPP

EXAMINATION                    PAGE NO.
   By Mr. Bahou ........................  8

E X H I B I T S
POPP EXHIBIT NUMBER              PAGE NO.
1    Notice of Deposition ..............   9
2    '416 Patent .......................  13
3    Aladdin eToken Specs .............  14
4    Verisign PKI Training 2006 .......  18
5    RSA SecurID slides ...............  31
6    VeriSign VIP Network ............  37
7    VeriSign Smart Cards Kickoff ....  39
8    3.0 Technical Training ...........  46
9    Strong Authentication Strategy and  55
     Solutions
10   UAS Integration Guide ...........  62
11   SiteMinder Technology Overview ...  69
12   Desktop Services UA Internal .....  75
     Rollout
13   UA Internal Rollout Feedback .....  88

**3**

APPEARANCES:
On behalf of the Plaintiff:
   ANDRE J. BAHOU, ESQUIRE
   Robins, Kaplan, Miller & Ciresi, LLP
   1875 Eye Street, N.W.
   Washington, D.C. 20006-5409
   (202) 736-2707
On behalf of the Defendant:
   FRANK C. CIMINO, JR., ESQUIRE
   Akin Gump Strauss Hauer & Feld
   1333 New Hampshire Avenue, N.W.
   Washington, D.C. 20036-1564
   (202) 887-4000
and
   ALEXANDER B. BERGER, ESQUIRE
   VeriSign
   21351 Ridgetop Circle
   Dulles, Virginia 20166
   (703) 948-4410
      Also Present
      Michael Hunterton
      Matt Weinstein

**5**

E X H I B I T S
POPP EXHIBIT NUMBER              PAGE NO.
14   Oath and Strong Authentication ...  106
     Launch Team Agenda
15   Oath and Strong Authentication ...  110
     Team Agenda
16   Oath Marketing Overview ..........  112
17   VeriSign Unified Authentication ..  118
     for Bank of America
18   Demo of VeriSign Solution for Bank  129
     of America
19   Demonstration Center Design ......  131
     Document
20   Floor Plan .......................  135
21   Innovation Center Design Document  137
22   Lab Test Overview ................  139
23   E-mail ...........................  141
24   Unified Authentication Integration  142
     Test Lab Plan
25   Innovation Center Demo development  144
26   Price/SKU List ...................  145
27   E-mail dated 11-18-05 ............  151

Popp 30(b)(6), Nicolas E.    HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY    February 7, 2007

## Washington, DC

3 (Pages 6 to 9)

### Page 6

```
 1         EXHIBITS
 2  POPP EXHIBIT NUMBER          PAGE NO.
 3  28  Spread Sheet ................... 152
 4  29  VeriSign UA Bookings spread sheet . 154
 5  30  Q205 PKI PSO & UA PSO Revenue .... 155
 6  31  Go Secure Unit Bookings Summary ... 160
 7  32  Popp Summary Sheet ............... 178
 8  33  Software License and Maintenance . 200
 9      Agreement
10  34  VeriSign Solutions for eBay ...... 202
11  35  ESP Strategic Plan ............... 204
12  36  Security Straegic Plan ........... 209
13  37  E-mail dated 8-25-05 ............. 226
14
15
16      (Exhibit 32 retained by the witness.)
17
18
19
20
21
22
```

### Page 7

```
 1  Whereupon,
 2         VIDEOGRAPHER:  Good morning.  This is the
 3  videotape deposition of Verisign, Inc. through
 4  30(b)(6) designee Nicolas E. Popp, taken by the
 5  Plaintiff party in the matter of Prism Technologies
 6  LLC versus VeriSign, Inc., RSA Security Inc.,
 7  Nstegrity, Inc., Computer Associates International
 8  Inc. and Johnson & Johnson Services Inc, Civil
 9  Action Number 05-214-JJF, before the United States
10  District Court for the District of Delaware.
11         The date is February 7, 2007.  This
12  deposition is being held at Akin Gump Strauss Hauer
13  & Feld, 1333 New Hampshire Avenue, Northwest, in
14  Washington, D.C.  The time on the monitor is 8:55
15  a.m.
16         My name is Michael Hunterton and I'm the
17  certified videographer associated with the firm of
18  Henderson Legal Services, located at 1015
19  15th Street, Northwest in Washington, D.C.  The
20  court reporter today is Bob Jekupciak, associated
21  with the same firm.  Will counsel at the table
22  please introduce themselves for the record.
```

### Page 8

```
 1         MR. BAHOU:  A.J. Bahou, with the law firm
 2  of Robins, Kaplan, Miller & Ciresi.  And with me
 3  today is Matt Weinstein, a law clerk, the same law
 4  firm, both representing Prism Technologies.
 5         MR. CIMINO:  Frank Cimino, from Akin Gump
 6  Strauss Hauer & Feld, representing VeriSign and the
 7  deponent, Nico Popp, and Alex Berger, in-house
 8  counsel for VeriSign.
 9  Whereupon,
10         NICOLAS E. POPP,
11  called for examination by counsel for Plaintiff and
12  having been duly sworn by the Notary Public, was
13  examined and testified as follows:
14         VIDEOGRAPHER:  You may proceed.
15      EXAMINATION BY COUNSEL FOR PLAINTIFF
16  BY MR. BAHOU:
17      Q.   Good morning, Mr. Popp.
18      A.   Good morning.
19      Q.   Welcome back today.
20      A.   Thank you.
21         MR. BAHOU:  I'm handing to the court
22  reporter to be marked as Deposition Exhibit 1 to the
```

### Page 9

```
 1  30(b)(6) deposition of VeriSign Prism's amended
 2  notice of deposition of VeriSign, Inc.
 3         MR. CIMINO:  My guess is you already have
 4  an Exhibit 1 for a 30(b)(6) deposition of VeriSign.
 5  You might have to make this Nico 30(b)(6) or
 6  something like that.
 7         MR. BAHOU:  We are doing 30(b)(6) Popp 1
 8  so we know this is the 30(b)(6) via Popp.
 9         MR. CIMINO:  Okay.  That's fine.
10         (Popp Exhibit No. 1
11          was marked for
12          identification.)
13  BY MR. BAHOU:
14      Q.   Mr. Popp, I want to direct your attention
15  specifically to Schedule B of the deposition topics.
16  Feel free to read the rest of the document as you
17  feel necessary.
18         Just an introductory question.  Have you
19  seen this document before?
20      A.   I have been advised by counsel not to
21  share documents that I have -- discussion with my
22  counsel.
```

PUBLIC VERSION

Popp 30(b)(6), Nicolas E.    HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY          February 7, 2007
Washington, DC

45  (Pages 174 to 177)

**REDACTED**

Henderson Legal Services, Inc.
(202) 220-4158

# Exhibit 14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC,

        Plaintiff,

      v.

VERISIGN, INC., RSA SECURITY, INC.,
NETEGRITY, INC., COMPUTER
ASSOCIATES INTERNATIONAL, INC., and
JOHNSON & JOHNSON SERVICES, INC.,

        Defendants.

Civil Action No. 05-214 JJF

**STIPULATION RESERVING RIGHT TO APPEAL AND
FOR ENTRY OF FINAL JUDGMENT OF NON-INFRINGEMENT
UNDER THE COURT'S CLAIM CONSTRUCTION ORDER**

    WHEREAS, Plaintiff Prism Technologies LLC ("Prism") filed a complaint on April 11,

2005 in the District of Delaware against Defendants VeriSign, Inc. ("VeriSign"), RSA Security,

Inc. ("RSA"), Netegrity, Inc. ("Netegrity"), Computer Associates International, Inc. ("CAI"),

and Johnson & Johnson Services, Inc. ("JJSI"), filed a first amended complaint on July 22, 2005,

filed a second amended complaint on August 29, 2006, and has asserted that Defendants

infringed at least claims 1 and 24 of the United States Patent No. 6,516,416 (the "'416 patent");

    WHEREAS, Defendant VeriSign answered Prism's complaint on June 6, 2005, and the

second amended complaint on September 13, 2006 in which VeriSign denied infringement and

counterclaimed that the '416 patent is invalid;

    WHEREAS, Defendant RSA answered Prism's complaint on June 6, 2005, and the

second amended complaint on September 15, 2006 in which RSA denied infringement and

counterclaimed that the '416 patent is invalid and unenforceable;

657482-1

WHEREAS, Defendants Netegrity and CAI answered Prism's complaint on June 6, 2005, and the second amended complaint on September 7, 2006 in which Netegrity and CAI denied infringement and counterclaimed that the '416 patent is invalid;

WHEREAS, Defendant JJSI answered Prism's complaint on June 6, 2005, the first amendment to the complaint on July 12, 2005, and the second amended complaint on September 13, 2006 in which JJSI denied infringement and counterclaimed that the '416 patent is invalid;

WHEREAS, Defendants moved for leave on March 16, 2007 to file amended answers and counterclaims that would add defenses and counterclaims of inequitable conduct, and such motion was granted on April 13, 2007;

WHEREAS, this Court construed disputed terms in claims 1 and 24 of the '416 Patent in its Order and Memorandum Opinion dated April 2, 2007;

The parties, by and through their undersigned counsel, hereby agree as follows:

1.      The Court construed "operating session" to mean "a period of communication between the subscriber client computer and the first server computer that follows successful initial authentication and ends upon termination of authorized access, such as upon a log-out or time-out due to prolonged inactivity."

2.      The Court construed "to thereby confirm that said [or a] hardware key is connected to said subscriber client computer" to mean "to verify after initial authentication, but before session termination, that the hardware key remains connected to the subscriber client computer."

3.      No product, service, or activity of any of the Defendants verifies after initial authentication, but before session termination, that the hardware key remains connected to the subscriber client computer.

657482-1

4.      As a result, the Defendants do not directly or indirectly infringe, and have not directly or indirectly infringed, any claim of the '416 Patent (literally or under the doctrine of equivalents) under the Court's construction of the terms "operating session" and/or "to thereby confirm that said [or a] hardware key is connected to said subscriber client computer."

5.      If the Defendants filed a motion for summary judgment of no direct infringement, no contributory infringement, and no inducement of infringement based on the Court's construction of the terms "operating session" and/or "to thereby confirm that said [or a] hardware key is connected to said subscriber client computer," such motion would be granted.

6.      For the purposes of judicial economy, the expense and time of such a motion should be avoided, and the Court should enter a final judgment of non-infringement.

7.      Upon entry of such final judgment of non-infringement, Prism may appeal the Court's final judgment of non-infringement.

8.      The Court's constructions of the terms "operating session" and "to thereby confirm that said [a] hardware key is connected to said subscriber client computer" and this agreed finding of non-infringement shall have the same preclusive effect under the doctrines of claim preclusion and issue preclusion as if the Defendants had filed a motion for summary judgment of no direct infringement, no contributory infringement, and no inducement of infringement and such motion had been granted on the grounds described above.

9.      The Defendants' defenses and counterclaims are dismissed without prejudice to Defendants' right to assert the defenses and counterclaims, including their defenses of patent invalidity and unenforceability, in the event of an appeal that results in a remand.

10.     The parties have preserved, and are preserving, all rights to appeal any ruling that they would otherwise be entitled to appeal in the event that the Defendants had filed a motion for

summary judgment of no direct infringement, no contributory infringement, and no inducement of infringement based on the Court's claim constructions and such motion had been granted. In the event of a remand, the parties reserve their right to appeal other rulings that do not form the basis for the finding of non-infringement described above, including the Court's other claim construction rulings.

11.    The parties respectfully request that the Court enter judgment in the form attached hereto as Final Judgment of Non-Infringement.

12.    The parties reserve and preserve the right to move for recovery of attorneys' fees in accordance with the applicable statutes and rules after disposition of any appeal.

April 18, 2007

**Attorneys for Prism Technologies LLC**

*Of Counsel:*
Dirk D. Thomas
Robert A Auchter
Aziz Burgy
Andre J. Bahou
Chandran B. Iyer
Robins, Kaplan, Miller & Ciresi, L.L.P.
1875 Eye Street, N.W., Suite 300
Washington, D.C. 20006
Telephone: (202) 736-0725
Fax: (202) 223-8604

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (I.D. #rk0922)
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
Telephone: (302) 655-5000
Fax: (302) 658-6395
rkirk@bayardfirm.com

657482-1

*Of Counsel:*
Edward F. Mannino
Clark A. Jablon
Jason Snyderman
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square
2005 Market Street, Suite 2200
Philadelphia, PA 19103
Telephone: (215) 965-1200
Fax: (215) 965-1210

Frank C. Cimino, Jr.
Daniel E. Yonan
Jin-Suk Park
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036-1564
Telephone: (202) 887-4000
Fax: (202) 887-4288

**Attorneys for VeriSign, Inc.**

/s/ Patricia S. Rogowski (pr2632)
Patricia S. Rogowski (I.D. #2632)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
Fax: (302) 658-5614
progowski@cblh.com

*Of Counsel:*
William Lee
Gregory P. Teran
David Bassett
Mark Selwyn
Wilmer Cutler Pickering
Hale and Dorr LLP 60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

**Attorneys for RSA Security, Inc.**

/s/ Frederick L. Cottrell III (fc2555)
Frederick L. Cottrell III (I.D. #2555)
Anne Shea Gaza (I.D. #4093)
Richard Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7509
Fax: (302) 658-6541
cottrell@rlf.com
schwartz@rlf.com

657482-1

**Attorneys for Netegrity Inc. and Computer Associates International, Inc.**

*Of Counsel:*
David M. Schlitz
Baker Botts LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Fax: (202) 639-7832

Kevin Meek
Jeffrey D. Baxter
Samir A. Bhavsar
Baker Botts LLP
2001 Ross Avenue
Dallas, TX 75201-2980
Telephone: (214) 953-6500
Fax: (214) 953-6503

/s/ Richard L. Horwitz (rh2246)
Richard L. Horwitz (I.D. #2246)
David E. Moore (I.D. #3983)
Potter Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Fax: (302) 658-1192
rhorwitz@potteranderson.com
dmoore@potteranderson.com

**Attorneys for Johnson & Johnson Services, Inc.**

*Of Counsel:*
John M. DiMatteo
Neal Feivelson
Leslie Spencer
Willkie Farr & Gallagher LLP
The Equitable Center
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
Fax: (212) 728-8111

/s/ John G. Day (jd2403)
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire
Ashby & Geddes
500 Delaware Avenue
Wilmington, DE 19899
Telephone: (302) 654-1888
Fax: (302) 654-2067
sbalick ashby-geddes.com
jday@ashby-geddes.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

PRISM TECHNOLOGIES LLC

        Plaintiff,

    v.

VERISIGN, INC., RSA SECURITY, INC.,
NETEGRITY, INC., COMPUTER
ASSOCIATES INTERNATIONAL, INC., and
JOHNSON & JOHNSON SERVICES, INC.,

        Defendants.

Civil Action No. 05-214-JJF

## FINAL JUDGMENT OF NON-INFRINGEMENT

Based on the parties' Stipulation Reserving Right to Appeal and For Entry of Final Judgment of Non-Infringement Under the Court's Claim Construction Order, the Court finds and enters judgment as follows:

1.     No product, service, or activity of the Defendants verifies after initial authentication, but before session termination, that the hardware key remains connected to the subscriber client computer.

2.     The Defendants do not directly or indirectly infringe, and have not directly or indirectly infringed, any claim of U.S. Patent No. 6,516,416 (either literally or under the doctrine of equivalents) under the Court's construction of at least the terms "operating session" and "to thereby confirm that said [or a] hardware key is connected to said subscriber client computer."

3.     Plaintiff shall take nothing from Defendants with respect to its allegations of infringement.

4.    The Defendants' defenses and counterclaims are dismissed without prejudice and Defendants will be allowed to assert all said defenses and counterclaims in the event this matter is remanded for further consideration.

5.    The parties reserve and preserve the right to move for recovery of attorneys' fees in accordance with the applicable statutes and rules after disposition of any appeal.


SO ORDERED AND ADJUDGED this _____ day of April 2007.




_____
JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE




657482-1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

PRISM TECHNOLOGIES LLC

       Plaintiff,

    v.                             Civil Action No. 05-214-JJF

VERISIGN, INC., RSA SECURITY, INC.,
NETEGRITY, INC., COMPUTER
ASSOCIATES INTERNATIONAL, INC., and
JOHNSON & JOHNSON SERVICES, INC.,

       Defendants.

---

**FINAL JUDGMENT OF NON-INFRINGEMENT**

      Based on the parties' Stipulation Reserving Right to Appeal and For Entry of Final Judgment of Non-Infringement Under the Court's Claim Construction Order, the Court finds and enters judgment as follows:

      1.     No product, service, or activity of the Defendants verifies after initial authentication, but before session termination, that the hardware key remains connected to the subscriber client computer.

      2.     The Defendants do not directly or indirectly infringe, and have not directly or indirectly infringed, any claim of U.S. Patent No. 6,516,416 (either literally or under the doctrine of equivalents) under the Court's construction of at least the terms "operating session" and "to thereby confirm that said [or a] hardware key is connected to said subscriber client computer."

      3.     Plaintiff shall take nothing from Defendants with respect to its allegations of infringement.

657482-1

4.     The Defendants' defenses and counterclaims are dismissed without prejudice and Defendants will be allowed to assert all said defenses and counterclaims in the event this matter is remanded for further consideration.

5.     The parties reserve and preserve the right to move for recovery of attorneys' fees in accordance with the applicable statutes and rules after disposition of any appeal.

SO ORDERED AND ADJUDGED this _____ day of April 2007.

_____
JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE

657482-1