# AKIN GUMP
## STRAUSS HAUER & FELD LLP

Attorneys at Law

**FRANK CIMINO**
202.887.4020/fax: 202.887.4288
fcimino@akingump.com

March 30, 2007

**Via E-Mail**

André J. Bahou, Esquire
Robins, Kaplan, Miller & Ciresi L.L.P.
1875 Eye Street, N.W.
Washington, DC  20006-5409

      Re:   *Prism Technologies LLC v. VeriSign, Inc., et al.*
             Civil Action No. 1:05-CV-00214-JJF

Dear AJ:

      You are well aware that liability for either inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement. *Joy Technologies, Inc. v. Flakt, Inc.*, 6 F.3d 770 (Fed. Cir. 1993). Your now-withdrawn allegations against Go Secure lacked such direct infringement. Your allegations against UA PKI similarly suffer from the same deficiency and we therefore demand that you immediately drop your claims of infringement against UA PKI as well.

      You have accused UA PKI when used in connection with OCSP. As you know, OCSP can be used by an enterprise to provide revocation status of the digital certificate, but is not required or needed to be used. However, despite the fact that this case was filed nearly two years ago and discovery has been closed for 7 months, Prism has still yet to produce any evidence whatsoever that anyone uses or has ever used UA PKI with the OCSP service. Therefore, like Go Secure, you do not have any good faith basis to maintain your allegations.

      Federal Rule of Civil Procedure 11 obligates an attorney who signs a document not only to conduct a reasonable investigation of the facts before filing, but also to continually review, examine, and re-evaluate his position as the facts of each case are developed. *See, e.g., Sherman Treaters Ltd. v. Ahlbrandt*, 115 F.R.D. 519 (D. DC. 1987). If an attorney learns of information that contradicts the factual or legal basis of an asserted claim, that attorney is under an obligation to re-evaluate that claim under Rule 11. *Id.* Based on the lack of evidence mentioned above, we demand that Prism re-evaluate the bases for accusing VeriSign's UA PKI and drop the claims against UA PKI.

      Please be advised that if you fail to do so immediately, we will seek full redress from the Court including sanctions if not immediately resolved. Accordingly, please respond by no later than Wednesday, April 4, 2007.

**SUBSTITUTE EXHIBIT N TO D.I. 464**

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

André J. Bahou, Esquire
March 30, 2007
Page 2

Very truly yours,

Frank Cimino