IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PRISM TECHNOLOGIES LLC          :
                                :
        Plaintiff,              :
                                :
    v.                          : Civil Action No. 05-214-JJF
                                :
VERISIGN, INC., RSA SECURITY,   :
INC., NETEGRITY, INC., COMPUTER :
ASSOCIATES INTERNATIONAL, INC., :
and JOHNSON & JOHNSON SERVICES, :
INC.,                           :
                                :
        Defendants.             :

David Swenson, Esquire of ROBBINS, KAPLAN, MILLER & CIRESI, L.L.P., Minneapolis, Minnesota.
Richard D. Kirk, Esquire of THE BAYARD FIRM, Wilmington, Delaware.

Attorneys for Plaintiff.


Edward F. Mannino, Esquire of AKIN GUMP STRAUSS HAUER & FELD LLP, Philadelphia, Pennsylvania.
Daniel E. Yonan, Esquire of AKIN GUMP STRAUSS HAUER & FELD LLP, Washington, D.C.
Frank C. Cimino, Junior, Esquire of DICKSTEIN SHAPIRO LLP, Washington, D.C.
Patricia Smink Rogowski, Esquire of CONNOLY BOVE LODGE & HUTZ LLP, Wilmington, Delaware.

Attorneys for Defendant VeriSign, Inc.


**MEMORANDUM OPINION**


September 30, 2008
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Defendant's Motion to Declare This Case Exceptional Pursuant to 35 U.S.C. § 285 and for an Award of Attorneys' Fees (D.I. 463). For the reasons discussed below, the Court will deny Defendant's Motion.

I. **Background**

On April 11, 2005, Plaintiff, Prism Technologies, Inc. ("Prism"), filed this action against Defendant VeriSign, Inc. ("VeriSign"), alleging infringement of U.S. Patent No. 6,516,416 ("the '416 patent"). Prism's asserted patent claims of the '416 patent require a hardware key to be used in a computer system in a specific manner. (D.I. 466.) VeriSign sells a token that connects to a computer by a USB port, and Prism accused this token of meeting the claimed "hardware key" limitation, and VeriSign of contributing to or inducing infringement by its customers. (Id.)

Following the Court's entry of a Markman Order on April 2, 2007 construing critical terms in VeriSign's favor, Prism stipulated to non-infringement (D.I. 453), and the Court entered Final Judgment of non-infringement on April 23, 2007 (D.I. 454). Prism appealed the Court's Markman Order, and the Court of Appeals for the Federal Circuit affirmed the Order on February 27, 2008. On March 12, 2008, VeriSign moved the Court, pursuant to 35 U.S.C. § 285, to declare this an exceptional case and to

award reasonable attorneys' fees.  (D.I. 465.)  Oral argument was held on VeriSign's Motion on May 9, 2008.

**II. Parties' Contentions**

VeriSign contends that Prism did not have a good faith belief regarding infringement at the time it filed this action, but rather was executing a business strategy designed to attempt to extract settlements from defendants.  VeriSign contends that the claims of the '416 patent asserted by Prism require a hardware key to be used in a computer system in a specific manner, and before filing, Prism could not have reached a good faith belief that any of Verisign's customers used the hardware key in the required manner.

According to VeriSign, Prism's pre-filing investigation consisted only of reviewing and evaluating publically available documents regarding VeriSign's accused products, none of whcih identified any VeriSign customer as having used the token in the allegedly infringing manner.  VeriSign contends that Prism "maintained its allegations without a good-faith basis because it continued to vigorously prosecute this indirect infringement case to judgment and through appeal without any evidence of a direct infringer."  (Id.)  VeriSign contends that Prism's conduct "ran afoul of its pre-suit and continuing investigation obligations under Fed. R. Civ. P. 11, constitutes litigation misconduct, and warrants that this case be deemed exceptional under 35 U.S.C. §

285." (Id.)

In response, Prism disputes VeriSign's contention that it lacked a good-faith basis for filing this action. Prism contends that it conducted an extensive investigation before filing. Prism asserts that its attorneys collected "abundant evidence and developed detailed claim charts that analyzed VeriSign's infringing products on an element-by-element basis, as required by Rule 11;" (D.I. 468 at 4) and obtained and analyzed several VeriSign guides, manuals and other product documentation to develop claim charts. Prism also disputes VeriSign's contention that it lacked a direct infringement case against VeriSign, since "Prism consistently asserted that both VeriSign and third parties it provided hardware and software to, or hosted authentication services for, directly infringed the '416 patent," (Id. at 5) and Prism adduced evidence of VeriSign's direct infringement under Prism's claim construction. Prism further contends that pending subpoenaed evidence from Bank of America may have led to evidence of direct infringement, but for the fact that Prism's discovery efforts ceased following the Court's issuance of its Markman Order.

Prism further contends that VeriSign has not adduced clear and convincing evidence that this case should be considered exceptional under section 285, since VeriSign cannot show that Prism brought this action in bad faith, and that a gross

3

injustice has occurred. Finally, Prism points to its willingness to stipulate to non-infringement immediately following the issuance of the Court's Markman Order as further evidence of its good faith in conducting this litigation.

In response, VeriSign denies Prism's contention that Prism had adduced evidence of VeriSign's direct infringement.  Verisign argues that Prism's disclosures never identified VeriSign as an entity using its products in the specifically accused manner, and that Prism's alleged evidence fails to show that the VeriSign employees had used products in the manner Prism alleged to infringe.  VeriSign also denies Prism's contention that Prism would have developed evidence that third-party customers used VeriSign's products in an allegedly infringing manner had this case not ended when it did, and contends that the evidence in the record negates any good-faith belief by Prism that Bank of America used VeriSign's products in the manner required for direct infringement.

**III. Legal Standard**

Pursuant to 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  The prevailing party may prove the existence of an exceptional case by showing: inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement.

4

Epcon Gas Sys., Inc. v. Bauer Compressors, Inc., 279 F.3d 1022, 1034 (Fed. Cir. 2002)(citing Hoffmann-La Roche Inc. v. Invamed Inc., 213 F.3d 1359, 1365 (Fed. Cir. 2000)). Litigation misconduct and unprofessional behavior are relevant to the award of attorney fees, and may suffice, by themselves, to make a case exceptional. Sensonics, Inc. v. Aerosonic Corp., 81 F.3d 1566, 1574 (Fed. Cir. 1996). The prevailing party must prove an exceptional case by clear and convincing evidence. Forest Labs., Inc. v. Abbott Labs., 339 F.3d 1324, 1327 (Fed. Cir. 2003).

The Court of Appeals for the Federal Circuit has cautioned that an award of attorney fees under section 285 is not intended to be an "ordinary thing in patent cases," and that it should be limited to circumstances in which it is necessary to prevent "a gross injustice" or bad faith litigation. Forest Labs., 339 F.3d at 1329; see also Aptix Corp. v. Quickturn Design Sys., Inc., 269 F.3d 1369, 1375 (Fed. Cir. 2001)(affirming an award of attorney fees under § 285 for the "extreme litigation misconduct" of falsifying evidence).

The Federal Circuit has also held that inadequacy of Plaintiff's pre-filing preparation may be relevant to the "exceptional" case question. Epcon Gas Systems, Inc. v. Bauer Compressors, Inc., 279 F.3d 1022, 1035 (Fed. Cir. 2002). In patent infringement actions, Rule 11 has been interpreted to require, "at a minimum, that an attorney interpret the asserted

5

patent claims and compare the accused device with those claims before filing a claim alleging infringement." Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295, 1300-01 (Fed. Cir. 2004). "[T]he presence of an infringement analysis plays the key role in determining the reasonableness of the pre-filing inquiry made in a patent infringement case under Rule 11." Id. at 1302 (quoting View Engineering, Inc. v. Robotic Vision Systems, Inc., 208 F.3d 981, 986 (Fed. Cir. 2000).

Prism filed an affidavit of counsel for Prism who stated that, prior to filing, Prism, through its counsel:

> spent a substantial amount of time analyzing [the '461 patent] and determining whether certain VeriSign products, including VeriSign's Unified Authentication, infringe claims 1 and 24...[Prism's counsel] developed detailed claim charts that analyzed VeriSign's infringing products on an element-by-element basis. Prism obtained numerous manuals, guides and other documentation regarding the functionality of the VeriSign products that we used to develop these claim charts.

D.I. 469. In the Court's view, Prism could have conducted a more thorough investigation before filing this action, but the Court finds that Prism's pre-filing investigation was adequate to support its claims of infringement in the circumstances of this case.

However, even if the Court were to conclude that Prism's pre-filing investigation fell short, "this fact [would] not mandate a finding that this case is exceptional, or that [VeriSign] is entitled to attorneys' fees." Epcon Gas Sys.,

6

Inc., 279 F.3d at 1035 (Fed. Cir. 2002). Courts must consider "the reasonableness of the patentee in assessing infringement," and where the patentee is "manifestly unreasonable in assessing infringement, while continuing to assert infringement in court, an inference is proper of bad faith, whether grounded in or denominated wrongful intent, recklessness, or gross negligence." Eltech Systems Corp. v. PPG Industries, Inc., 903 F.2d 805, 811 (Fed. Cir. 1990). After considering Prism's conduct, the Court is unwilling to find that Prism was "manifestly unreasonable in assessing infringement," particularly in light of VeriSign's concessions during oral argument that a good faith basis existed for asserting infringement had Prism been able to identify a customer who used VeriSign's token as Prism alleged, and that Prism's proposed claim construction was reasonable. (D.I. 476 at 12:12-13:1 and 6:5-6.) Further, the Court finds Prism's withdrawal of its infringement claims regarding VeriSign's Go Secure products once Prism understood that it could not obtain evidence sufficient to maintain these claims as evidence of Prism's good faith conduct of the litigation.

Accordingly, while the circumstances giving rise to this motion have some arguable merit, the Court concludes that VeriSign has not met its burden of establishing an exceptional case by clear and convincing evidence, and therefore, the Court will deny VeriSign's Motion.

7

## IV. Conclusion

For the reasons discussed, the Court concludes that VeriSign has not established by clear and convincing evidence that this case is an exceptional case under 35 U.S.C. § 285. Accordingly, the Court will deny Defendant's Motion (D.I. 463).

An appropriate order will be entered.